E. W. Burton #F02720 P.O. BOX 5246-C5 ATF/52 C1-132L

# TABLE OF CONTENTS

PAGE 1-7 PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

EXHIBITS A-G ATTACHMENTS IN SUPPORT OF GROUNDS — CONTENTIONS, ARGUMENTS CONTAINED IN MEMORANDUM AND POINTS OF AUTHORITY.

REQUEST FOR APPOINTMENT OF COUNSEL

ARGUMENT IN SUPPORT OF PETITIONER FOR FEDERAL H.C. RELIEF

1. A PERSON WHOSE PETITION WAS DISMISSED FOR FAILURE TO EXHAUST
2. STATE COURT REMEDIES CAN FILE A NEW HABEAS PETITION
3. AFTER COMPLYING WITH THE EXHAUSTION REQUIREMENTS -
4. STEWART V. MARTINEZ-VILLAREAL (1998) 523 U.S. 637 [118 S.CT. 1618; 140
5. L.Ed.2d 849] SLACK V. MCDANIEL (2000) 529 U.S. 473 [20 S.CT
6. 1595; 146 L.Ed.2d 542] ANTHONY V. CAMBRA (9TH CIR. 2000) 236 F.3d 568.
7. CONTENSION:
   APPEALS COUNSEL ON DIRECT APPEAL RENDERED INEFFECTIVE ASSISTANCE
8. OF COUNSEL IN FAILING TO BRING FORTH THE 14TH AMENDT. VIOLATION OF UNREASONABLE
9. SEARCH AND SEIZURE OF PETITIONERS HOME AND VEHICLE PARKED ON THE
10. CURTILAGE AS RULED BY THE HON. JUDGE PRECKEL AT THE 1538.5 SUPPRESSION
11. HEARING 24 FEB. 05 WITH VEHICLE EXCEPTION. SEE KIMMELMAN V.
12. MORRISON (1986) 477 U.S. 365 [106 S.CT 2574; 91 L.Ed.2d 305],
13. STATES VIOLATION OF ITS OWN EVIDENTIARY RULES RESULTED IN A
14. DENIAL OF FUNDAMENTAL FAIRNESS - SEE ESTELLE V. MCGUIRE (1991) 502
15. U.S. 62, 70 [112 S.CT. 475, 481; 116 L.Ed.2d 385].
16. APPEALS COUNSEL INEFFECTIVE IN FAILING TO BRING FORTH THE
17. INSUFFICIENCY OF THE EVIDENCE TO SUPPORT THE CONVICTION FOR
18. A RATIONAL TRIER OF FACT TO FIND THE PETITIONER GUILTY BEYOND A
19. REASONABLE DOUBT OF THE ELEMENTS OF THE CRIMINAL OFFENSE
20. AS DEFINED BY THE STATE CRIMINAL CODES - SEE JACKSON V.
21. VIRGINIA (1979) 443 U.S. 307, 318-19 [90 S.CT. 2781; 61 L.Ed.2d 560].
22. WHERE A JURY INSTRUCTION ALLOWED JURY TO CONVICT ON EVIDENCE
23. AMOUNTING TO LESS THAN PROOF BEYOND A REASONABLE DOUBT
24. THE CONVICTION WILL AUTOMATICALLY BE REVERSED WITHOUT ANY NEED
25. TO SHOW ACTUAL PREJUDICE. SEE SULLIVAN V. LOUISIANA (1993) 508
26. U.S. 275 [113 S.CT. 2078; 128 L.Ed.2d 182]; ARIZONA V. FULMINANTE (1991)
27. 499 U.S. 279, 331 [111 S.CT. 1246; 113 L.Ed.2d 302] (GIVING EXAMPLES OF
28. STRUCTURAL DEFECTS); RAMIREZ V. HATCHER (9TH CIR. 1998) 136 F.3d 1209

FILED

06 AUG 25 AM 9: 13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PDc

BY·                        DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC W. BURTON, | Civil No.    06-1441 JM (POR) |
| Petitioner, | **ORDER DISMISSING CASE** |
| v. | **WITHOUT PREJUDICE** |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus [Doc. No. 1], a motion for retrial [Doc. No. 2], and points and authorities in support a retrial. [Doc. No 3]. This Court construes these three documents together as a Petition for Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner has not paid the $5.00 filing fee and nor has he moved to proceed in forma pauperis.

## FAILURE TO SATISFY FILING FEE REQUIREMENT

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than <u>October 20, 2006</u>,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.[1]

---

[1] For Petitioner's convenience, a blank motion to proceed in forma pauperis is attached to this Order.

