## TABLE OF CONTENTS

ATTACHMENTS IN SUPPORT
OF GROUNDS 1 AND 2.
PAGES 1-69

CORCORAN, CALIFORNIA 93212

IN SUPPORT OF GROUNDS 1 AND 2.

12-21-07

1. GROUNDS 1 & 2 "ATTACHMENT" IN SUPPORT-GROUNDS 1+2 VIOLATION OF U.S.CONST. 6TH

2. AND 14TH AMENDMENTS DUE PROCESS AND EQUAL PROTECTION CLAUSES PETITIONER'S FEDERALLY

3. GUARANTEED RIGHT TO SELF REPRESENTATION.

4. STATEMENT OF FACTS: ON 16 MARCH 05 PETITIONER MADE TWO PROFFERED

5. FUNDAMENTALLY SEPARATE MOTIONS TIMELY. THE FIRST MOTION PER HIS 6TH U.S.CONST

6. FEDERALLY GUARANTEED RIGHT TO SELF REPRESENTATION, AND ALSO A MARSDEN MOTION

7. TO RELIEVE COUNSEL. THE COURT ACKNOWLEDGE THE TWO SEPARATE MOTIONS

8. DENIED THE MARSDEN MOTION, BUT FAILED TO RULE ON PETITIONERS INVOKED RIGHT

9. PER HIS 6TH AMENDMENT, RIGHT TO SELF REPRESENTATION AND 14TH DUE PROCESS AND EQUAL PROTECTION CLAUSES,

10. PETITIONER STIPULATES EXCERPTS IN EXHIBIT A RATHER THAN TRIAL TRANSCRIPTS.

11. NOW SEE, EXHIBIT A PAGE 10 R.T. EXCERPT 0348 DATED 3-16-05, STATES' THE

12. DEFENDANT MAKES A MOTION TO INVOKE HIS 6TH AMENDMENT RIGHT TO

13. REPRESENT HIMSELF AND ALSO REQUESTS A MARSDEN MOTION. THE COURT

14. WILL ADDRESS THE DEFENDANT'S MOTION AFTER THE IN LIMINE MOTIONS HAVE

15. BEEN COMPLETED, SEE SAME R.T. EXCERP 0348 AT 3:20 PM, STATES" COURT IS

16. AGAIN IN SESSION. ATTORNEY ADAIR, THE DEFENDANT AND COURT STAFF IS PRESENT.

17. COURT CONDUCTS A MARSDEN HEARING. THIS MOTION IS DENIED, THE COURT ORDERS

18. THE TRANSCRIPT OF THIS HEARING SEALED", SEE SAME R.T. EXCERPT 0348 AT 4:07

19. PM. STATES" COURT IS AGAIN IN SESSION WITH DEPUTY DISTRICT ATTORNEY MARIA

20. HANNAH, ATTORNEY ADAIR AND DEFENDANT PRESENT. NOW SEE EXHIBIT A PAGE 11, R.T.

21. EXCERPT 0349 DATED 3-16-05. AT 4:20 PM." THE COURT INSTRUCTS COUNSEL TO

22. RETURN ON MARCH 23, 2005 AT 8:45 AM IN DEPARTMENT 10, THE DEFENDANT IS

23. IS REMANDED TO CUSTODY WITH BAIL SET AT $500,000.00. THE DEFENDANT IS ORDERED

24. TO BE PRODUCED ON 3-23-05 AT 9:00 AM IN DEPARTMENT 10. 4:25 PM. COURT IS

25. ADJOURNED. THE COURT PREJUDICIALLY, AND ERRONEOUSLY FAILED TO RULE ON PETITIONERS

26. INVOKED 6TH AMENDMENT MOTION FOR HIS FEDERALLY GUARANTEED 6TH AND 14TH U.S.CONST.

27. AMENDMENT RIGHT TO SELF REPRESENTATION. NOW SEE EXHIBIT A, PAGE 13, R.T. EXCERPT

28. 167 LINES 26-28. MR. ADAIR: YOUR HONOR, MY CLIENT WISHES TO ADDRESS THE COURT.

1  THE COURT: WELL, SIR, ON WHAT ISSUE? THE DEFENDANT: AT THIS TIME, YOUR HONOR,

2  I WOULD LIKE TO (SEE NOW EXHIBIT A" PAGE 14, R.T. EXCERPT 168, LINES 1-12) INVOKE

3  MY SIXTH AMENDMENT RIGHTS TO REPRESENT MYSELF AS COUNSEL. THE COURT:

4  ALL RIGHT, SIR, I'LL TAKE THAT UP IN A MOMENT. I WANT TO FIRST DEAL WITH

5  THE ISSUES THAT ARE ON CALENDAR FOR TODAY. I KNOW OVER THE COURSE AND

6  THE HISTORY OF THIS CASE, ISSUES LIKE THAT HAVE BEEN RAISED BEFORE, SO

7  I'LL SET ASIDE TIME AT THE END OF TODAY'S HEARING TO HEAR THOSE FROM YOU.

8  ALL RIGHT, AND THEN IF I GRANT YOUR MOTION, YOU WILL HAVE THE OPPORTUNITY

9  TO ADDRESS ANYTHING WE'VE ADDRESSED. THE DEFENDANT: EXCUSE ME, I WOULD

10  LIKE A MARSDEN -- THE COURT: ALL RIGHT [WE'LL DO THAT, TOO].

11  STATEMENT OF FACTS - AS THE TRIAL JUDGE ACKNOWLEDGED KNOWING THE

12  HISTORY OF THE CASE AND THE FACT OF DEFENDANT'S PREVIOUS MARSDEN, THE

13  COURT THEREFORE SHOULD'VE BEEN AWARE THAT ON 11-05-04 APPROXIMATELY

14  FOUR MONTH'S PRIOR PETITIONER HAD BEEN DEEMED LAWFULLY COMPETENT BY

15  THE HON. JUDGE PRECKEL SO IT WAS CLEARLY PREDJUDICIAL ERROR IN

16  FORCING UNWANTED COUNSEL UPON AN UNWILLING DEFENDANT AGAINST THE

17  STRUCTURE OF THE BILL OF RIGHTS, THE 6TH, AND 14TH U.S. FEDERALLY GUARANTEED

18  RIGHT OF THE DEFENDANT WHEN HE INTELLIGENTLY AND KNOWINGLY WANTS TO

19  CONDUCT HIS OWN DEFENSE PERSONALLY, AND HIS RIGHT TO WAIVE COUNSEL.

20  SEE NOW STATEMENT OF FACTS - EXHIBIT A, PAGE 3, R.T. EXCERPT 11, LINES 20-24,

21  27, 28. THE DEFENDANT -- AND THE CONSTITUTION OF THE UNITED STATES, OF

22  THE 6TH AMENDMENT GUARANTEES ME THE RIGHT TO HAVE EFFECTIVE COUNSEL, AND

23  BEING CHARGED WITH A FELONY AND SO SAID THAT I AM, -- EVERY LEVEL OF THESE

24  PROCEEDINGS AND TRIAL. -- COUNSEL, AS GUARANTEED BY MY RIGHTS AS THE ACCUSED

25  BY THE CONSTITUTION OF THE UNITED STATES. SEE EXHIBIT A" PAGE 4, R.T. EXCERP 13,

26  LINES 7, 8, 10 16 - 28 - MR. PLUMMER ( MARSDEN 11-05-04) THE FACT OF THE MATTER IS THAT

27  MR. BURTON -- HE THINKS I'M NOT ADEQUATELY REPRESENTING -- APPROPRIATE DEFENSE

28  FOM HIM. I THINK HE HASN'T REQUESTED A NEW ATTORNEY BEFORE. HE DID HAVE

E. Copeland #T-07389
P.O. Box 5246 - CSATF/SP, C1-132L
CORCORAN CA. 93212

1. P.D. AND AN A.P.D. BRIEFLY, BUT THEY CONFLICTED OFF OF HIM BECAUSE OF THEIR
2. REPRESENTATION OF SOME WITNESSES IN THIS CASE AND I WAS APPOINTED, SO THIS
3. IS HIS FIRST REQUEST FOR A NEW ATTORNEY, I THINK HE DESERVES A CHANCE
4. TO GET A NEW ATTORNEY AND TO WORK WITH SOMEBODY THAT HE HAS CONFIDENCE
5. IN AND CAN HELP HIM LITIGATE THIS CASE. IT IS A VERY, VERY IMPORTANT
6. CASE TO HIM. I MEAN, HE'S FACING A SUBSTANTIAL PERIOD OF TIME IN PRISON,
7. IF NOT THE REST OF HIS LIFE, AND HE UNDERSTANDS THAT AND HE'S UNDERSTANDABLY
8. CONCERNED ABOUT THAT AND UNDER STANDABLY HE HAS SOME CONCERNS ABOUT
9. MY REPRESENTATION OF HIM. SO I WOULD JOIT IN HIS REQUEST THAT - - .
10. SEE NOW EXHIBIT "A" PAGE 5, R.T. EXCERPT 18 LINES 1-7, 23-28. THE COURT: ARE
11. YOU PREPARED TO WAIVE YOUR SPEEDY TRIAL RIGHTS? THE DEFENDANT : NO, I'M NOT
12. PREPARED TO WAIVE MY RIGHTS TO A SPEEDY TRIAL. THE COURT: WELL, THEN
13. THE COURT IS NOT PREPARED TO SIMPLY JOIN IN MR. PLUMMER'S ACQUIESCENCE
14. TO YOUR MOTION FOR NEW COUNSEL. - - THE COURT: SO THE ONLY REASON THAT I
15. WOULD GRANT YOUR REQUEST IS, FRANKLY, OUT OF AN ABUNDANCE OF CAUTION AND
16. EXCEEDING TO MR. PLUMMER'S STATEMENT THAT HE BELIEVES THE TWO OF YOU
17. SIMPLY CAN'T GET ALONG, CAN'T OR WON'T COMMUNICATE, AND, THAT THEREFORE,
18. THERE'S A BREAKDOWN OF THE ATTORNEY/CLIENT RELATION SHIP.
19. SEE EXHIBIT "A" PAGE 6, R.T. EXCERPT LINE 28, THE COURT: SO WHAT ARE YOU
20. TELLING ME OR ( SEE EXHIBIT "A" PAGE 7, R.T. EXCERPT 20, LINES 1-9, 19-21, 26-28,
21. SEE NOW EXHIBIT "A" PAGE 8, R.T. EXCERPT 21 LINES 1-15 . THE COURT: - - IF
22. WHAT YOU'RE TELLING ME IS THAT YOU HAVE A DOUBT ABOUT YOUR PRESENT
23. MENTAL COMPETENCE TO PROCEED WITHIN THE MEANING OF PENAL CODE
24. SECTION 1368, ET SEQUITUR, I REJECT THAT SUGGESTION OUTRIGHT
25. BASED UPON MY INTERACTION WITH YOU HERE THIS AFTERNOON, I CANNOT GET
26. INSIDE YOUR HEAD IN A MANNER OF SPEAKING, BUT CLEARLY THE MANNER
27. WHICH YOU HAVE PRESENTED HERE THIS AFTERNOON, THE MANNER IN WHICH
28. YOU HAVE COGENTLY AND LOGICALLY SPOKEN AT LENGTH CONCERNING

MC Wm. Burton #803-228
P.O. Box 5246 CSATF/SP. C1-132L
CORCORAN, CA. 93212

1  YOUR CASE, ALL OF THAT CAUSES THE COURT TO CONCLUDE THAT YOU'RE
2  ABSOLUTELY COMPETENT, AS A MATTER OF LAW, AT THIS TIME SUCH THAT
3  THESE CRIMINAL PROCEEDINGS WILL GO FORTH WITHOUT UNDUE
4  INTERRUPTION FOR PURPOSES OF A 1368 EXAMINATION EVALUATION
5  AND HERING, I FIND NOT EVEN A SCINTILLA OF EVIDENCE AS TO SUPPORT
6  OR WARRANT THE SUSPENSION OF CRIMINAL PROCEEDINGS IN THIS CASE,
7  SEE NOW EXHIBIT "A" PAGE 97, R.T. EXCERPT 17, LINE 1-13 (11-05-04 HON JUDGE PRECKEL)
8  THE COURT: MR. BURTON, IF I GRANT YOUR REQUEST — AND LET ME SAY PARENTHETI-
9  CALLY YOU'RE, IN MY VIEW, VERY WELL-SPOKEN. YOU'VE OBVIOUSLY DONE SOME
10 READING, AND PLEASE DON'T TAKE WHAT I'M ABOUT TO SAY AS A CRITICISM
11 OF YOU, BUT IT'S OFTEN SAID THAT A LITTLE KNOWLEDGE CAN BE A
12 DANGEROUS THING. AND YOU'VE BEEN THROWING AROUND THE MAJORITY
13 OF THE AMENDMENTS IN THE [BILL OF RIGHTS] AND A FEW OTHERS TO
14 BOOT, SEE LINES 17-19. THE COURT — IT'S THE ATTORNEY'S JOB TO
15 REPRESENT YOU AND TO ADVOCATE YOUR POSITION AND PROTECT YOUR RIGHTS
16 AND INTERESTS. COUNSEL ON DIRECT APPEAL OMITTED THE FACT
17 CLEARLY AS ILLUSTRATED BY THE STIPULATED EXHIBIT "A" PAGE 10, R.T. EXCERPT
18 0348 THAT PETITIONER INVOKED HIS FIRST MOTION PER HIS U.S. FEDERALLY
19 GUARANTEED RIGHT PER HIS 6TH U.S. CONST. AMENDMENT ON 16 MARCH 05, TIMELY
20 THAT WAS NOT RULED ON, AND ALSO COUNSEL MISSTATED THE FACTS
21 AND MULTIPLIED THE PROCEEDING WITH FALSE-STATEMENTS ALLEGING,
22 PETITIONER WAS IN ERROR BY STATING THE TRUE FACT THE THE HON.
23 JUDGE PRECKEL HAD FOUND DEFENDANT TO BE IN FACT LAWFULLY COMPETENT
24 ON 11-05-04, AND THAT TRIAL COUNSEL ADAIR, AND TRIAL JUDGE WERE
25 OVERREACHING AND PREJUDICIALLY AND ERRONEOUSLY PLACED PETITIONER ON
26 A 1368 HOLD UNCONSTITUTIONALLY AND THE COURT ORDERED PETITIONER
27 TO UNDERGO A COMPETENCY EXAM, WITHOUT GIVING HIM HIS FIFTH AMENDMENT
28 WARNINGS UNDER ESTELLE, THAT HE HAD A RIGHT TO REFUSE, PER DEFENSE COUNSEL

MR. LEO BURTON #F02720
P.O. BOX 5246-C3ATP/SP.C1-132L
CORCORAN.CA.93212

1   ADAIRS URGING IN FAILING TO PROTECT HIS CLIENTS CONSTITUTIONAL
2   RIGHTS. SEE EXHIBIT "A" PAGE 59, R.T. EXCERPT 218/250. LINES 1-4
3   THE COURT: MR. ADAIR DO I NEED TO ADVISE HIM OF HIS CONSTITUTIONAL
4   STATUTORY RIGHTS ON THE RECORD? MR. ADAIR: NO, YOUR HONOR.
5   THE COURT: ALL RIGHT, PETITIONER OBJECTED TO COUNSELS 1368
6   MOTION, WAS DENIED HIS MARSDEN, AND FARETTA PRO SE MOTION, AND
7   DENIED HIS 14TH AMENDMENT DUE PROCESS AND EQUAL PROTECTION
8   COUNSEL IN DIRECT CONFLICT OF INTEREST AND ALSO TRIAL
9   JUDGE HALGREN, AS SHE WAS A DEPORTED MATERIAL WITNESS TO
10  FACT, SIGNED OFF ON THE TRO SERVED ON MR. THOMAS' ALLEGED VICTIM
11  BY HER BALIFF APPROX 23FEB04, FAILED TO ENFORCE HER OWN
12  LAWFULLY SERVED TRO, AS IT WAS VIOLATED 19MARCH04, AS
13  PETITIONERS DAUGHTER WAS STATUTORILY KIDNAPPED BY MR
14  THOMAS UNDER LAWS GOVERNING RESTRAINING ORDERS UNDER
15  CALIFORNIA PENAL CODE, CAUSING THE MOVEMENT OF A MINOR WITHIN
16  THE COUNTY OF SAN DIEGO, CA. JURISDICTION. PETITIONERS MINOR CHILD
17  DREONA BURTON WAS AN EQUAL PROTECTANT ON SAME TRO. TRIAL JUDGE HALGREN
18  FAILED TO PROTECT PETITIONER MINOR CHILD AND PETITIONER WAS DENIED
19  HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL DUE TO DEPORTATION OF
20  THE TRIAL JUDGE A MATERIAL WITNESS ON GENUINE COURT BUSINESS
21  RECORDS. TRIAL COUNSEL IN ACTIVE CONFLICT OF INTEREST FAILED
22  TO COMPEL DISCOVERY AND KNEW TRIAL JUDGE TO BE MATERIAL
23  WITNESS TO FACT. SEE NOW EXHIBIT "A." PAGE 55 R.T. EXCERPT 214,LINES
24  22-26 THE COURT: ALL RIGHT. THANK YOU. LETS SEE MR. BURTON, YOU
25  HAD RAISED AN OBJECTION. ARE YOU OBJECTING TO YOUR COUNSEL'S
26  MOTION? THE DEFENDANT: I WOULD LIKE AN ATTORNEY TO REPRESENT
27  ME FOR THIS MARSDEN. I HAVE A CONFLICT OF INTEREST, SEE NOW
28  EXHIBIT "A" PAGE 80 R.T. EXCERPT 797 LINES 1-11, 19-21 — THE COURT: ALL

P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN CA. 93 212

1. RIGHT. SO YOU HAVE YOUR FRAME WORK AS TO WHAT YOU CAN DO.

2. MR. ADAIR: YES, YOUR HONOR, THE COURT: I THINK-- MR. ADAIR: [IT'S

3. FUN BEING A PROSECUTOR.] [THE COURT: IT DOES PUT YOU IN A

4. DIFFERENT ROLE, DOESN'T IT?] ALL RIGHT, LETS TALK ABOUT EXHIBITS.

5. WE DON'T REALLY IN MY VIEW NEED TO DO THIS ON THE RECORD

6. BECAUSE WE WILL DO A MORE FULL INSTRUCTION REVIEW ON

7. THE RECORD AT THE END OF THE CASE, SO IF YOU'D LIKE WE—

8. MR. ADAIR, DID YOU GET A PACKET OF THE INSTRUCTIONS? MR. ADAIR: I

9. DID, YOUR HONOR. SEE NOW EXHIBIT "A" PAGE III RT. EXCERPT 14, LINES.

10. 14-18, 21-26. THE COURT: MR. BURTON (11-05-04 HON JUDGE PRECKEL) IS THERE

11. ANYTHING FURTHER YOU WISH TO SAY? THE DEFENDANT: YES SIR, YOUR HONOR,

12. -- THAT THERE ALSO WAS INFRINGEMENT UPON MY 14TH AMENDMENT

13. RIGHTS TO DUE PROCESS. AND ALSO MY DAUGHTER WHO—ORDERS, AND SHE

14. DID NOT RECEIVE EQUAL PROTECTION UNDER THE LAW. AND I FEEL I DIDN'T

15. EITHER BECAUSE WHEN IT CAME UP CONCERNING THE RESTRAINING

16. ORDER--ONCE RESTRAINING ORDERS—FROM THE INFORMATION I GATHERED,

17. WHETHER THEY HAVE BEEN SERVED OR NOT, THEY'RE SUPPOSED TO BE MAINTAINED

18. BY LAW ENFORCEMENT OFFICERS. SEE EXHIBIT "A" PAGE 112, RT. EXCERPT 815, PAGE

19. DATED (7-25-05) 113, AT EXCERPT 816 BOTH LINES 1-28-

20. SEE EXHIBIT "A" PAGE 115 RT EXCERPT 818, LINES 10-16, 20-26. THE DEFENDANT:

21. -- AND THE POLICE ALSO DENIED ME MY DUE PROCESS AS FAR AS EQUAL

22. PROTECTION UNDER THE LAW. THE COURT: OKAY, LET ME STOP YOU RIGHT THERE.

23. I UNDERSTAND THAT MOTION. ARE THERE ANY GROUNDS ON WHAT YOUR SEEKING

24. TO CHALLENGE MR. ADAIR? THE DEFENDANT: CONFLICT OF INTEREST BECAUSE—

25. YOU WERE THE PRESIDING JUDGE AT THE TIME. THOMAS SHOWED UP

26. AND HE WAS SERVED BY YOUR BAILIFF IN YOUR COURT ROOM AT THE EX PARTE

27. HEARING. I'VE BEEN FALSELY ARRESTED, PROLONGED DETAINMENT, AND

28. FALSE IMPRISONED, MY WHOLE DUE PROCESS, MY CIVIL RIGHTS HAVE BEEN VIOLATED,

1. SEE NOW EXHIBIT "A" PAGE 117, R.T. EXCERPT 822 LINES 25-28. THE COURT;
2. SO THE ONLY ISSUE I BELIEVE THAT I MAY NEED SOME INPUT ON TO PERHAPS
3. BETTER UNDERSTAND THE CONCERN IS AN ISSUE RAISED THAT SOMEHOW
4. THIS COURT IS A WITNESS OR HAS KNOWLEDGE ABOUT THE TRO
5. PROCEEDINGS. SEE EXHIBIT "A" PAGE 118, R.T. EXCERPT 823 LINES 3-10, 20-
6. 28. PETITIONER DENIES OMITTED PORTIONS- THE COURT; -- MR. ADAIR, DO YOU HAVE
7. ANY ADDITIONAL INFORMATION OR BACKGROUND ON THAT ISSUE?
8. MR. ADAIR; I BELIEVE YOU DID SIGN SOME OTHER DOCUMENTS IN THE
9. CASE. THE COURT; -- THE TRO BETWEEN MR. BURTON AND MR. THOMAS,
10. -- MR. ADAIR; -- IT LOOKS LIKE YOU SIGNED THE NOTICE. THE COURT;
11. OSC HEARING? MR. ADAIR; THAT'S CORRECT THE COURT: OKAY, ALL RIGHT,
12. SEE ANY REASON WHY ANY INVOLVEMENT I HAD IN A FAMILY LAW -- DUE TO
13. THIS COURT'S INVOLVEMENT IN THAT CASE, MR. ADAIR: THE OTHER
14. THING ABOUT IT IS THAT IT APPEARS THAT ANYTHING THAT YOU-- IF YOU
15. WERE TO HAVE BEEN A WITNESS, IT'S RELEVANT ISSUES IN THIS
16. MATTER THAT THE DOCUMENTS THEMSELVES COULD BE USED
17. RATHER THAN YOURSELF -- CONFLICT. THE COURT; ALL RIGHT,
18. SEE EXHIBIT "A" PAGE 119, R.T. EXCERPT 824, LINES 1-6, 10, 11, AND 18. MR. ADAIR;
19. MR. BURTON WOULD LIKE TO ADDRESS THE COURT AGAIN. THE COURT;
20. ALL RIGHT, MR. BURTON, YOU MAY ADDRESS ME IN PARTICULAR WITH REGARD
21. TO THE ISSUE THAT MR. ADAIR JUST ADDRESSED ON THE RESTRAINING
22. ORDER OR THE CUSTODY MATTER. THE COURT; ALL RIGHT. GO AHEAD,
23. THE DEFENDANT; YES, MAAM, -- YOU MAY REFER YOU TO THE COURT
24. CLERK'S RECORDS. SEE NOW, EXHIBIT "A", PAGE 66, R.T. EXCERPT 255 (MARSDEN HEARING
25. 01 JUNE 05) THE COURT; (REFERRING TO MR. ADAIR) LINES 2-7 -- NOW YOU STATE THAT
26. HE IS STATE INTERPOSED BECAUSE HE IS COURT APPOINTED, WHAT DOES ALL THAT
27. MEAN? THE DEFENDANT; IT MEANS THAT WHEN I AM ALLOWED TO MAKE MY POINT HERE
28. ON WHAT HE DID, IF YOU WOULD BE A LITTLE MORE-- THE COURT; ALL RIGHT. MAKE YOUR POINT,

E.W. Burton #F02720
P.O. Box 5246 CSATF/SP-C1-132L
COR CORAN CA. 93212

1  SEE EXHIBIT "A", PAGE 66, R.T. EXCERPT 255 LINES 22-28, EXHIBIT "A" PAGE 67, R.T. EXCERPT

2  256, LINES 1-5, 10-16. THE DEFENDANT: HE MANIPULATED ME TO DO A PEREMPTORY

3  CHALLENGE BEFORE JUDGE EXARHOS AND WHEN I -- THE COURT: I'M JUDGE EXARHOS,

4  HAVE I BEEN PEREMPTORY CHALLENGED? HAVE I BEEN CHALLENGED IN THIS

5  MATTER, MR. ADAIR? MR. ADAIR: NO, YOUR HONOR. THE DEFENDANT: WHAT I AM

6  SAYING SIR -- EXCUSE ME, IS THAT HE CAME BEFORE YOU, I'M SORRY, SIR. HE

7  CAME TO YOU, HE MANIPULATED ME TO GET A PEREMPTORY CHALLENGE, THE

8  COURT: WAS A PEREMPTORY CHALLENGE FILED IN THIS CASE? MR. ADAIR: IT

9  WAS, YOUR HONOR. THE COURT: AGAINST WHO? MR. ADAIR: AGAINST JUDGE --

10  THE COURT: HANOIAN? MR. ADAIR: HANOIAN, YES, YOUR HONOR. STATEMENT OF

11  CASE AND FACT. -- THE HON JUDGE HANOIAN WAS THE MAGISTRATE THAT HELD

12  PETITIONER TO ANSWER AT HIS PRELIMINARY HEARING. PETITIONER DOESN'T

13  BELIEVE HE COULD LAWFULLY BE CHALLENGED ONCE PETITIONER HAD ALREADY

14  PREVIOUSLY BEEN IN HIS COURT. SEE EXHIBIT "A", PAGE 65, R.T EXCERPT 254, LINES,

15  15, 16, 18, 19-27: THE COURT: MR. ADAIR, YOU ARE SAYING IS WORKING FOR THE

16  PROSECUTION? THE COURT: IS THAT WHAT YOU ARE SAYING? THE DEFENDANT: YES

17  SIR. -- I AM SAYING HE'S STATE INTER POSED. THE COURT: HE'S WHAT?

18  MR. ADAIR: "HE'S STATE INTER POSED" THE COURT: STATE INTER POSED?

19  THE DEFENDANT: HE'S COURT APPOINTED. SEE NOW EXHIBIT "A", PAGE 68, R.T. EXCERPT 257,

20  LINES 8 - 11, 20-28. THE DEFENDANT: ON THE RECORD, (REFERRING TO 16 MARCH 05) BEFORE

21  I CALLED MY MARSDEN, I STATED MY INTENTION TO GO PRO PER AT THAT TIME PER MY

22  SIXTH AMENDMENT RIGHTS. AND I BELIEVE THE COURT ERRORED IN DENYING ME MY

23  RIGHT TO GO PRO PER. -- JUDGE PRECKEL STATED (ON 11-05-04) THAT HE FOUND ME

24  COMPETENT. FROM MY UNDERSTANDING, IF THE DEFENDANT IS COMPETENT AND HE

25  HAS MADE A TIMELY MOTION TO GO PRO PER, HE HAS THAT RIGHT TO DO SO. I MADE ~~ERRORS~~

26  ~~A TIMELY MOTION~~ ERRORS FELT THE COURT AND MR ADAIR WERE OVERREACHING AND

27  PLACED ME UNDER A 1368 HOLD AND ORDERED ME TO UNDERGO A COMPETENCY

28  HEARING. SEE EXHIBIT "A" PAGE 69, R.T EXCERPT 258, LINES 6-16. THE DEFENDANT: I FELT

P.O. BOX 5246 CSATF/SP. C1-132L
CORCORAN, CA. 93212

1   THAT THE COURT ERRORED AND VIOLATED MY SIXTH AMENDMENT RIGHTS, THE
2   JUDGE ALSO VIOLATED MY 14TH RIGHTS TO DUE PROCESS. -- I'D LIKE TO MOTION
3   THE COURT TO RELEASE ME FROM CUSTODY, I HAVE BEEN UNLAWFULLY DETAINED.
4   THE COURT: NOW MR. BURTON, -- WE'RE NOT HERE ON UNLAWFUL DETENTION
5   OR PRO PER RIGHTS. SEE EXHIBIT "A", PAGE 76, R.T. EXCERPT 266, LINES 3-7, 16, 17, 21,
6   22, 25, 28, SEE ALSO, EXHIBIT "A" R.T. EXCERPT 267, PAGE 77, LINES, 1-7, 9-28. THE COURT:
7   ANYTHING FURTHER, MR. BURTON? THE DEFENDANT: THE PROBLEM IS, SIR, THAT
8   I WAS UNLAWFULLY ARRESTED AND DETAINED. THE COURT: [I DON'T WANT
9   TO GO INTO THE FACTS OF THE CASE]. -- THERE IS NO BASIS TO
10  DISCHARGE MR. ADAIR AT THIS TIME. -- YOUR MOTION TO DISCHARGE
11  HIM AS YOUR ATTORNEY OF RECORD IS DENIED. -- NOW, WE WILL BE
12  OPEN AGAIN TO THE DISTRICT ATTORNEY. -- WE ARE AGAIN IN SESSION,
13  PRESENT IS THE DISTRICT ATTORNEY, [MR. TROCHA], THE PURPOSE OF
14  THE HEARING NOW IS TO SET A TRIAL DATE AFTER CRIMINAL PROCEEDINGS
15  HAVE BEEN REINSTATED. THE TRIAL WILL BE ON, JULY 11TH. IS THAT DATE
16  GOOD FOR YOU, MR. ADAIR? MR. ADAIR: THAT'S NOT THE BEST, COULD I SUGGEST
17  THE 19TH, WOULD THAT BE AVAILABLE? IF I COULD ADD ONE FACTOR, YOUR HONOR.
18  -- WHETHER OR NOT YOU WANT TO ASSIGN IT BACK TO HER. MR. ADAIR: HE'D
19  PREFER NOT TO WAIVE TIME. THE COURT: ALL RIGHT. YOU STILL WANT IT ON THE
20  19TH MR. ADAIR? MR. ADAIR: YES, SIR. THE COURT: WITH THREE DAYS REMAINING?
21  MR. ADAIR: YES SIR. THE COURT: TUESDAY, JULY 19TH 9 O'CLOCK A.M. IN THIS
22  DEPARTMENT. SEE ALSO EXHIBIT A PAGE 63 R.T 252, LINES 7-10, 11, 16-19, 26-28, EXHIBIT
23  A. PAGE 64, R.T. EXCERPT 253, LINES 1-7. THE DEFENDANT: -- ALSO I HAVE SOME MOTIONS
24  AND SOME PAPERS HERE. THE COURT: WE'RE NOT GOING TO GO INTO THE MOTION HERE, MR.
25  BURTON. NOW SEE EXHIBIT "A" PAGE 61, R.T. EXCERPT 0121, FARETTA PRO SE, MOTION AS INDICATED
26  BY ARROW AND THE WORD "HERE". PETITIONER FILED A TIMELY FARETTA PRO SE MOTION ON 5-27-05, THAT
27  THE COURT FAILED TO RULE ON, DIDN'T MAKE THE PROPER WINDHAM INQUIRY, AND THUS VIOLATED PETITIONER'S
28  6TH AND 14TH U.S. CONST. FEDERALLY GUARANTEED RIGHT TO SELF REPRESENTATION, AND HIS RIGHT TO WAIVE APPOINTED COUNSEL

