# TABLE OF CONTENTS

ATTACHMENT IN SUPPORT ......... 1
OF GROUND 4 - PAGES 1-4 ......... 2

MR. ERIC WILTON BURTON #F02720 INPROPER
P.O. BOX 5246 - C SATF/SP-C1-132L
CORCORAN, CA. 93212

ATTACHMENT IN SUPPORT OF GROUND 4

1. STATEMENT OF FACTS- AFTER THE PROSECUTOR EXERCISED A PEREMPTORY CHALLENGE
2. ON MS.R. DEFENSE COUNSEL MADE A THRESHOLD WHEELER MOTION, ARGUING THAT
3. MS.R. WAS THE ONLY BLACK INDIVIDUAL ON THE JURY PANEL. COUNSEL ARGUED
4. APPELLANT WAS BLACK, HE WAS ENTITLED TO HAVE MINORITIES ON THE PANEL, AND
5. THE PEREMPTORY CHALLENGE OF MS.R. VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS
6. UNDER THE CALIFORNIA AND UNITED STATES CONSTITUTIONS. SEE EXHIBIT "C" PAGE 6,
   R.T. EXCERPT 154
7. LINES 19-28, EXHIBIT "C", PAGE 7, R.T. EXCERPT 155 LINES 1-28: MR. TROCHA: THANK YOU, YOUR
8. HONOR. THE PEOPLE WOULD LIKE TO THANK AND EXCUSE MS. RODGERS. THE COURT: MS.
9. RODGERS, THANK YOU VERY MUCH. MR. ADAIR: YOUR HONOR, COULD WE APPROACH SIDEBAR
10. ON THAT? THE COURT: YOU MAY. LET'S DO THAT IN THE BACK WITH THE COURT REPORTER.
11. MR. ADAIR: YES, YOUR HONOR. (THE FOLLOWING PROCEEDINGS WERE HEARD AT SIDEBAR:)
12. MR. ADAIR: THE PROBLEM IS, YOUR HONOR, MS. RODGERS IS THE ONLY BLACK INDIVIDUAL ON
13. THE PANEL. AND IT SEEMS LIKE I DON'T THINK THE RECORD REFLECTS IT, BUT MY CLIENT
14. IS BLACK, AND I THINK WE'RE ENTITLED TO HAVE MINORITIES ON THE PANEL. IT SEEMS
15. LIKE IT WOULD BE A VIOLATION OF MY CLIENTS CONSTITUTIONAL RIGHTS UNDER BOTH THE
16. CALIFORNIA AND THE U.S. CONSTITUTION TO EXCLUDE MINORITIES FROM THE PANEL.
17. THE COURT: SO ARE YOU MAKING A WHEELER MOTION? MR. ADAIR: YES, YOUR HONOR.
18. THE COURT: ALL RIGHT. JUST GIVE ME A MOMENT. AT THIS POINT YOU NEED TO MAKE A
19. PRIMA FACIA SHOWING THAT THE TOTALITY OF THE RELEVANT FACTS GIVES RISE TO AN
20. INFERENCE OF A DISCRIMINATORY PURPOSE. IT'S NOT THAT THE LAWS -- NOT THAT YOU'RE
21. ENTITLED TO HAVE AN INFERENCE ON THE JURY PER SE, BUT THAT THE PROSECUTOR
22. USED A DISCRIMINATORY PURPOSE IN CHALLENGING HER. AT THIS POINT I DON'T
23. FEEL THAT I WOULD INITIALLY REQUIRE YOU (REFERRING TO THE PROSECUTOR) TO GIVE
24. REASON, BUT YOU DO YOU WISH TO PROVIDE ANY OPPOSITION OPPOSITION OR ARGUE
25. THAT NO PRIMA FACIA CASE HAS BEEN ESTABLISHED FOR THIS? MR. TROCHA: I DO,
26. YOUR HONOR, JUST FOR THE RECORD. I INITIALLY -- PATTERN. OBVIOUSLY -- BIAS.
27. THE COURT: THERE CAN BE A -- MR. TROCHA: MS. RODGERS WAS THE ONLY ONE.
28. SEE EXHIBIT C, PAGE 8, R.T. EXCERPT 156, LINES 1-3, 9-26, 28, ALSO SEE EXHIBIT C, PAGE 9,

①

MR. E. W. BURTON #F02720
P.O. BOX 5246-CSATF/SP-C1A32C
CORCORAN, CA. 93212
IN PRO PER.

