# Table of Contents

GROUNDS 5 - LOSS AND DESTRUCTION OF EVIDENCE, DUE PROCESS VIOLATIONS
STATEMENT OF FACTS - PAGES 1-12

ERIC W. BURTON #F02720 IN PRO PER
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212

1. GROUNDS 5 - LOSS AND DESTRUCTION OF EVIDENCE IN VIOLATION OF
2. PETITIONERS. U.S. FEDERALLY GUARANTEED 14TH AMENDMENT
3. DUE PROCESS AND EQUAL PROTECTION CLAUSES DUE TO THE
4. LOSS AND ALLEGED INADVERTENT DESTRUCTION OF THE
5. ALLEGED 911 TAPES ON 3-19-04 BY THE E.C. POLICE
6. AFTER DEFENSE HAD FILED AND SERVED A MOTION FOR
7. DISCOVERY ON THE PROSECUTION, WHO DEFENSE COUNSEL'S
8. MR. PLUMMER AND ADAIR STATE PROSECUTION FAILED TO
9. RESPOND. STATEMENT OF FACTS. ON 19 MARCH 04, PETITIONER
10. WHILE STANDING IN THE THRESHOLD OF HIS APARTMENT
11. MANAGER'S DOORWAY "MR. HELSEL AT #6," AT 425 E.
12. MAIN ST. E.C. CA. 92020, PETITIONER WAS ALLEGED TO HAVE
13. CALLED 911 TO REPORT AN UNUSUAL OCCURANCE, PETITIONER
14. IN HIS REASONABLE EXPECTATION OF PRIVACY IN HIS
15. PRIVATE PLACE, IN HIS RESIDENTIAL APARTMENT COMPLEX
16. WAS, INTRUDED UPON WITH UNREASONABLE AND EXCESSIVE
17. FORCE, BY OFFICER HOLMES EXCEEDING THE TERRY
18. LINE OF AUTHORITY, PULLED A "HOT STOP" "GUN" ON AN
19. OBVIOUS UNARMED PETITIONER WITH NO CELL PHONE
20. IN HIS POSSESSION, THE POLICE WITHOUT PROBABLE
21. CAUSE, OR INFERENCE SEIZED HIS PERSON IN VIOLATION
22. OF HIS U.S. CONST. FEDERALLY GUARANTEED RIGHT, 14TH
23. AMENDMENT SPECIFICALLY AND STIPULATED DUE PROCESS
24. AND EQUAL PROTECTION CLAUSES. SEE EXHIBIT B, PAGE 1, RT. EXCERPT 177, STATEMENT OF RELEVANT FACTS
25. LINES 1-7, 11,14,15,16. THE COURT: ALL RIGHT (24 MARCH 05?) ANY RESPONSE BY THE
26. PEOPLE? MS. HANNAH -- CIRCUMSTANCES AND THE RESULT OF THE INCIDENT THAT
27. OCCURED ON MARCH 19TH OF LAST YEAR. WHETHER THE ISSUE -- THE WHOLE
28. QUESTION OF THE TRIAL IS WHETHER MR. BURTON IS THE PERSON THAT COMMITTED

1. THE (ALLEGED) CRIME, NOT WHETHER OR NOT MR. THOMAS IS IN FACT, A VICTIM
2. OF A (ALLEGED) CRIME. MS. HANNA: BUT THE PEOPLE CAN CERTAINLY REFER TO MR.
3. THOMAS AS MR. THOMAS. THE COURT: ALL RIGHT. SEE EXHIBIT 'B' PAGE 4, RT
4. EXCERPT 888, LINES 9-28 - THE COURT: -- I WENT THROUGH MY NOTES TO REVIEW
5. IT MR. THOMAS -- HE ADMITTED QUITE A BIT TOO. SO YOUR INTENSION AND YOUR
6. PURPOSE IS TO SHOW HIS CHARACTER FOR VIOLENCE AND ALSO PERHAPS
7. DISHONESTY. HE HAS ADMITTED VARIOUS CONVICTION. HE'S ADMITTED THAT
8. HE FOUGHT A LOT WITH MS. CLARK. HE ADMITTED SHOVING HER HE--
9. AS TO THE STALKING INCIDENTS, HE ADMITTED SOME OF THOSE INCIDENTS
10. INCLUDING THROWING OBJECTS AT THE WINDOW, CALLING ON THE
11. PHONE, MAKING MULTIPLE CALLS. HE DISPUTED THE DATE, BUT HE AGREED
12. HE DID THAT. HE AGREED THAT HE HAD TOLD HER THAT IF HE DIDN'T
13. GET THE CAR BACK, HE HAD A BULLET WITH HER NAME ON IT. SO THERE
14. ARE -- THROUGH HIS OWN ADMISSIONS, AND THEN AS TO -- LET'S SEE.
15. I THINK HE'S STILL TALKING ABOUT MS. CLARK WHEN HE SAYS
16. THAT THEIR RELATIONSHIP WAS STORMY; THAT HE WAS PHYSICAL
17. A COUPLE OF TIMES, MAYBE 60 TO 70 ARGUMENTS; CHOKED HER
18. IN '93; HAS A PROBLEM WITH HIS TEMPER. SO I THINK
19. HE'S ADMITTED SOME OF THAT, AND I'LL ALLOW YOU TO
20. IMPEACH HIM ADDITIONALLY. SEE EXHIBIT B, PAGE 17, R.T. EXCERPT 882
21. LINES 1, 6-24. THE COURT 1250 AND 1251? MR. ADAIR: THE OTHER
22. THING IS, IT ALSO SORT OF TIES INTO MY REQUEST TO HAVE THE
23. DECLARATIONS IN THE CIVIL RESTRAINING ORDER PROCEEDINGS IN THIS
24. COURT THAT TOOK PLACE WHERE MR. BURTON DID EXPRESS THE
25. FACT THAT HE HAD BEEN THREATENED AND THAT HE WAS AFRAID
26. OF THIS PERSON (MEANING MR. THOMAS) THE COURT: SO THAT WOULD BE
27. THE DECLARATION IN THE ORDER TO SHOW CAUSE -- MR. ADAIR: YES,
28. YOUR HONOR. THE COURT: THAT WAS FILED ON FEBRUARY 20TH OF '04?

