MR. E.W. BURTON #F02770 IN PRO PER
P.O. BOX 5246 CSATF/SP: C1-132L
CORCORAN CA.

I IN SUPPORT OF CONTENTION 1-A

CONTENTION 1-A

MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF ~~GROUNDS 7~~, VIOLATION OF 6TH AND 14TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

ARGUMENT IN SUPPORT OF ~~GROUNDS~~ CONTENTION 1-A (FAILURE TO INQUIRE INTO CONFLICT COUNSEL)

AS QUOTED IN STRICKLAND V. WASHINGTON, CITE AS 104 S.CT. 2052 (1984). IN CASES IN WHICH THE GOVERNMENT ACTED IN A WAY THAT PREVENTED DEFENSE COUNSEL FROM FUNCTIONING EFFECTIVELY, WE HAVE REFUSED TO REQUIRE THE DEFENDANT, IN ORDER TO OBTAIN A NEW TRIAL, TO DEMONSTRATE THAT HE WAS INJURED. IN GLASSER V. UNITED STATES, 315 U.S. 60, 75-76, 62 S.CT. 457, 467-468, 86 L.Ed. 680 (1942), FOR EXAMPLE, WE HELD: "TO DETERMINE THE PRECISE DEGREE OF PREDJUDICE SUSTAINED BY [A DEFENDANT] AS A RESULT OF THE COURT'S APPOINTMENT OF [THE SAME COUNSEL FOR TWO CODEFENDANTS WITH CONFLICTING INTEREST] IS AT ONCE DIFFICULT AND UNNECESSARY. THE RIGHT TO HAVE THE ASSISTANCE OF COUNSEL IS TOO FUNDAMENTAL AND ABSOLUTE TO ALLOW COURTS TO INDULGE IN NICE CALCULATIONS AS TO THE AMOUNT OF PREDJUDICE ARISING FROM IT'S DENIAL."

THUS, AN INQUIRY INTO A CLAIM OF HARMLESS ERROR HERE WOULD REQUIRE, UNLIKE MOST CASES, UNGUIDED SPECULATION" HOLLOWAY V. ARKANSAS, 435 U.S. 475, 490-491, 98 S.CT. 1173, 1181-1182, 55 L.Ed.2d 426 (1978) EMPHASIS IN ORIGINAL

SEE HOLMES V. SOUTH CAROLINA (2006) 126 S.CT. 1727, 547 U.S. 319, 164 L.Ed.2d. 503, 74 USLW 4221 HOLDING: THE UNITED STATES SUPREME COURT JUSTICE ALITO, HELD THAT EXCLUSION OF DEFENSE EVIDENCE THIRD PARTY GUILT DENIED DEFENDANT OF A FAIR TRIAL, ABROGATING STATE V. GAY, 343 S.C. 543, 541 S.E.2d 541 VACATED AND REMANDED.

MR. E. W. BURTON #F02720 IN PROPER
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA, 93212

STATEMENT OF CASE, ON APROX. 11-09-04, UPON APPOINTMENT OF CONFLICTING COUNSEL NEWTON, DEFENDANT MADE A THRESHOLD MARSDEN MOTION THAT WAS DENIED PREJUDICIALLY BY HON. JUDGE PRECKEL, THE FAILURE TO INQUIRE INTO THE APPOINTMENT OF AN CONFLICTING COUNSEL VIOLATED PETITIONERS 6TH AND 14TH AMENDMENT DUE PROCESS AND EQUAL PROTECTION CLAUSES, AS WELL AS 6TH & 14TH AMEND RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

(ARGUMENT)

IN CASES IN WHICH THE GOVERNMENT ACTED IN A WAY THAT PREVENTED DEFENSE COUNSEL FROM FUNCTIONING EFFECTIVELY, WE HAVE REFUSED TO REQUIRE THE DEFENDANT, IN ORDER TO OBTAIN A NEW TRIAL, TO DEMONSTRATE THAT HE WAS INJURED, IN GLASSER V. UNITED STATES, 315 U.S. 60, 75-76, 62 S.CT. 457, 467-468, 86 L.Ed. 680 (1942), FOR EXAMPLE, WE HELD:

"TO DETERMINE THE PRECISE DEGREE OF PREJUDICE SUSTAINED BY [A DEFENDANT] AS A RESULT OF THE COURT'S APPOINTMENT OF [THE SAME COUNSEL FOR TWO CODEFENDANTS WITH CONFLICTING INTEREST] IS AT ONCE DIFFICULT AND UNNECESSARY. THE RIGHT TO HAVE THE ASSISTANCE OF COUNSEL IS TOO FUNDAMENTAL AND ABSOLUTE TO ALLOW COURTS TO INDULGE IN NICE CALCULATIONS AS TO THE AMOUNT OF PREJUDICE ARISING FROM ITS DENIAL."

IN CHAPMAN V. CALIFORNIA, 386 U.S. 18, 23, 87 S.CT. 824, 827, 17 L.Ed.2d 705 (1967), WE ACKNOWLEDGED THAT CERTAIN CONSTITUTIONAL RIGHTS ARE "SO BASIC TO A FAIR TRIAL THAT THEIR INFRACTION CAN NEVER BE TREATED AS HARMLESS ERROR." AMONG THESE RIGHTS IS THE RIGHT TO THE ASSISTANCE OF COUNSEL AT TRIAL. Id., AT 23, N. 8, 87 S.CT. AT 827, N. 8; SEE GIDEON V. WAINWRIGHT, 372 U.S. 335, 83 S.CT. 792, 9 L.Ed.2d 799 (1963). THUS, AN INQUIRY INTO A CLAIM OF HARMLESS ERROR HERE WOULD REQUIRE, UNLIKE MOST CASES, UNGUIDED SPECULATION". HOLLOWAY V. ARKANSAS, 435 U.S. 475, 490-491, 98 S.CT. 1173, 1181-1182, 55 L.Ed.2d 426 (1978) (EMPHASIS IN ORIGINAL).