MR. E.W. BURTON # F02720 IN PRO PER
P.O. BOX 3912
CORCORAN CA, 93212

1. GROUND 6: ABSENCE OF COUNSEL IN VIOLATION OF 14TH AMEND.
2. U.S. CONSTITUTION DUE PROCESS AND EQUAL PROTECTION CLAUSES
3. STATEMENT OF FACTS.-
4. ON OR ABOUT 28 JAN 05, DEFENSE COUNSEL ADAIR WAS ASLEEP AT
5. THE 1538.5 HEARING. PETITIONER HAD "NO LEGAL ASSISTANCE DURING
6. A SUBSTANTIAL PORTION OF THE PROCEEDINGS, ADDITIONALLY DURING
7. TRIAL COUNSEL ADAIR WAS ABSENT FROM THE DEFENSE TABLE
8. SITTING WITH THE JURY MAKING CONSULTATION IMPOSSIBLE,
9. AS DEFENDANT HAD LEG SHACKLE ON HIS ANKLE, AND COULD
10. NOT FREELY GET UP. JURORS COMPLAINED TWICE TO TRIAL JUDGE
11. COUNSEL STILL CONTINUED TO SIT WITH JURORS DESPITE TRIAL
12. JUDGES ADMONISHMENT. COUNSEL WAS SITTING WITH JURY
13. DURING ADDUCTION OF PROSECUTIONS EVIDENCE, AND TESTIMONY
14. BY ALLEGED VICTIM MR. THOMAS. PETITIONER WAS DENIED HIS MARSDEN'S
15. MOTIONS TO RELIEVE COUNSEL. THE HON JUDGE PRECKEL DENIED
16. PETITIONER AND HIS COUNSEL AS MATTER OF RIGHT TO AN IN CAMERA
17. HEARING PRIOR TO 1538.5. COUNSEL ADAIR AT THE 1538.5 DID NOT
18. KNOW AT ALL TIMES WHAT WAS TRANSPIRING, WAS UNPREPARED
19. AND MISSTATED FACTS IN HIS DEFENSE MOTION. PETITIONER WAS
20. DENIED HIS FEDERALLY GUARANTEED DUE PROCESS AND EQUAL
21. PROTECTION, DUE TO COUNSEL'S UNCONSCIOUSNESS AT THE 1538.5
22. HEARING - SEE NOW EXHIBIT E, PAGE 3, RT EXCERPT 25, LINES, 14-28,
23. SEE ALSO EXHIBIT E, PAGE 4, RT EXCERPT 26, LINES 1-16, 19-28.] MR. ADAIR:
24. COULD I HAVE A MOMENT, YOUR HONOR? THE COURT: SURE. MR. ADAIR:
25. "MY CLIENT INFORMS ME HE WANTS AN IN CAMERA HEARING.
26. THE COURT: WELL, WHAT HE WANTS AND WHAT HE'S GOING TO GET ARE
27. TWO DIFFERENT THINGS. THERE'S NO REASON TO GO IN CAMERA. WE'RE
28. GOING TO PROCEED ON THE RECORD. MR. ADAIR: MY CLIENT ALSO
29. INFORMED ME HE WOULD LIKE A MARSDEN. THE COURT: NO, WE'RE NOT
30. GOING TO TAKE UP A MARSDEN MOTION BECAUSE, AGAIN, I'M VERY

