MR. E. W. BURTON # F02720 P.O. BOX 5246
CSATF/SP-C1-132L
CORCORAN, CA. 93212   IN PROPER

CONTENTION

1. ~~GROUND 6~~ ERRONEOUS — VIOLATION OF 14TH AMENDMENT DUE PROCESS AND EQUAL
2. PROTECTION CLAUSES FOR THE TRIAL COURTS DENIAL OF A WRIT OF
3. MANDATE, IN THAT THE TRIAL COURT LACK JURISDICTION TO DENY
4. THE MOTION, AFTER A PARTIAL GRANTING OF A 1538.5
5. SUPPRESSION MOTION.
6. STATEMENT OF FACTS ON OR ABOUT 2-24-05, A 1538.5
7. SUPPRESSION HEARING WAS GRANTED BY THE HON. JUDGE
8. PRECKEL, ON OR ABOUT 24 MARCH 05, DEFENSE COUNSEL ADAIR
9. MADE A TIMELY MOTION FOR A STAY PENDING REVIEW OF
10. THE MOTION FOR A WRIT OF MANDATE, AS PROSECUTOR MS.
11. MARIA HANNAH VOICED, AN OPPOSITION, SHE STATED TO THE
12. COURT THAT THE PROPER WAY TO PROSECUTE A WRIT WOULD
13. BE VIA THE 4TH DISTRICT COURT OF APPEALS, AND THAT
14. THEY WOULD BE THE AUTHORITY TO GRANT OR
15. DENY THE WRIT. THE HON. JUDGE HALGREN, THEN WENT
16. ON AN DENIED THE STAY, WHICH WAS TIMELY WITHIN THE
17. 30 DAY MANDATE TO FILE, AS THE DEFENDANT WAS ENTITLED
18. TO, AS A MATTER OF RIGHT. THE TRIAL COURT PREDJUDICIALLY
19. ERRED AND VIOLATED PETITIONER'S 14TH U.S. CONST. AMENDMENT
20. PROCEDURAL DUE PROCESS RIGHTS AND EQUAL PROTECTION AS
21. FEDERALLY GUARANTEED. PETITIONER FURTHER CONTENDS, AND
22. IT IS HIS CONTENTION - THAT THE EL CAJON POLICE DEPARTMENT
23. VIOLATED HIS 14TH AMENDMENT DUE PROCESS AND EQUAL PROTECTION
24. CLAUSES BY SEIZING HIS PERSON IN HIS REASONABLE EXPECTATION
25. OF PRIVACY IN HIS PRIVATE RESIDENTIAL AREA, WITH UNREASONABLENESS
26. AND INTRUSIVENESS, AND THE WARRANTLESS SEARCH OF HIS HOME,
27. SEIZURE OF HIS PROPERTY, PAPERS, AND PERSONAL EFFECTS ALONG WITH
28. THE WARRANTLESS, SEARCH, SEIZURE OF HIS VEHICLE PARKED

M.C.E. "JoJo" BURTON #F02230
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212
IN PRO PER

1. ON THE CURTILAGE OF HIS HOME IN HIS PRIVATE RESIDENTIAL
2. DESIGNATED PARKING SPACE APPROX. 2 FEET FROM HIS DOORWAY,
3. AS OF WHICH PETITIONER WAS HANDCUFF ARRESTED, WITHOUT
4. PROBABLE CAUSE, AND SECURED IN A PATROL VEHICLE DURING
5. THE UNCONSTITUTIONAL, WARRANTLESS, SEARCH OF HIS HOME AND
6. VEHICLE, THE POLICE ACTION WAS INTRUSIVE. SEE NOW EXHIBIT "D",
7. PAGE 17, RT. EXCERPT 153, LINES 3-20, 25-27, SEE ALSO EXHIBIT "D" PAGE,
8. 18, RT EXCERPT 154, LINES 1-18, 20-23, 26-28—
9. STATEMENT OF FACTS ———— CONTINUED ON PAGE 3

