M.R. E.W. BURTON #F02720 IN PROPER
P.O. BOX
CORCORAN CA, 93212
EXHIBIT A, ATTACHMENT IN SUPPORT OF GROUND I ERROR EWB

CONTENTION 1-B

GROUND 1-B — UNLAWFUL SEIZURE OF PERSON, HOME, VEHICLE, AND PROPERTY Protections

2. THE FEDERALLY GUARANTEED U.S. CONST, 1ST, 4TH, AND 14TH AMENDMENT DUE PROCESS,
3. EQUAL PROTECTION CLAUSES AND PRINCIPLES AND FREE SPEECH CLAUSE AND
4. EXPRESSION CLAUSES OF THE 1ST U.S. CONST AMENDMENT.
5. STATEMENT OF FACTS - PETITIONERS SEIZURE OF PERSON BY THE POLICE
6. WAS AN INTRUSIVE, INVASIVE, THRESHOLD SEIZURE, OFFICER HOLMES ON
7. 19 MARCH 04, WHILE PETITIONER WAS STANDING IN THE THRESHOLD IN A PRIVATE
8. RESIDENTIAL PLACE WHERE HE HAD A REASONABLE EXPECTATION OF PRIVACY
9. WHILE ALLEGEDLY MAKING A PHONE CALL TO 911 OPERATOR OF WHICH CALL
10. WAS DESTROYED IN BAD FAITH IMPROPERLY BY THE POLICE, EVIDENCE PROVING PETITIONERS
11. INNOCENCE, OFFICER HOLMES THEREFORE WITHOUT INFERENCE AND NO
12. EVIDENCE OF PROBABLE CAUSE PULLED A GUN ON PETITIONER AFTER BLOCKING
13. HIM IN WITH HIS POLICE VEHICLE IN PETITIONER'S RESIDENTIAL ONE-WAY
14. DRIVEWAY, SEIZED PETITIONER FROM THE THRESHOLD OF HIS APT. MANAGER'S
15. DOORWAY, #6 AT 425 E. MAIN ST. E.C. CA. PETITIONER WAS APPROX 25 FEET AWAY
16. FROM HIS APARTMENT UNIT #5, AND THE SAME APPROX. DISTANCE FROM HIS VEHICLE
17. PARKED ON THE CURTILAGE OF HIS HOME PARKED IN HIS DESIGNATED
18. UNIT #5 PARKING SPACE. PETITIONER HAD NOT BEEN INFORMED WHY HE
19. WAS BEING ARRESTED, HAD NOT BEEN MIRANDIZED, UNTIL AFTER THE
20. POLICE BROKE THE CHAIN OF CUSTODY AFTER OFFICER KIRK INITIATED
21. CUSTODIAL INTERROGATION BY ASKING PETITIONER A DIRECT INCRIMINATING
22. QUESTION, "WHERE'S THE ALLEGED GUN?" PETITIONER ALLEGEDLY WAS THE RESPONSIBILITY
23. OF OFFICER HOLMES, DESIGNATED THE ARRESTING OFFICER. IN HANDCUFFS
24. AND WITHOUT CONSENT, POLICE OFFICER HOLMES, BROKE THE CHAIN
25. OF CUSTODY, LEAVING PETITIONER ALLEGEDLY JUST STANDING IN HIS POLICE VEHICLE
26. ALONE, 3 OFFICERS, ENTERED, SEARCH, AND SEIZED AN INSTRUMENT
27. WRAPPED IN A BLANKET FROM PETITIONERS APARTMENT UNIT #5. HE WAS
28. NEVER IN, HE WAS SEIZED AT HIS MANAGERS UNIT 25 FEET AWAY,

MR. E.W. BURTON # J-2730, IN PRO PER.
P.O. BOX 5246 - CSATF/SP-C1-132L
CORCORAN, CA.

STATEMENT OF FACTS -
SEE EXHIBIT "D" PAGE 96, RT EXCERPT 0125, LINES 9-17, FRUIT OF THE POISONOUS TREE - "THE ESSENCE OF A PROVISION FORBIDDING THE ACQUISITION OF EVIDENCE IN A CERTAIN WAY IS THAT NOT MERELY EVIDENCE SO ACQUIRED SHALL NOT BE USED BEFORE THE COURT, BUT THAT IT SHALL NOT BE USED AT ALL." (SILVER THORNE LUMBER CO. V. UNITED STATES (1920) 251 U.S. 385) NOT ONLY IS IT WELL ESTABLISHED THAT EVIDENCE WHICH IS ILLEGALLY OBTAINED CANNOT BE USED (ANGELO V. U.S. (1925) 269 U.S. 20), BUT MAPP V. OHIO (1961) 367 U.S. 643 AND WONG-SUN V. UNITED STATES (1963) 371 U.S. 471 INSTRUCT US THAT THE "FRUITS" RESULTING FROM EVIDENCE SEIZED OR LEADS RESULTING FROM THE EVIDENCE MUST ALSO BE EXCLUDED. SEE ALSO EXHIBIT D PAGE 99, RT EXCERPT 0130, LINES 1-26. SEE ALSO EXHIBIT D, PAGE 100, RT EXCERPT 0131, LINES 1-28. SEE EXHIBIT "D" PAGE 1 - RT EXCERPT 0132, LINES 1-28. SEE ALSO EXHIBIT D, PAGE 2, RT EXCERPT 0133, LINES 1-24. SEE EXHIBIT A, PAGE 117, RT EXCERPT 822, LINE 22, 7 THE COURT; THE FRUIT-OF-THE-POISONOUS-TREE ARGUMENT --

