## TABLE OF CONTENTS

MEMORANDUM AND POINTS OF AUTHORITY        1

IN SUPPORT OF GROUNDS 1 AND 2             2

        PAGES 1-42                        3

                                          4

                                          5

                                          6

                                          7

                                          8

                                          9

                                          10

                                          11

                                          12

                                          13

                                          14

                                          15

                                          16

                                          17

                                          18

                                          19

                                          20

                                          21

                                          22

                                          23

                                          24

                                          25

                                          26

                                          27

                                          28

                                          29

                                          30

                                          31

A MEMO. OF P AND AUTHORITIES AND POINTS AND AUTHORITY IN SUPPORT OF GROUNDS 1,
ATTACHED AND 2. (6+14TH VIOLATION, DENIAL OF RIGHT TO SELF REPRESENTATION)

STATEMENT OF FACTS

1  PETITIONER ON 16 MARCH 05 MADE 2 PROFFERED TIMELY MOTIONS THE FIRST

2  FOR SELF REPRESENTATION PER HIS 6TH U.S. CONST. AMENDMENT A GUAR-

3  ANTEED FEDERAL RIGHT AND SECONDLY A MARSDEN, KNOWINGLY + INTELLIGENTLY

4  AS THE COURT FOUND IN FARETTA, "[T]HE RECORD (R.T. EXCERPT)

5  AFFIRMATIVELY SHOWS THAT [APPELLANT] WAS LITERATE,

6  COMPETENT, AND UNDERSTANDING, AND THAT HE WAS

7  VOLUNTARILY EXERCISING HIS INFORMED FREE WILL"

8  (422. U.S. AT p. 835, 95 S. CT. AT p. 2541.) THE TRIAL COURTS

9  DENIAL OF APPELLANT'S MOTION, OR RATHER ITS FAILURE TO RULE OF

10 ON 16 MARCH 05 WAS ₍PREJUDICIAL₎ ERROR. STATEMENT OF FACTS. PETITIONERS FIRST APPOINTED COUNSEL

11 CONFLICTED OFF WITHOUT INITIATING ANY PERSONAL CONSULTATION WITH DEFENDANT.

12 HIS NAME WAS MR. VICK ERICSEN. PETITIONER HAD'NT MET WITH ANY ATTORNEY DESPITE

13 HIS REQUEST TO SPEAK WITH ONE UPON HIS SEIZURE AND ARREST ON 19 MARCH 04

14 UNTIL THE DAY OF HIS PRELIMINARY HEARING 28 APR. 04. AT THAT POINT HE HAD

15 MET WITH MR. PLUMMER FOR 10 MINUTES FOR THE FIRST TIME PRIOR TO THE

16 PRELIMINARY HEARING. UPON RAISING A MARSDEN MOTION, MR. PLUMMER NT

17 SIMPLY ACQUIESED TO THE MOTION, AND THUS WAS SUBSEQUENTLY RELIEVED

18 SEE ALSO EXHIBIT A PAGE 8 R.T EXERPT (MARSDEN HEARING) LINES

19 1-15 AS FOLLOWS' THE COURT— IF WHAT YOU'RE TELLING ME

20 IS THAT YOU HAVE A DOUBT ABOUT YOUR PRESENT MENTAL COMPETENCE

21 TO PROCEED WITHIN THE MEANING OF PENAL CODE SECTION

22 1368, ET SEQUITUR, I REJECT THAT SUGGESTION OUTRIGHT

23 BASED UPON MY INTERACTION WITH YOU HERE THIS AFTERNOON

24 I CANNOT GET INSIDE YOUR HEAD IN A MANNER OF SPEAKING, BUT

25 CLEARLY THE MANNER WHICH YOU HAVE PRESENTED HERE THIS

26 AFTERNOON, THE MANNER IN WHICH YOU HAVE COGENTLY AND

27 LOGICALLY SPOKEN AT LENGTH CONCERNING YOUR CASE, ALL

28 OF THAT CAUSES THE COURT TO CONCLUDE THAT YOU'RE

IN PROPER

MR. EDDIE BURTON #P60780
P.O. BOX 5246 CSATF/SPC1-132L
COR CORAN CA. 93212

1   [ABSOLUTELY COMPETENT, AS A MATTER OF LAW,] AT THIS TIME

2   SUCH THAT THESE CRIMINAL PROCEEDINGS WILL GO FORTH

3   WITHOUT UNDUE INTERRUPTION FOR PURPOSES OF A 1368

4   EXAMINATION EVALUATION AND HEARING. I FIND NOT EVEN A

5   SCINTILLA OF EVIDENCE AS TO SUPPORT OR WARRANT

6   THE SUSPENSION OF CRIMINAL PROCEEDINGS IN THIS CASE.

7   SEE EXHIBIT A" PAGE 8, R.T. EXCERPT 21, LINE 28; AND SEE EXHIBIT A, PAGE 9, R.T. EXCERPT 22,

8   LINES 1-26 - THE COURT; THE COURT AT THIS TIME WILL RELIEVE MR. PLUMMER AS APPOINTED

9   COUNSEL OF RECORD FOR MR. BURTON, STATEMENT OF CASE - ON 11-09-04, THE HON. JUDGE PRECKEL

10  APPOINTED CONFLICTING COUNSEL NEWTON; DEFENDANT MADE A THRESHOLD MARSDEN MOTION,

11  THAT WAS DENIED, THE COURT FAILED TO INQUIRE INTO THE APPOINTMENT OF CONFLICTING COUNSEL

12  SEE EXHIBIT D", PAGE 20, R.T. EXCERPT 0033, LINES 1-21; SEE EXHIBIT A" R.T EXCERP 0349, PAGE 1 ④

13  STATES; THE DEFENDANT MAKES A MOTION TO INVOKE HIS 6TH

14  AMENDMENT RIGHT TO REPRESENT HIMSELF AND [ALSO] REQUESTS A

15  MARSDEN MOTION. THE COURT WILL ADDRESS THE DEFENDANTS MOTION

16  AFTER THE IN LIMINE MOTIONS HAVE BEEN COMPLETED, ALSO SEE

17  DEFENSE MOTION TO DISMISS BECAUSE DEFENSE FEELS THE

18  CHARGES HAVE NOT BEEN SUBSTANTIATED. THIS MOTION IS DENIED,

19  AT 3:30, COURT DENIED MARSDEN, FAILED TO INQUIRE AND RULE ON 6TH AMEND MOTION FOR SELF REPRESENTATION

20  FAILED TO MAKE A FULL WINDHAM INQUIRY ABUSED HER DISCRETION, SEE EXHBITA PAGE 9 R.T. EXCERPT A LINE 28

21  DEFENDANT; AT THIS TIME, YOUR HONOR, I WOULD LIKE TO (CONTINUATION PAGE ④ EXHIBIT

22  A, EXCERPT 168 LINE 1 AND 2) INVOKE MY SIXTH AMENDMENT RIGHTS TO

23  REPRESENT MY SELF AS COUNSEL. SEE EXHIBIT A PAGE 9 R.T.

24  EXCERPT 168 LINES 3 THRU 12; THE COURT- ALL RIGHT. SIR, I'LL TAKE

25  THAT UP IN A MOMENT. I WANT TO FIRST DEAL WITH THE ISSUES

26  THAT ARE ON CALENDAR FOR TODAY. I KNOW OVER THE COURSE

27  AND HISTORY OF THIS CASE, ISSUES LIKE THAT HAVE BEEN RAISED

28  BEFORE. SO I'LL SET ASIDE TIME AT THE END OF TODAY'S

III

P.O. BOX 5246-CSATF/SP -C1-132L
CORCORAN, CA. 93212

1. HEARING TO HEAR THOSE FROM YOU. ALL RIGHT, AND THEN IF I GRANT
2. YOUR MOTION, YOU WILL HAVE THE OPPORTUNITY TO ADDRESS
3. ANYTHING WE'VE ADDRESSED. THE DEFENDANT: EXCUSE ME (EXHIBIT A R.T. EXCERPT 178)
4. WOULD LIKE A MARSDEN ALSO. THE COURT: ALL RIGHT,
5. WE'LL DO THAT, ["TOO" [EMPHASIS ADDED]. SEE EXHIBIT A AGE 15 R.T.
6. EXCERPT 179 LINES 2-8 (PAGE 10 EXCERPT) THE COURT: OKAY.
7. ANYTHING ELSE THAT WE NEED TO ADDRESS? AND IF NOT, WHAT I'LL
8. BE DOING IS EXCUSE MS. HANNAH -- TAKE A BREAK AT THIS
9. POINT AND THEN RESUME WITH JUST MR. ADAIR AND MR. BURTON
10. SO WE CAN DEAL WITH ISSUES RELATED TO THE MARSDEN
11. MOTION. ANYTHING ELSE? MS. HANNAH: I DON'T THINK SO.
12. THE COURT: OKAY, THEN I WILL BE EXPECTING COUNSEL TO
13. REPORT HERE -- LET'S SEE, IF WE'RE GOING TO WANT TO GET
14. STARTED WITH PANEL, THEY WON'T BE READY UNTIL 9:15, THERE
15. MAY HAVE BEEN ISSUES THAT WOULD HAVE DEVELOPED BETWEEN
16. NOW AND THEN, SO I'D PROBABLY LIKE YOU HERE AT 8:45 ON
17. WEDNESDAY -- MS. HANNAH: OKAY. THE COURT: -- THE 23RD.
18. MS. HANNAH: OKAY. SEE PAGE 16 OF EXHIBIT A, R.T. EXCERPT 180,
19. LINES 4 THRU 5. ; THE COURT: OKAY. VERY GOOD, WE'LL BE IN
20. RECESS FOR 15 MINUTES. SEE EXHIBIT A PAGE 17 R.T. EXCERPT
21. 181, LINES 15 THRU 17. THE COURT: OKAY, WHAT IS THE-- WELL,
22. LET ME FIRST REVIEW WITH YOU. I BELIEVE IN THE PAST
23. YOU HAD A "MARSDEN HEARING" BUT NOT IN FRONT OF ME. SO I
24. WANTED TO JUST MAKE SURE."
25. STATEMENT OF FACTS - THEREFORE THE TRIAL JUDGE WAS
26. AWARE OF PETITIONER'S PREVIOUS MARSDEN OF WHICH HE HAD
27. ALREADY BEEN DEEMED LAWFULLY COMPETENT BY THE HON.
28. JUDGE PRECKLE NOV. 5, 04.

P.O. BOX 5246 C9ATP/SP-C1-132L
CORCORAN CA 93212

1  STATEMENT OF FACTS

2  PETITIONER'S CONVICTION AND SENTENCE IS/UNCONSTIT-

3  IONAL CLEARLY HIS 6TH AND 14TH AMENDMENT DUE PROCESS AND EQUAL PROTECTION

4  CLAUSES HAVE BEEN PREJUDICALLY AND ERRONEOUSLY VIOLATED BY AN IRRATIONAL

5  TRIER OF FACT. VIOLATED FEDERALLY GUARANTEED U.S. CONSTITUTIONALLY RIGHT TO SELF

6  REPRESENTATION, AS THE R.T. EXCERPTS CLEARLY SHOW PETITIONER HAD BEEN LAWFULLY CONCLUDED

7  TO BE ABSOLUTELY COMPETENT. PRIOR TO HIM INVOKING HIS 6TH AMEND RIGHT TO SELF REPRESENTATION

8  PETITIONER INVOKED HIS FIRST 6TH AMENDMENT RIGHT TO SELF REPRESENTATION

9  ON 16 MARCH 05, NOT 24 MARCH 05, ON 24 MARCH 05 PETITIONER

10  REITERATED HIS PREVIOUS INVOKED RIGHT PER U.S. CONST AMEND.

11  WITH A FARETTA PRO SE VERBAL MOTION, SEE EXHIBIT A PAGE 10 R.T.

12  EXCERT 0348 DATED 3-16-05 - STATES THE CORRECTLY STATED

13  FACTUAL MOTIONS MADE BY DEFENDANT AS QUOTED "SPECIFICALLY"

14  "THE DEFENDANT MAKES A MOTION TO INVOKE HIS 6TH AMENDMENT

15  RIGHT TO REPRESENT HIMSELF AND ["ALSO"] REQUEST A MARSDEN

16  THE COURT WILL ADDRESS THE DEFENDANTS MOTION AFTER THE

17  LIMINE MOTIONS HAVE BEEN COMPLETED." AS THE PETITIONER

18  MADE HIS SECOND "FUNDAMENTALLY SEPERATE" MARSDEN MOTION,

19  AS INDICATED PREVIOUSLY THE COURT RESPONDED AND

20  ACKNOWLEDGED TWO INDIVIDUAL MOTIONS BY STATING I

21  ON EXHIBIT A PAGE (14) LINE 12 STIPULATED AS THE COURT'S

22  (N.R.T. EXCERT 168) "ALL RIGHT. WE'LL DO THAT TOO." [illegible]

