# TABLE OF CONTENTS

MEMORANDUM AND POINTS OF ___ 1
AUTHORITY IN SUPPORT OF ___ 2
GROUNDS 3 PAGES 1-30 ___ 3
___ 4
___ 5
___ 6
___ 7
___ 8
___ 9
___ 10
___ 11
___ 12
___ 13
___ 14
___ 15
___ 16
___ 17
___ 18
___ 19
___ 20
___ 21
___ 22
___ 23
___ 24
___ 25
___ 26
___ 27
___ 28
___ 29
___ 30
___ 31

Grounds for Ground _____ (if applicable): MEMORANDUM AND POINTS OF AUTHORITY IN
SUPPORT OF GROUNDS 3.

VIOLATION OF 5TH + 14TH AMENDMENTS DUE PROCESS AND EQUAL PROTECTION CLAUSES

FOR PROSECUTIONS FAILURE TO DISCLOSE MATERIAL EXCULPATORY
EVIDENCE TO DEFENSE, PURSUANT TO U.S V. AGURS (1976)
427 U.S. 97, 49 L.Ed. 2d 342, 96 S.CT. 2392 E FURTHER CONTENTIONS OF LOSS AND
DESTRUCTION OF EVIDENCE PURSUANT TO TROMBETTA YOUNGBLOOD SUPRA.

a. Supporting facts:

SEE ATTACHMENT FOR GROUNDS 3.

DEPORTATION OF TRIAL JUDGE, TRIER OF FACT, HON. JUDGE HALGREN
PETITIONER WAS PREVENTED BY TRIAL JUDGE
FROM MAKING ANY OBJECTIONS. COUNSEL FAILED
AT SENTENCING, TO CULMATIVE SENTENCE AND
PENALTY WITHOUT PRIOR NOTICE OR OPPORTUNITY PRIOR
FOR CROSS-EXAMINATION OF AN ALLEGED
VICTIM KIAH MINCEY IN VIOLATION OF 14TH AMEND
DUE PROCESS AND EQUAL PROTECTION CLAUSES
PROSECUTION FAILED TO DISCLOSE THIS
ALLEGED VICTIM/WITNESS AFTER A DEFENSE
MOTION FOR DISCOVERY HAD BEEN FILED, SERVED,
AND UN RESPONDED TO KIAH MINCEY RESIDENT OF
THE ALLEGED CRIME SCENE IS A CONVICTED
FELON, THAT PROSECUTION FAILED TO DISCLOSE, WHICH
QUESTIONS THE ENTIRE CREDIBILITY OF PROSECUTIONS
CASE AS FALSE EVIDENCE, A BLACK PHONE WAS FOUND
INSIDE HIS HOME, AS HE HAD A CRIMINAL MOTIVE TO DESTROY EVIDENCE,

b. Supporting cases, rules, or other authority: SEE APPENDI V. NEW JERSEY 530 U.S. 466 (2000), SEE KIL BOURN V.
STATE, 9 CONN 560,568,762.U.L. 68 (1833) ... SEE CALIFORNIA V. TROMBETTA
467 U.S. 479, 488-489, 104 S.CT. 2528, 81 L.Ed. 2d 413 (1984); U.S V. VALENZUELA-
BERNAL, 458, U.S. 858 873, 102. S.CT. 3440, 73 L.Ed 1193 (1982); SEE ROVIARO
V. U.S 353, U.S. 53, 61, 77 S.CT. 623 1 L.Ed 2d. 639 (1957); SEE WILLIAMS V.
WOODFORD 306 F.3d 665 (9TH CIR 2002); SEE U.S V. ADAMSON 291 F.3d 606 (9TH CIR 2002
SEE CRAWFORD V. WASHINGTON, (2004) 541 U.S. 36, 124 S.CT. 1354, 1365, 158 L.Ed. 2d 177, 184 9 EVIDENCE 99 III

MR E W BURTON IN PRO PER
P.O BOX 5246 - CSATF A-C1-132L
CORCORAN, CA. 93212

709 F. SUPP. 525
U.S DISTRICT Court
S.D. OHIO
Western Div
Proctor + Gamble Plantiffs
Vs
Bankerstrust
NO C1-94-735
DEC. 20. 1995

4TH A                    Violation of 5TH.

right of the people to be secure in
their persons, houses, papers, and
effects against unreasonable
searches, AND SEIZURE. PROSECUTIONS USE OF PETITIONERS

(ALEDGED) PHOTO WORK ID'S AND CASINO CARD WERE ARE JUDICIAL AND EQUIVALENT TO MAKING

negligent record keeping   DEFENDANT A WITNESS
                           AGAINST HIMSELF

United States Supreme Court Decision
of Leon — in support of its conclusion
that it is "useful and proper" to
invoke the exclusionary rule where
negligent record keeping results in
unlawful arrest U.S.A Const.

514 U.S. (, 131 L.Ed. 2d 34, 63 USLW 4179
Supreme Court of the United States
ARIZONA, Petitioner V. Isaac Evans
NO, 93-1660, Argued Dec - 7 1994
Decided March 1, 1995

Court of Appeal
170 Ariz. 314, 934, P. 2d 1074

2

MR. E.W. BURTON #F02720, ENPROPER
P.D. BOX 5246
CORCORAN, CA. 93212

CAL CRIM PR, MO, JI, SENT

## V. OUTRAGEOUS POLICE CONDUCT

§ 29:28   Outrageous police conduct
§ 29:29   —Declaration
§ 29:30   —Points and authorities

> **KeyCite®:** Cases and other legal materials listed in KeyCite Scope can be researched through West's KeyCite service on Westlaw®. Use KeyCite to check citations for form, parallel references, prior and later history, and comprehensive citator information, including citations to other decisions and secondary materials.

## I. FAILURE TO PRESERVE EVIDENCE

### § 29:1   Loss of Material Witness

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF _S.D___

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, _BURTON, E.W #F02720_ Plaintiff, _PETITIONER_ v. _DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION_ Defendant. | Case No.: _____ NOTICE OF MOTION TO DISMISS FOR FAILURE _OF PROSECUTION_ TO PRESERVE MATERIAL WITNESS _HON JUDGE HAGEN_ Date: _____ _EN ( HON JUDGE HALGREN_ Time: _____ Place: _____ |

TO THE DISTRICT ATTORNEY OF ___S.D___ COUNTY AND/OR _____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____ [date], at _____ [time], or as soon thereafter as the matter may be heard in the courtroom of Department _____ of the above-entitled court, the defendant will move for an order dismissing all charges in this action.

This motion will be made on the ground that the actions of members of the _E.C.___ Police Department have prevented the defendant from preparing and presenting a meaningful defense by failing to preserve a material witness in violation of the Sixth Amendment right to compulsory process of witnesses and the Fifth Amendment due process clause. _- WITNESS - KIAH MINCEY_

The motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental declarations and memoranda of points and authorities as may hereafter be filed with the court, ~~on all the papers and records on file in this action,~~ _ERROR COURT_ and on such oral and documentary evidence as may be presented at the hearing of the motion.

466



§ 29:1                                    CAL CRIM PR, MO, JI, SENT

tion of either the defendant or his attorney." (U.S. v. Valenzuela-Bernal, 458 U.S. 858, 873, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982))

**Sanctions:** If the government has deprived the defendant of a material witness, the court may dismiss those counts to which the absent witness would have offered evidence or due process may demand the dismissal of all the charges. (Roviaro v. U.S., 353 U.S. 53, 61, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957))

**Informant witness:** If the prosecution revealed the identity of a material witness informant, but does not have a present location for the informant, or if the defense cannot locate the informant after being given an address by the prosecution, the court should conduct a hearing on the reasonableness of the prosecution's good faith efforts to maintain contact with the informant. (Twiggs v. Superior Court, 34 Cal. 3d. 360, 365, 194 Cal. Rptr. 152, 667 P.2d 1165 (1983))

**Deported witness:** If "state action has made a material witness unavailable (by deportation), dismissal is mandated. (People v. Mejia, 57 Cal. App. 3d 574, 579, 129 Cal. Rptr. 192 (1976)) A person arrested along with an undocumented person may be given a form advising them of the right to have the noncitizen witness detained. (See U.S. v. Lujan-Castro, 602 F.2d 877 (9th Cir. 1979))

**Research References**

*Text References*
C.J.S., Criminal Law §§ 476, 486, 510, 1233, 1236, 1246

*West's Digest References*
Criminal Law ☞700(10)

## § 29:2 — Declaration

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF _____

|  |  |
|---|---|
| | Case No.: _____ |
| PEOPLE OF THE STATE OF CALIFORNIA, | POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO PRESERVE MATERIAL WITNESS |
| Plaintiff, | |
| v | |
| _____, Defendant. | Date: _____ |
| | Time: _____ |
| | Place: _____ |

TO THE DISTRICT ATTORNEY OF _____COUNTY AND/OR _____ *[HIS OR HER]* REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____ *[date]*, at _____ *[time]*, or as soon thereafter as the matter may be heard in the courtroom of Department _____ of the above-entitled court, the defendant will move for an order dismissing all charges in this action.

