MR. E. W. BURTON #F02720 IMPROPER
P.O. BOX 5246 - CSATF/SP-C1-132L
CORCORAN, CA. 93212

TABLE OF CONTENTS – MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF GROUNDS 6 – ABSENCE OF COUNSEL 14TH AMEND. U.S. CONST. DUE PROCESS AND EQUAL PROTECTION VIOLATIONS, PAGES 1-7

MR. E.W. BURTON #F02720 IN PROPER.
P.O. BOX
CORCORAN, CA. 93212

MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF GROUNDS 6 - ABSENCE OF COUNSEL, VIOLATION OF 14TH U.S. CONST. AMEND, DUE PROCESS AND EQUAL PROTECTION CLAUSES.

1. STATEMENT OF CASE - DURING THE 1538.5 HEARING AROX 1-28-05 COUNSEL ADAIR WAS
2. ASLEEP AND UNPREPARED FOR HEARING, MISTATED FACTS IN MOTION BY FALSELY INFORMING
3. COURT OF PETITIONERS TESTIMONY - COUNSEL WAS ABSENT AT TRIAL SEATED WITH THE JURY MAKING CONSUL-
4. TATION IMPOSSIBLE - JURORS COMPLAINED TO TRIAL JUDGE. ARGUMENT.
5. THE SIXTH AND FOURTEENTH AMENDMENTS GUARANTEE A
6. PERSON ACCUSED OF A CRIME THE RIGHT TO THE AID OF
7. A LAWYER IN PREPARING AND PRESENTING HIS DEFENSE,
8. IT HAS LONG BEEN SETTLED THAT "THE RIGHT TO
9. COUNSEL IS THE RIGHT TO THE EFFECTIVE ASSISTANCE
10. OF COUNSEL" MCMANN V. RICHARDSON, 397 U.S. 759, 771, N.14, 90 S.
11. CT. 1441, N.14, 25 L.Ed.2d 763 (1970).
12. JAVOR V. UNITED STATES, 724 F.2d 831, 834 (CA9 1984) ("PREJUDICE
13. IS INHERENT IN THIS CASE BECAUSE UNCONSCIOUS OR SLEEPING
14. COUNSEL IS EQUIVALENT TO NO COUNSEL AT ALL").
15. INDEED, COUNSEL'S INCOMPETENCE CAN BE SO SERIOUS
16. THAT IT RISES TO THE LEVEL OF A CONSTRUCTIVE DENIAL
17. OF COUNSEL WHICH CAN CONSTITUTE CONSTITUTIONAL ERROR
18. WITHOUT ANY SHOWING OF PREJUDICE. SEE CRONIC, 466 U.S. AT
19. 659-660, 104 S.CT. AT 2047. SEE CF, e.g. MOORE V. UNITED STATES, 432 F.2d 730, 736
20. (CA3 1970) ("DEFINING THE CONSTITUTIONALLY REQUIRED LEVEL OF PERFORMANCE
21. AS "THE EXERCISE OF THE CUSTOMARY SKILL AND KNOWLEDGE WHICH
22. NORMALLY PREVAILS AT THE TIME AND PLACE"). THUS AN INQUIRY INTO A
23. CLAIM OF HARMLESS ERROR HERE WOULD REQUIRE, UNLIKE MOST CASES, UNGUIDED
24. SPECULATION." HOLLOWAY V. ARKANSAS, 435 U.S. 475, 490-491, 98 S.CT. 1173, 1181-1182, 55 L.Ed.2d
25. 426 (1978) (EMPHASIS IN ORIGINAL). IF THE DEFENDANT CAN ESTABLISH A SIGNIFICANT
26. CHANCE THAT THE OUTCOME WOULD HAVE BEEN DIFFERENT, HE SURELY SHOULD BE
27. ENTITLED TO A REDETERMINATION OF HIS FATE. CF. UNITED STATES V. AGURS, 427
28. U.S. 97, 121-122, 96 S.CT. 2392, 2405-2406, 49 L.Ed.2d 342 (1976) (MARSHALL J., DISSENTING.)

