E.W. BURTON #F02720 P.O.BOX 5246 CSATF/SPC1-132L IN PRO PER
CORCORAN, CA 93212

## TABLE OF CONTENTS

MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF GROUND 5, PAGES 1-5

ERIC W. BURTON #F02720
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA-93212

**MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF GROUNDS 5, POLICE/PROSECUTION**

1. DUE PROCESS VIOLATION AND 14TH EQUAL PROTECTION CLAUSES, FOR
2. AN ALLEGED INADVERTENT DESTRUCTION OF THE 911 TAPES,
3. PROVING PETITIONER'S INNOCENCE, AFTER DEFENSE HAD
4. FILED A DISCOVERY MOTION, THAT WAS SERVED ON PROSECUTION
5. APPROXIMATELY 7-30-04, THAT WAS NEVER HEARD –
6. STATEMENT OF FACTS
7. POLICE DESTROYED THE 911 TAPES THAT PROVED
8. PETITIONERS INNOCENSE SUBSEQUENT TO DEFENSE
9. FILING AND SERVICE OF A MOTION FOR DISCOVERY.
10. THIS ARGUMENT IS IN SUPPORT OF THE FACTS
11. PREVIOUSLY STATED IN GROUNDS 5 (LOSS AND DESTRUCTION OF
12. THE DEFENSE REQUESTED 911 TAPES OF 19 MARCH 04, ON OR
13. ABOUT THE TIME OF PETITIONER'S UNCONSTITUTIONAL SEIZURE,
14. ARREST AND PROLONGED DETENTION, AS WELL AS THE INTRUSIVE
15. WARRANTLESS, SEARCH, AND SEIZURE OF HIS PERSON, HOME, EVIDENCE, AND
16. HIS VEHICLE PARKED ON THE CURTILAGE OF HIS HOME, AND THE
17. WARRANTLESS SEARCH OF HIS VEHICLE, THE VEHICLES
18. GLOVEBOX AND THE SEARCH AND SEIZURE OF A LOCKED
19. ZIPPERED POUCH CONTAINING HIS PERSONAL PAPERS IN
20. VIOLATION OF HIS 14TH U.S. CONST. FEDERALLY GUARANTEED DUE
21. PROCESS AND EQUAL PROTECTION CLAUSES IN HIS REASONABLE
22. EXPECTATION OF PRIVACY. SEE, KATZ V. US, 389 U.S. 347, 360,
23. 88 S.CT 507, 19 L.Ed 576 (1967); TERRY V. OHIO 392 US AT 32-33, 88 S.Ct.,
24. AT 1885-1886; FLORIDA V. ROYER CITE AS 103. SCT 1319 (1983) DUNAWAY V. NEW YORK
25. 422, U.S. 200, 216-219, 99 S.CT. 2248, 2258-2260, 60 L.Ed. 2d 824 (1979); CHIMEL
26. V. CALIFORNIA, SUPRA                                   , U.S. BRIGONI-PONCE 422
27. U.S. 873, 881-882, 95 S.CT. 2574, 2580-2581, 45 L.Ed. 2d 607 (1975); ADAMS V. WILLIAMS
28. 407 U.S. AT 146, 92. S.CT. AT 1983 SEE ANTE AT 1325-1326; MIRANDA V. ARIZONA 384, U.S

