MR. E. W. BURTON # F02720, P.O. BOX 5246 - CSATF/SAC - 1-32L
CORCORAN CA
93212

CONTENTION - VIOLATION OF FEDERALLY GUARANTEED 14TH U.S. CONST. AMENDMENT DUE PROCESS AND EQUAL PROTECTION CLAUSES IN HIS REASONABLE EXPECTATION OF PRIVACY IN A PRIVATE PROTECTED PLACE, OF HIS PERSON, HOME, PROPERTY AND VEHICLE PARKED ON CURTILAGE

STATEMENT OF FACTS

IN VIOLATION OF THE TERRY LINE OF AUTHORITY EXCEEDINGLY SO - (MEMORANDUM AND POINTS OF AUTHORITY)

:Unreasonable excessive force by police arresting officer Holmes on day in question 19 mar04.Whereas officer Holmes pulled a "hot stop" unreasonablely and intrusively against defendant while he stood in the threshold of his apartment managers doorway conversating where he had a reasonable expectation of privacy against unlawful police intrusion while his person was in an expected private place ~~the ... semi public~~, as he was ^SEIZED^ arrested, handcuffed,and put directly within 15 seconds or so inside a patrol car,and his residence searched without his consent in violation of his 4th, 1st 14th amendment due process and equal protection rights. The Honorable Judge Preckle ruled at the 1538.5 suppression hearing that was granted in part that the police violated petitioner's 4th amendment rights by entering, searching and seizing without defendants consent evidence upon which was later used to substantiate unwarranted charges against defendant. ~~Police based there knowledge of petitioner's whereabouts on examination by descriptions given by prosecution witnesses, however they didn't have knowledge of defendants residence prior to court hearings ... order was not known to exist at arraignment ... the address of 933 e. Main street#179 ... ca 92020 as it is where petitioner received his business mail.~~ police had no inference nor probable cause to be at defendant's residence as there was no evidence to support this theory which is in fact police officer's own uncredible theory in light of and loss thereof defendant's alleged ~~...~~ phone ^CALL^ and no evidence nor concrete testimony to support police's ^JUSTIFICATION^ ~~theory~~ of intrusion unlawfully upon petitioner,s reasonable expectation of privacy.

~~See ... notes page no. 100-106 examination of Ms. ...sel~~

ARGUMENT - Case in support of facts;Motley V.Parks,432 F.3d 1072 (9th Cir.2006)

SEE KATZ V. U.S, 389 U.S 347, 360 S.C.T. 507, 19 L.Ed 2d 576 (1967)

SEE ALSO TERRY V. OHIO, 392 U.S. AT 21, 88 S.C.T. AT 1879

MR. E. W. BURTON # F03720 IN PROPER
P.O. BOX 5246 CSATF/SP-C1-132L
CORCORAN, CA. 93212

Constitutional Law 266.1(2) Criminal Law 517.2(2) where defendant had invoked his right to have counsel present during custodial interrogation, a valid waiver of that right could not be established by showing only that he responded to police-initiated interrogation after being again advised of his rights; thus use of defendant's (ALLEGED) CONFESSION AGAINST HIM AT TRIAL VIOLATED HIS RIGHTS UNDER FIFTH AND FOURTEENTH AMENDMENTS TO HAVE COUNSEL PRESENT DURING CUSTODIAL INTERROGATION. U.S.CA. CONST. AMENDS. 5, 14

EDWARDS V. ARIZONA, SEE 452 U.S. 973, 101 S.Ct 3128, 451 U.S. 477, 68 L.Ed.2d 378

MR. E. W. BURTON #P02780 IN PRO PER
P.O. BOX 3461 CSATF/SP-POR-1 DSC
CORCORAN, CA. 93212

~~STATEMENT OF FACTS~~ ARGUMENT

CASES AND CASE LAW IN SUPPORT OF GROUNDS.