N:\COMMON\PROSE\HABB_VP_20001441\dismiss.wpd. 822h

-1-                        ENTERED ON

## FAILURE TO ALLEGE EXHAUSTION

Moreover, the Petition must be dismissed because Petitioner has failed to allege exhaustion of state judicial remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

3    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

5

6    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

7

8    28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

9    The statute of limitations does not run while a properly filed state habeas corpus petition

10    is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

11    *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

12    when its delivery and acceptance [by the appropriate court officer for placement into the record]

13    are in compliance with the applicable laws and rules governing filings."). However, absent some

14    other basis for tolling, the statute of limitations does run while a federal habeas petition is

15    pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

16    Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

17    habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

18    it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.

19    § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

20    habeas relief because he has not alleged exhaustion of state court remedies.

21    **FAILURE TO NAME PROPER RESPONDENT**

22    Moreover, review of the Petition reveals that Petitioner has failed to name a proper

23    respondent. On federal habeas, a state prisoner must name the state officer having custody of

24    him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule

25    2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition

26    fails to name a proper respondent. *See id.*

27    The warden is the typical respondent. However, "the rules following section 2254 do not

28    specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the

1  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal
2  institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a
3  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall
4  be the state officer who has official custody of the petitioner (for example, the warden of the
5  prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

6      A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
7  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
8  actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v.*
9  *Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
10 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
11 body" if directed to do so by the Court. "Both the warden of a California prison and the Director
12 of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d
13 at 895.

14     Here, Petitioner has incorrectly named "The People of the State of California," as
15 Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must
16 name the warden in charge of the state correctional facility in which Petitioner is presently
17 confined or the Director of the California Department of Corrections. *Brittingham v. United*
18 *States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

19                   **PETITION MAY BE DUPLICATIVE**

20     Finally, while it is not entirely clear from the face of the petition, it appears the Petition
21 may be challenging the same conviction as a petition previously filed with this court. Petitioner
22 is cautioned that the Court may dismiss a duplicative petition as frivolous if it "merely repeats
23 pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.
24 1995) (citations omitted). Here, Petitioner has filed two petitions for habeas corpus with this
25 Court. The Petition in this case was filed on July 17, 2006. Another habeas petition which
26 appears to challenge the same conviction was filed in case number 06cv1384 L (JMA), on July
27
28

1  5, 2006.    The petition in 06cv1384 was dismissed without prejudice on August 7, 2006.[2]

2  Petitioner is cautioned that he may challenge the same conviction with only one petition for

3  habeas corpus filed with the Court.

**CONCLUSION**

5      For the foregoing reasons, the Petition is **DISMISSED** without prejudice for (1) failure

6  to satisfy the filing fee requirement, (2) failure to allege exhaustion of state judicial remedies,

7  and (3) failure to name a proper respondent. Further, Petitioner is cautioned that he may proceed

8  with a challenge to the same conviction in only one case filed as a petition for habeas corpus.

9  In order to have this case reopened, Petitioner must, **no later than October 20, 2006**, satisfy the

10  filing fee requirement and file a First Amended Petition curing the deficiencies outlined above.

11                    **IT IS SO ORDERED.**

12  DATED:    8/23/06                              _____

13                                                  Jeffrey T. Miller
                                                    United States District Judge

14

15  CC:    ALL PARTIES

16

17

18

19

20

21

22

23

24

25

26

27  ─────────────────────────

28      [2] The petition in 06cv1384 was dismissed for failure to pay the filing fee and because the Court must
abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of
*Younger v. Harris*, 401 U.S. 37 (1971).

-5-

Court of Appeal, Fourth Appellate District, Div. 1 - No. D049846
**S152584**

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re ERIC W. BURTON on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

JUN 2 0 2007

Frederick K. Ohlrich, Clerk

DEPUTY

**GEORGE**

Chief Justice

## QUESTION(S) PRESENTED

Whether petitioner's Federally guaranteed U.S. Constitutional right to a fair trial was violated by the guidelines of the U.S. constution by the state courts

       Whether petitioner's Federally U.S. Guaranteed14th amend constitutional Due process rights and equal protection
       under federal law was violated by the state court's and police agency

whether petitioner's 6th amend. U.S. const. confrontation
      clause was violated.
Whether petition's federally U.S. guaranteed constitutional
      right to self representation was improperly
denied by a failure to rule on a timely Farret- Faretta pro se motion

Whether federal sentencing guidelines were violative of petitioner's U.S. Constitutional federally guaranteed
 right to not be sentenced and receive enhancements for a crime not charged or proven.