1  SEE EXHIBIT "A" PAGE 62 R.T. EXCERPT 251, LINES 7-20. THE COURT: THE DEFENDANT IS

2  BEFORE THE COURT FOR CRIMINAL PROCEEDINGS, HAVING BEEN REINSTATED, AND IT'S A

3  MATTER OF SETTING THE MATTER FOR TRIAL AND READINESS, CORRECT? MR. ADAIR:

4  THAT'S CORRECT, YOUR HONOR. MR. BURTON ALSO WANTED TO BRING A MARSDEN MOTION.

5  THE COURT: ARE YOU APPOINTED, MR. ADAIR? MR. ADAIR: YES, I WAS, YOUR HONOR.

6  THE COURT: OKAY, ALL RIGHT, I'VE GOT THIS HANDWRITTEN MOTION HERE. -- WE

7  WILL DEAL WITH THE MARSDEN MOTION, AT THIS TIME. SO WE WILL CLEAR THE

8  COURTROOM AND PROCEED WITH THAT HEARING. STATEMENT OF RELEVANT

9  FACTUAL BACKGROUND. THE DISTRICT ATTORNEY MR. TROCHA WAS PRESENT AGAIN ON

10  RECORD OF EXCERPT. THE COURT FAILED TO RULE ON PETITIONERS TIMELY FARETTA

11  PRO SE MOTION, WITHOUT MAKING THE PROPER WINDHAM INQUIRY, AS THE COURT

12  STATED IN THE EXCERPT, EXHIBIT A, PAGE 76, R.T. EXCERPT 266 LINES 6 AND 7, THE COURT: I

13  DON'T WANT TO GO INTO THE FACTS OF THE CASE. SEE ALSO EXHIBIT A, PAGE 76, R.T. EXCERPT

14  266, LINES 9, 21, 22-28 THE COURT: YOUR MOTION TO DISCHARGE HIM AS YOUR ATTORNEY OF

15  RECORD IS DENIED, -- NOW, WE WILL BE OPEN AGAIN TO THE DISTRICT ATTORNEY,

16  -- WE ARE AGAIN IN SESSION, PRESENT IS THE DISTRICT ATTORNEY, MR. TROCHA.

17  SEE NOW EXHIBIT "A" PAGE 108, R.T. 0139, LINES 1-28. THE COURT ABUSED IT'S DISCRETION

18  IN DENYING PETITIONER HIS RIGHT TO SELF REPRESENTATION AS THE EXCERPTS SHOW, HE

19  MADE HIS FIRST MOTION PER HIS U.S. FEDERALLY GUARANTEED RIGHT TO SELF REPRESENTATION

20  ON 16 MARCH 05, AFTER HE HAD BEEN DEEMED LAWFULLY COMPETENT BY THE HON. JUDGE

21  PRECKEL ON 11-05-04, PETITIONERS MOTION WAS KNOWINGLY, AND INTELLIGENTLY

22  MADE, PETITIONER WAS COGNIZANT OF THE DANGERS OF SELF REPRESENTATION,

23  AS WELL AS HIS RIGHT TO WAIVE COUNSEL AS ILLUSTRATED ON 11-05-04.

24  PETITIONER SHOULD'VE BEEN ALLOWED TO REPRESENT HIMSELF. PETITIONER CONTENDS

25  HIS ATTORNEY ON DIRECT APPEAL RENDERED INEFFECTIVE ASSISTANCE IN FAILING TO

26  INFORM THE APPEALS COURT THAT HIS [FIRST] FACTUAL MOTION FOR SELF REPRESENTATION

27  WAS ON 16 MARCH 05 PER HIS INVOKED U.S. CONST. 6TH AMENDMENT RIGHT, HIS 2ND ON 3-24-05

28  THIRD MOTION 'A FILED FARETTA PRO SE FILED MOTION 5-27-05 AFTER HIS ALLEGE

P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN CA. 93212

1  COMPETENCE HAD BEEN DEEMED RESTORED BY HON JUDGE KRAUL ON 5-23-05,

2  PROSECUTOR WAS PRESENT AT MARSDEN AS EVIDENCED BY THE PREVIOUS

3  EXCERPT STATEMENTS, THE HON. JUDGE EXARHOS, REFUSED TO GO INTO THE

4  FACTS OF THE CASE, THEREFORE FAILING TO MAKE THE ADEQUATE

5  WINDHAM INQUIRY, AND THUS FAILED TO RULE ON PETITIONER'S TIMELY PROFFERED

6  FARETTA PRO SE MOTION, FORCING COUNSEL UPON AN UNWILLING DEFENDANT

7  VIOLATING HIS RIGHT TO CONFLICT FREE COUNSEL, AND SUBSEQUENTLY

8  VIOLATED PETITIONERS 6TH AND 14TH U.S. CONST. DUE PROCESS AND EQUAL PROTECTION

9  CLAUSES AS FEDERALLY GUARANTEED, THE COURT'S FAILURE TO RULE ON THE

10  ACKNOWLEDGE "FARETTA PRO SE" TIMELY FILED MOTION WAS PREDJUDICIAL

11  AND ERRONEOUS, AND SHOULD WARRANT A PER SE REVERSAL WITHOUT

12  AND  ASSESSMENT OF PREJUDICE, BECAUSE THE FAILURE TO RULE

13  ONCE THE PROSECUTOR MR. TROCHA HAD REENTERED THE COURT ON RECORD.

14  THE ERRONEOUS DENIAL OF DEFENDANTS RIGHT TO SELF REPRESENTATION

15  WITHOUT MAKING AN INQUIRY INTO THE FACTS WAS INHERENTLY PREJUDICIAL

16  PETITIONERS SECOND MOTION A FARETTA PRO SE MOTION WAS MADE 24 MARCH 05, AND

17  HIS FOURTH FARETTA PRO SE MOTION THAT WAS NEVER RULED ON BY THE HON. JUDGE

18  HALGREN WAS TIMELY FILED ON JULY 07, 05 OR ON OR ABOUT JULY 08, 05 - ON COURT

19  CLERK RECORDS, THAT TRIAL COURT FAILED TO RULE ON, SEE NOW EXHIBIT "A"

20  PAGE 108, R.T. EXCERPT 0139, LINES 1-28. SEE ALSO EXHIBIT "A" PAGE 81, R.T. EXCERPT 0358,

21  DATED 7-19-05, FIRST DAY OF TRIAL PRIOR TO JURY SELECTION THAT WAS NOT COMPLETE AS

22  JURORS WERE SWORN ON 7-20-05. SEE AT 10:00, STATES' "COURT IS AGAIN IN SESSION

23  WITH ALL PARTIES PRESENT AS NOTED PREVIOUSLY, [ATTORNEY ADAIR REQUEST THAT

24  THE MOTIONS DEFENDANT PREVIOUSLY FILED, WITHOUT THE KNOWLEDGE OF ATTORNEY

25  ADAIR BE ACCEPTED.] "THE MOTION IS DENIED." NOW SEE EXHIBIT "A" PAGE 93, R.T. EXCERPTS

26  EXCERPT 417 (DATED 6-21-05) LINES 1-16; EL CAJON, CALIFORNIA EXCERPTS

27  EXHIBIT "A" PAGE 110 R.T. EXCERPT 313, LINES 1-24, THE COURT; ALL RIGHT, GREAT, IN THE

28  MEANTIME, WE'LL ADDRESS OTHER ISSUES, THE NEXT POINT IS, YOU RAISED THE FACT THAT

P.O. BOX 5246 - CSATF/SP-CI-132 L
CORCORAN, CA. 93212

1  MR BURTON HAD FILED SOME DOCUMENTS WITH THE COURT; THEY WERE WITH MY
2  AUTHORIZATION, RETURNED BECAUSE HE IS REPRESENTED BY COUNSEL, AND SO,
3  MR. BURTON, YOU NEED TO UNDERSTAND THAT THE WAY MOTIONS ARE BROUGHT TO THE
4  COURT IS IF YOUR ATTORNEY FEELS THERE IS A LEGAL BASIS FOR BRINGING A
5  MOTION, HE WILL PRESENT THAT. WE DON'T OPERATE WITH ESSENTIALLY DOUBLE
6  TEAMING. WE DON'T HAVE BOTH THE DEFENDANT AND THE ATTORNEY SEPARATELY
7  BRINGING MOTIONS, BUT INSTEAD THROUGH YOUR COUNSEL MOTIONS ARE BROUGHT.
8  SO THE MOTIONS THAT MR. ADAIR, THROUGH HIS LEGAL EXPERIENCE AND
9  TRAINING, HE DEEMS APPROPRIATE TO RAISE, I WILL CONSIDER, BUT I
10 WILL NOT CONSIDER. SEPARATE MOTIONS FILED BY YOU. JUST SO YOU UNDERSTAND
11 OUR PROCEDURE (REFERRING TO DEFENDANT) WITH REGARD TO THE ARRAIGNMENT,
12 I BELIEVE THE SECOND AMENDED INFORMATION, WHICH WAS FILED ON JUNE
13 16TH AT THE LAST HEARING, MR. ADAIR WAS PRESENT AT BOTH, AND HAD NOTICE
14 OF THAT, BUT MR. BURTON WAS NOT, SO I BELIEVE HE NEEDS TO BE
15 ARRAIGNED ON THE SECOND AMENDED INFORMATION. - CLEARLY THE TRIAL
16 JUDGE ABUSED HER DISCRETION, AS PETITIONER HAS A FEDERALLY GUARANTEED
17 U.S. CONST RIGHT TO PROCEED WITH OR WITHOUT COUNSEL PRO SE, IF HE
18 KNOWINGLY AND INTELLIGENTLY SEEKS TO DO SO, ALSO PETITIONERS FEDERALLY
19 GUARANTEED RIGHT TO BE PRESENT AND RIGHT TO NOTICE WAS VIOLATED
20 BY THE TRIAL COURT AS PETITIONERS COMPETENCE HAD BEEN REINSTATED,
21 THE TRIAL COURT PREJUDICIALLY ERRED IN FAILING TO INQUIRE INTO, AND
22 RULE ON PETITIONERS TIMELY FILED FARETTA PRO SE MOTION, AND FORCING
23 CONFLICTING COUNSEL ON AN UNWILLING DEFENDANT WAS UNCONSTITUTIONAL,
24 SEE EXHIBIT "A" PAGE 12, R.T. EXCERPT ENCLOSURE. FURTHERMORE ARRAIGNING PETITIONER
25 ON THE DAY OF TRIAL WAS DONE TO GAIN AN UNFAIR TACTICAL ADVANTAGE OVER
26 DEFENDANT THE CHANGING OF THE CHARGING INFORMATION, AND THE ACCUSATIONAL
27 DELAY, VIOLATED PETITIONERS RIGHT TO A SPEEDY TRIAL, AS WELL AS DUE PROCESS
28 AND EQUAL PROTECTION WITHIN THE MEANING OF THE 6TH AND 14TH U.S. FEDERALLY GUARANTEED AMENDMENTS

12

P.O. BOX 5246 - CSATF/SP-C1-132L
CORCORAN, CA. 93212

1. SEE NOW. EXHIBIT "A" PAGE 112, R.T. EXCERPT 815, LINES 1-28, ALSO EXHIBIT "A" PAGE 113
2. R.T. EXCERPT 816, LINES 1-28, EXHIBIT "A" PAGE 114, R.T EXCERPT 817, LINES 1, 2, 5-18, 20,
3. 21, 25-28, EXHIBIT "A" PAGE 115, R.T 818, LINES 1, 10, 20-27, EXHIBIT "A" PAGE 116, R.T,
4. EXCERPT 821, LINES 1-5, 22-26, 27, 28, EXHIBIT "A" PAGE 117, R.T, EXCERPT 822, LINES 3-
5. 10, 18-28, EXHIBIT "A" PAGE 118, R.T. EXCERPT 823, LINES, 3-10, 12-16, 20-28 (PETITIONER
6. DENIES ALL OMITTED PORTIONS OF EXCERPTS.) DATED; 7-25-05; EL CAJON, CALIFORNIA;
7. MONDAY, 7-25-05; 9:18 A.M. (THE FOLLOWING PROCEEDINGS HAVE BEEN ORDERED
8. SEALED BY THE COURT;) THE COURT: MR. BURTON, WHAT IS -- FIRST OF ALL, I
9. WOULD LIKE YOU TO TELL ME WHAT CONCERNS YOU HAVE ABOUT YOUR ATTORNEY
10. THE DEFENDANT: MAY I URGE THE COURT TO HAVE MY ATTORNEY SWORN? THE COURT:
11. WHY? THE DEFENDANT: BECAUSE HE NEEDS TO TESTIFY. THE COURT: YOU NEED TO TELL
12. THE DEFENDANT: THE JUDGE MAY WANT TO ASK HIM -- THE COURT: I'LL DECIDE
13. IF I NEED TO DO THAT. -- WHAT ARE THE REASONS? THE DEFENDANT:
14. FOR ONE THING, YOUR HONOR, I HAVE JUDICIAL PREJUDICE; I HAVE JUDICIAL
15. CONFLICT OF INTEREST AS YOUR HONOR WAS THE ONE WHO WAS MY BEST
16. WITNESS IN THIS MATTER. AND I FEEL I'VE BEEN DENIED OF MY RIGHT
17. TO A FAIR AND IMPARTIAL TRIAL BECAUSE YOU WERE THE ONE WHO
18. SIGNED OFF ON THE TRO. -- WHO MADE ME AWARE THAT THOMAS HAD
19. STRUCK ANGELA SANDERS IN THE HEAD WITH THE GLASS, AND YOU ARE
20. THE ONE THAT KNOWS ANGELA SANDERS PERJURED HERSELF, BECAUSE IN
21. YOUR COURT AT THE EX PARTE HEARING WHERE YOU (P)RESIDED AT, I HAD
22. MY PAPERWORK FILLED OUT AS A PETITIONER, BUT YOU HAD MADE US SWITCH
23. SEATS. YOU SAID THAT THE ACTION BEGAN IN THE FAMILY COURT; INITIATED
24. THROUGH CHILD SUPPORT DIVISION BY MS. SANDERS, AND YOU MADE ME THE RESPONDENT,
25. AND, THEREFORE, YOU HAD KNOWLEDGE OF EVERYTHING, MY FEARS OF THOMAS WAS
26. PRESENT. IF I CAN REFER YOU TO YOUR OWN TRANSCRIPT, YOU'LL SEE THAT HE
27. WAS STALKING ME THEN (APPROXIMATELY 2-23-04) THE COURT; AGAIN, LET
28. ME STOP YOU RIGHT THERE. SO IN WHAT WAY IS THAT A REASON FOR DISCHARGING

MR. E.W. BURTON #702120
P.O. BOX 5246-C SATF/SP-CI-132L
COR CORAN, CA. 93212

1  MR. ADAIR? THE DEFENDANT; I WANT A MOTION FOR A MISTRIAL, I HAVE A

2  CONFLICT OF INTEREST WITH COUNSEL BECAUSE I MADE HIM AWARE OF

3  THIS, AND I WANTED -- TO HAVE HIM SWORN. HE'S AWARE OF THIS CONFLICT.

4  THE COURT: OKAY. ARE THERE ANY OTHER GROUNDS. THE DEFENDANT; YES.

5  THE COURT: WHAT OTHER GROUNDS? WHEN I MADE MY MOTION TO GO PRO PER,

6  I FELT YOU WERE PREDJUDICE IN DENYING THAT AND ALL MY OTHER

7  MOTIONS BECAUSE -- THAT DENIED ME -- IT DEPRIVED ME OF MY 14TH

8  AMENDMENT RIGHT FOR DUE PROCESS. AND I'D LIKE A DISMISSAL BASED

9  ON A VIOLATION OF MY 6TH AMENDMENT RIGHT AND MY 14TH AMENDMENT RIGHT,

10  BECAUSE YOU DENIED ME MY RIGHT TO GO PRO PER AND YOU KNEW THAT I

11  WAS COMPETENT. THE COURT; AND WHAT IS THE -- HOW DOES THAT

12  RELATE TO YOUR -- THE DEFENDANT; COUNSEL WAS AWARE OF THIS

13  AND HE DID NOT INFORM THE COURT. THIS IS NEGLIGENCE IN MY

14  PROSECUTION. -- HE DID NOT INFORM THE COURT OF THIS MATTER. AND

15  THAT IS THE INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MY

16  6TH AND 14TH AMENDMENT RIGHTS TO DUE PROCESS. I'D LIKE A DISMISSAL

17  ON THAT. COUNSEL IS AWARE THAT PROSECUTION HAS NOT PROVIDED

18  ME WITH ALL DISCOVERY AS MR. PLUMMER HAD MOTIONED MS. MARIA

19  HANNAH WITH MOTIONS ON [ ]BRADY FOR ALL DISCOVERY. PROSECUTION

20  DID NOT RESPOND WITHIN A TIMELY MANNER, THEREFORE, DENIED ME

21  MY DUE PROCESS, BECAUSE I HAD THE RIGHT TO BE ABLE TO KNOW

22  THE EVIDENCE AGAINST ME -- I WOULD OBJECT TO ANYTHING

23  PROSECUTION WOULD SAY AS FAR AS THEIR -- THE COURT; OKAY.

24  LET ME STOP YOU THERE, SO DISCOVERY ISSUE IS ANOTHER REASON?

25  THE DEFENDANT; DISCOVERY ISSUES AND -- THE COURT; ARE THERE

26  ANY OTHER GROUNDS IN WHICH -- THE DEFENDANT -- AND THE POLICE

27  ALSO DENIED ME MY DUE PROCESS AS FAR AS EQUAL PROTECTION UNDER

28  THE LAW. THE COURT; OKAY, LET ME STOP YOU RIGHT THERE, I UNDERSTAND THAT MOTION.



P.O. BOX 5246 - CSATF/SP-C1-132L
COR CORAN, CA. 93212

1  (THE COURT) ARE THERE ANY GROUNDS ON WHAT YOUR SEEKING TO CHALLENGE

2  MR. ADAIR? THE DEFENDANT; CONFLICT OF INTEREST BE CAUSE -- YOU

3  WERE THE PRESIDING JUDGE AT THE TIME. THOMAS SHOWED UP

4  AND HE WAS SERVED BY YOUR BALIFF IN YOUR COURTROOM AT THE EX PARTE

5  HEARING. I'VE BEEN FALSELY ARRESTED, PROLONGED DETAINMENT, AND FALSE

6  IMPRISONED. MY WHOLE DUE PROCESS, MY CIVIL RIGHTS HAVE BEEN VIOLATED,

7  COUNSEL HAS FAILED TO NOTIFY THE COURTS. I HAVE CALLED THE

8  CALIFORNIA STATE BAR AND HAVE REPORTED MR. ADAIR TO THE STATE BAR,

9  AND I HAVE A CARD WITH THE NUMBER ON IT THAT I RECEIVED --

10  THE COURT; COMPLAINTS. SO NUMBER ONE, ALMOST OF ALL THESE ISSUES

11  [EXCEPT] POSSIBLY THE CONFLICT OF INTEREST RELATING TO THE

12  RESTRAINING ORDER -- WHICH I'LL HAVE MR. ADAIR ADDRESS IN A MOMENT --

13  SEE EXHIBIT "A", PAGE 116, R.T. EXCERPT 821, LINES 23 AND 26, 27, 28. THE COURT;

14  THERE INITIALLY HAD BEEN AN INDICATION THAT YOU WOULD WANT TO FILE

15  PRO PER, BUT THEN YOU ASKED TO RAISE A MARSDEN MOTION FIRST, I HEARD

16  THAT MOTION; I RULED ON IT. -- PRO PER MOTION; YOU HAVE HAD OTHER HEARINGS

17  IN FRONT OF JUDGE EXARHOS, AND I DON'T KNOW WHAT HE HAS DONE OR (SEE

18  EXHIBIT "A" PAGE 117, R.T. EXCERPT 822 LINES 1, 3-5, 9, 10, 22, 25-28.) (THE COURT) --

19  RULED ON. -- I THINK THAT YOU INDICATED YOU MIGHT BRING ANOTHER PRO PER

20  MOTION ON THE DAY THAT [WE] DECIDED TO REFER YOU OUT FOR 1368 PROCEEDINGS

21  -- IT WAS THE COURT'S RULING ON HOW TO PROCEED -- THE FRUIT-OF-THE-POISON-

22  OUS-TREE ARGUMENT -- [SO THE ONLY ISSUE I BELIEVE I MAY NEED SOME

23  INPUT ON TO PERHAPS BETTER UNDERSTAND THE CONCERN IS AN ISSUE

24  RAISED THAT SOMEHOW THIS COURT [IS A WITNESS"] OR HAS KNOWLEDGE

25  ABOUT THE [TRO PROCEEDINGS"]. SEE NOW EXHIBIT "A" PAGE 118, R.T. EXCERPT 823,

26  LINES 3-10, 12-16, 20-28. PETITIONER DENIES OMITTED PORTIONS OF EXCERPT. THE COURT;

27  MR. ADAIR, DO YOU HAVE ANY ADDITIONAL INFORMATION OR BACKGROUND ON THAT

28  ISSUE? MR. DAIR; I BELIEVE YOU DID SIGN SOME OTHER DOCUMENTS IN THE CASE.

MR. E. W. BURTON #F02720
P.O. BOX 5246-C SATF/SP-C1-132L
COR CORAN CA. 93212

1  THE COURT [ ]-- THE TRO BETWEEN MR. BURTON AND MR. THOMAS,

2  MR. ADAIR;-- IT LOOKS LIKE YOU SIGNED THE NOTICE THE COURT;--OSC

3  HEARING? MR. ADAIR; THAT'S CORRECT THE COURT; OKAY, ALL RIGHT;--SEE

4  ANY REASON WHY ANY INVOLVEMENT I HAD IN A FAMILY LAW--DUE TO THIS

5  COURT'S INVOLVEMENT IN THAT CASE. MR. ADAIR; THE OTHER THING ABOUT

6  IT IS THAT IT APPEARS THAT ANYTHING THAT YOU-- IF YOU WERE TO HAVE

7  [BEEN A WITNESS], [IT'S RELEVANT ISSUES IN THIS MATTER THAT THE

8  DOCUMENTS THEMSELVES COULD BE USED RATHER THAN YOURSELF;--CONFLICT,

9  THE COURT; ALL RIGHT. PETITIONER STIPULATES THE GENUINE COURT BUSINESS

10 RECORDS, SPECIFICALLY THE TRO THAT THE HON. JUDGE HALCREN SIGNED, AND

11 HER BALIFF THAT SERVED THE ORDER ON MR. THOMAS ON OR ABOUT 23FEB04, AS

12 HE APPEARED IN COURT AT EX PARTE HEARING, AFTER THREATENING TO KILL

13 PETITIONER. MR. THOMAS WAS AT TIME IN COURT STALKING THE PETITIONER

14 TRIAL JUDGE (TRIER OF FACT) WAS A MATERIAL WITNESS TO FACT, PETITIONERS

15 FEARS, WAS AWARE THAT MR. THOMAS WAS A CREDIBLE THREAT, HAD GIVEN

16 ANGELA SANDERS VERBATIM ORDERS THAT HE WAS NOT TO CALL HER RESIDENCE

17 OR BE ANYWHERE NEAR DREONA BURTON, AND MR. THOMAS WAS SERVED WITH

18 ORDERS TO STAY AWAY FROM PETITIONERS MINOR DAUGHTER DREONA BURTON, AN

19 ORDER OF WHICH MS. SANDERS AND MR. THOMAS WILLFULLY VIOLATED ON 01MARCH04,

20 AS MR. THOMAS DID IN FACT PHONE THE RESIDENCE OF DREONA BURTON AND

21 LURED HER TO THE ADDRESS OF THE ALLEGED CRIME SCENE RESIDENCE

22 ALLEGEDLY OF KIAH MINCEY A CONVICTED FELONY THAT PROSECUTION AND

23 POLICE FAILED TO DISCLOSE, AS PETITIONER DISCOVERED THAT KIAH MINCEY

24 WAS A LITIGANT IN A LAW SUIT BROUGHT BY PRISONERS AND PAROLEE, AND

25 HE REPRESENTED THE VISUALLY IMPAIRED, PROSECUTION FAILED TO DISCLOSE.

26 THIS ALLEGED VICTIM OF WHICH DEFENDANT RECIEVED NO NOTICE OF
                     A. KIAH MINCEY

27 AFTER A FILED MOTION OF DISCOVERY ON 30JULY04, THAT WAS SERVED ON

28 PROSECUTOR MS. HANNAH, WHO FAILED TO RESPOND BY COUNSEL'S ALLEGATIONS

1  SEE EXHIBIT "A" PAGE 119, R.T. EXCERPT 824, LINES 1-6, 10, 11, AND 18.

2  MR. ADAIR: MR. BURTON WOULD LIKE TO ADDRESS THE COURT AGAIN.

3  THE COURT: ALL RIGHT. MR. BURTON, YOU MAY ADDRESS ME IN PARTICULAR

4  WITH REGARD TO THE ISSUE THAT MR. ADAIR JUST ADDRESSED ON THE

5  RESTRAINING ORDER. OR THE CUSTODY MATTER. THE COURT: ALL RIGHT,

6  GO AHEAD. THE DEFENDANT: YES, MA'AM -- YOU MAY REFER YOU TO

7  THE COURT CLERK'S RECORDS. (PETITIONER DENIES ALL OMITTED PORTIONS

8  OF EXCERPTS. SEE NOW EXHIBIT "A" PAGE 120, R.T. EXCERPT 825, LINES 2, 4-8,

9  15-21. THE COURT: ALL RIGHT. WE'LL, I THINK THAT -- THERE'S NO

10 BASIS TO RELIEVE HIM BASED ON HIS STRATEGIC DECISION NOT TO

11 CHALLENGE THIS COURT. IT WOULD HAVE HAD TO BE A CHALLENGE

12 FOR CAUSE BECAUSE THERE'S ALREADY BEEN A PEREMPTORY EXERCISED

13 AGAINST JUDGE HANOIAN. -- I FIND THAT MR. ADAIR HAS PROPERLY REPRESENTED

14 DEFENDANT AND WILL CONTINUE TO DO SO. THE MOTION IS DENIED. THE

15 RECORDING OF THIS PROCEEDING INCLUDING THE TRANSCRIPT WILL BE

16 SEALED ABSENT FURTHER COURT ORDER, WE NEED TO PROCEED NOW

17 WITH OUR JURY TRIAL, BRING THE PROSECUTION IN AND THE COURTROOM

18 WILL BE OPEN. NOTE- THE HON. JUDGE HANOIAN PRESIDED OVER DEFENDANTS

19 PRELIMINARY HEARING, AND WAS THE COMMITTING MAGISTRATE THAT HELD

20 PETITIONER TO ANSWER ON INSUFFICIENT EVIDENCE UNLAWFULLY SEIZED

21 FROM PETITIONERS RESIDENCE WITHOUT WARRANT IN VIOLATION OF PETITIONERS

22 14TH AMENDMENT RIGHTS, AGAINST UNLAWFUL, AND UNREASONABLE POLICE INTRUSION

23 IN PETITIONERS REASONABLE EXPECTATION OF PRIVACY, PETITIONER CONTENDS

24 HE WAS HELD WITHOUT PROBABLE CAUSE AS TESTIMONY AT PRELIM, ON

25 INADMISSIBLE SUPPRESSED EVIDENCE AT 1538.5 HEARING WAS INSUFFICIENT

26 TO HOLD PETITIONER TO ANSWER, PETITIONER SPECULATES THAT THE HON.

27 JUDGE HANOIAN COULDN'T BE PEREMPTORILY CHALLENGE AFTER PETITIONER

28 HAD ALREADY BEEN IN HIS COURT PRIOR.

P.O. BOX 5246 - CSATHSP C1-132L
COR CORAN CA. 93212

1  SEE EXHIBIT "A", PAGE 82, R.T. EXCERPT 753, LINES 1-16- STATES' EL CAJON,

2  CALIFORNIA; FRIDAY, 7-22-05; 1:34 P.M. (THE FOLLOWING PROCEEDINGS

3  WERE HELD IN OPEN COURT OUT OF THE PRESENCE OF THE JURY) THE COURT;

4  LET'S GO ON THE RECORD BEFORE WE BRING IN THE JURY. I HAVE

5  ANOTHER DOCUMENT THAT MR. BURTON HAD SENT TO THE COURT, IT WAS

6  ROUTED THROUGH DEPARTMENT 7, I BELIEVE, BUT IT APPEARS TO BE

7  [ANOTHER "PRETRIAL"] OR TRIAL MOTION THAT HE HAD WANTED THE COURT

8  TO CONSIDER, I'LL GIVE THAT TO MR. ADAIR. IF HE THINKS IT HASN'T

9  BEEN ADDRESSED AND HE WISHES TO ADDRESS THAT, HE CAN DO SO AT THE

10 RIGHT TIME, MR. ADAIR: THANK YOU, YOUR HONOR, THE COURT: I THINK AT

11 THIS TIME WE'RE READY TO BRING THE JURY IN. SEE EXHIBIT "A" PAGE 84, R.T. EXCERPT

12 1241, LINES 1-23 (THE DAY OF PETITIONERS SENTENCING 10-21-05) STATE'S;