1. R.T. EXCERPT 156, LINES 1, 2, 3, 4, 5, 6, 7, 8, PAGE 8 - THE COURT: SHE IS THE ONLY ONE.
2. MR. TROCHA: ASSUMING THAT STANDARD WAS MADE, WHICH I DON'T BELIEVE
3. IT HAS, -- I THINK SHE WOULD NOT BE A GOOD JUROR IN THIS CASE IN
4. GENERAL, ESPECIALLY FOR LISTING. -- CONSIDERING THE PEOPLE'S CASE.
5. THE COURT: WELL, I FEEL THAT -- DO YOU HAVE ANY ADDITIONAL RESPONSE YOU
6. WANT TO MAKE INITIALLY ON THE PRIMA FACIE ISSUE? MR. ADAIR: WELL, I THINK THAT
7. UNDER THE CIRCUMSTANCES WHERE THERE'S ONLY ONE MINORITY, AT LEAST
8. OBVIOUS MINORITY ON THE JURY, -- BUT IT JUST SEEMS LIKE HER RESPONSES WERE
9. NOT UNREASONABLE. THEY DIDN'T SEEM TO BE ANYTHING OTHER THAN WHAT A NORMAL
10. PERSON WOULD GIVE TO THAT TYPE OF QUESTIONING. THE COURT: ALL RIGHT.
11. WELL, I WAS WATCHING HER DURING THE DISCUSSION WITH BOTH COUNSEL, AND I FEEL
12. THAT THERE ARE A VARIETY OF NON-DISCRIMINATORY REASONS WHY PROSECUTION MAY
13. FEEL SHE WOULD NOT BE A GOOD JUROR FOR THEIR CASE. -- HER EXPRESSED
14. VIEWS (SEE EXHIBIT "C", PAGE 9, R.T. EXCERPT 157, LINES 1, 2, 6, 7, 8, 9,) ABOUT HER RELIGION,
15. AND HOW THAT MIGHT AFFECT HOW SHE MIGHT VIEW ISSUES OF SELF-DEFENSE --
16. I THINK THERE IS NOT A PRIMA FACIA BASIS THAT HAS BEEN ESTABLISHED AND THERFORE
17. THE MOTION IS DENIED. THANK YOU. - RELEVANT STATEMENT OF FACTS - THE TRIAL
18. COURT ERRED IN DETERMINING A PRIMA FACIE CASE DID NOT EXIST AFTER THE
19. EXCLUSION OF PROSPECTIVE JUROR MS. RODGERS WITHOUT RACE NEUTRAL
20. JUSTIFICATIONS BY THE PROSECUTOR. SEE VOIR DIRE PROCEEDINGS,
21. EXHIBIT "C", PAGE 1 R.T. EXCERPT 149, LINES 13-28. THE COURT: ALL RIGHT, MR.
22. TROCHA. MR. TROCHA: GOOD MORNING AGAIN. MS. RODGERS BROUGHT UP A VERY GOOD
23. POINT, AND THAT IS, A LOT OF PEOPLE HAVE DIFFERENT RELIGIOUS BELIEFS, SOME
24. STRONGER THAN OTHERS. DOES ANYBODY HAVE A PROBLEM OR CONFLICT WITH
25. THEIR BELIEFS THAT WOULD NOT ALLOW THEM TO SIT IN JUDGEMENT ESSENTIALLY
26. OF ANOTHER PERSON? AND WHEN I SAY THAT IS, WOULD THESE BELIEFS IMPAIR
27. YOUR ABILITY TO DETERMINE WHETHER OR NOT MR. BURTON IS RESPONSIBLE FOR
28. THE (ALLEGED) CRIMES HE'S ACCUSED OF COMMITTING BASED UPON THE