2

MR. E. W. BURTON #E02720
P.O. BOX 5246-ESAIIISP-CI-4322
CORCORAN, CA. 93212

1. MR. ADAIR: YES, YOUR HONOR. AND THEN THERE IS NOT QUITE AN
2. ELABORATE A DECLARATION, BUT SOMETHING SIMILAR IN THE CHILD
3. CUSTODY DECLARATION IN A DIFFERENT PROCEEDING IN THIS COURT.
4. THE COURT: AND THAT WOULD HAVE BEEN THE CUSTODY
5. DECLARATION THAT "HE FILED AGAINST ANGELA -- MR. ADAIR: SANDERS
6. THE COURT: SANDERS. SEE EXHIBIT "B", PAGE 18, RT EXCERPT 883, LINES
7. 4-8, 12, 13, 16, 18, 25-28. THE COURT: ALL RIGHT, LET ME JUST LOOK
8. AT THE DECLARATION HE FILED IN THE CIVIL HARASSMENT CASE. SO
9. THE NATURE OF HIS COMPLAINTS INCLUDE THREATS OF PHYSICAL
10. HARM AND DEATH OVER THE PHONE; WHILE APPROACHING HIS VEHICLE
11. -- OKAY. MR. TROCHA, YOUR RESPONSE? MR. TROCHA: I THINK WE
12. COVERED THIS IN -- IT'S THE DEFENDANT FILING PAPERWORK
13. WITH THE COURT AND -- TO PROVE TO TRUTH THAT HE WAS
14. THREATENED DESPITE THE -- A DIFFERENT STORY. THE COURT:
15. ALL RIGHT. I'LL CONSIDER THAT -- I'LL LOOK AT THE CASE LAW
16. INVOLVING 1250 AND 1251. SEE EXHIBIT "B" PAGE 23, RT EXCERPT 329,
17. LINES 4-10, 20-23. MR. ADAIR: WELL WE'VE REQUESTED PHOTOGRAPHS
18. -- I THINK IT STARTED WITH -- WITH THE PRIOR ATTORNEY ON THE CASE
19. APPROXIMATELY A YEAR AGO REQUESTING PHOTOGRAPHS, AND THEY --
20. I'VE EVEN EVER -- THAT WAS IN THE FORM OF, I THINK, A LETTER AND
21. AN ACTUAL FILED MOTION THAT WAS NEVER HEARD, ["A DISCOVERY
22. MOTION"] THAT WAS LAST YEAR. I FOLLOWED UP WITH A
23. LETTER. THE COURT: MR. TROCHA, DO YOU HAVE ANYTHING TO SAY
24. IN RESPONSE? MR. TROCHA: "I DON'T KNOW THE HISTORY OF THE
25. PHOTOGRAPHS OR ANYTHING" THE COURT: OKAY. SEE. SEE EXHIBIT "B"
26. PAGE 20, RT EXCERPT 1235, LINES 1, 5-11, 13-28. STATES; EL CAJON, CALIFORNIA
27. FRIDAY; 7/29/05; 3:07 P.M. THE COURT: ALL RIGHT. MR. BURTON, WHAT IS THE BASIS
28. OF THIS MARSDEN MOTION? THE DEFENDANT: YES, IT'S INEFFECTIVE ASSISTANCE