1

E.W. BURTON #F07720 IN PROPER
P.O. BOX 5242 C.S.A.T.F./S.P.-C II 322
CORCORAN, CA. 93212

1. ~~DID NOT RESPOND WITHIN A TIMELY MANNER. THEREFORE, DENIED~~ Error Ellis
2. ~~ME MY DUE PROCESS, BECAUSE I HAD THE RIGHT TO BE ABLE~~ Error Ellis
3. ~~TO KNOW THE EVIDENCE AGAINST ME. I WOULD OBJECT~~ Error Ellis
4. ~~TO ANYTHING PROSECUTION WOULD SAY AS FAR AS THEIR~~ Error Ellis
5. ~~THE COURT: OKAY, TIME STOP YOU~~ Error Ellis
6. FAMILIAR WITH THE HISTORY OF THIS CASE AND, FRANKLY--
7. YOU'RE NOW THE THIRD ATTORNEY OF RECORD. AT ANOTHER TIME HE
8. HAS SOUGHT MARSDENS AGAINST PREVIOUS COUNSEL, AND I GUESS
9. HE'S OF THE MIND THAT HE DRIVES THIS CASE WELL, -- AND I KNOW
10. OF NO REASON THAT WOULD JUSTIFY A MARSDEN HEARING PRESENTLY
11. CONCERNING YOUR REPRESENTATION OF HIM. MR. ADAIR: CAN I HAVE
12. JUST A MOMENT, YOUR HONOR? (PAUSE) MR. ADAIR: MR. BURTON IS
13. INDICATING TO ME THAT THERE ARE SOME ADDITIONAL ITEMS OF
14. EVIDENCE THAT HE'S DISCOVERED THAT SHOULD BE THE SUBJECT
15. OF THE 1538.5 SUPPRESSION MOTION THAT WERE NOT LISTED IN
16. THE LIST OF ITEMS TO BE SUPPRESSED. THE COURT: SOUNDS TO
17. ME LIKE YOUR PRESENT MOTION AND THE LIKE MOTION THAT WAS
18. FILED BY THE PRIOR ATTORNEY, MR. PLUMMER. MR. ADAIR: HE
19. HAS A LIST OF APPROXIMATELY 41 ITEMS WHICH WERE PART
20. OF THE EVIDENCE LIST BY THE POLICE DEPARTMENT THAT HE
21. WISHES SUPPRESSED. THE COURT: WE'LL MAKE A COPY OF
22. THAT LIST, TREAT IT AS AN ATTACHMENT TO THE PENDING
23. MOTION, AND DEEM THAT EVIDENCE TO FALL WITHIN THE
24. CONFINES OF THE PRESENT MOTION. DO YOU HAVE QUARREL
25. WITH THAT, MISS HANNAH? MS. HANNAH: NO YOUR HONOR. THE COURT:
26. ALL RIGHT. MAKE THESE COPIES.
27.
28.

MR. E.W. BURTON # F02720 IN PRO PER
P.O. BOX 5246 2B, 4A17/5P-L1-132
CORCORAN, CA. 93212

1. STATEMENT OF FACTS -
2. SEE EXHIBIT C, PAGE 2, RT EXCERPT 945, LINES 14-24, 26-2 ~~Entry~~
3. ~~MR. ADAIR: BUT I THINK THE JURY SHOULD BE INFORMED THAT~~ Error
4. ~~IF SOMEBODY FEELS THAT THEY ARE IN GRAVE DANGER, THEN~~ Error
5. ~~IT'S OKAY TO CARRY A CALLE.~~ Error Error.
6. SEE EXHIBIT "E", PAGE 5, RT EXCERPT 27, LINES 1-4, 7-28, SEE ALSO
7. EXHIBIT "E", PAGE 6, RT EXCERPT 28, LINES 1-14 & 2-24, SEE EXHIBIT "E",
8. PAGE 7, RT EXCERPT 29, LINES, 10-16, 18-23, SEE EXHIBIT "E", PAGE 9,
9. RT EXCERPT 31, LINES 10-12, 13-28 SEE ALSO EXHIBIT "E", PAGE 10,
10. RT EXCERPT 32, LINES 1-9, 14 7 THE COURT: -- PLEASE, OF THAT
11. TWO PAGE DOCUMENT. MR. ADAIR: THERE ARE TWO OTHER ITEMS
12. THAT I DON'T BELIEVE ARE ON THE LIST. ONE IS A CAMERA THAT
13. THE ALLEGED VICTIM IN THIS CASE HAD AND APPARENTLY WAS
14. USING TO -- THE COURT: SO HOW IS THAT PROPERLY SUBJECT
15. TO A SUPPRESS MOTION? MR. ADAIR: COULD I HAVE A MOMENT,
16. YOUR HONOR? "MR. BURTON IS ASKING FOR SOME TIME SO HE
17. CAN FIND THE PAPER CONCERNING THE CAMERA." THE
18. OTHER ISSUE MAY B-- THE COURT: HE DOESN'T HAVE ANY
19. STANDING UNLESS IT IS AMONG THE ITEMS SEIZED FROM
20. HIS VEHICLE OR HIS RESIDENCE. MR. ADAIR: THE OTHER
21. ITEM IS THE AUTOMOBILE. THE COURT: ALL RIGHT, FOR
22. THE RECORD, THE TWO PAGES THAT I DIRECTED THE CLERK
23. TO COPY, THOSE ARE BEING RETURNED TO MR. BURTON AT THIS
24. TIME. COPIES THEREOF HAVE BEEN MADE FOR THE COURT,
25. ALSO FOR MR. ADAIR AND MISS HANNAH, AND THESE TWO PAGES
26. WILL BE TREATED AS AN ATTACHMENT TO THE MOTION, RECENTLY
27. FILED 1538.5 MOTION DEEMED A SUPPLEMENTAL MOTION FILE
28. STAMPED JANUARY 14TH OF THIS YEAR AS FILED BY MR. ADAIR.