MR. E.W. BURTON #F07720 IN PROPER
P. BOX 5246 CSATF /9-C1-132L
COR CORAN, CA. 93212

1. THE COURT: AND THE BASIS FOR THE WRIT IS AS TO WHAT LEGAL ISSUE? MR. ADAIR: THE
2. BASIS FOR THE WRIT IS THE DENIAL OF PART OF A MOTION TO SUPPRESS THAT WAS
3. BROUGHT PRETRIAL IN JUDGE PRECKEL'S DEPARTMENT. THAT PART OF THE MOTION HE
4. DENIED REQUESTED THAT THE RESULTS OF THE SEARCH OF AN AUTOMOBILE
5. BELONGING TO MY CLIENT AND THE SEARCH OF A BACKPACK (ALLEGED) THAT
6. WAS ON THE TOP OF THE AUTOMOBILE -- HE BASICALLY STATED THAT THERE
7. WAS THE AUTOMOBILE EXCEPTION TO THE REQUIREMENT TO HAVE A WARRANT,
8. AND THEREFORE, DENIED OUR REQUEST TO SUPPRESS THAT EVIDENCE. THE
9. COURT: OKAY. MS. HANNAH, ANY RESPONSE TO THAT REQUEST? MS. HANNAH, --
10. YOUR HONOR. I THINK THAT A PROPER WAY TO FILE A WRIT, OF COURSE,
11. IS TO FILE IT WITH THE COURT OF APPEALS, AND THEN THEY
12. WOULD BE THE AUTHORITY THAT WOULD GRANT THE STAY -- MOTION
13. WAS HEARD, I BELIEVE -- AT LEAST THE COURT CAME BACK WITH
14. IT'S RULING -- ON FEBRUARY 28TH. THE COURT: ALL RIGHT. MR. ADAIR:
15. YOUR HONOR, CAN I RESPOND? THE COURT: YES, BUT LET ME CONFIRM THE DATE.
16. IT LOOKS LIKE MS HANNAH ITS TARTED ON JANUARY 28TH. THE RULING
17. WAS -- THE COURT: THEN IT CARRIED OVER TO THE FOLLOWING
18. MONDAY IT LOOKS LIKE. MR. ADAIR: IT WAS ACTUALLY CONTINUED INTO
19. LATE FEBRUARY. THE COURT: OH, OKAY. THERE WAS ANOTHER CONTINUANCE.
20. MS. HANNAH: THERE WAS. THE COURT: ALL RIGHT, WELL, LET'S JUST PINPOINT THAT
21. DATE FOR THE RECORD. MS HANNAH: EXCUSE ME, I MISSPOKE. IT WAS
22. FEBRUARY 24TH. THE COURT: ALL RIGHT. I SEE THOSE MINUTES, SO THE MOTION
23. WAS DENIED ON FEBRUARY 24TH. MR. ADAIR YOU HAD A BRIEF REPLY? MR. ADAIR:
24. MY CLIENTS ALWAYS REQUESTED THAT I GO TO THE FOURTH DISTRICT
25. ON THIS. IT WAS MY DECISION NOT TO DO IT, AND I THINK HE WOULD
26. WANT IT ON THE RECORD THAT HE FROM PRETTY MUCH DAY ONE HAS
27. REQUESTED A REVIEW. -- SHOULD VINDICATE HIS RIGHTS IN THAT
28. REGARD. THE COURT: ALL RIGHT. WELL, I UNDERSTAND THAT. THE

B

MR. E. WILBON BURTON
P.O. BOX 5246 - CSATF/SPCI - 132L
CORCORAN, CA. 93212.
IN PRO PER -

1. REQUEST FOR THE STAY IS DENIED, THE MOTION WAS RULED UPON
2. FEBRUARY 24TH -- ALSO MR. BURTON WILL NOT BE DEPRIVED OF
3. HIS APPELLATE RIGHTS SHOULD THE CASE PROCEED ADVERSELY TO
4. HIM AND HE WISHES TO APPEAL ON THOSE ISSUES, HE WILL
5. CERTAINLY BE ABLE.
6. CONTENTION - PETITIONER FURTHER CONTENDS THAT THE STATE TRIAL COURT
7. SPECIFICALLY HON. JUDGE PRECKEL AT THE 1538.5 HEARING ON OR ABOUT JAN 28TH
8. '05 DENIED PETITIONER HIS RIGHT TO AN IN CAMERA, BOTH HIM AND HIS
9. COUNSEL MR. ADAIR, AS HE WAS ENTITLED AS A MATTER OF RIGHT,
10. THE COURT THUS VIOLATED HIS FEDERALLY GUARANTEED
11. U.S. CONST. DUE PROCESS CLAUSES OF BOTH THE 6TH AND 14TH
12. AMENDMENTS - SEE - STATEMENT OF FACTS - SEE EXHIBIT E,
13. PAGE 3, RT EXCERPT 25 (1538.5 HEARING), LINES 17-28; MR. ADAIR: MY CLIENT
14. INFORMS ME HE WANTS AN IN CAMERA HEARING. THE COURT: WELL
15. WHAT HE WANTS AND WHAT HE'S GOING TO GET ARE TWO DIFFERENT THINGS,
16. THERE'S NO REASON TO GO IN CAMERA. WE'RE GOING TO PROCEED
17. ON THE RECORD. MR. ADAIR: MY CLIENT ALSO INFORMS ME
18. HE WOULD LIKE A MARSDEN. THE COURT: NO, WE'RE NOT GOING TO
19. TAKE UP A MARSDEN MOTION BECAUSE, -- AGAIN I'M VERY FAMILIAR
20. WITH THE HISTORY OF THIS CASE AND FRANKLY, -- YOU'RE NOW THE
21. THIRD ATTORNEY OF RECORD, AT ANOTHER TIME HE HAS SOUGHT MARSDENS
22. SEE EXHIBIT "E", PAGE 9, RT EXCERPT 31, LINES 10-12, 14, -21. MR. ADAIR: ALL RIGHT. I THINK THE
23. LAST ITEM, YOUR HONOR IS THERE ARE CERTAIN ITEMS OF EVIDENCE THAT I WOULD
24. LIKE TO LOOK AT PRIOR TO THE HEARING. -- VIEW. THE COURT: YOU'RE GOING TO HAVE
25. TO BE A LITTLE MORE SPECIFIC THAN THAT. MR. ADAIR: THERE ARE PHOTOGRAPHS
26. THAT WERE TAKEN OF THE CAR, THE AUTOMOBILE. I DON'T KNOW -- I DON'T HAVE A
27. LIST OF PHOTOGRAPHS, I DON'T KNOW ANYONE HAS EVER PREPARED, OR AT LEAST IT WAS
28. NEVER GIVEN TO ME, SO I CAN'T SAY WHAT PHOTOGRAPHS EXIST OR DON'T EXIST.