23  IT IS FURTHER NOTED THAT ON 11-05-04 APPROXIMATELY 4 MONTH'S

24  PRIOR TO PETITIONER'S 16 MARCH 05 INVOCATION OF HIS U.S. CONST.

25  6TH AMENDMENT RIGHT TO SELF REPRESENTATION AS FEDERALLY GUARANTEED,

26  THE HONORABLE JUDGE ALLAN PRECKLE FOUND PETITIONER LAWFULLY THAT

27  COMPETENT TO STAND TRIAL AND STATED IMPHATICALLY THAT PROCEEDINGS

28  WILL NOT BE SUSPENDED FOR A 1368 EXAMINATION, SEE EXHIBIT A PAGE 8 EXCERT 2/WEST 15.

P.O. BOX 5246-CSATF/SP-C1-132L
COR CORAN CA. 93212

1   PROCEEDINGS WILL GO FORTH WITHOUT UNDUE
2   INTERRUPTION FOR PURPOSES OF A 1368 EXAMINATION
3   EVALUATION AND HEARING. I FIND NOT EVEN A
4   SCINTILLA OF EVIDENCE AS TO SUPPORT OR WARRANT
5   THE SUSPENSION OF CRIMINAL PROCEEDINGS IN THIS
6   CASE. SEE EXHIBIT "A" PAGE 12, PT 34 CAL RPTR 7, LINE 3 25x28, SEE ALSO EXHIBIT "A"
7   PAGE 17, PT EXCERPT (6) LINES 1 THRU 12, AS STATED; THE DEFENDANT:
8   AT THIS TIME, YOUR HONOR, (ON 16 MARCH 05) I WOULD LIKE TO
9   INVOKE MY SIXTH AMENDMENT RIGHTS TO REPRESENT
10  MYSELF AS COUNSEL. THE COURT: ALL RIGHT. SIR, I'LL
11  TAKE THAT UP IN A MOMENT. I WANT TO FIRST DEAL WITH
12  THE ISSUES THAT ARE ON CALENDAR FOR TODAY,
13     I KNOW OVER THE COURSE AND THE "HISTORY" OF THIS
14  CASE ISSUES LIKE THAT HAVE BEEN RAISED BEFORE.
15  SO I'LL SET ASIDE TIME AT THE END OF TODAYS
16  HEARING TO HEAR "THOSE" FROM YOU. ALL RIGHT THEN IF
17  I GRANT YOUR MOTION, YOU WILL HAVE THE OPPORTUNITY TO
18  ADDRESS ANYTHING WE'VE ADDRESSED
19     THE DEFENDANT: EXCUSE ME. I WOULD LIKE A
20  MARSDEN (ALSO) THE COURT: ALL RIGHT. WE'LL DO THAT
21  [TOO.] [EMPHASIS ADDED] SEE PEOPLE V. JOSEPH (CAL. 1983) 196 CAL.
(ARGUMENT)
22  RPTR. 339, 34 CAL. 3d 936. AS THE EXCERPT QUOTED FROM THE
23  TRANSCRIPT INDICATES, THE TRIAL JUDGE RECOGNIZED THAT
24  APPELLANT PROFFERED TWO SEPARATE MOTIONS, ONE TO RELIEVE
25  ATTORNEY ARMSTRONG AND THE OTHER TO REPRESENT HIMSELF.
26  THE LATTER WAS HEARD AFTER THE FORMER WAS GRANTED AT
27  THAT TIME, APPELLATE MADE IT CLEAR THAT HE AND HE ALONE"
28  WANT[ED] TO PUT ON THE DEFENSE...." IT SHOULD BE NOTED

VI.

MR. W. BURTON #F03780 IN PROPER
P.O. BOX 5246-C9ATFIP-C1-132L
CORCORAN CA, 93212

1. THAT THESE TWO MOTIONS ARE FUNDAMENTALLY DIFFERENT.
2. WHETHER A MOTION TO RELIEVE COUNSEL SHOULD BE GRANTED
3. DEPENDS NOT ON WHETHER AN ACCUSED POSSESSES THE CAPACITY
4. TO WAIVE COUNSEL, BUT RATHER ON WHETHER "FAILURE TO DO
5. SO WOULD SUBSTANTIALLY IMPAIR OR DENY THE RIGHT TO
6. ASSISTANCE OF COUNSEL ..." (PEOPLE V. McKENSIE (1983) 34 CAL.
7. 3d 616, 629, 194 CAL. RPTR. 462, 668 P.2d 769; PEOPLE V. MARSDEN
8. (1970) 2 CAL. 3d 118, 123-124, 84 CAL. RPTR. 156, 465 P.2d 44; SEE
9. PEOPLE V. MUNOZ (1974) 41 CAL. APP. 3d 62, 66, 115 CAL. RPTR 726.)
10. MOREOVER, IT IS NOT AT ALL UNCOMMON FOR A FARETTA
11. MOTION TO ACCOMPANY AN ACCUSED'S REQUEST TO DISMISS
12. COURT-APPOINTED COUNSEL. (SEE, e.g. PEOPLE V. WINDHAM SUPRA
13. 19 CAL. 3d AT P. 125, 137 CAL. RPTR. 8, 560 P.2d 1187; PEOPLE V.
14. RUIZ (1983) 142 CAL. APP. 3d 780, 785-787, 191 CAL. RPTR. 249.)
15. THE MERE FACT THAT THE TWO MOTIONS ARE MADE IN
16. THE SAME PROCEEDINGS DOES NOT COMPEL THE
17. CONCLUSION THAT THE PRO SE MOTION AND ITS ATTENDANT
18. WAIVERS ARE UNINTELLIGENT OR UNKNOWING.
19. PETITIONER ASSERTS THAT SOME FOUR MONTH'S
20. BEFORE TRIAL (6 MARCH 05, AS TRIAL BEGAN 19 JULY 05, AND
21. MOTION WAS TIMELY, INTELLIGENT AND KNOWING, PETITIONER
22. HAD ALREADY LAWFULLY BEEN DEEMED COMPETENT, AND
23. TRIAL JUDGE ACKNOWLEDGED THE HISTORY OF THE CASE.
24. IT WAS PREDJUDICIAL AND VIOLATED PETITIONERS 6TH
25. AND 14TH U.S. CONST AMENDMENT RIGHTS TO SELF REPRESENTATION.
26. AS QUOTED IN PEOPLE V. JOSEPH, (CAL. 1983) 196 CAL. RPTR. 339, 34 CAL.
27. 3d 936 [] THE ONLY CLAIM OF ERROR THIS COURT NEED
28. ADDRESS IS APPELLANT'S CONTENTION THAT THE TRIAL

V.5

P.O. BOX 5246 ~CSATF/SP-CI-132L
COR CORAN, CA. 93212

1  COURT ERRED IN DENYING HIS TIMELY MOTION TO REPRESENT
2  HIMSELF. ( FARETTA V. CALIFORNIA (1975) 422 U.S. 806, 95 S.CT.
3  2525, 45 L.Ed.2d 562.) THE RECORD INDICATED THAT
4  AN UNEQUIVOCAL ASSERTION OF APPELLAN'TS DESIRE TO
5  PROCEED PRO SE WAS MADE WELL IN ADVANCE OF TRIAL.
6  AS A RESULT, THE DENIAL OF *341 [671 P.2d 845] THAT MOTION
7  CONSTITUTED ERROR. SINCE THE ERRONEOUS DENIAL
8  OF A TIMELY PROFFERED FARETTA MOTION IS REVERSIBLE
9  PER SE, THE JUDGEMENT OF CONVICTION MUST BE SET
10 ASIDE.
11 STATEMENT OF FACTS - ON 16 MARCH 05 THE TRIAL JUDGE
12 DENIED PETITIONERS MARSDEN BUT FAILED TO RULE ON
13 PETITIONERS FIRST 6TH AMENDMENT MOTION FOR
14 SELF REPRESENTATION. SEE EXHIBIT A, R,T EXCERPT PAGE 44, LINES
15 18, 19, 20, 22, 24, 25, 26, 27, 28. THE FOLLOWING - THE COURT:
16  TO THE EXTENT THERE HAVE BEEN ANY DIFFICULTIES
17 IT SEEMS LIKE SOME OF THEM HAVE BEEN CAUSED
18 BY MR. BURTON NOT EITHER WANTING TO SIGN CONSENT
19 FORMS OR MAKING IT MORE DIFFICULT -- PREFER
20 TO HAVE FACE-TO-FACE MEETINGS WITH HIS
21 ATTORNEYS -- IT'S MORE EFFICIENT TO COMMUNICATE
22 IN WRITING OR HAVE ANOTHER COME ON YOUR ATTORNEY'S
23  BEHALF. SO I DON'T THINK THAT'S A BASIS TO CONCLUDE
24 THAT THERE IS NOT EFFECTIVE REPRESENTATION. SO THE
25 MARSDEN MOTION IS DENIED, AND THE TRANSCRIPT WILL BE
26 SEALED. ARGUMENT - RIGHT TO PRIVATE CONSULTATION - SEE - 96 A.L.R. 5TH
27 [DENIAL OF OR INTERFERENCE WITH ACCUSED RIGHT TO HAVE ATTORNEY INITIALLY
28 CONTACT ACCUSED; SUPERSEDING 18 A.L.R. 4TH 669, TEXT, R 355].

0611

RUBEN D. BURTON #CD3730
P.O. BOX 5246-CSATF/SP-CI-132
CORCORAN, CA. 93212

1  STATEMENT OF FACTS - IT IS FURTHER CONTENDED THAT

2  UPON PLACING PETITIONER UNDER A 1368 HOLD THE COURT

3  PREJUDICIALLY AND ERRONEOUSLY VIOLATED PETITIONER'S 5TH

4  AND FOURTEENTH U.S. CONST. AMENDMENT DUE PROCESS AND

5  EQUAL PROTECTION CLAUSES BY NOT GIVING HIM THE FIFTH

6  AMENDMENT REQUIREMENTS OF ESTELLE -

7  ARGUMENT - THE FIFTH AMENDMENT REQUIREMENTS OF ESTELLE

8  IN WHICH THE SUPREME COURT HELD THAT A DEFENDANT HAS

9  A FIFTH AMENDMENT RIGHT TO BE INFORMED THAT HE NEED

10  NOT CONSENT TO A COURT-ORDERED PSYCHIATRIC EXAMINATION

11  IN WHICH THE RESULTS COULD BE USED AGAINST HIM AT

12  TRIAL. U.S. CA. CONST. AMENDS, 5, 6 M. V. TI. SHAW V. WOODFORD, 255

13  F. 3d 926 (9TH CIR. 2001) SEE EXHIBIT "A" PAGE 59 R.T. EXCERPT,

14  218/250, THE COURT; MR ADAIR, DO I NEED TO ADVISE HIM  LINES 1-5

15  OF HIS CONSTITUTIONAL STATUTORY RIGHTS ON THE RECORD?

16  MR. ADAIR: NO, YOUR HONOR. THE COURT: ALL RIGHT.

17  STATEMENT OF FACTS - AFTER PETITIONER'S COMPETENCE

18  WAS ALLEGEDLY [RESTORED] ON 23 MAY 05 BY HON. JUDGE KRAUL,

19  PETITIONER FILED A FARETTA PRO SE MOTION IN CONJUNCTION

20  WITH A 995 MOTION STAMPED FILED 27 MAY 05, HOWEVER FOR

21  THIS PARTICULAR ARGUMENT PETITIONER STIPULATES TO THE FARETTA

22  PRO SE MOTION, ON IT'S FACE AND THE MEMORANDUM OF POINTS

23  AND AUTHORITIES ON IT'S FACE, PETITIONER DENIES R.T. TRANSCRIPT

24  0122, 0123, AND 0124. SEE EXHIBIT A PAGE 67, R.T EXCERPT 012/,

25  SEE MOTION FOR FARETTA PRO SE INDICATED BY ARROW i.e ← HERE)

26  SEE EXHIBIT A PAGE 62 R.T. EXCERPT 25/, DATED 6-1-05. HON. JUDGE

27  EXHAROS PRESIDING. PETITIONER STIPULATES LINES 16 TO THE COURT:

28  OKAY I HAVE A HAND WRITTEN MOTION HERE. PETITIONER STIPULATE THE FACE

29  OF THE MOTION ONLY R.T EXCERPT

(7)