This motion will be made on the ground that the actions of members of the ~~ƐC~~ Police Department have prevented the
468 *DEFENDANT HIS FUNDAMENTAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE 14TH AMENDMENT DEPRIVING DEFENDANT OF MATERIAL WITNESS BY HOLDING IN ITS POSSESSION PINK COPIES OF RESTRAINING ORDER AN ALLEGED KIDNAPPER.*

**ARGUMENT**
*OMITTED*

States Supreme Court recognized that in order to make a show-ing of materiality "the defendant cannot be expected to render a detailed description of their lost testimony" (U.S. v. Valenzuela-Bernal, 458 U.S. 858, 873, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982)). To make a showing, counsel may rely on statements by the lost witness to third parties, including those contained in po-lice reports, as well as "the defendant's explanation under oath of such evidence would be an acceptable method of establishing the materiality of the missing witness." (People v. Valencia, 218 Cal. App. 3d 808, 824, 819, 267 Cal. Rptr. 257 (1990))

The Supreme Court recognized that "while a defendant who has not had an opportunity to interview a witness may face a dif-ficult task in making a showing of materiality, the task is not an impossible one. In such circumstances it is of course not possible to make any avowal of *how* a witness may testify. But the events to which a witness might testify, and the relevance of those events to the crime charged, may well demonstrate either the presence or absence of the required materiality." (U.S. v. Valenzuela-Bernal, 458 U.S. 858, 871, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982))

The High Court cautioned that deference should be paid to the difficulty facing the defense in making a showing of materiality. "As in other cases concerning the loss of material evidence, sanc-tions will be warranted for deportation of alien witnesses only if there is a reasonable likelihood that the testimony could have af-fected the judgment of the trier of fact. (Citation) In making such a determination, courts should afford some leeway for the fact that the defendant necessarily proffers a description of the mate-rial evidence rather than the evidence itself." (U.S. v. Valenzuela-Bernal, 458 U.S. 858, 873-874, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982))

IV

> THE DUE PROCESS CLAUSE IMPOSES A DUTY ON THE POLICE TO MAKE AVAILABLE AN INFORMER MATERIAL WITNESS
>
> When an informer is a material witness on the issue of guilt or innocence, the People must disclose his identity or incur a dismissal. (Roviaro v. U.S., 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957); Ev C § 1042) The state does not fulfill its obligation of disclosure when it reveals all that it knows, despite the inade-quacy of such data to locate the informer. As the court stated in Eleazer v. Superior Court, 1 Cal. 3d 847, 852-853, 83 Cal. Rptr. 586, 464 P.2d 42 (1970): AN ALLEGED UNDISCLOSED KIAH MINCEY

472 A CONVICTED FELON, RESIDENT OF THE ALLEGED CRIME SCENE

Error Ewis

(5)

GOVERNMENTAL MISCONDUCT

PREVENTED
OR HINDERED
defendant from preparing and presenting a meaningful defense by failing to preserve a material witness in violation of the Sixth Amendment right to compulsory process of witnesses and the Fifth Amendment due process clause.

The motion will be based on this notice of motion, on the attached declaration and memorandum of points and authorities served and filed herewith, on such supplemental declarations and memoranda of points and authorities as may hereafter be filed with the court, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: ———.

_____
Attorney for Defendant

### NOTES TO FORM

**Research References**

*Text References*
C.J.S., Criminal Law §§ 476, 486, 510, 1233, 1236, 1246

*West's Digest References*
Criminal Law ⟜700(10)

## § 29:3 — Points and authorities

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ———

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff,<br><br>vs.<br><br>—————, Defendant. | Case No.:———<br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO PRESERVE MATERIAL WITNESS |

Defendant submits the following points and authorities in support of the motion to dismiss for failure to preserve a material witness:

### I

### GOVERNMENT ACTION WHICH DEPRIVES THE DEFENDANT OF A MATERIAL WITNESS IS A VIOLATION OF DUE PROCESS AND THE RIGHT TO COMPULSORY PROCESS OF WITNESSES

The Sixth Amendment guarantees a defendant the right "to have compulsory process for obtaining witnesses in his favor."

469



STATEMENT OF FACT PETITIONER WAS NOT PRESENT AS A MATTER OF CONSTITUTIONAL RIGHT
ON OR APPROXIMATELY 16 JULY 05 WHEN COUNSEL ADAIR WAS GIVEN NOTICE OF CHANGE IN INACTMENT
PETITIONERS RIGHT TO BE PRESENT + 14TH AMENDT EQAL PROTECTION AND DUE PROCESS WAS VIOLATED

ARGUMENT → THE PETITIONER, ERIC WILTON BURTON # F02720 UNCONSTITUTIONALLY AND

UNLAWFULLY INCARCERATED MOVES THIS COURT TO GRANT THIS MOTION

FOR A NEW TRIAL, AS HIS FEDERALLY GUARANTEED US CONSTITUTIONAL

RIGHT TO A FAIR TRIAL HAS BEEN BLATANTLY VIOLATED BY THE

FAILURE OF PROSECUTION TO TIMELY RESPOND TO DEFENSE

PRE TRIAL MOTIONS FOR DISCOVERY UNDER BRADY AND DUE

PROCESS VIOLATIONS BY THE FAILURE OF PROSECUTION TO

DISCLOSE DISCOVERY PURSUANT TO UNITED STATES V. AGURS

(1976) 427 U.S. 97, 49 L Ed 2d 342, 96 S. Ct 2392, 5TH + 14TH US CONST AMENDTS

STATEMENT OF FACTS  AS PROSECUTION FAILED TO TIMELY RESPOND

TO DEFENSE MOTIONS OF DISCOVERY, DENIED DEFENDANT OF HIS FEDERALLY

GUARANTEED RIGHT TO A FAIR AND SPEEDY TRIAL. SEE PEOPLE V. ANDERSON

(2001) 25 C. 4TH 543, 603, 604, 106 C.R. 2d 575, 22 P.3d 347 [DEFENDANT'S

ASSERTION OF SPEEDY TRIAL RIGHT (THIRD BARKER FACTOR) IS "ENTITLED TO STRONG

EVIDENTIARY WEIGHT" ON ISSUE WHETHER DEFENDANT IS BEING DEPRIVED

OF THAT RIGHT BECAUSE "[G]HE MORE SERIOUS THE DEPRIVATION, THE MORE

LIKELY A DEFENDANT IS TO COMPLAIN". PROSECUTION REARRAIGNED

DEFENDANT ON THE DAY OF TRIAL TO GAIN A TACTICAL ADVANTAGE OVER

DEFENDANT AND VIOLATED P.C. §1009 WHICH STATES; CERTAIN

AMENDMENTS ARE PROHIBITED — THOSE THAT CHANGE THE

OFFENSES. CHARGED, OR ALTER AN INFORMATION TO ADD CHARGES

NOT SUPPORTED BY THE EVIDENCE AT THE PRELIMINARY

HEARING, PROSECUTION CHANGED CHARGE AND SENTENCT VIOLATING

DEFENDANTS 6TH AMENDMENT CONFRONTATION CLAUSE AND RIGHT TO

MAKE A DEFENSE. A SHOWING OF BAD FAITH IS NOT REQUIRED FOR

PROSECUTORIAL MISSTATEMENTS OF LAW TO CONSTITUTE MISCONDUCT.

PEOPLE V. HILL (1998) 17 C. 4TH 800, 822, 829, 72 C.R. 2d 656, 952

P. 2d 673 SUPP, INFRA, §581. PROSECUTION ALSO VIOLATED DEFENDANTS 5TH + 14TH AMENT.
RIGHTS AS FEDERALLY GUARANTEED BY THE US CONSTITUTION. DUE PROCESS + EQUAL PROTECTION

⑦

ARGUMENT

§ 29:3                                    CAL CRIM PR, MO, JI, SENT

This means that a defendant has a right to present his defense and to call witnesses favorable to him without interference by the prosecutor or other agencies of government. The Supreme Court in several decisions has explored the meaning of the right to compulsory process. In Washington v. Texas, 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967) in holding this right so fundamental as to be part of the due process clause of the Fourteenth Amendment, the Court stated:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

## II

## THE FEDERAL STANDARD OF MATERIALITY

The proper standard for determining whether a criminal charge must be dismissed due to state action depriving the defendant of a material witness is the federal standard, which requires a criminal defendant to show that the witness's testimony would have been material and favorable to his defense. Proposition 8 (Cal Const Art I § 28(d) prohibits the exclusion of relevant evidence in criminal proceedings except to the extent federal law compels exclusion. Because dismissal amounts to the exclusion of all evidence against a defendant, a motion for dismissal, based on being deprived of a material witness, triggers the application of the California constitutional provision, and thus the state standard, which did not require defendant's showing of the testimony's favorable nature, was abrogated. (People v. Valencia, 218 Cal. App. 3d 808, 267 Cal. Rptr. 257 (1990)) However, conflicting authority exists on which federal standard to apply.

### A. U.S. v Valenzuela-Bernal Standard

In People v. Valencia, 218 Cal. App. 3d 808, 267 Cal. Rptr. 257 (1990) the court followed the most recent United States Supreme Court opinion dealing specifically with the proper federal standard of materiality applicable to the loss of a witness through state action, and held that the charges should not be dismissed unless the defendant "makes a plausible showing that the testimony of the deported witnesses would have been material and favorable to his defense, in ways not merely cumulative to

470



*the testimony of available witnesses." (U.S. v. Valenzuela-Bernal, 458 U.S. 858, 873, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982))

The Appellate Court reasoned that Trombetta and Valenzuela-Bernal addressed two different aspects of the state's duty to preserve exculpatory evidence. While Trombetta presented an in-depth discussion of the constitutional duty to preserve physical evidence, it was not, in the Appellate Court's opinion, intended to supersede Valenzuela-Bernal's examination of unavailable witnesses.

### B. California v Trombetta Standard

In People v. Lopez, 198 Cal. App. 3d 135, 243 Cal. Rptr. 590 (1988) the court held the standard of materiality to be applied to the loss of testimonial evidence is that of California v. Trombetta, 467 U.S. 479, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984). Under this standard the lost evidence is material for the purpose of sanctions if its exculpatory value was apparent before it was lost. "Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, [citation], evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." (California v. Trombetta, 467 U.S. 479, 488-489, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984))

The Lopez court declined to follow the Valenzuela-Bernal standard because that case is older than Trombetta, and because there was no indication in the opinion that the Supreme Court intended to announce a separate standard for the loss of testimonial evidence as distinguished from the loss of other evidence.