①

MR. E.W. BURTON #F02720 IN PROPER
P.O. BOX 5246 (SNIPP-C/B/32L)
COR CORAN, CA. 93212

MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF GROUND 6. - ABSENCE OF COUNSEL IN VIOLATION OF 14TH AMENDMENT DUE PROCESS + EQUAL PROTECTION CLAUSE, 6TH AMEND ~~DUE PROCESS AND EQUAL PROTECTION CLAUSES~~

ARGUMENT.

SEE U.S. V. CRONIC (1984) 466 US 648, 104 S.Ct. 2039, 80 L.Ed.2d 657

SEE ALSO PEOPLE V. ZAMMORA 66 CAL. APP. 2d 166, 234-37, 152 P.2d 180, 211-15 (1944) (COUNSEL AND DEFENDANTS SEATED SEPARATELY, MAKING CONSULTATION IMPOSSIBLE); STATE V KELLER, 57 N.D. 645, 223 N.W. 698, 64 A.L.R. 434 (1929) (COUNSEL INTOXICATED TO SUCH AN EXTENT THAT HE DID NOT KNOW WHAT WAS TRANSPIRING AT ALL TIMES IN THE COURT ROOM). THE PREJUDICE INHERENT IN JAVOR'S COUNSEL'S ACTION IS WELL ILLUSTRATED BY CONSIDERING THE ONGOING CONSULTATION ORDINARILY REQUIRED IN THE COURSE OF A CRIMINAL TRIAL. GENERALLY AN ATTORNEY AND CLIENT NEED TO CONFER ABOUT THE TESTIMONY OR EVIDENCE ADDUCED AT TRIAL AND TOGETHER EVALUATE IT'S IMPACT. GEDERS V. U.S. 425 U.S. AT 88, 96 S.CT AT 335. TODAY WE CONCLUDE THAT WHEN AN ATTORNEY FOR A CRIMINAL DEFENDANT SLEEPS THROUGH A SUBSTANTIAL PORTION OF THE TRIAL, SUCH CONDUCT IS INHERENTLY PREJUDICIAL AND THUS NO SEPARATE SHOWING OF PREJUDICE IS NECESSARY. SEE HOLLOWAY V. ARKANSAS 435 U.S. 475, 489-91, 98 S.CT. 1173, 1181-82, 55 L.Ed.2d 426 (1978); CF. RINKER V. COUNTY OF NAPA, 724 F.2d 1352 AT 1354 (9TH CIR. 1983) PER CURIAM) JAVOR'S SIXTH AMENDMENT RIGHT TO COUNSEL WAS VIOLATED NOT BECAUSE OF SPECIFIC LEGAL ERRORS OR OMISSIONS INDICATING INCOMPETENCE BUT BECAUSE HE HAD "NO" LEGAL ASSISTANCE DURING A SUBSTANTIAL PORTION OF HIS TRIAL. THE MAGISTRATES FINDING OF NO ACTUAL PREJUDICE IS NOT CONTROLLING BECAUSE REGARDLESS OF COUNSEL'S PARTICIPATION WHEN PRESENT, WHEN A DEFENDANT IS TRIED IN THE PARTIAL ABSENCE OF COUNSEL, HE IS PREJUDICED AS A MATTER OF LAW. Id.

2

MR. E. W. BURTON #F02720 IN PROPER
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA, 93212