MR. [illegible] IN PROPER
P.O. BOX 5246 CSATF/SP-C1-132L
CORCORAN, CA. 93212

1. 436, 86 S.CT. 1602, 16 L.ED.2d 694 (1966); EDWARD v. ARIZONA CITE AS 101 S.CT. 1880
2. (1981); MAPP v. OHIO, 367 U.S. 643, 81 S.CT. 1684, 6 L.Ed.2d 1081 (1961).
3. SEE ARREST-63.4(3); ARREST 63.4(5); ARREST 63.5(5).
4.
5. ARGUMENT - IN ILLINOIS V. FISHER CITE AS 124 S.CT. 1200 (2004)
6. THE APPELLATE COURT REVERSED THE CONVICTION, HOLDING THAT
7. THE DUE PROCESS CLAUSE REQUIRED DISMISSAL OF THE
8. CHARGE RELYING ON THE ILLINOIS SUPREME COURT'S
9. DECISION IN ILLINOIS V. NEWBERRY 166 ILL.2d, 310, 209
10. ILL.DEC 748, 652 N.E.2d 288.(1995) THE APPELLATE COURT
11. REASONED; WHERE EVIDENCE IS REQUESTED BY THE DEFENSE
12. IN A DISCOVERY MOTION THE STATE IS ON NOTICE THAT THE
13. EVIDENCE MUST BE PRESERVED, AND THE DEFENSE IS NOT
14. REQUIRED TO MAKE AN INDEPENDENT SHOWING THAT
15. THE EVIDENCE HAS EXCULPATORY VALUE IN ORDER
16. TO ESTABLISH A DUE PROCESS VIOLATION. IF THE STATE
17. PROCEEDS TO DESTROY THE EVIDENCE, APPROPRIATE
18. SANCTIONS MAY BE IMPOSED EVEN IF THE DESTRUCTION
19. IS INADVERTENT. NO SHOWING OF BAD FAITH IS NECESSARY."
20. APP. TO PET. FOR CERT. 12 (QUOTING NEWBERRY, SUPRA, AT 317,
21. 209 ILL.DEC. AT 752, 652 N.E.2d, AT 292 (CITATION OMITTED)
22. THE APPELLATE COURT OBSERVED THAT NEWBERRY DISTINGUISHED
23. OUR DECISION IN YOUNGBLOOD ON THE GROUND THAT THE POLICE
24. IN YOUNGBLOOD DID NOT DESTROY EVIDENCE SUBSEQUENT TO A
25. DISCOVERY MOTION BY THE DEFENDANT. APP. TO PET FOR CERT 13
26. CONSEQUENTLY, THE COURT CONCLUDED THAT RESPONDENT "WAS DENIED
27. DUE PROCESS WHEN HE WAS TRIED SUBSEQUENT TO THE DESTRUCTION OF
28. THE ALLEDGED COCAINE" APP. TO PET. FOR CERT 16. THE ILL. SUPREME COURT DENIED LEAVE TO APPEAL

(2.)

MR. E. W. BURTON #E02700
P.O. BOX 5246 CSATF/SP C1-132L
CORCORAN, CA. 93212

1. WHILE ACKNOWLEDGING THAT "THERE IS NOTHING IN THE RECORD
2. TO [540 U.S. 547] INDICATE THAT THE ALLEGED COCAINE WAS
3. DESTROYED IN BAD FAITH" ID, AT IS THE COURT FURTHER DETERMINED
4. THAT NEWBERRY DICTATED DISMISSAL BECAUSE, UNLIKE IN
5. YOUNGBLOOD, THE DESTROYED EVIDENCE PROVIDED RESPONDENTS
6. ONLY HOPE FOR EXONERATION," APP. TO PET. FOR CERT. 12 NO SHOWING
7. OF BAD FAITH IS NECESSARY." APP TO PET. FOR CERT. 12
8. –124 S.CT. 1202 – WE HAVE HELD THAT WHEN THE STATE
9. SUPPRESSES OR FAILS TO DISCLOSE MATERIAL EXCULPATORY
10. EVIDENCE THE GOOD OR BAD FAITH OF THE PROSECUTION
11. IS WITHHELD, SEE BRADY v. MARYLAND, 373 U.S. 83 S.CT. 1194,
12. 10 L.Ed.2d 215 (1963); U.S. V. AGURS 427 U.S. 97, 96 S.CT. 2392,
13. 49 L.Ed.2d 342 (1976). STATEMENT OF FACTS SEE EXHIBIT "A" PAGE 36,
14. RT. EXCERPT 200, LINES 11-14, 17, 19-22, ALSO 5-7. MR. ADAIR -- LAW ENFORCEMENT
15. AGENCIES. SAN DIEGO POLICE DEPARTMENT, I DON'T THINK, HAS RESPONDED.
16. THE COURT: ALL RIGHT! -- MOTION TO COMPEL DISCOVERY (16 MARCH 05) IS THERE
17. STILL ANY LURKING DISCOVERY ISSUES? MR. ADAIR -- FIRST OFF, -- AND IT
18. CAN'T BE RESOLVED. -- FIRST OFF, I'VE SENT A LETTER TO HER (MS. HANNAH)
19. REQUESTING CERTAIN ITEMS. MR. PLUMMER DID THE SAME, MR. PLUMMER
20. FILED A MOTION THAT WAS SERVED ON HER. -- DISCOVERY ISSUES WITH THE
21. PROSECUTOR. SEE EXHIBIT A, PAGE 37, RT. EXCERPT 201, LINES 9-12
22. THE COURT: AND THEN ANY OTHER PRETRIAL MOTIONS THAT YOU'VE BEEN
23. DISCUSSING OR HAVE AN ISSUE ABOUT, THAT YOU'RE AWARE OF? MR. ADAIR:
24. I THINK MR. BURTON HAS A NUMBER OF OTHER
25. SEE EXHIBIT "A", PAGE 35, RT. EXCERPT 199, LINES, 4, 5, 8, 9, 11, 16, 17, 25-28.
26. THE COURT: HE RAISED AN ISSUE ABOUT FALSE STATEMENTS ON THE RECORD. MR. ADAIR: I
27. THINK WHAT HE MAY BE REFERRING TO IS WHEN I WROTE UP A STATEMENT OF FACTS, HE
28. DISAGREED WITH IT AND FELT – HAS BEEN THAT THE STATEMENT OF FACTS HAS TO BE