NEGLIGENT RECORD KEEPING -

UNITED STATES SUPREME COURT DECISION OF LEON IN SUPPORT OF ITS CONCLUSION THAT IT IS "USEFUL AND PROPER" TO INVOKE THE EXCLUSIONARY RULE WHERE NEGLIGENT RECORD KEEPING RESULTS IN UNLAWFUL ARREST U.S.C.A. CONST 4., 514 U.S. 1, 131 L.Ed.2d. 34, 63 USLW 4179 - SEE U.S. V. ESPINOSA - GUERRA, CA. 11 (GA.) 1986, 805 F.2d 1502 - DEFENDANT WAS SEIZED AT POINT WHEN NARCOTIC AGENT IN AIRPORT GESTURED FOR DEFENDANT TO FOLLOW HIM INTO AIRLINE OFFICE; AGENTS REQUEST WAS INTRUSIVE AND RAISED PRESUMPTION THAT DEFENDANT WOULD NOT FEEL FREE TO LEAVE AND THERE WAS NO EXCEPTIONALLY CLEAR EVIDENTS OF DEFENDANTS CONSENT TO REBUT THAT PRESUMPTION AS DEFENDANT DID NOTHING MORE THAN SILENTLY ACQUIESCE TO AGENT'S GESTURE, AGENT HAD IDENTIFIED HIMSELF AS SUCH, AND LANGUAGE BARRIER PREVENTED COMMUNICATION BETWEEN AGENT AND DEFENDANT. SEE U.S. V. ATTARDI, CA. 9 (14TH AMENDT. U.S. CONST.). AIRPORT DETENTION OF THREE DEFENDANTS WAS "SEIZURE" SUBJECT TO THIS AMENDMENT WHERE 11 TO 15 MINUTES ELAPSED BETWEEN STOP AND DOG'S SNIFF OF LUGGAGE WHERE D.E.A. HELD DEFENDANT'S AIRPLANE TICKETS AND DRIVERS LICENSE; WHERE POLICE DETECTIVE PURSUED DEFENDANT - C.A. 5 (GA) 1980, 625 F.2d 526 SEE BUFFKINS V. CITY OF OMAHA, DOUGLAS COUNTY NEBRASKA CA. 8 (NEB, 1990, 922 F.2d 465, INITIAL CONSENUAL ENCOUNTER BETWEEN POLICE OFFICERS AND SUSPECTED DRUG COURIER AT AIRPORT BECAME "SEIZURE" AT LEAST WHEN OFFICERS REQUESTED COURIER TO ACCOMPANY THEM TO OFFICE AND INFORMED COURIER'S SISTER THAT SHE WAS FREE TO GO AND COURIER PROTESTED THAT THE OFFICERS CONDUCT WAS RACIST AND UNCONSTITUTIONAL 112 S.CT 273, 502 U.S. 898, 116 L.Ed.2d 225

MR. E.W. BURTON #F02720 IN PRO PER
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN CA. 93212

~~STATEMENT OF FACTS~~ ARGUMENT

PROPOSITION 115: BECAUSE THE STANDARDS SET FORTH UNDER TROMBETTA/YOUNGBLOOD ARE MANDATED UNDER DUE PROCESS CLAUSE AND AFFECT EXCULPATORY EVIDENCE, PROPOSITION 115 DOES NOT EFFECT THEM (PEN C §1054(E); PEOPLE V. HARDY, 2 CAL. 4TH 86, 165, 5 CAL. RPTR. 2d 796, 825 P. 2d 781 (1992

ARGUMENT- SANCTION; IF THE REQUIREMENTS UNDER TROMBETTA YOUNGBLOOD ARE MET, THE TRIAL COURT HAS THE DISCRETION TO IMPOSE APPROPRIATE SANCTIONS, DEPENDING ON THE FACTS OF EACH CASE. (PEOPLE V. MEDINA, 51 CAL. 3d 870, 894, 274 CAL. RPTR. 849, 799 P. 2d 1282 (1990) JUDGMENT AFF'D ON OTHER GROUNDS, 505 U.S. 437, 112 S.CT. 2572, 120 L.Ed. 353 (1992). SEE- ARIZONA V. YOUNGBLOOD, 488 U.S. 51, 109 S.CT. 333, 102 L.ED. 2D 281 (1988) AND CALIFORNIA V. TROMBETTA, 467 U.S. 479, 104 S.CT. 2528, 81 L.Ed. 2d 413 (1984

MR. E.W. BURTON #F02720
P.O. BOX 5246-CSATF/SP C-1-13 ELE
CORCORAN, CA 93212

ARGUMENT -

II

THE USE OF STATEMENTS STEMMING FROM A CUSTODIAL INTERROGATION OF THE DEFENDANT CONSTITUTE A VIOLATION OF THE RIGHT TO COUNSEL UNLESS THE PROSECUTION CAN DEMONSTATE THAT THE PROCEDUARL SAFEGUARDS OF MIRANDA WERE HONORED

(5TH AND 6TH U.S. CONST. AMEND)

In Miranda v. Arizona, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966) the Supreme Court held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination and the right to counsel.

The Supreme Court cautioned that custodial interrogations must be strictly controlled in order to ensure the elimination of coercive methods, both psychological as well as physical. Precautions must exist to eliminate the "gap in our knowledge as to what in fact goes on in the interrogation rooms," and to prevent the interrogation environment from being used to "subject the individual to the will of his examiner," (Miranda v. Arizona, supra) Therefore, to ensure the statements offered against the defendant at trial are the product of the voluntary choice of the defendant, the Court devised a set of procedures to mitigate the inherent coerciveness that pervades custodial interrogations.