Whether petitioner received BATSON error
Whether Failure of trial court to give specific
jury instrutions deprived pettitioner of his right to make a
defense as guaranteed by the U.S. Constitution
Whether The State Appellate Court erred on all issues raised
on direct review as petitioner's Federally guaranteed U.S. Const.
rights to a fundamentally fair trial was violated by the
state California court.

## REASONS FOR GRANTING THE PETITION

Petitioner's fundamental rights to a fair trial have been violated.
Petitioner's Federally guaranteed U.S. Constitutional 14th amendment Due process and Equal protection clause's have been violated.
       Petitioner is unlawfuully imprisoned,convicted and sentenced in violation of his ~~amended~~ 14th amendment rights against police unlawful intrusion *IN HIS REASONABLE EXPECTATION — OF PRIVACY.* petitioner has been the subject of a previously ruled 4th amendment violation of warrantless police unlawful entry search and seizure of property from his home.
Petitioner was denied his 6th amendment U.S. Federally guaranteed constitutional right to self representation.
~~P~~ *ERROR EWR*
      violated

**STATEMENT OF THE CASE**

Appellant was charged in an amended information with attempted willful, deliberate, premeditated murder (pen. Code,#664,187, 189 subd.(a), with the further allegations that he used a firearm (Pen. Code#12022.5, subd. (a),discharged a firearm ~~proxim~~ proximately causing great bodily injury(Pen. Code,#12022.53 subd. (d), and

See Attached pages (2 and 3)

Page 1 of 3

inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) in count 1, discharge of a firearm from a motor vehicle (Pen. Code, § 12034, subd. (c)), with the further allegations that he used a firearm (Pen. Code, § 12022.5, subd. (a)), discharged a firearm proximately causing great bodily injury (Pen. Code, § 12022.53, subd. (d)), and inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) in count 2, assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)) with the further allegations that he used a firearm (Pen. Code, § 12022.5, subd. (a)) and inflicted great bodily injury (Pen. Code, § 12022.7. subd. (a)) in count 3, and child abuse/endangerment (Pen. Code, § 273a, subd. (a)), with the further allegation that he used a firearm (Pen. Code, § 12022.5, subd. (a)) in count 4. (C.T. 7-10.)

Following an eight-day jury trial, appellant was convicted of attempted willful, deliberate, premeditated murder (Pen. Code, §§ 664, 187, 189 subd. (a)) in count 1, discharge of a firearm from a motor vehicle (Pen. Code, § 12034, subd. (c)) in count 2, and assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)) in count 3. As to counts 1-3, the jury found true the firearm and great bodily injury allegations (Pen. Code, §§ 12022.5, subd. (a), 12022.53, subd. (d), 12022.7, subd. (a)). (C.T. 278-284.) Appellant was acquitted of child abuse/endangerment (Pen. Code, § 273a, subd. (a)) in count 4. (C.T. 288.)

After denying appellant's motion for new trial, the court sentenced appellant to an indeterminate term of life, plus 25 years

to life in count 1. The court stayed the sentence on counts 2 and 3. (Pen. Code, § 654.) (C.T. 387-388.) The court also ordered appellant to pay a $10,000 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $10,000 parole revocation fine (Pen. Code, § 1202.45), and a $17,838.57 direct victim restitution fine (Pen. Code, § 1202.4, subd. (f)). (C.T. 388.) Appellant was given credit for 669 days spent in custody, consisting of 582 actual days and 87 good time/work time local conduct credits. (C.T. 388.)

Appellant filed a timely notice of appeal from the judgment of conviction and sentence. (C.T. 313-320.)

B

Page 3 of 3

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

U.S. Constitution 14th  Amendment,Due Process Clause;
Equal Protection Clause.


U.S. Constitution Sixth Amendment
Due process principles

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ERIC WILTON BURTON, | | Civil No.   06cv1384-L (JMA) |
| | Petitioner, | |
| v. | | **ORDER DENYING IN FORMA PAUPERIS APPLICATION AS MOOT** [Docket No. 3] |
| HERNANDEZ, Warden, | | |
| | Respondent. | |

On July 5, 2006, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Court dismissed the Petition because Petitioner had failed to pay the filing fee or move to proceed in forma pauperis, and based on the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), as resolution of Petitioner's claims would require interference with ongoing state proceedings.  (See Aug. 2, 2006 Order at 1-3.)  Although the dismissal was without prejudice to Petitioner to proceed with his claims in state court, the dismissal was without leave to amend his action in this Court.  (Id.) Petitioner subsequently filed a Motion to Proceed In Forma Pauperis which is moot in light of the dismissal order.