13 EL CAJON, CALIFORNIA; THURSDAY 10/21/05; 8:46 A.M. THE COURT: GOOD MORNING

14 MR. TROCHA GOOD MORNING, YOUR HONOR, MR. ADAIR: GOOD MORNING, THE COURT: PEOPLE

15 VERSES ERIC BURTON SCE238643. COUNSEL IF YOU'LL STATE YOUR APPEARANCES

16 MR. TROCHA: GOOD MORNING, YOUR HONOR KRISTIAN TROCHA FOR THE PEOPLE, MR. ADAIR:

17 CHARLES ADAIR APPEARING FOR MR. BURTON, YOUR HONOR, HE IS PRESENT, WE'RE READY TO

18 PROCEED, THE COURT; ALL RIGHT. THIS IS THE DAY SET FOR SENTENCING. I HAVE

19 READ AND CONSIDERED THE PROBATION READT FILED SEPTEMBER 16TH, I ALSO

20 HAVE READ AND CONSIDERED THE MOTION FOR A NEW TRIAL, WHICH WAS FAXED TO

21 THE COURT AND RECEIVED YESTERDAY AND THEN FILED TODAY. (NOTE PETITIONER NEVER

22 MET WITH PROBATION OFFICER, PROBATION REPORT WAS FALSE INADMISSIBLE HEARSAY

23 AND VIOLATED PETITIONERS 5TH AND 14TH DUE PROCESS AND EQUAL PROTECTION CLAUSES,

24 PROBATION OFFICER RELIED ON INADMISSIBLE POLICE REPORT THAT IS NOT ACCEPTED AS

25 A BUSINESS RECORD) THE COURT: I UNDERSTAND THAT THE DISTRICT ATTORNEY

26 HAS RECEIVED A COPY AND IS PREPARED TO RESPOND ORALLY, BUT THERE IS NO

27 REQUEST FOR CONTINUANCE, CORRECT? MR. TROCHA: THAT'S CORRECT YOUR HONOR.

28 SEE EXHIBIT "A" PAGE 85, R.T EXCERPT 1242 LINES 8-19, 12-16

P.O. BOX 5246-CSATF/SP-C1-132L
COR CORAN, CA.93212

1. STATEMENT OF FACTS.- THE TRIAL JUDGE HON. HALGREN WAS A BIAS, CONFLICTING
2. TRIER OF FACT, IRRATIONAL, PRED JUDICIAL, AND DEPARTATED HERSELF AS A
3. MATERIAL WITNESS TO FACT ON GENUINE COURT BUSINESS RECORDS, COURTS
4. FAILURE TO GRANT PETITIONERS MOTION FOR MISTRIAL, DEPRIVE PETITIONER OF
5. HIS FEDERALLY GUARANTEED CONSTITUTIONAL RIGHT TO A FAIR AND
6. IMPARTIAL TRIAL, AND RIGHT TO SELF REPRESENTATION AS GUARANTEED
7. BY THE U.S. CONSTITUTIONAL 6TH AND 14TH AMENDMENTS, SEE NOW
8. EXHIBIT A, PAGE 92, RT EXCEPT 417, DATED [6-21-05] LINES 1-16, EL CAJON,
9. CALIFORNIA; THURSDAY, 6/21/05; 9:20 AM (THE FOLLOWING PROCEEDINGS
10. WERE HELD IN OPEN COURT OUT OF THE PRESENCE OF THE JURY:)
11. THE COURT; ALL RIGHT, WE ARE ON THE RECORD IN PEOPLE VERSUS BURTON,
12. COUNSEL AND DEFENDANT ARE PRESENT, AS IS THE INVESTIGATING OFFICER.
13.   FIRST ORDER OF BUSINESS, I RECEIVED TODAY-- I'M NOT SURE WHEN IT
14. WAS SENT -- A MOTION PREPARED BY MR. BURTON, AND I'M GOING TO RETURN
15. THAT TO MR. ADAIR, AS I MENTIONED THE OTHER DAY, MR. BURTON, IF THERE
16. ARE MOTIONS TO BE PRESENTED, THEY NEED TO COME THROUGH MR. ADAIR,
17. SO I'LL GIVE THAT TO HIM, I DON'T KNOW IF THE CONTENT WAS ALREADY
18. ADDRESSED WHEN WE RULED ON ISSUES THE OTHER DAY, BUT ANYTHING
19. THAT NEEDS TO BE BROUGHT NEED TO BE THROUGH HIM. SEE NOW EXHIBIT
20. "A" PAGE 94, RT 457, LINES 1-7, THE COURT FIRST OF ALL, I DID RECEIVE
21. ANOTHER DOCUMENT, MR. BURTON, THAT YOU HAD SENT TO THE COURT, IT JUST
22. MADE ITS WAY UP TO MY DEPARTMENT, I THINK IT OVERLAPS WITH
23. ISSUES MR. ADAIR RAISED ON THE FIRST DAY OF TRIAL, AGAIN, I'M
24. HANDING IT TO MR. ADAIR, SO IF THERE ARE ANY ADDITIONAL LEGAL
25. ISSUES THAT HE THINKS ARE APPROPRIATE TO FILE, HE CAN DO SO,
26. SEE EXHIBIT "A", PAGE 96, RT EXCEPT 0127, FARETTA PROSE MOTION
27. INDICATED BY ARROW AND ALSO LINES 1-28, ALSO SEE EXHIBIT A, PAGE 95,
28. RT 0142, FILE STAMPED ENVELOPE CONTAINING FARETTA PROSE MOTION (ALLEGED)
ENVELOPE


19

P.O. BOX 5246- CSATF/SP-CI-132L
COR CORAN, CA. 93212

1. PETITIONER RECIEVED A CULMITATIVE PENALTY FOR AN UNCHARGE AND
2. UNPROVEN CRIME. PETITIONERS 6TH AND 14TH U.S. FEDERALLY GUARANTEED
3. RIGHT TO, NOTICE, CONFRONTATION AND DUE PROCESS AND EQUAL PROTECTION
4. CLAUSES, AS WELL AS THE 6TH U.S. CONST. COMPULSORY PROCESS
5. PERTAINING TO THE DEPORTATION THROUGH GOVERNMENTAL MISCONDUCT
6. DEPRIVED PETITIONER HIS FEDERALLY GUARANTEED RIGHT TO A FAIR TRIAL
7. AND RIGHT TO MAKE A DEFENSE, AS WELL AS VIOLATIVE OF THE 5TH AMEND,
8. U.S. CONST. DUE PROCESS AND EQUAL PROTECTION CLAUSES, SEE FURTHER
9. ARGUMENT AND CASE SUPORT IN THE ATTACHED MEMORANDUM AND POINTS
10. OF AUTHORITIES IN SUPORT OF GROUNDS, THE DEPORTATION OF MATERIAL WITNESSES
11. RAISES THE CREDIBILITY, RATHER QUESTIONS THE CREDIBILITY OF PROSECUTIONS
12. ENTIRE CASE, FAILURE TO DISCLOSE THE FACT THAT KIAH MINCEY A CONVICTED
13. FELONY AFTER DEFENSES FILED AND SERVED DISCOVERY MOTION WAS HIGHLY
14. PREDJUDICIAL AND VIOLATED PETITIONERS FEDERALLY GUARANTEED DUE
15. PROCESS PRINCIPLES. SEE. PROSECUTIONS REBUTTAL ON RECORD OF EXCERPT,
16. EXHIBIT "B" PAGE 23 R.T. EXCERPT 329 LINES 4-10, 20-23 MR. ADAIR:
17. WELL, WE'VE REQUESTED PHOTOGRAPHS -- I THINK IT STARTED WITH THE
18. PRIOR ATTORNEY ON THE CASE (MR. PLUMMER) APPROXIMATELY A YEAR AGO
19. REQUESTING PHOTOGRAPHS AND THEY -- I'VE RENEWED -- THAT WAS IN THE FORM
20. OF, I THINK, A LETTER AND AN ACTUAL FILED MOTION THAT WAS NEVER
21. HEARD ["A DISCOVERY"] MOTION, THAT WAS LAST YEAR, I FOLLOWED UP
22. WITH A LETTER. THE COURT: MR. TROCHA, DO YOU HAVE ANYTHING TO SAY
23. IN RESPONSE? MR. TROCHA: [I DON'T KNOW THE HISTORY OF THE
24. PHOTOGRAPHS OR ANYTHING.] THE COURT: OKAY. SEE NOW EXHIBIT "B"
25. PAGE 24, R.T. EXCERPT 0023, (A LETTER DATED 7-6-04 FROM MR. PLUMMER
26. TO MS. HANNAH) ALSO SEE EXHIBIT "B" PAGES, 5,6,7,8,9,10,11,12,13,14,15, R.T. EXCERPTS,
27. 0011, 0012, 0013, 0014, 0015, 0016, 0017, 0018, 0019, 0020, 0021, AND, 0022, LINES 1-28 ON
28. ALL LISTED PAGES (DECRIBES AND IS FILED MOTION FOR DISCOVERY DATED 7-30-04 BY MR. PLUMMER

MR. E. W. BURTON
P.O. BOX 5246-CSATF/SP C1-132L
CORCORAN CA. 93212

1  SEE EXHIBIT "A" PAGE 25, RT EXCERPT 189, LINES 21-28. (16 MARCH 05 MARSDEN HEARING) THE COURT:

2  WHAT OTHER ISSUES ARE THERE BEYOND WHAT YOU'VE TOLD ME HAVE NOT BEEN

3  ADEQUATE BY THE DEFENSE? THE DEFENDANT: THE FACTS OF THE CASE HAVE BEEN

4  MISSTATED. -- I ASKED HIM (REFERRING TO MR. ADAIR) TO FILE A MOTION WITH THE

5  JUDGE -- YOURSELF -- ORDERING PROSECUTION TO TURN OVER ALL DISCOVERY

6  BECAUSE MOTIONS THAT WERE FILED BY MR. PLUMMER JULY – NOW SEE EXHIBIT "A"

7  PAGE 26, RT EXCERPT 190 LINE 4. THE DEFENDANT-- TO COMPEL PROSECUTION TO TURN

8  OVER ALL DISCOVERY. SEE EXHIBIT "A" PAGE 31, RT EXCERPT 195 LINES, 2, 7, 8, 9 THE COURT:

9  BEFORE WE GO DOWN HIS LIST OF COMPLAINTS. MR. ADAIR: WELL, PART OF IT IS MR.

10  BURTON HAS BEEN DOING A LOT OF RESEARCH ON HIS OWN IN THE LAW LIBRARY,

11  AND HAS A LOT OF LEGAL THEORIES AS FAR AS WHY THE CASE SHOULD BE

12  DISMISSED. SEE EXHIBIT "A" PAGE 31, RT EXCERPT 195, LINES 14, 15, 20-25, 27, 28. THE COURT:

13  WHY DON'T WE GO THEN TO THE ISSUES HE'S RAISED, AND IF YOU COULD BRIEFLY

14  RESPOND. HE FIRST RAISED -- WHEN HE CALLS YOUR OFFICE TO IMPART INFORMATION,

15  IS THAT SOMETHING THAT GETS COMMUNICATED TO YOU? MR. ADAIR: -- BUT I'M

16  NOT ALWAYS IN MY OFFICE, OF COURSE. AND THEN I DO HAVE AN ASSISTANT WHO IS

17  USUALLY THERE BETWEEN THE HOURS OF ABOUT 10:30 AND 4:30, BUT SHE'S NOT

18  ALWAYS THERE. SHE ALSO DOES ERRANDS, FILES PAPER WITH THE COURTS.

19  THE COURT: AND SINCE THE TIME OF THE CALL TO YOU, WHICH APPEARS TO HAVE

20  BEEN EARLY JANUARY, I TAKE IT YOU HAVE HAD – SEE EXHIBIT "A" PAGE 32, RT EXCERPT

21  196, LINES 1, 2, 4-8, 13-20, 22, 23, 25-28 - MEETINGS WITH MR. BURTON PERSONALLY?

22  (THE COURT) MR. ADAIR: -- FOR A WHILE MR. BURTON WAS HOUSED AT THE DOWNTOWN

23  JAIL, WHICH IS CONVENIENT BECAUSE IT'S NEAR MY OFFICE. HE WAS TRANSFERRED

24  TO GEORGE BAILEY SEVERAL MONTH'S AGO. AND THAT TAKES BASICALLY HALF A DAY

25  OUT OF YOUR WORKING DAY TO DO A VISIT AND DO THE TRANSPORTATION DOWN THERE

26  AND BACK, THE COURT: ADEQUATE TIME SPENT AND HE'S REFERENCED TO ADEQUATE --

27  I THOUGHT HE SAID PRO VISIT, BUT I'M NOT QUITE SURE. MR. ADAIR: I THINK HE

28  MEANT PROFESSIONAL VISIT: THE COURT: -- MEETING WITH HIM. AND SO DO YOU

MR. E. W. BURTON #F02720
P.O. BOX 5246 - CSATF/SP-C1-132L
COR COR CA. 93212.

1  HAVE ANY TYPE OF ESTIMATE TO -- SINCE YOU CAME ON THE CASE BACK IN NOVEMBER,

2  DO YOU HAVE ANY WAY TO ESTIMATE HOW OFTEN YOU'VE EITHER MET FACE TO FACE

3  OR BY- MR. ADAIR: I DON'T KNOW. -- I DON'T KNOW HOW MANY TIMES ON THE

4  TELEPHONE WE'VE TALKED. -- I DID NOT TALK TO HIM MONDAY BECAUSE I--

5  AFTER WE TRIALED THE CASE FOR TWO DAYS, I HAD TO LEAVE IMMEDIATELY

6  TO MAKE AN APPOINTMENT DOWNTOWN, [HE WAS NOT IN THE COURTROOM FOR.

7  THE TRAILING], SEE EXHIBIT A, PAGE 33, RT 197 LINES 1,4,6-8,10,12,16-20.

8  THE COURT: HE INDICATES THAT -- INSUFFICIENT  MR ADAIR: WELL THE

9  THREATS ON THE CELL PHONE -- I HAVE NOT CHECKED ON THAT. BUT MY

10 UNDERSTANDING WOULD BE ANY CONVERSATIONS WITH THREATS (TO DEFENDANT

11 BY MR. THOMAS) WOULD HAVE BEEN RECORDED ON SOME SORT OF VOICEMAIL THAT

12 WOULD HAVE -- THE COURT: HE'S RAISED THE ISSUE ABOUT FORENSIC

13 TESTING MR ADAIR: -- AGAIN, I CAME ON THE CASE SIX -- APPROXIMATELY

14 SIX MONTHS, SEVEN, EIGHT MONTHS -- EIGHT MONTHS LATER, AND AT LEAST

15 IN MY MIND, I -- IT WOULD APPEAR THAT ANY ATTEMPT TO DO LUMINAL TESTING

16 OR WHATEVER WILL NOT BE PRODUCTIVE. SEE NOW EXHIBIT "A" PAGE 34, RT EXCERPT

17 198, LINES 3,6, 8-17, 21-23, AND 28 THE COURT: AND THE MOTION TO SUPPRESS?

18 THOSE MOTIONS, MR. ADAIR I THINK HE WOULD HAVE PREFERRED THEY BE DONE,

19 THE COURT: SOONER IN THE CASE? MR. ADAIR: SOONER. THE COURT: WERE THOSE

20 DONE BY YOU OR BY MR. PLUMMER? MR. ADAIR: I THINK BOTH. I THINK MR. PLUMMER

21 FILED A NUMBER OF MOTIONS [INCLUDING A DISCOVERY MOTION, AND THAT THEY

22 WERE BASICALLY TAKEN OFF CALENDER.] THE COURT: [PROTECTIVE ORDER AND]

23 DO YOU HAVE ANY UNDERSTANDING? MR. ADAIR: AS FAR AS -- EXCUSE ME.

24 THE COURT: ALL RIGHT. MR. ADAIR & SOME OF THE MOTIONS THAT MR. BURTON

25 FEELS ARE VERY IMPORTANT IN HIS CASE, -- IN MY VIEWPOINT, -- SUCH AS

26 THE REQUEST FOR WRIT OF MANDATE, IT SEEMS LIKE A WASTE OF TIME TO --

27 SEE EXHIBIT "A" PAGE 35, RT. EXCERPT 199, LINES 1-3, 4,5, 8,9, 11,12, 16,17,18, 25 -28

28 CONCENTRATE ON THAT WITH THE -- ON TRIAL ISSUES. THE COURT: HE

22

MR. E.W. BURTON #F03720
P.O. BOX 5246-C5ATH/8P-C1-132L
COR CORAN, CA. 93212

1 RAISED AN ISSUE ABOUT FALSE STATEMENTS ON THE RECORD. MR. ADAIR:

2 I THINK WHAT HE MAY BE REFERRING TO IS WHEN I WROTE UP A STATEMENT OF

3 FACTS, HE DISAGREED WITH IT AND FELT -- HAS BEEN THAT THE STATEMENT

4 OF FACTS HAS TO BE COMPLETELY ACCURATE AND DETAILED, OTHERWISE HE LOSES

5 SOME RIGHTS CONCERNING -- THE FACTS COME OUT IN THE HEARING ON THE

6 MOTION. AND THAT'S BASICALLY WHAT I TRIED TO DO IS FRAME THE ISSUE.

7 THE COURT: IN YOUR PROFESSIONAL JUDGEMENT, WHAT NEEDS TO BE DONE HAS

8 BEEN DONE? MR. ADAIR: SOME OF THE THINGS THAT COULD STILL BE DONE

9 ARE GETTING DOCUMENTS, AND WE ISSUED SUBPOENAS FOR THE (SEE EXHIBIT "A"

10 PAGE 36, RT EXCERPT 200, LINES 1, 2, 6, 7, 11, 12, 13, 14, 17, 19-22) DOCUMENTS. AND

11 THE MAJOR THING WOULD BE THE ARREST REPORTS CONCERNING MR. THOMAS.

12 MR. ADAIR: LAW ENFORCEMENT AGENCIES, SAN DIEGO POLICE DEPARTMENT, I DON'T

13 THINK, HAS RESPONDED. THE COURT: ALL RIGHT [YOU RAISED AN ISSUE TO ᵈᵉᵇᵘ MOTION

14 TO COMPEL DISCOVERY. IS THERE STILL LURKING DISCOVERY ISSUES?]

15 MR. ADAIR: -- FIRST OFF, -- AND IT CAN'T BE RESOLVED. -- FIRST OFF, I'VE

16 SENT A LETTER TO HER REQUESTING CERTAIN ITEMS, MR. PLUMMER DID THE

17 SAME, MR. PLUMMER FILED A MOTION THAT WAS SERVED ON HER] (REFERRING

18 TO D.A. MS. HANNAH) -- DISCOVERY ISSUES WITH THE PROSECUTOR. SEE EXHIBIT "A"

19 PAGE 37, R. T EXCERPT 201, LINES 9-12, 16-20, 26-28. THE COURT: AND THEN

20 ANY OTHER PRETRIAL MOTIONS THAT YOU'VE BEEN DISCUSSING OR HAVE AN ISSUE

21 ABOUT, THAT YOU'RE AWARE OF? MR. ADAIR: I THINK MR. BURTON HAS A NUMBER OF

22 OTHER -- THE COURT: ALL RIGHT. ANYTHING ADDITIONAL THAT YOU WANTED

23 TO SAY IN RESPONSE TO THE SUMMARY OF THE COMPLAINTS THAT MR. BURTON

24 GAVE? MR. ADAIR: NO, YOUR HONOR. MR. ADAIR: YOUR HONOR, MR. BURTON HAS TWO

25 PAPERS HERE. THE FIRST TALKS ABOUT TRIAL STRATEGY, AND I GUESS A DECISION

26 OF COUNSEL OR THE DEFENDANT AS TO TRIAL STRATEGY. SEE EXHIBIT "A", PAGE 38, RT

27 EXCERPT 202, LINES 2, 3, 8-11, 15-17, 21. MR. ADAIR: MAY I PASS THESE ON TO YOU, YOUR HONOR?

28 THE COURT: SURE. THANK YOU. THE COURT: AND THEN YOU ALSO, IT LOOKS LIKE, YOU

23

MR. E.W. BURTON #E02720
P.O. BOX 5246- CSATF/SP-C1-132L
COR CORAN, CA. 93212

1  PULLED SOME LANGUAGE OUT OF A CASE RELATING TO THE FACT THAT THE
2  DECISION MAKING ON STRATEGY IS THE DUTY OF DEFENSE COUNSEL, BASED
3  UPON THE DEFENDANT CONSENTING -- THE COURT: WELL MAKE THOSE
4  PART OF THE COURT FILE AS -- SO WE'LL HAVE A RECORD OF THAT. THE
5  COURT: OKAY. SEE EXHIBIT "A" PAGE 18, RT EXCERPT 182, LINES 4,5,7-9, 11-
6  16, 22, 23. THE COURT: OKAY. AND DO YOU FEEL THAT MR. ADAIR HAS NOT
7  PROPERLY REPRESENTED YOU? THE COURT: AND WHY DO YOU FEEL THAT
8  WAY? THE DEFENDANT: WELL, THERE'S BEEN A BREAK IN THE
9  ATTORNEY/CLIENT PRIVILEGE. -- I HAD CALLED HIS OFFICE,
10  REQUESTING TO SEE HIM, BECAUSE I HAD SOME INFORMATION
11  FOR HIM ON SOME MATTERS PERTAINING TO MY CASE. HOWEVER --
12  A WOMAN SHOWED UP, ATTEMPTING TO INTERVIEW ME STATING THAT
13  HER CAPACITY WAS SOME SORT OF PSYCHIATRIST OR WHATEVER,
14  I REFUSED THE INTERVIEW - LAW. AND I FELT THAT I WAS VIOLATED
15  AS FAR AS MY RIGHT TO PRIVACY AND MY ATTORNEY/CLIENT PRIVILEGE
16  WAS VIOLATED BY THIS - SEE EXHIBIT "A", PAGE 19, RT. EXCERPT 183, LINES
17  9, 12-14, 19-21, 24-28. THE DEFENDANT: -- ASSUMING I WOULD HAVE A
18  VISIT WITH MR. ADAIR, QUITE TO MY SURPRISE, IT WAS BY SOME ONE
19  THAT WAS NOT MY ATTORNEY. THE COURT: LET ME MAKE SURE I
20  UNDERSTAND. THE COURT: OKAY NOW, -- TELL ME SOMETHING ELSE
21  BEYOND THIS VIOLATION OF ATTORNEY/CLIENT PRIVILEGE. THE COURT:
22  IT'S NOT A CAPITAL CASE. THE DEFENDANT: WELL, IT HAS TO DEAL
23  WITH THE REST OF MY LIFE. AND I FEEL THAT TIME AND EFFORTS
24  NEEDED TO TAKE PLACE AS FAR AS PUTTING THIS CASE TOGETHER AS
25  FAR AS STRATEGY, -- I FEEL AS THOUGH THAT HAS NOT BEEN DONE.
26  SEE EXHIBIT "A" PAGE 20, RT. EXCERPT 184, LINES 1-8, 10. -- (DEFENDANT) --
27  THERE'S A CONFLICT OF INTEREST HERE. AND IT'S BEEN FROM THE VERY
28  BEGINNING, I HAVE EVIDENCE HERE THAT YOU CAN LOOK AT IF THE BALIFFE