1. (CIRCUMSTANTIAL) EVIDENCE ALONE? I SEE NOBODY'S RAISING THEIR HANDS.
2. THERE'S ALSO BEEN A LOT OF TALK ABOUT SELF-DEFENSE, AND AGAIN
3. MS. RODGERS BROUGHT UP THE POINT THAT IF SOMEONE HAS A RIGHT TO
4. PROTECT THEMSELVES, THEY SHOULD PROTECT THEMSELVES. —
5. SEE EXHIBIT "C" PAGE 2, RT EXCERPT 150, LINES. 1-18, 20-28, ALSO SEE
6. EXHIBIT "C" PAGE 3, RT EXCERPT 151 LINES 1-10, 13, 18, 20-28.) MR. TROCHA: DOES ANYBODY HAVE
7. A PROBLEM TAKING OUT, I GUESS, WHAT REALLY HAPPENS VERSUS WHAT
8. SOMEBODY TELLS THEM? IN SAYING THAT, DOES ANYBODY HAVE A PROBLEM
9. JUST BELIEVING SOMEONE ON FACE VALUE WITHOUT ACTUALLY
10. LOOKING AT THE FACTS? I SEE NOBODY'S RAISING THEIR HANDS.
11. PROSPECTIVE JUROR RODGERS.
12. BY MR. TROCHA: Q. MS. RODGERS, I HATE TO PICK ON YOU AGAIN, BUT WHEN
13. YOU DID SAY THAT IT DID PEEK MY INTEREST SOMEWHAT BECAUSE
14. THIS IS A CASE INVOLVING A CLAIM OF SELF-DEFENSE. IF SOMEONE
15. ALONE WOULD JUST TELL YOU, "I WAS SCARED," WOULD THAT BE ENOUGH
16. FOR YOU TO SAY IT WAS DONE WITH JUSTIFICATION? A. WELL, IF
17. HE GAVE THE WHOLE DETAIL AND ALSO YOU LOOK AT ALL THE EVIDENCE.
18. Q. SO YOU'D HAVE TO LOOK AT THE EVIDENCE ALSO IN RELATION TO A
19. CLAIM? A. WELL, YES. — AND THEN YOU HAVE TO DO THE PROS AND CONS ON
20. IT. Q. NOW GETTING INTO THAT, IF A PERSON SEEMED TO ACT UNREASONABLY
21. IN A SITUATION, WOULD YOU STILL GIVE THEM THE BENEFIT OF THE DOUBT
22. THAT THEY ACTED REASONABLY IN THAT SITUATION? A. IT DEPENDS ON
23. THE SITUATION. Q. OBVIOUSLY — A. IF THE GUY CAME TO HIM AND SAID, "HEY,
24. I'M GOING TO KILL YOU," YOU KNOW, IT DEPENDS ON HOW VERBAL WAS HE? —
25. DID HE TRY TO STRIKE HIM? — WHO HAD THE RESTRAINING ORDER? HE DID
26. OR THE OTHER GUY? Q. WE'LL GET TO THAT. — YOU WOULD WANT TO SEE
27. THE SITUATION, EVERYTHING THAT OCCURED WITH THAT? A. I WOULD SAY
28. SO, ESPECIALLY IF WE HAVE TO SIT HERE AND WE'RE GOING TO HAVE TO

1. PASS JUDGEMENT, -- WE NEED TO SEE, TALL, -- AND IN MY SITUATION, I KNEW
2. THE STATUS OF THE GUY -- SO MAYBE THIS IS TOTALLY DIFFERENT FROM MINE,
3. I KNEW THIS WASN'T HIS REGULAR WAY OF BEING -- SO I KNEW TO SIT
4. THERE AND WAIT FOR HIM TO CALM DOWN. Q. THANK YOU VERY MUCH A. YOU'RE
5. WELCOME. MR. TROCHA: MS. RODGERS ALSO BROUGHT UP ANOTHER POINT,
6. WHICH IS, IN ESSENCE OF BEING A JUROR, YOUR JOB IS TO HEAR ALL
7. THE FACTS AND TO DECIDE GUILT OR IF THE PERSON'S NOT GUILTY.
8. DOES ANYBODY HAVE A PROBLEM SIMPLY WITH THAT, THAT THIS DECISION
9. IS AN IMPORTANT DECISION AFFECTING ANOTHER INDIVIDUAL'S LIFE?
10. I SEE NO HANDS. STATEMENT OF FACTS - PROSECUTIONS PEREMPTORY
11. CHALLENGE OF MS. RODGERS REFLECTED GROUP BIAS, AND DENIED
12. PETITIONER HIS FEDERALLY GUARANTEED RIGHT TO A FAIR AND IMPARTIAL
13. JURY, AND TRIAL, IN VIOLATION OF BOTH THE 6TH AND 14TH AMENDMENTS DUE
14. PROCESS AND EQUAL PROTECTION CLAUSES.

4