3

M.E. Wharton #F08720
P.O. Box 5246-CSATF/SP-01-132L
Corcoran, CA. 93212

1. OF COUNSEL — IT DEPRIVED MY SIXTH AMENDMENT RIGHT TO AN
2. EFFECTIVE DEFENSE BY NOT PROVIDING THE COURT WITH PERTINENT
3. INFORMATION THAT HE HAD KNOWN ABOUT THAT HE DID NOT PRESENT
4. TO THE COURT. — WITNESSES. — ALSO, HE FAILED TO FILE THE
5. APPROPRIATE MOTIONS THAT NEEDED TO BE FILED — A MOTION
6. WHEREAS MY DUE PROCESS WAS VIOLATED BY PROSECUTION'S
7. FAILURE WITHIN A TIMELY MANNER TO PROVIDE DEFENDANT
8. WITH DISCOVERY. HE FAILED TO FILE THE APPROPRIATE
9. MOTIONS TO DISMISS DUE TO DUE PROCESS VIOLATION.
10. — THIS IS A LETTER THAT MR. PLUMMER HAD SENT TO MS. HANNAH,
11. REQUESTING DISCOVERY, AND ANOTHER LETTER WHERE DISCOVERY —
12. THE COURT WAS INFORMED THAT THE PROSECUTION HAD ALREADY
13. RECEIVED THE MOTION REQUESTING, UNDER BRADY DISCOVERY.
14. PROSECUTION DID NOT RESPOND, — AND I WOULD LIKE THE
15. TRIER OF FACT TO RECONSIDER — TO RE-RULE ON MY MOTIONS.
16. SEE EXHIBIT B, PAGE 21, RT EXCERPT 1236, LINES 2-11-13, 14-20
17. THE COURT: WELL, ACTUALLY, MR. BURTON, LET ME STOP YOU RIGHT THERE
18. DOES YOUR ENVELOPE PERTAIN TO YOUR EARLIER MOTIONS? THE
19. DEFENDANT: YES, IT DOES, MA'AM. THE COURT: ALL RIGHT, — AS
20. I TOLD YOU WHEN YOU RAISED YOUR MARSDEN MOTION, I BELIEVE, ON
21. THE FIRST DAY OF TRIAL, YOU HAD RAISED ABOUT TEN POINTS. NINE
22. OF THEM — RAISED PRIOR TO THE FIRST DAY OF TRIAL — ONE OF THOSE
23. HAD TO DO WITH DISCOVERY ISSUES. I FIND THAT AT THIS POINT
24. RAISING NEW DISCOVERY ISSUES OR ANYTHING RELATING TO
25. MOTIONS THAT YOU PREVIOUSLY HAVE RAISED REALLY DOESN'T PERTAIN
26. TO A BASIS TO RELIEVING COUNSEL ENTIRELY YOUR COUNSEL AT
27. THIS STAGE. — AND IT'S DENIED. SEE EXHIBIT A, PAGE 85, R.T.
28. EXCERPT. 1242 LINES 8-10, 12-16 MR. ADAIR FINE. THANK YOU,

4

MR. E. BURTON #F60280 INPROPER
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212

1. HONOR. YOUR HONOR, THE FIRST ISSUE, I BELIEVE, AS RAISED IN OUR
2. PAPERS ARE MR. BURTON'S FARETTA MOTION, -- HE MAILED IT TO THE
3. COURT ON OR ABOUT JULY 7TH OF THIS YEAR BEFORE TRIAL STARTED
4. -- AND IT'S OUR CONTENTION THAT THAT NEEDED TO BE RULED ON.
5. SEE EXHIBIT "B" PAGE 87, RT EXCERPT 1243, LINES 14, 16, 18-24,
6. SEE ALSO EXHIBIT "B" PAGE 88, RT EXCERPT 1245, LINES 18-24
7. SEE ALSO EXHIBIT "B" PAGE 89, RT EXCERPT 1246, LINES 1-28 _
8. (21 OCT 05 DAY OF SENTENCING - MOTION FOR NEW TRIAL) MR. ADAIR: THE
9. SITUATION REALLY WOULD GIVE RISE TO A -- ACQUITAL, FOR ALL
10. THOSE REASONS AND PARTICULARLY THE REASONS THAT IT IS IN THE
11. INTEREST OF JUSTICE, THIS IS THE KIND OF THING THAT COULD
12. AFFECT A JURY, MOST PROBABLY WOULD AFFECT A JURY, WE'RE
13. ASKING FOR A NEW TRIAL. THE COURT: OKAY, THANK YOU.
14. MR. TROCHA WOULD YOU CARE TO RESPONSE? THE COURT: BRIEF REPLY:
15. MR. TROCHA: MR. BURTON HAS A DOCUMENT, WHICH -- IT'S A COPY, I
16. GUESS, OF THE DOCUMENT, WHICH HE HAD FILED APPARENTLY BACK
17. IN JULY. I BELIEVE IT APPEARS TO BE MAILED TO THE COURT AND
18. PART OF MANY ISSUES THAT HE RAISES IN THE DOCUMENT
19. APPEARS TO BE A FARETTA MOTION. MR. TROCHA: THERE DOES
20. APPEAR TO BE A FILE STAMP ON THE ENVELOPE. THE COURT:
21. WHATEVER HAS BEEN FILED WITH THE COURT WOULD BE IN
22. THE COURT FILE. MR. ADAIR: COULD I HAVE THIS FILED AS AN
23. EXHIBIT, YOUR HONOR? THE COURT: THE PURPOSE OF IT BEING? IT IS
24. MR. BURTON'S REPRESENTATION THAT THIS IS THE DOCUMENT HE FILED
25. WITH THE COURT? MR. ADAIR: YES YOUR HONOR. THE COURT: WELL,
26. WHY DON'T YOU LET ME LOOK AT IT. IT MAY BE THAT WE HAVE IT IN
27. THE COURT FILE, IN WHICH CASE WE DON'T NEED TO DO THAT.
28. (COUNSEL HANDS DOCUMENT TO THE COURT.)