-3-

HECTOR TURNER
MR. BURTON
P.O. BOX 5246 - CSATF/SP-C1-132L
CORCORAN, CA. 93212

1. MR. ADAIR, GO AHEAD. MR. ADAIR: CONCERNING THE CAMERA, I
2. BELIEVE IT IS -- BECAUSE IT'S PHYSICAL EVIDENCE WHICH IS
3. EXCULPATORY OR MAY BE EXCULPATORY. HE FEELS IT IS
4. EXCULPATORY. THE COURT: WELL, THAT'S PROOF AGAIN THAT
5. A LITTLE KNOWLEDGE IS A DANGEROUS THING. THAT CAMERA
6. IS NOT SUBJECT TO ANY SUPPRESSION MOTION. (NOTE - BUT THE
7. CAMERA WAS SUBJECT TO DISCLOSURE AND INSPECTION BY DEFENSE).
8. MR. ADAIR: COULD I HAVE ONE MOMENT, YOUR HONOR?
9. (PAUSE) MR. ADAIR: YOUR HONOR, MR. BURTON APOLOGIZES. I
10. THINK HE UNDERSTANDS WHAT THE ISSUES ARE TODAY. AT THIS
11. TIME HE'S APOLOGIZING TO THE COURT THAT HE'S TAKEN UP
12. YOUR TIME ON AN ISSUE THAT IS REALLY MORE OF A TRIAL ISSUE
13. OR DISCOVERY ISSUE. BY THE WAY, COULD I ADDRESS
14. DISCOVERY BRIEFLY? THE COURT: NO. WHEN I SAY "NO", -- OF
15. A REQUEST FOR A CONTINUANCE OF THE TRIAL DATE AND/OR A
16. MOTION OR DISCUSSION AS TO THE SUBJECT MATTER OF
17. THE DISCOVERY. MR. ADAIR: -- I HAVE BEEN TRYING TO INCORPORATE
18. INTO THE MOTIONS AND INTO MY ARGUMENTS HIS CONCERNS ABOUT
19. THE EVIDENCE AND THE PROCEDURES THAT ARE INVOLVED IN
20. THIS CASE AND THE SEIZING OF EVIDENCE. AFTER HE READ
21. (REFFERING TO MR. BURTON) THE MOTION TO SUPPRESS THAT I
22. FILED, MR. BURTON FELT THAT THE STATEMENT OF FACTS WAS
23. INADEQUATE AND DID NOT FULLY AND ACCURATELY REFLECT THE --
24. IS ASKED ME TO CHANGE THOSE AND REFLECT MORE ACCUR-
25. ATELY. SO THAT'S ONE OF THE REASONS FOR THE CONTINUANCE
26. OR THE REQUEST FOR A CONTINUANCE. THE COURT: WELL
27. PARENTHETICALLY, IN THE COURT'S VIEW, THAT'S NOT A COMPELLING
28. REASON TO GRANT A CONTINUANCE OF THE SUPPRESSION HEARING.

WARREN BURTON # F02720 IN PROPER
P.O. BOX 5246 - CSATF/SP-C1-135L
CORCORAN, CA. 93212

MR. ADAIR: ALL RIGHT, I THINK THE LAST ITEM, YOUR HONOR, IS THERE ARE CERTAIN ITEMS OF EVIDENCE THAT I WOULD LIKE TO LOOK AT PRIOR TO THE HEARING. -- VIEW. THE COURT: YOU'RE GOING TO HAVE TO BE A LITTLE MORE SPECIFIC THAN THAT, MR. ADAIR. THERE ARE PHOTOGRAPHS THAT WERE TAKEN OF THE CAR, THE AUTOMOBILE. I DON'T KNOW -- I DON'T HAVE A LIST OF PHOTOGRAPHS. I DON'T KNOW ANYONE HAS EVER PREPARED, OR AT LEAST, IT WAS NEVER GIVEN TO ME, SO I CAN'T SAY WHAT PHOTOGRAPHS EXIST AND DON'T EXIST. BUT I BELIEVE THAT THEY'RE IN THE REPORTS. IT DOES INDICATE THAT THERE ARE PHOTOGRAPHS OF MR. BURTON'S CAR, AND PART OF OUR MOTION COVERS THE SEARCH OF THE CAR. OF COURSE, IF -- I'M NOT SURE WHAT THE PROSECUTION'S POSITION IS AS FAR AS THE JUSTIFICATION FOR THE SEARCH OF MR. BURTON'S APARTMENT AND THE CAR, WHETHER THAT'S GOING TO BE RELEVANT. THE COURT: JUSTIFICATION ASSERTED BY THE PEOPLE IS SET OUT IN THEIR OPPOSITION AS HERETOFORE FILED THAT YOUR CLIENT ALLEGEDLY, UNDERLINE ALLEGEDLY, BECAUSE IT'S NOT YET BEEN ADDRESSED BY WAY OF EVIDENCE. - THE RESIDENCE - SEARCH OF HIS APARTMENT. THE COURT: THAT'S THE ONLY BASIS UPON WHICH THE PEOPLE ARE ASSERTING, AS I UNDERSTAND IT AT LEAST, AS TO THE RESIDENCE. SEE EXHIBIT "E", PAGE 11, RT EXCERPT 58, LINES 20-28, SEE ALSO EXHIBIT "E", PAGE 12, RT EXCERPT 59, LINES 1-12. THE COURT: AND MISS HANNAH, SINCE YOU'VE GOT MR. MC KELVEY UNDER SUBPOENA, I WOULD ASK, AS AN OFFICER OF THE COURT, THAT YOU WORK

MR. E.W. BURTON #E02725 IN PRO PER
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212

WITH MR. ADAIR IN ORDER TO HOPEFULLY DIRECT HIS PRESENCE MONDAY MORNING FOR PURPOSES OF THIS HEARING.