**STATEMENT OF FACTS**

SEE EXHIBIT B, PAGE 23 RT EXCERPT 329 LINES 4-18, 20-23, 27,

1. MR. ADAIR: WELL, WE'VE REQUESTED PHOTOGRAPHS — I THINK IT STARTED
2. WITH -- WITH THE PRIOR ATTORNEY ON THE CASE APPROXIMATELY
3. A YEAR AGO REQUESTING PHOTOGRAPHS AND THEY -- THAT WAS IN
4. THE FORM OF, I THINK, A LETTER AND AN ACTUAL FILED MOTION THAT
5. WAS NEVER HEARD, A DISCOVERY MOTION. THAT WAS LAST YEAR. I FOLLOWED
6. UP WITH A LETTER, -- SUPPRESSION MOTION -- CONCERNING ANOTHER,
7. THE COURT: MR. TROCHA, DO YOU HAVE ANYTHING IN RESPONSE?
8. (PROSECUTION'S REBUTTAL ON RECORD) MR. TROCHA: "I DON'T KNOW THE
9. HISTORY OF THE PHOTOGRAPHS OR ANYTHING." THE COURT: OKAY.
10. SEE EXHIBIT "B" PAGES 27, 28, 29, LINES 1-19 ON PAGE 27, LINES 4-28 ON BOTH PAGES 2 NOT SURE
11. PAGE 28, LINE 1-20 ON PAGE 29 - ORDER DENYING DISCOVERY, POST TRIAL BY THE
12. TRIAL COURT: SEE EXHIBIT "B" PAGE 1, RT EXCERPT 177, LINES 1-7. THE COURT:
13. ALL RIGHT. ANY RESPONSE BY THE PEOPLE? MS HANNAH: -- CIRCUMSTANCES
14. AND THE RESULT OF THE INCIDENT THAT OCCURRED ON MARCH 19TH OF LAST
15. YEAR. WHETHER THE ISSUE -- THE WHOLE QUESTION OF THE TRIAL IS WHETHER
16. MR. BURTON IS THE PERSON THAT COMMITTED THE (ALLEGED) CRIME, NOT
17. WHETHER OR NOT MR. THOMAS IS, IN FACT, A (ALLEGED) VICTIM OF A CRIME.
18. SEE EXHIBIT "A" PAGE 82, RT EXCERPT 753 LINES 5-14. (DATED 7-22-05) THE COURT: I
19. HAVE ANOTHER DOCUMENT THAT MR. BURTON HAD SENT TO THE COURT. IT WAS
20. ROUTED THROUGH DEPARTMENT 7, I BELIEVE, BUT IT APPEARS TO BE ANOTHER
21. PRETRIAL OR TRIAL MOTION THAT HE HAD WANTED THE COURT TO CONSIDER.
22. I'LL GIVE THAT TO MR. ADAIR. IF HE THINKS IT HASN'T BEEN ADDRESSED
23. AND HE WISHES TO ADDRESS THAT, HE CAN DO SO AT THE RIGHT TIME.
24.
25.
26.
27.
28.

5