MARSHALL BURTON B-71691 IN PROPER
P.O. BOX 5246-CSATF/SPCI-132L
CORCORAN CA. 93212

1  RELEVANT FACTUAL BACKGROUND.

2  PETITIONER RETURNED TO COURT ON 3-24-05. SEE EXHIBIT A, PAGE 51,

3  RT. EXCERPT 210, LINES 1-4, 7-20, 22-28. SEE ALSO EXHIBIT "A" PAGE 52,

4  RT. EXCERPT 211, LINES 1-5, 16-28. - SAN DIEGO, CALIFORNIA, THURSDAY, MARCH

5  24, 2005; 9:10 A.M. THE COURT: THIS IS PEOPLE VERSUS BURTON,

6  COUNSEL AND DEFENDANT ARE PRESENT -- BUT FIRST I NEED TO -- WE

7  NEED TO PUT A FEW THINGS ON THE RECORD. BASED UPON COMMUNICATIONS

8  WITH THE JAIL YESTERDAY, THE COURT HAS INFORMED THAT THERE WERE

9  MEDICAL ISSUES AND EVALUATIONS BY DOCTORS, HE WASN'T ABLE TO

10 BE TRANSPORTED. SO I NEED TO KNOW IF THERE'S ANYTHING FURTHER

11 THAT NEEDS TO BE PUT ON THE RECORD REGARDING THAT, ANY NEW

12 INFORMATION OR ANYTHING ADDITIONAL THAT'S BEEN DETERMINED?

13 MR. ADAIR: "I'M NOT AWARE OF ANYTHING," YOUR HONOR. THE COURT: ALL

14 RIGHT, AND MR. BURTON IS HERE TODAY. -- AND SO WE NEED TO PROCEED,

15 -- I NEED TO KNOW WHAT OTHER MOTIONS ARE GOING TO BE HEARD,

16 MR. ADAIR, THE DEFENDANT: FARETTA (PRO SE!) THE COURT: ALL RIGHT.

17 FARETTA MOTION (PROSE) AND MARSDEN. MR. ADAIR: AS I INFORMED YOU "YESTER-

18 DAY", I HAVE A SERIOUS QUESTION AS TO WHETHER OR NOT MR. BURTON

19 IS ABLE TO ASSIST IN HIS DEFENSE IN A RATIONAL MANNER AT THIS

20 TIME. THE DEFENDANT: OBJECTION, YOUR HONOR. THE COURT: WELL

21 MR. BURTON I'M GOING TO HEAR FROM MR. ADAIR FIRST. -- STATE THAT

22 FOR THE RECORD: MR. ADAIR: THE -- BECAUSE HE NEEDS TO COOPER-

23 ATE IN HIS DEFENSE. AND IF HE'S NOT ABLE TO DO THAT, HE'S

24 GOING TO BE VERY HANDICAPPED. AND SO I'M MAKING A MOTION

25 UNDER 1367/1368 OF THE PENAL CODE, BECAUSE LIKE I SAID, I HAVE

26 A SERIOUS QUESTION ABOUT HIS ABILITY TO COOPERATE IN A RATIONAL MANNER

27 OR HIS CAPACITY TO COOPERATE AT THIS TIME. THE COURT: ALL RIGHT. LET ME

28 JUST MAKE A FEW INQUIRIES. WHEN WE WERE IN COURT LAST WEEK, WE HAD

P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA, 93212

1  PROBABLY ABOUT A 45-MINUTE MARSDEN HEARING. AND AT THAT POINT THERE

2  WERE DEFINITELY DISAGREENTS BETWEEN MR. BURTON AND YOURSELF AS TO

3  HOW THE CASE WAS BEING CONDUCTED. BUT AT THAT POINT YOU DID NOT

4  RAISE THE MOTION ON COMPETENCY. (SEE NOW EXHIBIT "A" PAGE 53, RT EXCERPT 212,

5  LINES 11, 15, 17) 28 ENDING — MR. ADAIR: — SINCE MR. BURTON AND I DISAGREE, HE

6  NEEDS AN EXAMINATION. ARGUMENT - REPRESENTATION OF A CRIMINAL DEFENDANT

7  ENTAILS CERTAIN BASIC DUTIES. COUNSEL'S FUNCTION IS TO ASSIST

8  THE DEFENDANT AND HENCE COUNSEL OWES THE CLIENT A

9  DUTY OF LOYALTY, A DUTY TO AVOID CONFLICTS OF INTEREST.

10  SEE CUYLER V. SULLIVAN, SURRA, 466 U.S., AT 346, 90 S.CT, AT 1717.;

11  MOREOVER, IT IS DIFFICULT TO MEASURE THE PRECISE EFFECT

12  ON THE DEFENSE OF REPRESENTATION CORRUPTED BY CONFLICTING

13  INTERESTS. GIVEN THE OBLIGATION OF COUNSEL TO AVOID CONFLICTS

14  OF INTEREST AND THE ABILITY OF TRIAL COURTS TO MAKE

15  EARLY INQUIRY IN CERTAIN SITUATIONS LIKELY TO GIVE RISE

16  TO CONFLICTS, SEE, e.g. FED. RULE. CRIM. PROC. 44(c), IT IS

17  REASONABLE FOR THE CRIMINAL JUSTICE SYSTEM TO MAINTAIN A

18  FAIRLY RIGID RULE OF PRESUMED PREDJUDICE FOR CONFLICTS

19  OF INTEREST. PREDJUDICE IN THESE CIRCUMSTANCES IS SO

20  LIKELY THAT CASE-BY-CASE INQUIRY INTO PREDJUDICE IS

21  NOT WORTH THE COST. 466 U.S. AT 659, 104 S.CT., AT 2047;

22  SEE NOW EXHIBIT "A" PAGE

23

24

25

26

27

28

P.O. BOX 5246 CSATF/SP-C1-75
COR CORAN, CA. 93 212

CONTENTION

1  STATEMENT OF FACT THE TRIAL JUDGE VIOLATED PETITIONERS 6TH US. CONST

2  DUE PROCESS CLAUSE AND THE 14TH. US CONST AMENDMENT DUE PROCESS AND EQUAL PROTECTION CLAUSES

3  ARGUMENT) IN DENYING HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL FOR : MARSDEN MOTION

4  (AS QUOTED IN, PEOPLE V. MARSDEN (CAL. 1970) 84 CAL. RPTR. 156, 2 CAL. 3d 118 [2 CAL 3d 123 [1] [3]

5  WE START WITH THE PROPOSITION IN GIDEON V. WAINWRIGHT (1963) 372 U.S.

6  335, 83 S. CT. 792, 9 L. Ed. 2d 799, THAT CRIMINAL DEFENDANTS ARE

7  ENTITLED UNDER THE CONSTITUTION TO THE ASSISTANCE OF COURT

8  APPOINTED COUNSEL IF THEY ARE UNABLE TO EMPLOY PRIVATE COUNSEL.

9  'A DEFENDANT'S RIGHT TO A COURT-APPOINTED COUNSEL DOES NOT

10  INCLUDE THE RIGHT TO REQUIRE THE COURT TO APPOINT MORE

11  THAN ONE APPOINTED ATTORNEY COUNSEL, EXCEPT IN A SITUATION

12  WHERE THE RECORD CLEARLY SHOWS THAT THE FIRST

13  APPOINTED COUNSEL IS NOT ADEQUATELY REPRESENTING THE

14  ACCUSED *** 'THE RIGHT OF A DEFENDANT IN A CRIMINAL CASE

15  TO HAVE THE ASSISTANCE OF COUNSEL FOR HIS DEFENSE ***

16  MAY INCLUDE THE RIGHT TO HAVE COUNSEL APPOINTED BY

17  THE COURT *** DISCHARGED OR OTHER COUNSEL

18  SUBSTITUTED, IF SHOWN *** THAT FAILURE TO DO SO

19  WOULD SUBSTANTIALLY IMPAIR OR DENY THE RIGHT ***

20  FUTHERMORE A JUDICIAL DECISION MADE WITHOUT GIVING A PARTY

21  AN OPPORTUNITY TO PRESENT ARGUMENT OR EVIDENCE

22  'IS LACKING IN ALL THE ATTRIBUTES OF A JUDICIAL

23  DETERMINATION.' (SPECTOR V. SUPERIOR COURT (1961) 55 CAL 2d

24  839, 843, 13 CAL. RPTR. 189, 192, 361 P. 2d. FURTHER SUPPORT

25  FOR DEFENDANTS CONTENTION THAT IT WAS ERROR

26  TO DENY HIS MOTION WITHOUT —

27  AN OPPORTUNITY FOR EXPLANATION COMES FROM THE LINE OF

28  AUTHORITY BEGINNING WITH PEOPLE V. YOUDERS (1950) 96 CAL. APP. 2d 562, 569, 215 P. 2d 743.

# ARGUMENT

~~STATEMENT OF FACTS~~ AND ARGUMENT

THE ONLY DETERMINATION A TRIAL COURT MUST MAKE WHEN PRESENTED
WITH A TIMELY FARETTA MOTION IS WHETHER THE DEFENDANT HAS
THE MENTAL CAPACITY TO WAIVE HIS CONSTITUTIONAL RIGHT
TO COUNSEL WITH REALIZATION OF THE PROBABLE RISKS
AND CONSEQUENCES OF HIS ACTION [CITATIONS.] IT IS NOT,
HOWEVER, ESSENTIAL THAT DEFENDANT BE COMPETENT TO SERVE
AS COUNSEL IN A CRIMINAL PROCEEDING [CITATION], 'HIS TECHNICAL
LEGAL KNOWLEDGE, AS SUCH, [IS] NOT RELEVANT TO AN ASSESSMENT
OF HIS KNOWING EXERCISE OF THE RIGHT TO DEFEND HIMSELF'.
(FARETTA v. CALIFORNIA, SUPRA, 422 U.S. [806] AT p. 836 [95 S. CT. 2525
AT P. 2541, 45 L.Ed.2d 562, 582]." ONE NEED NOT PASS A "MINI-BAR
EXAMINATION" IN ORDER TO EXHIBIT THE REQUISITE CAPACITY TO
MAKE A VALID FARETTA WAIVER. (PEOPLE v. TORRES (1979) 96 CAL. APP.3d
14, 22, 157 CAL. RPTR. 560.). ALMOST A DECADE AGO, THE UNITED STATES
SUPREME COURT HELD THAT UNDER THE SIXTH AND FOURTEENTH AMENDMENTS,
A CRIMINAL DEFENDANT WHO IS COMPETENT MAY WAIVE THE
RIGHT TO COUNSEL AND REPRESENT HIMSELF. (FARETTA v. CALIFORNIA,
SUPRA, 422 U.S. AT pp. 807, 819-821, 95 S.CT. AT pp. 2527, 2533-34.)
THAT HOLDING WAS PREMISED ON THE "NEARLY UNIVERSAL
CONVICTION, ON THE PART OF OUR PEOPLE AS WELL AS OUR COURTS,
THAT FORCING A LAWYER UPON AN UNWILLING DEFENDANT IS
CONTRARY TO HIS BASIC RIGHT TO DEFEND HIMSELF IF HE
TRULY WANTS TO DO SO." (Id., AT p. 817, 95 S.CT. AT p. 2532.) AS
QUOTED IN PEOPLE v. JOSEPH, (CAL. 1983) 196 CAL. RPTR. 339, 34 CAL.3d 936. STATEMENT
OF FACTS THE COURT ABUSED ITS DISCRETION AND WAS ERRONEOUSLY OVERREACHING
IN PLACING A 1368 HOLD ON PETITIONER, AS THE COURT ACKNOWLEDGED
THE PRIOR MARSDEN WITH JUDGE PRECKEL (HON.) DEEMING PETITIONER.

XVIII (18)

MR. EDD. BURTON #BP2720
P.O. BOX 5246 - C9ATH/3P-C1-132L
CORCORAN, CA 93212

1  CONSENT OF ANY PARTY AFFECTED BY IT, ENTER INTO AN

2  AGREEMENT TO EXTEND TIME FOR COMPLETION

3  OF DISCOVERY OR FOR HEARING MOTIONS CONCERNING

4  DISCOVERY OR TO REOPEN DISCOVERY AFTER A NEW TRIAL

5  DATE HAS BEEN SET, THE AGREEMENT MAY BE INFORMAL

6  BUT SHALL BE CONFIRMED BY A WRITING, IN NO EVENT

7  SHALL THIS AGREEMENT REQUIRE A COURT TO GRANT A

8  CONTINUANCE OR POSTPONEMENT OF THE TRIAL OF THE ACTION.

9  STATEMENT OF FACTS- SEE EXHIBIT "A" PAGE 40 R.T. EXCERPT 200,

10  LINES 11,12,13,14,17,18,19,20,21,22,26,28; THE COURT: ALL RIGHT,

11  YOU RAISED AN ISSUE TO -- MOTION TO COMPEL DISCOVERY, IS THERE

12  STILL ANY LURKING DISCOVERY ISSUE? MR. ADAIR: FIRST OFF, MY--

13  AND IT CAN'T BE RESOLVED. -- FIRST OFF I'VE SENT A LETTER

14  TO HER (REFERRING TO D.A. MS. HANNA) REQUESTING CERTAIN ITEMS,

15  MR. PLUMMER DID THE SAME, MR. PLUMMER FILED A MOTION

16  THAT WAS SERVED ON HER, -- DISCOVERY ISSUES WITH THE

17  PROSECUTOR. -- CONCERNING PHOTOGRAPHS THAT I WOULD

18  HAVE BEEN REQUESTING. -- I CALLED PRIOR ATTORNEYS

19  MR. PLUMMER AND -- (SEE EXHIBIT "A" PAGE 41 R.T. EXCERPT 201, LINES

20  1, 9-12, 16-28) -- MR. NEWTON, TO SEE IF WE COULD FIND THOSE.