The California Supreme Court in addressing a claim that a prosecutor's failure to tape record the entire interview with a key prosecution witness deprived the defendant of substantial evidence, applied the federal standard of Trombetta without deciding which standard applied. (People v. Fauber, 2 Cal. 4th 792, 829, 9 Cal. Rptr. 2d 24, 831 P.2d 249 (1992))

### III

## THE SUFFICIENCY OF ANY REQUIRED SHOWING OF MATERIALITY

Even if this court adopts the Valenzuela-Bernal standard, the showing of materiality must be viewed liberally. ~~The United~~



GOVERNMENTAL MISCONDUCT

Dated: *9-23-07*

*ERIC W. BURTON #F02720*

Attorney for Defendant *IN PRO PER*

~~NOTES TO FORM~~ *Exor*

**Authorities**

U.S. v. Valenzuela-Bernal, 458 U.S. 858, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982)

Eleazer v. Superior Court, 1 Cal. 3d 847, 852-853, 83 Cal. Rptr. 586, 464 P.2d 42 (1970)

People v. Valencia, 218 Cal. App. 3d 808, 267 Cal. Rptr. 257 (1990)

People v. Jenkins, 190 Cal. App. 3d 200, 235 Cal. Rptr. 268 (1987)

People v. Lopez, 198 Cal. App. 3d 135, 243 Cal. Rptr. 590 (1988)

*ARGUMENT* ~~Commentary~~ *Exor Exor — ~~Statement of facts~~ in SUPPORT OF PETITION*

The Sixth Amendment guarantees a defendant the right "to have compulsory process for obtaining witnesses in his favor." This means that a defendant has a right to present his defense and to call witnesses favorable to him without interference by the prosecutor or other agencies of government. If the state takes action that prevents the defendant from presenting an adequate defense in violation of his constitutional guarantees, the case may be dismissed in furtherance of justice. Such action includes causing a material witness to be unavailable to testify at trial. These situations most commonly arise when the state causes material witnesses to be deported (People v. Mejia, 57 Cal. App. 3d 574, 129 Cal. Rptr. 192 (1976)); or the police lose contact with a police informant (Eleazer v. Superior Court, 1 Cal. 3d 847, 852-853, 83 Cal. Rptr. 586, 464 P.2d 42 (1970)); or lose the records identifying a material civilian witness (People v. Gonzales, 209 Cal. App. 3d 1228, 257 Cal. Rptr. 828 (1989)).

**Materiality standard:** The defendant must show there was a reasonable possibility the unavailable witness could have offered favorable evidence on guilt or innocence. The defendant must meet the federal materiality standard contained in U.S. v. Valenzuela-Bernal, 458 U.S. 858, 873, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982), by making a "plausible showing that the testimony of the deported witness would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses." The less rigid rule of People v. Mejia, 57 Cal. App. 3d 574, 129 Cal. Rptr. 192 (1976), has been abrogated by Proposition 8. (Cal Const Art I § 28(d)) (People v. Valencia, 218 Cal. App. 3d 808, 819, 267 Cal. Rptr. 257 (1990)).

**Sufficiency of showing:** The United States Supreme Court recognized that in order to make a showing of materiality "the defendant cannot be expected to render a detailed description of their lost testimony" (U.S. v. Valenzuela-Bernal, 458 U.S. 858, 873, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982)). To make a showing, counsel may rely on statements by the lost witness to third parties, including those contained in police reports, or "the defendant's explanation under oath of such evidence would be an acceptable method of establishing the materiality of the missing witness." (People v. Valencia, 218 Cal. App. 3d 808, 824, 819, 267 Cal. Rptr. 257 (1990)) The showing must be based on "reasonable possibilities and not on sheer and unreasonable speculation." (People v. Jenkins, 190 Cal. App. 3d 200, 207, 235 Cal. Rptr. 268 (1987)) Because "the explanation of materiality is testimonial in nature, and constitutes evidence of the prejudice incurred as a result of (the loss of the witness), it should be verified by oath or affirmation."



The motion will be made on the ground that the defendant was committed without reasonable or probable cause because the commitment was based upon incompetent evidence.

The motion will be based on this notice of motion, on the memorandum of points and authorities served and filed herewith, ~~on the transcript of the preliminary examination,~~ on such supplemental memoranda of points and authorities as may be filed hereafter with the court, and on such oral argument as may be presented at the hearing on this motion.

Dated: _____.

_____
Attorney for Defendant

~~NOTES TO FORM~~

**Authorities**

Pen C §§ 995-999a, 1510

Badillo v. Superior Court, 46 Cal. 2d 269, 294 P.2d 23 (1956)

People v. Scoma, 71 Cal. 2d 332, 335, 78 Cal. Rptr. 491, 455 P.2d 419 (1969)

People v. Lilienthal, 22 Cal. 3d 891, 897, 150 Cal. Rptr. 910, 587 P.2d 706 (1978)

People v. Sherwin, 82 Cal. App. 4th 1404, 1408, 98 Cal. Rptr. 2d 888 (2000)

**Commentary**

A defendant cannot be held to answer upon evidence obtained in an illegal search and seizure. A defendant is held to answer without reasonable or probable cause within the meaning of § 995 when the only substantial evidence supporting his commitment has been obtained in violation of the ~~Fourth~~ Amendment. (People v. Scoma, 71 Cal. 2d 332, 335, 78 Cal. Rptr. 491, 455 P.2d 419 (1969); People v. Lilienthal, 22 Cal. 3d 891, 897, 150 Cal. Rptr. 910, 587 P.2d 706 (1978)) If a motion to suppress was made at the preliminary examination, the defendant has two methods of challenging the admissibility of illegally obtained evidence. First, the Pen C § 1538.5 motion may be renewed in the superior court, on 10 days notice, but any evidence presented by the defense is restricted to the evidence contained in the transcript of the preliminary examination unless: (1) the parties agree otherwise; (2) a party has other evidence that could not have reasonably been presented at the preliminary examination; or (3) the People wish to recall a witness who had previously testified at the preliminary examination. (Pen C § 1538.5(i); People v. Hansel, 1 Cal. 4th 1211, 4 Cal. Rptr. 2d 888, 824 P.2d 694 (1992))

Second, if a motion to suppress was made at the preliminary examination, the defendant may lodge a § 995 motion based upon the testimony contained in the transcript of the preliminary hearing. Penal Code § 1538.5(n) specifically states that "Nothing in this section shall be construed as altering . . . (5) the procedure and law relating to a motion made pursuant to Section 871.5 or 995, or the procedures which may be initiated after the granting or denial of such a motion."

**Magistrate's findings:** In ruling on a renewal of a suppression motion, the superior court independently decides the legal issues, but is bound by any factual findings made by the magistrate. (Pen C § 1538.5(i); People v.

221

MR. E.W. BURTON #F02710 IN PROPER
P.O. BOX 3030 CORCORAN, CA. 93212

§ 20:7                                          CAL CRIM PR, MO, JI, SENT

~~Memro, 11 Cal. 4th 786, 846; 12 Cal. 4th 783d, 47 Cal. Rptr. 2d 219, 905
P.2d 1005 (1995)) The reviewing judge must accept as true the evidence
supporting the magistrate's decision. (People v. Lawler, 9 Cal. 3d 156, 160,~~
107 Cal. Rptr. 13, 507 P.2d 621 (1973)) The reviewing judge must determine
independently whether the magistrate's application of the law to the facts
was correct. (People v. Leyba, 29 Cal. 3d 591, 174 Cal. Rptr. 867, 629 P.2d
961 (1981))

~~**Suppression motion must be made at preliminary:** If the defense
did not make a Pen C § 1538.3 suppression motion at the preliminary hear-
ing, the evidence cannot be challenged by a § 995 motion. (People v.
Anderson, 210 Cal. App. 3d 24, 28, 258 Cal. Rptr. 125 (1989))~~

**Research References**

*Text References*
C.J.S., Criminal Law §§ 770-798

*West's Digest References*
Criminal Law ⊗394

## § 20:8 — Points and authorities

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF _____

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br>v<br>_____,<br>Defendant. | Case No.: _____<br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE INFORMATION |

Defendant submits the following memorandum of points and
authorities in support of the motion to set aside the information:

### I

### SUMMARY OF FACTS

[Counsel should set forth a summary of the evidence contained in
the preliminary hearing transcript and the magistrate's findings of
fact, if any.]

### II

### A DEFENDANT CANNOT BE HELD TO ANSWER IF DEFENDANT'S COMMITMENT IS BASED UPON INCOMPETENT EVIDENCE

An order to set aside an information pursuant to Pen C § 995
may be based upon a determination that the evidence to support
the information was the product of an illegal search and seizure.
(People v. Superior Court, 276 Cal. App. 2d 581, 586, 81 Cal.
Rptr. 42 (1969)). "When the only substantial evidence supporting

222

*handwritten: E.W. BURTON #F02720, P.O. BOX 5246-CSATF/SP-C1-132L*

*handwritten: ARGUMENT*

the commitment has been obtained in violation of the ~~Fourth~~ *(4TH)* Amendment, a defendant is held to answer without reasonable or probable cause within the meaning of section 995 of the Penal Code." (People v. Whyte, 90 Cal. App. 3d 235, 240, 152 Cal. Rptr. 280 (1979)).

> "[A] defendant has been held to answer without reasonable or probable cause if his commitment is based entirely on incompetent evidence," [citation omitted] and accordingly, in such a case the trial court should grant a motion to set aside the information. . . . No problem is presented in applying this rule in cases involving searches and seizures in which the facts bearing on the legality of the search and seizure are undisputed and establish as a matter of law that the evidence is or is not admissible.(Badillo v. Superior Court, 46 Cal. 2d 269, 271, 294 P.2d 23 (1956)).