ARGUMENT

SEE JAVOR V. UNITED STATES CITE AS 724 F.2d 831 (1984) WHEN A DEFENDANT'S ATTORNEY IS ASLEEP DURING A SUBSTANTIAL PORTION OF HIS TRIAL, THE DEFENDANT HAS NOT RECEIVED THE LEGAL ASSISTANCE NECESSARY TO DEFEND HIS INTERESTS AT TRIAL. IN JAVORS CASE, HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED IN THAT HE HAD "NO" ASSISTANCE DURING A SUBSTANTIAL PORTION OF HIS TRIAL. AS THE COURT REALIZED IN COOPER V. FITZHARRIS, 586 F.2d AT 1332 (QUOTING HOLLOWAY V. ARKANSAS, 435 U.S. AT 490, 491, 98 S.Ct. AT 1181, 1182) BY CONTRAST WHEN THERE IS AN ABSENCE OF COUNSEL, THE EVIL LIES IN WHAT THE ATTORNEY DOES NOT DO, AND IS EITHER NOT READILY APPARENT ON THE RECORD, OR OCCURS AT A TIME WHEN NO RECORD IS MADE" Id (CITING HOLLOWAY V. ARKANSAS, 435 U.S. AT 491, 98 S.Ct AT 1182), AN INQUIRY INTO THE QUESTION OF PREJUDICE WOULD REQUIRE "UNGUIDED SPECULATION" AND WOULD NOT BE SUSCEPTIBLE TO INTELLIGENT EVEN HANDED APPLICATION BECAUSE AN ATTORNEY'S ABSENCE PREJUDICES A DEFENDANT MORE BY WHAT WAS NOT DONE THAN BY WHAT WAS DONE. PREJUDICE IS INHERENT IN THIS CASE BECAUSE UNCONSCIOUS OR SLEEPING COUNSEL IS EQUIVALENT TO NO COUNSEL AT ALL. THE MERE PHYSICAL PRESENCE OF AN ATTORNEY DOES NOT FULFILL THE SIXTH AMENDMENT ENTITLEMENT TO THE ASSISTANCE OF COUNSEL, HOLLOWAY V. ARKANSAS, 435 U.S. AT 489, 98 S.Ct AT 1181, PARTICULARLY WHEN THE CLIENT CANNOT CONSULT WITH HIS OR HER ATTORNEY OR RECEIVE INFORMED GUIDANCE FROM HIM OR HER DURING THE COURSE OF THE TRIAL. GEDERS V. UNITED STATES 425 U.S. 80, 88-89, 96 S.Ct. 1330, 1335-1336, 47 L.Ed.2d 592 (1976) CRIMINAL LAW 641.13(1); CRIMINAL LAW 641.1

3

MR. E.W. BURTON #F02720 IN PROPER
P.O. BOX 5246 C5N8/SP C1-132L
COR CORAN, CA 93212

3  SEE UNITED STATES V. CRONIC, 466 U.S., AT 659, AND N.25, 104 S.CT., AT
4  2046-2047, AND N.25. PREJUDICE IN THESE CIRCUMSTANCES IS
5  SO LIKELY THAT CASE-BY-CASE INQUIRY INTO PREJUDICE
6  IS NOT WORTH THE COST. 466 U.S, AT 659, 104 S.Ct., AT 2047.
7  SEE JAVOR V. UNITED STATES, 724 F.2d 831, 834 (CA9 1984) ("PREJUDICE
8  IS INHERENT IN THIS CASE BECAUSE UNCONSCIOUS OR SLEEPING
9  COUNSEL IS EQUIVALENT TO NO COUNSEL AT ALL").
10 THE SIXTH AND FOURTEENTH AMENDMENTS GUARANTEE A PERSON
11 ACCUSED OF A CRIME THE RIGHT TO THE AID OF A LAWYER
12 IN PREPARING AND PRESENTING HIS DEFENSE. IT HAS
13 LONG BEEN SETTLED THAT "THE RIGHT TO COUNSEL IS
14 THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL".
15 McMANN V. RICHARDSON, 397 U.S. 759, 771, N.14 90 S.Ct. 1441, N.14,
16 25 L.Ed.2d 763 (1970). INDEED, COUNSEL'S INCOMPETENCE
17 CAN BE SO SERIOUS THAT IT RISES TO THE LEVEL OF A CONSTRUCTIVE
18 DENIAL OF COUNSEL WHICH CAN CONSTITUTE CONSTITUTIONAL ERROR
19 WITHOUT ANY SHOWING OF PREJUDICE. SEE CRONIC, 466 U.S. AT 659-660, 104
20 S.Ct. AT 2047. SEE CF. eg. MOORE V. U.S., 432 F.2d 730, 736 (CA3 1970) (DEFINING
21 THE CONSTITUTIONALLY REQUIRED LEVEL OF PERFORMANCE AS "THE EXERCISE
22 OF THE CUSTOMARY SKILL AND KNOWLEDGE WHICH NORMALLY PREVAILS
23 AT THE TIME AND PLACE"). THUS AN INQUIRY INTO A CLAIM OF HARMLESS
24 ERROR HERE WOULD REQUIRE, UNLIKE MOST CASES, "UNGUIDED SPECULATION".
25 HOLLOWAY V. ARKANSAS, 435 U.S. 475, 490-491, 98 S.Ct 1173, 1181-1182, 55 L.Ed.2d 426 (1978)
26 (EMPHASIS IN ORIGINAL) IF THE DEFENDANT CAN ESTABLISH A SIGNIFICANT CHANCE THAT
27 THE OUTCOME WOULD HAVE BEEN DIFFERENT, HE SURELY SHOULD BE ENTITLED TO
28 A REDETERMINATION OF HIS FATE. Cf. U.S. V. AGURS, 427 U.S. 97, 121-122 96 S.Ct 2392, 2405-2406 49 L.Ed.2d
29 342 (1976) (MARSHALL J. DISSENTING.)