3

MR. E.W. BURTON #F02720
P.O. BOX 5246-CSATF/SP-C4-132L
CORCORAN, CA. 93212

1. COMPLETELY ACCURATE AND DETAILED; OTHERWISE HE LOSES SOME RIGHTS CONCERNING-
2. --THE FACTS COME OUT IN THE HEARING ON THE MOTION. AND THAT'S BASICALLY
3. WHAT I TRIED TO DO IS FRAME THE ISSUE. THE COURT: IN YOUR PROFESSIONAL
4. JUDGEMENT, WHAT NEEDS TO BE DONE HAS BEEN DONE? MR. ADAIR: SOME OF THE
5. THINGS THAT COULD STILL BE DONE ARE GETTING DOCUMENTS, AND WE HAVE
6. ISSUED SUBPOENAS FOR THE (SEE EXHIBIT A, PAGE 36, RT EXCERPT 200 LINE 1) DOCUMENTS
7. ARGUMENT- AS THE EXCERPTS SHOWS. PETITIONER PRESERVED HIS
8. RIGHT TO RAISE THE ISSUE OF FAILURE OF PROSECUTION TO DISCLOSE
9. MATERIAL EXCULPATORY EVIDENCE, ON THE RECORD OF THE EXCERPTS
10. IT IS CLEAR THAT PROSECUTION REBUTTED ON RECORD IN ORDER
11. FOR PETITIONER TO PRESERVE HIS RIGHTS TO APPEAL HIS UNCONSTITUTIO-
12. NAL CONVICTION AND SENTENCE FOR THE TRIAL COURTS VIOLATION
13. OF HIS FEDERALLY GUARANTEED DUE PROCESS AND EQUAL PROTECTION
14. CLAUSES AND HIS CONSTITUTIONAL RIGHT TO DISCOVERY.
15. PETITIONER'S SUBSEQUENT, TRIAL, CONVICTION AND SENTENCING
16. ON AN UNCHARGED, UNPROVEN CRIME OF AN UNDISCLOSED KIAH
17. MINCEY, WAS WITHOUT NOTICE AS WELL. ALL SUBSEQUENT TO
18. THE FILED AND SERVED MOTION (DEFENSE) FOR DISCOVERY THAT WAS
19. NEVER HEARD, TAKEN OFF CALENDER. PETITIONERS U.S. FEDERALLY
20. GUARANTEED FUNDAMENTAL RIGHT TO A FAIR AND IMPARTIAL TRIAL
21. WAS VIOLATED AS EVEN THE TRIAL JUDGE, TRIER OF FACT, ON
22. GENUINE COURT BUSINESS RECORDS WAS A DEPORTED
23. MATERIAL WITNESS, AS SHE SIGNED OFF ON THE TRO, SERVED IN
24. HER PRESENCE IN HER COURTROOM BY HER BAILIFF ON OR ABOUT 2-
25. 23-04, ALLEGED VICTIM MR. THOMAS A KNOWN CREDIBLE THREAT WAS
26. STALKING PETITIONER IN COURT AT AN EX PARTE HEARING. PETITIONER
27. NO DOUBT WAS PREDJUDICED BY THE NEGLIGENT ACTIONS OF THE STATE
28. TRIAL COURT, REVERSAL OF HIS CONVICTIONS AND SENTENCE IS WARRANTED.

4