The Miranda safeguards require that a suspect be advised prior to any questioning: (1) the suspect has the right to r4emain silent, and anything he or she says can be used against him or her in a court of law; (2) the suspect has the right to an attorney; and (3) if the suspect cannot afford an attorney, one will be provided him or her prior to any questioning.

In Dickerston v. U.S., 530 U.S. 428, 147, 120 S. Ct. 2326, 147 L. Ed. 2d 405 (2000), the Supreme Court made clear that the Miranda warnings are constitutionally based, stating that Miranda is "embodied in routine police practice to the point where the warnings have become part of our national culture."

III

CUSTODIAL STATUS IS DETERMINED BY THE REASONABLE MAN STANDARD

The procedural safeguards of Miranda apply when a suspect is in "custody." That state is defined as when a suspect is "deprived of his freedom of action in any significant way or is led to believe, as

IN PRO PER
P.O. BOX 5246 - CSATF/SP-C1-132L
COR CORAN, CA. 93212

a reasonable person, that he is so deprived." (People v. Arnold, 66 Cal. 2d 438, 448, 58 Cal. Rptr. 115, 426 P.2d 515 (1967) (overruled on other grounds by, Walker v. Superior Court, 47 Cal. 3d 112, 253 Cal. Rptr. 1, 763 P.2d 852 (1988))) "[T]he initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." (Stansbury v. California, 511 U.S. 318, 114 S. Ct. 1526, 128 L. Ed. 2d 293 (1994)) The test is "how a reasonable man in the suspect's position would have understood his situation." (Berkemer v. McCarty, 468 U.S. 420, 442, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984))

IV

AN INTERROGATION WITHIN THE MEANING OF MIRANDA IS ANY ACTION ON THE PART OF AUTHORITIES REASONABLY LIKELY TO ELICIT AN INCRIMINATING RESPONSE

(5TH AND 6TH AMENDT U.S. CONST)

In Rhode Island v. Innis, 446 U.S. 291, 301, 100 S. Ct. 1682, 64 L. Ed. 2d 297, 301 (1980), the United States Supreme Court defined "interrogation" within the meaning of Miranda as follows:

> "[I]nterrogation" under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.

Whether a particular form of questioning amounts to an interrogation depends on the total situation, including the length, place and time of questioning, nature of the questions, conduct of the police, and any other relevant circumstances. (People v. Terry, 2 Cal. 3d 362, 383, 85 Cal. Rptr. 409, 466 P.2d 961 (1970))

V

AN ACCUSED WHO HAS INVOKED HIS RIGHT TO COUNSEL, MAY NOT BE SUBJECTED TO FURTHER INTERROGATION UNLESS THE ACCUSED INITIATES FURTHER COMMUNICATION

The United States Supreme Court has made it clear that an accused person who invokes his Fifth Amendment right to have counsel present during a custodial interrogation may not be subjected to further interrogation by authorities without the presence of counsel, unless the accused initiates further communication with the police (Edwards v. Arizona, 451 U.S. 477, 101 S. Ct. 1880, 68 L. Ed.




MR. E. W. BURTON #F02720
P.O. BOX 5246-CSATF/SP-C-4-236
CORCORAN, CA 93212

ARGUMENT

[illegible]; Minnick v. Mississippi, 498 U.S. 146, 111 S. Ct. 486, 112 L. Ed.2d 489 (1990).

VI

ONCE A DEFENDANT'S RIGHT TO COUNSEL HAS ATTACHED, STATEMENTS MADE BY THE DEFENDANT ARE NOT ADMISSIBLE IF DELIBERATELY ELICITED BY AUTHORITIES IN THE ABSENCE OF COUNSEL, UNLESS THERE IS A WAIVER OF COUNSEL

The Sixth Amendment right to counsel is offense specific and prohibits police interrogation regarding the specific offense to which the right to counsel has attached. (McNeil v. Wisconsin, 501 U.S. 171, 175, 111 S. Ct. 2204, 115 L. Ed. 2d 158 (1991))

Once a defendant's right to counsel has attached, any subsequent police interrogation in the absence of counsel is inadmissible unless the defendant has initiated the communication. Additionally, the defendant need not be in custody at the time the statement is "deliberately elicited" in order for the Sixth Amendment protection to make the statement inadmissible. (Michigan v. Jackson, 475 U.S. 625, 636, 106 S. Ct. 1404, 89 L. Ed. 2d 631 (1986); Patterson v. Illinois, 487 U.S. 285, 108 S. Ct. 2389, 101 L. Ed. 2d 261 (1988))

VII

~~THE BURDEN IS ON THE PROSECUTION TO ESTABLISH THAT A DEFENDANT'S WAIVER OF HIS MIRANDA RIGHTS WAS MADE VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY~~