/ / /

/ / /

/ / /

/ / /

/ / /

1    Accordingly, the Court **DENIES** the request to proceed in forma pauperis as moot. This

2  action remains **DISMISSED** without leave to amend.  The Clerk shall close the file.

3    **IT IS SO ORDERED.**

4  DATED:  May 14, 2007

5

6  M. James Lorenz
   United States District Court Judge

7

8  CC:        ALL PARTIES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\COMMON\EVERYONE\_EFILE-PROSE\N.06cv1384-Deny.wpd. 5157

-2-

MR. ERIC WILTON BURTON #F02720 INPROPER
P.O. BOX 3481 3C-27-132L
CORCORAN, CA. 93212

SUPREME COURT
FILED
JUN 14 2007

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

Frederick K. Ohlrich, Clerk

DEPUTY

1
2        SAN FRANCISCO CALIFORNIA DISTRICT

3  IN re APPLICATION OF AND IN          CASE NO: S153203; COURT OF APPEAL,
4  THE MATTER OF; ERIC WILTON BURTON    FOURTH APPELLATE DISTRICT, DIV I
5  #F02720 PETITIONER, DEFENDANT        NO. D047617; SUP. COURT OF SAN DIEGO
6  FOR RETRIAL PURSUANT TO US V. AGURS  COUNTY NO: SCE238643
7  (1976) 427 U.S. 97, 49 L Ed 2d 342, 96 S. CT. 2392.  DATE: 6-12-07
8  BASED ON 14TH US CONST AMENDT VIOLATIONS
9  FOR FAILURE TO DISCLOSE EXCULPATORY          NOTICE OF MOTION
10  EVIDENCE.                            AND MOTION TO; WITHDRAW
11  V.                                   DISMISS, TERMINATE AND
                                         AMEND PETITION FOR RETRIAL
12  KEN C CLARK, WARDEN CSATF/SP        TO NEW TRIAL PURSUANT TO U.S. V. AGURS
13  RESPONDENT AND THE PEOPLE/PLAINTIFF/RESPONDENT   (1976) 427 U.S. 97, 49 L Ed 2d 342, 96 S.
14                                       CT. 2392. FILED IN THIS COURT
15                                       6-4-07 WITHOUT DETERMINATION
16                                       REQUEST FOR COURT TO GIVE
17  RECEIVED                             IMEDIATE NOTICE TO ALL
     JUN 14 2007                         PARTIES INVOLVED IN THE
18                                       INSTANT MATTER
     CLERK OF

20  FOR GOOD CAUSE INTENDING; NOTICE IS HEREBY
21  GIVEN TO THE ABOVE HONORABLE SUPREME COURT AS SOON AS THE
22  MATTER MAY BE HEARD. PETITIONER ERIC WILTON BURTON #F02720 A
23  PRISONER AT CSATF/SP, CORCORAN, CA, MOVES THIS COURT TO DISMISS THIS
24  CASE WITHOUT DETERMINATION, FOR PETITIONER HAS ERRED, PETITIONER
25  INTENDED TO FILE FOR A "NEW TRIAL" NOT A RETRIAL IN THE INTEREST OF JUSTICE.
26  STATEMENT OF FACT. AS OF DATE 6-12-07 PETITIONER/DEFENDANT STILL HAS NOT RECEIVED DISCOVERY
PURSUANT TO 1054.9, DEFENDANT HAS MADE AN UNSUCCESSFUL ATTEMPT TO GAIN DISCOVERY FROM TRIAL
COUNSEL AND HAS RECENTLY AS OF 6-8-07 MOTIONED THE TRIAL COURT PURSUANT TO BRADY 1054.9. PENDING.