1  CAN TAKE THIS. THE COURT: I SURE, I'LL TAKE A LOOK AT THAT

2  SEE EXHIBIT "A" PAGE 26, RT EXCERPT 190, LINES 14-21, 27, 28, ALSO

3  SEE EXHIBIT "A" PAGE 27, RT EXCERPT 191, LINES 1-4, 7-10. THE COURT:

4  I DO WANT TO NOTE, FOR THE RECORD, THE DOCUMENT YOU HANDED TO ME

5  WHEN YOU WERE TALKING ABOUT THE LADY WHO CAME TO VISIT YOU

6  IDENTIFIES HER AS CATHERINE DIFRANCESCA, WHO THE COURT

7  RECOGNIZES AS A PSYCHOLOGIST OR A PSYCHIATRIST WHO DOES DO

8  COURT-APPOINTED EVALUATIONS AND OTHERWISE. SO SHE DOES

9  APPEAR TO BE SOME TYPE OF MENTAL HEALTH EXAMINER, AND THE

10  DATE REFERENCED IS-- I'M NOT QUITE SURE HOW TO READ THIS

11  DOCUMENT, BUT IT LOOKS LIKE JANUARY 5TH OF '05. THE COURT: I'LL

12  GIVE THIS BACK TO MR. ADAIR, BECAUSE HE MAY BE ABLE TO INTERPRET

13  IT, AND WE CAN AT LEAST PINPOINT THE DATE. THE DEFENDANT: MY

14  POINT IS I HAD ALREADY EXPRESSED, AS FAR AS MY RIGHTS TO

15  REFUSE, THE COURT: [I DON'T NEED YOU TO REARGUE THE MOTION,]

16  THE DEFENDANT: YES MA'AM, MR. ADAIR: IT LOOKS LIKE 5

17  JANUARY, YOUR HONOR, THE COURT: ALL RIGHT, I'LL TAKE THAT BACK

18  FOR THE MOMENT. SEE EXHIBIT "A" PAGE 30 RT EXCERPT 194, LINES 9-11,

19  19-23, AND 27, MR ADAIR: AS FAR AS THE PSYCHOLOGIST, DR. DIFRANCESCA,

20  YOUR HONOR INDICATED YOU KNOW HER AND HER REPUTATION, I NORMALLY

21  USE HER ON ANY TYPE OF SERIOUS CASE-- MR. BURTON REFUSED TO

22  TALK TO HER, AND STATED TO ME THAT HE DOES NOT WISH HIS

23  MENTAL STATE TO BE INQUIRED INTO AND FOR A LONG TIME

24  REFUSED TO SIGN ANY CONSENT FORMS CONCERNING HIS RECORDS

25  UNTIL FAIRLY RECENTLY, AND THOSE CONSENT FORMS WERE TO

26  GET RECORDS FROM THE-- CONCERNING HIS EYESIGHT AND

27  TREATMENT FOR THAT, SEE EXHIBIT "A" PAGE 41, RT. EXCERPT 205,

28  LINES, 4-8, 15-18, 24-26 - MR ADAIR: COULD I ADD ONE THING,

1  YOUR HONOR? THE COURT: YES YOU MAY. MR. ADAIR: IT JUST POPPED

2  INTO MY MIND, PART OF THE PROBLEM WITH DR. DIFRANCESCA -- AND

3  I JUST REMEMBERED THIS -- IS THAT I HAD ASKED HER

4  TO SEE MR. BURTON, SHE GAVE ME A TIME -- EARLIER THAN

5  I WAS ANTICIPATING. WHEN I DID TALK TO MR. BURTON, HE

6  BASICALLY TOLD ME THAT HE WAS UPSET ABOUT IT AND ALSO THAT

7  HE WAS NOT GOING TO BE INTERVIEWED BY DR. DIFRANCESCA OR

8  ANY PSYCHOLOGIST. THE COURT: OKAY. THEN AT THIS POINT, WE HAD

9  -- I WAS ATTEMPTING TO HAVE MS. HANNAH BE CALLED BACK

10  BECAUSE WE DID NEED TO DEAL WITH THE ISSUE OF THE EVIDENCE

11  THAT MIGHT BE ADMITTED. SEE EXHIBIT "A" PAGE 45, RT EXCERPT,

12  151; LINES 1-17, 20-28 - STATES' SAN DIEGO, CALIFORNIA; WEDNESDAY

13  MARCH 16, 2005, 2:01 P.M. THE COURT: GOOD AFTERNOON, MR. ADAIR;

14  GOOD AFTERNOON, YOUR HONOR. THE COURT: WE'RE ON THE RECORD

15  IN PEOPLE VERSUS ERIC WILTON, COURT NUMBER SCE 238643,

16  COUNSEL, STATE YOUR APPEARANCES, MS. HANNAH; GOOD

17  AFTERNOON, YOUR HONOR, MARIA HANNAH, ON BEHALF OF THE PEOPLE.

18  MR. ADAIR; CHARLES ADAIR, ON BEHALF OF ERIC BURTON, YOUR HONOR,

19  THE COURT: ALL RIGHT, AND WE HAVE, BEFORE THE LUNCH RECESS,

20  [HAD A CHANCE TO TALK IN CHAMBERS ABOUT HOW WE WILL PROCEED

21  -- BECAUSE THE COURT IS GOING TO BE DARK ON MONDAY AND TUESDAY,

22  WE WILL BE TRAILING THE TRIAL UNTIL MARCH 23RD, WEDNESDAY.]

23  COUNSEL ARE BOTH ESTIMATING THAT THE CASE SHOULD BE

24  COMPLETELY PRESENTED AND ARGUED AND SUBMITTED TO THE JURY

25  NO LATER THAN THE 29TH; IS THAT CORRECT? MS. HANNAH; IT IS.

26  MR. ADAIR; THAT'S CORRECT, YOUR HONOR. HOWEVER, IF IT DOES GO

27  LONGER -- AND, OBVIOUSLY, IT'S HARD TO PREDICT -- THEN WE WOULD

28  HAVE, I GATHER, A RECESS UNTIL YOUR HONOR GETS BACK IN TOWN. THE COURT: WE WOULD

MR. E WARBURTON #P02720
P.O. BOX 5246-CSATF/SP-CI-132L
CORCORAN, CA. 93212

1. WARNINGS REQUIRED BY ESTELLE THAT HE HAD A RIGHT
2. TO REFUSE THE COURT ORDERED 1368 HOLD, AS THE COURT NOT
3. ONLY WAS OVERREACHING, AS HE HAD ALREADY BEEN DEEMED
4. LAW FULLY COMPETENT BY THE HON. JUDGE PRECKEL ON 1-05-04,
5. AND HE HAD BEEN AFTER WHICH ALSO DETERMINED TO BE
6. LAW FULLY COMPETENT, COUNSEL ADAIR VIOLATED PETITIONERS
7. 14TH U.S. CONST AMENDMENT RIGHTS WITH INEFFECTIVE ASSISTANCE
8. IN FAILING TO UPHOLD, AND STAND UP FOR HIS DUE PROCESS RIGHTS.
9. COUNSEL FAILED TO INFORM PETITIONER THAT HIS TRIAL DATE
10. OF 24 MARCH 05, HAD BEEN TRIALED PAST IT'S LEGAL STATUTORY
11. REQUIREMENT, INSTEAD PREJUDICIALLY PLACED AN OVERREACHING
12. 1368 HOLD ON DEFENDANT, COUNSEL WITH AFORE THOUGHT ON 23 MARCH
13. 05. IN DEFENDANTS ABSENCE THAT HE WAS BRINGING A 1368 HOLD,
14. IN DIRECT CONFLICT, AS PETITIONER RETURNED TO COURT REITERATING
15. HIS 6TH AND 14TH AMENDMENT RIGHT TO SELF REPRESENTATION BY
16. MAKING A FARETTA PRO SE MOTION, AND AFTER PETITIONER INTER-
17. JECTED HIS FARETTA PRO SE MOTION COUNSEL IN DIRECT CONFLICT
18. OF INTEREST FOLLOWED WITH A 1368 HOLD, PETITIONER OBJECTED,
19. REQUESTED A MARSDEN AND AN ATTORNEY REPRESENT HIM FOR HIS
20. MARSDEN, AS HE WAS CONSTITUTIONALLY GUARANTEED A RIGHT
21. TO COUNSEL AT EVERY STAGE OF HIS PROCEEDINGS, THE COURT
22. IN FAILING TO GRANT ASSISTANCE OF COUNSEL FOR HIS MARSDEN,
23. BEFORE ORDERING AN UNCONSTITUTIONAL 1368 HOLD ON DEFENDANT
24. FURTHER VIOLATED PETITIONERS RIGHT, SPECIFICALLY 6TH AND 14TH
25. DUE PROCESS AND EQUAL PROTECTION CLAUSES, SEE EXHIBIT "A" PAGE,
26. 3, AT EXCERT II LINES 20-24, 27 AND 28- THE DEFENDANT: I HAVE
27. INEFFECTIVE COUNSEL, AND THE CONSTITUTION OF THE UNITED STATES,
28. OF THE 6TH AMENDMENT GUARANTEES ME THE RIGHT TO HAVE

1  EFFECTIVE COUNSEL, AND BEING CHARGED WITH A FELONY
2  AND SO SAID THAT I AM, EVERY LEVEL OF THESE PROCEEDINGS
3  AND TRIAL. -- COUNSEL, AS GUARANTEED BY MY RIGHTS AS THE
4  ACCUSED BY THE CONSTITUTION OF THE UNITED STATES.
5  SEE ALSO EXHIBIT "A", PAGE 8, AT EXCERPT 21 LINES- 5-15
6  (11-05-04) HON. JUDGE PRECKEL - STATES" I CANNOT GET INSIDE
7  YOUR HEAD IN A MANNER OF SPEAKING, BUT CLEARLY THE MANNER
8  WHICH YOU HAVE PRESENTED HERE THIS AFTERNOON, THE MANNER
9  IN WHICH YOU HAVE COGENTLY AND LOGICALLY SPOKEN AT LENGTH
10 CONCERNING YOUR CASE, ALL OF THAT CAUSES THE COURT TO
11 CONCLUDE THAT YOU'RE ABSOLUTELY COMPETENT, AS A MATTER
12 OF LAW, AT THIS TIME SUCH THAT THESE CRIMINAL PROCEEDINGS
13 WILL GO FORTH WITHOUT UNDUE INTERRUPTION FOR PURPOSES
14 OF A 1368 EXAMINATION EVALUATION AND HEARING, I FIND NOT
15 EVEN A SCINTILLA OF EVIDENCE AS TO SUPPORT OR WARRANT
16 THE SUSPENSION OF CRIMINAL PROCEEDINGS IN THIS CASE.
17 SEE EXHIBIT "A" PAGE 4, AT EXCERPT 13, LINES 4-8, 10, 16-28.
18 (MARSDEN HEARING 11-05-04) MR. PLUMMER: I ALSO FILED DISCOVERY
19 MOTIONS ON HIS BEHALF -- FILED AN INFORMAL REQUEST AND A
20 MOTION FOR DISCOVERY. THE FACT OF THE MATTER IS THAT MR. BURTON
21 -- HE THINKS I'M NOT ADEQUATELY REPRESENTING -- APPROPRIATE
22 DEFENSE FOR HIM -- I THINK HE HASN'T REQUESTED A NEW
23 ATTORNEY BEFORE, HE DID HAVE P.D AND AN A.P.D. BRIEFLY, BUT THEY
24 CONFLICTED OFF OF HIM BECAUSE OF THEIR REPRESENTATION OF
25 SOME OF WITNESSES IN THIS CASE AND I WAS APPOINTED, SO
26 THIS IS HIS FIRST REQUEST FOR A NEW ATTORNEY. I THINK HE DES-
27 ERVES A CHANCE TO GET A NEW ATTORNEY AND TO WORK WITH SOMEBODY
28 THAT HE HAS CONFIDENCE IN AND CAN HELP HIM LITIGATE THIS CASE

MR. EDW. BUSTON #D 2720
P.O. BOX 5246 - CSATF3P-LP-132L
COR CORAN, CA. 93212

1. IT IS A VERY, VERY IMPORTANT CASE TO HIM, I MEAN, HE'S
2. FACING A SUBSTANTIAL PERIOD OF TIME IN PRISON, IF NOT THE
3. REST OF HIS LIFE, AND HE UNDERSTANDS THAT AND HE'S
4. UNDERSTANDABLY CONCERNED ABOUT THAT AND UNDERSTANDABLY
5. HE HAS SOME CONCERNS ABOUT MY REPRESENTATION OF HIM.
6. SO I WOULD JOIT IN HIS REQUEST THAT-- SEE EXHIBIT A, PAGE
7. 5, RT EXCERPT 18, LINE 1-7, 12, 13, 15, 16, 17, 19, 20, 21, 23, 24, 27, 28,
8. PETITIONER DENIES OMITTED PORTIONS. THE COURT: ARE YOU PREPARED
9. TO WAIVE YOUR SPEEDY TRIAL RIGHTS? THE DEFENDANT: NO, I'M NOT
10. PREPARED TO WAIVE MY SPEEDY TRIAL RIGHTS TO A SPEEDY TRIAL
11. THE COURT: WELL, THEN THE COURT IS NOT PREPARED TO SIMPLY
12. JOIN IN MR. PLUMMER'S ACQUIESCENCE TO YOUR MOTION FOR NEW COUNSEL
13. -- I'VE REVIEWED THE 1538.5 MOTION TO SUPRESS PHYSICAL
14. EVIDENCE. -- PARENTHETICALLY, YES, IT COULD HAVE BEEN BETTER
15. DELINEATED WITH GREATER SPECIFICITY WHAT ITEMS WERE
16. SOUGHT TO BE SUPPRESSED, BUT-- THE COURT-- THAT
17. SHORTCOMING WOULD NOT OCCASION THE OUTRIGHT DENIAL OF THE
18. MOTION OR OF ANY COURT REFUSING TO HEAR THE MOTION ON IT'S
19. MERITS, -- THE COURT: SO THE ONLY REASON THAT I WOULD
20. GRANT YOUR REQUEST IS, -- THERE'S A BREAK DOWN OF THE
21. ATTORNEY/CLIENT RELATIONSHIP, BUT IF YOU THINK THAT--
22. SEE NOW EXHIBIT "A" PAGE 6, RT. EXCERPT 19 LINES 1-11 THE COURT:
23. -- I'M GOING TO GRANT YOUR REQUEST FOR NEW COUNSEL AND THEN
24. HAVE THAT NEW ATTORNEY FORCED TO TRIAL ON DECEMBER 6TH, A
25. MONTH FROM NOW, GIVEN THE PARAMETERS OF THIS CASE AND THESE
26. CHARGES AND THESE ALLEGATIONS SO THAT BY SO DOING YOU CAN
27. TRY AND SET UP AN ARGUMENT ON APPEAL THAT ONCE AGAIN
28. YOU WERE DEPRIVED OF EFFECTIVE COUNSEL BECAUSE COUNSEL

29

MR. ERIC BURTON #F02020
P.O. BOX 5246 - CSATF/SP-C1-113DL3
COR CORAN, CA. 93212

1  WAS FORCED TO GO TO TRIAL FASTER THAN WOULD OR SHOULD
2  HAVE BEEN THE CASE HAD YOU WAIVED YOUR SPEEDY TRIAL
3  RIGHTS AND ALLOWED COUNSEL TO MORE FULLY INVESTIGATE
4  OR PREPARE THE CASE, SO YOU'RE NOT GOING TO HAVE YOUR
5  CAKE AND EAT IT, TOO, IS WHAT I'M TELLING YOU. STATEMENT
6  OF RELEVANT FACTS - THE COURT ON 11-05-04 HAD ALREADY
7  VIOLATED PETITIONERS SPEEDY TRIAL RIGHTS PRIOR TO THE
8  MARSDEN HEARING DUE TO NEGLECT BY THE POLICE, BY WHICH
9  ARRESTING OFFICER HOLMES WAS OUT OF THE COUNTRY, SEE
10 EXHIBIT "F" PAGE 3 AT EXCERT 1, LINES 1-28, ALSO SEE EXHIBIT "F"
11 PAGE 4, AT EXCERPT 2, LINES 1-11. STATE'S "NOVEMBER 5TH, 2004, 1130
12 P.M. EL CAJON, CA. DEPT. 12 - THE COURT: LADIES AND GENTLEMEN, GOOD
13 AFTERNOON, WE'RE ON THE RECORD IN THE CASE OF THE PEOPLE
14 VERSUS ERIC BURTON SCE 238643. COUNSEL, YOUR APPEARANCES,
15 PLEASE. MR JARAMILLO, GOOD AFTERNOON, YOUR HONOR. JORGE JARAMILLO
16 FOR THE PEOPLE. MR. PLUMMER: LEE PLUMMER ON BEHALF OF
17 ERIC BURTON, WHO IS PRESENT, BEFORE THE COURT IN CUSTODY.
18 THE COURT: ALL RIGHT. THIS MATTER WAS TRAILED FROM THE
19 CALENDAR, HAD BEEN SET FOR HEARING OF THE DEFENDANTS
20 MOTION TO SUPPRESS PURSUANT TO PENAL CODE SECTION 1538.5,
21 AND I UNDERSTAND THAT THE PEOPLE HAVE A MOTION TO
22 CONTINUE THAT HEARING. MR. JARAMILLO: THAT'S CORRECT,
23 YOUR HONOR. THE PEOPLE WOULD REQUEST TO CONTINUE THE
24 1538.5. WE HAVE AN OFFICER WHO IS OUT OF THE COUNTRY
25 AT THIS TIME. THE COURT: AND WHAT FRIDAY BETWEEN NOW AND
26 THE DECEMBER 6TH TRIAL DATE DO YOU PROPOSE? MR. JARAMILLO:
27 ANY FRIDAY THAT WORKS WITH THE DEFENSE COUNSEL'S CALENDER
28 MR. PLUMMER: YOUR HONOR, MY CLIENT IS REQUESTING THE APPOINTMENT

30

MR. BURTON BURTON HARRIS
P.O. BOX 5246 - CSATF/SP-C1-132L
COR CORAN, CA. 93212

1  OF NEW COUNSEL. HE'S REQUESTING A MARSDEN HEARING.
2  THE COURT: WELL, WE'LL GET TO THAT AS THE NEXT
3  ORDER OF BUSINESS, BUT STAYING WITH THE FIRST
4  ORDER OF BUSINESS, PRESUPPOSING THAT YOU CONTINUED
5  ON THE CASE, MR. PLUMMER, WHAT'S YOUR AVAILABILITY
6  ON FRIDAY MORNING BETWEEN NOW AND DECEMBER 6TH?
7  MR. PLUMMER: I COULD BE AVAILABLE FOR NOVEMBER 19TH
8  YOUR HONOR. THE COURT: MR. JARAMILLO, WILL THAT WORK?
9  MR. JARAMILLO: YES YOUR HONOR. THE COURT: ALL RIGHT,
10 THEN IRRESPECTIVE OF THE ISSUE OF WHO IS GOING TO
11 REPRESENT MR. BURTON PRESENTLY, THE MOTION TO SUPRESS
12 WILL BE RESET FOR HEARING ON FRIDAY NOVEMBER 19TH
13 AT 9:30 IN THE MORNING IN DEPARTMENT 11 OF THIS COURT
14 SEE EXHIBIT F PAGE 5 AT EXCERPT 0028 (PROSECUTIONS
15 MOTION TO CONTINUE LINES 1-28, SEE ALSO EXHIBIT F, PAGE 6,
16 AT EXCERPT 0029, OF THE SAME, LINES 1-28. ON 19 JULY 05
17 COUNSEL PER DEFENDANT'S REQUEST PRIOR TO THE JURY BEING SWORN
18 TO DISMISS DUE TO LACK OF SPEEDY TRIAL. SEE EXHIBIT F, PAGE 1, AT.
19 EXCERPT 320 LINES 22-28, ALSO EXHIBIT "F" PAGE 2, AT EXCERPT
20 321 LINES 1-19 21 24-28 MR ADAIR: THERE ARE ADDITIONAL MOTIONS I'D
21 LIKE TO MAKE ON BEHALF OF MR. BURTON. THE COURT: WELL, WHY
22 DON'T WE GO AHEAD AND DO -- MR. ADAIR: AS FAR AS THE REQUEST
23 FOR DISMISSAL BASED UPON A LACK OF SPEEDY TRIAL, YOUR HONOR,
24 MR. BURTON-- APPARENTLY HIS TRIAL WAS DELAYED LAST FALL,
25 I THINK THIS WAS BEFORE I WAS INVOLVED IN IT. IT WAS DUE
26 TO AN == APPARENTLY A PROSECUTION WITNESS, ONE OF THE
27 OFFICERS WHO WAS APPEARANTLY OUT OF THE COUNTRY, AND
28 THE TRIAL WAS DELAYED DUE TO THE UNAVAILABILITY OF THAT

1  PARTICULAR OFFICER. THE COURT: MR. TROCHA, DO YOU HAVE

2  ANY INPUT ON THAT ISSUE? MR. TROCHA: LET ME CHECK, YOUR HONOR

3  THERE HAVE BEEN SEVERAL CONTINUANCES. IS THIS THE ONE

4  ON OCTOBER 25TH? MR. ADAIR: IT'S OUR POSITION THAT THE

5  POLICE FORCE IN EL CAJON WAS NEGLIGENT IN LETTING HIM GO

6  ON HIS VACATION OR LEAVE, WHICH RESULTED IN THE DELAY OF THE

7  TRIAL AGAINST MR. BURTON, WHICH RESULTED IN A LACK OF SPEEDY

8  TRIAL FOR MR. BURTON UNDER THE CALIFORNIA AND U.S. CONSTITUTIONS

9  MR. TROCHA: AS TO THAT POINT, YOUR HONOR, REGARDLESS OF

10 WHETHER OR NOT THE COURT FOUND GOOD CAUSE -- I NOTE THAT

11 THE TRIAL - JANUARY 31ST OF THIS YEAR, MARCH 14TH OF THIS YEAR

12 AND MARCH 16TH OF THIS YEAR (CONTINUANCES) THE COURT: WELL

13 -- AND WHATEVER POINTS WERE MADE TO JUDGE EXARHOS AT THE

14 TIME ON OCTOBER 13TH, 04, WHEN HE VACATED THE OCTOBER 25TH

15 TRIAL DATE THOSE WERE MADE FOR THE RECORD AND HE RULED

16 BASED ON THE - THE TRIAL JUDGE PREJUDICIALLY AND ERRONEOUSLY

17 DENIED DEFENSE MOTION FOR DISMISSAL, OF FURTHER NOTE

18 PETITIONER WAS ALSO DENIED HIS RIGHT TO BE PRESENT IN

19 COURT 1-31-05 THUS VIOLATING HIS FEDERALLY GUARANTEED U.S.

20 CONST 14TH AMENDMENT DUE PROCESS AND EQUAL PROTECTION

21 CLAUSE TO BE PRESENT WHEREAS HIS ABSENCE DENIED HIM

22 HIS RIGHT TO MAKE A DEFENSE PERSONALLY AS GUARANTEED

23 BY THE U.S. CONSTITUTION, SEE EXHIBIT "F" PAGE 12, RT EXCERPT

24 0144, LINES 1-28, PETITIONER DENIES OMITTED PORTIONS, ALSO

25 SEE. EXHIBIT "F" PAGE 13, RT. EXCERPT 0143, LINES 1-28. (10-21-05)

26 SEE EXHIBIT "A" PAGE 88, RT EXCERPT 1245, LINES 18-24. THE

27 COURT: BRIEF REPLY MR. TROCHA: MR BURTON HAS A DOCUMENT,

28 WHICH -- IT'S A COPY, I GUESS, OF THE DOCUMENT, WHICH HE HAD

H    32

MAE U. BURTON # F02726
P.O. BOX 5246 —CSATF/SP-C1-132C
CORCORAN, CA. 93212

1  FILED APPARENTLY BACK IN JULY. I BELIEVE IT APPEARS
2  TO BE MAILED TO THE COURT AND PART OF MANY ISSUES
3  THAT HE RAISES IN THE DOCUMENT APPEARS TO BE A
4  FARETTA MOTION, SEE EXHIBIT "A" PAGE 85, RT EKCERPT
5  1242, LINES 8-10, 12-16 MR ADAIR: FINE, THANK YOU, YOUR HONOR,
6  YOUR HONOR, THE FIRST ISSUE, I BELIEVE, AS RAISED IN OUR
7  PAPERS ARE MR. BURTON'S FARETTA (PRO SE) MOTION, -- HE
8  HAD MAILED IT TO THE COURT AND IT HAD BEEN FILED
9  APPENTLY ON OR ABOUT JULY 7TH OF THIS YEAR BEFORE
10  TRIAL STARTED. AND I BELIEVE TRIAL STARTED ON JULY
11  19TH CONCERNING THE CASE, AND IT'S OUR CONTENSION
12  THAT THAT NEEDED TO BE RULED ON. SEE EXHIBIT "A"
13  PAGE 87, RT EXCERPT 1243, LINES. 14, 16, 18-23. MR ADAIR:
14  THE SITUATION REALLY WOULD GIVE RISE TO A- ACQUITAL--
15  FOR ALL OF THOSE REASONS AND PARTICULARLY THE
16  REASONS THAT IT IS IN THE INTEREST OF JUSTICE, THIS
17  IS THE KIND OF THING THAT COULD AFFECT A JURY,
18  MOST PROBABLY WOULD AFFECT A JURY, WE'RE ASKING
19  FOR A NEW TRIAL, THE COURT. OKAY. THANK YOU
20  SEE EXHIBIT "B" PAGE 1, RT EXCERPT 177, LINES 1-7,--
21  THE COURT: ALL RIGHT. ANY RESPONSE BY THE PEOPLE?
22  DA. MS. HANNA: --CIRCUMSTANCES AND THE RESULT OF THE
23  INCIDENT THAT OCCURED ON (ALLEGEDLY) MARCH 19TH OF
24  LAST YEAR, WHETHER THE ISSUE -- THE WHOLE QUESTION
25  OF THE TRIAL IS WHETHER MR. BURTON IS THE PERSON
26  THAT COMMITTED THE (ALLEGED) CRIME, NOT WHETHER OR
27  NOT MR. THOMAS IS, IN FACT A VICTIM OF A (ALLEGED) CRIME,
28  PETITIONER HAVING NO PRIOR CONVICTIONS IS INNOCENT OF