5

MR. [illegible]
P.O. BOX 5246-C9ATF/SPCI-1326
COR CORAN CA. 93212

1 THE COURT: ALL RIGHT. THAT DOCUMENT IS IN THE COURT FILE AND THERE
2 IS AN ENVELOPE PRECEDING THE DOCUMENT WHERE THE
3 ENVELOPE IS FILE-STAMPED JULY 7TH. SO WE DON'T NEED TO
4 HAVE ANOTHER COPY. AND THAT, JUST FOR THE RECORD, IS A
5 DOCUMENT WHICH IS IN HANDWRITING IN PENCIL
6 STATING AT THE BEGINNING "~~MEMORANDUM OF POINTS AND~~ Even
7 ~~AUTHORITIES,~~ another NOTICE OF MOTION, AND MOTION TO DISMISS
8 BECAUSE DENIAL OF RIGHT TO DUE PROCESS, SIXTH, FOURTH, protess
9 AND FIFTH AMENDMENT VIOLATIONS" AND THEN IT GOES ON
10 WHERE ANOTHER THREE OR FOUR INCHES OF -- RAISING OTHER
11 ISSUES. AND IN THE MIDDLE OF THAT ON THE FRONT PAGE
12 THERE IS A REFERENCE TO THE WORD "FARETTA" (PROSE) SO I
13 THINK THAT MAKES THE RECORD AS TO WHAT WAS FILED
14 SEE EXHIBIT "A", PAGE 90, RT. EXCERPT 1247, LINES 2-15, 19-20
15 THE COURT: ALL RIGHT. LET ME DEAL FIRST WITH THE ISSUE OF
16 RELATING TO THE CLAIM OF FARETTA. FIRST OF ALL, I AM NOT
17 SURE THAT THAT WOULD REALLY Emper APPROPRIATELY BE GROUNDS FOR
18 A NEW TRIAL MOTION AS OPPOSED TO AN ISSUE FOR WHICH THERE
19 MAY OR MAY NOT BE AN APPELLATE ISSUE TO RAISE, BUT IN ANY
20 EVENT, I WOULD BE DENYING IT FOR THE FOLLOWING REASONS
21 -- THE PAPERWORK WAS SENT BY MR. BURTON TO THE COURT ON
22 EITHER JULY 7TH OR JULY 8TH, BOTH DATES APPEAR ON THE ENVELOPE
23 THE NEXT COURT HEARING THAT WE HAD AFTER THAT DATE
24 WAS THE DAY OF TRIAL, AND IT WAS NOT CALLED TO THE COURT'S
25 ATTENTION THAT THERE WAS ANY PENDING FARETTA ISSUE --
26 ANY TIME HE HAD WANTED THE COURT TO RULE ON THE FARETTA
27 MOTION, HE CERTAINLY WOULD HAVE HAD THAT OPPORTUNITY.
28 SEE NOW EXHIBIT "A" PAGE 91 RT. EXCERPT 1248, LINES 14-17 THE COURT:

6

MR. E.W. BURTON # F02720
P.O. BOX 5246 - CSATF/SP-C1-132L
CORCORAN, CA. 93212

1. THE TRIAL -- I DON'T FEEL THAT THAT WAS BROUGHT TO THE COURT
2. IN SUFFICIENT FASHION FOR THE COURT TO RULE, AND THEREFORE,
3. THAT GROUND FOR A MOTION FOR A NEW TRIAL IS DENIED.
4. SEE EXHIBIT "A" PAGE 19, RT EXCERPT 183 (MARSDEN 16 MARCH 05) LINES
5. 19-21, 24-28. SEE ALSO EXHIBIT "A" PAGE 20, LINES 1-7, 8, 10-12, 14, 15, 17-21, 24, 26, 27.
6. THE COURT: OKAY NOW, -- TELL ME SOMETHING ELSE BEYOND THIS
7. VIOLATION OF ATTORNEY/CLIENT PRIVILEGE. THE COURT: IT'S NOT A CAPITAL
8. CASE. THE DEFENDANT: WELL, IT HAS TO DEAL WITH THE REST OF MY LIFE,
9. AND I FEEL THAT TIME AND EFFORTS NEEDED TO TAKE PLACE AS FAR AS
10. PUTTING THIS CASE TOGETHER AS FAR AS STRATEGY, -- I FEEL AS THOUGH
11. THAT HAS NOT BEEN DONE. I FEEL THERE'S A CONFLICT OF INTEREST
12. HERE. AND IT HAS BEEN FROM THE VERY BEGINING - THE COURT: WHAT KIND
13. OF VISITS? THE DEFENDANT: I HAVEN'T HAD (ATTORNEY) THE VISITS, AS
14. FAR AS DISCUSSING THE CASE. -- EFFORTS IN RETRIEVING CERTAIN
15. THINGS. THE COURT: CAN YOU BE MORE SPECIFIC? THE DEFENDANT: YES --
16. MR. THOMAS VIA MY CELL PHONE, BECAUSE MY DAUGHTER WOULD
17. CALL ME ON MY CELL PHONE, AND HE CALLED, THREATENING ME AND I
18. ASKED (MR. ADAIR) -- RETRIEVE AND REVIVE THOSE MESSAGES, WHICH
19. WOULD SUPPORT MY CASE, BECAUSE -- THE COURT: LET ME MAKE
20. SURE I UNDERSTAND. THE -- THERE WERE CALLS MADE TO YOUR
21. CELL PHONE -- THE DEFENDANT: YES. THE COURT: AND THEN
22. AT SOME POINT YOU ASKED THE DEFENSE -- THE DEFENDANT: RIGHT.
23. THE PHONE NUMBER IS AREA CODE 619-253-1895. IT'S A SPRINT
24. PHONE, SPRINT PCS. SEE EXHIBIT "D" PAGE 25, RT EXCERPT 332, LINES
25. 8-11, 14, 15, 16, 27. SEE ALSO EXIBIT "D", PAGE 26, RT EXCERPT 333 LINES
26. 1, 2, 4, 5, 9, 10-17, 19, 20-22, 26.
27. THE COURT: MR. TROCHA, DID YOU HAVE ANYTHING ELSE? MR. TROCHA:
28. THERE WAS ONE THING, YOUR HONOR AND THE 911 TAPES REMINDED ME.