MR. ADAIR: YOUR HONOR, MAYBE I MISSPOKE, WHAT I SAID WAS CONFUSING. I HAD HIM UNDER SUBPOENA. THE PROSECUTION DID NOT. THE COURT: I UNDERSTOOD MISS HANNA TO SAY SHE DID HAVE HIM UNDER SUBPOENA. MS. HANNA: NOT FOR THE MOTION YOUR HONOR. THE COURT: NO, I UNDERSTAND. MISS HANNAH. FOR TRIAL. THE COURT: I MEANT FOR TRIAL ON MONDAY. THE COURT: ON MONDAY. MR. ADAIR: I'M SORRY. THE COURT: YOU RELEASED HIM TODAY, BUT SHE'S GOT HIM UNDER THUMB, SO TO SPEAK, FOR TRIAL ON MONDAY. THAT'S WHY I'M ENLISTING HER ASSISTANCE TOGETHER WITH YOUR RENEWED EFFORTS TO HAVE HIM HERE MONDAY MORNING. OKAY? MR. ADAIR: YES, SIR.

SEE EXHIBIT "E", PAGE 13, RT EXCERPT 64, LINES 22-28.
SEE ALSO EXHIBIT "E", PAGE 14, RT EXCERPT 65, LINES 1-8.
SEE EXHIBIT "E", PAGE 15, RT EXCERPT 66, LINES 23-28.

MR. ADAIR: COULD I HAVE A MOMENT WITH MY CLIENT, YOUR HONOR? THE COURT: SURE. "MR. ADAIR(!)" (SLEEPING) MR. ADAIR: YES, YOUR HONOR, THANK YOU. BEFORE WE GO ANY FURTHER, YOUR HONOR, MR. BURTON WOULD LIKE YOU TO READ HIM THE COURT RULES CONCERNING HIS RIGHTS TO A CONTINUANCE, HIS RIGHT TO AN IN CAMERA HEARING AND HIS RIGHT TO APPEAL. THE COURT: WELL, I'M NOT GOING TO DO ANY OF THAT AT THE MOMENT. PLUS IT'S NOT MY FUNCTION TO RECITE LAW AND PROCEDURE FOR THE BENEFIT OF MR. BURTON. WE'RE IN THE MIDST OF THIS HEARING AND WE'RE EITHER GOING TO CONCLUDE THIS HEARING OR ELSE WE'RE GOING TO FURTHER THE HEARING

MR. E.W. BURTON #F02720 IN PROPER
PO BOX 3481 3C05 A4L/S-218-L
CORCORAN, CA. 93212

SO TO SPEAK, BY ELICITING ADDITIONAL TESTIMONY.
MR. ADAIR: I AM REQUESTING A CONTINUANCE OF THIS.
IN TALKING TO MR. BURTON -- THE COURT: WHEN YOU SAY
"OF THIS," YOU MEAN THE SUPPRESSION MOTION -- MR. ADAIR:
THAT'S CORRECT. THE COURT: -- IN PARTICULAR?
SEE EXHIBIT "E", PAGE 16, RT EXCERPT 78, LINES 25-28.
SEE ALSO EXHIBIT "E", PAGE 17, RT EXCERPT 79, LINES 1-6,
9-20. MR. ADAIR: (QUESTIONING MR. McKELVEY) Q. BUT YOU
WERE NEVER READ YOUR RIGHTS; CORRECT?
THE COURT: HE'S ALREADY ANSWERED THAT AND IT'S
IRRELEVANT AND IT'S BECOMING VERY CLEAR
THAT "MR. BURTON IS NOW DIRECTING THE QUESTIONING
BY SCRIBBLING NOTES FOR YOUR BENIFIT, MR. ADAIR",
AND FRANKLY A LOT OF THE QUESTIONS ARE IRRELEVANT.
DO YOU HAVE ANYTHING FURTHER? MR. ADAIR:
IF I COULD HAVE A MOMENT, YOUR HONOR.
YOUR HONOR MY CLIENT WOULD LIKE YOU
TO KNOW -- THE COURT: WHAT'S THAT SUPPOSE
TO MEAN? MR. ADAIR: I DON'T KNOW, YOUR HONOR.
THE COURT: NOR DO I. SO WE'RE GOING TO KEEP
ON GOING. MR. ADAIR: HE WOULD LIKE YOUR HONOR
TO KNOW. THE COURT: WELL I UNDERSTAND THAT HE MAY
HAVE A VISION PROBLEM, BUT THAT'S NEITHER
HERE NOR THERE FOR PURPOSES OF THIS PRESENT
HEARING. DO YOU HAVE ANYTHING FURTHER BY WAY
OF QUESTIONS TO THE WITNESS? MR. ADAIR: NO
YOUR HONOR. THE COURT: MISS HANNAH, CROSS
EXAMINATION --