21  COULDN'T FIND THEM. THE COURT: AND THEN ANY OTHER PRETRIAL

22  MOTIONS THAT YOU'VE BEEN DISCUSSING OR HAVE AN ISSUE

23  ABOUT, THAT YOU'RE AWARE OF? MR. ADAIR: I THINK MR. BURTON

24  HAS A NUMBER OF OTHER. THE COURT: ALL RIGHT, ANYTHING

25  ADDITIONAL THAT YOU WANTED TO SAY IN RESPONSE TO THE

26  SUMMARY OF THE COMPLAINTS THAT MR. BURTON GAVE? MR. ADAIR:

27  NO YOUR HONOR. THE COURT: ALL RIGHT, THANK YOU. MR. BURTON

28  DID YOU HAVE ANYTHING NEW YOU WANTED TO ADD IN RESPONSE

12 -1 XXX

MR. E. W. BURTON #F07720
P.O. BOX 5246 CSATF/SP C1-132L
CORCORAN, CA. 93212

1  TO WHAT MR. ADAIR HAS TOLD THE COURT? THE DEFENDANT:
2  IF I JUST MAY HAVE A MOMENT TO THINK, LIKE, ONE MINUTE.
3  THE COURT: SURE. MR. ADAIR: YOUR HONOR, MR. BURTON HAS
4  TWO PAPERS HERE. THE FIRST TALKS ABOUT TRIAL STRATEGY,
5  AND I GUESS A DECISION OF COUNSEL OR THE DEFENDANT
6  AS TO STRATEGY, SEE EXHIBIT A, PAGE 38 R.T. EXCERPT 202, LINES 2 AND 3,
7  8, 9, 10, 11, 15, 16, 17, 21, MR. ADAIR: MAY I PASS THESE ON TO YOU, YOUR
8  HONOR? THE COURT: SURE, THANK YOU. THE COURT: AND THEN YOU ALSO,
   IT LOOKS LIKE PULLED SOME LANGUAGE OUT OF A CASE RELATING
   TO THE FACT THAT THE DECISIONMAKING ON STRATEGY--OF
   DEFENSE COUNSEL BASED UPON THE DEFENDANT CONSENTING--
   THE COURT: WE'LL MAKE THOSE PART OF THE COURT FILE AS
   WELL AS YOUR VISITOR INMATE PRINTOUT SHEET. SO WE'LL
   HAVE A RECORD OF THAT. THE COURT: OKAY. SEE EXHIBIT "A"
   PAGE 39 R.T. EXCERPTS 203, LINES 1, 2-9, 16, PETITIONER DENIES
   ALL OMITTED PORTIONS OF ALL EXCERPTS. MR. ADAIR-- I DIDN'T BELIEVE
   HE COULD WIN HIS CASE. THE COURT: ALL RIGHT. WELL.
   -- MR. BURTON HAS CERTAIN THINGS HE WANTED TO HAVE, AND
   THEN MR. ADAIR HAS EVALUATED AND DECIDED WHETHER OR NOT
   IT SHOULD BE DONE:-TO THE EXTENT THERE ARE ANY
   CONFLICTS MADE BY EITHER OF YOU IN YOUR STATEMENT, I DO
   BELIEVE MR. ADAIR FOR EXAMPLE,-- PREARRANED OR RESPONDED
   TO THAT QUICKLY IN RESPONSE TO A CALL BY MR. BURTON TO
   MR. ADAIR'S OFFICE. MR. ADAIR: IN OTHER WORDS, I SHOULD CON-
   FIRM, (SEE EXHIBIT "A" PAGE 41 R.T. EXCERPT 205 LINES 4-8, 16
   18, 24-26. MR. ADAIR: COULD I ADD ONE THING, YOUR HONOR?
   THE COURT: YES YOU MAY. MR. ADAIR: IT JUST POPPED INTO MY MIND--

XXI (13)

MR. KEVIN BURTON #C-27330
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212

1  —(MR. ADAIR) PART OF THE PROBLEM WITH DR. DIFRANCESCA—

2  AND I JUST REMEMBERED THIS—IS THAT I HAD ASKED HER

3  TO SEE MR. BURTON. SHE GAVE ME A TIME.—WHEN I DID

4  TALK TO MR. BURTON, HE BASICALLY TOLD ME THAT HE

5  WAS UPSET ABOUT IT AND ALSO THAT HE WAS NOT GOING

6  TO BE INTERVIEWED BY DR. DIFRANCESCA OR ANY PSYCHOLOGIST.

7  THE COURT: OKAY, THEN AT THIS POINT WE HAD — I WAS ATTEMPTING

8  TO HAVE MS. HANNAH BE CALLED BACK BECAUSE WE DID

9  NEED TO DEAL WITH THE ISSUE OF THE EVIDENCE THAT

10  MIGHT BE ADMITTED, STATEMENT OF FACT — IT IS CLEAR

11  BY THE EXCERPTS THAT PETITIONER HAD CLEARLY MADE (ON 16 MARCH 05)

12  IT EVIDENT BY EXERCISING HIS RIGHT TO REFUSE A PREMEDITATED

13  PSYCHOLOGICAL INTERVIEW TO THE COURT AND CLEARLY

14  TO HIS ATTORNEY WHO AGAINST HIS WILL PLACED HIM UNDER

15  A 1368 HOLD, ONCE HE HAD ALREADY BEEN DEEMED LAWFULLY

16  COMPETENT BY THE HON. JUDGE PRECKLE 11-05-04-5 MONTHS

17  PRIOR TO PETITIONERS INVOCATION OF HIS RIGHT TO SELF REPRESENTATION

18  AS FEDERALLY GUARANTEED BY THE 6TH AND 14TH U.S. CONST AMENDMENTS (3-16-05)

19  THE COURT AND MR. ADAIR WERE OVERREACHING, THE COURT

20  PRED JUDICIALLY ERRED IN DENYING OR REFUSING TO RULE ON

21  HIS MOTION FOR SELF REPRESENTATION ON 16 MARCH 05, THE COURT

22  HAD RECOGNIZED DEFENDANT HAD MADE TWO FUNDAMENTALLY

23  SEPARATE DIFFERENT MOTIONS - PETITIONER HAD RIGHT UNDER BOTH THE

24  6TH AND 14TH U.S. CONST. AMENDMENT TO ▮▮▮▮ HIS COURT WAIVE

25  APPOINTED COUNSEL DUE TO A WILLFUL IMPAIRMENT OF DENOTED

26  HIS DEFENSE BY COUNSEL ADAIR WAS ACTIVE CONFLICT

27  OF INTEREST AND INEFFECTIVE ASSISTANCE WITH NEGLIGENT RECKLESS MISREPRESENTATION

28  XXXII ⑭

MR. E. W. BURTON # P27220
P.O. BOX 5246 C SATF/SP-C/432L
CORCORAN CA. 93212

1  SEE EXHIBIT A, PAGE 62, R.T EXCERPT 251 DATE 6-01-05.

LINES, 16-20 - WE WILL DEAL WITH THE MARSDEN MOTION

AT THIS TIME, SO WE WILL CLEAR THE COURTROOM AND

PROCEED WITH THAT HEARING - STATEMENT OF RELEVANT FACTS,

AGAIN THIS IS A THIRD FARETTA PRO SE MOTION, WHEREAS

THE COURT RECOGNIZES TWO FUNDEMENTALLY SEPARATE

MOTIONS, THAT THE COURT ERRED AND FAILED TO RULE

CONCLUDING COUNSEL WAS PROPERLY REPRESENTING,

DISREGARDING PETITIONERS CONSTITUTIONAL RIGHT TO

SELF REPRESENTATION BY THE REASONING OF FARETTA.

COUNSEL ON APPEALS MISSTATED THE FACTS CONCERNING

PETITIONERS MOTIONS FOR SELF REPRESENTATION, AND THE

4TH DIST. DIVI COURT OF APPEALS ERRED IN DENYING PETITIONERS

RELIEF AS INDICATED PETITITIONER CLEARLY AND UNEQUIVICALLY

MADE HIS FIRST MOTION FOR SELF REPRESENTATION ON 16 MARCH 05,

NOT 24 MARCH 05, AND THE TRIAL COURT ABUSED IT'S DISCRETION

BY FAILING TO RULE ON THE MOTION AND THERE BY PREJUDICIALLY AND

ERRONEOUSLY DENIED PETITIONER HIS FEDERALLY GUARANTEED

CONSTITUTIONAL RIGHT TO SELF REPRESENTATION AFTER HE WAS

FOUND TO BE LAWFULLY COMPETENT TO WAIVE COUNSEL (BY

THE HON. JUDGE PRECKEL ON 11-05-04, A FACT APPEALS COUNSEL

PREDJUDICIALLY MISSTATED ON DIRECT APPEAL, ADDITIONALLY THE

CALIFORNIA SUPREME COURT ERRED ON ALL GROUNDS RAISED

IN PETITIONS AND DID NOT CONSIDER THE FACTUAL CONST.

ERRORS, SEE: JONES V. WOOD (9TH CIR. 1997) 114 F.3d 1002, SEE WILLIAMS

V. TAYLOR (2000) 569 U.S. 362 [120 S.CT, 1479; 146 L.Ed. 2d 435]. SEE EXHIBIT A,

PAGE 63, R.T. EXCERPT 252 LINES 7-11, THE COURT: MR BURTON, YOU

HAVE INDICATED THAT IT IS YOUR DESIRE TO DISCHARGED YOUR

XXXIV  15

ATTORNEY OF RECORD? THE DEFENDANT: I HAVE (NEGLIGENT) RECKLESS MISREPRESENTATION -- CONFLICT OF INTEREST, SEE EXHIBIT "A" PAGE 63 R.T. EKCERPT 252, LINES 26-28 & PAGE 64 R.T EXERPT 253 LINES 1-24. THE DEFENDANT: PERTAINING TO MY SIXTH AMENDMENT RIGHTS, FROM WHAT I UNDERSTAND, NO ONE CAN PREVENT A CLIENT FROM HAVING CONTACT WITH HIS ~~ATTORNEY~~, ALSO, I HAVE SOME MOTIONS AND SOME PAPERS. THE COURT: WE WILL ONLY DEAL WITH THE MARSDEN HEARING AT THIS TIME -- I CANNOT HEAR YOUR MOTIONS BECAUSE THE DISTRICT ATTORNEY IS NOT PRESENT IN THESE PROCEEDINGS. THIS PROCEEDING IS CLOSED ONLY FOR THE PURPOSE OF YOUR MARSDEN HEARING WHICH I NOTE, FOR THE RECORD, HAS BEEN BROUGHT BEFORE, SEE EXHIBIT "A" PAGE 65 R.T. EXCERPT, 254 LINES 15-28 - THE COURT: ~~THAT WHAT YOU ARE SAYING~~ BUOT ENDS MR. ADAIR YOU ARE SAYING IS WORKING FOR THE PROSECUTION? THE COURT: IS THAT WHAT YOU ARE SAYING? THE DEFENDANT: YES, SIR, I AM SAYING HE'S STATE INTERPOSED. THE COURT: HE'S WHAT? MR. ADAIR: HE'S STATE INTERPOSED. THE COURT: STATE INTERPOSED? THE DEFENDANT: HE'S COURT APPOINTED. THE COURT: HE'S WHAT? THE DEFENDANT: HE IS COURT APPOINTED. SEE EKHIBIT A PAGES 66 R.T. EKCERPT 255, LINES 2-8, 10-14, 16, 17, 19-28, SEE ALSO (READ). NOW SEE EXHIBIT A PAGE 67, R.T.EKCERPT 256, LINES 1-5, 10-16 THE DEFENDANT: WHAT I AM SAYING, SIR -- EXCUSE ME, IS THAT HE CAME BEFORE YOU. I AM LEGALLY BLIND, SO I CANNOT SEE YOUR NAME OR ANYTHING, I'M SORRY, HE CAME TO YOU (MEANING MR. ADAIR) HE MANIPULATED ME TO GET A PEREMPTORY CHALLENGE. THE COURT: WAS A PEREMPTORY CHALLENGE FILED IN THIS CASE? MR. ADAIR: IT WAS YOUR HONOR. ~~AGAINST~~ THE COURT: AGAINST WHO?

XXXV ⑯

MR. E.W. BURTON #F02739
P.O. BOX 5246 C.S.P/corcoran-932
CORCORAN CA. 93212

1. MR. ADAIR: AGAINST JUDGE --- THE COURT HANOIAN? MR. ADAIR: HANOIAN. YES, YOUR HONOR. STATEMENT OF FACT- THE HON. JUDGE HANOIAN WAS THE MAGISTRATE THAT PRESIDED OVER THE PRELIMINARY HEARING, AND BOUND THE PETITIONER OVER FOR TRIAL, PETITIONER BELIEVES LEGALLY SINCE HE HAD ALREADY BEEN IN HIS COURT, HE COULD NOT BE CHALLENGED, ALSO OF NOTE, THE HONORABLE JUDGE HALGREN IS THE JUDGE WHO SIGNED OFF ON GENUINE COURT RECORDS THE TRO PROTECTING THE PETITIONER AND HIS DAUGHTER DREONA BURTON, AND WAS A WITNESS TO FACT THAT THOMAS WAS STALKING DEFENDANT ON 23 FEB. 04 APPROX, AS HE WAS PRESENT AT OSC HEARING WHERE PETITIONER WAS INITIALLY THE PLAINTIFF, JUDGE CONVERTED PETITIONER INTO DEFENDANT, HER BALIFF ON COURT BUSINESS OFFICIAL GENUINE RECORDS SERVED MR. THOMAS TRO IN HER COURTROOM, JUDGE AND PROSECUTOR DEPORTED HER AND HER BALIFF AS WITNESSES, JUDGE HALGREN WAS A BIAS, PREJUDICIAL TRIER OF FACT, FAILED TO ENFORCE HER OWN LAWFULLY SERVED ORDER, FAILED TO MAKE A DUAL ARREST OF MR. THOMAS ONCE IT WAS DISCLOSED THAT HE VIOLATED THE ORDER BY PHONING THE RESIDENCE OF PETITIONERS MINOR PROTECTED DAUGHTER DREONA BURTON AND KIDNAPPED MINOR CHILD UNDER THE CRIMINAL STATUTES UNDER THE CALIFORNIA PENAL CODES BY MANIPULATING HER MOVEMENT VIA THE MOTHER MS. SANDERS WITHIN THE COUNTY OF S.D. CA. STATE OF CALIFORNIA JURISDICTION, JUDGE HALGREN FAILED TO HOLD MS. SANDERS IN CONTEMPT OF COURT FOR VIOLATING HER VERBATIM ORDERS, DENIED PETITIONER EQUAL PROTECTION ON THE TRO, EQUAL PROTECTION UNDER LAW SPECIFICALLY U.S. 14th CONST. AMENDMENT