### NOTES TO FORM

Commentary

~~Counsel should, of course, supplement the points and authorities with~~ *ERRORS* ~~sections summarizing the testimony at the preliminary hearing and the applicable case law concerning the specific Fourth Amendment violation.~~ *ERROR*

**Research References**

*Text References*
C.J.S., Criminal Law §§ 770-798

*West's Digest References*
Criminal Law ⌐394

## § 20:9  Inadmissable hearsay

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF _____

PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v

_____,
Defendant.

Case No.: _____
NOTICE OF MOTION TO SET ASIDE INFORMATION
(Pen C § 995)
Date: _____
Time: _____
Place: _____

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR _____ [HIS OR HER] REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____ [date], at the hour of _____ or as soon thereafter as the matter may be heard in the courtroom of Department _____ of the above-entitled court, the defendant will move for an order setting aside the information filed herein.

The motion will be made on the grounds that the defendant was committed without reasonable or probable cause.

223

MR. E.W. BURTON #F08720 IN PR
COR CORAN, CA. 93212

they failed to take steps to preserve or obtain the following
physical evidence: 911 TAPES [Specify evidence].

3. This physical evidence would have been material and
favorable to the defense in that: [Specify the materiality and
benefit of this type of evidence].

I declare under penalty of perjury that the foregoing is true
and correct except as to matters stated on information and
belief, and as to those matters, I believe them to be true.

Executed on _____ [date], at _____, California.

_____
Attorney for Defendant

### NOTES TO FORM

#### Research References

*Text References*
C.J.S., Criminal Law §§ 486, 510, 541-546, 1233, 1236

*West's Digest References*
Criminal Law ☞700(9)

## § 29:6 — Points and authorities

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF _____

PEOPLE OF THE STATE OF
CALIFORNIA,

Plaintiff,

v

_____,

Defendant.

Case No.
POINTS AND
AUTHORITIES
IN SUPPORT OF ~~MOTION~~ Petition
TO EXCLUDE EVIDENCE

Defendant submits the following points and authorities in sup-
port of the motion for sanctions:

### I

### DUE PROCESS IS VIOLATED IF THE POLICE FAIL TO PRESERVE EXCULPATORY EVIDENCE

In California v. Trombetta, 467 U.S. 479, 488-489, 104 S. Ct.
2528, 81 L. Ed. 2d 413 (1984), the Supreme Court evaluated the
government's duty to take affirmative steps to preserve physical
evidence on behalf of defendants.

Whatever duty the Constitution imposes on the States to preserve
evidence, ~~that duty must be limited to evidence that might be~~
~~expected to play a significant role in the suspect's defense. To meet~~
~~this standard of constitutional materiality, [citation omitted], evi-~~

14

OR COOK AN CA 95618

HERE DEFENDANT HAD A T.R.O SERVED BY JUDGE HALGREN'S ORDER 3 WKS PRIOR TO ALLEGED CRIME

ON HOME OF ALLEGED VICTIM!

ARGUMENT

1. A DEFENDANT'S DUE PROCESS IS VIOLATED WHEN A STATE FAILS

2. TO FOLLOW ITS OWN ESTABLISHED CRIMINAL PROCEDURES AND

3. VIOLATES ITS OWN STATUTES OR CONSTITUTION: HICKS V. OKLAHOMA

4. (1980) 447 U.S. 343 [100 S. Ct. 2227, 65 L.Ed.2d 175]. THE STATES

5. VIOLATIONS OF ITS OWN EVIDENTIARY RULES RESULTED IN A DENIAL

6. OF FUNDEMENTAL FAIRNESS. ESTELLE V. MCGUIRE (1991) 502

7. U.S. 62, 70 [112 S.CT. 475, 481; 116 L.Ed.2d 385].

8. AMENDMENT XIV SECTION I - ALL PERSONS BORN OR NATURALIZED IN THE

9. UNITED STATES AND SUBJECT TO THE JURISDICTION THEREOF, ARE CITIZENS OF

10. THE UNITED STATES AND OF THE STATE WHEREIN THEY RESIDE. NO STATE

11. SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE

12. PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES;

13. NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY OR

14. PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY

15. PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF

16. THE LAWS. ARTICLE IV SECTION 4. PROTECTION OF STATES

17. GUARANTEED - THE UNITED STATES SHALL GUARANTEE TO

18. EVERY STATE IN THIS UNION A PUBLICAN FORM OF GOVERNMENT,

19. AND SHALL PROTECT EACH OF THEM AGAINST INVASION AND

20. ON APPLICATION OF THE LEGISLATURE OR OF THE EXECUTIVE

21. (WHEN THE LEGISLATURE CANNOT BE CONVENED) AGAINST

22. DOMESTIC VIOLENCE. A CRIMINAL DEFENDANT IS ENTITLED TO

23. NOTICE OF THE CHARGES AGAINST HIM, PEOPLE V. PERCELLE, 126

24. CAL. APP 164, 23 CAL. RPTR. 3d 731 (6TH DIST 2005). ARTICLE I SECTION

25. 7 (A) A PERSON MAY NOT BE DEPRIVED OF LIFE, LIBERTY OR PROPERTY

26. WITHOUT DUE PROCESS OF LAW OR DENIED EQUAL PROTECTION

27. OF THE LAWS. ARREST OWN CUB 30 CAL 4TH 666, 697; 134 C.R. 2d 67, 69; 3d 357; CAL. CRIM LAW 3d DEFENSES, Supp § 127.

SEE PEOPLE V. BATTS (2003)

15

Conflict of Interest

West's annotated California Codes

Government Code

(Title 9. Political Reform)

Chapter 1. General

§ 81008. Public records inspection

and reproduction, time, charges.

(a) Every report and statement filed

pursuant to this title is a public record

open for public inspection and reproduction

during regular business hours

Right to representation by counsel

Code of Civ. Proce. § 1282.4

Disclose Discovery Cases.

Strickler

Marcus Thornton Petitioner

v.