4

E.W. BURTON # F02730
P.O. BOX 5246 - CSATF/SP-C1-132L
CORCORAN, CA. 93212

1. ARGUMENT - GENERALLY AN ATTORNEY AND CLIENT NEED TO CONFER ABOUT
2. THE TESTIMONY OR EVIDENCE ADDUCED AT TRIAL AND TOGETHER
3. EVALUATE IT'S IMPACT. GEDERS V. U.S. 425, U.S. AT 88, 96 S.Ct. AT 335;
4. PEOPLE V. ZAMMORA, 66 CAL APP.2d AT 234, 152 P.2d AT 214-15. MOREOVER
5. A TRIAL ATTORNEY MUST BE PRESENT AND ATTENTIVE IN ORDER TO
6. ADEQUATELY TEST THE CREDIBILITY OF WITNESSES ON CROSS-EXAM-
7. INATION A MATTER OF CONSTITUTIONAL IMPORTANCE, U.S. CONST. AMEND.
8. VI (CONFRONTATION CLAUSE) SEE CHAMBERS V. MISSISSIPPI, 410 U.S. 284,
9. 294-95, 93 S.Ct. 1038, 1045-46, 35 L.Ed.2d 297 (1973); U.S. V. TUCKER,
10. 716 F.2d 576, 585-86 (9TH CIR. 1983); PEOPLE V. MANSON, 61 CAL. APP.3d 102,
11. 197-201, 132 CAL RPTR, 265, 323-27 (1976) CERT. DENIED 430 U.S. 986, 97
12. S.Ct. 1686, 52 L.Ed.2d 382 (1977); WHITE V. STATE, 414 N.E.2d 973, 975-
13. 76 (IND. APP 1981). TODAY WE CONCLUDE THAT WHEN AN ATTORNEY FOR A
14. CRIMINAL DEFENDANT SLEEPS THROUGH A SUBSTANTIAL PORTION OF THE
15. TRIAL, SUCH CONDUCT IS INHERENTLY PREJUDICIAL AND THUS NO
16. SEPARATE SHOWING OF PREJUDICE IS NECESSARY. SEE HOLLOWAY V.
17. ARKANSAS, 435 U.S. 475, 489-91, 98 S.Ct. 1173, 1181, 82, 55 L.Ed.2d
18. 426 (1978) cf RINKER V. COUNTY OF NAPA, 724 F.2d 1352 AT 1354 (9TH
19. CIR. 1983) (PER CURIAM) FAVORS SIXTH AMENDMENT RIGHT TO COUNSEL
20. WAS VIOLATED NOT BECAUSE OF SPECIFIC LEGAL ERRORS OR OMISSIONS
21. INDICATING INCOMPETENCE, BUT BECAUSE HE HAD "NO" LEGAL
22. ASSISTANCE DURING A SUBSTANTIAL PORTION OF HIS TRIAL. WHEN
23. A DEFENDANT IS TRIED IN THE PARTIAL ABSENCE OF COUNSEL, HE
24. IS PREJUDICED AS A MATTER OF LAW.