~~Even if the requisite warnings are given, any statement obtained is inadmissible unless the prosecution meets a "heavy burden . . . to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination." (Miranda v. Arizona, supra)~~ Error

~~A defendant may waive his or her Miranda rights, provided the waiver is made voluntarily, knowingly, and intelligently. (Miranda v. Arizona, supra)~~ Error Error

~~The determination of whether a waiver is "voluntary" is a separate determination from the question whether a waiver is "knowing" and "intelligent." The court must decide: (1) whether the defendant made a free and deliberate choice to waive his rights and was not compelled to do so through police intimidation; and (2) whether the defendant waived his rights with full awareness both~~ Error Error Error Error Error Error Error

MR. E. W. BURTON #F08720 IN PRO PER
CORCORAN, CA 93212

~~Statement of Case and Facts~~ Error Ewb

~~Grounds~~ Error Ewb - const. 14th U.S. const. amendt.

**ARGUMENT** ~~Statement of facts~~; SO SPECIFIED

~~Reporters transcript page#106~~

~~The motion to suppress is granted, but limited as I've said to items including the firearm and/or photographs or other items derived from a law enforcement entry and search of unit 5, that being shown by the evidence to be Mr. Burton's apartment, as to which residence, of course, he had standing under the 4th Amendment to object presently to the search thereof and the seizure of items therefrom.~~ Error Ewb

~~This case remains on the trial calender next door on Monday, March 14th.~~ Error Ewb

Cases in support of facts;Edwardsv.Arizona,451U.S. 477,101 S.Ct.1880,68 L.Ed2d 378,484-485,(1981)

In Dunaway v. New York Supra The suspect was taken from his neighbors home and involuntarily transported to the police station in a squad car.At the precinct house,he was placed in an interrogation room and subjected to extended custodial interrogation,442 U.S.,at 203,206-207,212,99S.ct., at 2251,2253-2354,2256:But to justify such a seizure an officer must have a reasonable suspicion of criminal activity based on specific and articuble facts...[and] rational inferences from those facts...Terry v.Ohio,392U.S.at 21,88 S.ct.at 1879.See also Brown v.Texas 443U.S.47,51,99S.ct.2637 ,2640,61 l Ed.2d 357(1979);The potential intrusiveness of the officer's conduct must be judged from the viewpoint of an innocent person in ROYER'S position.See United States v. Wylie,186 U.S.App.D.C.231,237,569 F.2d 62,68(1977),Cert. Denied,435 U.S.944,98 S.ct.1527,55 L.Ed.2d 542(1978). Fourth Amendment protections apply when official authority is excercised such that a reasonable person would have believed he was not free to leave,ante, at 1326, quoting 446 U.S. at 554,100S.ct,at 1877;Thus, If probable cause was required,the seizure was illegal and the resulting consent to search was invalid.Dunaway v. New York 442,U.S. 200,216-219 99 S.ct.2248,2258-2260,60 L. Ed.2d 824(1979);Brown v. Illinois 422 U.S. 590,601-604,95 S.ct.2254,2260-~~262~~---2262,45 L.Ed.2d 416(1975);"Least intrusive means",Principles of th 1st U.S. Const.Amendment-See United States v.Brignoni-Ponce,422 U.S. 873,881-882,95 S.ct.2574,2580-2581,45L.Ed.2d 607(1975) and Adams v.Williamss,407 U.S. at 146,92.S.ct. at 1923,see ante at 1325-1326.

STATEMENT OF FACTS —

Petitioner was seized by police in violation of his Federally guaranteed U.S. Constitutional Fourthteenth Amendment right against unlawful intrution, where he had a reasonable expectation of privacy in the threshold of his apartment managers doorway whereupon he was intruded upon with great excessive force not warranty and with no probable cause, as no crime was committed in officers presence. petitioner is innocent of all charges his arrest ,conviction and sentence is illegal.

~~ashi~~ Error Ewb



MR. E.W. BURTON #F02720 IN PRO PER.
P.O. BOX 5246 CSATF/SP-C1-132L
COR CORAN CA. 93212

ARGUMENT

SEE- NEW YORK V. BELTON 453 U.S. 454, 101 S.CT. 2860, 69 L.Ed.2d 768 (1981) THE NEW YORK COURT OF APPEALS REVERSED, HOLDING THAT A WARRANTLESS SEARCH OF THE ZIPPERED POCKETS OF AN UNACCESSIBLE JACKET MAY NOT BE UPHELD AS A SEARCH INCIDENT TO A LAWFUL ARREST WHERE THERE IS NO LONGER ANY DANGER THAT THE ARRESTEE OR CONFERATE *** MIGHT GAIN ACCESS TO THE ARTICLE *** STATEMENT OF FACT PETITIONER WAS ALREADY IN CUSTODY UNDER ARREST IN HANDCUFFS, AS SECURED, WITHOUT CONSENT, FROM HIS REASONABLE EXPECTATION OF PRIVACY, POLICE OFFICER'S INTRUSIVELY AND UNREASONABLY, ENTERED, SEARCHED, AND SEIZED AN INSTRUMENT OF SORTS FROM PETITIONERS, HOME AND VEHICLE ON THE CURTILAGE IN A PRIVATE PROTECTED AREA.