①

1  SO IT IS FOR THIS GOOD FAITH CAUSE THAT PETITIONER/DEFENDANT ASKS OF

2  THIS HONORABLE SUPREME COURT TO DISMISS THIS PETITION WITHOUT

3  PREDJUDICE AND LEAVE FOR PETITIONER TO REFILE PETITION ON THE

4  SAME OR SIMILAR GROUNDS. FOR A NEW TRIAL IN THE INTEREST AND

5  FURTHERANCE OF JUSTICE IN PETITIONERS QUEST FOR FREEDOM FROM

6  INCARCERATION FROM AN UNLAWFUL ARREST, PROSECUTION, CONVICTION, AND

7  SENTENCING FROM VIOLATIONS OF AN UNCONSTITUTIONAL MAGNITUDE

8  OF A FEDERALLY GUARANTEED RIGHT TO LIFE, LIBERTY AND FREEDOM AND

9  14TH AMENDMENT DUE PROCESS OF LAW AND EQUAL PROTECTION OF ALL

10  IT'S CITIZENS. THIS IS PETITIONERS/DEFENDANTS ONLY MEANS TO ACCESS COURTS DUE TO PRISON LOCKDOWN.

11  PRAYER FOR RELIEF - PETITIONER HUMBLY PRAYS THAT THIS FINE

12  HONORABLE COURT WILL GRANT THIS MOTION TO DISMISS THIS CASE

13  ERRONEOUSLY FILED WITHOUT THE GUIDANCE OF COUNSEL, AS PETITIONER IS

14  A DISADVANTAGED LEGALLY BLIND PRISONER FROM GLAUCOMA, ALSO A LAYMAN

15  UNTRAINED IN LAW OR IT'S APPLICATION, HAS RECENTLY DISCOVERED HE

16  HAS MADE A MISTAKE INTENDING TO FILE FOR A NEW TRIAL, HE PRAYS

17  OF THIS COURT THAT THIS CASE BE DISMISSED OR LEAVE GRANTED TO

18  CORRECT HIS ERROR IN THE INTEREST OF JUSTICE AND FURTHERANCE

19  OF JUSTICE AND THAT THIS HONORABLE COURT GIVE NOTICE TO ALL PARTIES,

20  CONCLUSION - THIS MOTION IS TIMELY AS AN ORDER TO SHOW

21  CAUSE HAS NOT YET BEEN EITHER ISSUED NOR RECEIVED BY PETITIONER/

22  DEFENDANT. DEFENDANT SHOWING GOOD FAITH AND CAUSE.

23  DECLARATION - BY THE LAWS UNDER THE PENALTY OF PERJURY

24  GOVERNING THE UNITED STATES. THE AFOREMENTIONED STATEMENTS

25  ABOVE AND WITHIN ARE TRUE AND CORRECT. Signed Eric Wilton Burton F00720

                                              ERIC WILTON BURTON
                                          DATED 6-12-07

②

Court of Appeal, Fourth Appellate District, Div. 1 - No. D049846
**S152584**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re ERIC W. BURTON on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

JUN 2 0 2007

Frederick K. Ohlrich Clerk

DEPUTY

**GEORGE**

Chief Justice

Court of Appeal, Fourth Appellate District, Div. 1 - No. D047617
**S153203**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, | SUPREME COURT<br>**FILED** |
| v. | JUL 1 1 2007 |
| ERIC BURTON, Defendant and Appellant. | Frederick K. Ohlrich Clerk |
| | Deputy |

The appellant's motion to withdraw the petition for review filed in propria persona is granted.

The petition for review is denied.

**GEORGE**
Chief Justice

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
—
☐   LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

July 18, 2007

Eric W. Burton, F-02720
California State Prison – Corcoran
P.O. Box 5246, SP-C1-132L
Corcoran, CA  93212

    Re:    **S152584 – Burton (Eric) on H.C.**

Dear Burton:

    Return unfiled is your petition for rehearing received July 11, 2007.  The order denying your petition for review in the above-referenced matter was final forthwith and may not be reconsidered.  Please rest assured, however, that the petition, and the contentions made therein, were considered by the entire court, and that the denial expresses the decision of the court on this matter.

            Very truly yours,

            FREDERICK K. OHLRICH
            Court Administrator and
            Clerk of the Supreme Court

            By: J. Perez
            Deputy Clerk

Court of Appeal, Fourth Appellate District, Div. 1 - No. D047617
S153203

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

THE PEOPLE, Plaintiff and Respondent,

v.

ERIC BURTON, Defendant and Appellant.

SUPREME COURT
**F I L E D**

JUL 1 1 2007

Frederick K. Ohlrich Clerk

_____
DEPUTY

The appellant's motion to withdraw the petition for review filed in propria persona is granted.

The petition for review is denied.

GEORGE
_____
Chief Justice

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



**Supreme Court of California**

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

—

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

July 18, 2007

Eric W. Burton, F-02720
California State Prison – Corcoran
P.O. Box 5246, SP-C1-132L
Corcoran, CA 93212

      Re:    **S152584 – Burton (Eric) on H.C.**

Dear Burton:

      Return unfiled is your petition for rehearing received July 11, 2007. The order denying your petition for review in the above-referenced matter was final forthwith and may not be reconsidered. Please rest assured, however, that the petition, and the contentions made therein, were considered by the entire court, and that the denial expresses the decision of the court on this matter.

                Very truly yours,

                FREDERICK K. OHLRICH
                Court Administrator and
                Clerk of the Supreme Court

                By: J. Perez
                Deputy Clerk