33

MR. _____
P.O. BOX 5246-CSATF/SACI-132L
CORCORAN, CA. 93212

1 ALL CHARGES. PETITIONER PETITIONER REVIEW WAS DENIED

2 HIS RIGHT TO MAKE HIS DEFENSE PERSONALLY AS WE KNOW IT,

3 FIRST BY THE PREJUDICIAL AND ERRONEOUS DENIAL OF HIS

4 FEDERALLY U.S. CONSTITUTIONAL GUARANTEE BY BOTH THE

5 SIXTH AND FOURTHTEENTH DUE PROCESS AND EQUAL PROTECTION

6 CLAUSES. THE TRIAL COURT PREVENTED DEFENDANT FROM

7 RAISING ANY OBJECTIONS AND MOTIONS, AND BY FAILING TO RULE ON

8 PETITIONERS INVOKED 6TH AMENDMENT RIGHT ON 16 MARCH 05

9 AND OVER REACHING PLACING DEFENDANT FALSELY UNDER

10 A 1368 HOLD AFTER HE HAD BEEN DETERMINED TO BE LAWFULLY

11 COMPETENT BY HON JUDGE PRECKEL, THAT SHE ACKNOWLEDGE BEING

12 AWARE OF IN PREVIOUS PAGES TO THIS PETITION. PETITIONER ALSO

13 CONTENDS HON. JUDGE EXARHOS ON 01 JUNE 05, PREJUDICIALLY AND

14 ERRONEOUSLY FAILED TO RULE ON PETITIONERS TIMELY FILED

15 FARETTA PRO SE MOTION FILED ON 27 MAY 05, AFTER HIS

16 COMPETENCE HAD BEEN REINSTATED, VIOLATED PETITIONERS 6TH

17 AND 14TH DUE PROCESS AND EQUAL PROTECTION CLAUSES, AND BOTH

18 TRIAL JUDGE. HON. HALGREN AND HON. JUDGE EXARHOS ABUSED THEIR

19 DISCRETION IN FAILING TO MAKE THE PROPER WINDHAM INQUIRIES.

20 SEE NOW EXHIBIT A, PAGE 90, AT EXCERPT 12 47 (10-21-05, DAY

21 OF SENTENCING HEARING - LINES 1-15, -19-24, 28 MR. ADAIR,

22 THANK YOU, YOUR HONOR. THE COURT ALL RIGHT, LET ME DEAL FIRST

23 WITH THE ISSUE OF RELATING TO THE CLAIM OF FARETTA, FIRST

24 OF ALL, I AM NOT SURE THAT THAT WOULD REALLY APPROPRIATELY

25 BE GROUNDS FOR A NEW TRIAL MOTION AS OPPOSED TO AN ISSUE FOR

26 WHICH THERE MAY OR MAY NOT BE AN APPELLATE ISSUE TO RAISE,

27 BUT IN ANY EVENT, EVEN IF IT WERE AN APPROPRIATE GROUND, I

28 WOULD BE DENYING IT FOR THE FOLLOWING REASON. THE PAPERWORK

34

MR. BURTON #J-94070
P.O. BOX 5246-CSATF/SP-C17132L
COR CORAN, CA. 93212

1  WAS SENT BY MR. BURTON TO THE COURT ON EITHER JULY 7TH OR
2  JULY 8TH. BOTH DATES APPEAR ON THE ENVELOPE, THE NEXT
3  COURT HEARING THAT WE HAD AFTER THAT DATE WAS THE
4  DAY OF TRIAL AND IT WAS NOT CALLED TO THE COURT'S
5  ATTENTION THAT THERE WAS ANY PENDING FARETTA ISSUE,
6  — ANY TIME HE HAD WANTED THE COURT TO RULE ON THE
7  FARETTA MOTION, HE CERTAINLY WOULD HAVE HAD THAT
8  OPPORTUNITY, I WILL NOTE THAT BACK IN MARCH — MARCH 23RD
9  OF 05, IF I'M RECALLING CORRECTLY — OR MARCH 24TH
10  DEFENDANT AT THAT TIME HAD REQUESTED A FARETTA
11  MOTION, — AND WE WENT INTO RECESS — SEE EXHIBIT "A"
12  PAGE 91 R.T. EXCERPT 1248, LINES 2, 3, 5-9, 14-17, 22-26 —
13  THE COURT RULING THAT COUNSEL WAS ADEQUATELY REPRESENTING
14  MR. BURTON — THE NEXT RELEVANT FACTUAL BACKGROUND
15  THE COURT MADE AN INCORRECT STATEMENT CONCERNING
16  MARCH 23RD 05, FOR THE FACT IS PETITIONER WAS NOT PRESENT
17  IN COURT ON 23 MARCH 05, SEE EXHIBIT A, PAGE 49 RT EXCERPT
18  0350 STATES "AT 8:45 AM CASE THIS BEING THE TIME SET FOR
19  FURTHER TRIAL BY JURY HAVING BEEN CONTINUED FROM 3-16-05
20  THE PEOPLE ARE PRESENT BY DEPUTY DISTRICT ATTORNEY MARIA HANNAH
21  PRIVATE CONFLICT COUNSEL CHARLES ADAIR REPRESENTS DEFENDANT
22  "WHO IS NOT PRESENT". THE COURT INFORMS BOTH ATTORNEYS THAT
23  THE DEFENDANT IS IN THE HOSPITAL AND WILL NOT BE BROUGHT
24  BY THE JAIL THIS MORNING FOR TODAY. — 11:27 AM COURT IS AGAIN
25  IN SESSION WITH ALL PARTIES PRESENT AS PREVIOUSLY NOTED,
26  THE COURT INFORMS THE ATTORNEYS THAT THE JAIL HAS INDICATED
27  THE DEFENDANT WILL NOT BE TRANSPORTED TODAY THE TRIAL IS
28  TRAILED TO MARCH 24, 2005 AT 9:00 AM IN DEPARTMENT 10, ATTORNEY

35

P.O. BOX 5246 CSATF/SP-CI-132L
CORCORAN CA. 93212

1  ADAIR INFORMS THE COURT THAT HE WILL BE MAKING A
2  MOTION PURSUANT TO PC 1368 AND THE DEFENDANT MAY REQUEST
3  A MARSDEN HEARING; 11:32 AM COURT IS ADJOURNED SEE
4  EXHIBIT "A" PAGE 0351, RT EXCERPT SO THE DEFENDANT REQUEST
5  A MARSDEN MOTION AND A FARETTA MOTION, ATTORNEY ADAIR
6  ("THEN") REQUEST MOTION PURSUANT TO PC 1368. DEPUTY
7  DISTRICT ATTORNEY MARIA HANNAH, OBJECTS, TO THE MOTIONS
8  -- THE COURT DENIES THE REQUEST FOR THE MARSDEN MOTION
9  NOW SEE EXHIBIT "A" PAGE 51 RT EXCERPT, 2/0 LINES 1-4,
10  6-20, 22-28, STATES " SAN DIEGO, CALIFORNIA; THURSDAY MARCH 24, 2005
11  9:10 AM, THE COURT: THIS IS PEOPLE VERSUS BURTON, COUNSEL
12  AND DEFENDANT ARE PRESENT, -- BUT FIRST I NEED TO -- WE
13  NEED TO PUT A FEW THINGS ON THE RECORD. BASED UPON
14  COMMUNICATIONS WITH THE JAIL YESTERDAY, THE COURT WAS
15  INFORMED THAT THERE WERE MEDICAL ISSUES THAT NEEDED
16  TO BE ADDRESSED FOR MR. BURTON, AND SO BECAUSE OF THOSE
17  MEDICAL ISSUES AND EVALUATIONS BY DOCTORS, HE WAS WASN'T
18  ABLE TO BE TRANSPORTED, SO I NEED TO KNOW IF THERE'S ANYTHING
19  FURTHER THAT NEEDS TO BE PUT ON THE RECORD REGARDING
20  THAT. ANY NEW INFORMATION OR ANYTHING ADDITIONAL THAT'S
21  BEEN DETERMINED? MR. ADAIR: I'M NOT AWARE OF ANYTHING
22  YOUR HONOR. THE COURT: ALL RIGHT. AND MR. BURTON IS
23  HERE TODAY -- AND SO WE NEED TO PROCEED, -- I NEED TO
24  KNOW WHAT OTHER MOTIONS ARE GOING TO BE HEARD, MR. ADAIR.
25  THE DEFENDANT: FARETTA (PRO SE), THE COURT ALL RIGHT, "FARETTA
26  (PRO SE) MOTION AND MARSDEN." MR ADAIR: AS I INFORMED YOU
27  YESTERDAY, I HAVE A SERIOUS QUESTION AS TO WHETHER OR NOT
28  MR. BURTON IS ABLE TO ASSIST IN A RATIONAL MANNER AT THIS TIME.

P.O. BOX 5246-CSATF/SP. C/-132L
COR CORAN, CA. 93212

1. SEE EXHIBIT "A" PAGE 52, RT EXCERPT 211, LINES, 1-5, 16-28.
2. THE DEFENDANT: OBJECTION, YOUR HONOR. THE COURT: WELL, MR. BURTON,
3. I'M GOING TO HEAR FROM MR. ADAIR FIRST, -- STATE THAT FOR
4. THE RECORD -- MR. ADAIR: THE -- BECAUSE HE NEEDS TO
5. COOPERATE IN HIS DEFENSE. AND IF HE'S NOT ABLE TO DO THAT,
6. HE'S GOING TO BE VERY HANDICAPPED, AND SO I'M MAKING
7. A MOTION UNDER 1367/1368 OF THE PENAL CODE, BECAUSE LIKE
8. I SAID, I HAVE A SERIOUS QUESTION ABOUT HIS ABILITY
9. TO COOPERATE IN A RATIONAL MANNER OR HIS CAPACITY TO
10. COOPERATE AT THIS TIME. THE COURT: ALL RIGHT, LET ME
11. MAKE A FEW INQUIRIES. WHEN WE WERE IN COURT LAST WEEK,
12. WE HAD PROBABLY ABOUT A 45-MINUTE MARSDEN HEARING, AND
13. AT THAT POINT THERE WERE DEFINETELY DISAGREEMENTS
14. BETWEEN MR. BURTON AND YOUR SELF AS TO HOW THE CASE
15. WAS BEING CONDUCTED, BUT AT THAT POINT YOU DID NOT
16. RAISE THE MOTION ON COMPETENCY. SEE EXHIBIT "A" PAGE 53,
17. RT. EXCERPT 212, LINES 15-20. MR. ADAIR: -- SINCE MR. BURTON
18. AND I DISAGREE, HE NEEDS AND EXAMINATION. THE COURT: ALL
19. RIGHT. DO THE PEOPLE HAVE ANY INPUT ON THIS ISSUE?
20. MS. HANNAH: I DO, YOUR HONOR. PEOPLE ARE OPPOSED TO A 1368
21. VIA 1367 AT THIS TIME. SEE EXHIBIT "A" PAGE 55, RT. EXCERPT 214
22. LINES 1-6, 9, 10, 12, 13, 22-26. THE COURT: ALL RIGHT. THANK YOU.
23. MR. ADAIR: COULD I RESPOND, YOUR HONOR? THE COURT: YES, MR. ADAIR.
24. YOUR HONOR, I'M, LIKE, THE FOURTH ATTORNEY ON THE CASE. TWO
25. OF THEM WERE RELIEVED DUE TO CONFLICT OF INTEREST -- THERE'S
26. BEEN PROBLEMS WITH MR. BURTON FROM THE BEGINNING, BUT
27. NOTHING -- IT'S NOT SOMETHING MR. BURTON IS ASKING FOR. IT'S
28. SOMETHING I'M ASKING FOR. THE COURT: ALL RIGHT. THANK YOU

MR. E. U. BURTON
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212

1  (THE COURT). LET'S SEE. MR. BURTON, YOU HAD RAISED AN OBJECTION.
2  ARE YOU OBJECTING TO YOUR COUNSEL'S MOTION? THE DEFENDANT,
3  I WOULD LIKE AN ATTORNEY TO REPRESENT ME FOR THIS
4  MARSDEN. I HAVE A CONFLICT OF INTEREST. SEE EXHIBIT "A"
5  PAGE 56, R. T. EXCERPT 215, LINES 2-24, ALSO SEE EXHIBIT "A" PAGE
6  57, R. T. EXCERPT 216, LINES, 1, 2, 6-8, 13-22. (THE DEFENDANT)
7  I'VE BROUGHT INFORMATION WITH ME TO SUPPORT A CONFLICT
8  OF INTEREST, AND I WOULD LIKE TO CONDUCT MY MARDEN
9  AND HAVE A FEW MOMENTS TO CONSORT WITH THE ATTORNEY-
10 THAT I'D LIKE TO ASK THE COURT HAVE AN ATTORNEY
11 ASSIST ME WITH THIS MARSDEN, BECAUSE MR. ADAIR IS--
12 HE INTIMIDATES ME WITH HIS KNOWLEDGE AND HIS EXPERIENCE.
13 THE COURT; WELL, I'M NOT GOING TO HEAR A MARSDEN
14 RIGHT NOW BECAUSE BASED ON WHAT YOUR COUNSEL HAS
15 TOLD ME, I BELIEVE HE HAS LAID A SUFFICIENT EVIDENTIARY
16 BASIS TO RAISE A SUBSTANTIAL DOUBT AS TO WHETHER YOU'RE
17 COMPETENT, AND I DON'T SEE THAT.-- THERE ARE THREE CRITERIA
18 I NEED TO LOOK AT. I THINK YOU'RE CAPABLE OF UNDERSTANDING
19 THE NATURE OF THESE PROCEEDINGS AND YOU UNDERSTAND YOUR
20 STATUS IN RELATIONSHIP TO THESE PROCEEDINGS. BUT I AM
21 CONCERNED AS TO WHETHER YOU ARE ABLE TO ASSIST YOUR
22 ATTORNEY IN A RATIONAL MANNER, AND THAT'S A PARTICULAR
23 CONCERN BECAUSE YOU HAVE RAISED "THE ISSUE OF A FARETTA
24 MOTION. AND THE STANDARDS THAT THE COURT WOULD USE TO
25 EVALUATE WHETHER YOU'RE COMPETENT TO REPRESENT YOURSELF
26 ARE THE SAME STANDARDS THAT ARE CONSIDERED IN DETERMINING
27 WHETHER YOU'RE MENTALLY COMPETENT. TO ASSIST YOUR ATTORNEY,
28 AND SO I BELIEVE THAT THE ASSISTANCE OF A MEDICAL EXPERT

P.O. BOX 5246-CSATH/SPC1-132L
CORCORAN, CA. 93212

1   WOULD HELP THE COURT IN MAKING THAT DETERMINATION.
2   IF IT'S DETERMINED THAT YOU'RE COMPETENT, THEN YOU ARE
3   CERTAINLY FREE TO RAISE A MARSDEN OR A FARETTA MOTION
4   OR WHATEVER ELSE YOU THINK IS APPROPRIATE, AND THEN THE
5   COURT AT THAT TIME WILL -- (SEE EXHIBIT "A", PAGE 57, R.T. EXCERPT
6   216, LINES 1, 2, 6-8, 13 -22) -- EVALUATE IT. BUT I THINK IT
7   WOULD BE PREMATURE FOR ME TO HEAR THAT MOTION NOW,
8   UNTIL WE ESTABLISH YOUR COMPETENCY -- AND I DO AGREE. I
9   BELIEVE THAT IN OUR FIRST CHAMBERS CONFERENCE BETWEEN
10  COUNSEL AND THE COURT BEFORE WE STARTED THIS TRIAL, MR.
11  ADAIR HAD MENTIONED HIS CONCERNS, -- I THINK THAT I AM GOING
12  TO RELY ON HIS JUDGEMENT, PARTICULARLY BASED ON HIS EXPERIENCE
13  AND ALL OF THE STATEMENTS HE PUT ON THE RECORD DURING THE
14  MARSDEN HEARING RELATING TO HIS EXPERIENCE AS COUNSEL,
15  WHICH IS VAST, AND HE HAS DEALT IN MANY CASES - MANY SERIOUS
16  CASES OVER THE YEARS AND I GREE. -- SIMPLY BECAUSE HE
17  DISAGREES WITH THE STATEGY OF THE DEFENDANT, THAT HE WOULD
18  BRING THIS MOTION. SEE EXHIBIT "A" PAGE 97, R.T. EXCERPT 17, LINES 1-5,
19  6, 7, 17 -19 (11-05-04 MARSDEN HEARING THE HON. JUDGE PRECKEL PRESIDING).
20  THE COURT: MR. BURTON, IF I GRANT YOUR REQUEST -- AND LET ME SAY
21  PARENTHETICALLY YOU'RE, IN MY VIEW, VERY WELL SPOKEN. YOU'VE
22  OBVIOUSLY DONE SOME READING -- AND YOU'VE BEEN THROWING
23  AROUND THE MAJORITY OF THE AMENDMENTS IN THE BILL OF RIGHTS
24  AND A FEW OTHERS TO BOOT. -- IT'S THE ATTORNEY'S JOB TO
25  REPRESENT YOU AND TO ADVOCATE YOUR POSITION AND PROTECT
26  YOUR RIGHTS AND INTEREST. SEE EXHIBIT "A" PAGE 96, R.T EXCERPT 0/27
27  A TIMELY FILED FARETTA PRO SE MOTION, INDICATIVE BY THE ARROW.--
28  FARETTA PRO SE, THAT WAS NEVER RULED ON. SEE NOW EXHIBIT "A" PAGE 21 R.T.

P.O. BOX 5246-CSATF/SP C1-132L
COR CORAN, CA. 93212

1 EXCERPT 21, LINES 1-18 ( MARSDEN HEARING 11-05-04 THE HON. JUDGE PRECKEL
2 PRESIDING) THE COURT: PHYSICAL EVALUATION OF YOU. IF WHAT
3 YOU'RE TELLING ME IS THAT YOU HAVE A DOUBT ABOUT YOUR
4 PRESENT MENTAL COMPETENCE TO PROCEED WITHIN THE MEANING
5 OF PENAL CODE SECTION 1368, ET SEQUITUR, I REJECT THAT
6 SUGGESTION OUTRIGHT BASED UPON MY INTERACTION WITH
7 YOU HERE THIS AFTERNOON. I CANNOT GET INSIDE YOUR
8 HEAD IN A MANNER OF SPEAKING, BUT CLEARLY THE
9 MANNER WHICH YOU HAVE PRESENTED HERE THIS AFTERNOON,
10 THE MANNER IN WHICH YOU HAVE COGENTLY AND LOGICALLY
11 SPOKEN AT LENGTH CONCERNING YOUR CASE, ALL OF
12 THAT CAUSES THE COURT TO CONCLUDE THAT YOU'RE
13 ABSOLUTELY COMPETENT, AS A MATTER OF LAW, AT THIS TIME
14 SUCH THAT ["THESE CRIMINAL PROCEEDINGS"] WILL GO FORTH
15 WITHOUT UNDUE INTERRUPTION FOR PURPOSES OF A 1368
16 EXAMINATION EVALUATION AND HEARING. I FIND NOT EVEN A
17 SCINTILLA OF EVIDENCE AS TO SUPPORT OR WARRANT THE
18 SUSPENSION OF CRIMINAL PROCEEDINGS IN THIS CASE. SO
19 LET'S RETURN TO WHAT WE WERE ADDRESSING HERETOFORE,
20 MR. BURTON, AND THAT BEING IF THE COURT APPOINTS
21 NEW COUNSEL TO REPRESENT YOU. SEE EXHIBIT "A" PAGE 9, R.T. EXCERPT
22 22 LINES 1,2, 16-23. THE COURT: THIS TIME WILL RELIEVE MR.
23 PLUMMER AS APPOINTED COUNSEL OF RECORD FOR MR. BURTON -- THE
24 CLERK WILL PROMPTLY NOTIFY P.CC. THIS AFTERNOON OF THE NEED FOR A
25 NEW CATEGORY 5 OR LEVEL 5 ATTORNEY FOR MR. BURTON, WITH THAT ATTORNEY
26 TO PRESENT AS WELL AT 8:30 IN THE MORNING ON TUESDAY, NOVEMBER
27 9TH. ALL RIGHT -- MR PLUMMER, THANK YOU, MR. BURTON. THANK YOU
28 FOR THE MANNER WHICH YOU HAVE PRESENTED YOUR CAUSE TO THE COURT

P.O. BOX 5246 CSATF/SP-C1-152L
CORCORAN, CA. 93212.

1  THIS AFTERNOON. SEE EXHIBIT "A" PAGE 11, RT EXCERPT 11, LINES 20-24,
2  27, AND 28. THE DEFENDANT (11-05-04) I HAVE INEFFECTIVE COUNSEL,
3  AND THE CONSTITUTION OF THE UNITED STATES, OF THE 6TH AMENDMENT
4  GUARANTEES ME THE RIGHT TO HAVE EFFECTIVE COUNSEL, AND
5  BEING CHARGED WITH A FELONY AND SO SAID THAT I AM -- EVERY
6  LEVEL OF THESE PROCEEDINGS AND TRIAL. -- COUNSEL AS GUARANTEED
7  BY MY RIGHTS AS THE ACCUSED BY THE CONSTITUTION OF THE UNITED
8  STATES, STATEMENT OF RELEVANT FACTS PETITIONER NEVER HAD
9  PERSONAL CONSULTATION WITH HIS FIRST COURT APPOINTED COUNSEL VICK
10  ERICSEN; THE COURT HAD APPOINTED CONFLICTING COUNSEL NEWTON
11  AFTER MR. PLUMMER WAS RELIEVED. SEE EXHIBIT "A" PAGE 22 RT EXCERPT
12  186 LINES 12,13,14,19,20,21,23, ALSO SEE EXHIBIT "A" PAGE 23 RT EXCERPT 187
13  LINES 1-2. THE COURT (16 MARCH 05) HOW MANY ATTORNEYS HAVE YOU HAD
14  THE DEFENDANT: -- ONE WAS MR. NEWTON, -- AND SO IT WAS A CONFLICT.
15  BECAUSE -- HIMSELF DUE TO CONFLICT OF INTEREST. THE COURT; WAS
16  MR PLUMMER RELIEVED BASED UPON A MOTION YOU MADE? THE DEFENDANT; --
17  BECAUSE MR. -- THE COURT. SO THEN AFTER MR. PLUMMER, MR NEWTON,
18  WHO DID YOU HAVE NEXT? THE DEFENDANT; -- THE FIRST ONE WAS MR.
19  VIC ERICSEN, BUT I NEVER MET WITH HIM. -- HE HAD A CONFLICT OF
20  INTEREST BECAUSE HE REPRESENTED MR. THOMAS IN THE PAST; THEN
21  THERE WAS MR. PLUMMER, THEN THERE WAS MR NEWTON AND THEN THERE
22  WAS MR. ADAIR. THE COURT; ALL RIGHT. SEE EXHIBIT "A" PAGE 19 RT
23  EXCERPT 183, LINES 19-21. THE COURT; OKAY NOW -- TELL ME SOMETHING
24  ELSE BEYOND THIS VIOLATION OF ATTORNEY/CLIENT PRIVILEGE, SEE
25  EXHIBIT "A" PAGE 27, RT EXCERPT 191 LINES 2,3,4,7,8,9, THE DEFENDANT;
26  MY POINT IS I HAD ALREADY EXPRESSED, AS FAR AS MY RIGHTS
27  TO REFUSE, THE COURT; I DON'T NEED YOU TO REARGUE THE MOTION.
28  THE DEFENDANT; YES MA'AM. MR. ADAIR: IT LOOKS LIKE 5 JANUARY (05) YOUR HONOR.

MR. E.W. BURTON #F02720
P.O. BOX 5246-CSATF/SAC-I-132L
CORCORAN, CA. 93212

1  THE COURT: ALL RIGHT. SEE NOW EXHIBIT "A", PAGE 58, RT EXCERPT,
2  217, LINES 4-6, 19-28, SEE ALSO EXHIBIT "A" PAGE 59, RT EXCERPT-
3  218/250, LINES 1,2,3,4,7-12,15,18.
4  THE COURT: SO I'M GOING TO SUSPEND PROCEEDINGS
5  SO THAT WE CAN HAVE THE EVALUATION UNDER PENAL CODE
6  SECTION 1368. MY CLERK WILL BE SETTING — OR CONTACTING
7  THE DOCTORS. DO I NEED TO — I DON'T APPOINT A PanoreoUS
8  THE COURT: ALL RIGHT, BACK ON THE RECORD.
9     AND MR. BURTON, JUST SO YOU UNDERSTAND HOW THIS WILL
10  PROCEED — I'M ORDERING A SPECIAL HEARING IN WHICH A
11  DETERMINATION WILL BE MADE ABOUT YOUR ABILITY TO STAND
12  TRIAL. AND IF YOU ARE FOUND MENTALLY ABLE TO DO SO, THEN
13  THE CRIMINAL PROCEEDINGS WILL CONTINUE. IF YOU'RE FOUND
14  MENTALLY INCOMPETENT TO STAND TRIAL, YOU'RE BE PLACED IN
15  THE HOSPITAL OR OTHER SUITABLE FACILITY UNTIL SUCH
16  TIME AS YOU ARE ABLE TO STAND TRIAL. — MR. ADAIR, DO I
17  NEED TO ADVISE HIM OF HIS CONSTITUTIONAL STATUTORY
18  RIGHTS ON THE RECORD? MR. ADAIR: NO, YOUR HONOR,
19     THE COURT: ALL RIGHT, THE CLERK: THE EXAMINATION DATE
20  WILL BE APRIL 8TH, 05 AT 8 A.M. IN ROOM 1003, HEARING DATE WILL BE 4-
21  27-05, 9 A.M. DEPARTMENT 57; THE COURT. THEN IS THERE ANYTHING
22  ELSE THAT NEEDS TO BE PLACED ON THE RECORD BEFORE WE ARE
23  IN RECESS? ALL RIGHT. WE ARE IN RECESS. MS HANNAH: OKAY.
24  (AT 9:30 AM, THE PROCEEDINGS WERE ADJOURNED. NOW SEE
25  EXHIBIT "A" PAGE 61 RT EXCERPT 0121 ( FARETTA PRO SE MOTION STIPULATED, ON
26  FACE ONLY, FILE STAMPED MAY 27, 2005, PETITIONERS COMPETENCE
27  WAS REESTABLISHED ON 23 MAY 05 BY JUDGE KRAUL. SEE ARROW AND WORD
28  HERE INDICATING "FARETTA PROSE, THAT WAS NEVER RULED ON,

42

1  SEE EXHIBIT "A" PAGE 62, RT EXCERPT 251, LINES 14-120 STATES "EL CAJON
2  CALIFORNIA, WEDNESDAY, JUNE 1, 2005, THE COURT: PEOPLE VERSUS ERIC
3  BURTON. MR. ADAIR: GOOD AFTERNOON, CHARLES ADAIR FOR
4  MR. BURTON, WHO IS PRESENT BEFORE THE COURT. THE COURT: THE
5  DEFENDANT IS BEFORE THE COURT FOR CRIMINAL PROCEEDINGS,
6  HAVING BEEN REINSTATED, AND IT'S A MATTER OF SETTING THE
7  MATTER FOR TRIAL AND READINESS, CORRECT, MR. ADAIR: THAT'S
8  CORRECT, YOUR HONOR. MR. BURTON ALSO WANTED TO BRING
9  A MARSDEN MOTION. THE COURT: ARE YOU APPOINTED, MR. ADAIR?
10 MR. ADAIR: YES, I WAS, YOUR HONOR. THE COURT: OKAY, ALL RIGHT,
11 "I'VE GOT THIS HANDWRITTEN MOTION HERE" (FARETTA PRO SE 1995)
12 -- WE WILL DEAL WITH THE MARSDEN MOTION AT THIS TIME,
13 SO WE WILL CLEAR THE COURTROOM AND PROCEED WITH THAT
14 HEARING - SEE EXHIBIT "A" PAGE 63, RT EXCERPT 252, LINES
15 7-11, 16-19, 26, 27, 28, ALSO SEE EXHIBIT "A", PAGE 64, RT EXCERPT
16 253 LINES 1, 2, 3, 4, 6, 7, 20, 23, 24. THE COURT: MR. BURTON, YOU HAVE
17 INDICATED THAT IT IS YOUR DESIRE TO DISCHARGED MR. ADAIR AS YOUR
18 ATTORNEY OF RECORD; IS THAT CORRECT? THE DEFENDANT: THAT IS CORRECT,
19 SIR. THE COURT: ALL RIGHT. -- WHY DO YOU THINK HE SHOULD BE
20 DISCHARGED AS YOUR ATTORNEY OF RECORD? THE DEFENDANT: I HAVE
21 RECKLESS MISREPRESENTATION [-] CONFLICT OF INTEREST, PERTAINING
22 TO MY SIXTH AMENDMENT RIGHTS, FROM WHAT I UNDERSTAND, NO ONE
23 CAN PREVENT A CLIENT FROM HAVING CONTACT WITH HIS ATTORNEY
24 ALSO, I HAVE SOME MOTIONS AND SOME PAPERS HERE. THE COURT: WE'RE
25 NOT GOING TO GO INTO THE MOTION HERE MR. BURTON, (THE COURT) WE WILL
26 ONLY DEAL WITH THE MARSDEN HEARING AT THIS TIME -- (SEE BRIEFLY EXHIBIT "A"
27 PAGE 39 RT, EXCERPT 203 LINE 2, 3: MR. ADAIR (10 MARCH 05) -- I DIDN'T BELIEVE
28 HE COULD WIN HIS CASE, THE COURT: ALL RIGHT, WELL, ) (SEE ALSO EXHIBIT "A"