(7)

MR. E. W. BURTON #F02760
P.O. BOX 5246-CSATF/SP-C14-132L
CORCORAN, CA. 93212

1. WE DO HAVE UNDER SUBPOENA THE DISPATCHER THAT MR. THOMAS
2. WAS SPEAKING TO -- BE SOME HEARSAY ISSUES. -- MY REQUEST
3. IS TO HAVE HER TESTIFY INITIALLY THAT SHE WAS TALKING
4. TO ALLEGED MR. BURTON -- CONTEMPORANEOS STATEMENT TO EXPLAIN
5. THE ACTION. THE COURT: TO CALL IN YOUR CASE IN CHIEF?
6. MR. TROCHA: IT IS. -- WITHOUT GETTING INTO ANY DETAILS
7. OF THE CALL; -- BUT THEN THE CALL JUST ENDED 30 SECONDS
8. LATER SHE GOT A 911 CALL. THE COURT: ALL RIGHT. MR. ADAIR
9. YOUR RESPONSE TO THAT? MR. ADAIR: ~~~~~~~~~~~~~~ I HAVE
10. OBJECTION, BUT I BELIEVE SHE'S A WITNESS THAT WAS
11. RELATIVELY LATE DISCOVERED OR WHATEVER. I DON'T BELIEVE
12. THERE ARE ANY REPORTS CONCERNING HER STATEMENTS THAT
13. I'VE RECIEVED. THE COURT: WELL, WHY DON'T YOU CONSULT
14. WITH MR. TROCHA ON THAT. DID YOU KNOW THE NAME OF THE
15. WITNESS? MR. TROCHA: I DO, IT'S KENDALL HILDENBRAND.
16. THE COURT: ALL RIGHT. SEE EXHIBIT "D" PAGE 27, RT EXCERPT
17. 0359, DATED 7-19-05. (MINUTE ORDERS) SEE - ATTORNEY ADAIR
18. MAKES A REQUEST FOR THE 911 TAPES. THE PEOPLE INDICATE THAT
19. THERE WAS NEVER A REQUEST MADE AND THE TAPES WERE
20. RECORDED OVER. ATTORNEY ADAIR MAKES A MOTION TO DISMISS
21. BASED ON DESTRUCTION OF EVIDENCE THAT SHOW THE DEFENDANTS
22. INNOCENCE THE MOTION IS DENIED. ATTORNEY ADAIR MAKE A
23. DISCOVERY MOTION FOR PRODUCTION OF VIDEO FROM THE POLICE CAR
24. (AND OF OFFICER KIRK/S HOLMES AT TIME OF DEFENDANTS ARREST) THE
25. MOTION IS DENIED. SEE EXHIBIT D, PAGE 22, RT. EXCERPT 330, LINES
26. 17-25, SEE ALSO EXHIBIT "D", PAGE 23, RT EXCERPT 331, LINES 3,4,6,7,10,13,19,23.
27. MR. ADAIR: I'LL HAVE TO CHECK AND SEE IF IT'S BEEN PREVIOUSLY PROVIDED, BUT WE
28. NEED A COPY OF THE -- 911 CALL TO THE DISPATCHER. MR. TROCHA: AS TO THAT,
29. I DO KNOW WHAT HAPPENED TO THE TAPES. MS HANNAH INFORMED ME THAT WHEN
30. THIS CASE ORIGINALLY CAME AROUND, -- THE TAPES WERE EVENTUALLY TAPED
31. OVER. SO THERE ARE NO TAPES. SEE FILED AND SERVED MOTION FOR DISCOVERY FILE STAMPED
32. 7-30-04, EXHIBIT B, PAGES, 5,6,7,8,9,10,11,12,13,14,15,16, RT EXCERPTS, 0011-0022, LINES, 1-28 ALL.
33. SEE ALSO EXHIBIT "D", PAGE 24, RT EXCERPT 0023 (INFORMAL REQUEST 7-6-04 FOR DISCOVERY) LINES ALL.