7

MR.E.W. BURTON #F02720 IN PROPER
P.O. BOX 5246 - CSATF/SP - 132L
CORCORAN, CA. 93212

STATEMENT OF FACTS

PETITIONER ADDITIONALLY CONTENDS THAT HIS 14TH AMENDMENT EQUAL PROTECTION AND DUE PROCESS CLAUSE WAS VIOLATED IN THAT COUNSEL DID NOT YET BEGAN CLOSING ARGUMENTS, WHEN THE TRIAL JUDGE CALLED A SIDEBAR, AS COUNSEL WAS HOLDING NEWLY DISCOVERED BLOOD EVIDENCE. SEE EXHIBIT "6", PAGE 6 - RT EXCERPT 1212, LINES, 8-13, SEE EXHIBIT 6, PAGE 7, RT EXCERPT 1213, LINES, 2-3, 10, 13, 14, 20, 21-28, SEE ALSO EXHIBIT "6", PAGE 8, RT EXCERPT 1214, LINES, 1-22 -> THE COURT: -- THE JURY CAN JUST REMAIN. WE'LL STEP OUT IN THE HALLWAY FOR A MOMENT. (THE COURT, BOTH COUNSEL, AND THE COURT REPORTER EXIT THE COURT ROOM) (THE FOLLOWING PROCEEDINGS WERE HEARD AT SIDEBAR:) MR. ADAIR: COULD I SEE IT AGAIN? MR. TROCHA: THE PROBLEM I HAVE IS THAT IT IMPLIES SELF-DEFENSE. -- WITH A PERSON STANDING THEIR GROUND FOR SELF-DEFENSE. THE COURT: WELL THE PROBLEM IS THEY'RE VIEWING ALL THE EVIDENCE AS IT APPLIES BOTH TO THE -- I'LL DO THE CONCLUDING INSTRUCTIONS AND THEN RECESS. MR. ADAIR: PROBABLY FOR THE RECORD, I SHOULD BRING A MOTION FOR A MISTRIAL. THE COURT: MOTION'S DENIED. ALSO, "THE RECORD SHOULD REFLECT THAT [BEFORE] "STARTING" HIS "ARGUMENT", MR. ADAIR WANTED TO UNSEAL THE EXHIBIT, WHICH IS THE (ALLEGED) TELEPHONE. AND I DENIED THAT REQUEST. I FEEL, NUMBER ONE -- AND IT HAS CONTAMINANT ON IT, INCLUDING "BLOOD" AND THE JURY -- IT'S A CLEAR PLASTIC BAG. THEY CAN SEE VERY CLEARLY WHAT IT IS. AND DEMONSTRATE IT'S USE, I THINK MR. ADAIR HAS VERY EASILY MADE HIS POINT, AND THE JURY CAN EXAMINE THE (FALSE EVIDENCE) IN THE JURY ROOM THROUGH THE BAG. (UNDULY PREDJUDICIALLY INADMISSIBLE FALSE EVIDENCE UNDER 352) MR. ADAIR: I WAS CONCERNED ABOUT HOW I WAS GOING TO SNEAK OFF TO THE BATHROOM AND THOROUGHLY WASH MY HANDS. THE COURT: SO NOW YOU DON'T HAVE TO. LETS FINISH THE INSTRUCTIONS AND THEN WE'LL GET THE JURY OUT. (THE COURT, BOTH COUNSEL, AND THE COURT REPORTER ENTER THE COURT ROOM.) (THE FOLLOWING PROCEEDINGS

8

E. WIBURTON #F02720 IN PROPER
P.O. BOX 5246 - CSATF/SP-CI-132L
COR CORAN/CA. 93212

WERE HELD IN OPEN COURT IN THE PRESENCE OF THE JURY:)
THE COURT: ALL RIGHT. LADIES AND GENTLEMEN, I HAVE A FEW
CONCLUDING INSTRUCTIONS FOR YOU AND THEN YOU WILL BE
SENT OUT TO THE JURY ROOM FOR DELIBERATION YESTERDAY
I READ TO YOU FOR ABOUT 50 MINUTES OF THE INSTRUCTIONS.
OBVIOUSLY, THEY WERE LENGTHY.