XXXVI    17

P.O. BOX 5242 CSATF/SP-C1-132L
COR CORAN CA 93212

STATEMENT OF FACTS

AS THE ORDER OF A FAMILY COURT JUDGE TAKES PRESEDENCE OUER ANY OTHER JUDGES RULING — SEE FEDERAL STATUTES — SEE EXHIBIT A, PAGE 68, R.T. EXCERPT 257 LINES 8 & 9 —13, 20-28 THE DEFENDANT: ON THE RECORD (MEANING R.T. EXERPT 0348, ON 3-16-05) EXHIBIT A PAGE 10 BEFORE I CALLED MY MARSDEN, I STATED MY INTENTION TO GO PRO PER AT THAT TIME PER MY SIXTH AMENDMENT RIGHTS. AND I BELIEUE THE COURT ERRORED IN DENYING ██████ ME MY RIGHT TO GO PRO PER. — — (HON.) JUDGE PRECKEL STATED (11-05-04) (EXIBIT "A" PAGE 8 R.T. EXERPT 21, LINES 1-15) THAT HE FOUND ME COMPETENT, FROM MY UNDERSTANDING, IF THE DEFENDANT IS COMPETENT AND HE HAS MADE A TIMELY MOTION TO GO PRO PER, HE HAS THAT RIGHT TO DO SO. I MADE A TIMELY MOTION TO GO PRO PER AND I BEGAN TO EXPLAIN THAT TO THE JUDGE, BUT I WAS, I FELT THE COURT AND MR ADAIR WERE OUER REACHING AND PLACED ME UNDER A 1368 HOLD AND ORDERED ME TO UNDER GO A COMPETENCY HEARING. SEE EXHIBIT "A" PAGE 69, R.T. EXCERPT 258, LINES 5-16. THE DEFENDANT; HOWEUER, I WAS FOUND COMPETENT, (PERTAINING TO 3-24-05) PRIOR TO MY MARSDEN (MOTION), I HAD ALSO MADE A FARETTA MOTION, I FELT THAT THE COURT ERRORED AND VIOLATED MY SIXTH AMENDMENT RIGHTS, THE JUDGE ALSO VIOLATED MY 14TH (AMENDMENT) RIGHTS TO DUE PROCESS. I'D LIKE TO MOTION THE COURT TO RELEASE ME FROM CUSTODY, I HAVE BEEN UNLAWFULLY DETAINED — SEE EXHIBIT A, PAGE 101 R.T. EXERPT 86 LINES 23-27. HON JUDGE PRECKEL; THE COURT; THE NEW TRIAL DATE WILL BE MONDAY MARCH 14TH AT 9:00 IN DEPARTMENT 11, ALL RIGHT, MR BURTON, YOU HAVE THE RIGHT TO A TRIAL WITHIN 60 DAYS

(18)

XXXVII

OF THE FILING OF THE INFORMATION IN THIS CASE.
SEE ALSO EXHIBIT "A" PAGE 114. R.T. EXCERPT 87, LINES
STIPULATED AND SPECIFIED 1, 2, 3. THE COURT, HON. JUDGE MECKEL
"THE NEW TRIAL DATE OF MONDAY MARCH 14TH,05, UNDERSTANDING
THAT AS A MATTER OF LAW, THE COURT WILL HAVE UP TO
["10"] DAYS AFTER THAT DATE TO ACTUALLY BEGIN TRIAL.

STATEMENT OF FACTS AND (RELEVANT FACTUAL
BACKGROUND,) CONTENTION PETITIONERS FEDERALLY GUARANTEED U.S.
CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL WERE VIOLATED
BY THE STATE COURT ON 3-24-05, AS BY STATUTORIAL
LAW THE DEFENDANT HAD NOT BEEN BROUGHT TO TRIAL
WITHIN LEGAL TIME FRAME, ON COURT QUOTED AS REFERENCED
BY, SEE EXHIBIT A PAGE 50 R.T. MINUTE ORDERS EXERPT 0351.
STATEMENT OF FACTS. ON 24 MARCH 05, AT 0911, PAST THE
STATUTORILY LIMIT BY 11 MINUTES OF COURTS AND
PROSECUTIONS LIMIT ON UNLAWFULLY DETAINING PETITIONER
CONSTITUTIONALLY PETITIONER WAS TO HAVE BEEN
DISCHARGED FROM COURT FOR NOT BRINGING HIM
TO TRIAL IN THE LEGAL TIME FRAME, COUNSEL WAS
INEFFECTIVE AND IN A DIRECT CONFLICT OF INTEREST,
RATHER THAN MAKE THE PROPER 995 FOR DISMISSAL, HE
PLACED A MOTION FOR AN UNCONSTITUTIONAL 1368 HOLD
ON DEFENDANT PAST THE CONSTITUTIONAL LIMIT OF
HOLDING DEFENDANT IN CUSTODY WITH NEGLIGENT AND
RECKLESS PREJUDICIAL MISREPRESENTATION. SEE HOLLOWAY V.
ARKANSAS 435 U.S. AT. 491, 98 S. CT AT. 1182 SEE THE BARKER FACTORS.

STATEMENT OF FACT - ON 16 MARCH 05, WHEN THE CASE WAS
TRAILED FROM THE TRIAL DEADLINE DATE OF 3-24-05, PETITIONER
WAS NOT PRESENT IN THE COURTROOM AND WAS'NT GIVEN
NOTICE) AS INDICATED BY COUNSEL ADAIR. PETITIONER
CONTENDS THAT HIS U.S. FEDERALLY INDICATED U.S. CONST 14TH
AMENDMENT DUE PROCESS AND EQUAL PROTECTION CLAUSES
WERE VIOLATED, BY HIS RIGHT TO BE PRESENT AT ALL
STAGES OF TRIAL AND RIGHT TO NOTICE. ALTHOUGH PETITIONER
HAS RAISED THIS ISSUE OF NOT BEING PRESENT IN COURT AS A
MATTER OF RIGHT IN HIS PREVIOUSLY DENIED PETITION, HE
JUST BECAME AWARE TO THE SPECIFICS UPON RECEIPT OF
HIS TRANSCRIPTS AND EXCERPTS FROM APPELLATE COUNSEL
APPROX 9/07. SEE U.S. EX REL. SOSTRE V. FESTA (9TH CIR. 1975) 513 F.2d
1313; ESTELLE V. McGUIRE (1991) 502 U.S. 62, 70 [112 S.Ct. 475, 481; 116
L.Ed. 2d 385]. NOW SEE EXHIBIT "A" PAGE 38 R.T. EXERPT 196, LINES
19-23, 25-28 (MARSDEN HEARING ON 3-16-05) THE COURT: SINCE YOU
CAME ON THE CASE BACK IN NOVEMBER, DO YOU HAVE ANY WAY TO
ESTIMATE HOW OFTEN YOU'VE EITHER MET FACE TO FACE OR BY
TELEPHONE OR VIDEO? (REFERRING TO DEFENDANT). MR. ADAIR: I DON'T KNOW.
" I DON'T KNOW HOW MANY TIMES ON THE TELEPHONE WE'VE TALKED.
I DID NOT TALK TO HIM MONDAY BECAUSE I -- AFTER WE "TRAILED
THE CASE FOR TWO DAYS," "I HAD TO LEAVE IMMEDIATELY TO MAKE
AN APPOINTMENT DOWNTOWN. "HE (MR. BURTON, DEFENDANT) [WAS NOT]
IN THE "COURTROOM" ] "FOR THE TRAILING"



MR. E.W. BURTON # E02720
BATF/3P-9-132L
CORCORAN, CA. 93212

~~THE UNITED STATES~~ Burton Burton

THIS COURT HAS OFTEN RECOGNIZED THE CONTITUTIONAL
STATURE OF RIGHTS THAT, THOUGH NOT LITERALLY EXPRESSED
IN THE DOCUMENT, ARE ESSENTIAL TO DUE PROCESS OF
LAW IN A FAIR ADVERSARY PROCESS. IT IS NOW
ACCEPTED, FOR EXAMPLE, THAT AN ACCUSED
HAS A RIGHT TO BE PRESENT AT ALL STAGES
OF THE TRIAL WHERE HIS ABSENCE MIGHT
FRUSTRATE THE FAIRNESS OF THE PROCEEDINGS,
SNYDER V. MASSACHUSETTS, 291 U.S. 97, 54 S.CT. 330, 78 L.Ed.
674; TO TESTIFY ON HIS OWN BEHALF, SEE HARRIS
V. NEW YORK, 401 U.S. 222, 225, 91 S.CT. 643, 645, 28
L.Ed. 2d 1; BROOKS V. TENNESSEE, 406 U.S. 605, 612,
92 S.CT. 1891, 1895, 32 L.Ed. 2d 358; CF. FERGUSON V.
GEORGIA, 365 U.S. 570, 81 S.CT. 756, 5 L.Ed. 2d 783,
AND TO BE CONVICTED ONLY IF HIS GUILT IS PROVED
BEYOND A REASONABLE DOUBT, IN RE WINSHIP,
397 U.S. 358, 90 S.CT. 1068, 25 L.Ed. 2d 368;
MULLANEY V. WILBUR, 421 U.S. 684, 95 S.CT. 1881,
44 L.Ed. 2d 508.

XL    (21)

EDGERTON #C22764 IN PROPER
P.O. BOX 5246-C5ATF/SPC1.132L
CORCORAN, CA. 93212

1    STATEMENT OF FACTS.-

2    THE TRIAL COURT ABUSED IT'S DISCRETION IN FAILING TO CONDUCT

3    A FULL INQUIRY WHICH WINDHAM MANDATES. THE DENIAL OF A TIMELY

4    FARETTA MOTION REQUIRES REVERSAL PER SE. (PEOPLE V. JOSEPH

5    (1983) 34 CAL. 3d 936, 945-948.) THE SAME IS TRUE WHEN THE

6    TRIAL COURT FAILS TO MAKE AN ADEQUATE INQUIRY REQUIRED

7    BY WINDHAM IN CONSIDERING AN (ALLEGED) UNTIMELY MOTION

8    FOR SELF REPRESENTATION. "SUCH FAILURE PREVENTED THE TRIAL

9    COURT FROM MAKING A REASONED DECISION WITH RESPECT TO THE

10   TIMELINESS AND APPROPRIATNESS OF THE MOTIONS, AS THE EXCERPTS

11   SHOW'S PETITIONER MADE HIS FIRST INVOKED 6TH AMENDMENT MOTION

12   FOR SELF REPRESENTATION ON 16 MARCH 05, WELL IN ADVANCE OF

13   TRIAL, THAT THE TRIAL COURT ACKNOWLEDGED BY THE EXCERPTS

14   CONTAINED IN SUPPORT OF THE FACTS IN THIS PETITION FOR RELIEF THAT

15   RECOGNITION OF TWO FUNDAMENTALLY SEPARATION MOTIONS, THE

16   COURT FAILED TO INQUIRE INTO PETITIONER'S KNOWINGLY AND INTELLIGENT

17   FIRST MOST PER HIS 6TH AMENDMENT "INVOKED" FOR SELF REPRESENTATION,

18   THEREBY THE ERROR OCCURED BY THE COURT'S FAILURE TO RULE,

19   AFTER HEARING PETITIONERS SECOND MOTION TO RELIEVE COUNSEL

20   THE MOTION FOR SELF REPRESENTATION PER 6TH U.S. CONST AMENDMENT

21   WAS MADE AFTER DEFENDANT HAD BEEN DEEMED LAWFULLY COMPETENT

22   ON 11-05-04 BY THE HON. JUDGE PRECKEL, ADDITIONALLY THE COURT

23   MISLED PETITIONER AFTER HE HAD BEEN INFORMED BY THE HON.

24   JUDGE PRECKEL ON 11-05-04 THAT COURT PROCEEDINGS WILL GO

25   FORTH WITHOUT AN EXAMINATION PER P.C. 1368, AFTER WHICH ON

26   24 MARCH 05, AFTER PETITIONER MADE A FARETTA PRO SE VERBATIM

27   MOTION, AND OBJECTION OVER COUNSEL'S 1368 MOTION. THE COURT

28   WAS PREDJUDICIAL AND OVERREACHING BY PLACING A 1368 HOLD ON

L = 50          22

MR. E.W. BURTON #F92728
P.O. BOX 5246 CSATF/SPCH32U
CORCORAN CA. 93212

~~discretion, it would not have been an abuse of discretion.~~ (*People v.*
*Crandell*, *supra*, 46 Cal.3d at p. 864.)

In so holding, the *Crandell* court had to distinguish the facts
from those present in *People v. Bigelow* (1984) 37 Cal.3d 731, where
the trial court also mistakenly believed the pro per defendant had
no right to advisory counsel and therefore refused to exercise its
discretion. In that case, the record clearly contained enough
information for the Supreme Court to conclude that if the trial
court had denied the motion, it would have been an abuse of
discretion. (*Id.* at pp. 744-745.) Thus, reversal per se was
warranted. (*Ibid.*)

The *Bigelow* court alternatively held that reversal per se was
warranted because it was impossible to assess the impact of any
prejudice from such an error. (*People v. Bigelow*, *supra*, 37 Cal.3d
at pp. 744-745.) In doing so, the court analogized to cases where
a timely *Faretta* motion is denied. (*Id.* at p. 745.)