United States

No. 03-5165

May 24, 2004

16

MR. E. W. BURTON #E 2320 EN4USNER
P.O. BOX 5246 CSATF/SP CI-132L
CORCORAN, CA. 93212

1  ARGUMENT

2  SEE BANKS V. DRETKE (2004 540 U.S. 668, 124 S.C.T. 1256,

3  1275, 157 L. Ed. 2d 1166, 1193 -

4  [EMPHASIZING SPECIAL ROLE OF PROSECUTOR IN SEARCH

5  FOR TRUTH IN CRIMINAL TRIALS; COURTS, LITIGANTS, AND

6  JURIES PROPERLY ANTICIPATE THAT PROSECUTION

7  WILL REFRAIN FROM IMPROPER METHODS TO SECURE

8  CONVICTION ]. AFTER AN INDICTMENT HAS BEEN RETURNED

9  AND CRIMINAL PROCEEDINGS ARE UNDERWAY THE

10  INDICTMENTS CHARGES MAY NOT BE BROADENED BY AMENDMENTS

11  EITHER LITERAL OR CONSTRUCTIVE EXCEPT BY THE

12  GRAND JURY ITSELF. U.S V. ADAMSON, 291 F.3d 606

13  (9TH CIR. 2002

14  AS THE EXCERPTS SHOW, PROSECUTIONS ARRAIGNMENT

15  OF DEFENDANT WITHOUT PRIOR NOTICE ON AMENDED

16  CHARGES, WAS DONE TO GAIN AN UNFAIR TACTICAL

17  ADVANTAGE OVER DEFENDANT, AS DEFENSE COUNSEL

18  ADAIR WAS ALLEGED TO HAVE BEEN GIVEN NOTICE PRIOR

19  TO TRIAL, DEFENDANT WAS NOT, IN ADDITION HAD BEEN

20  DENIED HIS FEDERALLY GUARANTEED RIGHT TO BE

21  PRESENT IN COURT, BOTH IN OR ABOUT 14 MARCH 05

22  WHEN THE CASE WAS TRIAL WITHOUT PETITIONER BEING

23  GIVEN NOTICE, AND ON OR ABOUT 16 JUNE 05, AND PETITIONER

24  BELIEVES PERHAPS ALSO ON OR ABOUT JAN-16-05?.

25  PROSECUTION, AFTER A DEFENSE MOTION HAD BEEN

26  FILED AND SERVED ON D.A. HANNAH WITH NO ALLEGED

27  RESPONSE, AND REBUTTED BY PROSECUTOR MR. TROCHA

28  ON R. TEXCERP 329, FAILED TO DISCLOSE KIAH MINCEY,

29  AN ALLEGED VICTIM, NOT ON PROSECUTIONS TRIAL

30  WITNESS LIST. DEFENDANT NOT GIVEN PRIOR OPPORTUNITY

31  TO CROSS EXAMINE A. KIAH MINCEY, PROSECUTION

32  FAILED TO DISCLOSE THE TRIER OF FACT TO DEFENSE, AS A

33  MATERIAL WITNESS OF FACT ON STIPUCATED COURT

34  GENVINE BUSINESS COURT CLERK RECORDS, AND

35  U.S. SHERIFF'S MARSHALL RECORDS AS THE HON L. HALER

36  SIGNED OFF ON THE RETRAINING ORDER,

17

MR. E.W. BURTON #F027.?C
P.O. BOX 5246 CSATF/SP. CH-132C
COR CORAN CA. 93212
IN PROPER

1  AND ISSUED A TRO PROTECTING PETITIONER MR. BURTON,
2  AND HIS MINOR DAUGHTER DREONA BURTON FROM MR. THOMAS
3  ALLEGED VICTIM, AS MR. THOMAS WAS SHOWN STALKING
4  PETITIONER ON OR ABOUT 23 FEB 04, IN PRESENCE OF
5  HON. JUDGE HAL GREN, AND MR. THOMAS WAS SERVED
6  BY HER BALIFF, OF WHICH ALSO PROSECUTION FAILED
7  TO DISCLOSE, THUS VIOLATING PETIONER'S FEDERALLY
8  GUARANTEED U.S CONSTITUTIONAL 14TH AMENDMENT DUE
9  PROCESS AND EQUAL PROCTECTION CLAUSES INCLUDING
10 FEDERALLY GUARANTEED RIGHT TO NOTICE, AND COMPULSORY
11 PROCESS. PETITIONER WAS PREVENTED BY TRIAL
12 JUDGE FROM MAKING ANY MOTIONS OR OBJECTIONS,
13 AS DEFENSE COUNSEL ADAIR FAILED TO OBJECT
14 TO PETITIONER RECEIVING A CONVICTION AND SENTENCE
15 OF A CULMULATIVE UNCHARGED UNPROVEN ALLEGED CRIME
16 AGAINST A KIAH MINCEY, PETITIONER HAD NO PRIOR
17 OPPORTUNITY TO EXAMINE THIS DEPORTED WITNESS,
18 FUTHERMORE PROSECUTION FAILED TO DISCLOSE TO
19 DEFENSE AFTER A DISCOVERY MOTION HAD BEEN FILED
20 TO DISCLOSE THAT MR. KIAH MINCEY RESIDENT OF THE
21 FALSELY ALLEGED CRIME SCENE WAS A CONVICTED
22 FELON, WHO WAS A LITIGANT REPRESENTING THE
23 VISUALLY IMPAIRED IN A CLASS ACTION SUIT AGAINST
24 A CALIFORNIA GOVERNOR, THIS QUESTION'S THE
25 WHOLE CREDIBILITY OF PROSECUTION'S CASE OF BY
26 WHICH FALSE EVIDENCE OF A BLACK PHONE WITH
27 CONTAMINANT ALLEGED TO BE HELD BY MR. THOMAS, OF WHOM
28 ALLEGEDLY RAN INSIDE MR. MINCEYS RESIDENCE AFTER HIS
29 ALLEGED ACCIDENT ON THE DAY INQUESTION, MR. THOMAS
30 TESTIFIED THAT MR. MINCEY GAVE HIM INSTRUMENTS
31 TO HARASS ALLEGED DEFENDANT. IT IS BELIEVED THAT
32 MR. MINCEY AND MR. THOMAS WERE IN PRISON TOGETHER
33 AT CHUCA WALA STATE PRISON, PROSECUTION FAILED TO
34 DISCLOSE FAVORABLE EVIDENCE OF MR. MINCEY'S CRIMINAL
35 HISTORY AFTER A DEFENSE MOTION FOR DISCOVERY HAD
36 BEEN FILED, THE SUBSEQUENT TRIAL OF DEFENDANT

18

MR. G. W. BURTON #F-47272B
P.O. BOX 5246 - C9 ATF/SP-CI-132L
CORCORAN, CA. 93212   INPROPER

AS IN NEWBERRY SUPRA, AS QUOTED IN ILLINOIS V.
FISHER CITE AS 124 S.CT. 1200 (2004) VIOLATED PETITIONERS
FEDERALLY GUARANTEED 14TH AMENDMENT DUE PROCESS
AND EQUAL PROTECTION CLAUSES.
     SEE- ILLINOIS V. NEWBERRY 166 ILL. 2d 310, 209 ILL.
DEC. 748, 652 N.E. 2d 288 (1995) THE APPELLATE COURT
REASONED " WHERE EVIDENCE WAS - SUBSEQUENT TO
A DISCOVERY MOTION BY THE DEFENDANT. APP. TO PET. FOR CERT 13,
WHILE ACKNOWLEDGING THAT" THERE IS NOTHING IN
THE RECORD TO [ 540. U.S. 547 ] INDICATE THAT THE ALLEGED
COCAINE WAS DESTROYED IN BAD FAITH" id AT 15 THE COURT
FURTHER DETERMINED THAT NEWBERRY DICTATED
DISMISSAL BECAUSE, UNLIKE IN YOUNGBLOOD THE
DESTROYED EVIDENCE PROVIDED RESPONDENTS" ONLY
HOPE FOR EXONERATION" APP. TO. PET. FOR CERT -124 SCT 1202.
" WE HAVE HELD THAT WHEN THE STATE SUPRESSES
OR FAILS TO DISCLOSE MATERIAL EXCULPATORY
EVIDENCE, THE GOOD OR BAD FAITH OF THE PROSECUTION
IS WITHHELD, SEE BRADY V. MARYLAND 373 U.S. 83 S.CT.
1194, 10 L.E.d. 2d 215 (1963; US V. AGURS, 427, U.S. 97, 96
S.CT. 2392, 49 L.E.d. 2d 342 (1976).
IN ADDITION THE POLICE DESTRUCTION OFF THE
ALLEGED 911 TAPES, AS PROSECUTION ALLEGED
INADVERTENTLY DESTROYED. PETITIONER CONTENDS
THAT THE TAPES WERE DESTROYED SUBSEQUENT TO
HIS DEFENSE MOTIONS FOR DISCOVERY BOTH
INFORMAL BY LETTER OF MR. PLUMMERS, REQUESTING
TAPES ON 7-06-04 APPROX, AND HIS MOTION FOR DISCOVERY
SERVED ON MS. HANNAH, YET NEVER HEARD, TAKEN OFF
CALENDAR WITHOUT WRITTEN NOTICE TO DEFENDANT.
THE HON. JUDGE PRECKEL'S DENIAL AS A MATTER OF RIGHT
TO AN IN CAMERA HEARING BOTH BY MOTION OF DEFENDANT
AND COUNSEL AT THE 1538.5 HEARING DEPRIVED PETITIONER
OF HIS FEDERALLY GUARANTEED 14TH AMENDMENT DUE
PROCESS AND EQUAL PROTECTION CLAUSES.

1  ARGUMENT-PETITIONER WAS DENIED HIS RIGHT TO NOTICE
2  AND PRIOR OPPORTUNITY TO CROSS EXAMINE ALLEGED
3  VICTIM KIAH WINCEY THAT PROSECUTION FAILED TO DISCLOSE
4  AT TRIAL, IN VIOLATION OF PETITIONERS 5TH AND 14TH AMEND,
5  DUE PROCESS AND EQUAL PROTECTION CLAUSES - SEE
6  CRAWFORD V. WASHINGTON - (2004) 541 U.S. 36, 124 S.CT. 1334, 1365,
7  158 L.ed. 2d 177, 1843 cal EVIDENCE
8  STATEMENT OF FACT'S - THE DEPORTATION OF THE HON. JUDGE
9  HALGREN's TESTIMONIAL ON GENUINE COURT OFFICIAL
10 BUSINESS RECORDS VIOLATED PETITIONERS FEDERALLY GUAR-
11 ANTEED 14TH AMENDMENT'S DUE PROCESS AND EQUAL
12 PROTECTION CLAUSES, AND RIGHT TO MAKE A DEFENSE,
13 AND VIOLATED PETITIONERS FEDERALLY GUARANTEED
14 FUNDAMENTAL RIGHT TO A FAIR AND IMPARTIAL TRIAL AS
15 GUARANTEED BY THE U.S. CONSTITUTION
16 ~~STATEMENT OF FACT'S~~ ARGUMENT
17 ACCORDINGLY, THE APPROPRIATE TEST FOR PREJUDICE FINDS IT'S
18 ROOTS IN THE TEXT FOR MATERIALITY OF EXCULPATORY
19 INFORMATION NOT DISCLOSED TO THE DEFENSE BY THE PROSECUTION,
20 UNITED STATES V. AGURS, 427 U.S., AT 104, 112-113, 96 S.CT., AT 2397, 2401-
21 2402, AND IN THE TEST FOR MATERIALITY OF TESTIMONY MADE
22 UNAVAILABLE TO THE DEFENSE BY GOVERNMENT DEPORTATION OF A
23 WITNESS, UNITED STATES V. VALENZUELA-BERNAL, SUPRA, 458 U.S., AT
24 872-874, 102 S.CT., AT 3449-3450. e.g. HON. JUDGE LAURA HALGREN
25 ON GENUINE COURT BUSINESS RECORDS AND US MARSHALL'S
26 SERVICE BUSINESS RECORDS. SEE CODE. CIV. PROC. § 2033.280; CODE
27 CIV. PROC. § 2031.010; § CODE CIV. PROC. § 2031.020; CODE CIV. PROC. § 2032.
28 250. CODE CIV. PROC. § 2017.010



E.W.BURTON #F02720 IN PROPER
PO. BOX 5246 SATF/SP-II CELL 132B
CORCORAN, CA. 93212

# CONTENTION

EMOTION GROUNDS 5 VIOLATION OF THE U.S. CONSTITUTION 14TH AMENDMENT BOTH

DUE PROCESS AND EQUAL PROTECTION CLAUSES FOR PROSECUTIONS
(ACCUSATIONAL DELAY, DENIAL OF RIGHT TO $ SPEEDY TRIAL )
DELAY AND CHANGING BEFORE ACCUSATION, DENIAL OF RIGHT TO
CHARGING INDICTMENT
NOTICE AND SPEEDY TRIAL RIGHT BY ARRAINING DEFENDANT ON AN

AMENDED COMPLAINT ON THE DAY OF TRIAL TO GAIN AN UNFAIR

TACTICAL ADVANTAGE OVER PETITIONER.

STATEMENT OF FACTS ON JUNE 16 05, PETITIONERS ATTORNEY

ADAIR WAS PRESENT IN COURT FOR REARRAIGNMENT, PETITIONER WAS

DENIED HIS FEDERALLY GUARANTEED 14TH AMENDMENT DUE PROCESS AND

EQUAL PROTECTION CLAUSE RIGHT TO BE PRESENT TO DEFEND AND

TESTIFY AND DENIED HIS RIGHT TO NOTICE - PETIONER ARRAIGNED DAY OF TRIAL 7-1905

ARGUMENT →

UNDER FEDERAL CONSTITUTION

SEE THE BARKER FACTORS - BARKER V. WINGO (1972) 407 U.S. 514, 92 SCT.