5

MR. E. W. BURTON # F02720 IN PROPER
P.O. BOX 5246
CORCORAN, CA. 93212

ARGUMENT

AS QUOTED IN FARETTA V. CALIFORNIA SUPRA. CITE AS 95 S.Ct. 2525 (1975) 2532, 422 U.S. 816 [2,3] THE SIXTH AMENDMENT INCLUDES A COMPACT STATEMENT OF THE RIGHTS NECESSARY TO A FULL DEFENSE. "IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT... TO BE INFORMED OF THE NATURE AND CAUSE OF THE ACCUSATION; TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM; TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR, AND TO HAVE THE ASSISTANCE OF COUNSEL FOR HIS DEFENCE." BECAUSE THESE RIGHTS ARE BASIC TO OUR ADVERSARY SYSTEM OF CRIMINAL JUSTICE, THEY ARE PART OF THE "DUE PROCESS OF LAW" THAT IS GUARANTEED BY THE FOURTEENTH AMENDMENT TO DEFENDANTS IN THE CRIMINAL COURTS OF THE STATES, THE RIGHT TO NOTICE, CONFRONTATION, AND COMPULSORY PROCESS, WHEN TAKEN TOGETHER, GUARANTEE THAT A CRIMINAL CHARGE MAY BE ANSWERED IN A MANNER NOW CONSIDERED FUNDAMENTAL TO THE FAIR ADMINISTRATION OF AMERICAN JUSTICE - THROUGH THE CALLING AND INTERROGATION OF FAVORABLE WITNESSES, THE CROSS-EXAMINATION OF ADVERSE WITNESSES, AND THE ORDERLY INTRODUCTION OF EVIDENCE. IN SHORT, THE AMENDMENT CONSTITUTIONALIZES THE RIGHT IN AN ADVERSARY CRIMINAL TRIAL TO MAKE A DEFENSE AS WE KNOW IT. SEE CALIFORNIA V. GREEN, 399, U.S. 149, 176, 90 S.Ct. 1930, 1944, 26 L.Ed.2d 489 (HARLAN, J. CONCURRING)

[4-6] THE SIXTH AMENDMENT DOES NOT PROVIDE MERELY THAT A DEFENSE SHALL BE MADE FOR THE ACCUSED; IT GRANTS TO THE ACCUSED PERSONALLY THE RIGHT TO MAKE HIS DEFENSE. IT IS THE ACCUSED, NOT COUNSEL, WHO MUST BE "INFORMED OF THE NATURE AND CAUSE OF THE ACCUSATION," WHO MUST BE CONFRONTED WITH THE WITNESSES AGAINST HIM," AND WHO MUST BE ACCORDED "COMPULSORY PROCESS

MR. E.W. BURTON #F02720 IN PRO PER
P.O. BOX 5246 CSATF/SP-C1-132
COR CORAN, CA. 93212

1. FOR OBTAINING WITNESSES IN HIS FAVOR," ALTHOUGH NOT STATED IN
2. THE AMENDMENT IN SO MANY WORDS, THE RIGHT TO SELF REPRESENTATION-
3. TO MAKE ONE'S OWN DEFENSE PERSONALLY- IS THUS NECESSARILY
4. IMPLIED BY THE STRUCTURE OF THE AMENDMENT. THE RIGHT TO DEFEND
5. IS GIVEN DIRECTLY TO THE ACCUSED; FOR IT IS HE WHO SUFFERS THE
6. CONSEQUENCES IF THE DEFENSE FAILS.
7.   A PER SE REVERSAL OF PETITIONERS CONVICTION AND
8. SENTENCING, AS HE DID NOT RECEIVE THE ASSISTANCE OF
9. COUNSEL AS GUARANTEED BY THE CONSTITUTION OF THE
10. UNITED STATES AS IT INTENDED.

7.