ARGUMENT ONCE AN ACCUSED IS UNDER ARREST AND IN CUSTODY, THEN A SEARCH MADE AT ANOTHER PLACE, WITHOUT A WARRANT IS SIMPLY NOT INCIDENT TO THE ARREST." SEE CHAMBERS V. MARONEY, 399 U.S. 42, 47, 90 S.CT. 1975, 1979, 26 L.Ed.2d 419 (1970), QUOTING PRESTON V. UNITED STATES, 376 U.S. AT 367, 84 S.CT. AT 883 (WARRANTLESS SEARCH OF CAR IN DRIVEWAY NOT INCIDENT TO ARREST IN HOUSE; WARRANTLESS SEARCH OF CAR INVALID ONCE ARRESTEE HAS BEEN PLACED IN POLICE CUSTODY); SEE VALE V. LOUISIANA, 399 U.S. AT 35, 90 S.CT. AT 1972 (AREA OF IMMEDIATE CONTROL DOES NOT EXTEND TO INSIDE OF HOUSE WHEN SUSPECT IS ARRESTED ON FRONT STEP); DYKE V. TAYLOR IMPLEMENT MFG. CO., 391 U.S. AT 220, 88 S.CT. AT 1474 (SEARCH OF CAR AFTER OCCUPANT PLACED IN CUSTODY AND TAKEN TO COURTHOUSE NOT VALID AS INCIDENT TO ARREST; PRESTON V. UNITED STATES, 376 U.S. AT 368, 84 S.CT. AT 883) —

Mr. E. W. Button # F02720
P.O. Box [illegible] 4A-1-32L In PROPER
Corcoran CA. 93212

As Quoted in Faretta v. California
Cite as 95 S.Ct 2525 (1975)

"... when the administration of the Criminal law... is hedged about as it is by the Constitutional safeguards for the protection of an accused, to deny him in the exercise of his free choice the right to dispence with some of these safeguards... is to imprison a man in his privileges and call it the Constitution". Id., at 279-280, 63 S.CT., AT 241-242. (emphasis added

Criminal Law 662(1)
Witnesses Sixth amendment right to notice, confrontation and compulsory process, taken together, guarantee that a criminal charge may be answered in a manner now considered fundamental to a fair administration of American Justice through calling and interrogation of favorable witnesses cross-examination of adverse witnesses and orderly introduction of evidence; in short the Sixth amendment constitutionalizes right in an adversary criminal trial to make defense as we know it. U.S.CA Const 6.

MR. E.W. BURTON #F02720
P.O. BOX 5246-C5-A7F-131
CORCORAN CA. 93212

ARGUMENT

I

## AN ARREST WITHOUT A WARRANT MUST BE SUPPORTED BY OBJECTIVE FACTS JUSTIFYING A REASONABLE BELIEF THAT AN INDIVIDUAL HAS VIOLATED THE LAW

In order to justify an arrest without a warrant, the actions of the arresting officer must be objectively reasonable. The actions must be based on facts that provide a reasonable belief that the person arrested has committed a public offense. (People v. Miller, 7 Cal. 3d 219, 226, 101 Cal. Rptr. 860, 496 P.2d 1228 (1972)) This rule is based on the provisions of Pen C § 836, which provides:

A peace officer may . . . without a warrant, arrest a person:

1. Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence.
2. When a person arrested has committed a felony, although not in his presence.
3. Whenever he has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed.

II

## A SEARCH WITHOUT A WARRANT CAN NORMALLY BE CONDUCTED ONLY INCIDENT TO A LAWFUL ARREST

In the absence of an emergency or consent to search, a search without a warrant can be conducted only if it is incident to a lawful arrest and is restricted to the person of the arrestee or the area within the arrestee's immediate control. The search cannot exceed the area "beyond the petitioner's person and the area from within which he might have obtained either a weapon or something that could have been used as evidence against him." (Chimel v. California, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969))

Additionally, personal items may not be squeezed or manipulated by law enforcement officers without a warrant. Such a physical inspection violates the Fourth Amendment. (Bond v. U.S., 529 U.S. 334, 120 S. Ct. 1462, 146 L. Ed. 2d 365 (2000)—officers searching for drugs may not squeeze or manipulate the carry-on luggage of passengers on bus).