P.O. BOX 5246- CSATF/SP-CI-132L
CORCORAN, CA. 93212

1. PAGE 40, RT EXCEPT 204, LINES 17-20, 22, 24, 25, 26, 27, 28) (THE COURT:—
2. IMPOSSIBLE FOR MR. ADAIR TO EFFECTIVELY REPRESENT MR. BURTON
3. TO THE EXTENT THERE HAVE BEEN ANY DIFFICULTIES, IT SEEMS LIKE
4. SOME OF THEM HAVE BEEN CAUSED BY MR. BURTON NOT EITHER
5. WANTING TO SIGN CONSENT FORMS OR MAKING IT MORE DIFFICULT—
6. PREFER TO HAVE FACE-TO-FACE MEETINGS WITH HIS ATTORNEYS —
7. IT'S MORE EFFICIENT TO COMMUNICATE IN WRITING OR HAVE ANOTHER
8. COME ON YOUR ATTORNEY'S BEHALF. SO I DON'T THINK THAT'S A
9. BASIS TO CONCLUDE THAT THERE IS NOT EFFECTIVE REPRESENTATION. SO
10. THE MARSDEN MOTION IS DENIED) (HON. JUDGE HALGREN (6 MARCH 05)
11. SEE EXHIBIT "A" PAGE 68, RT. EXCERPT 257, LINES 8-11, 20-28, SEE ALSO EXHIBIT A
12. PAGE 69, RT EXCERPT 258. LINES 5,6,7,8,9,10,11,12, 15,16, THE DEFENDANT ON
13. THE RECORD, BEFORE I CALLED MY MARSDEN (REFERRING TO 16 MARCH 05), I
14. STATED MY INTENTION TO GO PRO PER AT THAT TIME PER MY SIXTH AMENDMENT
15. RIGHTS, AND I BELIEVE THE COURT ERRORED IN DENYING ME MY RIGHT
16. TO GO PROPER. — JUDGE PRECKEL STATED (11-05-04) THAT HE FOUND
17. ME COMPETENT, FROM MY UNDERSTANDING, IF A DEFENDANT IS
18. COMPETENT AND HE HAS MADE A TIMELY MOTION TO GO PRO PER,
19. HE HAS THAT RIGHT TO DO SO. I MADE A TIMELY MOTION TO GO
20. PRO PER AND I BEGAN TO EXPLAIN THAT TO THE JUDGE (HON. JUDGE HALGREN)
21. BUT I WAS, I FELT THE COURT AND MR. ADAIR WERE OVERREA-
22. CHING AND PLACED ME UNDER A 1368 HOLD AND ORDERED ME TO
23. UNDERGO A COMPETENCY HEARING. SEE NOW EXHIBIT 'A' PAGE 69, RT
24. EXCERPT 258. - HOWEVER, I WAS FOUND COMPETENT. I FELT THAT
25. THE COURT ERRORED AND VIOLATED MY SIXTH AMENDMENT RIGHTS, THE
26. JUDGE ALSO VIOLATED MY 14TH RIGHTS TO DUE PROCESS, AND WHEN YOUR
27. DUE PROCESS IS VIOLATED, FROM MY UNDERSTANDING, I'D LIKE TO
28. MOTION THE COURT TO RELEASE ME FROM CUSTODY, I HAVE BEEN

P.O. BOX 5246 - CSATF/SP-CI-132L
Cor CORAN, CA. 93212

1  UNLAWFULLY DETAINED, THE COURT: NOW, MR. BURTON a
2  WE'RE NOT HERE ON UNLAWFUL DETENTION OR PROPER
3  RIGHTS, THE COURT OKAY. ALL RIGHT.
4  SEE EXHIBIT "A" PAGE 75, RT EXCERPT 265 LINES 9,10,12,13,15,16,20,21,
5  22. SEE ALSO EXHIBIT "A" PAGE 76, RT, EXCERPT 266, LINES 3-7,16,17.
6  21,22,25-28, SEE ALSO EXHIBIT "A" PAGE 77, RT, EXCERPT 267, LINES 1-3
7  9-10,18-25. THE DEFENDANT: MY POINT IS, YOUR HONOR, THAT I'M
8  INNOCENT OF ALL CHARGES. THE COURT: OKAY FINE. NOW, STOP.
9  MR. ADAIR IS OBLIGATED TO COMMUNICATE WITH — ALSO OBLIGATED
10  TO GIVE YOU THE BENIFIT OF HIS PROFESSIONAL OPINION — YOU
11  HAVE CHOSEN TO PLEAD NOT GUILTY AND MAINTAIN YOUR INNOCENCE.
12  SO YOU HAVE THE ABSOLUTE RIGHT. TO DO SO, THE COURT:
13  ANYTHING FURTHER, MR. BURTON? THE DEFENDANT: THE PROBLEM IS,
14  SIR, THAT I WAS UNLAWFULLY ARRESTED AND DETAINED. THE COURT:
15  "I DON'T WANT TO GO INTO THE FACTS OF THE CASE. —
16  THERE IS NO BASIS TO DISCHARGE MR ADAIR AT THIS TIME —
17  YOUR MOTION TO DISCHARGE HIM AS YOUR ATTORNEY OF RECORD
18  IS DENIED. — ["NOW, WE WILL BE OPEN AGAIN TO THE
19  DISTRICT ATTORNEY.] ["WE ARE AGAIN IN SESSION, PRESENT
20  IS THE DISTRICT ATTORNEY, MR. TROCHA."] (6-01-05) THE
21  PURPOSE OF THE HEARING NOW IS TO SET A TRIAL DATE AFTER
22  CRIMINAL PROCEEDINGS HAVE BEEN REINSTATED, THE TRIAL DATE
23  WILL BE ON MONDAY, JULY 11TH, IS THAT DATE GOOD FOR YOU. — MR. ADAIR
24  WHETHER OR NOT YOU WANT TO ASSIGN IT BACK TO HER. (MEANING HON. JUDGE HALCON)
25  MR. ADAIR: HE'D PREFER NOT TO WAIVE TIME. THE COURT: ALL RIGHT, YOU STILL
26  WANT IT ON THE 19TH MR. ADAIR? MR. ADAIR: YES SIR. THE COURT: WITH
27  THREE DAYS REMAINING MR. ADAIR: YES SIR. THE COURT: TUESDAY, JULY 19TH 9 O'clock
28  A.M. IN THIS DEPARTMENT

MR. BURTON # F02738
P.O. BOX 5246 - CSATF/SP C/3-133
CORCORAN, CA. 93212

1   SEE EXHIBIT "A" PAGE 77, RT. EXCERPT 267, LINES 26-28, AND ALSO

2   EXHIBIT A, PAGE 78, RT EXCERPT 268 LINES, 1-4,6,7,8, TO NUMBERS 1,6,7,

3   14. MR. ADAIR: ALSO, THERE MAY BE, AS WE DISCUSSED,

4   THERE MAY BE SOME RECORDS THAT I HANDED TO THE COURT

5   PURSUANT TO SUBPOENA, IF THOSE COULD BE RELEASED TO

6   ME? THE COURT: WHO ARE THEY FROM? MR. ADAIR, THEY'RE

7   MR. BURTON'S MEDICAL RECORDS, MR. TROCHA: THEY'RE THE

8   (ALLEGED) VICTIMS POLICE RECORDS. SEE EXHIBIT "A," PAGE 108,

9   RT. EXCERPT 0139, LINES 1-28 (THE DEFENDANTS ARGUMENT IN

10  MOTION SENT TO COURT. STATEMENT OF RELEVANT FACTUAL

11  BACKGROUND, CLEARLY THE TRIAL COURT ERRED, PREDJUDICIALLY

12  BY OVERREACHING AND PLACING PETITIONER ON A 1368 HOLD,

13  AFTER HE HAD ALREADY BEEN DEEMED LAWFULLY COMPETENT 11-05-04.

14  ON 16 MARCH 05, THEN ERRORED ON 24 MARCH 05, AS PETITIONER

15  MADE HIS FARETTA PRO SE MOTION TO COURT TIMELY AND AN

16  INQUIRY SHOULD HAVE BEEN MADE, COUNSEL SHOULD'VE BEEN

17  APPOINTED TO ASSIST DEFENDANT FOR HIS MARSDEN ON

18  6-01-05 AFTER PETITIONERS COMPETENCE HAD BEEN REESTABLISHED

19  THE COURT PREJUDICIALLY ERRORED IN FAILING TO RULE ON

20  PETITIONERS FARETTA PRO SE/995 MOTION WHEN PROSECUTOR

21  MR. TROCHA WAS PRESENT ON RECORD, TRIAL COURT HON.

22  JUDGE HAL GREEN AND HON. JUDGE EXARHOS ABUSED THEIR DISCRETION

23  IN FAILING TO RULE ON APPROX 3 TIMELY MOTIONS FOR

24  SELF REPRESENTATION BY RECORDS OF EXCERPTS. PETITIONERS

25  6TH AND 14TH AMENDMENT DUE PROCESS CLAUSES AND EQUAL

26  PROTECTION CLAUSES WERE VIOLATED BY THE TRIAL COURT.

27  AS COURT MISSTATES THE FACTS CONCERNING PETITITIONERS

28  TIMELY ASSERTED RIGHTS TO SELF REPRESENTATION, A, PER SE

46

EARL BURTON   F02720
P.O. BOX 5246 - CSATF/SP-C1-132L
COR CORAN, CA, 93212

1   REVERSAL IS WARRANTED.

2   AS THE EXCERPT'S SHOW PETITIONER WAS LITERATE

3   COMPETENT, AND RATIONAL, IT WAS PREJUDICIAL

4   REVERSIBLE ERROR, AND AN ABUSE OF DISCRETION TO DENY

5   PETITIONERS U.S. CONST. 6TH AND 14TH AMENDMENT RIGHT AS

6   WELL AS THE HON. JUDGE PRECKEL INDICATED THE BILL OF RIGHTS.

7   TO SELF REPRESENTATION, AND TO MAKE A DEFENSE AS WE

8   KNOW IT, TO DEFEND HIMSELF PERSONALLY, AS DEFENSE

9   COUNSEL ADAIR ARGUED AT SENTENCING AND INQUIRY

10  SHOULD'VE BEEN MADE INTO DEFENDANTS TIMELY

11  FILED FARETTA PRO SE MOTION, AS THE COURT IN

12  ESSENCE GAVE COUNSEL LEAVE TO MOTION THE

13  COURT AT THE RIGHT TIME. THE TRIAL COURT ABUSED

14  IT'S DISCRETION IN FAILING TO RULE ON PETITIONERS TIMELY

15  FILED FARETTA PRO SE "MOTIONS" IN COURT FILE ON 27 MAY 05,

16  AND 07 JULY 05/08 JULY 05). SEE EXHIBIT "A" PAGE 81 RT EXCERPT,

17  0358(7-19-05), WE S, AT 10:00 A.M. STATES' COURT IS AGAIN IN SESSION WITH ALL

18  PARTIES PRESENT AS NOTED PREVIOUSLY, ATTORNEY ADAIR REQUEST THAT THE

19  MOTIONS THE DEFENDANT PREVIOUSLY FILED, WITHOUT THE KNOWLEDGE OF

20  ATTORNEY ADAIR BE ACCEPTED, THE MOTION IS DENIED. SEE EXHIBIT "A"

21  PAGE 82, RT. EXCERPT 753, DATED 7/22/05, APPROXIMATELY 3RD DAY OF TRIAL,

22  LINES 5-16. THE COURT: LET'S GO ON THE RECORD BEFORE WE

23  BRING IN THE JURY. I HAVE ANOTHER DOCUMENT THAT MR. BURTON

24  HAD SENT TO THE COURT. IT WAS ROUTED THROUGH DEPARTMENT 7,

25  I BELIEVE, BUT IT APPEARS TO BE ANOTHER "PRETRIAL" OR

26  TRIAL MOTION THAT HE HAD WANTED THE COURT TO "CONSIDER".

27  I'LL GIVE THAT TO MR. ADAIR, IF HE THINKS IT HASN'T BEEN

28  ADDRESSED AND HE WISHES TO ADDRESS THAT, "HE CAN DO

P.O. BOX 5246-C SATF/SPCI-132L
COR CORAN, CA. 93212

1. SO AT THE RIGHT TIME "] MR. ADAIR: THANK YOU, YOUR HONOR.
2. THE COURT: I THINK AT THIS TIME WE'RE READY TO BRING THE
3. JURY IN. SEE EXHIBIT "A" PAGE 83, R.T. EXCERPT 0364, DATED 7-21-05
4. AT 10:51 A.M. STATE'S COURT IS AGAIN IN SESSION WITH ALL COUNSEL
5. AS PREVIOUSLY NOTED, THE DEFENDANT, THE INVESTIGATING OFFICER,
6. THE "COURT PROVIDES ATTORNEY ADAIR WITH A MOTION THAT THE
7. DEFENDANT HAD SENT TO THE COURT AND STATES THAT [ALL] MOTIONS
8. NEED TO BE SUBMITTED THROUGH ATTORNEY ADAIR.
9. SEE EXHIBIT "A" PAGE 85, R.T. EXCERPT 1242, LINES 8-10, 12-16. MR. ADAIR: FINE.
10. THANK YOU, YOUR HONOR. YOUR HONOR (DAY OF SENTENCING 21 OCT. 05), THE FIRST
11. ISSUE, I BELIEVE, AS RAISED IN OUR PAPERS ARE MR. BURTON'S FARETTA
12. MOTION, -- HE HAD MAILED IT TO THE COURT AND IT HAD BEEN FILED
13. APPARENTLY ON OR ABOUT JULY 7TH OF THIS YEAR BEFORE TRIAL
14. STARTED. AND I BELIEVE TRIAL STARTED ON JULY 18 OR 8TH --
15. AND IT'S OUR CONTENTION THAT, THAT NEEDED TO BE RULED ON.
16. SEE EXHIBIT "A" PAGE 87, R.T. EXCERPT 1243, LINES 14; 16, 18-27
17. MR. ADAIR: THE SITUATION REALLY WOULD GIVE RISE TO A -- ACQUITTAL
18. -- FOR ALL OF THOSE REASONS AND PARTICULARLY THE REASONS THAT
19. IT IS IN THE INTEREST OF JUSTICE, THIS IS THE KIND OF THING THAT
20. COULD AFFECT A JURY, MOST PROBABLY WOULD AFFECT A JURY,
21. WE'RE ASKING FOR A NEW TRIAL. THE COURT: OKAY. THANK YOU
22. MR. TROCHA WOULD YOU CARE TO RESPONSE? MR. TROCHA: YES,
23. YOUR HONOR. FIRST AS TO THE FARETTA ISSUE; I DON'T RECALL
24. MR. BURTON BEFORE TRIAL -- SEE EXHIBIT A, PAGE 60, PAGE 61,
25. R.T. EXCERPT 0121, PETITIONER STIPULATES TO THE FACE OF THE
26. MOTION ONLY, DENIES ALL OTHER PAGES. SEE BELOW LINE 26
27. INDICATED BY ARROW AND WORD "HERE" e.g. FARETTA PRO SEE HERE -
28. NOW SEE EXHIBIT "A", PAGE 62, R.T. EXCERPT 251 LINE 16, 17. THE COURT: --

48

P.O. BOX 5246-CSATF/SP-C1-132L
COR CORAN, CA. 93212

1. (THE COURT:) OKAY (HON. JUDGE EXARHOS - 6-01-05) ALL RIGHT. I'VE GOT THIS
2. HANDWRITTEN MOTION HERE, SEE EXHIBIT A, PAGE 64, R.T. EXCERPT 253 LINES 1, 2 ¢, B
3. THE DEFENDANT: ALSO, I HAVE SOME MOTIONS AND SOME PAPERS HERE, THE COURT:
4. WE'RE NOT GOING TO GO INTO THE MOTION HERE, MR. BURTON, SEE EXHIBIT A.
5. PAGE 65, LINES 15, 16, 18, 19, 20, 21, 22, 24, THE COURT: MR. ADAIR, YOU ARE
6. SAYING IS WORKING FOR THE PROSECUTION? THE COURT: IS THAT
7. WHAT YOU ARE SAYING? THE DEFENDANT: YES. SIR -- I AM SAYING
8. HE'S STATE INTER POSED. THE COURT: HE'S WHAT? MR. ADAIR: HE'S
9. STATE INTER POSED. THE COURT: STATE INTERPOSED? THE DEFENDANT:
10. HE'S COURT APPOINTED. SEE EXHIBIT "A" PAGE 76, R.T. EXCERPT 266, LINES
11. 6, 7, 16, 17, 25-28, ALSO EXHIBIT "A" PAGE 71, R.T. EXCERPT 267, LINES 1-2, 24,
12. 25, THE COURT: I DON'T WANT TO GO INTO THE FACTS OF THE CASE. --
13. THERE IS NO BASIS TO DISCHARGE MR. ADAIR AT THIS TIME. -- YOUR
14. MOTION TO DISCHARGE HIM AS YOUR ATTORNEY OF RECORD IS DENIED.
15. — ["NOW, WE WILL BE OPEN AGAIN TO THE DISTRICT ATTORNEY."
16. WE ARE AGAIN IN SESSION, PRESENT IS THE DISTRICT ATTORNEY,
17. "MR. TROCHA"]. THE PURPOSE OF THE HEARING NOW IS TO
18. SET A TRIAL DATE AFTER CRIMINAL PROCEEDINGS HAVE BEEN
19. REINSTATED. THE COURT: TUESDAY, JULY 19TH, 9 O'CLOCK A.M., IN
20. THIS DEPARTMENT. SEE EXHIBIT A, PAGE 79, R.T. EXCERPT 270/299, LINES
21. 1, 2, 16, 17, 19, ALSO SEE EXHIBIT "A" PAGE 78, R.T. EXCERPT 268, LINE 28 —
22. THE COURT: SO I AM GOING TO ASSIGN IT BACK TO JUDGE HALGREN
23. AND FOR JUDGE HALGREN FOR THAT PERIOD OF TIME GO DOWN AND TALK
24. TO HER -- TALK TO HER, GET A HOLD OF MS. HANNA, HAVE HER AND
25. MR. ADAIR GO TALK TO HER -- (THE PROCEEDINGS WERE CONCLUDED),
26. CLEARLY THE PROSECUTOR WAS PRESENT THE HON. JUDGE
27. EXARHOS ABUSED HIS AUTHORITY BY NOT MAKING A WINDHAM
28. INQUIRY, THE PROSECUTOR REJOINED THE PROCEEDINGS AND

MR. JOHN BURTON #BQ7720
B.O. BOX 5246 - C STATE/SP-CI-132L
COR CORAN, CA. 93212

1. THE COURT FAILED TO RULE ON PETITIONERS FUNDAMENTALLY
2. SEPARATE FARETTA PRO SE/995 MOTION AND THUS VIOLATED PETITIONERS
3. 6TH AND 14TH AMENDMENT DUE PROCESS, EQUAL PROTECTION CLAUSES, AS WELL
4. AS PETITIONERS FEDERALLY GUARANTEED U.S. CONSTITUTIONAL RIGHT TO
5. SELF REPRESENTATION. SEE NOW EXHIBIT 'A' PAGE 88, RT EXCERPT 1245,
6. LINES 18-24 THE COURT: BRIEF REPLY. MR. TROCHA: MR. BURTON HAS
7. A DOCUMENT, WHICH -- IT'S A COPY, I GUESS, OF THE DOCUMENT
8. WHICH HE HAD FILED APPARENTLY BACK IN JULY. I BELIEVE
9. IT APPEARS TO BE MAILED TO THE COURT AND PART OF MANY
10. ISSUES THAT HE RAISES IN THE DOCUMENT APPEARS TO
11. BE A FARETTA MOTION. SEE EXHIBIT 'A' PAGE 89, RT EXCERPT 1246,
12. LINES 1-28 'MR. TROCHA: THERE DOES APPEAR TO BE A FILE STAMP
13. ON THE ENVELOPE. THE COURT: WHATEVER HAS BEEN FILED
14. WITH THE COURT WOULD BE IN THE COURT FILE. MR. ADAIR:
15. COULD I HAVE THIS FILED AS AN EXHIBIT, YOUR HONOR? THE COURT:
16. THE PURPOSE OF IT BEING? IS IT MR. BURTON'S REPRESENTATION THAT
17. THIS IS THE DOCUMENT HE FILED WITH THE COURT? MR. ADAIR: YES,
18. YOUR HONOR. THE COURT: WELL, WHY DON'T YOU LET ME LOOK AT IT.
19. IT MAY BE THAT WE HAVE IT IN THE COURT FILE, IN WHICH CASE
20. WE DON'T NEED TO DO THAT. (COUNSEL HANDS DOCUMENT TO THE COURT)
21. THE COURT: ALL RIGHT. THAT DOCUMENT IS IN THE COURT FILE AND
22. THERE IS AN ENVELOPE PRECEDING THE DOCUMENT WHERE THE
23. ENVELOPE IS FILE-STAMPED JULY 7TH. SO WE DON'T NEED TO HAVE
24. ANOTHER COPY. AND THAT, JUST FOR THE RECORD, IS A DOCUMENT
25. WHICH IS IN HANDWRITING IN PENCIL STATING AT THE BEGINNING "MEMORANDUM
26. OF POINTS AND AUTHORITIES, NOTICE OF MOTION, AND MOTION TO DISMISS
27. BECAUSE DENIAL OF RIGHT TO DUE PROCESS, SIXTH, FOURTH, AND FIFTH
28. AMENDMENT VIOLATIONS" AND THEN IT GOES ON WHERE ANOTHER

50

Aaron B. Burton # F02938
P.O. Box 5246 - CSATF / PCI-1300
Corcoran, CA. 93212

1. THREE OR FOUR INCHES OF -- RAISING OTHER ISSUES, AND IN THE MIDDLE
2. OF THAT ON THE FRONT PAGE THERE IS A REFERENCE TO THE WORD
3. "FARETTA" SO I THINK THAT MAKES THE RECORD AS TO WHAT WAS
4. FILED. SEE EXHIBIT "A" PAGE 90, RT EXCERPT 1247, LINES 1-15, 19-22, 24, 26.
5. SEE ALSO EXHIBIT "A" PAGE 91, RT. EXCERPT 1248, LINES 2, 3, 5-9, 14-17.
6. MR. ADAIR: THANK YOU, YOUR HONOR. THE COURT: ALL RIGHT, LET ME DEAL
7. FIRST WITH THE ISSUE OF RELATING TO THE CLAIM OF FARETTA, FIRST
8. OF ALL, I AM NOT SURE THAT THAT WOULD REALLY APPROPRIATELY
9. BE GROUNDS FOR A NEW TRIAL MOTION AS OPPOSED TO AN ISSUE
10. FOR WHICH THERE MAY OR MAY NOT BE AN APPELLATE ISSUE
11. TO RAISE, BUT IN ANY EVENT, EVEN IF IT WERE AN APPROPRIATE
12. GROUND, I WOULD BE DENYING IT FOR THE FOLLOWING REASONS:
13. THE PAPER WORK WAS SENT BY MR. BURTON TO THE COURT ON
14. EITHER JULY 7TH OR JULY 8TH. BOTH (TRIAL BEGAN 7-19-05) DATES
15. APPEAR ON THE ENVELOPE. THE NEXT COURT HEARING THAT WE HAD
16. AFTER THAT DATE WAS THE DAY OF TRIAL, AND IT WAS NOT
17. CALLED TO THE COURT'S ATTENTION THAT THERE WAS ANY
18. PENDING FARETTA ISSUE. -- ANY TIME HE HAD WANTED THE
19. COURT TO RULE ON THE FARETTA MOTION, HE CERTAINLY WOULD HAVE
20. HAD THAT OPPORTUNITY. I WILL NOTE THAT BACK IN MARCH -- MARCH
21. 23RD OF '05, IF I'M RECALLING CORRECTLY -- OR MARCH 24TH - DEFENDANT
22. AT THAT TIME HAD REQUESTED A FARETTA MOTION -- AND WE WENT
23. INTO RECESS -- RULING THAT COUNSEL WAS ADEQUATELY
24. REPRESENTING MR. BURTON, -- THE NEXT PROCEEDINGS WERE WHEN WE
25. HAD THE COMPETENCY ISSUES RAISED (PREJUDICIAL ERROR) THE PROCEEDINGS
26. WHICH WERE SUSPENDED, AND UPON HIS RETURN TO COURT IN JULY,
27. (COURT MISTAKEN DEFENDANT RETURNED TO COURT JUNE 01, 05 WITH A
28. FILED STAMP FARETTA PRO SE MOTION FILE STAMPED 5-27-05 -) HE DID

51

P.O. BOX 5246 CSATF/SP-C1-132U
CORCORAN, CA. 93212

1  NOT TO MY RECOLLECTION EVER AGAIN RAISED A FARETTA ISSUE, --
2  THE TRIAL -- I DON'T FEEL THAT THAT WAS BROUGHT TO THE
3  COURT IN SUFFICIENT FASHION FOR THE COURT TO RULE, AND,
4  THEREFORE, THAT GROUND FOR A MOTION FOR A NEW TRIAL IS DENIED.
5  SEE EXHIBIT "A" PAGE 92, RT EXCERPT 417, LINES 1-16. STATES "EL
6  CAJON, CALIFORNIA; THURSDAY," 6/21/05; 9:20 A.M. (THE FOLLOWING
7  PROCEEDINGS WERE HELD IN OPEN COURT OUT OF THE PRESENCE OF THE JURY.
8  THE COURT: ALL RIGHT. WE ARE ON THE RECORD IN PEOPLE VERSUS
9  BURTON. COUNSEL AND DEFENDANT ARE PRESENT, AS IS THE INVESTIGA-
10 TING OFFICER. FIRST ORDER OF BUSINESS, I RECEIVED TODAY -- I~~ HAVE NOT SEEN THIS~~
11 ~~NOT SEEN THIS~~ -- A MOTION PREPARED BY MR. BURTON, AND I'M GOING
12 TO RETURN THAT TO MR. ADAIR. AS I MENTIONED THE OTHER DAY,
13 MR. BURTON, IF THERE ARE MOTIONS TO BE PRESENTED, THEY NEED
14 TO COME THROUGH MR. ADAIR. SO I'LL GIVE THAT TO HIM, I DON'T
15 KNOW IF THE CONTENT WAS ALREADY ADDRESSED WHEN WE
16 RULED ON ISSUES THE OTHER DAY, BUT ANYTHING THAT NEEDS
17 TO BE BROUGHT NEEDS TO BE THROUGH HIM. SEE EXHIBIT "A" PAGE
18 94, RT EXCERPT 457, LINES 1-7, AND 21. THE COURT: FIRST OF ALL, I DID
19 RECIEVE ANOTHER DOCUMENT, MR. BURTON, THAT YOU HAD SENT TO THE
20 COURT. IT JUST MADE IT'S WAY UP TO MY DEPARTMENT. I THINK IT
21 OVERLAPS WITH ISSUES MR. ADAIR RAISED ON THE FIRST DAY OF TRIAL.
22 AGAIN, I'M HANDING IT TO MR. ADAIR. SO IF THERE ARE ANY ADDITIONAL
23 LEGAL ISSUES THAT HE THINKS ARE APPROPRIATE TO FILE, HE CAN DO SO.
24 (SEE EXHIBIT "A" PAGES 93, AND 95, RT EXCERPTS 0147, AND 0142, FILE
25 WITH U.S POST OFFICE STAMP, ENVELOPES THAT CONTAINED ~~THESE~~ BURTONS MOTIONS,
26 FROM COURT FILE) MR. TROCHA: THAT'S FINE. SEE EXHIBIT "A" PAGE 96,
27 RT. EXCERPT 0127. LINES 1-28. SEE ALSO THE BEST COPY, EXHIBIT "A" PAGE
28 98. PAGE 2 OF MOTION FOR NEW TRIAL ON 21 OCT 05 LINES 1-2, 22, 27.