8

MR. BEN. BURTON #02720
P.O. BOX 5246-CSATF/SPC1-132L
CORCORAN, CA. 93212

MR. TROCHA: THEY WERE INADVERTENLY DESTROYED BY THE POLICE DEPARTMENT. -- BUT AS TO THE EXACT WORDING OF THE CALL, WE DON'T HAVE THAT. THE COURT: ALL RIGHT. -- THERE'S NOTHING TO PRODUCE IF IT'S BEEN DESTROYED. MR. ADAIR: WE'D ASK THE CASE BE DISMISSED FOR THE DESTRUCTION OF EVIDENCE THAT MIGHT TEND TO SHOW MR. BURTON'S INNOCENCE. THE COURT: WELL, THAT MOTION WILL BE DENIED, AND I THINK THAT THAT MOTION HAS BEEN RAISED BEFORE IF MY MEMORY'S CORRECT. LET ME LOOK BACK. WELL I DON'T. -- IT WAS INADVERTENLY DESTROYED, AND THE MOTION IS DENIED, SEE EXHIBIT "D", PAGE 24, R.T. EXCERPT 0026, ( ALLEGED RESPONSE BY MS. HANNAH, NEVER RECIEVED NOR HEARD BY DEFENSE, AS PERTAINING TO MR. ADAIR'S TESTIMONY IN EXCERPTS) FOR THIS ACTION PETITIONER STIPULATES TO THIS PORTION OF EXCERPT OF THE "ALLEGED" RESPONSE ONLY, STIPULATES, LINES 1, 9, 15, 17-21, 23-29, PETITIONER DENIES ALL OMITTED PORTIONS OF EXCERPTS, AND STIPULATE TO HIS PROVIDED R. T. EXCERPTS IN THIS PETITION FOR FEDERAL H.C. RELIEF, RATHER THAN TRIAL TRANSCRIPTS, STATE'S, BY THE LAW. -- IN THIS CASE, THE FOLLOWING ITEMS HAVE BEEN SET OUT FOR DISCOVERY: -- THE PEOPLE HAVE ALSO REQUESTED THE 911 TAPES, ALL OF THE PHOTOGRAPHS, -- AS THE EVIDENCE CONTINUES TO ARRIVE AT OUR OFFICE, COPIES WILL BE MADE AND SET OUT FOR THE DEFENSE -- CONCLUSION - THE PEOPLE HAVE AND WILL COMPLY WITH PROVIDING TO DEFENSE COUNSEL THE DISCOVERY IN THIS CASE. -- DATED: AUGUST 13, 2004 -- RESPECTFULLY SUBMITTED, BONNIE M. DUMANIS, DISTRICT ATTORNEY (SIGNED) "S. MARIA HANNAH" DEPUTY DISTRICT ATTORNEY -- ATTORNEYS FOR PLAINTIFF. SEE NOW EXHIBIT "D", PAGE 28, R.T. EXCERPT 572, LINES 7, 12-14, 16-18, 20-22. THE COURT: ALL RIGHT, BUT OTHERWISE IT WILL -- WITH REGARD TO THE OFFICER OR THE DISPATCHER WHO'S GOING TO BE TESTIFYING NEXT, I BELIEVE -- I HAD HEARD MR. TROCHA'S REQUEST, YOU WERE GOING TO RESPOND. -- SO MUCH THAT IT'S NOT BEING OFFERED FOR IT'S TRUTH, BUT IT'S MORE CONTEMPORANEOUS STATEMENTS THAT -- MR. ADAIR: WELL I WOULD SUBMIT IT'S NOT - THE COURT: HIS ACTUAL WORDS AS TO WHAT HAS HAPPENED LIKE, -- THAT'S PROBABLY HEARSAY.

MR. EMO BURTON JR
P.O. BOX 5246 CSATF/SPCI-132L
CORCORAN, CA.