STATEMENT OF RELEVANT FACTUAL BACKGROUND

DEFENSE COUNSEL BEFORE HE COULD BEGAN TO MAKE A
CLOSING ARGUMENT THE TRIAL JUDGE INTERRUPTED
HIM AND CALLED A SIDEBAR, COUNSEL ADAIR RETURNED
FROM THE SIDEBAR AND JUST SAT DOWN AT THE DEFENSE
TABLE, HE NEVER EVEN STARTED NOR FINISHED CLOSING
ARGUMENT, THUS THE TRIAL COURT VIOLATED DEFENDANTS
CONSTITUTIONAL RIGHT TO MAKE A DEFENSE, AND VIOLATED
PETITIONERS FEDERALLY GUARANTEED DUE PROCESS AND
EQUAL PROTECTION UNDER THE U.S. CONST 14TH AMENDMENT.
FURTHERMORE THE PHONE WAS FALSE EVIDENCE
ALLEGED TO HAVE BEEN RECOVERED FROM CONVICTED
FELON'S KIAH MINCEY'S RESIDENCE, OF WHOM HAD A
CRIMINAL MOTIVE TO PLANT FALSE EVIDENCE AS HE AND
MR. THOMAS WERE BOTH INVOLVED IN A CONSPIRATORIOUS
PLOT TO KIDNAP PETITIONER'S MINOR DAUGHTER BREONA BURTON,
OF WHOM WAS AN EQUAL PROTECTANT ON. HON JUDGE
HALGRENS ISSUED ORDER OF PROTECTION THAT
SHE FAILED TO LAWFULLY ENFORCE, IN LIGHT OF
TESTIMONY THAT IT WAS IN FACT VIOLATED. AGENT
BENNETT TESTIFIED THAT HE FOUND A PHONE
(ALLEGED) IN PIECES IN A GRASS LAWN, SHANE
COLBERT TESTIFIED HE SAW A MAN FALL IN THE
MIDDLE OF THE STREET STUMBLING, BLEEDING, AND
THEN RAN ALLEGEDLY IN CONVICTED FELON KIAH MINCEY'S
RESIDENCE. PROSECUTION SUPPRESSED THE FALSE PHONE
WITH ALLEGED BLOOD ON IT AFTER A DEFENSE MOTION FOR
DISCOVERY HAD BEEN FILED, THUS THE NEWLY DISCOVERED BLOOD
EVIDENCE, VIOLATED PETITIONERS 14TH AMENDMENT DUE PROCESS RIGHTS.

9

MR. E. W. BURTON #F02720
P.O. BOX 5246-CSATF/SP-CI-132L
CORCORAN, CA. 93212

SEE EXHIBIT "B", PAGE 36, RT. EXCERPT 625, LINES 1-10,
SEE ALSO EXHIBIT "B" PAGE 37, RT EXCERPT 663, LINES, 9-26
SEE EXHIBIT "B", PAGE 38, RT EXCERPT 665, LINES 2-5, 8-12.
TESTIMONY OF AGENT BENNETT BY MR. ADAIR: Q. TRAIL--
A. A PHONE. Q. --IF ANYTHING? A. A PHONE. Q. WAS THIS
TELEPHONE DAMAGED IN ANY WAY? A. IT APPEARED
TO HAVE BEEN DROPPED, BUT IT WAS'NT DAMAGED
LIKE THE ONE THAT WAS FOUND IN THE GRASS
AREA. Q. WHAT COLOR WAS THE PHONE? A. BLACK.
Q. AND I BELIEVED THAT YOU INDICATED YESTERDAY
THAT ON THAT LAWN SOMEWHERE, YOU RECOVERED
A PORTION OF A CORDLESS PHONE, CORRECT? A. I DIDN'T
RECOVER IT, I PHOTOGRAPHED IT AND DOCUMENTED
ITS LOCATION. Q. OKAY, AND APPARENTLY PEOPLE'S
EXHIBIT 128-- THIS THE PORTION OF THE PHONE THAT YOU
PHOTOGRAPHED? A. YES. Q. DO YOU SEE THE LOCATION ON
PHOTO A WHERE THIS PIECE OF PHONE WAS (ALLEGEDLY) FOUND?
A. (INDICATING). Q. OKAY, THAT'S THE PIECE, AND I THINK YOU
STATED YESTERDAY THAT THERE WERE A COUPLE OF OTHER
SMALLER PIECES NEXT TO IT? A. YES. Q. AND LET ME GET A
MARKER SO WE CAN CIRCLE THAT. MR. ADAIR: WE'LL USE A
RED A MARKER, YOUR HONOR. Q. AND I BELIEVE YOU ALSO
INDICATED THAT WHEN YOU LOOKED AT THE LAWN WHEN
YOU FIRST ARRIVED THERE AT THE (ALLEGED) SCENE, IT
APPEARED TO BE WET? A. IT DID. Q. ANY (ALLEGED)
BLOOD ON THE GRASS, ITSELF? A. CORRECT. Q. IT HAD BEEN
BASICALLY WASHED AWAY AT THAT POINT? A. YES.
SEE EXHIBIT "B", PAGE, 87, RT. EXCERPT 555, LINES 1,3,4,5, SEE ALSO
EXHIBIT "B", PAGE 85, RT EXCERPT 565, LINES 1-10, 22-25, SEE ALSO
EXHIBIT B, PAGE 86, RT EXCERPT 566, LINES 2-4,5,6,7,9-17,23
(SHANE COLBERT ALLEGED EYE WITNESS) BY MR. TROCHA:
Q. SPECIFICALLY, A. --IT'S 389. Q. YOU WERE LIVING AT 389 AT
THAT TIME? A. YES MR. ADAIR: Q. OKAY, AND DO YOU REMEMBER
ANYTHING ABOUT A TELEPHONE? A. NO. Q. OKAY, BUT YOU
DID HEAR ARGUING? A. YES. Q. THANK YOU. THE COURT: ARE YOU DONE?