*Bigelow* and *Crandell* therefore stand for the proposition that
when the record shows it would have been an abuse of discretion to
deny a motion, the court's failure to rule on the motion is an
abuse of discretion which is reversible per se. ~~Rivers ignored~~
~~this critical distinction and applied the Crandell rule of harmless~~
~~error even though the record contained no information to allow the~~
~~court to determine whether or not it would have been an abuse of~~
~~discretion to deny the defendant's Faretta motion.~~

LIV

23

MR E. W. BURTON #22720
P.O. BOX 5246 CSATF PCH32L
COR CORAN, CA. 93212

~~THE COURT: The next proceedings were when we~~ *Error Error)*
~~had the competency issues raised, the~~ *Error Error*
~~proceedings which were suspended.~~ **And upon** *Error Error*
~~*his return to court in July, he did not to my*~~ *Error Error*
~~*recollection ever again raise a Faretta issue.*~~ *Error Error*

~~So because he did not call that to my~~ *Error*
~~attention and because I feel that he was~~ *Error Error*
~~certainly capable of doing so -- he knew how~~ *Error Error*
~~to do so and he certainly raised many, many~~ *Error Error*
~~issues during the course of the trial -- I~~ *Error Error*
~~don't feel that was brought to the court in~~ *Error Error*
~~sufficient fashion for the court to rule.~~ *Error Error*
~~And, therefore, that ground for a motion for a~~ *Error Error*
~~new trial is denied.~~ (R.T. 1248; [emphasis *Error Error*
added].)

## B.   The Error

In *Faretta v. California*, *supra*, 422 U.S. at p. 836 [95 S.Ct.
at p. 2541, 9 L.Ed.2d 799], the United States Supreme Court held
that a defendant in a state criminal trial has a federal
constitutional right under the Sixth and Fourteenth Amendments to
represent himself without counsel if he voluntarily and
intelligently chooses to do so.  That right is among those "basic
to our adversary system of criminal justice," as much a part of due
process of law as the accused's right to notice of the charges, the
right to call witnesses and to confront witnesses against him. (*Id.*
at p. 818.)

Even though the defendant's choice may work to his detriment,
it is a choice which must be honored out of "'that respect for the
individual which is the lifeblood of the law.'" (*Id.* at p. 834,
quoting *Illinois v. Allen* (1970) 397 U.S. 337, 350-351 [90 S.Ct.
1057, 1064, 25 L.Ed.2d 353] (Brennan, J., conc.).)  The *Faretta*

~~-23-~~ *Error Error*

III

24

ARGUMENT IN SUPPORT OF GROUNDS 1 AND 2 OF ATTACHED MEMORANDUM AND POINTS OF AUTHORITY

SEE WIGGINS V. SMITH (2003) 539 U.S. 510, 123 S. CT. 2527, 2536, 156 L.Ed.2d 471, 486 [FAILURE BY DEFENSE COUNSEL TO INVESTIGE AND DISCOVER AND PRESENT ADMISSIBLE EVIDENCE IN MITIGATION OF PENALTY WAS PREDJUDICAL]; IN re LUCAS (2004) 33 C.4TH 682, 697, 725, 729, 16 C.R.3d 331, 94 P.3d 477 [SUPERFICIAL AND TARDY INVESTIGATION OF AVAILABLE MITIGATING EVIDENCE ON DEFENDANTS CHILDHOOD ABUSE CONSTITUTED DEFICIENT REPRESENTATION THAT WAS PREDJUDICIAL WHERE THAT EVIDENCE WAS WEIGHTY]; IN re SEATON (2004) 34 C.4TH 193, 200, 17 C.R.3d 633, 95 P.3d 896 [HABEAS CORPUS RELIEF LIES WHERE THERE IS INEFFECTIVE REPRESENTATION IN FAILURE TO OBJECT TO ALLEGGED VIOLATION OF DEFENDANTS RIGHTS AT TRIAL AND REASONABLE PROBABILITY THAT FAILURE AFFECTS TRIAL'S OUTCOME] STATEMENT OF FACTS SEE EXHIBIT A PAGE 51, RT EXCERPT 210, LINES 1, 3, 4, 6, 7, -20, 23-28, SEE ALSO EXHIBIT "A", PAGE 52, RT. EXCERPT 211, LINES 1-5, 16-28, SEE EXHIBIT "A", PAGE 53 RT. EXCERPT 212, LINES, 11, 15, 17-20, 24-28 SEE EXHIBIT A RT EXCERPT 213 PAGE 54, LINES 1-11, 13-21, 24-28. SEE EXHIBIT "A" PAGE 55, R.T. EXCERPT 214, LINES 1-6, 9, 10, 12, 13, 22-26, NOW SEE EXHIBIT "A", PAGE 56, R.T. EXCERPT 215 LINES 1-28 SEE ALSO EXHIBIT "A" PAGE 57, LINES 6-8, 13-22, RT EXCERPT 216, SEE EXHIBIT "A" PAGE 58, RT. EXCERPT 217, LINES 4-6, 11-28, NOW SEE EXHIBIT "A" PAGE 59, R.T. EXCERPT 218/250 LINES 1-4, STATES "THE COURT: MR. ADAIR DO I NEED TO ADVISE HIM OF HIS CONSTITUTIONAL STATUTORY RIGHTS ON THE RECORD? MR. ADAIR: NO YOUR HONOR. THE COURT: ALL RIGHT. SEE 96 A.L.R. 5TH 327 [DENIAL OF OR INTERFERENCE WITH ACCUSED RIGHT TO HAVE ATTORNEY INITIALLY CONTACT ACCUSED; SUPERSEDING 18 A.L.R. 4TH 669, TEXT, P. 335] SEE EXHIBIT "A" PAGE 40, RT EXCERPT 204, LINES 17-20, 22, 24-28.

P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212
IN PRO PER

ARGUMENT

EVIDENCE IS "MATERIAL", FOR PURPOSE OF PROSECUTION'S DUTY TO DISCLOSE

FAVORABLE MATERIAL EVIDENCE TO THE DEFENDANT, WHEN

THERE IS A REASONABLE PROBABILITY THAT HAD THE EVIDENCE

BEEN DISCLOSED TO THE DEFENSE THE RESULT OF THE

PROCEEDING WOULD HAVE BEEN DIFFERENT, A REASONABLE

PROBABILITY IS A PROBABILITY SUFFICIENT TO UNDER MINE

CONFIDENCE IN THE OUTCOME. WILLIAMS V. WOODFORD, 306 F.3d

665 (9TH CIR. 2002).

SEE WIGGINS V. SMITH (2003) 539 U.S. 510, 123 S.CT. 2527, 2536, 156 L.Ed. 2d

471, 488 [FAILURE BY DEFENSE COUNSEL TO INVESTIGATE AND DISCOVER

AND PRESENT ADMISSIBLE EVIDENCE IN MITIGATION OF PENALTY WAS

PREDJUDICIAL]; IN re LUCAS (2004) 33C.4TH 682, 697, 723, 729, 16 C.R. 3d

331, 94 P. 3d 477 [SUPERFICIAL AND TARDY INVESTIGATION OF AVAILABLE

MITIGATING EVIDENCE ON DEFENDANTS CHILDHOOD ABUSE CONSTITUTED

DEFICIENT REPRESENTATION THAT WAS PREDJUDICIAL WHERE THAT

EVIDENCE WAS WEIGHTY] SEE EXHIBIT B, PAGE 46; RT. EXCERPT 1051, LINES

20, 23-28. MR. ADAIR; ONE OF THE THINGS I STILL HAVE TO DO--

COME-- SOME EVIDENCE IN THERE, IF I CAN FIND IT--WHAT MAY

BE IN THERE IS, LIKE, A LIST OF CASES AGAINST MR. THOMAS THAT MY CLIENT

HAS RESERVED. I WOULD BE INTRODUCING THAT AT 1:30, I SUPPOSE, BUT

WE'VE TALKED ABOUT GOING INTO THE BACKPACK; BUT I JUST

HAVEN'T HAD THE TIME TO DO IT. SEE EXHIBIT B, PAGE 49, RT EXCERPT 1109

LINES, 1-19, 21-24, 26-28 - COUNSEL FAILED TO TIMELY INVESTIGATE

EXHIBIT F DEFENSE AND COURT BUSINESS RECORDS AS TRIER OF FACT

WAS AN FAVORABLE MATERIAL WITNESS TO FACT.

(26)

P.O. BOX 5246-C9 ATF/SPCI-132L
CORCORAN, CA 93212

~~STATEMENT OF FACTS~~ ARGUMENT—

AS QUOTED IN FARETTA SUPRA"

THE LANGUAGE AND SPIRIT OF THE SIXTH AMENDMENT CONTEMPLATE

THAT COUNSEL, LIKE THE OTHER DEFENSE TOOLS GUARANTEED BY

THE AMENDMENT, SHALL BE AN AID TO A WILLING DEFENDANT—NOT AN

ORGAN OF THE STATE INTERPOSED BETWEEN AN UNWILLING

DEFENDANT AND HIS RIGHT TO DEFEND HIMSELF PERSONALLY. TO THRUST

COUNSEL UPON THE ACCUSED, AGAINST HIS CONSIDERED WISH,

THUS VIOLATES THE LOGIC OF THE AMENDMENT. IN SUCH A CASE,

COUNSEL IS NOT AN ASSISTANT, BUT A MASTER; AND THE RIGHT TO

MAKE A DEFENSE IS STRIPPED OF THE PERSONAL CHARACTER

UPON WHICH THE AMENDMENT INSISTS. IT IS TRUE THAT WHEN

A ~~LAWYER~~ DEFENDANT CHOOSES TO HAVE A LAWYER MANAGE AND

PRESENT HIS CASE, LAW AND TRADITION MAY ALLOCATE TO COUNSEL

THE POWER TO MAKE BINDING DECISIONS OF TRIAL STRATEGY IN

MANY AREAS. CF. HENRY V. MISSISSIPPI, 379 U.S. 443, 451, 85 S.CT. 564, 569,

13 L.Ed.2d 408; BROOKHART V. JANIS 384 U.S. 1, 7-8, 86 S.CT. 1245, 1248-1249,

16 L.Ed.2d 314; FAY V. NOIA, 372 U.S. 391, 439, 83 S.CT. 822, 849, 9 L.Ed.2d

837. THIS ALLOCATION CAN ONLY BE JUSTIFIED, HOWEVER BY

THE DEFENDANT'S CONSENT. AT THE OUTSET, TO ACCEPT COUNSEL

AS HIS REPRESENTATIVE, AN UNWANTED COUNSEL "REPRESENTS"

THE DEFENDANT ONLY THROUGH A TENUOUS AND UNACCEPTABLE

LEGAL FICTION. UNLESS THE ACCUSED HAS ACQUIESCED IN

SUCH REPRESENTATION, THE DEFENSE PRESENTED IS NOT THE

DEFENSE GUARANTEED HIM BY THE CONSTITUTION, FOR, IN A VERY REAL

SENSE, IT IS NOT HIS DEFENSE.

ARGUMENT IN SUPPORT OF GROUNDS I - DENIAL OF RIGHT TO SELF REPRESENTATION

AS QUOTED IN PEOPLE V. JOSEPH, (CAL. 1983) 196 CAL. RPTR. 339, 34 CAL. 3d 936 :

THE ONLY DETERMINATION A TRIAL COURT MUST MAKE WHEN
PRESENTED WITH A TIMELY FARETTA MOTION IS "WHETHER THE
DEFENDANT HAS THE MENTAL CAPACITY TO WAIVE HIS CONSTITUTIONAL
RIGHT TO COUNSEL WITH A REALIZATION OF THE PROBABLE
RISKS AND CONSEQUENCES OF HIS ACTION. [CITATIONS] IT
IS NOT HOWEVER, ESSENTIAL THAT DEFENDANT BE COMPETENT
TO SERVE AS COUNSEL IN A CRIMINAL PROCEEDING [CITATION];
HIS TECHNICAL LEGAL KNOWLEDGE, AS SUCH [IS] NOT RELEVANT
TO AN ASSESSMENT OF HIS KNOWING EXERCISE OF THE RIGHT
TO DEFEND HIMSELF.' (FARETTA V. CALIFORNIA, SUPRA, 422 U.S.
[806] A p. 836 [95 S. CT. 2525 AT P. 2541, 45 L. ed. 2d 562, 582].)"
(PEOPLE V. TERON, SUPRA, 23 CAL. 3d AT P. 113, 151 CAL. RPTR. 633, 588, P. 2d
773.) ONE NEED NOT PASS A "MINI-BAR EXAMINATION" IN ORDER TO EXHIBIT
THE REQUISITE CAPACITY TO MAKE A VALID FARRETTA WAIVER.
(PEOPLE V. TORRES (1979) 96 CAL. APP. 3d 14, 22, 157 CAL. RPTR. 560.)
ALMOST A DECADE AGO THE U.S. SUPREME COURT HELD THAT UNDER
THE SIXTH AND FOURTEENTH AMENDMENTS, A CRIMINAL DEFENDANT WHO
IS COMPETENT MAY WAIVE THE RIGHT TO COUNSEL AND
REPRESENT HIMSELF (FARETTA V. CALIFORNIA, SUPRA, 422 U.S. AT Pp.
807, 819-821, 95 S. CT. AT Pp. 2527, 2533-34.) THAT HOLDING WAS
PREMISED ON THE NEARLY UNIVERAL CONVICTION, ON THE PART
OF OUR PEOPLE AS WELL AS OUR COURTS, THAT FORCING A
LAWYER UPON AN UNWILLING DEFENDANT IS CONTRARY TO HIS BASIC
RIGHT TO DEFEND HIMSELF IF HE TRULY WANTS TO DO SO." (Id.
AT P. 817, 95 S. CT. AT P. 2532,

As in *Nicholson*, the ~~record~~ EXCERPTS *Erroneous* does not reflect an informed, thoughtful and reasonable exercise of discretion based on all the relevant *Windham* factors.  Appellant did nothing to indicate that he was playing fast and loose with his rights under *Faretta* in order to delay the proceedings. (*People v. Nicholson*, *supra*, 24 Cal.App.4th at p. 593.)