2182, 33 L.ed.2d 101, TEXT, p.423 FEDERAL BALANCING TEST

SEE ALSO PEOPLE V. ANDERSON (2001) 25 C. 4TH 543, 603, 604, 106 C.R. 2d

575, 22 P.3d 347 [ DEFENDANT ASSERTION OF SPEEDY TRIAL RIGHT

(THIRD BARKER FACTOR) IS "ENTITLED TO STRONG EVIDENTIARY WEIGHT"

ON ISSUE WHETHER DEFENDANT IS BEING DEPRIVED OF THAT RIGHT

BECAUSE "[T]HE MORE SERIOUS THE DEPRIVATION, THE MORE LIKELY A

DEFENDANT IS TO COMPLAIN". WEST KEY NUMBER DIGEST CRIM. LAW. 577.10(1)

AS QUOTED IN FARETTA V. CALIFORNIA CITE AS 95 S.CT. 2525 (1975) THIS COURT HAS

OFTEN RECOGNIZED THE CONSTITUTIONAL STATURE OF RIGHTS THAT,

THOUGH NOT LITERALLY EXPRESSED IN THE DOCUMENT, ARE ESSENTIAL

TO DUE PROCESS OF LAW IN A FAIR ADVERSARY PROCESS. IT IS NOW

ACCEPTED, FOR EXAMPLE, THAT AN ACCUSED HAS A RIGHT TO BE

PRESENT AT ALL STAGES OF THE TRIAL WHERE HIS ABSENCE

(21)

1  MIGHT FRUSTRATE THE FAIRNESS OF THE PROCEEDINGS, SNYDER V.

2  MASSACHUSETTS, 291 U.S. 97, 54 S. CT. 330, 78 L.Ed. 674; TO TESTIFY ON

3  HIS OWN BEHALF, SEE HARRIS V. NEW YORK, 401 U.S. 222, 225, 91 S. CT. 643,

4  645, 28 L.Ed. 2d 1; BROOKS V. TENNESEE, 406 U.S. 605, 612, 92 S. CT. 1891, 1895, 32

5  L.Ed. 2d 358; cf. FERGUSON V. GEORGIA, 365 U.S. 570, 81 S. CT. 756, 5 L.Ed. 2d

6  783 AND TO BE CONVICTED ONLY IF HIS GUILT IS PROVED BEYOND A

7  REASONABLE DOUBT, IN re WINSHIP, 397 U.S. 358, 90 S. CT. 1068, 25 L.Ed. 2d 368;

8  MULLANEY V. WILBUR, 421 U.S. 684, 95 S. CT. 1881, 44 L.Ed. 2d 508.

9  BECAUSE THESE RIGHTS ARE BASIC TO OUR ADVERSARY SYSTEM OF CRIMINAL

10 JUSTICE, THEY ARE PART OF THE "DUE PROCESS OF LAW" THAT IS GUARANTEED

11 BY THE FOURTEENTH AMENDMENT TO DEFENDANTS IN THE CRIMINAL COURTS

12 OF THE STATES. THE RIGHTS TO NOTICE, CONFRONTATION, AND COMPULSORY

13 PROCESS, WHEN TAKEN TOGETHER, GUARANTEE THAT A CRIMINAL CHARGE

14 MAY BE ANSWERED IN A MANNER NOW CONSIDERED FUNDAMENTAL TO

15 THE FAIR ADMINISTRATION OF AMERICAN JUSTICE — THROUGH THE CALLING

16 AND INTERROGATION OF FAVORABLE WITNESSES, THE CROSS-EXAMINATION

17 OF ADVERSE WITNESSES, AND THE ORDERLY INTRODUCTION OF EVIDENCE.

18 IN SHORT, THE AMENDMENT CONSTITUTIONALIZES THE RIGHT IN AN ADVERSARY

19 CRIMINAL TRIAL TO MAKE A DEFENSE AS WE KNOW IT. SEE CALIFORNIA V.

20 GREEN, 399 U.S. 149, 176, 90 S. CT. 1930, 1944, 26 L.Ed. 2d 489 (HARLAN J.,

21 CONCURRING), THE SIXTH AMENDMENT DOES NOT PROVIDE MERELY THAT A

22 DEFENSE SHALL BE MADE FOR THE ACCUSED; IT GRANTS TO THE ACCUSED

23 PERSONALLY THE RIGHT TO MAKE HIS DEFENSE. IT IS THE ACCUSED, NOT

24 COUNSEL, WHO MUST BE "INFORMED OF THE NATURE AND CAUSE OF THE

25 ACCUSATION," WHO MUST BE "CONFRONTED WITH THE WITNESSES

26 AGAINST HIM," AND WHO MUST BE ACCORDED "COMPULSORY PROCESS

27 FOR OBTAINING WITNESSES IN HIS FAVOR". ALTHOUGH NOT STATED

28 IN THE AMENDMENT IN SO MANY WORDS, THE RIGHT TO SELF-REPRESENTATION-

29 TO MAKE ONE'S OWN DEFENSE PERSONALLY - IS THUS IMPLIED BY THE

ED BURTON #F02720 IN PROPER
P.O. BOX 5246 - C SATF/SP CI-132C
CORCORAN, CA. 98212

STRUCTURE OF THE AMENDMENT, THE RIGHT TO DEFEND IS GIVEN

DIRECTLY TO THE ACCUSED; FOR IT IS HE WHO SUFFERS THE CONSEQUENCES

IF THE DEFENSE FAILS, THE COUNSEL PROVISION SUPPLEMENTS HIS DESIGN.

IT SPEAKS OF THE "ASSISTANCE" OF COUNSEL, AND AN ASSISTANT, HOWEVER

EXPERT, IS STILL AN ASSISTANT. THE LANGUAGE AND SPIRIT OF THE SIXTH

AMENDMENT CONTEMPLATE THAT COUNSEL, LIKE THE OTHER DEFENSE TOOLS

GUARANTEED BY THE AMENDMENT, SHALL BE AN AID TO A WILLING DEFENDANT

— NOT AN ORGAN OF THE STATE INTERPOSED BETWEEN AN UNWILLING

DEFENDANT AND HIS RIGHT TO DEFEND HIMSELF PERSONALLY, TO THRUST

COUNSEL UPON THE ACCUSED, AGAINST HIS CONSIDERED WISH, THUS VIOLATES

THE LOGIC OF THE AMENDMENT, IN SUCH CASE, COUNSEL IS NOT AN

ASSISTANT, BUT A MASTER; AND THE RIGHT TO MAKE A DEFENSE IS STRIPPED

OF THE PERSONAL CHARACTER UPON WHICH THE AMENDMENT INSISTS,

AN UNWANTED COUNSEL "REPRESENTS" THE DEFENDANT ONLY THROUGH A

TENUOUS AND UNACCEPTABLE LEGAL FICTION. UNLESS THE ACCUSED

HAS ACQUIESCED IN SUCH REPRESENTATION, THE DEFENSE PRESENTED

IS NOT THE DEFENSE GUARANTEED HIM BY THE CONSTITUTION, FOR,

IN A VERY REAL SENSE, IT IS NOT HIS DEFENSE,    IN U.S. V. PLATTNER, 330 F.2d

271, THE COURT OF APPEALS FOR THE SECOND CIRCUIT EMPHASIZED THAT THE SIXTH

AMENDMENT GRANTS THE ACCUSED THE RIGHTS OF CONFRONTATION, OF

COMPULSORY PROCESS FOR WITNESSES IN HIS FAVOR, AND OF ASSISTANCE OF

COUNSEL AS MINIMUM PROCEDURAL REQUIREMENTS IN FEDERAL CRIMINAL

PROSECUTIONS, THE RIGHT TO THE ASSISTANCE OF COUNSEL, THE COURT

CONCLUDED, WAS INTENDED TO SUPPLEMENT THE OTHER RIGHTS OF THE

DEFENDANT, AND NOT TO IMPAIR "THE ABSOLUTE ANY PRIMARY RIGHT TO

CONDUCT ONE'S OWN DEFENSE IN PROPRIA PERSONA" Id, AT 274, THE

COURT FOUND SUPPORT FOR IT'S DECISION IN THE LANGUAGE OF THE 1789

FEDERAL STATUTES AND RULES GOVERNING CRIMINAL PROCEDURE, SEE

STATUTES - U.S.C. § 1654 AND FED. RULE CRIM. PROC. 44;

~~AND~~ IN THE MANY STATE CONSTITUTIONS THAT EXPRESSLY GUARANTEE

SELF-REPRESENTATION; AND IN THIS COURT'S RECOGNITION OF THE

RIGHT IN ADAMS AND PRICE, ON THE GROUNDS THE COURT OF APPEALS

HELD THAT IMPLICIT IN THE FIFTH AMENDMENT'S GUARANTEE OF DUE

PROCESS OF LAW, AND IMPLICIT ALSO IN THE SIXTH AMENDMENT'S

GUARANTEE OF A RIGHT TO THE ASSISTANCE OF COUNSEL, IS "THE RIGHT

OF THE ACCUSED PERSONALLY TO MANAGE AND CONDUCT HIS OWN

DEFENSE IN A CRIMINAL CASE," 330 F. 2d, AT 274. "IN ALL CRIMINAL

PROCECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT ... TO BE

INFORMED OF THE NATURE AND CAUSE OF THE ACCUSATION;

BURTON #F62730 IN PROPER
P.O. BOX 5246 - CSATF/SP CI-132L
CORCORAN, CA. 93212.