Obtaining by sense-enhancing technology any information regarding the interior of a home which could not otherwise have been obtained without physical intrusion into a constitutionally protected area constitutes a search, at least where the technology in question is not in general public use. (Kyllo v. U.S., 533 U.S.



R. BURTON
#F01720
P.O. BOX 5246
CSATF (SP-C1-132L
COR CORAN CA 93212

PART OF CONTENTION ~~GROUNDS~~ - VIOLATION OF PETITIONERS FEDERALLY GUARANTEED U.S. CONST 14TH AMENDMENT RIGHT AGAINST THE UNLAWFUL INSPECTION AND SEIZURE ... REASONABLE EXPECTATION OF PRIVACY AGAINST UNREASONABLE AND UNLAWFUL POLICE INTRUSION, SEARCH AND SEIZURE WITHOUT WARRANT, SEIZURE OF HIS PERSON, HOME, PROPERTY AND VEHICLE PARKED ON THE CURTILAGE

~~STATEMENT OF FACTS~~ ERROR EWB

ARGUMENT—

~~SEE NO RECONTACT RULE EDWARDS V. ARIZONA (1981) 451 U.S. 477, 101 S.Ct.~~ ERROR EWB ~~1880, 68 L.Ed.2d 378 DEFENDANT DID NOT HAVE TIME TO CONSULT,~~ ERROR EWB ~~WITH COUNSEL AND WAS DENIED COUNSEL UNDER HIS 6TH U.S. CONST.~~ ERROR EWB ~~AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL~~ ERROR EWB ~~DURING INITIATION OF INTERROGATION BY OFFICER KIRK~~ ERROR EWB SEE

ARGUMENT MIRANDA V. ARIZONA (1966) 384 U.S. 436 16 L.ED 2d

SEE MAPP V. OHIO, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)

SEE KATZ V. UNITED 389 U.S. 347, 88 S.CT. 507, 19 L.ED. 2d 576 (1967) THE CRITICAL FACT IN THIS CASE IS THAT "[O]NE WHO OCCUPIES IT [A TELEPHONE BOOTH] SHUTS THE DOOR BEHIND HIM, AND PAYS THE TOLL THAT PERMITS HIM TO PLACE A CALL IS SURELY ENTITLED TO ASSUME "THAT HIS CONVERSATION IS NOT BEING INTERCEPTED. THE POINT IS NOT THAT THE BOOTH IS "ACCESSIBLE TO THE PUBLIC" AT OTHER TIMES, BUT THAT IT IS A TEMPORARY PRIVATE PLACE WHOSE MOMENTARY OCCUPANTS' EXPECTATIONS OF FREEDOM FROM INTRUSION ARE RECOGNIZED AS REASONABLE *** TERRY STATED THAT "WHENEVER A POLICE OFFICER ACCOSTS AN INDIVIDUAL AND RESTRAINS HIS FREEDOM TO WALK AWAY, HE HAS 'SEIZED' THAT PERSON. 392 U.S. AT 16, 88 S.CT AT 1877. FOURTH AMENDMENT SEIZURES ARE REASONABLE ONLY IF BASED ON PROBABLE CAUSE. DUNAWAY V. NEW YORK, SUPRA, 442 U.S., AT 213, 99 S.CT. AT 2257, LIKE JUSTICE POWELL, I CONSIDERED THE QUESTION WHETHER A THRESHOLD SEIZURE HAD TAKEN PLACE IN MENDENHALL TO BE "EXTREMELY CLOSE," 446 U.S. AT 560, N.1, 100 S.CT. AT 1880, N.1 (POWELL, J CONCURRING IN PART) THUS, NOTWITHSTANDING THE FACTS THAT UNLIKE THE SUSPECT IN MENDENHALL, ROYER WAS A WELL-EDUCATED, ADULT, CAUCASIAN MALE, CF. ID AT 558, 100 S.CT AT 1879 (THAT THE RESPONDENT, A FEMALE AND A NEGRO, MAY HAVE FELT UNUSUALLY THREATENED BY THE OFFICERS WHO WERE WHITE MALES,

MR. E. W. BURTON #F02720 IN PRO PER
P.O. BOX [illegible]
CORCORAN CA. 93212

SEE-EXHIBIT PART [illegible] 35, [illegible]