P.O. BOX 5246 - CSATF/SP C1-132L
CORCORAN, CA. 93212

1. A - (AGENT KIRK) I DON'T RECALL SEEING ONE. Q. (MR. ADAIR QUESTIONING) DO YOU REMEMBER

2. ANYTHING BEING ON TOP OF THE HONDA THAT YOU SEARCHED, PAPER, BACKPACK, OR ANYTHING? A -

3. (AGENT KIRK) ON TOP BEING — Q. (MR. ADAIR) ON THE ROOF OF THE CAR. A. (AGENT KIRK) I DON'T

4. RECALL. Q. (MR. ADAIR) DID YOU RECOVER ANY SUCH ITEMS FROM THE INSIDE OF THE CAR?

5. A. (AGENT KIRK) RECOVER AND TAKE AS EVIDENCE? Q. (MR. ADAIR) YES. A. (AGENT KIRK) I DON'T

6. BELIEVE SO, I COULD REFER BACK TO MY REPORT TO REFRESH MY MEMORY. Q. (MR. ADAIR)

7. COULD YOU TAKE A LOOK AT YOUR REPORT, PLEASE. A. (AGENT KIRK) OKAY. Q. (MR. ADAIR) DOES

8. THAT REFRESH YOUR MEMORY? A. (AGENT KIRK) SOMEWHAT. Q. (MR. ADAIR) HOW WOULD YOU

9. ANSWER THE QUESTION AT THIS TIME THEN? A. (AGENT KIRK) I WOULD HAVE TO SAY I

10. DON'T RECALL TAKING ANYTHING ELSE FROM A BACKPACK. Q. (MR. ADAIR) OKAY. DO YOU KNOW

11. WHERE THE CAR IS NOW? A. (AGENT KIRK) THE LAST TIME I SAW THE CAR IT WAS AT THE

12. TOW YARD. Q. (MR. ADAIR) HOW LONG AGO WAS THAT? A. (AGENT KIRK) IT WOULD HAVE BEEN

13. A COUPLE OF MONTHS AGO. MR. ADAIR; NO FURTHER QUESTIONS, THANK YOU. OFFICER THE WITNESS

14. (AGENT KIRK) THANK YOU SIR. THE COURT; MISS HANNAH ANY REDIRECT? MISS HANNAH; JUST BRIEFLY,

15. SEE EXHIBIT "A" PAGE 80, R.T. EXCERPT 797, LINES 1-11. THE COURT; ALL RIGHT SO YOU

16. HAVE YOUR FRAME WORK AS TO WHAT YOU CAN DO. MR. ADAIR; YES, YOUR HONOR. THE COURT;

17. I THINK — [MR. ADAIR; IT'S FUN BEING A PROSECUTOR.] THE COURT; IT DOES

18. PUT YOU IN A DIFFERENT ROLE, DOESN'T IT? ALL RIGHT, LET'S TALK ABOUT EXHIBITS.

19. WE DON'T REALLY IN MY VIEW NEED TO DO THIS ON THE RECORD BECAUSE WE WILL

20. DO A MORE FULL INSTRUCTION REVIEW ON THE RECORD AT THE END OF THE CASE.

21. SEE EXHIBIT "A" PAGE 112, R.T. EXCERPT 815, LINES 7-28 (DATED 7/25/05 MARSDEN) THE COURT;

22. MR. BURTON, WHAT IS — FIRST OF ALL, I WOULD LIKE YOU TO TELL ME WHAT CONCERNS

23. YOU HAVE ABOUT YOUR ATTORNEY. THAT'S ALL WE'RE DOING RIGHT NOW. THE DEFENDANT;

24. MAY I URGE THE COURT TO HAVE MY ATTORNEY SWORN? THE COURT; WHY? THE DEFENDANT;

25. BECAUSE HE NEEDS TO TESTIFY. THE COURT; YOU NEED TO TELL — THE DEFENDANT; THE

26. JUDGE MAY WANT TO ASK HIM — THE COURT; I'LL DECIDE IF I NEED TO DO THAT,

27. YOU TELL ME THE REASONS WHY AT THIS POINT IN THE MIDDLE OF A JURY TRIAL

28. WITH THE JURY WAITING OUTSIDE YOU WANT TO RAISE A MARSDEN MOTION. WHAT ARE THE

1 | REASONS? THE DEFENDANT: FOR ONE THING, YOUR HONOR, I HAVE JUDICIAL PREJUDICE.

2 | I HAVE JUDICIAL CONFLICT OF INTEREST AS YOUR HONOR WAS THE ONE WHO WAS

3 | MY BEST WITNESS IN THIS MATTER, AND I FEEL I'VE BEEN DENIED OF MY

4 | RIGHT TO A FAIR AND IMPARTIAL TRIAL BECAUSE YOU WERE THE ONE WHO SIGNED

5 | OFF ON THE TRO (TEMPORARY RESTRAINING ORDER APPROXIMATELY 2-23-04) WHO MADE ME

6 | AWARE THAT THOMAS HAD STRUCK ANGELA SANDERS "SEE NOW EXHIBIT "A" PAGE 113,

7 | R.T. 816, LINES 1-28. -- IN THE HEAD WITH THE GLASS, AND YOU ARE THE ONE THAT

8 | KNOWS THAT ANGELA SANDERS PERJURED HERSELF, BECAUSE IN YOUR COURT

9 | AT THE EX PARTE HEARING WHERE YOU PRESIDED AT, I HAD MY PAPERWORK

10 | FILLED OUT AS A PETITIONER, BUT YOU HAD MADE US SWITCH SEATS, YOU SAID

11 | THAT THE ACTION BEGAN IN THE FAMILY COURT, INITIATED THROUGH CHILD

12 | SUPPORT DIVISION BY MS. SANDERS, AND YOU MADE ME THE RESPONDENT, AND,

13 | THEREFORE YOU HAD KNOWLEDGE OF EVERYTHING. MY FEARS OF THOMAS WAS

14 | PRESENT, IF I CAN REFER YOU TO YOUR OWN TRANSCRIPT, YOU'LL SEE THAT

15 | HE (REFERRING TO MR. THOMAS) WAS STALKING ME THEN. THE COURT, AGAIN

16 | LET ME STOP YOU RIGHT THERE. SO IN WHAT WAY IS THAT A REASON FOR

17 | DISCHARGING MR. ADAIR? THE DEFENDANT: I WANT A MOTION FOR MISTRIAL,

18 | I HAVE A CONFLICT OF INTEREST WITH COUNSEL BECAUSE I MADE HIM

19 | AWARE OF THIS, AND I WANTED, YOU KNOW, TO HAVE HIM SWORN, HE'S

20 | AWARE OF THIS CONFLICT, THE COURT: OKAY ARE THERE ANY OTHER GROUNDS?

21 | THE DEFENDANT: WHEN I MADE MY MOTION TO GO PRO PER, I FELT YOU WERE

22 | PREJUDICE IN DENYING THAT AND ALL MY OTHER MOTIONS BECAUSE-- THAT

23 | DENIED ME -- IT DEPRIVED ME OF MY 14TH AMENDMENT RIGHT FOR DUE PROCESS,

24 | AND I'D LIKE A DISMISSAL BASED ON A VIOLATION OF MY 6TH AMENDMENT RIGHT

25 | AND MY 14TH AMENDMENT RIGHT, SEE NOW EXHIBIT "A" PAGE 114, R.T. EXCERPT 817,

26 | LINES 1,2,5-18, 21-28 - (THE DEFENDANT) BECAUSE YOU DENIED ME MY RIGHT TO GO

27 | PRO PER AND YOU KNEW THAT I WAS COMPETENT, SEE NOW EXHIBIT A, PAGE 14, R.T.

28 | EXCERPT 168, LINES 1-12. THE DEFENDANT: INVOKE MY SIXTH AMENDMENT RIGHTS TO

P.O. BOX 5246-CSATF/SP-CI-132L
COR CORAN, CA. 93212

1. REPRESENT MYSELF AS COUNSEL (16 MARCH 05). THE COURT: ALL RIGHT SIR, I'LL

2. TAKE THAT UP IN A MOMENT, I WANT TO FIRST DEAL WITH THE ISSUES THAT ARE ON

3. CALENDAR FOR TODAY. " I KNOW OVER THE COURSE AND THE HISTORY OF THIS

4. CASE" ISSUES LIKE THAT HAVE BEEN RAISED BEFORE, SO I'LL SET ASIDE

5. TIME AT THE END OF TODAY'S HEARING TO HEAR THOSE FROM YOU, ALL RIGHT,

6. AND THEN IF I GRANT YOUR MOTION, YOU WILL HAVE THE OPPORTUNITY TO ADDRESS

7. ANYTHING WE'VE ADDRESSED, THE DEFENDANT; EXCUSE ME, I WOULD LIKE A

8. MARDEN (ALSO) THE COURT: ALL RIGHT WE'LL DO THAT TOO - SEE NOW EXHIBIT "A"

9. PAGE 8, R.T. EXCEPT 21, LINES 1-17 (11-05-04 HON. JUDGE PACKEL) IF WHAT YOU'RE TELLING

10. ME IS THAT YOU HAVE A DOUBT ABOUT YOUR PRESENT MENTAL COMPETENCE TO PROCEED

11. WITHIN THE MEANING OF PENAL CODE SECTION 1368, ET SEQUITUR, I REJECT THAT

12. SUGGESTION OUTRIGHT BASED UPON MY INTERACTION WITH YOU HERE THIS

13. AFTERNOON. I CANNOT GET INSIDE YOUR HEAD IN A MANNER OF SPEAKING, BUT

14. CLEARLY THE MANNER WHICH YOU HAVE PRESENTED HERE THIS AFTERNOON, THE

15. MANNER IN WHICH YOU HAVE COGENTLY AND LOGICALLY SPOKEN AT LENGTH

16. CONCERNING YOUR CASE, ALL OF THAT CAUSES THE COURT TO CONCLUDE THAT

17. YOU'RE [ABSOLUTELY COMPETENT], [AS A MATTER OF LAW], AT THIS TIME SUCH

18. THAT THESE CRIMINAL PROCEEDINGS WILL GO FORTH [WITHOUT UNDUE INTERRUPTION]

19. FOR PURPOSES OF A 1368 EXAMINATION EVALUATION AND HEARING. [I FIND NO EVEN A

20. SCINTILLA OF EVIDENCE AS TO SUPPORT OR WARRANT THE SUSPENSION OF CRIMINAL

21. PROCEEDINGS IN THIS CASE. SO LET'S RETURN TO WHAT WE WERE ADDRESSING

22. HERETOFORE ] THE COURT HON. JUDGE HALGREN FAILED TO RULE ON PETITIONERS

23. INVOKED 6TH AMENDMENT RIGHT TO SELF REPRESENTATION ON 16 MARCH 05; AS THE EXCEPT

24. SHOWS THE FAILURE TO RULE, AND THUS THE DENIAL OF RIGHT TO SELF REPRESENTATION

25. AFTER HE HAD BEEN DEEMED CAREFULLY COMPETENT 11-05-04 WAS PREJUDICIAL

26. REVERSIBLE ERROR. COUNSEL ON DIRECT APPEAL RENDERED INEFFECTIVE ASSISTANCE OF

27. COUNSEL, IN OMMITTING THE FACTS, AND MISSTATING THE FACTS CONCERNING HIS

28. FIRST MOTION FOR SELF REPRESENTATION WAS 16 MARCH 05, NOT 24 MARCH 05 AND THAT THE FACT

55

MR. E.W. BURTON #FO2720
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212

1. THAT THE HONORABLE JUDGE ALLAN PRECKEL DEEMED PETITIONER LAWFULLY COMPETENT
2. ON 11-05-04. PETITIONER MADE A TIMELY PROFFERED MOTION FOR SELF REPRESENTATION
3. PER HIS FEDERALLY GUARANTEED RIGHT PER 6TH AND 14TH U.S. CONST AMENDMENT THAT
4. WAS NEVER RULED ON. SEE NOW EXHIBIT "A" PAGE 96, R.T. EXCEPT 0127, LINES 1-28,
5. (NOTICE OF MOTION TO DISMISS BECAUSE DENIAL OF RIGHT TO DUE PROCESS, 6TH, 4TH, AND
6. 5TH AMENDMENT VIOLATION & PRO/SE MOTION) ALSO SEE FILE STAMPED ENVELOPE EXHIBIT "A" PAGE
7. 93, FILE STAMPED 7-07-05, APPROXIMATELY 12 DAYS PRIOR TO TRIAL WHICH BEGAN 7-19-05, WITH THE
8. JURY SWORN ON 7-20-05, SEE EXHIBIT "A" PAGE 109, R.T. EXCEPT 036, NOW SEE, EXHIBIT "A" PAGE,
9. 114, R.T. EXCEPT 817, LINES 4-18, 21, 25-28, ALSO SEE EXHIBIT "A" PAGE 115, R.T. EXCEPT 818, LINES 1-16,
10. 20-26 (PETITIONER DENIES OMITTED PORTIONS) THE COURT; AND WHAT IS THE -- HOW DOES THAT
11. RELATE TO YOUR -- THE DEFENDANT; COUNSEL WAS AWARE OF THIS AND HE DID NOT
12. INFORM THE COURT, THIS IS NEGLIGENCE IN MY PROSECUTION -- HE DID NOT INFORM
13. THE COURT OF THIS MATTER, AND THAT IS THE INEFFECTIVE ASSISTANCE OF COUNSEL
14. IN VIOLATION OF MY 6TH AND 14TH AMENDMENT RIGHTS TO DUE PROCESS. I'D LIKE A
15. DISMISSAL ON THAT. COUNSEL IS AWARE THAT PROSECUTION HAS NOT PROVIDED
16. ME WITH ALL DISCOVERY AS MR. PLUMMER HAD MOTIONED MS. MARIA HANNAH WITH
17. MOTIONS ONE 7 BRADY -- FOR ALL DISCOVERY, PROSECUTION DID NOT RESPOND WITHIN
18. A TIMELY MANNER, THEREFORE, DENIED ME MY DUE PROCESS, BECAUSE I HAD THE
19. RIGHT TO BE ABLE TO KNOW THE EVIDENCE AGAINST ME. -- I WOULD OBJECT
20. TO ANYTHING PROSECUTION WOULD SAY AS FAR AS THEIR. SEE EXHIBIT "A" PAGE 25, R.T.
21. EXCEPT 189, LINES 21-28, ALSO SEE EXHIBIT "A" PAGE 26, R.T. EXCEPT 190 LINES 4. "THE COURT;
22. -- WHAT OTHER (16 MARCHOS MARSDEN HEARING) ISSUES ARE THERE BEYOND WHAT YOU'VE TOLD
23. ME HAVE NOT BEEN ADEQUATE BY THE DEFENSE? THE DEFENDANT; THE FACTS OF THE
24. CASE HAVE BEEN MISSTATED, -- I ASKED HIM TO FILE A MOTION WITH THE JUDGE --
25. YOURSELF -- ORDERING PROSECUTION TO TURN OVER ALL DISCOVERY BECAUSE MOTIONS
26. THAT WERE FILED BY MR. PLUMMER [JULY] -- TO COMPEL PROSECUTION TO TURN OVER
27. ALL DISCOVERY. SEE EXHIBIT "A" PAGE 26, R.T. EXCEPT 190, LINES 14-21, 27, 28 (16 MARCHOS MARSDEN)
28. ALSO SEE EXHIBIT "A" PAGE 27, R.T. EXCEPT 191, LINES 1-4, 7-10, 18-28. ALSO SEE EXHIBIT "A" PAGE 28, R.T. EXCEPT

P.O. Box 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212

1. 192, LINES 1-2, 5-11, SEE EXHIBIT "A" PAGE 29, RT EXCERPT 193, LINES 12-25, SEE ALSO EXHIBIT "A"
2. PAGE 30, RT 194, LINES 9-11, 17-23, 27, SEE EXHIBIT "A" PAGE 31, RT EXCERT 195, LINES 2,
3. 7-9, 14, 20-25, 27, 28, SEE EXHIBIT "A" PAGE 32, RT EXCERPT 196, LINES 1, 2, 4-8, 13-20, 22, 23, 25,
4. 26-28, SEE EXHIBIT "A" PAGE 33, RT EXCERPT 197, LINES 1, 4, 7, 8, 10, 12, 16-20, SEE NOW EXHIBIT A
5. PAGE 34, RT. EXCERPT 198, LINES 1, 2, 3, 8-17, 21-23, 25, 27, 28, SEE EXHIBIT "A", PAGE 35, R.T.
6. EXCERPT 199, LINES 1, 3, 4, 5, 8, 9, 11, 12, 16, 17, 18, 25-28, SEE EXHIBIT "A" PAGE 36, R.T. EXCERPT 200,
7. LINES 1-14, 17, 18-22, SEE EXHIBIT "A", PAGE 37, RT EXCERPT 201, LINES 9-12, 16-28,
8. SEE EXHIBIT "A" PAGE 38, RT. EXCERPT 202, LINES 2, 3, 8-11, 15-17, 21, SEE EXHIBIT "A" PAGE
9. 39, R.T. EXCERPT 203, LINES 1, 2, 3, 5, 7, 8, 9, 16-18, SEE EXHIBIT A, PAGE 40, LINE 1-7, 10,
10. 12, 17-20, 22, 24-28, ~~R.T. EXCERPT~~ SNOW OW R.T. EXCERPT 204, SEE EXHIBIT "A" PAGE 41, RT EXCERT,
11. 205, LINES 4-8, 15-18, 24-26, SEE EXHIBIT "A" PAGE 49, RT EXCERPT 0350, SEE NOW
12. EXHIBIT "A" PAGE 50, RT. EXCERPT 0351, SEE EXHIBIT "A" PAGE 51, R.T. EXCERPT 210, LINES
13. 1-4, 6-20, 22-28, SEE EXHIBIT "A" PAGE 52, RT EXCERPT 211, LINES 1-5, 16-28 SEE
14. EXHIBIT "A" PAGE 53, RT EXCERPT 212, LINES 14, 15, 17-28, SEE NOW EXHIBIT "A", PAGE 54,
15. R.T. EXCERPT 213, LINES 1-28 (PETITIONER DENIES ALL OMITTED PORTIONS AS INDICATIVE
16. BY BEING MARKED OUT.) SEE EXHIBIT "A" PAGE 55, RT EXCERPT 214, LINES 1-6, 9, 10, 12, 13,
17. 15, 16, 17, 22-26, SEE ALSO EXHIBIT "A" PAGE 56, R.T. EXCERPT 215, LINES 2-28, SEE EXHIBIT
18. A, PAGE 57, R.T. EXCERPT 216, LINES 1, 2, 6-8, 13-22, SEE EXHIBIT "A" PAGE 58, R.T.
19. EXCERPT 217, LINES 4-21, 22-28, SEE NOW EXHIBIT "A", PAGE 59, R.T. EXCERPT 218/250
20. LINES 1-4, 7-12, 15-19. THE COURT: I DO WANT TO NOTE, FOR THE RECORD, THE
21. DOCUMENT YOU HANDED TO ME WHEN YOU WERE TALKING ABOUT THE LADY WHO CAME
22. TO VISIT YOU IDENTIFIES HER AS CATHERINE DI FRANCESCA, WHO THE COURT
23. RECOGNIZES AS A PSYCHOLOGIST OR A PSYCHIATRIST WHO DOES COURT-APPOINTED
24. EVALUATIONS AND OTHERWISE, SHE DOES APPEAR TO BE SOME MENTAL HEALTH
25. EXAMINER, AND THE DATE REFERENCED IS -- I'M NOT QUITE SURE HOW TO READ THIS
26. DOCUMENT, BUT IT LOOKS LIKE JANUARY 5TH OF 05, (SEE EXHIBIT "A" PAGE 19, RT EXCERPT 183,
27. LINES 9-12-14, 19, 24, 25-28 THE DEFENDANT: -- ASSUMING I WOULD HAVE A VISIT WITH
28. MR ADAIR, QUITE TO MY SURPRISE, IT WAS BY SOMEONE THAT WAS NOT MY ATTORNEY

MR. E ILN POR JONN#428 PCR
P.O. BOX 5246-CSATF/SPC1-132L
CORCORAN, CA. 93212

1  THE COURT; LET ME MAKE SURE I UNDERSTAND. THE COURT; OKAY, NOW --

2  TELL ME SOMETHING ELSE BEYOND THIS VIOLATION OF ATTORNEY/CLIENT

3  PRIVILEGE. WHAT ARE YOUR OTHER CONCERNS? THE COURT; IT'S NOT A CAPITAL CASE

4  THE DEFENDANT; WELL, IT HAS TO DEAL WITH THE REST OF MY LIFE, AND I FEEL

5  THAT TIME AND EFFORTS NEEDED TO TAKE PLACE AS FAR AS PUTTING THIS CASE

6  TOGETHER AS FAR AS STRATEGY, -- I FEEL AS THOUGH THAT HAS NOT BEEN DONE. I

7  FEEL THAT, SEE EXHIBIT A, PAGE 20, RT EXCERPT 184 LINES 1-3 - THERE'S A CONFLICT

8  OF INTEREST HERE. AND IT HAS BEEN FROM THE VERY BEGINNING. I HAVE

9  EVIDENCE HERE THAT YOU CAN LOOK AT IF THE BALIFF CAN TAKE THIS. ) (SEE EXHIBIT A

10 PAGE 18, RT EXCERPT 182, LINES 4,5, 7-9, 12-16, 22-23 · THE COURT; OKAY, AND DO YOU

11 FEEL THAT MR. ADAIR HAS NOT PROPERLY REPRESENTED YOU? THE COURT; AND WHY DO YOU

12 FEEL THAT WAY? THE DEFENDANT; WELL, THERE'S BEEN A BREAK IN THE ATTORNEY/CLIENT

13 PRIVILEGE. -- I HAD CALLED HIS OFFICE, REQUESTING TO SEE HIM, BECAUSE I HAD

14 SOME INFORMATION FOR HIM ON SOME MATTERS PERTAINING TO MY CASE, HOWEVER --

15 A WOMAN SHOWED UP, ATTEMPTING TO INTERVIEW ME AND STATING THAT HER CAPACITY

16 WAS SOME SORT OF PSYCHIATRIST OR WHATEVER, I REFUSED THE INTERVIEW --

17 LAW, AND I FELT THAT I WAS VIOLATED AS FAR AS MY RIGHT TO PRIVACY AND MY

18 ATTORNEY/CLIENT PRIVILEGE WAS VIOLATED BY THIS) THE COURT; (EXHIBIT A" PAGE 24, RT

19 EXCERPT 190, LINES 27 AND 28) I'LL GIVE THIS BACK TO MR. ADAIR, BECAUSE HE MAY BE ABLE

20 TO INTERPRET IT, AND WE CAN AT LEAST PINPOINT THE DATE. THE DEFENDANT; [ MY POINT

21 IS I HAD ALREADY EXPRESSED, AS FAR AS MY "RIGHTS TO REFUSE" ] THE COURT; [ I

22 DON'T NEED YOU TO REARGUE THE MOTION ] THE DEFENDANT; YES MA'AM, MR. ADAIR;

23 IT LOOKS LIKE 5 JANUARY, YOUR HONOR, THE COURT; ALL RIGHT. -- OKAY I'LL TAKE

24 THAT BACK FOR THE MOMENT.

25

26

27

28

58

P.O. BOX 5246 CSATF/SPCI-132L
CORCORAN, CA. 93212

1  ADAIR DID NOT INFORM PETITIONER THAT THE TRIAL DATE HAD BEEN

2  TRAILED AND THAT VIOLATED DEFENDANTS RIGHT TO NOTICE, ON

3  MOTION FOR A NEW TRIAL ON 21 OCT 05, THE COURT WAS MISTAKEN

4  ~ TO THE FACTS CONCERNING PETITIONERS FARETTA MOTION, AS HE

5  HAD TIMELY FILED A FARETTA PRO SE MOTION ON 27 MAY, 05, AND

6  ON OR ABOUT 07 JULY 05, OR 08 JULY 05, THAT BOTH

7  WERE NEVER RULED ON - AND ALSO HIS ENVOKED 6TH

8  AMENDMENT RIGHT TO SELF REPRESENTATION WAS

9  NEVER RULED ON, THUS DEPRIVING PREPJUDICIALLY AND

10  ERRONEOUSLY OF HIS 6TH AND 14TH U.S. CONST. FEDERALLY

11  GUARANTEED RIGHT TO SELF REPRESENTATION, AND

12  ERRONEOUSLY AND PREPJUDICIALLY PLACED PETITIONER ON

13  A 1368 HOLD AFTER HE HAD ALREADY BEEN DEEMED

14  LAWFULLY COMPETENT BY THE HON. JUDGE PRECKEL ON 11-05-04,

15  PETITIONERS FUNDAMENTAL RIGHT TO A FAIR AND IMPARTIAL

16  TRIAL WAS VIOLATED BY THE TRIAL COURT, AS ALSO THE BIAS

17  TRIER OF FACT, WAS A DEPORTED MATERIAL WITNESS TO HIS DEFENSE

18  THAT ON COURT BUSINESS RECORDS. THE GOVERNMENT MISCONDUCT

19  IN SUPPRESSING THE TRIAL JUDGE, HON. LAURA HALGREN AS A WITNESS

20  AFTER A FILED, DEFENSE MOTION FOR DISCOVERY THAT ACCORDING TO COUNSEL ADAIR WAS

21  SERVED ON THE PROSECUTOR, MS. HANNA WITHOUT A RESPONSE VIOLATED PETITIONER'S

22  FEDERAL DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE 5TH, 6TH,

23  AND FOURTEENTH U.S. CONST. AMENDMENTS ADDITIONALLY, THE COURT, SPECIFICALLY

24  THE HON. JUDGE PRECKEL'S DENIAL OF COUNSEL AND DEFENDANT OF HIS RIGHT TO

25  AN IN CAMERA, ON OR ABOUT 1-28-05 AT THE 1538.5 HEARING VIOLATED PETITIONERS

26  14TH U.S. CONST. AMEND. DUE PROCESS AND EQUAL PROTECTION CLAUSES.

27

28

P.O. BOX 5246-C SATF/SP-C1-132L
CORCORAN, CA. 93212

1  ~~SOMETHING MR. BURTON IS ASKING FOR, IT'S SOMETHING SOMEWHAT~~

Error-2  ~~I'M ASKING FOR.~~   SEE NOW EXHIBIT E PAGE 7 R.T. EXCERPT 29

3  ~~LINES~~ *every* (1538.5 HEARING APPROX 1-31-05) LINES, 1-16; 18-23. MR. ADAIR: I

4  THINKS IT'S OBVIOUS TO THE COURT AT THIS TIME THAT MR. BURTON

5  IS VERY CONCERNED ABOUT THE OUTCOME OF THIS CASE AND IS—

6  THE COURT: I APPRECIATE THAT AND THAT'S CERTAINLY APPROPRIATE. MR. ADAIR:

7  AND HE REALIZES THAT HE'S FACING A POSSIBLE LIFE TOP SENTENCE WHERE

8  HE VERY WELL COULD DIE IN PRISON SHOULD HE GET THE— BE CONVICTED

9  OF THESE CHARGES, AND, THEREFORE, BE SENTENCED ON THE CHARGES

10  HE AND I HAVE BEEN TRYING TO WORK CLOSELY TOGETHER. I HAVE

11  BEEN TRYING TO INCORPORATE INTO THE MOTIONS AND INTO MY ARGUMENTS

12  HIS CONCERNS ABOUT THE EVIDENCE AND THE PROCEDURES THAT ARE

13  INVOLVED IN THIS CASE AND THE SEIZING OF EVIDENCE. AFTER HE READ

14  THE MOTION TO SUPPRESS THAT I FILED, MR. BURTON FELT THAT THE

15  STATEMENT OF FACTS WAS INADEQUATE AND DID NOT FULLY AND ACCURATELY

16  REFLECT THE—— IS ASKED ME TO CHANGE THOSE AND REFLECT MORE

17  ACCURATELY. SO THAT'S ONE OF THE REASONS FOR THE CONTINUANCE

18  OR THE REQUEST FOR A CONTINUANCE. THE COURT: WELL PARENTHETICALLY

19  IN THE COURT'S VIEW, THAT'S NOT A COMPELLING REASON TO GRANT A

20  CONTINUANCE OF THE SUPPRESSION HEARING. (SEE EXHIBIT "E", PAGE 8, R.T. EXCERPT 30

21  LINES, 20-26 MR. ADAIR: YOUR HONOR, AS FAR AS THE HISTORY OF THE CASE,

22  THE LAST TIME WE WERE IN COURT, JANUARY THE 6TH, I HAD REQUESTED OF

23  JUDGE EXARHOS ADDITIONAL TIME TO PREPARE FOR MOTIONS, TO COLLECT

24  EVIDENCE, AND I FELT THAT WE DIDN'T HAVE IT AT THAT POINT. IT WAS

25  MY IMPRESSION THAT JUDGE EXARHOS WAS GOING TO GRANT ~~THAT~~ *one every* THAT

26  ~~THAT POINT Error Err'd~~, BUT MR. BURTON OBJECTED TO ANY FURTHER DELAY IN THIS

27  CASE. SEE EXHIBIT "E", PAGE 3, R.T. EXCERPT 25, LINES 17-23 MR. ADAIR: MY CLIENT

28  INFORMS ME HE WANTS AN IN CAMERA HEARING. THE COURT: WELL, WHAT HE

MR. [illegible]
P.O. BOX 5246-CSATF/SPC1-132L
CORCORAN CA. 93212

1. WANTS AND WHAT HE'S GOING TO GET ARE TWO DIFFERENT THINGS. THERE'S NO
2. REASON TO GO IN CAMERA, WE'RE GOING TO PROCEED ON THE RECORD.
3. MR. ADAIR: MY CLIENT ALSO INFORMED ME HE WOULD LIKE A MARSDEN.
4. THE COURT: NO. WE'RE NOT GOING TO TAKE UP A MARSDEN MOTION BECAUSE,
5. AGAIN, I'M VERY FAMILIAR WITH THE HISTORY OF THIS CASE AND FRANKLY,
6. -- YOU'RE NOW THE THIRD ATTORNEY OF RECORD. AT ANOTHER TIME
7. HE HAS SOUGHT MARSDENS (UPON APPOINTMENT OF CONFLICTING COUNSEL
8. NEWTON APPROX 11-09-04) WHO REPRESENTED AN ALLEGED CO-DEFENDANT MR. MCKELVEY
9. AT DEFENDANT'S PRELIM, COURT FAILED TO INQUIRE INTO THE APPOINTMENT OF CONFLICTING
10. COUNSEL UPON DEFENDANTS THRESHOLD MARSDEN MOTION SEE AUTOMATIC REVERSAL IN
11. HOLLOWAY V. ARKANSAS, 435 U.S. 475, 490-491, 98 S. CT. 1173, 1181-1182, 55 L.Ed. 2d 426 (1978)
12. ("THUS, AN INQUIRY INTO A CLAIM OF HARMLESS ERROR HERE WOULD REQUIRE,
13. UNLIKE MOST CASES, UNGUIDED SPECULATION".) SEE NOW EXHIBIT "E" PAGE 4, RT.
14. EXCERPT 26, LINES 1, 2, 3, 4, 5, 28, (PETITIONER DENIES OMITTED PORTIONS) - AGAINST
15. PREVIOUS COUNSEL, AND I GUESS HE'S OF THE MIND THAT HE DRIVES
16. THIS CASE. -- AND I KNOW OF NO REASON THAT WOULD JUSTIFY A
17. MARSDEN HEARING PRESENTLY CONCERNING YOUR REPRESENTATION OF
18. HIM. MR. ADAIR: CAN I HAVE JUST A MOMENT, YOUR HONOR? (PAUSE) MR.
19. ADAIR: MR. BURTON IS INDICATING TO ME THAT THERE ARE SOME
20. ADDITIONAL ITEMS OF EVIDENCE THAT HE'S DISCOVERED THAT SHOULD
21. BE THE SUBJECT OF THE 1538.5 SUPPRESSION MOTION THAT WERE
22. NOT LISTED IN THE LIST OF ITEMS TO BE SUPPRESSED, THE COURT:
23. SOUNDS TO ME LIKE YOUR PRESENT MOTION AND THE LIKE MOTION
24. THAT WAS FILED BY THE PRIOR ATTORNEY, MR. PLUMMER, -- MR. ADAIR:
25. HE HAS A LIST OF APPROXIMATELY 41 ITEMS WHICH WERE SEIZED -
26. PART OF THE EVIDENCE LIST BY THE POLICE DEPARTMENT THAT HE
27. WISHES SUPPRESSED. THE COURT: WE'LL MAKE A COPY OF THAT LIST,
28. TREAT IT AS AN ATTACHMENT TO THE PENDING MOTION, AND DEEM THAT