1. SEE EXHIBIT "D" PAGE 29, RT. EXCERPT 574, LINES 21-28, SEE ALSO
2. EXHIBIT "D" PAGE 30, RT EXCERPT 575, LINES, 6-13, 22-26. MR. TROCHA;
3. Q. GOOD AFTERNOON, MS. HILDENBRAND. A. (MS. HILDENBRAND) HELLO.
4. Q. DO YOU WORK AT THE EL CAJON POLICE DEPARTMENT?
5. A. I DO. Q. IN WHAT CAPACITY? A. I'M A COMMUNICATIONS
6. OPERATOR FOR THE POLICE DEPARTMENT. Q. (MR. TROCHA) SPECIFICALLY
7. WHAT ARE YOUR DUTIES? A. (MS HILDENBRAND) I ANSWER
8. ALL CALLS FOR SERVICE, NON-EMERGENCY AND 911 CALLS, Q. ARE
9. YOU ABLE TO DIFFERENTIATE BETWEEN THE CALLS? A. YES.
10. Q. HOW SO? A. THERE IS A DIFFERENT DIAL TONE FOR 911, --
11. Q. WERE YOU ON DUTY BACK OF MARCH 19TH (04) OF LAST YEAR?
12. A. YES Q. AS A COM OPERATOR? A. YES, AS A COM OPERATOR
13. SEE NOW EXHIBIT "B" PAGE 39, RT. EXCERPT 578, LINES 10,11,12,13, 23, 24, 25, 26.
14. Q. (MR. TROCHA) DID MR. THOMAS USE FOUL LANGUAGE? A. (MS HILDENBRAND) I'M
15. ASSUMING HE DID. Q. YOU CAN'T REMEMBER? A. HE WAS VERY AGITATED.
16. Q. (MR. TROCHA) -- DID HE SAY GOODBYE OR INDICATE -- A. -- (MS. HILDEN-
17. BRAND) -- AND I RECEIVED IMMEDIATE 911 CALLS AFTERWARDS.
18. SEE EXHIBIT "D" PAGE 3, R.T. EXCERPT 103, LINES 1,2,4-29. SEE ALSO EXHIBIT "D" PAGE,
19. 4, RT. EXCERPT 104, LINES 1-15, 18-21, 23, 27, 28. SEE ALSO EXHIBIT "D" PAGE 5, RT.
20. EXCERPT 105, LINES 3, 15-19, 23-28, SEE ALSO EXHIBIT "D" PAGE 6, RT EXCERPT 106,
21. LINES 1-7, 9-18, 20-28. SEE EXHIBIT D, PAGE 7, RT EXCERPT 107/150, LINES 15-22
22. SEE EXHIBIT "D" PAGE 8, RT EXCERPT 173, LINES 1-14. THE COURT: ALL RIGHT.
23. MY TENTATIVE IS AS FOLLOWS: AND THE TENTATIVE IS BASED UPON THE
24. AUTOMOBILE EXCEPTION TO THE FOURTH AMENDMENT. MY TENTATIVE
25. IS FURTHER TO GRANT THE MOTION TO SUPPRESS EVIDENCE FROM
26. APARTMENT NO. 5, CONCLUDING THAT THE PEOPLE, AFTER A FULL
27. CONSIDERATION AND REVIEW OF THE EVIDENCE PRESENTED, HAVE
28. NOT MET THEIR BURDEN OF DEMONSTRATING TO THE COURT'S
29. SATISFACTION THAT THE ENTRY, SEARCH AND SEIZURE OF ITEMS
30. WITHIN THE APARTMENT WAS DONE PURSUANT TO A CONSENT
31. RENDERED BY MR. BURTON. I UNDERSTAND THERE'S CERTAIN
32. OTHER ITEMS THAT MR. BURTON WOULD LIKE SUPPRESSED
33. FLOWING FROM HIS ARREST.

10

MR. E.W. BURTON #F02720
P.O. BOX 10 C.S.A.T.F S.P. C1-132L
CORCORAN CA. 93212

1. THE ONLY ITEMS THAT I'M TALKING ABOUT AS SUPPRESSING ARE WHATEVER
2. WAS FOUND IN OR DERIVED FROM APARTMENT NO 5, PERIOD. MR. ADAIR -- WELL,
3. MISS HANNAH, YOU'VE GOT THE LABORING OAR ON THE MOTION SINCE THIS WAS A
4. WARRANTLESS SEARCH, MINDFUL OF THE COURT'S TENTATIVE, DO YOU WISH TO BE
5. HEARD? MS. HANNAH: I DO, YOUR HONOR, YOUR HONOR, REPRESENTING THIS POINT, --
6. THE POLICE OFFICERS TESTIFIED AFTER TAKING THE DEFENDANT INTO
7. CUSTODY THAT THEY APPROACHED HIM, -- THE COURT: RIGHT THERE IN THE Error
8. -- TOOK HIM DOWN, -- THERE WAS NO CONVERSATION, TESTIMONY OF A CONVERSATION
9. AT THE PATROL VEHICLE ABOUT A CONSENT TO SEARCH." AND THE WAY I VIEW IT IS
10. THAT THE COPS DON'T HAVE THEIR ACT TOGETHER, AND HOWEVER IT WENT
11. DOWN, THEY EITHER HAVE A VERY POOR RECOLLECTION OR FAILURE OF
12. RECOLLECTION, AND I DO NOT CONCLUDE FROM THE TESTIMONY OF MR.
13. HELSEL THAT THERE WAS CONSENT NECESSARILY GIVEN BY MR. BURTON
14. DURING WHAT MR. HELSEL DESCRIBED AS A DIALOGUE AT THE PATROL
15. VEHICLE THAT HE WAS NOT IN A POSITION TO HEAR. THE TESTIMONY OF AGENT
16. KIRK WAS CLEARLY THAT THE PURPORTED CONSENT TO SEARCH WAS GIVEN
17. BY MR. BURTON RIGHT THERE IN THE PARKING LOT BEFORE HE WAS EVER
18. ESCORTED TO THE PATROL VEHICLE, AND BASED UPON THE TESTIMONY OF OFFICER
19. HOLMES, -- I'M SATISFIED IT DIDN'T GO DOWN THAT WAY. MS. HANNAH: YOUR HONOR,
20. AGENT KIRK INDICATED -- THE COURT: YOU'VE GOT TO READ THIS IN CONTEXT
21. AND VIEW IT IN CONTEXT, I'VE REVIEWED THE TRANSCRIPT AND I'VE REVIEWED
22. MY DETAILED NOTES. MS. HANNAH: -- I MEAN, -- THEY TOOK HIM INTO CUSTODY,
23. THEY PUT HIM INTO HAND CUFFS, -- ALL OF THOSE THINGS. -- THE COURT: I'M
24. NOT SATISFIED THERE WAS A CONSENT, WHETHER FREE OR VOLUNTARY OR OTHERWISE.
25. THAT'S MY POINT. THE EVIDENCE DOESN'T COME TOGETHER CLEANLY SUPPORT
26. YOUR ARGUMENT OR HOW THIS WENT DOWN. MS. HANNAH: YOUR HONOR, -- CIRCUMSTANCES
27. THE COURT: NO, -- AS I UNDERSTAND IT, MR. ADAIR, ARE YOU CONCEDING THERE WAS A
28. CONSENT GIVEN AND THE ONLY ISSUE IS THE VOLUNTARINESS OF THE CONSENT?