10

MR. E. WBURTON # F02730 IN PROPER
P.O. BOX 5246 - CSATF/SP C1-132L
CORCORAN, CA. 93217

MR. ADAIR: IF I COULD HAVE JUST A MOMENT, YOUR HONOR. BY MR. TROCHA: Q. MR. COLBERT, -- WHERE (ALLEDGEDLY) WAS IT IN THE STREET EXACTLY? A. IT WAS LIKE RIGHT IN THE MIDDLE. Q. NOW, THERE'S TWO SIDEWALKS. -- WHICH OF THOSE SIDEWALKS WAS HE ON? (ALLEGEDLY) A. -- THE ONE ON THE STREET. Q. STREET SIDE OF IT? A. THE STREET SIDE. Q. DID YOU SEE ANYTHING IN HIS HAND? A. NO. Q. WHEN I SAY THAT, DID YOU SEE HIS HANDS? A. NO. Q. YOU SAID YOU HEARD TWO VOICES? A. YES MR. TROCHA: NOTHING FURTHER. THE COURT: ALL RIGHT. SEE EXHIBIT B, PAGE 79, RT EXCERPT 557, LINES 3-11, 27, 28. SEE ALSO EXHIBIT B, PAGE 80, RT EXCERPT 558, LINES 1-5, 15-16, 18-27. Q. COULD YOU SEE WHAT WAS HAPPENING AT THAT TIME? A. NOT REALLY BECAUSE THE CAR WAS BLOCKING MY VIEW Q. WHAT COULD YOU SEE? A. -- AND THEN (ALLEGEDLY) BLOOD WAS LIKE EVERYWHERE. Q. THE GUY THAT HAD FALLEN, COULD YOU DESCRIBE HOW HE LOOKED? A. NO. Q. COULD YOU SEE ANYONE INSIDE THE "JETTA"? A. I SAW ONE PERSON. Q. COULD YOU GENERALLY DESCRIBE THAT PERSON. A. HE WAS BLACK - HE LOOKED LIKE 20 Q. HE LOOKED YOUNG TO YOU? A. YES Q. HOW FAR AWAY WAS HE FROM THE CAR THAT YOU DESCRIBED? A. - ABOUT 5 FEET, SOMETHING LIKE THAT. Q. THE DISTANCE BETWEEN -- YOU CAN USE DISTANCES HERE IN THE COURTROOM. A. ABOUT HALFWAY FROM ME TO YOU. Q. SO ABOUT -- A. ABOUT RIGHT THERE (ALLEGEDLY) Q. OKAY. THE COURT: YOU WANT THE RECORD TO REFLECT AN ESTIMATE OF THAT DISTANCE? MR. TROCHA: (ALLEGEDLY) ABOUT 8 TO 10 FEET. SEE EXHIBIT "A" PAGE 23, RT EXCERPT 187, LINES 7-9, 13-16./ THE COURT: SO HE HASN'T DONE THE TESTING, AND YOU'RE COMPLAINING ABOUT THAT? (3-16-05) THE DEFENDANT: YES. THE COURT: I UNDERSTAND YOUR ARGUMENT, I UNDERSTAND WHAT YOU'RE TRYING TO SAY ON THAT. YOU THINK THERE SHOULD HAVE BEEN TESTING, AND THERE WASN'T? THE DEFENDANT YES. SEE EXHIBIT "A" PAGE 33, RT. EXCERPT 197, LINES 10, 16-20./ THE COURT: HE'S RAISED THE ISSUE ABOUT FORENSIC TESTING - MR. ADAIR: AGAIN, I CAME ON THE CASE SIX -- APPROXIMATELY SIX MONTH'S, SEVEN, EIGHT MONTH'S -- EIGHT MONTHS LATER, AND AT LEAST

11

MR. E.W. BURTON #E07720 IN PRO PER
P.O. BOX 5246-C SATF/SP-C1-132L
CORCORAN, CA. 93212

IN MY MIND, -- IT WOULD APPEAR THAT ANY LUMINAL TESTING OR WHATEVER WILL NOT BE PRODUCTIVE.