The trial court abused its discretion in failing to conduct a full inquiry which *Windham* mandates.  In addition, the record shows that the denial of the motion was an abuse of discretion since the court appeared to base its denial on the untimeliness of appellant's motion and the delay it would cause.  Appellant's request to represent himself was not made for the purposes of disruption or delay, and there was no indication that any true disruption would result if the motion was granted.

### C.    The Error Requires Reversal

The denial of a timely *Faretta* motion requires reversal per se. (*People v. Joseph* (1983) 34 Cal.3d 936, 945-948.)  The court in *People v. Hernandez*, *supra*, 163 Cal.App.3d 645, implied that the same is true when the trial court fails to make an adequate inquiry required by *Windham* in considering an untimely motion for self-representation.  "Such failure prevented the trial court from making a reasoned decision with respect to the timeliness and appropriateness of the motion. ~~It also prevented the court from making a meaningful review of the trial court decision." (Id. at p. 658.)~~

~~28~~

LVII  ㉙

As in *Nicholson*, the record does not reflect an informed, thoughtful and reasonable exercise of discretion based on all the relevant *Windham* factors. Appellant did nothing to indicate that he was playing fast and loose with his rights under *Faretta* in order to delay the proceedings. (*People v. Nicholson*, *supra*, 24 Cal.App.4th at p. 593.)

The trial court abused its discretion in failing to conduct a full inquiry which *Windham* mandates. In addition, the record shows that the denial of the motion was an abuse of discretion since the court appeared to base its denial on the untimeliness of appellant's motion and the delay it would cause. Appellant's request to represent himself was not made for the purposes of disruption or delay, and there was no indication that any true disruption would result if the motion was granted.

## C.    The Error Requires Reversal

The denial of a timely *Faretta* motion requires reversal per se. (*People v. Joseph* (1983) 34 Cal.3d 936, 945-948.) The court in *People v. Hernandez*, *supra*, 163 Cal.App.3d 645, implied that the same is true when the trial court fails to make an adequate inquiry required by *Windham* in considering an untimely motion for self-representation. "Such failure prevented the trial court from making a reasoned decision with respect to the timeliness and appropriateness of the motion. or prevented this court from [illegible] review of the trial court decision." (*Id.* at p. 653.)



30

1
2  AS QUOTED IN —
3  FARETTA V. CALIFORNIA 95 S.CT. 2525 (1975) 422 U.S. 806, 45 L.ED.2d 562
4  CONSTITUTIONAL LAW 268.1(1)
5  CRIMINAL LAW 641.1
6  SIXTH AND FOURTEENTH AMENDMENTS OF FEDERAL CONSTITUTION
7  GUARANTEE THAT PERSON BROUGHT TO TRIAL IN ANY STATE OR
8  FEDERAL COURT BE AFFORDED RIGHT TO ASSISTANCE OF
9  COUNSEL BEFORE HE CAN BE VALIDEY CONVICTED AND
10  PUNISHED BY IMPRISONMENT, U.S.C.A. CONST. AMENDS. 6, 14.
11  CRIMINAL LAW 662(1) & 641.1 (1) SUB
12  CONSTITUTIONAL LAW 257, 265, 268(6), 268.1(1)
13  SIXTH AMENDMENT RIGHTS OF ACCUSED IN ALL CRIMINAL
14  PROSECUTIONS TO BE INFORMED OF NATURE AND CAUSE OF
15  ACCUSATION, TO BE CONFRONTED WITH WITNESSES AGAINST
16  HIM, TO HAVE COMPULSORY PROCESS FOR OBTAINING
17  WITNESSES IN HIS FAVOR AND TO HAVE ASSISTANCE OF
18  COUNSEL FOR HIS DEFENSE ARE PART OF THE "DUE PROCESS
19  OF LAW" THAT IS GUARANTEED BY FOURTEENTH AMENDMENT
20  TO DEFENDANTS IN THE CRIMINAL COURTS OF STATE. U.S.C.A
21  CONST. AMENDS. 6, 14.
22  SEE CA. PENAL CODE § 1009 - UNDER PENAL CODE CERTAIN AMENDMENTS
23  ARE PROHIBITED - THOSE THAT CHANGE THE OFFENSES CHARGED
24  OR ALTER AN INFORMATION, TO ADD CHARGES NOT SUPPORTED BY
25  THE EVIDENCE AT THE PRELIMINARY HEARING. THE FIFTH AMENDMENT
26  GUARANTEES A CRIMINAL DEFENDANT THE RIGHT TO STAND TRIAL
27  ONLY ON CHARGES MADE BY A GRAND JURY IN IT'S INDICTMENT. U.S.C.A CONST.
28  AMEND 5 U.S. V. ADAMSON 291 F.3d 606 (9TH CIR 2002)



ARGUMENT

1  AS QUOTED IN FARETTA v. CALIFORNIA SUPRA. CITE AS 95 S.Ct. 2525 (1975), 2532, 422 U.S. 816.

2  [2,3] THE SIXTH AMENDMENT INCLUDES A COMPACT STATEMENT OF THE RIGHTS

3  NECESSARY TO A FULL DEFENSE: "IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED

4  SHALL ENJOY THE RIGHT... TO BE INFORMED OF THE NATURE AND CAUSE OF

5  THE ACCUSATION, TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM,

6  TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS

7  FAVOR, AND TO HAVE THE ASSISTANCE OF COUNSEL FOR HIS DEFENCE".

8  BECAUSE THESE RIGHTS ARE BASIC TO OUR ADVERSARY SYSTEM OF

9  CRIMINAL JUSTICE, THEY ARE PART OF THE "DUE PROCESS OF LAW" THAT

10  IS GUARANTEED BY THE FOURTEENTH AMENDMENT TO DEFENDANTS IN

11  THE CRIMINAL COURTS OF THE STATES. THE RIGHT TO NOTICE,

12  CONFRONTATION, AND COMPULSORY PROCESS, WHEN TAKEN

13  TOGETHER, GUARANTEE THAT A CRIMINAL CHARGE MAY BE

14  ANSWERED IN A MANNER NOW CONSIDERED FUNDAMENTAL TO

15  THE FAIR ADMINISTRATION OF AMERICAN JUSTICE - THROUGH THE

16  CALLING AND INTERROGATION OF FAVORABLE WITNESSES,

17  THE CROSS-EXAMINATION OF ADVERSE WITNESSES, AND

18  THE ORDERLY INTRODUCTION OF EVIDENCE. IN SHORT, THE AMENDMENT

19  CONSTITUTIONALIZES THE RIGHT IN AN ADVERSARY CRIMINAL

20  TRIAL TO MAKE A DEFENSE AS WE KNOW IT. SEE CALIFORNIA v. GREEN, 399,

21  U.S. 149, 176, 90 S.Ct. 1930, 1944, 26 L.Ed. 2d 489 (HARLAN, J. CONCURRING).

22  [4-6] THE SIXTH AMENDMENT DOES NOT PROVIDE MERELY THAT A DEFENSE

23  SHALL BE MADE FOR THE ACCUSED; IT GRANTS TO THE ACCUSED PERSONALLY

24  THE RIGHT TO MAKE HIS DEFENSE. IT IS THE ACCUSED, NOT COUNSEL,

25  WHO MUST BE "INFORMED OF THE NATURE AND CAUSE OF THE

26  ACCUSATION," WHO MUST BE "CONFRONTED WITH THE WITNESSES

27  AGAINST HIM," AND WHO MUST BE ACCORDED "COMPULSORY PROCESS

28  FOR OBTAINING WITNESSES IN HIS FAVOR." ALTHOUGH NOT STATED

(32)

P. O. BOX 5246-CSATF/SP CI-132L
CORCORAN, CA. 93212
IN PROPER

IN THE AMENDMENT IN SO MANY WORDS, THE RIGHT TO SELF-REPRESENTATION
- TO MAKE ONE'S OWN DEFENSE PERSONALLY-IS THUS NECESSARILY
IMPLIED BY THE STRUCTURE OF THE AMENDMENT. THE RIGHT TO DEFEND
IS GIVEN DIRECTLY TO THE ACCUSED; FOR IT IS HE WHO SUFFERS
THE CONSEQUENCES IF THE DEFENSE FAILS.
[7,8] THE COUNSEL PROVISION SUPPLEMENTS THIS DESIGN. IT SPEAKS
OF THE "ASSISTANCE" OF COUNSEL, AND AN ASSISTANT, HOWEVER
EXPERT, IS STILL AN ASSISTANT. THE LANGUAGE AND SPIRIT OF THE
SIXTH AMENDMENT CONTEMPLATE THAT COUNSEL, LIKE THE
OTHER DEFENSE TOOLS GUARANTEED BY THE AMENDMENT, SHALL BE
AN AID TO A WILLING DEFENDANT-NOT AN ORGAN OF THE STATE
INTERPOSED BETWEEN AN UNWILLING DEFENDANT AND HIS
RIGHT TO DEFEND HIMSELF PERSONALLY. TO THRUST COUNSEL
UPON THE ACCUSED, AGAINST HIS CONSIDERED WISH, THUS
VIOLATES THE LOGIC OF THE AMENDMENT. IN SUCH CASE,
COUNSEL IS NOT AN ASSISTANT, BUT A MASTER; AND THE RIGHT TO MAKE
A DEFENSE IS STRIPPED OF THE PERSONAL CHARACTER UPON WHICH THE
AMENDMENT INSISTS. IT IS TRUE THAT WHEN A DEFENDANT CHOOSES
TO HAVE A LAWYER MANAGE AND PRESENT HIS CASE, LAW AND TRADITION
MAY ALLOCATE TO THE COUNSEL THE POWER TO MAKE BINDING
DECISIONS OF TRIAL STRATEGY IN MANY AREAS. CF. HENRY V. MISSISSIPPI,
379 U.S. 443, 451, 85 S. CT. 564, 569, 13 L. ED. 2d 408. THIS ALLOCATION
CAN ONLY BE JUSTIFIED, HOWEVER, BY THE DEFENDANT'S CONSENT,
AT THE OUTSET, TO ACCEPT COUNSEL AS HIS REPRESENTATIVE. AN
UNWANTED COUNSEL "REPRESENTS" THE DEFENDANT ONLY THROUGH
A TENOUS AND UNACCEPTABLE LEGAL FICTION. UNLESS THE ACCUSED
HAS ACQUIESED IN SUCH REPRESENTATION. THE DEFENSE PRESENTED
IS NOT THE DEFENSE GUARANTEED HIM BY THE CONSTITUTION. FOR

MR. E. W. BURTON # F02720
P.O. BOX 5246 CSATF/SP CI-132L
COR CORAN CA. 93212

1  IN A VERY REAL SENSE, IT IS NOT HIS DEFENSE.
2  "THE COURT OF STAR CHAMBER WAS AN EFFICIENT, SOMEWHAT ARBIT-
3  RARY ARM OF ROYAL POWER, IT WAS AT THE HEIGHT OF IT'S CAREER IN
4  THE DAYS OF THE TUDOR AND STUART KINGS, STAR CHAMBER STOOD FOR
5  SWIFTNESS AND POWER; IT WAS NOT A COMPETITOR OF THE COMMON
6  LAW SO MUCH AS A LIMITATION ON IT — A REMINDER THAT HIGH
7  STATE POLICY COULD NOT SAFELY BE ENTRUSTED TO A SYSTEM
8  SO CHANCY AS ENGLISH LAW.." L. FRIEDMAN, A HISTORY OF
9  AMERICAN LAW 23 (1973). SEE GENERALLY 5 W. HOLDSWORTH, A HISTORY
10  OF ENGLISH LAW 155-214 (1927).
11  THE RECOGNITION OF THE RIGHT OF SELF REPRESENTATION
12  WAS NOT LIMITED TO THE STATE LAWMAKERS, AS WE HAVE
13  NOTED, § 35 OF THE JUDICIARY ACT OF 1789, SIGNED ONE DAY BEFORE
14  THE SIXTH AMENDMENT WAS PROPOSED, GUARANTEED IN FEDERAL
15  COURTS THE RIGHT OF ALL PARTIES TO "PLEAD AND MANAGE
16  THEIR OWN CAUSES PERSONALLY OR BY THE ASSISTANCE OF
17  ... COUNSEL" 1 STAT. 92. SEE 28 U.S.C. § 1654.
18  THE PENNSYLVANIA FRAME OF GOVERNMENT OF 1682, PERHAPS "THE
19  MOST INFLUENTIAL OF THE COLONIAL DOCUMENTS PROTECTING
20  INDIVIDUAL RIGHTS" 1 B. SCHWARTZ, THE BILL OF RIGHTS; A
21  DOCUMENTARY HISTORY 130 (1971) (HEREINAFTER SCHWARTZ),
22  PROVIDED: "THAT, IN ALL COURTS ALL PERSONS OF ALL PERSUAS-
23  IONS MAY FREELY APPEAR IN THEIR OWN WAY, AND
24  ACCORDING TO THEIR OWN MANNER, AND THERE
25  PERSONALLY PLEAD THEIR OWN CAUSE THEMSELVES; OR
26  IF UNABLE, BY THEIR FRIENDS. ..."
27
28

(34)

CRIMINAL LAW 641.12(1)

New York Statute conferring upon judge in a nonjury criminal trial the power to deny counsel any opportunity to make summation of the evidence before rendition of judgement, as applied to defendant whose counsel was not permitted to make summation in criminal trial, Denied the assistance of Counsel that the Constitution guarantees. CPL N.Y. 320.20 subd 3(c); CPLR N.Y. 4016; PENAL LAW N.Y. 1965 §§ 110.-00, 160.05, 160.15, 265.05; U.S.C.A. Const. Amends 6, 14.