1. ARGUMENT
2. SEE FN ILLINOIS V. GREGORY FISHER. NO. 03.374 (2-23-2004)
3. CITE AS 124 S.CT. 1200 (2004) —
4. THE APPELLATE COURT REVERSED THE CONVICTION,
5. HOLDING THAT THE DUE PROCESS CLAUSE REQUIRED
6. DISMISSAL OF THE CHARGE RELYING ON THE ILLINOIS
7. SUPREME COURT'S DECISION IN ILLINOIS V. NEWBERRY 166
8. ILL. 2d, 310, 209 ILL DEC. 748, 652 N.E. 2d 288 (1995)
9. THE APPELLATE COURT REASONED:
10. WHERE EVIDENCE IS REQUESTED BY THE DEFENSE
11. IN A DISCOVERY MOTION, THE STATE IS ON NOTICE
12. THAT THE EVIDENCE MUST BE PRESERVED, AND THE
13. DEFENSE IS NOT REQUIRED TO MAKE AN INDEPENDANT
14. SHOWING THAT THE EVIDENCE HAS EXCULPATORY
15. VALUE IN ORDER TO ESTABLISH A DUE PROCESS
16. VIOLATION. IF THE STATE PROCEEDS TO DESTROY
17. THE EVIDENCE, APPROPRIATE SANCTIONS MAY
18. BE IMPOSED EVEN IF THE DESTRUCTION IS
19. INADVERTENT. NO SHOWING OF BAD FAITH IS
20. NECESSARY." APP. TO PET. FOR CERT. 12 (QUOTING
21. NEWBERRY, SUPRA, AT 317, 209 ILL. DEC. AT 752,
22. 652 N.E. 2d, AT 292) (CITATION OMITTED EMPHASIS)
23. THE APPELLATE COURT OBSERVED THAT NEWBERRY
24. DISTINGUISHED OUR DECISION IN YOUNGBLOOD ON THE GROUND
25. THAT THE POLICE IN YOUNGBLOOD DID NOT DESTROY EVIDENCE
26. SUBSEQUENT TO A DISCOVERY MOTION BY THE DEFENDANT.
27. APP. TO PET. FOR CERT. 13
28. CONSEQUENTLY, THE COURT CONCLUDED THAT RESPONDENT "WAS
29. DENIED DUE PROCESS WHEN HE WAS TRIED SUBSEQUENT TO
30. THE DESTRUCTION OF THE ALLEGED COCAINE." APP. TO PET. FOR CERT
31. 16. THE ILLINOIS SUPREME COURT DENIED LEAVE TO APPEAL,
32. THE ALLEGED INADVERTENT DESTRUCTION OF 911 TAPES
33. BY THE E.C. POLICE AFTER A FILED AND SERVED DEFENSE
34. MOTION FOR DISCOVERY VIOLATED PETITIONERS 14TH U.S. CONST
35. AMENDMENT DUE PROCESS AND EQUAL PROTECTION CLAUSES.

ARGUMENT:

PETITIONER HAVING NO PRIOR CONVICTION, AND AFTER BEING ACQUITED IN A CLOSE CASE OF COUNT 3 WITHOUT NOTICE AND WITHOUT PRIOR OPPORTUNITY TO CROSS EXAMINE AN UNDISCLOSED KIAH MINCEY AFTER A DISCOVERY MOTION HAD BEEN FILED PURSUANT TO BRADY V. MARYLAND SUPRA, THAT PROSECUTION FAILED TO RESPOND TO A DEFENSE MOTION FOR DISCOVERY, SUBSEQUENT TO TRIAL AND SENTENCING, DEFENDANT WAS TAKEN BY SURPRISE AND PREVENTED FROM RAISING ANY MOTIONS OR OBJECTIONS BY THE TRIAL JUDGE AND DEFENSE COUNSEL FAILED TO GIVE DEFENDANT NOTICE AND FAILED TO OBJECT PETITIONER RECEIVED A CUMULATIVE PENALTY WITHOUT BEING CHARGED OR PROVEN OF THE ALLEGATIONS, SEE KILBOURN V. STATE, 9 CONN. 560, 563, 1833 WL 68 (1833) AS QUOTED IN APPRENDI V. NEW JERSEY, 530 U.S. 466 - "NO PERSON OUGHT TO BE, OR CAN BE, SUBJECTED TO A CUMULATE PENALTY, WITHOUT BEING CHARGED WITH A CUMULATIVE OFFENCE" HINES V. STATE, 26 GA. 614, 616, 1859 WL 2241 (1859) (REVERSING ENHANCED SENTENCE IMPOSED BY TRIAL JUDGE AND EXPLAINING [T]HE QUESTION, WHETHER THE OFFENCE WAS A SECOND ONE, OR NOT, WAS A QUESTION FOR THE JURY... THE ALLEGATION [OF A PRIOR OFFENCE] IS CERTAINLY ONE OF THE FIRST IMPORTANCE TO THE ACCUSED FOR IF IT IS TRUE, HE BECOMES SUBJECT TO A GREATLY INCREASED PUNISHMENT"). ENACTMENT OF CRIME VICTIMS JUSTICE REFORM ACT DID NOT ALTER TRIAL COURT'S TASK OF WEIGHING

# TABLE OF AUTHORITIES CITED

CASES                                                          PAGE NUMBER

2348, 530 U.S. 466, APPRENDI V. NEW JERSEY, U.S., NJ (2000)

UPON GRANTING CERTIORARI, THE UNITED STATES SUPREME COURT
~~THERE WAS NO PRIOR CONVICTION OF DEFENDANT~~

JUSTICE STEVENS HELD THAT (1) OTHER "THAN FACT OF PRIOR CONVICTION
~~RELATED TO CRIMES CONVICTED OF~~

ANY FACT THAT INCREASES PENALTY FOR CRIME BEYOND PRESCRIBED

STATUTORY MAXIMUM MUST BE SUBMITTED TO JURY AND PROVED BEYOND

REASONABLE DOUBT AND (2) STATE HATE CRIME STATUTE WHICH

AUTHORIZED INCREASE IN MAXIMUM PRISON SENTENCE BASED

ON JUDGES FINDING BY PREPONDERANCE OF EVIDENCE THAT DEFENDANT

ACTED WITH PURPOSE TO INTIMIDATE VICTIM BASED ON PARTICULAR

CHARACTERISTICS OF VICTIM VIOLATED DUE PROCESS CLAUSE.

THE DEFENDANT MUST HAVE HEARD AND UNDERSTOOD THE ACCUSATION AND HE MUST HAVE HAD A NOTICE AND OPPORTUNITY TO DENY IT BEFORE THE
DEFENDANT'S SILENCE CAN BE USED AGAINST HIM SUCH AS ADMISSION.

## STATUTES AND RULES

U.S. CONSTITUTION AMENDMENT 14, U.S. CONST AMEND 4th 5th, 6th, 8th

U.S. V. AGURS (1976) 427 U.S. 97, 49 L ed 342, 96 S.ct. 2392.

~~CENTITU. UNITED STATES (1927)(CA7 WISC.) 22 F.2d 67, ADMISSIONS AS TO CHARACTER OF ~~SIGNATURE~~~~ ERROR EUB

~~MADE IN THE PRESENCE OF ACCUSED AND NOT DENIED OR CONTRADICTED AT H.....~~ ERROR EUB

GRIFFIN V. CALIFORNIA (1965) 380 U.S. 609, 14 L Ed 2d 106, 25 S ct 1229, MALLOY V. ........

CODE CIV. PROC. § 2033, 280 AS ADDED IN 2004 PROVIDE IN PART THAT, IF A PARTY
TO WHOM REQUEST FOR ADMISSION ARE DIRECTED FAILS TO SERVE A TIMELY
RESPONSE, THAT PARTY WAIVES ANY OBJECTION TO THE REQUEST UNLESS RELIEVED OF THIS WAIVER
BY THE COURT UNDER SPECIFIED CIRCUMSTANCES.

CODE CIV. PROC. § 2033. 280 AS ADDED IN 2004, PROVIDES IN PART THAT, THE PARTY REQUESTING

ADMISSIONS MAY MOVE FOR AN ORDER THAT THE GENUINENESS OF ANY DOCUMENTS AND THE
TRUTH OF ANY MATTERS SPECIFIED IN THE REQUESTS BE DEEMED ADMITTED AS WELL
~~FOR A MONETARY SANCTION THE COURT MUST MAKE THIS ORDER UNLESS IT FINDS THAT THE PARTY HAS PROPOSED~~ ERROR EUB

## OTHER

~~A RESPONSE THAT IS IN SUBSTANTIAL COMPLIANCE WITH STATUTORY REQUIREMENTS.~~ ERROR EUB

BREAK IN CUSTODY "THE NO RECONTACT RULE. EDWARDS V. ARIZONA (481) 451 U.S. 477, 101 S.Ct. 1830, 68 L.Ed. 2d 378 § 129

UNITED STATES V. CRONIC — (1984) 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d 657,
HOLLOWAY V. ARKANSAS SUPRA — CONFRONTATION CLAUSE (ALSO)
~~CUSTODY~~ ABSENCE OF COUNSEL

(5)