"IS" NOT IRRELEVANT TO THE DEGREE OF COERCION) THE DIFFERENCES NOTED BY THE PLURALITY LEAD ME TO AGREE THAT A REASONABLE PERSON IN ROYER'S CIRCUMSTANCES WOULD NOT HAVE FELT FREE TO WALK AWAY. THE FACT THAT ROYER KNEW THE SEARCH WAS LIKELY TO TURN UP CONTRABAND IS OF COURSE IRRELEVANT; THE POTENTIAL INTRUSIVENESS OF THE OFFICER'S CONDUCT MUST BE JUDGED FROM THE VIEWPOINT OF AN INNOCENT PERSON IN ROYER'S POSITION. SEE UNITED STATES V. WYLIE, 186 U.S. APP. D.C. 231, 237, 569 F.2d 62, 68 (1977) CERT. DENIED, 435 U.S. 944, 98 S.CT. 1527, 55 L.Ed.2d 542 (1978) EARLIER IN ITS OPINION, THE PLURALITY SET THE STAGE FOR THIS STANDARD WHEN THE FAMILIAR "LEAST INTRUSIVE MEANS" PRINCIPLE OF FIRST AMENDMENT LAW IS SUDDENLY CARRIED OVER INTO FOURTH AMENDMENT LAW BY CITATION OF TWO CASES UNITED STATES V. BRIGNONI-PONCE, 422 U.S. 873, 881-882, 95 S.CT. 2574, 2580-2581, 45 L.Ed.2d 607 (1975) AND ADAMS V. WILLIAMS 407 U.S. AT 146, 92 S.CT. AT 1923 SEE ANTE, AT 1325-1326. AS PETITIONERS UNLAWFULLY SEIZED PROPERTY INCLUDING HIS BELT AND PERSON ARE PROTECTED BY FREE SPEECH AND WERE SEIZED IN VIOLATION OF THE U.S. CONST. 4TH AMENDMENT AND 1ST. PREJUDICIALLY USED BY THE PROSECUTION AT TRIAL BEFORE THE JURY. which was lost by police ALL TESTIMONY ON THE BELT BUCKLE AND BLOOD EVIDENCE SHOULD BE STRICKEN FROM THE RECORD BASED ON IT'S INADMISSIBILITY, INCLUDING PHOTO'S, ALLEGED VICTIMS CLOTH'S AND CORDLESS TELEPHONE AS THIS SPECIFICALLY REQUESTED DISCOVERY WAS UNLAWFULLY SUPPRESSED BY THE PROSECUTIONS FAILURE TO DISCLOSE PHYSICAL MATERIAL EXCULPATORY EVIDENCE IN VIOLATION OF DEFENDANTS FEDERALLY GUARANTEED DUE PROCESS RIGHTS, TO A FAIR TRIAL BY AN UNPREDJUDICE JURY. PETITIONERS CONFINEMENT IS UNCONSTITUTIONAL CONVICTION AND SENTENCE SHOULD BE REVERSED.

MR. E. W. BURTON #F02720 IN PROPER
P.O. BOX 5246 CSATF/SP C1-132L
COR CORAN, CA. 93212

Seizures of person 4TH
Morgan v. Woessner, CA.9.(Cal) 1993, 997 F.2d 1244; 114 S.Ct. 671, 510 U.S. 1033, 126 L.Ed. 2d 640
arrest ∞ 68(4)

Buffkins v. City of Omaha, Douglas County, Neb CA.8.(Neb. 1990, 922 F.2d 465.
Initial consensual encounter between police officers and suspected drug courier at airport became "seizure" at least when officers requested courier to accompany them to office, at that time officers seized courier's luggage, asked courier to accompany them to office, and informed courier's sister that she was free to go, and courier protested that officers conduct was racist and unconstitutional 112 S.Ct. 273, 502 U.S 898, 116 L.Ed. 2d.225

Defendant was seized at point when narcotics agent in airport gestured for defendant to follow him into
U.S. v. Espinosa-Guerra, CA.11(GA.) 1986, 805 F.2d 1502
airline off; agents request was intrusive and raised presumption that defendant would not feel free to leave and there was no exceptional by clear evidence of defendants consent to rebut that presumption as defendant did nothing More—

MR. E.W. BURTON # F02720 IN PROPER
P.O. BOX 5246 - CSATF-SP-C1-132L
CORCORAN, CA. 93212

than silently acquiesce to agent's gesture, agent had identified himself as such, and language barrier prevented communication between agent and defendant

4.24 Airport detention of three defendants was "seizure" subject to this amendment where 11 to 15 minutes U.S. V. ATTARDI, CA. 9 (HAWAII) 1986, 796 F. 2d 257 elapsed between stop and dog's sniff of luggage when D.E.A. held defendants' airplane tickets and driver's license

where police detective pursued defendant

C.A. 5 (GA) 1980, 625 F.2d 526

MR. E. W. BURTON #E02798
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212
IN PRO PER.