1  EVIDENCE TO FALL WITHIN THE CONFINES OF THE PRESENT MOTION. --

2  DO YOU HAVE ANY QUARREL WITH THAT, MISS HANNAH? MS. HANNAH: NO

3  YOUR HONOR. THE COURT: ALL RIGHT. MAKE THESE COPIES. SEE EXHIBIT "E"

4  PAGES, RT EXCERPT 27, LINES 2,3,4, 7 -12 -17. 25 -28, SEE ALSO EXHIBIT "E"

5  PAGE 6, RT EXCERPT 28, LINES 1-15. MR. ADAIR: THERE ARE TWO OTHER ITEMS

6  THAT I DON'T BELIEVE ARE ON THE LIST. ONE IS A CAMERA THAT THE

7  ALLEGED VICTIM IN THIS CASE HAD AND APPARENTLY WAS USING TO --

8  THE COURT: SO HOW IS THAT PROPERLY SUBJECT TO A SUPPRESS MOTION?

9  MR. ADAIR COULD I HAVE A MOMENT, YOUR HONOR? MR. BURTON IS ASKING

10  FOR SOME TIME SO HE CAN FIND THE PAPER CONCERNING THE CAMERA

11  THE OTHER ISSUE MAY BE -- THE COURT: HE DOESN'T HAVE ANY

12  STANDING UNLESS IT IS AMONG THE ITEMS SEIZED FROM HIS

13  VEHICLE OR HIS RESIDENCE. MR. ADAIR: THE OTHER ITEM IS THE

14  AUTOMOBILE. THE COURT: ALL RIGHT FOR THE RECORD, THE TWO

15  PAGES THAT I DIRECTED THE CLERK TO COPY, THOSE ARE BEING

16  RETURNED TO MR. BURTON AT THIS TIME. COPIES THERE OF HAVE

17  BEEN MADE FOR THE COURT, ALSO FOR MR. ADAIR AND MISS HANNAH

18  AND THESE TWO PAGES WILL BE TREATED AS AN ATTACHMENT TO

19  THE MOTION RECENTLY FILED 1538.5 MOTION DEEMED A SUPPLEMENTAL

20  MOTION FILE STAMPED JANUARY 14TH (05) OF THIS YEAR AS FILED BY

21  MR. ADAIR. MR. ADAIR, GO AHEAD. MR. ADAIR: CONCERNING THE

22  CAMERA, I BELIEVE IT-- IS; BECAUSE IT'S PHYSICAL EVIDENCE

23  WHICH IS EXCULPATORY OR MAY -- (SEE EXHIBIT "E", PAGE 6, RT. EXCERPT 28

24  LINES 1 & ENDROW  LINES 1-14 -- BE (MR. ADAIR) EXCULPATORY, HE FEELS

25  IT IS EXCULPATORY. THE COURT: WELL, THAT'S PROOF AGAIN THAT A

26  LITTLE KNOWLEDGE IS A DANGEROUS THING. THAT CAMERA IS NOT

27  SUBJECT TO ANY SUPPRESSION MOTION, MR. ADAIR: YOUR HONOR, MR. BURTON

28  APOLOGIZES. I THINK HE UNDERSTANDS WHAT THE ISSUES ARE TODAY. AT THIS

1  TIME HE'S APOLOGIZING TO THE COURT THAT HE'S TAKEN UP YOUR TIME

2  ON AN ISSUE THAT IS REALLY MORE OF A TRIAL ISSUE OR DISCOVERY ISSUE

3  BY THE WAY, COULD I ADDRESS DISCOVERY BRIEFLY? THE COURT: NO,

4  WHEN I SAY "NO". — OF A (SEE LINES 22-24) REQUEST FOR A CONTINUANCE

5  OF THE TRIAL DATE AND/OR A MOTION OR DISCUSSION AS TO THE SUBJECT

6  MATTER OF THE DISCOVERY. SEE EXIBITE "E" PAGE 9' R.T. EXCERPT 31, LINES 10,

7  11, 12, 14 -28, ALSO SEE EXHIBIT E, PAGE 10 RT. EXCERPT 32, LINES 1-5, 7-9, 14, 18-28

8  MR ADAIR: ALL RIGHT. I THINK THE LAST ITEM YOUR HONOR, IS THERE ARE CERTAIN

9  ITEMS OF EVIDENCE THAT I WOULD LIKE TO LOOK AT PRIOR TO THE HEARING —VIEW.

10  THE COURT: YOU'RE GOING TO HAVE TO BE A LITTLE MORE SPECIFIC THAN THAT,

11  MR ADAIR: THERE ARE PHOTO GRAPHS THAT WERE TAKEN OF THE CAR, THE AUTOMOBILE

12  I DON'T KNOW — I DON'T HAVE A LIST OF PHOTOGRAPHS, I DON'T KNOW ANYONE

13  HAS EVER PREPARED, OR AT LEAST IT WAS NEVER GIVEN TO ME, SO I CAN'T SAY

14  WHAT PHOTO GRAPHS EXIST AND DON'T EXIST. BUT I BELIEVE THAT THEY'RE

15  IN THE REPORTS, IT DOES INDICATE THAT THERE ARE PHOTOGRAPHS OF

16  MR. BURTON'S CAR, AND PART OF OUR MOTION COVERS THE SEARCH OF THE

17  CAR ( PARKED ON THE CURTILAGE IN PETITIONERS REASONABLE EXPECTATION

18  OF PRIVACY) OF COURSE, IF — I'M NOT SURE WHAT THE PROSECUTIONS

19  POSITION IS AS FAR AS THE JUSTIFICATION FOR THE SEARCH OF MR. BURTONS

20  APARTMENT AND THE CAR, WHETHER THAT'S GOING TO BE RELEVANT. THE COURT:

21  JUSTIFICATION ASSERTED BY THE PEOPLE IS SET OUT IN THEIR OPPOSITION

22  AS HERETOFORE FILED THAT YOUR CLIENT, ALLEGEDLY, UNDER LINE ALLEGEDLY,

23  BECAUSE IT'S NOT YET BEEN ADDRESSED BY WAY OF EVIDENCE, — THE RESIDENCE

24  —SEARCH OF HIS APARTMENT- THE COURT: THAT'S THE ONLY BASIS UPON WHICH

25  THE PEOPLE ARE ASSERTING, AS I UNDER STAND IT AT LEAST, AS TO THE

26  RESIDENCE — — THE COURT: ALL RIGHT. — — AND, AGAIN, CONSISTENT WITH THE LOCAL

27  RULES OF COURT, THE TRANSCRIPT OF THE PRELIMINARY EXAMINATION IS RECEIVED

28  AS PART OF THE EVIDENCE FOR PURPOSES OF THIS PRESENT MOTION HEARING

MR. E.W. BURTON #C-82020
P.O. BOX 5246 - CSATF/SPC1-132L
CORCORAN, CA. 93212

1. THE SEARCHES AND SEIZURES IN QUESTION THAT GIVE RISE TO THIS
2. SUPPRESSION MOTION WERE DONE WITHOUT A WARRANT, AND, ACCORDINGLY,
3. THAT MEANS THE PEOPLE HAVE THE LABORING OAR TO SEEK TO
4. LEGALLY JUSTIFY THE SEARCHES AND SEIZURES WHICH ARE BEING
5. ATTACKED BY AND THROUGH THIS MOTION, AND SO, MISS HANNAH, YOU CAN
6. GET IN YOUR ROWBOAT AND START PULLING ON THE OARS, MS. HANNAH,
7. THANK YOU, YOUR HONOR, THE PEOPLE -SEE NOW EXHIBIT "E" PAGE 13, R.T.
8. EXCERPT 64, LINES 22-28, AND ALSO SEE EXHIBIT "E", PAGE 14, LINES 1-5,
9. MR. ADAIR: COULD I HAVE A MOMENT WITH MY CLIENT, YOUR HONOR?
10. THE COURT: SURE, "MR. ADAIR": MR. ADAIR, YES YOUR HONOR. (COUNSEL ASLEEP)
11. THANK YOU. BEFORE WE GO ANY FURTHER, YOUR HONOR, MR. BURTON WOULD
12. LIKE YOU TO READ HIM THE COURT RULES CONCERNING HIS RIGHTS
13. TO A CONTINUANCE, HIS RIGHT TO AN "IN CAMERA HEARING AND HIS
14. RIGHT TO APPEAL: THE COURT: WELL, I'M NOT GOING TO DO ANY
15. OF THAT AT THE MOMENT. PLUS IT'S NOT MY FUNCTION TO RECITE
16. LAW AND PROCEDURE FOR THE BENEFIT OF MR. BURTON, STATEMENT OF
17. RELEVANT FACTUAL BACKGROUND - AT THE 1538.5 SUPPRESSION HEARING
18. ON OR ABOUT 3/JAN03, COUNSEL ADAIR WAS ASLEEP, AND DEFENDANT WAS
19. WITHOUT LEGAL ASSISTANCE FOR A SUBSTANTIAL PORTION OF THE PROCEEDINGS
20. COUNSEL WAS ABSENT, UNCONCIOUS, UNPREPARED, MISSTATED FACTS IN
21. HIS MOTION TO SUPPRESS, DID NOT AT ALL TIMES KNOW WHAT WAS OCCURING
22. IN THE COURTROOM, PETITIONER WAS DENIED HIS 6TH A 14TH U.S. CONST. AMEND
23. RIGHT GUARANTEED FEDERALLY TO THE EFFECTIVE ASSISTANCE OF COUNSEL, SEE
24. EXHIBIT "E" PAGE 16, R.T EXCERPT 78, LINES 25-28, SEE ALSO EXHIBIT "E", PAGE
25. 17, R.T EXCERPT 79, LINES 1-7, 9-24 MR. ADAIR (QUESTIONING) BUT YOU WERE
26. NEVER READ YOUR RIGHTS; CORRECT? THE COURT: "HE'S ALREADY
27. ANSWERED THAT AND IT'S IRRELEVANT AND IT'S BECOMING VERY CLEAR
28. THAT MR. BURTON IS NOW DIRECTING THE QUESTIONING BY SCRIBBLING

MR. EDDIE BURTON #F82578
P.O. BOX 5246 CSATF/SP-CT-132L
COR CORAN, CA. 93212

1. NOTES FOR YOUR BENIFIT, MR. ADAIR, AND FRANKLY, A LOT OF THE
2. QUESTIONS ARE IRRELEVANT. DO YOU HAVE ANYTHING FURTHER?
3. MR. ADAIR: IF I COULD HAVE A MOMENT, YOUR HONOR. YOUR HONOR MY
4. CLIENT WOULD LIKE YOU TO KNOW THAT HE IS DISABLED AND HE HAS
5. A CERTAIN IMPEDIMENT AS FAR-- THE COURT: WHAT'S THAT SUPPOSED
6. TO MEAN? MR. ADAIR: I DON'T KNOW, YOUR HONOR. THE COURT: NOR DO
7. I. SO WE'RE GOING TO KEEP ON GOING. THE COURT: WELL I UNDER-
8. STAND THAT HE MAY HAVE A VISION PROBLEM, BUT THAT'S NEITHER HERE NOR
9. THERE FOR PURPOSES OF THIS PRESENT HEARING, DO YOU HAVE ANYTHING
10. FURTHER BY WAY OF QUESTIONS TO THE WITNESS? MR. ADAIR: NO
11. YOUR HONOR. SEE EXHIBIT "E" PAGE 18, RT EXCERPT 102, LINES 1-13, 19-28-
12. MOMENT? (MR. ADAIR) (PAUSE) MR. ADAIR: YOUR HONOR, COULD WE SUPPLEMENT THE
13. LIST OF ITEMS THAT WE'RE REQUESTING BE SUPPRESSED WITH AN
14. ADDITIONAL LIST? COULD THIS BE MARKED AS AN EXHIBIT?
15. THE COURT: WELL, LETS MAKE COPIES OF IT FOR YOU AND MISS
16. HANNAH, AND THEN I'LL REVIEW IT AND WE'LL GO FROM THERE.
17. MR. ADAIR: I DID SHOW IT TO THE PROSECUTOR, YOUR HONOR. THE COURT:
18. I WANTED HER TO HAVE A COPY OF IT. IS THIS SOMETHING YOUR
19. CLIENT GENERATED? MR. ADAIR: -- THIS IS ACTUALLY - THE
20. COURT: OH, ALL RIGHT. THEN LET ME SEE IT. --ENTITLED "EVIDENCE
21. LIST" AND ITEMIZED CERTAIN ITEMS -- AND THIS DOCUMENT
22. WILL SIMPLY BE TREATED AS AN ATTACHMENT TO MR. ADAIRS
23. MOTION TO SUPPRESS EVIDENCE AS PREVIOUSLY FILED.
24. SEE EXHIBIT "E" PAGE 11-RT EXCERPT 58, LINES 25-28, ALSO SEE EXHIBIT
25. "E" PAGE 59, LINES 1-7. MR. ADAIR: YOUR HONOR, MAYBE I MISSPOKE. WHAT
26. I SAID WAS CONFUSING. I HAD HIM UNDER SUBPOENA, THE PROSECUTION
27. DID NOT. THE COURT: I UNDERSTOOD MISS HANNAH TO SAY SHE DID HAVE HIM
28. (MR. MC KELVEY) UNDER SUBPOENA MS. HANNAH, NOT FOR THE MOTION, YOUR HONOR

65

MR. E. W. BURTON #F03720
P.O. BOX 5246-CSATF/SP-C1-132L
COR CORAN, CA. 93212

1. THE COURT: NO, I UNDERSTAND MS. HANNAH: FOR TRIAL.

2. THE COURT: DEFENDANT FOR TRIAL ON MONDAY, THE COURT: ON MONDAY.

3. MR. ADAIR: I'M SORRY, SEE EXHIBIT 'E' PAGE 3, R.T. EXCERPT 25, LINES,

4. 22-25- MY ADAIR: MY CLIENT ALSO INFORMED ME HE WOULD LIKE A MARSDEN.

5. THE COURT: NO. WE'RE NOT GOING TO TAKE UP A MARSDEN MOTION BECAUSE -

6. "STATEMENT OF FACT" CLEARLY THE COURT ABUSED IT'S DISCRETION IN FAILING TO INQUIRE INTO

7. DEFENDANT'S DISSATISFACTION WITH HIS UNPREPARED, ASLEEP, INEFFECTIVE

8. COUNSEL THIS ERROR WAS PREJUDICIAL, AS COUNSEL DIDN'T HAVE

9. ALL DISCOVERY SOME 6 MONTH'S AFTER SERVICE OF DEFENSE MOTION

10. FOR DISCOVERY. SEE EXHIBIT B, PAGE 20, R.T. EXCERPT 1235 - DATED 7-29-05,

11. LINES 5-11, 13-27 ALSO SEE EXHIBIT B, PAGE 21, R.T. EXCERPT 1236, LINES

12. 2-20, THE COURT: ALL RIGHT MR. BURTON, WHAT IS THE BASIS OF

13. THE MARSDEN MOTION? THE DEFENDANT: YES. IT'S INEFFECTIVE

14. ASSISTANCE OF COUNSEL: IT DEPRIVED MY SIXTH

15. AMENDMENT RIGHT TO AN EFFECTIVE DEFENSE BY NOT PROVIDING THE COURT

16. WITH PERTINENT INFORMATION THAT HE HAD KNOWN ABOUT THAT HE

17. DID NOT PRESENT TO THE COURT.-- WITNESSES,--ALSO HE FAILED TO

18. FILE THE APPROPRIATE MOTIONS THAT NEEDED TO BE FILED. HERE IS

19. A COPY FROM MR. PLUMMER -- A MOTION WHEREAS MY DUE PROCESS

20. WAS VIOLATED BY PROSECUTION'S FAILURE WITHIN A TIMELY MANNER

21. TO PROVIDE DEFENDANT WITH DISCOVERY, HE FAILED TO FILE THE

22. APPROPRIATE MOTIONS TO DISMISS DUE TO DUE PROCESS

23. VIOLATION -- THIS IS A LETTER THAT MR. PLUMMER HAD SENT TO

24. MS. HANNAH REQUESTING DISCOVERY, AND ANOTHER LETTER WHERE

25. DISCOVERY -- THE COURT WAS INFORMED THAT THE PROSECUTION

26. HAD ALREADY RECEIVED THE MOTION REQUESTING, UNDER BRADY

27. DISCOVERY. PROSECUTION DID NOT RESPOND-AND I WOULD LIKE

28. THE TRIER OF FACT TO RECONSIDER-- TO RE-RULE ON MY MOTIONS

MR. GEORGE BURTON JR.
P.O. BOX 5246-CSATF/SP-CI-132L
COR CORANICA, 93212

THE COURT; WELL ACTUALLY, MR. BURTON, LET ME STOP YOU
RIGHT THERE. DOES YOUR ENVELOPE PERTAIN TO YOUR EARLIER
MOTIONS? THE DEFENDANT; YES, IT DOES, MA'AM. THE COURT;
ALL RIGHT. THE PURPOSE OF A MARSDEN MOTION, AS WE PROCEED
THROUGHOUT THE TRIAL, IS TO RAISE ANY NEW POINTS, AS I TOLD
YOU WHEN YOU RAISED YOUR MARSDEN MOTION, I BELIEVE, ON
THE FIRST DAY OF TRIAL, YOU HAD RAISED ABOUT TEN POINTS, NINE
OF THEM —RAISED PRIOR TO THE FIRST DAY OF TRIAL, ONE OF THOSE
HAD TO DO WITH DISCOVERY ISSUES, I FIND AT THIS POINT
RAISING NEW DISCOVERY ISSUES OR ANYTHING RELATING
TO MOTIONS THAT YOU PREVIOUSLY HAVE RAISED REALLY DOES'NT
PERTAIN TO A BASIS FOR RELIEVING YOUR COUNSEL AT THIS STAGE.
AND SO IT WOULD BE UNTIMELY AT THIS END SUCH —— AND IT'S
DENIED. SEE EXHIBIT "A" PAGE 36, R.T. EXCERPT 200 (16 MARCH 05) LINES
11-14, 17, 18 -22. THE COURT—— MOTION TO COMPEL DISCOVERY. IS THERE
STILL ANY LURKING DISCOVERY ISSUES? MR. ADAIR; FIRST OFF——
AND IT CAN'T BE RESOLVED.—— FIRST OFF, I'VE SENT A LETTER TO
HER REQUESTING CERTAIN ITEMS, MR. PLUMMER DID THE SAME, MR.
PLUMMER FILED A MOTION THAT WAS SERVED ON HER.—— DISCOVERY
ISSUES WITH THE PROSECUTOR. SEE EXHIBIT B, PAGE 22, R.T. EXCERPT
#237, LINES 13, 14, 16 -24,' THE DEFENDANT; MAY I MAKE ONE OTHER
MOTION? THE COURT—— ON WHAT GROUNDS? THE DEFENDANT; A MOTION
FOR A RETRIAL, THE COURT; OKAY; THAT WOULD BE A SEPARATE MOTION;
YOU'RE CERTAINLY ENTITLED TO CONSULT WITH YOUR ATTORNEY TO DECIDE
IF YOU WANT TO FILE SUCH A MOTION. THE DEFENDANT; I'M SORRY.
A MOTION FOR APPEAL AND A MOTION FOR A RETRIAL. THE COURT; YOU
CAN CERTAINLY RAISE EITHER OF THOSE MOTIONS AT A FUTURE DATE,
BUT TODAY WOULD NOT BE THE DAY, SEE PROSECUTIONS REBUTTAL ON

1. EXHIBIT "B" PAGE 23, RT EXCERPT 329, LINES 4-10, 12, 20-23, AND 27

2. MR. ADAIR (AT TRIAL ON OR ABOUT 19 JULY 05,) WELL, WE'VE REQUESTED

3. PHOTOGRAPHS--I THINK IT STARTED WITH--WITH THE PRIOR ATTORNEY

4. ON THE CASE APPROXIMATELY A YEAR AGO REQUESTING PHOTOGRAPHS,

5. AND THEY-- I'VE RENEWED-- THAT WAS IN THE FORM OF, I THINK, A

6. LETTER AND AN ACTUAL FILED MOTION THAT WAS NEVER HEARD, A

7. "DISCOVERY MOTION. THAT WAS LAST YEAR, I FOLLOWED UP WITH

8. A LETTER, I FOLLOWED UP WITH A LETTER REQUESTING PHOTOGRAPHS,

9. THE COURT; MR. TROCHA, DO YOU HAVE ANYTHING TO SAY IN "RESPONSE"

10. MR. TROCHA; I DON'T KNOW THE HISTORY OF THE PHOTOGRAPHS OR

11. ANYTHING, THE COURT; OKAY, SEE EXAMPLE OF COURTS BIAS TOWARDS THE

12. DEFENSE TRUTH AND FACT FINDING, THE COURT SHOWING FAVOR OF PROSECUTION,

13. SEE EXHIBIT B, PAGE 58, LINES 12 - 22. MR. TROCHA; YOUR HONOR, THE ISSUE

14. I HAVE THOUGH IS THAT THE DEFENSE IS THEN GOING TO TURN AND ARGUE

15. THESES THREATS HAPPENED BECAUSE THE DEFENDANT TOLD HIS MOM

16. ABOUT IT. THE COURT; WELL, NO THEY'RE NOT, BECAUSE I'M GOING TO

17. INSTRUCT THE JURY THAT IT'S NOT BEING ADMITTED FOR IT'S TRUTH.

18. AND I'LL INSTRUCT THEM ON THAT AT THE TIME THE TESTIMONY IS

19. PRESENTED AND I'LL INSTRUCT THEM AGAIN AT THE CONCLUDING

20. INSTRUCTION, AND IF THAT ARGUMENT'S MADE DURING ARGUMENT,

21. YOU CAN OBJECT AND I'LL SUBSTAIN IT. SEE EXHIBIT B, PAGE 58, RT EXCERPT

22. SEE EXHIBIT B, 911, LINES 23, 25-28 MR. TROCHA; -- I MEAN, -- AND IT'S

23. ESSENTIALLY THE DEFENDANT'S TESTIMONY THROUGH HIS MOTHER, WHICH

24. THERE'S NO WAY I CAN EFFECTIVELY CROSS-EXAMINE HER ON THAT

25. BECAUSE --"WELL, THAT'S WHAT ERIC TOLD ME," SEE EXHIBIT "B" PAGE

26. 32, RT. 176, LINES 2-7, 9-19. MS. HANNAH THERE WERE NO PHOTOGRAPHS,

27. THE COURT; AND I TAKE IT THE PEOPLE DON'T (APPROX 3-24-05) HAVE ANY?

28. MS. HANNAH; WE DO NOT. THE COURT; ALL RIGHT WELL, DISCOVERY AS

MR. CASE IN BURTON #F02720
P.O. BOX 5246 - CSATF/SPC1-132C
COR CORAN, CA. 93212

1. TO THE PEOPLE, IF THEY DON'T HAVE IT, THEY CAN'T PRODUCE IT, --
20. PHOTOGRAPHS. -- AT LEAST INFORMALLY TO THE PROSECUTOR, THERE ARE
3. NONE. SO YOU CAN'T ORDER PRODUCTION OF SOMETHING THAT DOES'NT
4. EXIST. ANYTHING ELSE BEFORE WE DEAL WITH THE MARSDEN MOTION? (NOTE)
5. MR. ADAIR; THERE EWOE EWOE SEE EXHIBIT'B" PAGE 2, R.T. EXCERPT 719, LINES 1-2,
6. 14, -23, THE COURT; ALL RIGHT, LETS GO BACK IN THE HALLWAY FOR
7. A MOMENT. MR. TROCHA; WE HAVE EVIDENCE THAT THE DEFENSE HAS BROUGHT
8. OUT, AND IS GOING TO BRING OUT FURTHER IN THEIR CASE IN CHIEF, THAT MR.
9. THOMAS IS, IN FACT THE AGGRESSOR. NOW SEE EXHIBIT'B', PAGE 1, R.T.
10. EXCERPT 177, LINES. 1-7, THE COURT; ALL RIGHT. ANY RESPONSE BY THE
11. PEOPLE? MS. HANNAH; -- CIRCUMSTANCES AND THE RESULT OF THE
12. INCIDENT THAT OCCURED ON MARCH 19TH OF LAST YEAR. WHETHER
13. THE ISSUE -- THE WHOLE QUESTION OF THE TRIAL IS
14. WHETHER MR. BURTON IS THE PERSON THAT COMMITTED THE
15. (ALLEGED) CRIME, NOT WHETHER OR NOT MR. THOMAS IS, IN FACT
16. A (ALLEGED) VICTIM OF A CRIME. STATEMENT OF RELEVANT
17. FACTUAL BACKGROUND, DEFENDANT SHOWN BY THE EXCERPTS IN THE
18. PREVIOUS PAGES WAS LITERATE, UNDERSTANDING, COGNIZANT
19. THAT "SO MUCH IS AT STAKE", EXERCISING HIS 'INFORMED FREE
20. WILL TO SELF REPRESENTATION THAT HE CLEARLY BY THE
21. EXCERPTS DIDN'T ABANDON. THE COURT ABUSED IT'S DISCRETION
22. IN FAILING TO MAKE THE PROPER WINDHAM INQUIRY, AND
23. BY THE REASONING IN FARETTA, THE COURT FORCED A COUNSEL
24. ON AN UNWILLING DEFENDANT PREJUDICIALLY AND ERRONEOUSLY,
25. THE TRIAL COURT DENIED PETITIONERS FUNDAMENTAL RIGHT TO
26. A FAIR TRIAL AND HIS RIGHT TO MAKE HIS DEFENSE PERSONALLY
27. AS GUARANTEED BY THE U.S. CONSTITUTION SPECIFICALLY THE
28. 6TH AND 14TH DUE PROCESS AND EQUAL PROTECTION CLAUSES, AND SO REVERSAL IS WA-
29. RRANTED PER REASONING OF FARETTA V. CALIFORNIA SUPRA.