11

MR. E.W. BURTON #F02320
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212

1. MR. ADAIR: NO, YOUR HONOR. WE'RE SAYING THAT HE NEVER CONSENTED. THE COURT:
2. PERIOD. MS HANNAH: YOUR HONOR, AGENT KIRK HAS TESTIFIED THAT-- THE COURT:
3. I'M MINDFUL OF AGENT KIRK'S TESTIMONY. MS HANNAH: AND THE CIRCUMSTANCE AND
4. EVEN THE SURROUNDING CIRCUMSTANCES WITH THE PEOPLE'S WITNESSES AND
5. THE COURT: I'VE LOOKED AT ALL OF IT. I'M NOT PERSUADED. MR. ADAIR: YOU
6. WISH TO BE HEARD? MR. ADAIR: NO, YOUR HONOR. WE'LL SUBMIT. THE COURT:
7. THE MOTION TO SUPPRESS IS GRANTED IN PART FOR THE REASONS OUTLINED
8. BY THE COURT. THE MOTION TO SUPPRESS ITEMS FROM THE VEHICLE IS
9. DENIED, NOT BASED UPON A PURPORTED THEORY OF CONSENT, BUT RATHER
10. BASED UPON THE AUTOMOBILE EXCEPTION TO THE 4TH AMENDMENT. THE
11. MOTION TO SUPPRESS IS GRANTED, BUT LIMITED, AS I'VE SAID, TO ITEMS
12. DERIVED FROM A LAW ENFORCEMENT ENTRY AND SEARCH OF UNITS, THAT
13. BEING SHOWN BY THE EVIDENCE TO BE MR. BURTON'S APARTMENT, AS
14. TO WHICH RESIDENCE, OF COURSE, HE HAD STANDING UNDER THE 4TH
15. AMENDMENT TO OBJECT PRESENTLY TO THE SEARCH THEREOF AND
16. THE SEIZURE OF ITEMS THEREFROM. SEE EXHIBIT "D", PAGE 8 RT EXCERPT 173,
17. LINES 1-14. MR. ADAIR: BECAUSE-- CAN I HAVE A MOMENT YOUR HONOR? (APPROX 3-24-05)
18. THE COURT: SURE. MR. ADAIR: WE'RE REQUESTING THE CASE BE DISMISSED AS
19. THE FACTS OF THE CASE HAVE NOT BEEN SUBSTANTIATED-- THE ~~CHARGES HAS~~ ERROR EWB
20. COURT: WELL, AS TO THAT MOTION, OF COURSE, WE ALREADY HAVE THE 995
21. MOTION, AND IT WAS DENIED, AND THAT WAS BASED ON THE EVIDENCE AT
22. THE PRELIMINARY HEARING. AND THE NEXT STAGE FOR THE COURT TO
23. CONSIDER-- ACTUALLY, THAT'S WHY WE HAVE THE TRIAL, TO DETERMINE
24. IF THERE'S SUFFICIENT EVIDENCE TO PROVE THE CASE BEYOND A REASONABLE
25. DOUBT. SO THE COURT WILL NOT GRANT THE MOTION TO DISMISS, BUT
26. THAT'S THE PURPOSE OF HAVING A JURY TRIAL. THEY WILL MAKE THE DETERMINATION.
27. SEE NOW EXHIBIT "D" PAGE 17, ~~PAGE ENDING~~ EWB RT EXCERPT 153, LINES 3-20-25-27 ERROR EWB
28. SEE ALSO EXHIBIT "D" PAGE 18, RT EXCERPT 154, LINES 1-18, 20-23, 26-~~28~~ ERROR EWB