SEE EXHIBIT "A" PAGE 70 RT EXCERPT 259 LINES 5-9. THE DEFENDANT: INEFFECTIVE ASSISTANCE. THERE IS EVIDENCE THAT THE PROSECUTION IS SUPPRESSING THAT THE DEFENSE NEEDS TO EXAMINE, -- THAT I WANTED TESTED FOR ILLEGAL SUBSTANCES AND ALCOHOL.

SEE EXHIBIT "A" PAGE 80, RT EXCERPT 797, LINES 1-11. THE COURT: ALL RIGHT. SO YOU HAVE YOUR FRAMEWORK AS TO WHAT YOU CAN DO. MR. ADAIR: YES YOUR HONOR. THE COURT: I THINK --
MR. ADAIR: IT'S FUN BEING A PROSECUTOR.
THE COURT: IT DOES PUT YOU IN A DIFFERENT ROLE, DOESN'T IT? ALL RIGHT. LET'S TALK ABOUT EXHIBITS. WE DON'T REALLY IN MY VIEW NEED TO DO THIS ON THE RECORD BECAUSE WE WILL DO A MORE FULL INSTRUCTION REVIEW ON THE RECORD AT THE END OF THE CASE. SO IF YOU'D LIKE WE --

SEE EXHIBIT "A" PAGE 67 RT EXCERPT 256, LINES 4, 5, 10-16 →
THE DEFENDANT: SIR, HE CAME TO YOU, HE MANIPULATED ME TO GET A PEREMPTORY CHALLENGE -- THE COURT: -- WAS A PEREMPTORY CHALLENGE FILED IN THIS CASE? MR. ADAIR: IT WAS, YOUR HONOR. THE COURT: AGAINST WHO? MR. ADAIR: AGAINST JUDGE-(THE COMMITTING MAGISTRATE) THE COURT: HANOIAN? MR. ADAIR: HANOIAN, YES YOUR HONOR.

SEE EXHIBIT "A" PAGE 65, RT. EXCERPT 254, LINES 15-16, 18-24 → THE COURT: MR. ADAIR, YOU ARE SAYING, IS WORKING FOR THE PROSECUTION? THE COURT: IS THAT WHAT YOU ARE SAYING? THE DEFENDANT: YES, SIR. -- I AM SAYING HE'S STATE INTERPOSED. THE COURT: HE'S WHAT? MR. ADAIR: "(HE'S STATE INTERPOSED. THE COURT: STATE INTERPOSED? THE DEFENDANT: HE'S COURT APPOINTED.

SEE EXHIBIT "A" PAGE 120 RT EXCERPT 825, LINES 1, 4-8. → THE COURT: ALL RIGHT. WELL I THINK THAT -- THERE'S NO BASIS TO RELIEVE HIM (MR. ADAIR) BASED ON HIS STRATEGIC DECISION NOT TO CHALLENGE THIS COURT. IT WOULD HAVE HAD TO BE A CHALLENGE FOR CAUSE BECAUSE THERE'S ALREADY BEEN A PEREMPTORY EXERCISED AGAINST JUDGE HANOIAN. (THE COMMITTING MAGISTRATE.) SEE EXHIBIT "B" PAGE 40, RT EXCERPT 660 LINES 26-28, SEE ALSO EXIBIT "B" PAGE 41, RT EXCERPT 661, LINES 1-12, MS KINFIELD TESTIFYING: MR. ADAIR: Q. OKAY. BUT DR. HAMMERSTEAD NOTED THAT MR. THOMAS

12

MR. F.W. BURTON #F02720
P.O. BOX 5246-CSATF/SP C1-132L
CORCORAN CA, 93212

ADMITTED TO A COUPLE OF BEERS PRIOR TO THE ACCIDENT? A. YES Q. AND THAT THERE WAS AN ODOR OF AN ETHANOL BEVERAGE ON BREATH? A. YES. Q. HE'S NOT TALKING ABOUT ANYBODY EXCEPT MR. THOMAS, CORRECT? A. CORRECT? Q. AND ETHANOL BEVERAGE BASICALLY IS ALCOHOL? A. YES. Q. SO THE LONG AND SHORT OF IT IS THAT IT APPEARS MR. THOMAS HAD BEEN DRINKING? A. HE STATED THAT HE DRANK A COUPLE OF BEERS.

13.