CRIMINAL LAW 710
   RIGHT OF DEFENSE TO MAKE CLOSING
    SUMMARY OF EVIDENCE TO TRIER
   OF FACTS IN CRIMINAL CASE
  APPLIES IN BOTH JURY AND NON JURY TRIALS.
  U.S.CA. CONST. AMENDS 6, 14

CRIMINAL LAW 641.1
    THE RIGHT TO ASSISTANCE OF COUNSEL
  ENSURES TO THE DEFENSE IN A CRIMINAL
  TRIAL THE OPPORTUNITY TO PARTICIPATE
FULLY IN THE ADVERSARY FACT-FINDING PROCESS.
    U.S.CA CONST. AMENDS 6, 14 (35)

MR. E.V. BURTON #F07232
P.O. BOX 5246 CSATF/SP-C1-132L
COR CORAN CA 93212

Criminal Law 662(4)
Indictment and information 71.2(2)
It is accused, not counsel, who must
be informed of nature and cause of accusation,
who must be confronted with witnesses
against him, and who must be accorded
compulsory process for obtaining
witnesses in his favor. U.S. CA. Const 6.

Criminal Law 636(1)
Accused has right to be present at
all stages of trial where his absence
might frustrate fairness of the proceedings
U.S. CA. Const. Amend 6.

Criminal Law 641.4(1).
language and spirit of Sixth Amendment
contemplate that counsel like other defense tools
guaranteed by it, shall be an aid to willing
defendant, and not an organ of state interpos
-ed between an unwilling defendant and his
right to defend himself personally, U.S. CA. Const.
Amend 6; 28 U.S. CA § 1654; Fed. Rules. Crim. Proc.
rule 44, 18 U.S.C.

Mr. _____
P.O. Box 5246-CSATF/SP-C1-132L
CORCORAN, CA, 93212
            IN PROPER

Criminal law 641.4(1)
where accused weeks before trial
clearly and unequivocally declared to trial
Judge that he wanted to represent himself
and did not want counsel, and record
affirmatively showed that accused was
literate, competent and understanding
and that he was voluntarily exercising
his informed free will, and where accused
had been warned by trial court that court
thought it was a mistake not to accept
assistance of counsel and that accused
would be required to follow all "ground
rules" of trial procedure, state court in
compelling accused to accept against his
will a state-appointed public defender
deprived him of his constitutional right to
conduct his own defense, whatever the
extent of his technical legal knowledge.
U.S.C.A. Const. amend 6; 28 U.S.C.A. § 1654"
FED. RULES CRIM. PROC. RULE 44, 18 U.S.C.A

MR. CLEO BURTON #E07729
P.O. BOX 5246 C9 ATF/SP-CI-132L
CORCORAN, CA.93212

IT IS NOW ACCEPTED, FOR EXAMPLE, THAT AN ACCUSED HAS
A RIGHT TO BE PRESENT AT ALL STAGES OF THE TRIAL
WHERE HIS ABSENCE MIGHT FRUSTRATE THE FAIRNESS
OF THE PROCEEDINGS, SNYDER V. MASSACHUSETTS, 291
U.S. 97, 54 S.CT. 330, 78 L.Ed. 674; TO TESTIFY ON HIS OWN
BEHALF; SEE HARRIS V. NEW YORK, 401 U.S. 222, 225, 91 S.ct.
643, 645, 28 L.Ed. 2d 1; BROOKS V. TENNESEE, 406 U.S. 605, 612, 92
S.CT. 1891, 1895, 32 L.Ed. 2d 358; cf. FERGUSON V. GEORGIA, 365
U.S. 570, 81 S.ct. 756, 5 L.Ed. 2d 783.

FOR EXAMPLE, IN re OLIVER, 333 U.S. 257, 68 S.CT. 499, 92 L.Ed. 682
(1948), THE COURT REVERSED A SUMMARY CONTEMPT CONVICTION
AT THE HANDS OF A "ONE-MAN GRAND JURY," AND HAD THIS TO SAY;
"WE... HOLD THAT FAILURE TO AFFORD THE PETITIONER
A REASONABLE OPPORTUNITY TO DEFEND HIMSELF AGAINST
THE CHARGE OF FALSE AND EVASIVE SWEARING WAS A
DENIAL OF DUE PROCESS OF LAW. A PERSON'S RIGHT
TO REASONABLE NOTICE OF A CHARGE AGAINST HIM,
AND AN OPPORTUNITY TO BE HEARD IN HIS DEFENSE
- A RIGHT TO HIS DAY IN COURT - ARE BASIC IN OUR SYSTEM
OF JURISPRUDENCE; AND THESE RIGHTS INCLUDE, AS A
MINIMUM, A RIGHT TO EXAMINE THE WITNESSES
AGAINST HIM, TO OFFER TESTIMONY, AND TO BE REPRE-
SENTED BY COUNSEL." Id. AT 273, 68 S.CT., AT 507. SEE ALSO
ARGERSINGER V. HAMLIN, 407 U.S. 25, 27-33, 92 S.CT. 2006, 2007-2011,
32 L.Ed. 2d 530 (1972); GIDEON V. WAINWRIGHT, 372 U.S. 335, 344, 83 S.
CT. 792, 796-797, 9 L.Ed. 2d 799 (1963)

MR. E. W. BURTON #F02720
P.O. BOX 5246-CSATF/SP-C1-132L
COR CORAN, CA, 93212

1

2

3  ACCORDINGLY, THE APPROPRIATE TEST FOR PREJUDICE FINDS ITS

4  ROOTS IN THE TEST FOR MATERIALITY OF EXCULPATORY INFORM-

5  ATION NOT DISCLOSED TO THE DEFENSE BY THE PROSECUTION,

6  UNITED STATES v. AGURS, 427 U.S., AT 104, 112-113, 96 S.CT, AT

7  2397, 2401-2402, AND IN THE TEST FOR MATERIALITY OF TESTIMONY

8  MADE UNAVAILABLE TO DEFENSE BY GOVERNMENT DEPORTATION

9  OF A WITNESS, UNITED STATES v. VALENZUELA-BERNAL, SUARA, 458

10  U.S., AT 872-874, 102 S.CT, AT 3449-3450.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARGUMENT IN SUPPORT OF ~~(STRIKE)~~ GROUNDS

AS QUOTED IN FARETTA V. CALIFORNIA 422 U.S. 820 95 S.CT
2525 (1975)

THE UNITED STATES COURT OF APPEALS HAVE REPEATEDLY
HELD THAT THE RIGHT OF SELF-REPRESENTATION IS
PROTECTED BY THE BILL OF RIGHTS. IN UNITED STATES
V. PLATTNER, 330 F.2d 271, THE COURT OF APPEALS FOR
THE SECOND CIRCUIT EMPHASIZED THAT THE SIXTH
AMENDMENT GRANTS THE ACCUSED THE RIGHTS OF
CONFRONTATION, OF COMPULSORY PROCESS FOR WITNESSES
IN HIS FAVOR, AND OF ASSISTANCE OF COUNSEL AS
MINIMUM PROCEDURAL REQUIREMENTS IN FEDERAL
CRIMINAL PROSECUTIONS. THE RIGHT TO THE
ASSISTANCE OF COUNSEL, THE COURT CONCLUDED,
WAS INTENDED TO SUPPLEMENT THE OTHER RIGHTS
OF THE DEFENDANT AND NOT TO IMPAIR "THE
ABSOLUTE AND PRIMARY RIGHT TO CONDUCT ONE'S
OWN DEFENSE IN PROPRIA PERSONA" Id., AT 271.
THE COURT FOUND SUPPORT FOR ITS DECISION IN
THE LANGUAGE OF THE 1789 FEDERAL STATUTES
AND RULES GOVERNING CRIMINAL PROCEDURE, SEE 28
U.S.C. § 1654, AND FED. RULE CRIM. PROC. 44; IN THE MANY
STATE CONSTITUTIONS THAT EXPRESSLY GUARANTEE
SELF-REPRESENTATION; AND IN THIS COURT'S
RECOGNITION OF THE RIGHT IN ADAMS AND PRICE.
ON THESE GROUNDS THE COURT OF APPEALS
HELD THAT IMPLICIT IN THE FIFTH AMENDMENTS
GUARANTEE OF DUE PROCESS OF LAW AND
IMPLICIT ALSO IN THE SIXTH AMENDMENTS GUARANTEE

ARGUMENT CONTINUED

OF A RIGHT TO THE ASSISTANCE OF COUNSEL, IS "THE RIGHT OF THE ACCUSED PERSONALLY TO MANAGE HIS OWN DEFENSE IN A CRIMINAL CASE." 330 F.2d AT 274. SEE ALSO U.S EX REL. MALDONADO V. DENNO, 348 F.2d 12, 15 (CA 2

BECAUSE THESE RIGHTS ARE BASIC TO OUR ADVERSARY SYSTEM OF CRIMINAL JUSTICE, THEY ARE PART OF THE "DUE PROCESS OF LAW" THAT IS GUARANTEED BY THE FOURTEENTH AMENDMENT TO DEFENDANTS IN THE CRIMINAL COURTS OF THE STATES. (SEE GIDEON V. WAINWRIGHT 372 U.S. 335, 83 S.CT. 792, 9 L.Ed. 2d 799.) THE RIGHTS TO NOTICE CONFRONTATION AND COMPULSORY PROCESS, WHEN TAKEN TOGETHER, GUARANTEE THAT A CRIMINAL CHARGE MAY BE ANSWERED IN A MANNER NOW CONSIDERED FUNDAMENTAL TO THE FAIR ADMINISTRATION OF AMERICAN JUSTICE — THROUGH THE CALLING AND INTERROGATION OF FAVORABLE WITNESSES, THE CROSS-EXAMINATION OF ADVERSE WITNESSES, AND THE ORDERLY INTRODUCTION OF EVIDENCE, IN SHORT, THE AMENDMENT CONSTITUTIONALIZES THE RIGHT IN AN ADVERSARY CRIMINAL TRIAL TO MAKE A DEFENSE AS WE KNOW IT. SEE CALIFORNIA V. GREEN, 399 U.S. 149, 176, 90 S.CT. 1930, 1944, 26 L.Ed. 2d 489 (HARLAN, J., CONCURRING.

MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT
OF GROUNDS 2 - ERRONEOUS DENIAL OF FARETTA PRO SE MOTION

1. ARGUMENT

2. AS QUOTED IN PEOPLE V. JOSEPH, 196 CAL. RPTR. 339, 34 CAL. 3d 936,

3. (1983). SINCE IN GENERAL THE FEDERAL COURTS ARE IN GENERAL

4. AGREEMENT WITH CALIFORNIA COURTS ON THIS ISSUE, AT

5. LEAST TWO FEDERAL CIRCUIT COURTS OF APPEALS HAVE

6. HELD THAT THE ERRONEOS DENIAL OF A TIMELY ASSERTED

7. FARETTA MOTION REQUIRES REVERSAL OF THE JUDGEMENT

8. WITHOUT AN ASSESSMENT OF PRED. JUDICE. (BITTAKER V.

9. ENOMOTO (9TH CIR. 1978) 587 F.2d 400, 402-403) CERT.

10. DEN. (1979) 441 U.S. 913, 99 S.CT. 2013, 60 L.Ed.2d 386; CHAPMAN V.

11. UNITED STATES, SUPRA, 553 F.2d AT [34 CAL 3d 948] pp. 891-892.) to

12. VIEW PRECEDING LINK PLEASE CLICK HERE A FEW PRE-FARETTA

13. CIRCUIT COURT OF APPEALS DECISIONS REACHED THE SAME

14. CONCLUSION UNDER THE FEDERAL CONSTITUTION (UNITED STATES V.

15. PLATTNER (2d CIR. 1964) 330 F.2d 271, 273) OR THE FEDERAL STATUTES.

16. (UNITED STATES V. DOUGHERTY, SUPRA, 474 F.2d AT pp. 1127-1130; UNITED

17. STATES V. PRICE (9TH CIR. 1973) 474 F.2d 1223, 1227 [INTERPRETING

18. PRO SE RIGHTS GUARANTEED UNDER 28 U.S.C. §1654]; SEE ALSO

19. LOWE V. UNITED STATES (7TH CIR. 1969) 418 F.2d 100, 103 [DICTUM]

20. THIS COURTS ENUNCIATION OF A PER SE RULE OF REVERSAL WHERE

21. FARETTA ERROR IS INVOLVED IS THUS CONSISTENT WITH THE HOLDINGS

22. OF MOST COURTS WHICH HAVE CONSIDERED THE ISSUE. ANYTHING

23. SHORT OF A PER SE RULE IS UNWORKABLE AND WOULD UNDERMINE

24. THE FARETTA DOCTRINE ITSELF. SINCE THE DENIAL OF APPELLANT'S

25. FUNDAMENTAL PRO SE RIGHT CANNOT "BE REDEEMED THROUGH... THE

26. SUBSEQUENT CONCLUSION THAT [APPELLANT'S] PRACTICAL POSITION HAS NOT

27. BEEN DISADVANTAGED" (UNITED STATES V. DOUGHERTY, SUPRA, 473 F.2d

28. AT P. 1128) THE JUDGEMENT MUST BE REVERSED.