26

1  GOVERNMENTS CLAIMS OF PRIVILEGE AGAINST DEFENDANTS

2  CONSTITUTIONAL RIGHTS TO PRESENT DEFENSE IN CASES

3  INVOLVING REQUEST FOR DISCOVERY OF INFORMATION

4  OTHERWISE SUBJECT TO OFFICIAL INFORMATION PRIVILEGE.

5  U.S. CONST. AMEND 6; PEN CODE §§ 1054 et seq; EVID. CODE § 1040.

6  PEOPLE V. JACKSON 110 CAL APP 4TH 280, 1 CAL RPTR. 3d 561 (5TH DIST

7  2003). IN CONSIDERING THE ADMISSION OR REJECTION OF

8  HEARSAY EVIDENCE IN AN ADMINISTRATIVE HEARING THE GOVERNING

9  REGULATIONS OF THE ADMINISTRATIVE AGENCY INVOLVED AND APPLICABLE

10 STATUTES MUST BE APPLIED AND ENFORCED. JACOBOWITZ V. U.S. CT

11 CL 1970, 424 F. 2d 555, 191 Ct. Cl. 444 ADMINISTRATIVE LAW AND

12 PROCEDURE 461. ADMINISTRATIVE LAW JUDGES WRITTEN DECISION

13 DENYING MINOR BENIFITS FOR CHILDHOOD ASTHMA UNDER SUPPLE-

14 MENTAL SECURITY INSURANCE (SSI) PROGRAM FAILED TO IDENTIFY

15 WHAT EVIDENCE OR INFERENCE JUSTIFIED DETERMINATION THAT

16 MINORS ASTHMA WAS NOT SEVERE ENOUGH TO MEET

17 MEDICAL LISTING FOR CHILDHOOD ASTHMA, AND THUS,

18 REMAND WAS REQUIRED FOR EXPLANATION OF FINDINGS.

19 BROWN EX. REL. MC CURDY V. APFEL, C.A. 4 (NC) 2001, 11

20 FEP. APP X. 58, 2001 WL 305834, UNREPORTED. SOCIAL

21 SECURITY AND PUBLIC WELFARE ☞ 149

22 PUBLIC AGENCY'S VIOLATION OF PRIVACY ACT THROUGH SUPERVISORS

23 ACTIONS DURING INVESTIGATION INTO RUMOR REGARDING

24 UNAUTHORIZED TRIP TAKEN BY EMPLOYEE, IN WHICH SUPERVISORS

25 SOUGHT INFORMATION THROUGH THIRD PARTIES RATHER THAN

26 COLLECTING INFORMATION DIRECTLY FROM EMPLOYEE WAS

27 WILLFUL AND INTENTIONAL FOR PURPOSES OF DAMAGES WHERE

28 AGENCY AND IT'S TOP MANAGEMENT WERE AWARE THAT

27

1. THEY WERE SUBJECT TO ACT YET TOOK NO ACTION TO
2. INFORM OTHER EMPLOYEES OF THIS INFORMATION AND
3. MADE NO EFFORT TO EDUCATE OR INSTRUCT EMPLOYEES
4. ABOUT PROCEDURES AND SUBSTANCE OF ACT. DONG V. SMITH-
5. SONIAN INST. D.D.C. 1996, 943 F. SUPP. 69 RECORDS ∞ 31,
6. RECORD OF INVESTIGATION (ROI) OF AUTOMOBILE ACCIDENT,
7. WHICH OCCURED IN GERMANY, INVOLVING MILITARY
8. DEPENDENT AND GERMAN CITIZEN WHO DIED AS A RES-
9. ULT OF ACCIDENT, CONTAINED INFORMATION THAT WAS NOT
10. SUFFICIENTLY ACCURATE OR COMPLETE SO AS TO ENSURE
11. IT'S FAIRNESS TO DEPENDENT, AS WOULD SUPPORT AMEND-
12. MENT OF ROI PURSUANT TO PRIVACY ACT; ROI'S SUBJECT
13. BLOCK CONTAINED DEPENDENT'S FULL NAME, BIRTH DATE,
14. ADDRESS, AND NOTATIONS "FATAL TRAFFIC ACCIDENT" AND
15. NEGLIGENT HOMOCIDE" WITHOUT FURTHER EXPLANATION
16. THAT DEPENDENT WAS NEVER FOUND GUILTY OF THE OFFENS
17. AND SUCH INFORMATION WAS SUBJECT TO DISSEMINATION.
18. HOLZ V. WESTPHAL, D.D.C. 2002, 217 F. SUPP. 2d 50.
19. RECORD ∞ 31; ARMY'S REPORT OF INVESTIGATION (ROI) OF
20. MILITARY DEPENDENT FOLLOWING MOTOR VEHICLE ACCIDENT IN WHICH
21. 18 YEAR-OLD DEPENENT WAS DRIVER AND GERMAN CITIZEN WAS
22. KILLED WAS NOT CONNECTED TO POSSIBLE SECURITY RISK
23. OR VIOLATION OF FEDERAL LAW, AS WOULD SUPPORT ARMY'S
24. DENIAL OF DEPENDANT'S REQUEST FOR AMENDMENT OF RECORD TO
25. ELIMINATE HIS NAME; THE ROI ITSELF EXPRESSLY ACKNOWLEDGED
26. THAT THE CRIMINAL INVESTIGATION DIVISIONS (CID) LACKED AUTHOR-
27. ITY TO INVESTIGATE THE ACCIDENT, AS DEPENDENT WAS CIVILIAN
28. AND NO FEDERAL CRIMINAL STATUTES WERE VIOLATED. HOLZ V. WE-
29. STPHAL, D.D.C 2002, 217 F. SUPP. 2d 50 ARMED SERVICES ∞ 4
30.

ARGUMENT

SEE HOLMES V. SOUTH CAROLINA (2006) 126 S.ct 1727, 540 U.S. 319, 164 L.Ed.2d.503, 74 USLW 4221 HOLDING THE UNITED STATES SUPREME COURT JUSTICE ALITO, HELD THAT EXCLUSION OF DEFENSE EVIDENCE THIRD PARTY GUILT DENIED DEFENANT OF A FAIR TRIAL ABROGATING STATE V. GAY, 343 S.C. 543, 541 S.E.2d 541 VACATED AND REMANDED

/ WHILE PRIOR (ALLEGED) OFFENCE EVIDENCE MAY IN A PROPER CASE BE ADMISSIBLE FOR IMPEACHMENT EVEN IF FOR NO OTHER PURPOSE, THERE WAS NO JUSTIFICATION FOR ADMITTING EVIDENCE FOR IMPEACHMENT PURPOSES AND CONSEQUENTLY NO BASIS FOR DISTRICT COURT'S SUGGESTION THAT JURORS COULD CONSIDER THE (ALLEGED) PRIOR CONVICTION AS IMPEACHMENT EVIDENCE WHERE DEFENDANT DID NOT TESTIFY AT TRIAL. FED. RULES EVID. RULE 609, 28 U.S.CA. CRIMINAL LAW K 309.1; MOST TELLING OF MONGE's DISTANCE FROM THE ISSUE AT STAKE IN THIS CASE IS THAT THE DOUBLE JEOPARDY QUESTION IN MONGE AROUSE BECAUSE THE STATE HAD FAILED TO SATISFY IT'S OWN STATUTORY BURDEN OF PROVING BEYOND A REASONABLE DOUBT THAT THE DEFENDANT HAD COMMITTED A (ALLEGED) PRIOR OFFENSE (AND WAS THEREFORE SUBJECT TO AN ENHANCED, RECIDIVISM-BASED SENTENCE) 524 U.S. AT 725, 118 S.ct. 2246 ("ACCORDING TO CALIFORNIA LAW, A NUMBER OF PROCEDURAL SAFEGUARDS SURROUND THE ASSESSMENT OF PRIOR CONVICTION ALLEGATIONS: DEFENDANTS MAY INVOKE THE RIGHT TO A JURY TRIAL...; THE PROSECUTION MUST PROVE THE ALLEGATIONS BEYOND A REASONABLE DOUBT, AND THE RULES OF EVIDENCE APPLY") § CODE CIV.PROC.§ 2031.010

ERIC W. BURTON #F02720 INPROPER
Case 3:08-cv-00335-AJB-PDR Document 1-13 Filed 02/19/2008 Page 32 of 32
CORCORAN CA 93212    Memorandum a Points of authorities
an

ARGUMENT

STATEMENT OF FACTS INPROPER IN SUPPORT OF GROUNDS VIOLATION OF

U.S. CONST AMENDMENTS 5TH AND 14TH DUE PROCESS AND EQUAL PROTECTION

CLAUSES PURSUANT TO U.S.V. AGURS (1976) 427 U.S, 97, 49 L.Ed.2d 342, 96 S.Ct.

2392 FOR PROSECUTIONS FAILURE TO DISCLOSE MATERIAL EXCULPATORY EVIDENCE AND SUPPRESSION

ARGUMENT

UNDER PROPOSITION 115, CRIMINAL DISCOVERY IN

CALIFORNIA IS NOW GOVERNED BY STATUTE RATHER

THAN JUDICIAL POLICY. WITH THE EXCEPTION OF

EVIDENCE THAT TENDS TO EXCULPATE A DEFENDANT

OR REDUCE PENALTY,

WITH THE ADOPTION OF THE CRIME VICTIMS JUSTICE REFORM

ACT IS NOW GOVERNED BY CONSTITUTIONAL AND STATUTORY

ENACTMENT,

PROPOSITION 115 ALSO ADDED A CHAPTER TO THE PENAL CODE

SETTING FORTH BOTH SUBSTANTIVE AND PROCEDURAL RULES FOR

DISCOVERY, ONE OF THE STATED PURPOSES OF THIS CHAPTER IS,

"OR AS MANDATED BY THE CONSTITUTION OF THE UNITED STATES".

THE U.S. SUPREME COURT HAS EMPHASIZED THAT EVEN AFTER

AEDPA FEDERAL COURTS HAVE AN INDEPENDENT

RESPONSIBILITY TO INTERPRET FEDERAL LAW- WILLIAMS V.

TAYLOR (2000) 529 U.S. 362. [120 S.Ct. 1495; 146 L.Ed.2d 389]

IN U.S.V. AGURS (1976) 427 U.S. 97, 49 L.Ed 2d 342, 96 S.Ct.

2392, THE SUPREME COURT STATED THAT FIFTH AND FOURTEENTH

AMENDMENT DUE PROCESS CLAUSES REQUIRE THAT THE SCOPE

AND DUTY OF THE PROSECUTOR BE EXPANDED