ARGUMENT

SEE - NEW YORK V. BELTON 453 U.S. 454, 101 S. CT. 2860, 69 L. Ed. 2d. 768 (1981) THE NEW YORK COURT OF APPEALS REVERSED, HOLDING THAT (A) WARRANTLESS SEARCH OF THE ZIPPERED POCKETS OF AN UNACCESSIBLE JACKET MAY NOT BE UPHELD AS A SEARCH INCIDENT TO A LAWFUL ARREST WHERE THERE IS NO LONGER ANY DANGER THAT THE ARRESTEE OR CONFEDERATE*** MIGHT GAIN ACCESS TO THE ARTICLE*** DEFENDANT CLEARLY HAD A REASONABLE EXPECTATION OF PRIVACY WHEN HIS VEHICLE PARKED ON THE CURTILAGE OF HIS HOME WAS WARRANTLESSLY SEARCHED AND SEIZED BY OFFICER KIRK WHO OPENED A SECURE "LOCKED" ZIPPERED POUCH OF (ALLEGED) DEFENDANT'S WITHOUT PROBABLE CAUSE. SEARCH WAS NOT INCIDENT TO A LAWFUL ARREST, AS PETITIONER WAS UNARMED HANDCUFFED, UNDER ARREST WITHOUT PROBABLE CAUSE AND LOCKED INSIDE OF A POLICE PATROL VEHICLE DURING SEARCH AND INTERROGATION OF PETITIONER'S HOME AND VEHICLE PARKED ON THE CURTILAGE -

MR. E.W. BURTON #F02720 IN PROPER
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212

SEIZED EVIDENCE USED AGAINST PETITIONER REDUCED TO THE POLICE EXCLUSIVE AND IMEDIATE CONTROL. FURTHER PETITIONER WAS NOT IN ANY CONTACT WITH HIS ALLEDGED BACKPACK ALLEDGEDLY CONTAINING A NOTEBOOK, WHICH THERE ARE NO TRIAL PHOTO'S WITH THIS ALLEGED BACKPACK ON PETITIONERS VEHICLE.

FURTHERMORE THE SEARCH OF PETITIONERS SEIZED VEHICLE FROM HIS CURTILAGE OF HIS HOME WAS NOT INCIDENT TO A LAWFUL ARREST, AS PETITIONER'S PERSON WAS UNLAWFULLY SEIZED IN VIOLATION OF THE U.S. CONST. 14TH AMENDMENT EXCLUSIVELY

TABLE OF AUTHORITIES; U.S. CONST. 4TH, 1ST, 5TH + 14TH -

SUPREME COURT CASES; (1) TERRY V. OHIO 392 U.S. AT 32-33, 88 S.CT. AT 1885-1886 (2) FLORIDA V. ROYER CITE AS 103. S.CT 1319 (1983) (3) KATZ V. U.S., 389 U.S. 347, 360, 88 S. CT. 507, 19 L.Ed.2d 576 (1967) (4) DUNAWAY V. NEW YORK 422, U.S. 200, 216-219, 99 S.CT. 2248, 2258-2260, 60 L.ED.2d 824 (1979) (5) BROWN V. ILLINOIS, 422 U.S. 590, 601-604, 95 S.Ct. 2254, 2260-2262, 45 L.ED. 2d 416 (1975) (6) U.S V. WYLIE, 186 U.S. APP.D.C. 231, 237, 569 F.2d 62, (1977) CERT. DENIED, 435 U.S. 944, 98 S.CT. 1527, 55 L.Ed.2d 542 (1978). (7) CHIMEL V. CALIFORNIA, SUPRA, AT 764, 89 S.CT. AT 2040. (8) U.S. V. BRIGNONI-PONCE 422 U.S. 873, 881-882, 95 S.CT. 2574, 2580-2581, 45 L.Ed.2d 607 (1975) (8) ADAMS V. WILLIAMS, 407 U.S. AT 146, 92. S.CT. AT 1923 SEE ANTE, AT 1325-1326 (9) MIRANDA V. ARIZONA, 384 U.S. 436, 86 S.CT. 1602, 16 L.Ed.2d 694 (1966) (10) EDWARDS V. ARIZONA CITE AS 101 S.CT. 1880 (1981)

MR. EWOB ARTOR #F02724
P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA, 93212

ARGUMENT

~~of the nature of the right being abandoned, and the consequences of his decision to abandon that~~ right. (Colorado v. Spring, 479 U.S. 564, 573, 107 S. Ct. 851, 93 L. Ed. 2d 954 (1987))

As the Supreme Court held in Moran v. Burbine, 475 U.S, 412, 421, 106 S. CT. 1135, 89 L. Ed. 2d 410 (1986):

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

Erros Ewob

Erros Ewob
Erros Ewob

SEE SACRAMENTO V. LEWIS, 523 U.S. 833 (1998)
SEE BEEBE V. STOMMEL USDC, DCO, CASE NO. 02-CV-01993-WYD-BNB. "SHOCKS THE CONSCIENCE TEST"