ERIC WILTON BURTON #502720 IN PRO PER

P.O. BOX 5246 - CSATF/SP-C1-132L

CORCORAN, CALIFORNIA 93212

EXHIBIT A PAGES 1-120

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO

BEFORE: ALLAN J. PRECKEL                          DEPT. 12

THE PEOPLE OF THE STATE OF )
CALIFORNIA, )
          PLAINTIFF, )            CASE NO. SCE 238643
VS. )
ERIC BURTON, )            (MARSDEN HEARING)
      DEFENDANT. )

REPORTER'S TRANSCRIPT OF PROCEEDINGS

NOVEMBER 5TH, 2004
EL CAJON, CALIFORNIA

APPEARANCES:

     FOR THE PEOPLE:                  BONNIE DUMANIS
                                 DISTRICT ATTORNEY
                                 BY:  JORGE JARAMILLO
                                 DEPUTY D.A.

     FOR THE DEFENDANT:               LEE PLUMMER
                                 ATTORNEY AT LAW

                                 BOB CARLUCCI, C.S.R.
                                 OFFICIAL REPORTER
                                 SUPERIOR COURT
                                 EL CAJON, CALIFORNIA

1  DID, HE SUBMITTED THE FIRST MOTION IRRESPECTIVE OF MYSELF.

2  I RECEIVED THE MOTION IN THE INMATE MAIL AFTER IT WAS

3  SUBMITTED, I THEN AGAIN AFTERWARDS BEGAN TO DETECT ERRORS IN

4  IT.

5          THERE IS ONE SPECIFIC ERROR, ACCORDING TO THIS

6  SAN DIEGO SUPERIOR COURT RULES, PERTAINING TO THE 1538.5.  I

7  SHOULD ADD THE MOTION SHALL INCLUDE A LIST OF ITEMS TO BE

8  SUPPRESSED.  A GENERAL REQUEST TO SUPPRESS ALL ITEMS SEIZED

9  IS NOT SUFFICIENT AND WILL BE DEEMED AN ABANDONMENT OF THE

10 MOTION.  ONLY LISTED ITEMS WILL BE CONSIDERED BY THE COURT

11 FOR SUPPRESSION OR RETURN, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

13         NOW, I SPECIFICALLY ASKED MY ATTORNEY WHEN HE

14 VISITED ME, "DON'T YOU HAVE TO LIST THESE ITEMS ON HERE THAT

15 WE WANT SUPPRESSED?"  HE TOLD ME NO, ALL ITEMS SEIZED WILL

16 SUFFICE ▬▬▬.

17         WE ALSO HAD A PROBLEM WITH THIS 1538.5.  THE

18 FACT IS THAT AFTER NUMEROUS TIMES AFTER I INDEPENDENTLY DID

19 MY OWN RESEARCH AND HAD LEARNED ▬▬▬▬▬▬▬▬▬THAT

20 AFTER I IMPLEMENTED MY 6TH AND MY 5TH AMENDMENT RIGHTS, THAT

21 ONCE THE OFFICER INITIATED CONVERSATION, THE INTERROGATION

22 WAS SUPPOSED TO STOP. ▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

27         I LATER FOUND OUT THAT A MOTION COULD HAVE BEEN

28 MADE DURING THE PRELIMINARY HEARING TO SET FORTH THE

1   LITIGATION OF THE VALIDITY OF THESE SEIZURES.  SO COUNSEL,

2   IN A SENSE -- I DON'T WANT TO BE HARSH AND SAY LIED TO ME,

3   BUT HE DECEIVED ME AND HE CAME TO VISIT ME AND WE HAD A

4   CONVERSATION AND I ASKED HIM AGAIN, "IS THERE ANYTHING I CAN

5   DO PRIOR TO TRIAL TO SUPPRESS THIS EVIDENCE THAT WAS

6   UNLAWFULLY OBTAINED, INCLUDING MY ARREST," BECAUSE IN THE

7   BEGINNING, AS I SAID, THERE WAS A MIRANDA VIOLATION.  I

8   SHOULD HAVE BEEN MIRANDIZED WHEN THE OFFICER BEGAN ASKING ME

9   THAT DIRECT INCRIMINATING QUESTION, ████████████████████"

10          ALSO, HE ENTERED MY APARTMENT UNLAWFULLY IN

11  VIOLATION OF 4TH AMENDMENT ████████████████████████████

12  ATTORNEY HAD TOLD ME NUMEROUS TIMES THAT THERE'S NOTHING YOU

13  CAN DO UNTIL TRIAL.

14          OKAY. ████████████████████████████████████

15  WORKED INDEPENDENT OF HIM BECAUSE ALSO HE IS NOT GATHERED,

16  IN SEVEN MONTHS, ANY EXCULPATORY EVIDENCE.  I DO NOT HAVE

17  HARD DISCOVERY.  EACH TIME I'VE COME TO COURT I HAVE NOT

18  RECEIVED A RECEIPT FROM THE COURTS THAT I HAVE BEEN TO

19  COURT. ██████████████████████████████████████████████

20  ████████.  I HAVE INEFFECTIVE COUNSEL, AND THE CONSTITUTION

21  OF THE UNITED STATES, OF THE 6TH AMENDMENT GUARANTEES ME THE

22  RIGHT TO HAVE EFFECTIVE COUNSEL, AND BEING CHARGED WITH A

23  FELONY AND SO SAID THAT I AM, ██████████████████████████

24  EVERY LEVEL OF THESE PROCEEDINGS AND TRIAL. ████████████

26  ████████████████████████████████████████████████████████

27  COUNSEL, AS GUARANTEED BY MY RIGHTS AS THE ACCUSED BY THE

28  CONSTITUTION OF THE UNITED STATES.



1    1538 AT HIS REQUEST BECAUSE SOME OF OUR DISCUSSIONS -- SOME

2    DIFFERENT THINGS CAME UP IN CONNECTION WITH THE FACTS OF THE

3    CASE.

4            I ALSO FILED DISCOVERY MOTIONS ON HIS BEHALF

5    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6    FILED AN INFORMAL REQUEST AND A MOTION FOR DISCOVERY.

7            THE FACT OF THE MATTER IS THAT MR. BURTON

8    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.    HE THINKS I'M NOT ADEQUATELY REPRESENTING

9    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

10   APPROPRIATE DEFENSE FOR HIM.    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

11   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

12   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

13   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

14   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

15   ▓▓▓▓▓▓▓

16           I THINK HE HASN'T REQUESTED A NEW ATTORNEY

17   BEFORE.  HE DID HAVE P.D. AND AN A.P.D. BRIEFLY, BUT THEY

18   CONFLICTED OFF OF HIM BECAUSE OF THEIR REPRESENTATION OF

19   SOME OF WITNESSES IN THIS CASE AND I WAS APPOINTED.  SO THIS

20   IS HIS FIRST REQUEST FOR A NEW ATTORNEY.

21           I THINK HE DESERVES A CHANCE TO GET A NEW

22   ATTORNEY AND TO WORK WITH SOMEBODY THAT HE HAS CONFIDENCE IN

23   AND CAN HELP HIM LITIGATE THIS CASE.  IT IS A VERY, VERY

24   IMPORTANT CASE TO HIM.  I MEAN, HE'S FACING A SUBSTANTIAL

25   PERIOD OF TIME IN PRISON, IF NOT THE REST OF HIS LIFE, AND

26   HE UNDERSTANDS THAT AND HE'S UNDERSTANDABLY CONCERNED ABOUT

27   THAT AND UNDERSTANDABLY HE HAS SOME CONCERNS ABOUT MY

28   REPRESENTATION OF HIM.  SO I WOULD JOIT IN HIS REQUEST THAT

④

1    ARE YOU PREPARED TO WAIVE YOUR SPEEDY TRIAL

2    RIGHTS?

3    THE DEFENDANT:  NO, I'M NOT PREPARED TO WAIVE MY

4    RIGHTS TO A SPEEDY TRIAL.

5    THE COURT:  WELL, THEN THE COURT IS NOT PREPARED

6    TO SIMPLY JOIN IN MR. PLUMMER'S ACQUIESCENCE TO YOUR MOTION

7    FOR NEW COUNSEL. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

1▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

11▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

12  ▬▬▬▬▬▬  I'VE REVIEWED THE 1538.5 MOTION TO SUPPRESS

13   PHYSICAL EVIDENCE. ▬▬▬▬▬▬▬▬▬▬▬▬▬

14 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

15    PARENTHETICALLY, YES, IT COULD HAVE BEEN BETTER

16   DELINEATED WITH GREATER SPECIFICITY WHAT ITEMS WERE SOUGHT

17   TO BE SUPPRESSED, BUT --

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

19    THE COURT:  -- THAT SHORTCOMING WOULD NOT

20   OCCASION THE OUTRIGHT DENIAL OF THE MOTION OR OF ANY COURT

21   REFUSING TO HEAR THE MOTION ON ITS MERITS.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

23    THE COURT:  SO THE ONLY REASON THAT I WOULD

24   GRANT YOUR REQUEST IS, ▬▬▬▬▬▬▬▬▬▬▬▬▬

2▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

2▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

27   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, THERE'S A BREAKDOWN

28   OF THE ATTORNEY/CLIENT RELATIONSHIP.  BUT IF YOU THINK THAT



1   I'M GOING TO GRANT YOUR REQUEST FOR NEW COUNSEL AND THEN

2   HAVE THAT NEW ATTORNEY FORCED TO TRIAL ON DECEMBER 6TH, A

3   MONTH FROM NOW, GIVEN THE PARAMETERS OF THIS CASE AND THESE

4   CHARGES AND THESE ALLEGATIONS SO THAT BY SO DOING YOU CAN

5   TRY AND SET UP AN ARGUMENT ON APPEAL THAT ONCE AGAIN YOU

6   WERE DEPRIVED OF EFFECTIVE COUNSEL BECAUSE COUNSEL WAS

7   FORCED TO GO TO TRIAL FASTER THAN WOULD OR SHOULD HAVE BEEN

8   THE CASE HAD YOU WAIVED YOUR SPEEDY TRIAL RIGHTS AND ALLOWED

9   COUNSEL TO MORE FULLY INVESTIGATE OR PREPARE THE CASE, SO

10   YOU'RE NOT GOING TO HAVE YOUR CAKE AND EAT IT, TOO, IS WHAT

11   I'M TELLING YOU.

12         THE DEFENDANT:  OKAY.  YOUR HONOR, I HAVE ONE

13   OTHER STATEMENT TO MAKE.

14         THE COURT:  WHICH IS WHAT?

15         THE DEFENDANT:  ████████████████

16   TRIAL DUE TO THE FACT THAT THE MEDICATION I'VE BEEN ON FOR

17   12 YEARS TO MONITOR MY GLAUCOMA MAY HAVE TOXIC LEVELS IN MY

18   BLOODSTREAM, AND THESE TOXIC LEVELS HAVE ADVERSE REACTIONS

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

28         THE COURT:  SO WHAT ARE YOU TELLING ME OR



1    ASKING?

2              THE DEFENDANT:  I'M SAYING -- I'M ASKING THAT

3    BLOOD LEVELS BE DRAWN TO DETERMINE WHETHER OR NOT I HAVE

4    TOXIN LEVELS OF CHEMICALS THAT I TAKE TO MONITOR MY

5    END-STAGE GLAUCOMA FOR WHICH THERE IS NO CURE THAT I HAVE TO

6    CONTINUOUSLY BE ON THESE MEDICATIONS TO MAINTAIN MY

7    INTEROCULAR PRESSURE.  I HAVE HIGH PRESSURES AND THERE ARE

8    ADVERSE REACTIONS TO THESE MEDS THAT MAY BE PRESENT IN MY

9    BLOODSTREAM.

19              THE COURT:  SPELL THAT ONE.

20              THE DEFENDANT:  A-L-P-H-A-G-A-N.  AND I BELIEVE

21   ZYLATAN, Z-Y-L-A-T-A-N.

26              THE COURT:  ALL RIGHT.  SO NOTED, AT LEAST YOUR

27   STATEMENTS ARE NOTED.

28              THE COURT DECLINES THE REQUEST TO UNDERTAKE ANY



PHYSICAL EVALUATION OF YOU. IF WHAT YOU'RE TELLING ME IS THAT YOU HAVE A DOUBT ABOUT YOUR PRESENT MENTAL COMPETENCE TO PROCEED WITHIN THE MEANING OF PENAL CODE SECTION 1368, ET SEQUITUR, I REJECT THAT SUGGESTION OUTRIGHT BASED UPON MY INTERACTION WITH YOU HERE THIS AFTERNOON. I CANNOT GET INSIDE YOUR HEAD IN A MANNER OF SPEAKING, BUT CLEARLY THE MANNER WHICH YOU HAVE PRESENTED HERE THIS AFTERNOON, THE MANNER IN WHICH YOU HAVE COGENTLY AND LOGICALLY SPOKEN AT LENGTH CONCERNING YOUR CASE, ALL OF THAT CAUSES THE COURT TO CONCLUDE THAT YOU'RE ABSOLUTELY COMPETENT, AS A MATTER OF LAW, AT THIS TIME SUCH THAT THESE CRIMINAL PROCEEDINGS WILL GO FORTH WITHOUT UNDUE INTERRUPTION FOR PURPOSES OF A 1368 EXAMINATION EVALUATION AND HEARING. I FIND NOT EVEN A SCINTILLA OF EVIDENCE AS TO SUPPORT OR WARRANT THE SUSPENSION OF CRIMINAL PROCEEDINGS IN THIS CASE.

SO LET'S RETURN TO WHAT WE WERE ADDRESSING HERETOFORE, MR. BURTON, AND THAT BEING IF THE COURT APPOINTS NEW COUNSEL TO REPRESENT YOU, AS SURE AS I KNOW THIS BUSINESS, AND I HAVE BEEN DOING IT FOR A WHILE, THAT ATTORNEY IS GOING TO COME IN AND ASK FOR ADDITIONAL TIME FOR TRIAL IN ORDER TO ADEQUATELY DEFEND YOU.

[redacted]

AGREEABLE TO CONTINUING THE TRIAL DATE FOR THAT PURPOSE BEYOND THE PRESENT DATE OF DECEMBER 6TH?

[redacted]

THE COURT: ALL RIGHT. THEN WITH THAT [redacted], THE COURT AT

1  THIS TIME WILL RELIEVE MR. PLUMMER AS APPOINTED COUNSEL OF

2  RECORD FOR MR. BURTON.

3          MR. PLUMMER, I'M GOING TO SET A HEARING DATE

4  NEXT WEEK, EITHER NEXT TUESDAY OR WEDNESDAY, AT 8:30 IN THE

5  MORNING, AND THE PURPOSE OF THAT WILL BE TO HAVE HOPEFULLY

6  NEW COUNSEL PRESENT AT THAT TIME TO ACCEPT THE APPOINTMENT

10         ARE YOU AVAILABLE EITHER TUESDAY OR WEDNESDAY

11 MORNING?

12         MR. PLUMMER:  YES.  TUESDAY, THE 9TH, WOULD BE

13 FINE, YOUR HONOR.

14         THE COURT:  ALL RIGHT.  THEN TUESDAY, NOVEMBER

15 9TH.  IT WILL BE AT 8:30 IN THE MORNING IN THIS DEPARTMENT.

16         THE CLERK WILL PROMPTLY NOTIFY P.C.C. THIS

17 AFTERNOON OF THE NEED FOR A NEW CATEGORY 5 OR LEVEL 5

18 ATTORNEY FOR MR. BURTON, WITH THAT ATTORNEY TO BE PRESENT AS

19 WELL AT 8:30 IN THE MORNING ON TUESDAY, NOVEMBER 9TH.  ALL

20 RIGHT.

21         MR. PLUMMER, THANK YOU.  MR. BURTON, THANK YOU

22 FOR THE MANNER WHICH YOU HAVE PRESENTED YOUR CAUSE TO THE

23 COURT THIS AFTERNOON.  WE'LL SEE YOU BACK TUESDAY MORNING.

25         MR. PLUMMER:  THANK YOU, YOUR HONOR.

26         THE COURT:  THANK YOU.

27              ---

28

9

SCE238643  People vs. Burton, Eric                                3-16-05    0348



The defense makes a motion to suppress defendant's ~~ALLEGED~~ admissions ████████████ ████████████████ ████████. The motion is **DENIED**.

→ The defendant makes a motion to invoke his 6th amendment right to represent himself and also requests a Marsden motion.  The Court will address the defendant's motion after the in limine motions have been completed.

████████████████████████████████

The defense makes a motion to dismiss the case because one of the witnesses (child) was present as the preliminary hearing and feels that her mother's testimony during that hearing may sway the child's testimony during the trial. This motion is **DENIED.**

Defense motion to dismiss because the defense feels the charges have not been substantiated.  This motion is **DENIED**.

The defense makes a motion for a change of venue due to pretrial publicity.  This motion is **DENIED.**

The defense makes a motion that Mr. Thomas not be referred to as the victim during the trial and should be referred to by proper name.  This motion is **DENIED**.

3:00 pm Court is in recess.

3:20 pm Court is again in session. Attorney Adair, the defendant and court staff is present.  Court conducts a Marsden Hearing. This motion is **DENIED**.  The Court orders the transcript of this hearing be sealed.

4:07 pm The Court instructs the clerk to contact Deputy District Attorney Maria Hannah to return to the courtroom to address another motion.

4:09 pm Court is in recess.

4:12 pm Court is again in session with Deputy District Attorney Maria Hannah, Attorney Adair and defendant present. ████████████████████████████ ████████This motion continues to be reserved until 3-23-05. ████████████

**TRIAL MINUTES**                                                                     2

  

**SCE238643  People vs. Burton, Eric**                                    **3-16-05**

4:20 pm The Court instructs counsel to return on <u>**March 23, 2005 at 8:45 am in department 10**</u>0 3 4 9

The defendant is remanded to custody with bail set at $500,000.00.  The defendant is ordered to be produced on 3-23-05 at 9:00 am in department 10.

4:25 pm Court is adjourned.

-nk-

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

CENTRAL DIVISION


DEPARTMENT 10          BEFORE HON. LAURA W. HALGREN, JUDGE


PEOPLE OF THE STATE OF      )
CALIFORNIA,                 )
                            )   NO.  SCE 238643
                PLAINTIFF,  )
                            )   (IN LIMINE MOTIONS)
    VS.                     )
                            )
ERIC BURTON,                )
                            )
                DEFENDANT.  )
_____ )


REPORTER'S TRANSCRIPT

WEDNESDAY, MARCH 16, 2005
THURSDAY, MARCH 24, 2005

APPEARANCES:

FOR PLAINTIFF:      DISTRICT ATTORNEY'S OFFICE
                    BY:  S. MARIA HANNAH, ESQ.
                    250 EAST MAIN
                    EL CAJON, CALIFORNIA  92020


FOR DEFENDANT:      LAW OFFICES OF CHARLES H. ADAIR
                    BY:  CHARLES H. ADAIR, ESQ.
                    533 "F" STREET, SUITE 212
                    SAN DIEGO, CALIFORNIA  92101


TAMELA ERVIN, RPR, CSR NO. 9685
OFFICIAL COURT REPORTER
SAN DIEGO, CALIFORNIA



16 MARCH 05



9        MS. HANNAH:   OKAY.



25        MR. ADAIR:   CERTAINLY, YOUR HONOR.

26              YOUR HONOR, MY CLIENT WISHES TO ADDRESS THE COURT.

27        THE COURT:   WELL, SIR, ON WHAT ISSUE?

28        THE DEFENDANT:   AT THIS TIME, YOUR HONOR, I WOULD LIKE TO

1    INVOKE MY SIXTH AMENDMENT RIGHTS TO REPRESENT MYSELF AS

2    COUNSEL.

3            THE COURT:  ALL RIGHT.  SIR, I'LL TAKE THAT UP IN A

4    MOMENT.  I WANT TO FIRST DEAL WITH THE ISSUES THAT ARE ON

5    CALENDAR FOR TODAY.

6            I KNOW OVER THE COURSE AND THE HISTORY OF THIS CASE,

7    ISSUES LIKE THAT HAVE BEEN RAISED BEFORE.  SO I'LL SET ASIDE

8    TIME AT THE END OF TODAY'S HEARING TO HEAR THOSE FROM YOU.

9            ALL RIGHT.  AND THEN IF I GRANT YOUR MOTION, YOU

10   WILL HAVE THE OPPORTUNITY TO ADDRESS ANYTHING WE'VE ADDRESSED.

11           THE DEFENDANT:  EXCUSE ME.  I WOULD LIKE A MARSDEN

12           THE COURT:  ALL RIGHT.  WE'LL DO THAT, TOO

13           THEN THE NEXT ISSUE RAISED BY THE DEFENSE BRIEF

14   RELATES TO EXCLUSION OF EVIDENCE.



19           THE COURT:  ALL RIGHT.  SO I'VE READ THOSE ARGUMENTS.





6        THE COURT:  ALL RIGHT.  WELL, I UNDERSTAND YOUR ARGUMENT.

7   AND IT'S DENIED, WITH THE GUIDANCE I'VE GIVEN, THAT I DON'T

8   EXPECT THE TERM TO BE USED IN AN INFLAMMATORY WAY.

9        I EXPECT BOTH ATTORNEYS WILL, AS REASONABLY AS

10  POSSIBLE, REFER TO PEOPLE AS THEIR NAMES.  AND AGAIN, IF FROM

12  MISCONDUCT.  BUT SIMPLY EVERYONE SHOULD USE THEIR GOOD JUDGMENT

13  IN PRESENTING THE CASE TO THE JURY.  I DON'T AT THIS POINT SEE A

14  REASON TO GRANT THAT MOTION.

15        OKAY.  ANYTHING ELSE THAT WE NEED TO ADDRESS?  AND

16  IF NOT, WHAT I'LL BE DOING IS EXCUSE MS. HANNAH -- TAKE A BREAK

17  AT THIS POINT AND THEN RESUME WITH JUST MR. ADAIR AND MR. BURTON

18  SO WE CAN DEAL WITH ISSUES RELATED TO THE MARSDEN MOTION.

19        ANYTHING ELSE?

20   MS. HANNAH:  I DON'T THINK SO.

21   THE COURT:  OKAY.  THEN I WILL BE EXPECTING COUNSEL TO

22  REPORT HERE -- LET'S SEE.  IF WE'RE GOING TO WANT TO GET STARTED

23  WITH THE PANEL, THEY WON'T BE READY UNTIL 9:15.  THERE MAY HAVE

24  BEEN ISSUES THAT WOULD HAVE DEVELOPED BETWEEN NOW AND THEN.  SO

25  I'D PROBABLY LIKE YOU HERE AT 8:45, ON WEDNESDAY --

26   MS. HANNAH:  OKAY.

27   THE COURT:  -- THE 23RD.

28   MS. HANNAH:  OKAY.





4          THE COURT:  OKAY.  VERY GOOD.  WE'LL BE IN RECESS FOR 15

5     MINUTES.

8                    (PAGES 181 THROUGH 206 HAVE BEEN ORDERED SEALED BY

9     THE COURT AND APPEAR IN A SEPARATE SEALED VOLUME NO. 2A.

10    UNSEALED PROCEEDINGS CONTINUE ON PAGE 207;                )

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1    SAN DIEGO, CALIFORNIA; WEDNESDAY, MARCH 16, 2005; P.M. SESSION

2

3    (THE FOLLOWING PROCEEDINGS, PAGES 181 THROUGH 206, WERE

4    ORDERED SEALED BY THE COURT.)

5

6    THE BAILIFF:  PLEASE REMAIN SEATED AND COME TO ORDER.

7    DEPARTMENT 10 IS IN SESSION.

8    THE COURT:  OKAY.  WE ARE BACK ON THE RECORD IN THE BURTON

9    MATTER.  AND THE COURTROOM HAS BEEN CLOSED.  THE PROSECUTOR HAS

10   LEFT.  WE ONLY HAVE PRESENT MR. BURTON AND HIS COUNSEL AND

11   COURTROOM STAFF.

12   MR. BURTON, I UNDERSTAND THAT YOU WANTED TO RAISE A

13   MARSDEN MOTION; IS THAT CORRECT?

14   THE DEFENDANT:  YES, YOUR HONOR.

15   THE COURT:  OKAY.  WHAT IS THE -- WELL, LET ME FIRST

16   REVIEW WITH YOU.  I BELIEVE IN THE PAST YOU HAD A MARSDEN

17   HEARING, BUT NOT IN FRONT OF ME.  SO I WANTED TO JUST MAKE SURE

18   YOU UNDERSTAND, BECAUSE IT'S A CLOSED HEARING, ANY STATEMENTS

19   THAT YOU MAKE WOULD BE HELD IN CONFIDENCE AND NOT DIVULGED TO

20   THE PROSECUTOR.

21   ADDITIONALLY, WHEN WE'RE DONE WITH THIS, THIS

22   PORTION OF THE TRANSCRIPT WILL BE ORDERED SEALED, SO IT'S NOT

23   PART OF THE PUBLIC RECORD.  AND THAT WOULD ONLY BECOME AVAILABLE

24   TO OTHER COUNSEL OR PARTIES IF A MOTION IS MADE TO THE COURT.

25   THE DEFENDANT:  YES, YOUR HONOR.

26   THE COURT:  SO DO YOU UNDERSTAND THAT, SIR?

27   THE DEFENDANT:  YES, YOUR HONOR.



182



4        THE COURT:  OKAY.  AND DO YOU FEEL THAT MR. ADAIR HAS NOT

5   PROPERLY REPRESENTED YOU?

7        THE COURT:  AND WHY DO YOU FEEL THAT WAY?

8        THE DEFENDANT:  WELL, THERE'S BEEN A BREAK IN THE

9   ATTORNEY/CLIENT PRIVILEGE.

11                     , I HAD CALLED HIS

12   OFFICE, REQUESTING TO SEE HIM, BECAUSE I HAD SOME INFORMATION

13   FOR HIM ON SOME MATTERS PERTAINING TO MY CASE.

14        HOWEVER,        , A WOMAN SHOWED UP,

15   ATTEMPTING TO INTERVIEW ME AND STATING THAT HER CAPACITY WAS

16   SOME SORT OF PSYCHIATRIST OR WHATEVER.  I REFUSED THE INTERVIEW

22   LAW.  AND I FELT THAT I WAS VIOLATED AS FAR AS MY RIGHT TO

23   PRIVACY AND MY ATTORNEY/CLIENT PRIVILEGE WAS VIOLATED BY THIS

⑱

9    THE DEFENDANT:

12    ASSUMING I WOULD HAVE A VISIT WITH MR. ADAIR.  QUITE TO MY

13    SURPRISE, IT WAS BY SOMEONE THAT WAS NOT MY ATTORNEY.

14        THE COURT:  LET ME MAKE SURE I UNDERSTAND.

19        THE COURT:  OKAY.  NOW,

20    TELL ME SOMETHING ELSE BEYOND THIS VIOLATION OF ATTORNEY/CLIENT

21    PRIVILEGE.

24    ✕    THE COURT:  IT'S NOT A CAPITAL CASE.

25        THE DEFENDANT:  WELL, IT HAS TO DEAL WITH THE REST OF MY

26    LIFE.  AND I FEEL THAT TIME AND EFFORTS NEEDED TO TAKE PLACE AS

27    FAR AS PUTTING THIS CASE TOGETHER AS FAR AS STRATEGY,

28    -- I FEEL AS THOUGH THAT HAS NOT BEEN DONE.  I FEEL THAT

(19)

16 MARCH 05

1  THERE'S A CONFLICT OF INTEREST HERE.  AND IT HAS BEEN FROM THE

2  VERY BEGINNING.  I HAVE EVIDENCE HERE THAT YOU CAN LOOK AT IF

3  THE BAILIFF CAN TAKE THIS.

4          THE COURT:  SURE.  I'LL TAKE A LOOK AT THAT.

5          THE DEFENDANT:  AND I HAVEN'T HAD ADEQUATE PRO VISITS.

6          THE COURT:  WHAT KIND OF VISITS?

7          THE DEFENDANT:  ██████████████████████████      I

8  HAVEN'T HAD THE VISITS, AS FAR AS DISCUSSING THE CASE. ████

10  EFFORTS IN RETRIEVING CERTAIN THINGS.

11          THE COURT:  CAN YOU BE MORE SPECIFIC?

12          THE DEFENDANT:  YES. ████████████████████████████

14  MR. THOMAS VIA MY CELL PHONE.  BECAUSE MY DAUGHTER WOULD CALL ME

15  ON MY CELL PHONE, AND HE CALLED, THREATENING ME.  AND I ASKED

17  RETRIEVE AND REVIVE THOSE MESSAGES, WHICH WOULD SUPPORT MY

18  CASE.  BECAUSE --

19          THE COURT:  LET ME MAKE SURE I UNDERSTAND.  THE -- THERE

20  WERE CALLS MADE TO YOUR CELL PHONE --

21          THE DEFENDANT:  YES.

24          THE COURT:  AND THEN AT SOME POINT YOU ASKED THE DEFENSE

26          THE DEFENDANT:  RIGHT.  THE PHONE NUMBER IS AREA CODE

27  619-253-1895.  IT'S A SPRINT PHONE.  SPRINT PCS.



185



2       THE DEFENDANT:   YES, I ALSO HAVE MY DAUGHTER RECORDED ON

3   THERE ALSO, BECAUSE THEY TRIED TO MAKE ME SEEM AS IF I'M SOME

4   SORT OF ESTRANGED FATHER.

5       THE COURT:   OKAY.  WHAT ELSE DID YOU ASK THE INVESTIGATOR

6   TO DO BESIDES THE ---- WAIT, WE'VE JUST GOT TO MAKE A GOOD RECORD.

7       THE DEFENDANT:   I'M SORRY.

8       THE COURT:   I WANT TO MAKE SURE I UNDERSTAND YOUR

9   COMPLAINTS.

10      THE DEFENDANT:   OKAY.

11      THE COURT:   NUMBER ONE,

12   FOLLOW UP ON THE THREATS ON YOUR CELL PHONE,

14      THE DEFENDANT:   YES.  GET IT REVIVED OR SOMETHING.

15      THE COURT:   WHAT WAS THE NEXT CONCERN YOU HAD?

16      THE DEFENDANT:   THE NEXT CONCERN THAT I'VE HAD -- THAT

18   THE TIME OF MY ARREST.  AND THE POLICE DID NOT ALLOW ME TO CALL

19   MY ATTORNEY, AFTER BEING THERE FOR THREE HOURS.

20      THE COURT:   WHAT I NEED YOU TO FOCUS ON IS MR. ADAIR,

21   NOT --

22      THE DEFENDANT:   YES, MA'AM.  AND THE POINT THAT I WAS

23   MAKING WAS THAT I DID NOT MEET WITH ANY ATTORNEY UNTIL 14 DAYS

24   AFTER MY ARREST.



3          THE COURT:  SO WHAT EXACTLY IS IT THAT MR. ADAIR HASN'T

4    DONE THAT YOU THINK IS WRONG?

5          THE DEFENDANT:  THE THING IS I WANTED SOME SORT OF

6    FORENSIC TESTING OF WHERE YOU SWEEP THE AREA SO YOU CAN

7

9

10

11

12          THE COURT:  HOW MANY ATTORNEYS HAVE YOU HAD?

13          THE DEFENDANT:

14    ONE WAS MR. NEWTON,

16                        AND SO IT WAS A CONFLICT.  BECAUSE

19    HIMSELF DUE TO A CONFLICT OF INTEREST.

20          THE COURT:  WAS MR. PLUMMER RELIEVED BASED UPON A MOTION

21    YOU MADE?

22          THE DEFENDANT:                  BECAUSE MR. --

23          THE COURT:  SO THEN AFTER MR. PLUMMER, MR. NEWTON, WHO DID

24    YOU HAVE NEXT?

25          THE DEFENDANT:                    THE FIRST ONE WAS MR. VIC

26    ERICSEN, BUT I NEVER MET WITH HIM.

27          HE HAD A CONFLICT OF INTEREST BECAUSE HE REPRESENTED

28    MR. THOMAS IN THE PAST.  THEN THERE WAS MR. PLUMMER, THEN THERE



9          THE COURT:  OKAY.  ANY OTHER COMPLAINTS ABOUT THE DEFENSE

10   OF YOUR CASE?

11          THE DEFENDANT:

17   BE IN JAIL HERE FOR ONE YEAR,

18   WITHOUT PROBABLE CAUSE.

19          THE COURT:                              , THE SUPPRESSION MOTION, WHAT

21          THE DEFENDANT:                          , DUE TO THE FACT THAT MY

22   DAUGHTER DREONA BURTON WAS ALSO A PROTECTED PERSON ON THE

23   RESTRAINING ORDER.

24                          HE CALLED HER -- REFERRED TO HER --

25                                        .  BUT HE WAS YELLING AND

26   EVERYTHING.  WITNESSES WERE NOT SEPARATED.

27          THE COURT:                              THE MOTION --

28          THE DEFENDANT:  THE MOTION AS FAR AS DISMISS DUE TO

1    DISSUADING OF A WITNESS. MY DAUGHTER, BECAUSE SHE WAS ALSO A

2    EQUAL PROTECTANT ON THAT ORDER, WHICH WAS VIOLATED.

3         THE COURT:  ALL RIGHT.  ANY OTHER MOTIONS YOU THOUGHT

4    SHOULD BE FILED?

5         THE DEFENDANT:  YES.  ALSO, THERE ARE FALSE STATEMENTS

6    THAT HAVE BEEN ENTERED INTO THE RECORD AS FAR AS ME ALLEGEDLY

7    ████████████████, AS FAR AS THE MOTION THAT WAS WRITTEN TO

8    1538.5. ██████████████████████████████████████████

11        THE COURT:  ALL RIGHT.  IS THIS THE SAME ISSUE YOU HAD

12   RAISED TO JUDGE PRECKEL, WHERE THERE WAS CONCERN RAISED BY YOU

13   THAT THE STATEMENT OF FACTS DIDN'T FULLY SET FORTH THINGS

14   APPROPRIATELY?

15        THE DEFENDANT:  WELL, WITH JUDGE PRECKEL --

16        THE COURT:  I JUST WANT TO KNOW IF THAT'S THE SAME ISSUE

17   YOU'RE TALKING ABOUT?

18        THE DEFENDANT:  ████████████████ BUT I WAS DENIED MY

19   MARSDEN BY JUDGE PRECKEL.  HE NEVER GAVE ME AN OPPORTUNITY TO

21        THE COURT:  ████████████████

22        WHAT OTHER ISSUES ARE THERE BEYOND WHAT YOU'VE TOLD

23   ME HAVE NOT BEEN ADEQUATE BY THE DEFENSE?

24        THE DEFENDANT:  THE FACTS OF THE CASE HAVE BEEN

25   MISSTATED. ██████████████████████████████████

26   ██████████████████ -- I ASKED HIM TO FILE A MOTION WITH THE

27   JUDGE -- YOURSELF -- ORDERING PROSECUTION TO TURN OVER ALL

28   DISCOVERY BECAUSE MOTIONS THAT WERE FILED BY MR. PLUMMER JULY



3

4    TO COMPEL PROSECUTION TO TURN OVER ALL DISCOVERY.

14          THE COURT:   I DO WANT TO NOTE, FOR THE RECORD, THE

15    DOCUMENT YOU HANDED TO ME WHEN YOU WERE TALKING ABOUT THE LADY

16    WHO CAME TO VISIT YOU IDENTIFIES HER AS CATHERINE DIFRANCESCA,

17    WHO THE COURT RECOGNIZES AS A PSYCHOLOGIST OR A PSYCHIATRIST WHO

18    DOES DO COURT-APPOINTED EVALUATIONS AND OTHERWISE.   SO SHE DOES

19    APPEAR TO BE SOME TYPE OF MENTAL HEALTH EXAMINER.   AND THE DATE

20    REFERENCED IS -- I'M NOT QUITE SURE HOW TO READ THIS DOCUMENT,

21    BUT IT LOOKS LIKE JANUARY 5TH OF '05,



27          THE COURT:   I'LL GIVE THIS BACK TO MR. ADAIR, BECAUSE HE

28    MAY BE ABLE TO INTERPRET IT, AND WE CAN AT LEAST PINPOINT THE

(26)

1    DATE. ~~_____~~.

2         THE DEFENDANT:   MY POINT IS I HAD ALREADY EXPRESSED, AS

3    FAR AS MY RIGHTS, TO REFUSE.

4         THE COURT:   I DON'T NEED YOU TO REARGUE THE MOTION. ~~__~~

~~_____~~

~~_____~~

7         THE DEFENDANT:   YES, MA'AM.

8    MR. ADAIR:   IT LOOKS LIKE 5 JANUARY, YOUR HONOR.

9    THE COURT:   ALL RIGHT.

10        OKAY.   I'LL TAKE THAT BACK FOR THE MOMENT.

18        THE COURT:   IS THAT SOMETHING YOU HAD ORIGINALLY ASKED

~~_____~~

20        THE DEFENDANT: ~~_____~~

21   ~~_____~~ EXTRAORDINARY WRIT OF MANDATE FOR REVIEW OF

22   THE 1538.5 MOTION. ~~_____~~

23   APPEALING JUDGE PRECKEL'S DECISION AS FAR AS HIS DENIAL OF

24   SUPPRESSING THE VEHICLE.  BECAUSE THE VEHICLE WAS UNLAWFULLY

25   ENTERED, SEIZED AND REMOVED FROM MY RESIDENCE WITHOUT --

26   THE COURT: ~~_____~~   THE WRIT OF

27   MANDATE FROM THE SUPPRESSION?

28        THE DEFENDANT:   YES ~~_____~~ -- ~~_____~~



1    WHERE I'M TRYING TO PREPARE FOR TRIAL AND MAYBE GET THIS

2    DISMISSED BEFORE TRIAL. HE SEEMS TO ALREADY HAVE ME CONVICTED.

5    THE COURT:  WHY DON'T I STOP YOU THERE SINCE YOU'VE GIVEN

6    ME THE LIST OF THE TYPE OF MOTIONS.  I THINK WHAT I NEED TO DO

7    IS GIVE MR. ADAIR AN OPPORTUNITY TO EXPLAIN WHAT WORK HE HAS

8    DONE.  LET ME JUST SEE IF THERE'S ANYTHING ELSE I WANTED TO ASK

9    YOU FIRST.  LET'S DO THIS.  LET ME ASK MR. ADAIR FIRST JUST TO

10   STATE FOR THE RECORD WHAT HIS EXPERIENCE IS IN CRIMINAL PRACTICE

11   SO I HAVE A LITTLE FRAME OF REFERENCE.  TIME IN PRACTICE, YEARS,

12   TYPES OF CASES.

13       MR. ADAIR:  MEMBER OF THE MARYLAND BAR, DISTRICT OF

14   COLUMBIA, CALIFORNIA BAR, COURT OF MILITARY APPEALS, FIVE YEARS

15   ACTIVE DUTY NAVY JAG, CERTIFIED AS A MILITARY JUDGE.  LET'S

16   SEE.  I PRACTICE IN BOTH STATE AND FEDERAL COURT.

17       I'VE BEEN DOING PRETTY MUCH EXCLUSIVELY CRIMINAL

18   DEFENSE SINCE -- I'VE BEEN AN ATTORNEY SINCE 1967.  PRETTY MUCH

19   DONE CRIMINAL DEFENSE ALMOST EXCLUSIVELY SINCE ABOUT LATE '70S.

20   AROUND 1979 OR SO.  PREVIOUSLY SERVED AS A CERTIFYING CRIMINAL

21   LAW SPECIALIST, BUT DIDN'T RENEW IT BECAUSE IT DIDN'T SEEM TO

22   MAKE ANY DIFFERENCE.  I'VE DONE TWO CAPITAL CASES AND PROBABLY

23   60 OR SO MURDER CASES.  TRIALS, 200 OR 300.  AVERAGE ABOUT MAYBE

24   BETWEEN THREE TO FIVE TRIALS A YEAR, BOTH FEDERAL AND STATE

25   COURT, AND ATTEND SEMINARS PRETTY REGULARLY.

26       I THINK THIS LAST YEAR I HAD 60 HOURS OF CONTINUING

27   LEGAL EDUCATION SEMINARS, INCLUDING ATTENDANCE AT THE

28   CALIFORNIA -- EXCUSE ME -- THE MONTEREY CAPITAL CASE SEMINAR PUT

1   ON BY THE CALIFORNIA PUBLIC DEFENDERS' ASSOCIATION EVALUATION

2   AND THE CALIFORNIA ATTORNEYS FOR CRIMINAL JUSTICE.  ATTENDED

3   THAT THE LAST TWO YEARS.  I'VE BEEN ATTENDING IT ON A REGULAR

4   BASIS SINCE IT FIRST STARTED IN ABOUT 1980.  I WAS THE

5   ORIGINATOR OR THE FOUNDER OF THE SUBCOMMITTEE OF THE

6   CALIFORNIA -- EXCUSE ME, THE SAN DIEGO CRIMINAL DEFENSE

7   ATTORNEYS CLUB ON CAPITAL CASES, WHERE WE WOULD MEET AND DISCUSS

8   ISSUES THAT WERE HEARD, AS FAR AS CAPITAL CASES.  THIS, AGAIN,

9   WAS IN THE EARLY '80S.

10       THE COURT:  THAT GIVES ME A PRETTY GOOD OVERVIEW, AT

11  LEAST.

12           HOW LONG HAVE YOU BEEN REPRESENTING MR. BURTON?

13       MR. ADAIR:  SINCE SOMETIME IN NOVEMBER.

14       THE COURT:  WAS HIS SUMMARY OF THE SEQUENCE OF EVENTS

15  ACCURATE, TO THE BEST OF YOUR KNOWLEDGE?

16       MR. ADAIR:  I BELIEVE IT WAS.  PUBLIC DEFENDER FIRST WITH

17  MR. ERICSEN.  THERE WAS A CONFLICT.  HE GOT OFF.  MR. PLUMMER

18  WAS APPOINTED, PCC.  REPRESENTED MR. BURTON UNTIL ABOUT

19  NOVEMBER, ███████████████        AND MR. NEWTON WAS

20  APPOINTED THROUGH PCC.  AND WITHIN A DAY OR SO, MR. NEWTON

21  REALIZED THERE WAS A CONFLICT, AND I WAS APPOINTED.

22       THE COURT:  OKAY.  AND IF YOU COULD BRIEFLY EXPLAIN WHAT

23  TYPE OF WORK YOU'VE DONE TO REPRESENT MR. BURTON SINCE YOU CAME

24  ONTO THE CASE?

25       MR. ADAIR:  █████████████████████



9    AS FAR AS THE PSYCHOLOGIST, DR. DIFRANCESCA, YOUR

10    HONOR INDICATED YOU KNOW HER AND HER REPUTATION.  I NORMALLY USE

11    HER ON ANY TYPE OF SERIOUS CASE,

17    AND I DIDN'T KNOW WHEN

18    SHE WAS GOING TO DO THE VISIT.  SO THAT'S -- AS I SAY,

19    MR. BURTON REFUSED TO TALK TO HER.

20    AND HAS STATED TO ME THAT HE DOES NOT WISH HIS

21    MENTAL STATE TO BE INQUIRED INTO AND FOR A LONG TIME REFUSED TO

22    SIGN ANY CONSENT FORMS CONCERNING HIS RECORDS UNTIL FAIRLY

23    RECENTLY.  AND THOSE CONSENT FORMS WERE TO GET RECORDS FROM THE

27    CONCERNING HIS EYESIGHT AND TREATMENT FOR THAT,



9      AS FAR AS THE PSYCHOLOGIST, DR. DIFRANCESCA, YOUR

10     HONOR INDICATED YOU KNOW HER AND HER REPUTATION.  I NORMALLY USE

11     HER ON ANY TYPE OF SERIOUS CASE,

17

18     SHE WAS GOING TO DO THE VISIT.  SO THAT'S -- AS I SAY,

19                            MR. BURTON REFUSED TO TALK TO HER.

20              AND HAS STATED TO ME THAT HE DOES NOT WISH HIS

21     MENTAL STATE TO BE INQUIRED INTO AND FOR A LONG TIME REFUSED TO

22     SIGN ANY CONSENT FORMS CONCERNING HIS RECORDS UNTIL FAIRLY

23     RECENTLY.  AND THOSE CONSENT FORMS WERE TO GET RECORDS FROM THE

27     CONCERNING HIS EYESIGHT AND TREATMENT FOR THAT,

30

1  ~~SUBPOENA FOR COPIES OF THOSE RECORDS. WE SETTLE ON~~

2  THE COURT:  BEFORE WE GO DOWN HIS LIST OF COMPLAINTS,

3  ~~ANYTHING ELSE JUST TO CONTINUE FOR A MOMENT ON~~

4  ~~THE MEMO OF MR. BURTON THAT~~

5  ~~ONE MORE OF IT THAT~~

6  ~~IN THIS CASE. NOW STOP.~~

7  MR. ADAIR:  WELL, PART OF IT IS MR. BURTON HAS BEEN DOING

8  A LOT OF RESEARCH ON HIS OWN IN THE LAW LIBRARY AND HAS A LOT OF

9  LEGAL THEORIES AS FAR AS WHY THE CASE SHOULD BE DISMISSED,

10 ~~BECAUSE OF THIS. AND HE IS GREATLY CONCERNED. SO WE CAN~~

11 ~~AT HIM THAT THE RECORD WITH THE OFFICE BUT HE'S NOT BEEN THAT~~

12 ~~PRODUCTIVE AS HE SPECIFICALLY FOCUS CONTROLLED THE~~

13 ~~INVESTIGATION AS FAR AS CONDUCT IS FOUND BY OFFERS~~

14 THE COURT:  WHY DON'T WE GO, THEN, TO THE ISSUES HE'S

15 RAISED, AND IF YOU COULD BRIEFLY RESPOND.  HE FIRST RAISED

16 ~~THE ISSUE OF PRODUCE~~

17 ~~CORRESPONDENCE AND THE FIRST TIME~~

18 ~~SOUNDS LIKE HIS ATTORNEY HAVE BEEN THE CASE~~

19 ~~HE PERSONALLY~~

20 WHEN HE CALLS YOUR OFFICE TO IMPART INFORMATION, IS

21 THAT SOMETHING THAT GETS COMMUNICATED TO YOU?

22 MR. ADAIR:  ██.  BUT I'M NOT ALWAYS IN MY OFFICE, OF

23 COURSE.  AND THEN I DO HAVE AN ASSISTANT WHO IS USUALLY THERE

24 BETWEEN THE HOURS OF ABOUT 10:30 AND 4:30.  BUT SHE'S NOT ALWAYS

25 THERE.  SHE ALSO DOES ERRANDS, FILES PAPER WITH THE COURTS,

26 ~~████████████████████████~~

27 THE COURT:  AND SINCE THE TIME OF THE CALL TO YOU, WHICH

28 APPEARS TO HAVE BEEN EARLY JANUARY, I TAKE IT YOU HAVE HAD



1   MEETINGS WITH MR. BURTON PERSONALLY?

2          MR. ADAIR: ~~████████████████████████████~~

~~████████████████████████████████████~~

4   ~~████████~~.  FOR A WHILE MR. BURTON WAS HOUSED AT THE

5   DOWNTOWN JAIL, WHICH IS CONVENIENT BECAUSE IT'S NEAR MY OFFICE.

6   HE WAS TRANSFERRED TO GEORGE BAILEY SEVERAL MONTHS AGO.   AND

7   THAT TAKES BASICALLY HALF A DAY OUT OF YOUR WORKING DAY TO DO A

8   VISIT AND DO THE TRANSPORTATION DOWN THERE AND BACK. ~~████████~~

~~████████████████████████████████████████~~

~~████████████████████████████████████████~~

~~████████████████████████████████████████~~

~~████████████████████████████████████████~~

13         THE COURT: ~~████████████████████████~~

14  ADEQUATE TIME SPENT AND HE'S REFERENCED TO ADEQUATE -- I THOUGHT

15  HE SAID PRO VISITS, BUT I'M NOT QUITE SURE.

16         MR. ADAIR:  I THINK HE MEANT PROFESSIONAL VISITS.

17         THE COURT: ~~████████████████████████~~

18  MEETING WITH HIM.  AND SO DO YOU HAVE ANY TYPE OF ESTIMATE TO --

19  SINCE YOU CAME ON THE CASE BACK IN NOVEMBER, DO YOU HAVE ANY WAY

20  TO ESTIMATE HOW OFTEN YOU'VE EITHER MET FACE TO FACE OR BY

~~████████████████████~~

22         MR. ADAIR:  I DON'T KNOW. ~~████████████████~~ -- I

23  DON'T KNOW HOW MANY TIMES ON THE TELEPHONE WE'VE TALKED.

~~████████████████████████████████████████~~

25  ~~████████████~~.  I DID NOT TALK TO HIM MONDAY BECAUSE I. --

26  AFTER WE TRAILED THE CASE FOR TWO DAYS, I HAD TO LEAVE

27  IMMEDIATELY TO MAKE AN APPOINTMENT DOWNTOWN.  HE WAS NOT IN THE

28  COURTROOM FOR THE TRAILING.

(32)

1    THE COURT:  HE INDICATES THAT -- INSUFFICIENT

4    MR. ADAIR:  WELL, THE THREATS ON THE CELL PHONE --

     I HAVE NOT CHECKED ON THAT.  BUT

7    MY UNDERSTANDING WOULD BE ANY CONVERSATIONS WITH THREATS WOULD

8    HAVE BEEN RECORDED ON SOME SORT OF VOICEMAIL THAT WOULD HAVE

10    THE COURT:  HE'S RAISED THE ISSUE ABOUT FORENSIC TESTING

12    MR. ADAIR:  THE ISSUE INVOLVES THE HOSING DOWN OF THAT

16    AGAIN, I CAME ON THE CASE SIX -- APPROXIMATELY SIX

17   MONTHS, SEVEN, EIGHT MONTHS -- EIGHT MONTHS LATER.  AND AT LEAST

18   IN MY MIND,                                         IT WOULD

19   APPEAR THAT ANY ATTEMPT TO DO LUMINAL TESTING OR WHATEVER WILL

20   NOT BE PRODUCTIVE.

1    EARLIER?

2        MR. ADAIR:   I DIDN'T FEEL IT WOULD BE PRODUCTIVE.

3        THE COURT:   AND THE MOTION TO SUPPRESS?   THOSE MOTIONS

6        MR. ADAIR:   I THINK HE WOULD HAVE PREFERRED THEY BE DONE

8        THE COURT:   SOONER IN THE CASE?

9        MR. ADAIR:   SOONER.

10       THE COURT:   WERE THOSE DONE BY YOU OR BY MR. PLUMMER?

11       MR. ADAIR:   I THINK BOTH.   I THINK MR. PLUMMER FILED A

12   NUMBER OF MOTIONS, INCLUDING A DISCOVERY MOTION, AND THAT THEY

13   WERE BASICALLY TAKEN OFF CALENDAR.

14       THE COURT:

15   PROTECTIVE ORDER AND,

16                           DO YOU HAVE ANY UNDERSTANDING?

17       MR. ADAIR:   AS FAR AS -- EXCUSE ME.

21       THE COURT:   ALL RIGHT.

22       MR. ADAIR:   SOME OF THE MOTIONS THAT MR. BURTON FEELS ARE

23   VERY IMPORTANT IN HIS CASE,

25                                       IN MY VIEWPOINT,

27                                       SUCH AS THE REQUEST

28   FOR WRIT OF MANDATE, IT SEEMS LIKE A WASTE OF TIME TO

1   CONCENTRATE ON THAT WITH THE --

3   ON TRIAL ISSUES.

4           THE COURT:   HE RAISED AN ISSUE ABOUT FALSE STATEMENTS ON

5   THE RECORD.

8           MR. ADAIR:   I THINK WHAT HE MAY BE REFERRING TO IS WHEN I

9   WROTE UP A STATEMENT OF FACTS, HE DISAGREED WITH IT AND FELT

11  HAS BEEN THAT THE STATEMENT OF FACTS HAS TO BE COMPLETELY

12  ACCURATE AND DETAILED; OTHERWISE HE LOSES SOME RIGHTS CONCERNING

16               -- THE FACTS COME OUT IN THE HEARING ON THE

17  MOTION.   AND THAT'S BASICALLY WHAT I TRIED TO DO IS FRAME THE

18  ISSUE,

25          THE COURT:   IN YOUR PROFESSIONAL JUDGEMENT, WHAT NEEDS TO

26  BE DONE HAS BEEN DONE?

27          MR. ADAIR:   SOME OF THE THINGS THAT COULD STILL BE DONE

28  ARE GETTING DOCUMENTS.   AND WE HAVE ISSUED SUBPOENAS FOR THE

1  DOCUMENTS. AND THE MAJOR THING WOULD BE THE ARREST REPORTS

2  CONCERNING MR. THOMAS.

3  ~~THE COURT: THOSE ARE SOME OF THE DOCUMENTS THAT CAME~~

4  ~~TODAY~~

5  MR. ADAIR: ~~THAT WAS SOME~~

6  LAW ENFORCEMENT AGENCIES. SAN DIEGO POLICE DEPARTMENT, I DON'T

7  THINK, HAS RESPONDED.

8  ~~THE COURT: YOU HAVE THE NEXT FEW DAYS TO FOLLOW UP WITH~~

9  ~~THEM~~

10  ~~MR. ADAIR: RIGHT~~

11  THE COURT: ALL RIGHT. ~~~~ -- MOTION

12  TO COMPEL DISCOVERY. IS THERE STILL ANY LURKING DISCOVERY

13  ISSUES?

14  MR. ADAIR: ~~~~ FIRST OFF ~~~~

15  ~~~~

16  ~~~~

17  AND IT CAN'T BE RESOLVED.

18  ~~~~ -- FIRST

19  OFF, I'VE SENT A LETTER TO HER REQUESTING CERTAIN ITEMS.

20  MR. PLUMMER DID THE SAME. MR. PLUMMER FILED A MOTION THAT WAS

21  SERVED ON HER. ~~~~

22  DISCOVERY ISSUES WITH THE PROSECUTOR. ~~~~

23  ~~~~

24  ~~~~

25  ~~~~

26  ~~~~

27  ~~~~

28  ~~~~



9       THE COURT:  AND THEN ANY OTHER PRETRIAL MOTIONS THAT

10  YOU'VE BEEN DISCUSSING OR HAVE AN ISSUE ABOUT, THAT YOU'RE AWARE

11  OF?

12      MR. ADAIR:  I THINK MR. BURTON HAS A NUMBER OF OTHER

16      THE COURT:  ALL RIGHT.  ANYTHING ADDITIONAL THAT YOU

17  WANTED TO SAY IN RESPONSE TO THE SUMMARY OF THE COMPLAINTS THAT

18  MR. BURTON GAVE?

19      MR. ADAIR:  NO, YOUR HONOR.

20      THE COURT:  ALL RIGHT.  THANK YOU.

21      MR. BURTON, DID YOU HAVE ANYTHING NEW YOU WANTED TO

22  ADD IN RESPONSE TO WHAT MR. ADAIR HAS TOLD THE COURT?

23      THE DEFENDANT:  IF I JUST MAY HAVE A MOMENT TO THINK.

24  LIKE, ONE MINUTE.

25      THE COURT:  SURE.

26      MR. ADAIR:  YOUR HONOR, MR. BURTON HAS TWO PAPERS HERE.

27  THE FIRST TALKS ABOUT TRIAL STRATEGY.  AND I GUESS A DECISION OF

28  COUNSEL OR THE DEFENDANT AS TO TRIAL STRATEGY.



2          MAY I PASS THESE ON TO YOU, YOUR HONOR?

3      THE COURT: SURE.   THANK YOU.

8      THE COURT: AND THEN YOU ALSO, IT LOOKS LIKE, PULLED SOME

9  LANGUAGE OUT OF A CASE RELATING TO THE FACT THAT THE

10  DECISIONMAKING ON STRATEGY IS THE DUTY OF DEFENSE COUNSEL, BASED

11  UPON THE DEFENDANT CONSENTING

15     THE COURT: WE'LL MAKE THOSE PART OF THE COURT FILE AS

16  WELL AS YOUR VISITOR INMATE PRINTOUT SHEET.   SO WE'LL HAVE A

17  RECORD OF THAT

21     THE COURT: OKAY.

1 ~~_____~~ -- I DIDN'T

2 BELIEVE HE COULD WIN HIS CASE.

3      THE COURT: ALL RIGHT. WELL, ~~_____~~

4 ~~_____~~

5 ~~_____~~ -- MR. BURTON HAS CERTAIN THINGS HE WANTED TO HAVE. AND

~~_____~~

7 SHOULD BE DONE.

8      TO THE EXTENT THERE ARE ANY CONFLICTS MADE BY EITHER

9 OF YOU IN YOUR STATEMENTS, I DO BELIEVE, MR. ADAIR, FOR EXAMPLE,

10 ~~_____~~

11 ~~_____~~

12 ~~_____~~

13 ~~_____~~

14 ~~_____~~

15 ~~_____~~

16 PREARRANGED OR RESPONDED TO THAT QUICKLY IN RESPONSE TO A CALL

17 BY MR. BURTON TO MR. ADAIR'S OFFICE.

18      MR. ADAIR: IN OTHER WORDS, I SHOULD CONFIRM, ~~_____~~

19 ~~_____~~

20      THE COURT: YES. ~~_____~~ SHE'S

21 VERY BUSY. AND I REMEMBER IN PAST TIMES TRYING TO SCHEDULE

22 AROUND HER SCHEDULE IS DIFFICULT.

23      SO THAT TO ME IS A VERY LOGICAL EXPLANATION AS TO

24 THAT EVENT. THE OTHER EXPLANATION -- OR THE COMPLAINTS MADE BY

25 MR. BURTON, I THINK THAT MR. ADAIR HAS ADEQUATELY EXPLAINED WHY

26 HE TOOK THE ACTION THAT HE DID. OR WHY HE DIDN'T PURSUE THINGS

27 THAT HE FELT WOULD NOT BE HELPFUL. AND I FIND THAT AT THIS

28 POINT HE HAS PROPERLY REPRESENTED MR. BURTON AND WILL CONTINUE



1    TO DO SO.

2              I DON'T SEE THAT THERE'S BEEN A BREAKDOWN IN THE

3    RELATIONSHIP.  I NOTE THAT THROUGHOUT THE HEARINGS, AS WE'VE

4    BEEN HEARING MOTIONS TODAY, MR. ADAIR HAS RAISED POINTS AND THEN

5    STOPPED AND CONSULTED WITH MR. BURTON AND THEN RAISED ADDITIONAL

6    POINTS.

7              SO IT APPEARS TO ME THAT THERE IS COMMUNICATION.

8    ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

9    ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

10   MOTION SIGNIFICANCE.  AND SOME OF THE MOTIONS THAT HE'S RAISED,

11   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

12   THE COURT WOULDN'T BE GRANTING IT.  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

13   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

14   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

15   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

16   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

17   IMPOSSIBLE FOR MR. ADAIR TO EFFECTIVELY REPRESENT MR. BURTON.

18              TO THE EXTENT THERE HAVE BEEN ANY DIFFICULTIES, IT

19   SEEMS LIKE SOME OF THEM HAVE BEEN CAUSED BY MR. BURTON NOT

20   EITHER WANTING TO SIGN CONSENT FORMS OR MAKING IT MORE DIFFICULT

21   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

22   PREFER TO HAVE FACE-TO-FACE MEETINGS WITH HIS ATTORNEYS,

23   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

24   IT'S MORE EFFICIENT TO COMMUNICATE IN WRITING OR HAVE ANOTHER

25   COME ON YOUR ATTORNEY'S BEHALF.

26   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

27   THERE IS NOT EFFECTIVE REPRESENTATION.  SO THE MARSDEN MOTION IS

28   DENIED. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

40



4          MR. ADAIR:  COULD I ADD ONE THING, YOUR HONOR?

5          THE COURT:  YES, YOU MAY.

6          MR. ADAIR:  IT JUST POPPED INTO MY MIND, PART OF THE

7     PROBLEM WITH DR. DIFRANCESCA -- AND I JUST REMEMBERED THIS -- IS

8     THAT I HAD ASKED HER TO SEE MR. BURTON.  SHE GAVE ME A TIME

15    EARLIER THAN I WAS ANTICIPATING.

16              WHEN I DID TALK TO MR. BURTON, HE BASICALLY TOLD ME

17    THAT HE WAS UPSET ABOUT IT AND ALSO THAT HE WAS NOT GOING TO BE

18    INTERVIEWED BY DR. DIFRANCESCA OR ANY PSYCHOLOGIST.

24              THE COURT:  OKAY.  THEN AT THIS POINT, WE HAD -- I WAS

25    ATTEMPTING TO HAVE MS. HANNAH BE CALLED BACK BECAUSE WE DID NEED

26    TO DEAL WITH THE ISSUE OF THE EVIDENCE THAT MIGHT BE ADMITTED



1     THE COURT:  YES.  AND WE HAD THE ISSUE OF THE CASTRO, AS

2     WELL AS THE EVIDENCE YOU MIGHT WANT TO PRESENT, SELF-DEFENSE.

3     SO IF WE CAN GET AHOLD OF HER AND GET THAT ADDRESSED BEFORE THE

4     END OF CLOSED SESSION TODAY.



8     BUT IF WE

9     CAN GET IT SOLVED NOW, THAT WOULD BE NICE.

10        MR. ADAIR:  I'M SURE MY ARGUMENT IS GOING TO BE SO

11    CONVINCING, IT WON'T TAKE MUCH TIME.

12        THE COURT:  SHE'LL BE HERE IN JUST A MOMENT.

13            (CONCLUSION OF SEALED PROCEEDINGS.  UNSEALED

14    PROCEEDINGS CONTINUE ON PAGE 207;    )

15

16

17

18

19

20

21

22

23

24

25

26

27

28



2          MR. ADAIR:  NO FURTHER QUESTIONS, YOUR HONOR.

3  THANK YOU.

4          THE COURT:  MISS HANNAH, ANYTHING FURTHER OF MR.

5  MC KELVEY?

6          MS. HANNAH:  NO, YOUR HONOR.

7          THE COURT:  ALL RIGHT.  THANK YOU, MR. MC

8  KELVEY, FOR BEING HERE.  YOU CAN STEP DOWN.  JUST HAVE A

9  SEAT IN THE SPECTATOR'S SECTION FOR A FEW MOMENTS, IF YOU

10  WOULD, PLEASE.

11          ALL RIGHT.  THEN PRESUPPOSING A TIME WAIVER BY

12  MR. BURTON, NOTWITHSTANDING THE PEOPLE'S OBJECTION, I AM

13  GOING TO CONTINUE THIS SUPPRESSION HEARING TO A FUTURE DATE,

14  SPECIFICALLY FEBRUARY 24TH AS SUGGESTED BY MR. ADAIR.  AND

15  I'M ALSO PREPARED TO CHANGE THE TRIAL DATE TO MARCH 14TH,

16  AGAIN, PRESUPPOSING A TIME WAIVER BY MR. BURTON.  SO BEFORE

17  I DO THAT, ANYTHING FURTHER FOR THE RECORD BY EITHER

18  COUNSEL?

19          MS. HANNAH:  YOUR HONOR, I'M SORRY.  THE 1538 IS

20  CONTINUING UNTIL FEBRUARY 24?

21          THE COURT:  CORRECT, AT 9:00, THIS DEPARTMENT.

22          MS. HANNAH:  OKAY.  NOTHING FURTHER.

23          THE COURT:  THE NEW TRIAL DATE WILL BE MONDAY,

24  MARCH 14TH AT 9:00 IN DEPARTMENT 11.

25          ALL RIGHT.  MR. BURTON, YOU HAVE THE RIGHT TO A

26  TRIAL WITHIN 60 DAYS OF THE FILING OF THE INFORMATION IN

27  THIS CASE.

1     ████████  THE NEW TRIAL DATE OF MONDAY, MARCH 14TH,

2     UNDERSTANDING THAT AS A MATTER OF LAW, THE COURT WILL HAVE

3     UP TO 10 DAYS AFTER THAT DATE TO ACTUALLY BEGIN TRIAL. ██

6     THE COURT: ██████████████████

7     ORDERED RESET FOR MONDAY, MARCH 14TH AT 9:00 A.M. IN

8     DEPARTMENT 11.  FURTHER HEARING OF THE DEFENDANT'S MOTION TO

9     SUPPRESS EVIDENCE PURSUANT TO PENAL CODE SECTION 1538.5 IS

10    SET FOR THURSDAY, FEBRUARY 24TH AT 9:00 IN THIS DEPARTMENT,

11    DEPARTMENT 12.

12            COUNSEL, DO YOU WISH CERTAIN OF THE PROSPECTIVE

13    WITNESSES WHO ARE STILL PRESENT IN THE COURTROOM TO BE

14    ORDERED BACK FOR THE MARCH 14TH TRIAL DATE?

15            MS. HANNAH:  YES, YOUR HONOR.  MR. MC KELVEY

16    STAND, MS. ANGELA ████████ STAND, AND MR. ████████ THOMAS STAND.

17            THE COURT:  ALL RIGHT.  THANK YOU.  FOLKS, AS

18    YOU'VE JUST HEARD, THE TRIAL FOR THIS CASE HAS BEEN RESET

19    FOR MONDAY, MARCH 14TH AT 9:00 IN DEPARTMENT 11.  YOU EACH

20    REMAIN UNDER SUBPOENA AND SUBJECT TO FURTHER ORDER OF THE

21    COURT.  YOU ARE EACH ORDERED TO RETURN TO COURT IN

22    DEPARTMENT 11, NEXTDOOR TO THIS ONE, AT 9:00 IN THE MORNING

23    ON MONDAY, MARCH 14TH, UNLESS SPECIFICALLY ADVISED OTHERWISE

24    BY MISS HANNAH OR A REPRESENTATIVE OF THE DISTRICT

25    ATTORNEY'S OFFICE OR BY MR. ADAIR, COUNSEL FOR MR. BURTON.

26    DO YOU EACH UNDERSTAND THAT?  ALL RIGHT.  THANK YOU VERY

27    MUCH FOR YOUR COOPERATION.  YOU'RE FREE TO GO AT THIS TIME.

28            MS. HANNAH:  THANK YOU, YOUR HONOR.




1    SAN DIEGO, CALIFORNIA; WEDNESDAY, MARCH 16, 2005; 2:01 P.M.

2

3        THE COURT:  GOOD AFTERNOON.

4        MR. ADAIR:  GOOD AFTERNOON, YOUR HONOR.

5        THE COURT:  WE'RE ON THE RECORD IN PEOPLE VERSUS ERIC

6    WILTON BURTON.  COURT NUMBER SCE 238643.

7            COUNSEL, STATE YOUR APPEARANCES.

8        MS. HANNAH:  GOOD AFTERNOON, YOUR HONOR.  MARIA HANNAH, ON

9    BEHALF OF THE PEOPLE.

10       MR. ADAIR:  CHARLES ADAIR, ON BEHALF OF ERIC BURTON, YOUR

11   HONOR. ▄▄▄▄▄▄▄▄▄▄▄

12       THE COURT:  ALL RIGHT.  AND WE HAVE, BEFORE THE LUNCH

13   RECESS, HAD A CHANCE TO TALK IN CHAMBERS ABOUT HOW WE WILL

14   PROCEED. ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

15   ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄.  BECAUSE THE COURT IS GOING TO BE DARK ON

16   MONDAY AND TUESDAY, WE WILL BE TRAILING THE TRIAL UNTIL MARCH

17   23RD, WEDNESDAY. ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

20            COUNSEL ARE BOTH ESTIMATING THAT THE CASE SHOULD BE

21   COMPLETELY PRESENTED AND ARGUED AND SUBMITTED TO THE JURY NO

22   LATER THAN THE 29TH; IS THAT CORRECT?

23       MS. HANNAH:  IT IS.

24       MR. ADAIR:  THAT'S CORRECT, YOUR HONOR.

25            HOWEVER, IF IT DOES GO LONGER -- AND, OBVIOUSLY,

26   IT'S HARD TO PREDICT -- THEN WE WOULD HAVE, I GATHER, A RECESS

27   UNTIL YOUR HONOR GETS BACK IN TOWN.

28       THE COURT:  WE WOULD.



1        THE COURT:  MS. HANNAH HAS NOW JOINED US, AND THE

2    COURTROOM IS OPEN.  AND I HAD RECALLED AFTER WE LET YOU GO THAT

3    I HAD FORGOTTEN TO ADDRESS THE ISSUE I HAD RESERVED ON, WHICH

4    WAS THE CASTRO MOTION IN CONJUNCTION WITH THE DEFENSE REQUEST TO

5    HAVE EVIDENCE RELATING TO MR. THOMAS' PAST ACTS.

6        I'M NOT QUITE SURE WHAT THEY HAD IN MIND.  SO MAYBE

7    I CAN GET FROM MR. ADAIR A SUMMARY OF WHAT TYPE OF EVIDENCE

8    THEY'RE HOPING TO ELICIT.  AND I'M ASSUMING IF THIS IS ON THE

9    THEORY OF SELF-DEFENSE, THE DEFENSE WOULD BE ENTITLED TO

10   EVIDENCE OF INFORMATION ON THE *ALLEGED* VICTIM.

11        MR. ADAIR:  YES, YOUR HONOR.

12        AGAIN, WE STILL HAVE TWO ISSUES, AS I SEE IT.  THE

13   FIRST ISSUE IS WHETHER THE -- AT LEAST, THE FELONIES, AS STATED

14   HERE, PERTAIN TO MORAL TURPITUDE AND CAN BE USED FOR

15   IMPEACHMENT.  THERE MAY BE ADDITIONAL CONVICTIONS THAT ARE

16   RELEVANT.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ -- FOR EXAMPLE,

17   MISDEMEANORS THAT INVOLVE MORAL TURPITUDE.

18        THE COURT:  WELL, IT DOESN'T SOUND -- ARE YOU AT THIS

19   POINT PLANNING TO -- LET'S FOCUS JUST ON THE IMPEACHMENT ISSUE.

20   IS THERE ANYTHING YOU WOULD BE SEEKING TO ADMIT JUST UNDER A

21   STRAIGHT CASTRO THEORY TO IMPEACH MR. THOMAS, OTHER THAN THE

22   THREE FELONIES THAT MS. HANNAH HAS LISTED?

23        MR. ADAIR:  I DON'T KNOW, YOUR HONOR.

25        THE COURT:  SO YOU HAVEN'T HAD A CHANCE TO LOOK?

27        THE COURT:  ALL RIGHT.  WELL, THEN MAYBE IT'S PREMATURE TO

28   ADDRESS THIS.

(46)

1    ARREST OR OTHER TYPES OF ARREST -- INCIDENT REPORTS RELATING TO

2    MR. THOMAS?

3         MR. ADAIR:  THAT'S CORRECT.

4         THE COURT:  AND I TAKE IT, BASED UPON THE DEFENSE OF

5    SELF-DEFENSE, YOU MAY BE ASKING TO HAVE EVIDENCE COME IN AS IT

6    RELATES TO PAST ACTS OF VIOLENCE?

7         MR. ADAIR:  THAT WOULD BE THE SECOND ISSUE, YES.  AND

8    MAYBE I SHOULD INDICATE I BELIEVE THAT AT LEAST SOME OF THE

9    INCIDENTS THAT WE HAVE ARREST REPORTS ON INVOLVE DOMESTIC

10   VIOLENCE.  AND THAT IS CONSIDERED TO BE A CRIME OF MORAL

11   TURPITUDE.

12        THE COURT:  WELL, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

13   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.  ▬▬

14   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

15   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

16   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬        TODAY IS WEDNESDAY.

17   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.  BY EITHER FAX OR

18   TELEPHONE OR OTHERWISE, OF WHAT INCIDENTS YOU WOULD BE WANTING

19   TO ELICIT.  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

20   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.  THEN YOU

21   BOTH WILL BE BETTER ABLE TO PRESENT IT TO ME NEXT WEEK, SINCE I

22   WON'T BE HERE MONDAY OR TUESDAY.  IT WILL SIMPLY BE SOMETHING WE

23   CAN TRY TO ADDRESS BEFORE WE BRING IN OUR JURY, OR ELSE WE'LL

24   DEAL WITH IT IN SOME FASHION BEFORE WE GET TO OPENING

25   STATEMENTS.  IT SOUNDS LIKE A PLAN.

26        MS. HANNAH:  YES.

27        MR. ADAIR:  SOUNDS LIKE, YOUR HONOR.  ▬▬▬▬▬▬▬▬▬

28   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



3          THE COURT:  LIKE I SAID, IF YOU DON'T HAVE THE

4    INFORMATION, I CAN'T RULE ON IT.

5          MR. ADAIR:  YES, YOUR HONOR.

6          THE COURT:  WHATEVER YOU HAVE, WE'LL DEAL WITH IT AT THAT

7    TIME.  ALL RIGHT.  THANK YOU.  WE'LL BE IN RECESS.

8          (AT 4:16 P.M., THE PROCEEDINGS WERE ADJOURNED.)

9                         *    *    *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN DIEGO
### EAST COUNTY DIVISION

0350

DATE: 3-23-05          DEPT: 10          Reporter:    Tamela Ervin 9685

**PRESENT HON. LAURA W. HALGREN**
**JUDGE**

CLERK: N. Kerr

BAILIFF: J. Mitchell

REPORTER'S ADDRESS: P.O. BOX 128
SAN DIEGO, CA 92112-4104

---

SCE238643          **People of the State of California,**
                                          **Plaintiff**     **by**     **Maria Hannah**

                   **vs**

                   **Burton, Eric**          **Defendant**    **by**     **Charles Adair**

At 8:45 am case This being the time set for further **TRIAL BY JURY** having been continued from 3-16-05. The People are present by Deputy District Attorney Maria Hannah. Private Conflict Counsel Charles Adair represents the defendant, who is not present. The Court informs both attorneys that the defendant is in the hospital and will not be brought by the jail this morning for trial today.

The attorneys are ordered to return at 11:30 to see if the defendant will be transported this afternoon.

9:00 am Court is in recess.

11:27 am Court is again in session with all parties present as previously noted. The Court informs the attorneys that the jail has indicated the defendant will not be transported today. The trial is trailed to **March 24, 2005 at 9:00 am in department 10.** Attorney Adair informs the Court that he will be making a motion pursuant to PC1368 and the defendant may request a Marsden hearing.

11:32 am Court is adjourned.

-nk-



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN DIEGO**
**EAST COUNTY DIVISION**

0351

DATE: 3-24-05        DEPT: 10        Reporter: Tamela Ervin 9685

PRESENT HON. LAURA W. HALGREN
                    JUDGE

CLERK: N. Kerr

REPORTER'S ADDRESS: P.O. BOX 128
SAN DIEGO, CA 92112-4104

BAILIFF: J. Mitchell and N. Walker

| SCE238643 | People of the State of California, | | |
|---|---|---|---|
| | Plaintiff | by | Maria Hannah |
| | vs | | |
| | Burton, Eric    Defendant | by | Charles Adair |

At 9:11 am This being the time set for further **TRIAL BY JURY** having been continued from 3-16-05. The People are present by Deputy District Attorney Maria Hannah. Private Conflict Counsel Charles Adair represents the defendant, who is personally present.

The defendant requests a Marsden motion and a Faretta motion. Attorney Adair requests motion pursuant to PC1368. Deputy District Attorney Maria Hannah, objects to the motions. The attorneys present argument.

The court **DENIES** the request for the Marsden motion. The Court feels that a competency hearing is appropriate. All criminal proceedings are hereby suspended. See SDSC CR-160 minutes.

The defendant is remanded to custody with bail set at $500,000.00

9:30 am Court is in recess.

-nk-

TRIAL MINUTES                                                            1

1    SAN DIEGO, CALIFORNIA; THURSDAY, MARCH 24, 2005; 9:10 A.M.

2

3        THE COURT:  THIS IS PEOPLE VERSUS BURTON.  COUNSEL AND

4    DEFENDANT ARE PRESENT.

5    ~~████████████████████████████████████████████~~

6    ~~████████████████████████~~.  BUT FIRST I NEED TO -- WE

7    NEED TO PUT A FEW THINGS ON THE RECORD.

8        BASED UPON COMMUNICATIONS WITH THE JAIL YESTERDAY,

9    THE COURT WAS INFORMED THAT THERE WERE MEDICAL ISSUES THAT

10   NEEDED TO BE ADDRESSED FOR MR. BURTON.

11       AND SO BECAUSE OF THOSE MEDICAL ISSUES AND

12   EVALUATIONS BY DOCTORS, HE WAS WASN'T ABLE TO BE

13   TRANSPORTED.

14       SO I NEED TO KNOW IF THERE'S ANYTHING FURTHER THAT

15   NEEDS TO BE PUT ON THE RECORD REGARDING THAT.  ANY NEW

16   INFORMATION OR ANYTHING ADDITIONAL THAT'S BEEN DETERMINED?

17       MR. ADAIR:  I'M NOT AWARE OF ANYTHING, YOUR HONOR.

18       THE COURT:  ALL RIGHT.

19       AND MR. BURTON IS HERE TODAY.  ~~████████~~

20   ~~████████~~, AND SO WE NEED TO PROCEED.  ~~████████~~

21   ~~████████████████████████████████████████████~~

22   ~~████████████████████████~~.  I NEED TO KNOW WHAT OTHER

23   MOTIONS ARE GOING TO BE HEARD, MR. ADAIR.

24       THE DEFENDANT:  FARETTA.

25       THE COURT:  ALL RIGHT.  FARETTA MOTION AND MARSDEN.

26       MR. ADAIR:  AS I INFORMED YOU YESTERDAY, I HAVE A

27   SERIOUS QUESTION AS TO WHETHER OR NOT MR. BURTON IS ABLE TO

28   ASSIST IN HIS DEFENSE IN A RATIONAL MANNER AT THIS TIME.

1   THE DEFENDANT:  OBJECTION, YOUR HONOR.

2   THE COURT:  WELL, MR. BURTON, I'M GOING TO HEAR FROM

3   MR. ADAIR FIRST. ▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃

4   STATE THAT FOR THE RECORD.

5   MR. ADAIR:  THE ▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃▃



16   ▃▃▃▃▃▃▃, BECAUSE HE NEEDS TO COOPERATE IN HIS DEFENSE.

17   AND IF HE'S NOT ABLE TO DO THAT, HE'S GOING TO BE VERY

18   HANDICAPPED.

19   AND SO I'M MAKING A MOTION UNDER 1367/1368 OF THE

20   PENAL CODE.  BECAUSE LIKE I SAID, I HAVE A SERIOUS QUESTION

21   ABOUT HIS ABILITY TO COOPERATE IN A RATIONAL MANNER OR HIS

22   CAPACITY TO COOPERATE AT THIS TIME.

23   THE COURT:  ALL RIGHT.  LET ME JUST MAKE A FEW

24   INQUIRIES.  WHEN WE WERE IN COURT LAST WEEK, WE HAD PROBABLY

25   ABOUT A 45-MINUTE MARSDEN HEARING.  AND AT THAT POINT THERE

26   WERE DEFINITELY DISAGREEMENTS BETWEEN MR. BURTON AND

27   YOURSELF AS TO HOW THE CASE WAS BEING CONDUCTED.  BUT AT

28   THAT POINT YOU DID NOT RAISE THE MOTION ON COMPETENCY.



11        MR. ADAIR:

15        SINCE MR. BURTON AND I DISAGREE, HE NEEDS AN EXAMINATION.

17        THE COURT:  ALL RIGHT.

18            DO THE PEOPLE HAVE ANY INPUT ON THIS ISSUE?

19        MS. HANNAH:  I DO, YOUR HONOR.  PEOPLE ARE OPPOSED TO A

20    1368 VIA 1367 AT THIS TIME.  I DO HAVE SOME ISSUES WITH THE

21    TIMELINESS OF IT.  I UNDERSTAND THAT MR. ADAIR IS CITING

22    THAT THIS IS A RECENT DECLINE THAT APPEARS TO BE A RESULT OF

23    THE STRESS OF FACING TRIAL.

24            HOWEVER, I DON'T THINK THAT THAT'S THE TRUE TASK OF

25    A 1368.  THE CRITERIA ARE TWOFOLD.  ONE, WHETHER OR NOT THE

26    DEFENDANT UNDERSTANDS THE NATURE OF THE PROCEEDINGS.  AND

27    TWO, WHETHER OR NOT HE CAN EFFECTIVELY ASSIST COUNSEL IN HIS

28    DEFENSE.

53

1          I'VE OBSERVED THE DEFENDANT OVER THESE PAST FEW

2    MONTHS, AS I'VE HAD THE CASE. AND MANY TIMES HE HAS

3    ACTIVELY PARTICIPATED IN HIS DEFENSE, DIRECTING OR SHARING

4    INFORMATION WITH COUNSEL, IT APPEARS, BY WRITING NOTES,

5    *READING NOTES* SPEAKING WITH HIS ATTORNEY, ASKING QUESTIONS

6    OF HIS ATTORNEY AND MAKING MOTIONS TO THE COURT.

7          I HAVE READ MATERIALS THAT THE DEFENDANT HAS

8    SUBMITTED TO THE COURT IN TERMS OF MOTIONS IN HIS OWN

9    DEFENSE. HE CLEARLY APPEARS TO UNDERSTAND THE PROCEEDINGS,

10   WHAT IS HAPPENING IN THE COURT. EVEN TODAY WHEN HE CAME

11   INTO COURT. HE INDICATED THAT HE WANTED A MARSDEN.

12   ~~CAN'T REMEMBER THE SECOND MOTION~~

13   THE COURT: A FARETTA MOTION.

14   MS. HANNAH: A FARETTA MOTION.

15   MOTIONS. -- THE AVERAGE DEFENDANT IS

16   NOT AWARE OF, BUT THE DEFENDANT IS AWARE OF.

17        THIS IS -- I KNOW IN THE LAST WEEK THIS IS HIS

18   SECOND REQUEST FOR A MARSDEN. SO THE DEFENDANT HAS SHOWN

19   THROUGH HIS CONDUCT THAT HE IS AWARE. HE UNDERSTANDS THE

20   NATURE OF THE PROCEEDINGS. HE UNDERSTANDS HIS OPTIONS DURING

21   THE PROCEEDINGS.

22   ~~I CAN'T HELP BUT THINK THAT THIS IS    THE~~

23   ~~DEFENDANT IS CERTAINLY STRESSED.~~

24   I THINK THAT HIS OWN BEHAVIOR

25   SHOWS THAT HE CAN ASSIST COUNSEL WITH HIS DEFENSE. THAT,

26   COMBINED WITH HIS AWARENESS OF THE PROCEEDINGS, THE NATURE

27   OF THE PROCEEDINGS, HIS ABILITY TO AID DEFENSE COUNSEL.

28   PEOPLE ARE OPPOSED AND ASK THE COURT TO DENY THE REQUEST.

(54)

214

1      THE COURT:  ALL RIGHT.  THANK YOU.

2      MR. ADAIR:  COULD I RESPOND, YOUR HONOR?

3      THE COURT:  YES.

4      MR. ADAIR:  YOUR HONOR, I'M, LIKE, THE FOURTH ATTORNEY

5  ON THE CASE.  TWO OF THEM WERE RELIEVED DUE TO CONFLICT OF

6  INTEREST.

9      THERE'S BEEN PROBLEMS WITH MR. BURTON FROM THE

10  BEGINNING, BUT NOTHING --

12  IT'S NOT SOMETHING MR. BURTON IS ASKING FOR.  IT'S SOMETHING

13  I'M ASKING FOR.

15                                          AND THE

16  ISSUE, I FEEL, IN THIS CASE IS WHETHER HE'S ABLE TO ASSIST

17  IN A RATIONAL MANNER.

22      THE COURT:  ALL RIGHT.  THANK YOU.

23      LET'S SEE.  MR. BURTON, YOU HAD RAISED AN

24  OBJECTION.  ARE YOU OBJECTING TO YOUR COUNSEL'S MOTION?

25      THE DEFENDANT:  I WOULD LIKE AN ATTORNEY TO REPRESENT ME

26  FOR THIS MARSDEN.  I HAVE A CONFLICT OF INTEREST.

2          I'VE BROUGHT INFORMATION WITH ME TO SUPPORT A

3   CONFLICT OF INTEREST.  AND I WOULD LIKE TO CONDUCT MY

4   MARSDEN AND HAVE A FEW MOMENTS TO CONSORT WITH THE

5   ATTORNEY -- THAT I'D LIKE TO ASK THE COURT HAVE AN ATTORNEY

6   ASSIST ME WITH THIS MARSDEN.  BECAUSE MR. ADAIR IS -- HE

7   INTIMIDATES ME WITH HIS KNOWLEDGE AND HIS EXPERIENCE.

8          THE COURT:  WELL, I'M NOT GOING TO HEAR A MARSDEN RIGHT

9   NOW BECAUSE BASED ON WHAT YOUR COUNSEL HAS TOLD ME, I

10  BELIEVE HE HAS LAID A SUFFICIENT EVIDENTIARY BASIS TO RAISE

11  A SUBSTANTIAL DOUBT AS TO WHETHER YOU'RE COMPETENT.

12          AND I DON'T SEE THAT -- THERE ARE THREE CRITERIA I

13  NEED TO LOOK AT.  I THINK YOU'RE CAPABLE OF UNDERSTANDING

14  THE NATURE OF THESE PROCEEDINGS AND YOU UNDERSTAND YOUR

15  STATUS IN RELATIONSHIP TO THESE PROCEEDINGS.  BUT I AM

16  CONCERNED AS TO WHETHER YOU ARE ABLE TO ASSIST YOUR ATTORNEY

17  IN CONDUCTING A DEFENSE OR THAT YOU'RE ABLE TO CONDUCT YOUR OWN

18  DEFENSE IN A RATIONAL MANNER.  AND THAT'S A PARTICULAR CONCERN

19  BECAUSE YOU HAVE RAISED THE ISSUE OF A FARETTA MOTION.

20          AND THE STANDARDS THAT THE COURT WOULD USE TO

21  EVALUATE WHETHER YOU'RE COMPETENT TO REPRESENT YOURSELF ARE

22  THE SAME STANDARDS THAT ARE CONSIDERED IN DETERMINING

23  WHETHER YOU'RE MENTALLY COMPETENT TO ASSIST YOUR ATTORNEY.

24          AND SO I BELIEVE THAT THE ASSISTANCE OF A MEDICAL

25  EXPERT WOULD HELP THE COURT IN MAKING THAT DETERMINATION.  IF

26  IT'S DETERMINED THAT YOU'RE COMPETENT, THEN YOU ARE CERTAINLY

27  FREE TO RAISE A MARSDEN OR A FARETTA MOTION OR WHATEVER ELSE YOU

28  THINK IS APPROPRIATE, AND THEN THE COURT AT THAT TIME WILL

216

1  EVALUATE IT.  BUT I THINK IT WOULD BE PREMATURE FOR ME TO HEAR

2  THAT MOTION NOW, UNTIL WE ESTABLISH YOUR COMPETENCY.

6       AND I DO AGREE.  I BELIEVE THAT IN OUR FIRST

7  CHAMBERS CONFERENCE BETWEEN COUNSEL AND THE COURT BEFORE WE

8  STARTED THIS TRIAL, MR. ADAIR HAD MENTIONED HIS CONCERNS,

13            I THINK THAT I AM GOING TO

14  RELY ON HIS JUDGMENT, PARTICULARLY BASED ON HIS EXPERIENCE

15  AND ALL OF THE STATEMENTS HE PUT ON THE RECORD DURING THE

16  MARSDEN HEARING RELATING TO HIS EXPERIENCE AS COUNSEL, WHICH

17  IS VAST.  AND HE HAS DEALT IN MANY CASES -- MANY SERIOUS

18  CASES OVER THE YEARS.

19       AND I AGREE.                     --

20  SIMPLY BECAUSE HE DISAGREES WITH THE STRATEGY OF THE

21  DEFENDANT, THAT WOULD BE THE REASON HE WOULD BRING THIS

22  MOTION.



4    SO I AM GOING TO SUSPEND PROCEEDINGS SO THAT WE CAN

5 HAVE THE EVALUATION UNDER PENAL CODE SECTION 1368.  MY CLERK

6 WILL BE SETTING -- OR CONTACTING THE DOCTORS.  DO I NEED

7 ~~TO -- I DON'T APPOINT A PARTICULAR PERSON.  IT'S JUST DONE~~

8 ~~THROUGH THE OFFICE OF THE COUNTY.~~     *overruling*

9 ~~MR. ADAIR:  I BELIEVE THAT'S CORRECT.  FORENSIC~~

10 ~~SERVICES.~~

11   THE COURT:  WE'RE GOING TO CALL NOW AND FIND OUT THE DATE.

12 AND THEN I'LL HAVE A DATE SET FOR YOU TO REPORT FOR THE

13 HEARING.  AND THAT WILL BE IN FRONT OF JUDGE KRAUEL DOWNTOWN, ON

14 THE MENTAL HEALTH CALENDAR.

15    SO WE'LL JUST BE IN RECESS FOR A MOMENT WHILE WE

16 MAKE THAT PHONE CALL.

17   MR. ADAIR:  YES, YOUR HONOR.

18    (RECESS TAKEN.)

19   THE COURT:  ALL RIGHT.  BACK ON THE RECORD.

20    AND MR. BURTON, JUST SO YOU UNDERSTAND HOW THIS

21 WILL PROCEED.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

22 I'M ORDERING A SPECIAL HEARING IN WHICH A DETERMINATION WILL

23 BE MADE ABOUT YOUR ABILITY TO STAND TRIAL.  AND IF YOU ARE

24 FOUND MENTALLY ABLE TO DO SO, THEN THE CRIMINAL PROCEEDINGS

25 WILL CONTINUE.  IF YOU'RE FOUND MENTALLY INCOMPETENT TO

26 STAND TRIAL, YOU'LL BE PLACED IN THE HOSPITAL OR OTHER

27 SUITABLE FACILITY UNTIL SUCH TIME AS YOU ARE ABLE TO STAND

28 TRIAL.

1        MR. ADAIR, DO I NEED TO ADVISE HIM OF HIS

2   CONSTITUTIONAL STATUTORY RIGHTS ON THE RECORD?

3        MR. ADAIR:  NO, YOUR HONOR.

4        THE COURT:  ALL RIGHT. ~~~~~~~~~~~~~~~~~~~

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

~~~~~~~~~~~~~~~~~~~~~~~~~~

7        THE CLERK:  THE EXAMINATION DATE WILL BE APRIL 8TH, '05,

8   AT 8 A.M., IN ROOM 1003.  HEARING DATE WILL BE 4-27-05,

9   9 A.M., DEPARTMENT 57.

10       THE COURT:  THEN IS THERE ANYTHING ELSE THAT NEEDS TO BE

11   PLACED ON THE RECORD BEFORE WE ARE IN RECESS?

12           ALL RIGHT.  WE ARE IN RECESS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

15       MS. HANNAH:  OKAY.

16       THE COURT:  BAIL WILL REMAIN AS SET.

17        (NEXT PAGE NUMBER IS 251. ~~~~~~~~~~~~~~~~~

18        (AT 9:30 A.M., THE PROCEEDINGS WERE ADJOURNED.)

19                    *    *    *

20

21

22

23

24

25

26

27

28



IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

EAST COUNTY DIVISION

DEPARTMENT 11        HON. HERBERT J. EXARHOS, JUDGE

---

THE PEOPLE OF THE STATE OF
CALIFORNIA,

        PLAINTIFF,

VS.                        CASE NO. SCE238643

ERIC BURTON,

        DEFENDANT.

---

REPORTER'S TRANSCRIPT

JUNE 1, 2005

APPEARANCES:

    FOR THE PLAINTIFF:    KRISTIAN TROCHA,
                            DEPUTY DISTRICT ATTORNEY

    FOR THE DEFENDANT:    CHARLES ADAIR,
                            PRIVATE CONFLICT COUNSEL

                            TERESA MENDOZA
                            CSR NO. 12947
                            PRO TEM REPORTER
                            EL CAJON, CALIFORNIA



ERIC WILTON BURTON ] DEFENDANT # 4112831-9M04
PO. BOX 122952
SAN DIEGO, CA 92112-2952
619-615-2700 my GO
IN PROPER

2 11

case no
SCE238643 01

0121

F   I   L   E   D
Clerk of the Superior Court
MAY 2 7 2005
By: K. FAHEY, Deputy

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
EAST COUNTY DIVISION

Notice to the People of
the State of California
County of San Diego

People of the State of California
plaintiff

v.

ERIC W. BURTON
DEFENDANT

Date 01JUN05
TIME 9:00 AM
DEPT. Superior
COURT EAST county
division

NOTICE OF MOTION
memorandum AND
POINTS OF Authority
AND MOTION TO THE
PEOPLE

Motion to substitute
Counsel ineffective assist
US, 6th amendt. Const.

Motion to Supress evidence
in violation of Miranda
Fruit of the poisonous tree
in violation of 4th amendt.
U.S. Const, 5th & 6th amendt.
14 amendt. due process
clause

To Bonnie Dumanis District Attorney
for the County of San Diego and her
designated representative

Please take notice that on the above
date and time, or as soon thereafter,
as the matter may be heard in the above
court the defendant, ERIC W. Burton will
move the court to substitute counsel
and hear all other motions
listed motion

This Motion is based upon this
Notice of motion and motion, the attached
memorandum of Points and authorities
Declaration of Eric Wilton Burton
the Court files the records of the case
including the court reporters transcript
from preliminary hearing 1538.5 hearing to gather evidence
any evidence, testimony or authorities to be
presented at the hearing of this
motion and the argument of Counsel

Motion for 1538.5
Suppression hearing
Supress vehicle and
NOTES, Book & voluntary
STATEMENTS, ADMISSIONS
Video tape, AUDIO,
BELT BULLETS as a
result of 4th amendt
violation of unlawful
Entry, unwarranted
search and seizures

Motion 85 set aside
and dismiss charges
Pursuant to PC 995/
set aside & dismiss
Motion to review
1538.5 hearing

Motion for Continuance
to gather evidence
motion for discovery
1051 . 1054.5
Brady V Maryland
Motion for Garcia NOSE      ← HERE
6th amendt. US Const.
marsden motion

61

251

1        EL CAJON, CALIFORNIA, WEDNESDAY, JUNE 1, 2005

2

3        THE BAILIFF:  211, ERIC BURTON.

4        THE COURT:  PEOPLE VERSUS ERIC BURTON.

5        MR. ADAIR:  GOOD AFTERNOON, CHARLES ADAIR FOR

6   MR. BURTON, WHO IS PRESENT BEFORE THE COURT.

7        THE COURT:  THE DEFENDANT IS BEFORE THE COURT

8   FOR CRIMINAL PROCEEDINGS, HAVING BEEN REINSTATED,

9   AND IT'S A MATTER OF SETTING THE MATTER FOR TRIAL

10  AND READINESS, CORRECT?

11       MR. ADAIR:  THAT'S CORRECT, YOUR HONOR.

12           MR. BURTON ALSO WANTED TO BRING A MARSDEN

13  MOTION.

14       THE COURT:  ARE YOU APPOINTED, MR. ADAIR?

15       MR. ADAIR:  YES, I WAS, YOUR HONOR.

16       THE COURT:  OKAY.  ALL RIGHT.  I'VE GOT THIS

17  HANDWRITTEN MOTION HERE.  ███████████████████████

18  ████████████████████████████.  WE WILL DEAL WITH THE

19  MARSDEN MOTION, AT THIS TIME.  SO WE WILL CLEAR THE

20  COURTROOM AND PROCEED WITH THAT HEARING.

21           THE RECORD WILL REFLECT THAT THIS IS A

22  CLOSED HEARING.  ALL PERSONS HAVE BEEN -- ALL

23  PERSONS, SPECTATORS, ███████████████████████████████

24  ██████.  PRESENT ONLY ARE THE DEFENDANT, ERIC

25  BURTON, HIS ATTORNEY OF RECORD, CHARLES ADAIR, COURT

26  PERSONNEL AND STAFF.

27           MR. BURTON, THIS IS A CLOSED HEARING,

28  THEREFORE, YOU MAY SPEAK FREELY TO ME, MR. BURTON --

1  NOT YET, I'LL LET YOU KNOW WHEN.   AT THE CONCLUSION

2  OF THESE PROCEEDINGS IT IS ORDERED THAT THE COURT

3  REPORTER SEAL HER NOTES.   THOSE NOTES ARE NOT TO BE

4  TRANSCRIBED UNLESS THIS COURT OR A COURT OF

5  COMPETENT JURISDICTION SHOULD ORDER SUCH

6  TRANSCRIPTION.

7          MR. BURTON, YOU HAVE INDICATED THAT IT IS

8  YOUR DESIRE TO DISCHARGE MR. ADAIR AS YOUR ATTORNEY

9  OF RECORD; IS THAT CORRECT?

10         THE DEFENDANT:   THAT IS CORRECT, SIR.

11         THE COURT:   ALL RIGHT.   ~~TO DO THAT YOU MUST BE~~

12  ~~SPECIFIC AS TO THE REASONS WHY YOU THINK HE SHOULD~~

13  ~~BE DISCHARGED.   IN OTHER WORDS, WHAT HAS HE DONE THAT~~

14  ~~YOU FEEL THAT HE SHOULD NOT HAVE DONE OR VICE VERSA~~

15  ~~OR WHAT HE HAS NOT DONE THAT YOU FEEL HE SHOULD HAVE~~

16  ~~DONE?~~  WHY DO YOU THINK HE SHOULD BE DISCHARGED AS

17  YOUR ATTORNEY OF RECORD?

18         THE DEFENDANT:   I HAVE RECKLESS

19  MISREPRESENTATION ▓▓▓▓▓▓▓▓ CONFLICT OF INTEREST,

20  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

21  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

22  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

23  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

24  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

25  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

26  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.   PERTAINING TO MY SIXTH

27  AMENDMENT RIGHTS, FROM WHAT I UNDERSTAND, NO ONE CAN

28  PREVENT A CLIENT FROM HAVING CONTACT WITH HIS

1  ATTORNEY.  ALSO, I HAVE SOME MOTIONS AND SOME PAPERS

3      THE COURT:  WE'RE NOT GOING TO GO INTO THE

4  MOTION HERE, MR. BURTON.

6      THE COURT:  WE WILL ONLY DEAL WITH THE MARSDEN

7  HEARING AT THIS TIME --

10 RELEVANT AND LIMITED TO

11 CANNOT HEAR YOUR MOTIONS BECAUSE THE DISTRICT

12 ATTORNEY IS NOT PRESENT IN THESE PROCEEDINGS.  THIS

13 PROCEEDING IS CLOSED ONLY FOR THE PURPOSE OF YOUR

14 MARSDEN HEARING WHICH, I NOTE, FOR THE RECORD, HAS

15 BEEN BROUGHT BEFORE.  SO DO YOU HAVE ANYTHING

16 FURTHER TO SAY AS TO WHY MR. ADAIR SHOULD BE

17 DISCHARGED AS YOUR ATTORNEY OF RECORD?

18     THE DEFENDANT:  YES, SIR.

19     THE COURT:  GO AHEAD.

20     THE DEFENDANT:

22

23 , I BELIEVE, PREJUDICED THE

24 COURT AGAINST ME.



254

1    MR. ADAIR, LET ME FINISH, SIR.  I'M SORRY.  HE WENT

2    THIRD-PARTY AND GOT A --

3    ~~THE COURT: WHO'S THIS THIRD PARTY WE'RE~~

4    ~~TALKING ABOUT?~~

5    ~~THE DEFENDANT:~~

6    ~~THE COURT: WHO~~

7    ~~THE DEFENDANT:~~

8    ~~THE COURT: SO WHAT ARE YOU SAYING, MR. ADAIR~~

9    ~~WENT SO TALK TO THIS PERSON?~~

10   ~~THE DEFENDANT:~~

11       THE COURT:  SO?

12       THE DEFENDANT:  TO REINTRODUCE SUPPRESSED

13   EVIDENCE AND SO THE PROSECUTION COULD USE IT AGAINST

14   ME.

15       THE COURT:  MR. ADAIR, YOU ARE SAYING, IS

16   WORKING FOR THE PROSECUTION?

17   ~~~~

18       THE COURT:  IS THAT WHAT YOU ARE SAYING?

19   ~~THE DEFENDANT: YES, SIR~~

20   ~~SAYING THAT.~~  I AM SAYING HE'S STATE INTERPOSED.

21       THE COURT:  HE'S WHAT?

22       MR. ADAIR:  HE'S STATE INTERPOSED.

23       THE COURT:  STATE INTERPOSED?

24       THE DEFENDANT:  HE'S COURT APPOINTED.

25       THE COURT:  HE'S WHAT?

26       THE DEFENDANT:  HE IS COURT APPOINTED.  IF THE

27   JUDGE WOULD BE PATIENT WITH ME, I CAN GET TO IT.

28       THE COURT:  ~~YOU CAN'T MOVE ON TO~~

255

1 ~~ONE SU... ... UNLESS I UNDERSTAND THE OTHER ONE ...~~

2 NOW YOU STATE THAT HE IS STATE INTERPOSED BECAUSE HE

3 IS COURT APPOINTED, WHAT DOES ALL THAT MEAN?

4     THE DEFENDANT:  IT MEANS THAT WHEN I AM ALLOWED

5 TO MAKE MY POINT HERE ON WHAT HE DID, IF YOU WOULD

6 BE A LITTLE BIT MORE --

7     THE COURT:  ALL RIGHT.  MAKE YOUR POINT.

8     THE DEFENDANT:  HE WENT AND TOLD THE COURT THAT

10 WHICH WAS NOT TRUE AND THEN I --

11     THE COURT:  TOLD WHAT COURT?

12     THE DEFENDANT:  HE TOLD THE JUDGE AT MY LAST

13 COURT --

14     THE COURT:  JUDGE HALGREN?

16     THE COURT:  OKAY.

17     THE DEFENDANT:  I BELIEVE THAT WAS HER NAME.

19 WHICH IS TOTALLY FALSE.  HE DID NOT GET THAT FROM ME

20 AND I WAS TOTALLY BLOWN AWAY WHEN IT CAME OUT OF HIS

21 MOUTH.  AND I WAS UTTERLY SURPRISED.  HE HAD NEVER

22 DISCUSSED CALLING THIS WITNESS WITH ME.  HE

23 MANIPULATED ME TO DO A PEREMPTORY CHALLENGE BEFORE

24 JUDGE EXARHOS AND WHEN I --

25     THE COURT:  I'M JUDGE EXARHOS.  HAVE I BEEN

26 PEREMPTORY CHALLENGED?  HAVE I BEEN CHALLENGED IN

27 THIS MATTER, MR. ADAIR?

28     MR. ADAIR:  NO, YOUR HONOR.

256

1    THE DEFENDANT:  WHAT I AM SAYING, SIR -- EXCUSE

2  ME, IS THAT HE CAME BEFORE YOU. ▓▓▓▓▓▓▓▓▓▓

3  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  I'M SORRY,

4  SIR.  HE CAME TO YOU, HE MANIPULATED ME TO GET A

5  PEREMPTORY CHALLENGE. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

10    THE COURT:  ▓▓▓▓▓▓▓.  WAS A PEREMPTORY

11  CHALLENGE FILED IN THIS CASE?

12    MR. ADAIR:  IT WAS, YOUR HONOR.

13    THE COURT:  AGAINST WHO?

14    MR. ADAIR:  AGAINST JUDGE --

15    THE COURT:  HANOIAN?

16    MR. ADAIR:  HANOIAN.  YES, YOUR HONOR.

17  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

18  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

19  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

21  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

22  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

23  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

24  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

25  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

26  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

27  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

28  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



257



8   ON THE RECORD, BEFORE I CALLED MY MARSDEN, I STATED

9   MY INTENTION TO GO PRO PER AT THAT TIME PER MY SIXTH

10  AMENDMENT RIGHTS.  AND I BELIEVE THE COURT ERRORED

11  IN DENYING ME MY RIGHT TO GO PRO PER.



20          JUDGE PRECKEL STATED THAT HE FOUND ME

21  COMPETENT.  FROM MY UNDERSTANDING, IF THE DEFENDANT

22  IS COMPETENT AND HE HAS MADE A TIMELY MOTION TO GO

23  PRO PER, HE HAS THAT RIGHT TO DO SO.  I MADE A

24  TIMELY MOTION TO GO PRO PER AND I BEGAN TO EXPLAIN

25  THAT TO THE JUDGE, BUT I WAS, I FELT THE COURT AND

26  MR. ADAIR WERE OVERREACHING AND PLACED ME UNDER A

27  1368 HOLD AND ORDERED ME TO UNDERGO A COMPETENCY

28  HEARING.



258



5    HOWEVER, I WAS FOUND COMPETENT.

6    ~~MARSDEN~~ . I FELT

7    THAT THE COURT ERRORED AND VIOLATED MY SIXTH

8    AMENDMENT RIGHTS, THE JUDGE ALSO VIOLATED MY 14TH

9    RIGHTS TO DUE PROCESS, ~~AND THEN YOUR DUE PROCESS IS~~

10   ~~VIOLATED~~ , I'D LIKE TO MOTION

11   THE COURT TO RELEASE ME FROM CUSTODY. I HAVE BEEN

12   UNLAWFULLY DETAINED.

13       THE COURT:  NOW, MR. BURTON, ~~YOU ARE NOT THE~~

14   ~~—~~

15   ~~THE MARSDEN MOTION,~~ WE'RE NOT HERE ON UNLAWFUL

16   DETENTION OR PRO PER RIGHTS. ~~—~~

17   ~~—~~

18   ~~—~~

19   ~~—~~

20   ~~—~~

21   ~~—~~

22   ~~—~~

23   ~~—~~

24   ~~—~~

25   ~~—~~

26   ~~—~~

27       THE COURT:  OKAY.  ALL RIGHT.  ANYTHING FURTHER?

28       THE DEFENDANT:  YES.  ALSO, MR. ADAIR HAS BEEN



1  MY ATTORNEY FOR APPROXIMATELY SIX MONTHS.  HE HAS

2  FAILED TO GATHER MEDICAL EVIDENCE WHICH WOULD

3  SUPPORT MY DEFENSE.  I HAVE WITNESSES THAT I WANT

4  SUBPOENAED. HE HAS, BASICALLY, I FELT, GIVEN ME AN

5  INEFFECTIVE ASSISTANCE.  THERE IS EVIDENCE THAT THE

6  PROSECUTION IS SUPPRESSING THAT THE DEFENSE NEEDS TO

7  EXAMINE, ██████████████████████████████████████

8  █████████████████ THAT I WANTED TESTED FOR ILLEGAL

9  SUBSTANCES AND ALCOHOL. ██████████████████████████

10 ████████████████████████████████████████████████

11 ████████████████████████████████████████████████

12 ████████████████████████████████████████████████

13 ███████████████████████  THE COMMUNICATION IS VERY

14 POOR.  THERE ARE PHONE CALLS THAT HAVE NOT BEEN

15 ACCEPTED WHEN I WOULD CALL. ██████████████████████

16 ████████████████████████████████████████████████

17 ████████████████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████

21    THE COURT:  HOW MANY ATTORNEYS HAVE YOU ALREADY

22 HAD, MR. BURTON?

23 ████████████████████████████████████████████████

24 ████████

25 ████████████████████████████████████████████████

26 ████████████████████

27    THE DEFENDANT:  WELL, SIR, VIC ERIKSEN WAS THE

28 FIRST AND HE HAD A CONFLICT BECAUSE HE REPRESENTED



1  MR. THOMAS.  I SAT IN JAIL FOR TWO WEEKS AND HAD NOT

2  MET WITH AN ATTORNEY.  THE NEXT ATTORNEY WAS

3  MR. PLUMMER, ~~████████████████████████████████~~

4  BECAUSE HE DID A MOTION, FRUIT OF THE POISONOUS

5  TREE, ~~████████████████████████████~~

6  BEGIN WITH A MIRANDA VIOLATION, ~~████████████████~~

7  A FOURTH AMENDMENT VIOLATION.  ~~████████████████~~

8  "ALL ITEMS SEIZED" WHICH DEEMED THE MOTION TO BE AN

9  ~~████████████████████████████████████████████~~

10 ~~████████████████████████████████████████████~~

11 ~~████████████████████████████████████████████~~

12 ~~████████████████████████████████████████████~~

13       I WAS THEN ASSIGNED AN ATTORNEY NEWTON,

~~████████████████████████████████████████████~~

~~████████████████████████████████████████████~~

16 ALLEGED
   ^CODEFENDANT AND HE REPRESENTED HIM THE DAY OF MY

17 PRELIMINARY HEARING ~~████████████████████████~~

18 ~~████████████████████~~ CONFLICT OF INTEREST AND THEN I

19 WAS ASSIGNED MR. ADAIR.

20      THE COURT:  ANYTHING ELSE ON YOUR MARSDEN

21 HEARING, ON YOUR MARSDEN MOTION?

22      THE DEFENDANT:  THAT'S PRETTY MUCH IT, SIR.

23      THE COURT:  MR. ADAIR, PLEASE RESPOND, AMONG

24 OTHER THINGS, TO THE COMMUNICATION ALLEGATION AND

25 THE THIRD-PARTY AND THE ACCUSATION THAT YOU'RE

26 SEEKING TO INTRODUCE EVIDENCE THAT HAS OTHERWISE

27 BEEN EXCLUDED, IF I UNDERSTAND CORRECTLY?

28      MR. ADAIR:  AS FAR AS COMMUNICATION, YOUR HONOR,

261

1  ~~I MET WITH MR. BURTON A NUMBER OF TIMES. I HAVE~~

2  ~~ALSO DONE VIDEOCONFERENCING AND TALKED TO HIM ON THE~~

3  ~~TELEPHONE. THESE CALLS WOULD NOT BE ACCEPTED IF~~

4  ~~THERE'S NOBODY IN THE OFFICE. OTHERWISE, TYPICALLY,~~

5  ~~WOULD BE -- I AM SURE THERE WERE TIMES HE'S CALLED~~

6  ~~WHEN THERE WAS ANOTHER PERSON IN THE OFFICE AND NOT~~

7  ~~TAKEN THE CALL. I DON'T HAVE A~~

8  ~~RECO~~ ~~A~~

9  ~~COUNTY JAIL DOWNTOWN~~

10 ~~AND I~~ ~~BEFORE THE TWO~~

11 ~~WEEKS TO SEE HIM BEFORE THAT~~, I HAD NOT MET WITH

12 HIM DURING THE PENDENCY OF THE COMPETENCY HEARING.

13 ~~BUT WE WENT THROUGH~~

14 ~~BECAUSE HE~~

15

16 ~~SECOND TIME HE WENT DOWN TO TALK~~

17 ~~TO THE DOCTORS.~~

18 BE MORE SPECIFIC, I DON'T HAVE THE DATES I HAVE MET

19 WITH MR. BURTON WITH ME.  I DON'T HAVE THEM IN AN

20 ORGANIZED FASHION.

21          AS FAR AS TRYING TO INTRODUCE EVIDENCE THAT

22 HAS BEEN SUPPRESSED, ~~I AM NOT SURE WHAT MR. BURTON~~

23 ~~IS REFERRING TO CONCERNING THAT~~

24

25

26

27

28



263

1    CONCERNING DIFFERENT THINGS AND MY RESPONSE TO THEM.

2        THE COURT:  I'M NOT SURE I FOLLOW YOU, AS TO

3    EVIDENTIARY MATTERS, DISAGREEMENTS BETWEEN THE TWO

4    OF YOU ON EVIDENTIARY MATTERS?

5        MR. ADAIR:  PRETTY MUCH, YOUR HONOR.

6        THE COURT:  I ACKNOWLEDGE THAT THERE MAY BE

7    DISAGREEMENTS AS TO EVIDENTIARY MATTERS.  THAT GOES

8    TO THE ATTORNEY/CLIENT RELATIONSHIP.  I AM MOST

9    CONCERNED ABOUT THE ACCUSATION OF THE COMMUNICATION,

10   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  AND THE

11   ACCUSATION THAT YOU ARE NOT WORKING IN HIS BEST

12   INTEREST BY SEEKING TO INTRODUCE EVIDENCE OR

13   ASSISTING THE DISTRICT ATTORNEY, ▮▮▮▮▮▮▮▮▮▮▮▮

14   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

15       MR. ADAIR:  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16   MR. BURTON.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮  HE WANTS CERTAIN

17   THINGS DONE, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.



28       THE COURT:  ANYTHING FURTHER, MR. BURTON?



1    THE DEFENDANT:  YES, SIR, YOUR HONOR.  THE ISSUE

2    ~~WITH I WAS RAISING WITH HIM CONCERN TO THE FACT THAT MY~~

3    ~~MEDICATION, ALTHOUGH MY MEDICATION HAS A LOT OF~~

4    ~~DIFFERENT REACTIONS THAT I WANTED HIM TO GET FROM MY~~

5    ~~HEALTH RECORDS TO BE ABLE TO INTRODUCE~~

6    ~~MEDICATION, BUT THE FACT OF MY VISUAL DAMAGE TO MY~~

7    ~~EYE, I HAVE BEEN LEGALLY BLIND SINCE MARCH 2002~~

8    ~~INVOLVING MY CONCERN, AND I WANTED HIM TO GET THAT~~

9    EVIDENCE.  ~~I HAVE APPROXIMATELY FOUR TO FIVE DOCTORS~~

10   ~~THAT I HAVE SEEN THAT I HAVE ALREADY GIVEN HIM~~

11   ~~PERMISSION TO GET THE RECORDS FROM.  THAT WAS OVER~~

12   ~~THREE OR FOUR MONTHS AGO.  HE HAS NOT CONFIRMED WITH~~

13   ~~ME WHETHER HE HAS RETRIEVED THOSE RECORDS OR NOT, TO~~

14   ~~THIS DAY.  SO I JUST WANT SOME KIND OF CONFIRMATION AND~~

15   COMMUNICATION.

16       THE COURT:  ALL RIGHT.

17       MR. ADAIR:  ~~WE DID SUBPOENA A NUMBER OF RECORDS,~~

18   ~~I BELIEVE, YOUR HONOR, THEY MAY BE IN THE COURT --~~

19   ~~IN THE HANDS OF THE COURT AT THIS TIME.~~

20       THE COURT:  NOW, MR. ADAIR, THIS MATTER WAS SENT

21   OUT FOR TRIAL A COUPLE OF MONTHS AGO AND IT WAS ON

22   THE EVE OF THAT TRIAL OR THE DAY OF THAT TRIAL THAT

23   CRIMINAL PROCEEDINGS WERE SUSPENDED.  SO IS IT A

24   FAIR ASSUMPTION TO SAY THAT YOU WERE PREPARED FOR

25   TRIAL AT THAT TIME?

26       MR. ADAIR:  I BELIEVE SO, YOUR HONOR.  YES, SIR.

27       THE COURT:  AND ERGO, YOU WILL BE PREPARED FOR A

28   FUTURE TRIAL DATE?

74

265

1    MR. ADAIR:  YES, SIR.

2    THE COURT:  NOW, MR. BURTON, ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬

9    THE DEFENDANT:  ▬▬▬▬▬  MY POINT IS, YOUR

10   HONOR, THAT I'M INNOCENT OF ALL CHARGES.  ▬▬▬▬▬

▬▬▬▬▬

12   THE COURT:  OKAY.  FINE.  NOW, STOP.

13   MR. ADAIR IS OBLIGATED TO COMMUNICATE WITH

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

15   ALSO OBLIGATED TO GIVE YOU THE BENEFIT OF HIS

16   PROFESSIONAL OPINION.  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

18   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

19   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

20   YOU HAVE CHOSEN TO PLEAD NOT GUILTY AND MAINTAIN

21   YOUR INNOCENCE.  SO YOU HAVE THE ABSOLUTE RIGHT TO

22   DO SO.  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

23   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ AT I SHOULD

24   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬LIKE. SAID A

25   ▬▬▬▬

26   ▬THE COURT:  I KNOW WHAT A PLEA IS.  DON'T GO

27   ▬▬▬▬▬▬▬▬▬ IN THAT ▬▬▬▬▬▬▬▬▬▬▬

28   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



3     THE COURT:  ANYTHING FURTHER, MR. BURTON?

4     THE DEFENDANT:  THE PROBLEM IS, SIR, THAT I WAS

5 UNLAWFULLY ARRESTED AND DETAINED.

6     THE COURT:  I DON'T WANT TO GO INTO THE FACTS OF

7 THE CASE.

16     THERE IS NO BASIS TO DISCHARGE

17 MR. ADAIR AT THIS TIME.

21     YOUR MOTION TO

22 DISCHARGE HIM AS YOUR ATTORNEY OF RECORD IS DENIED.

25     NOW, WE WILL BE OPEN AGAIN TO THE DISTRICT

26 ATTORNEY.

27     WE ARE AGAIN IN SESSION, PRESENT IS THE

28 DISTRICT ATTORNEY, MR. TROCHA.  THE PURPOSE OF THE



1   HEARING NOW IS TO SET A TRIAL DATE AFTER CRIMINAL

2   PROCEEDINGS HAVE BEEN REINSTATED.  THE TRIAL WILL BE

3   ON MONDAY, JULY 11TH.  IS THAT DATE GOOD FOR YOU,

4   MR. ADAIR?

5       MR. ADAIR:  THAT'S NOT THE BEST.  COULD I

6   SUGGEST THE 19TH, WOULD THAT BE AVAILABLE?  IF I

7   COULD ADD ONE FACTOR, YOUR HONOR, WITH JUDGE HALGREN

8   WE DID GO THROUGH I THINK NUMEROUS IN LIMINE

9   MOTIONS WITH HER.  WHETHER OR NOT YOU WANT TO ASSIGN

10  IT BACK TO HER.

11      THE COURT:  SHE WILL PROBABLY BE AVAILABLE THEN.

12  AND I PROBABLY WILL DO THAT.  IF IT'S THE 19TH, I

13  NEED A TIME WAIVER -- I DON'T KNOW IF MR. BURTON IS

14  WILLING TO DO THAT.  IF IT'S THE 11TH, I HAVE 11

15  DAYS REMAINING.  IF I SET IT FOR THE 19TH I HAVE

16  THREE DAYS REMAINING.  IF YOU WANT IT ON THE 19TH, I

17  CAN DO THAT WITH OR WITHOUT A TIME WAIVER.

18      MR. ADAIR:  HE'D PREFER NOT TO WAIVE TIME.

19      THE COURT:  ALL RIGHT.  YOU STILL WANT IT ON THE

20  19TH, MR. ADAIR?

21      MR. ADAIR:  YES, SIR.

22      THE COURT:  WITH THREE DAYS REMAINING?

23      MR. ADAIR:  YES, SIR.

24      THE COURT:  TUESDAY, JULY 19TH, 9 O'CLOCK A.M.,

25  IN THIS DEPARTMENT.

26      MR. ADAIR:  ALSO, THERE MAY BE, AS WE DISCUSSED,

27  THERE MAY BE SOME RECORDS THAT I HANDED TO THE COURT

28  PURSUANT TO SUBPOENA, IF THOSE COULD BE RELEASED TO

JUNE 1ST murder / REINSTATEMENT
OF CRIMINAL PROCEEDINGS.
DA MR. TROCHA PRESENT

268

1  ME?

2  ~~THE COURT: COPIED AND SHARED WITH THE DISTRICT~~

3  ~~ATTORNEY?~~

4  ~~MR. ADAIR: YES, SIR -~~

5  ~~WITNESS WOULD LIKE THE RECORDS THAT MAY~~

6  ...OURT: WHO ARE THEY FROM?

7  ...ADAIR: THEY'RE MR. BURTON'S MEDICAL

8  RE...

9  ~~~~

10 ~~COURT: THEY HAVE BEEN SENT TO THE COURT~~

11 ~~ANY OBJECTION?~~

12 ~~ADAIR: CORRECT, YOUR HONOR.~~

13 ~~COURT: THEN THEY WILL BE RELEASED TO YOU~~
                                    ALLEGED
14 MR. TROCHA: THEY'RE THE ᴀVICTIM'S POLICE

15 ...ORDS.

16 ...HE COURT: WELL, ~~HE SAYS THEY'RE MEDICAL~~

17 ~~RECORDS AS TO HIS CLIENT.~~

18 ~~MR. ADAIR: ...AND POLICE RECORDS OF THE~~

19 ~~~~

20 ~~THE COURT: SHOULDN'T THOSE BE COPIED AND~~

21 ~~SHARED?~~

22 MR. ADAIR: I HAVE NO PROBLEM WITH THAT, YOUR

23 ...NOR.

24 THE COURT: ALL RIGHT. WHAT I AM TRYING TO DO

25 ...FIGURE OUT A WAY TO GET THIS BACK TO JUDGE

26 ...LGREN, WHO IS FILLING IN IN A FAMILY LAW

27 ...SIGNMENT WHICH, HOPEFULLY, WILL BE DONE BY THEN.

28 ...I AM GOING TO ASSIGN IT BACK TO JUDGE HALGREN AND



270/1299

1    JUDGE HALGREN FOR THAT PERIOD OF TIME.  GO DOWN
2    TALK TO HER.  TELL HER I WANT TO ASSIGN IT TO
3    AND TELL HER I WILL HAVE SOMEONE ASSIGNED.  SHE
4    MOST FAMILIAR WITH IT.  DON'T DO IT IN TERMS OF
5    KING OR TELLING HER.  YOU NEED TO WORK OUT THE
6    HEDULING.  I AM COGNIZANT THAT SHE WILL BE
7    SIGNED TO 3.  BUT WE WILL WORK SOMETHING ELSE OUT,
8    SHE CAN DO THIS.
9         MR. ADAIR:  SO TELL HER THAT IT WILL BE
10    SIGNED?
11         THE COURT:  YES.
12         MR. ADAIR:  YES, SIR.
13         THE COURT:  AND I WILL COVER THREE FOR HER,
14    ~~CAUSE SHE HAS DONE THE IN LIMINE MOTIONS AND WE~~
15    DON'T NEED TO REINVENT THE WHEEL.  SHE IS IN 7.  GO
16    LK TO HER.  GET AHOLD OF MS. HANNA, HAVE HER AND
17    R. ADAIR GO TALK TO HER.
18
19         (THE PROCEEDINGS WERE CONCLUDED.)
20
21
22
23
24
25
26
27
28

79

1            THE COURT:  ALL RIGHT.  SO YOU HAVE YOUR

2    FRAMEWORK AS TO WHAT YOU CAN DO.

3            MR. ADAIR:  YES, YOUR HONOR.

4            THE COURT:  I THINK --

5            MR. ADAIR:  IT'S FUN BEING A PROSECUTOR.

6            THE COURT:  IT DOES PUT YOU IN A DIFFERENT

7    ROLE, DOESN'T IT?

8            ALL RIGHT.  LET'S TALK ABOUT EXHIBITS.  WE

9    DON'T REALLY IN MY VIEW NEED TO DO THIS ON THE RECORD

10   BECAUSE WE WILL DO A MORE FULL INSTRUCTION REVIEW ON THE

11   RECORD AT THE END OF THE CASE.  SO IF YOU'D LIKE WE



            MR. ADAIR, DID YOU GET A PACKET OF THE

INSTRUCTIONS?

            MR. ADAIR:  I DID, YOUR HONOR.



EXHIBIT A

SC| |643  Burton, Eric

0358
7-19-05

9:3| |t| Court is in session with all parties present as previously noted.  Attorney Adair requests that the cou| |tpone jury selection until they are able to locate a subpoenaed witness, Melanie Clark.

Att| |y Adair calls his investigator, **PETER ANGELO BARRANCO**, who is sworn and examined reg| |ng his contact with Melanie Clark.

9:4| |m Peter Angelo Barranco is excused.  The people object to the motion to postpone jury selection.

9:4| |h The Court **DENIES** the motion to postpone jury selection. The Court orders a warrant in the am| |t of $20,000.00 for Melanie Jean Clark aka: White (dob: 7-28-66).

9:4| |m Attorney adair makes a request to have the defendant dressed in civilian clothing for the du| |on of the trial.

9:5| |m Court is in recess.

*FARETTA*

10| |am Court is again in session with all parties present as noted previously.  Attorney Adair requests th| |he motions the defendant previously filed, without the knowledge of Attorney Adair be accepted. Th| |otion is **DENIED**.

T| |fendant is arraigned on the second amended complaint and enters a plea of **NOT GUILTY**.

T| |ople's motion to exclude evidence of the victim's character pursuant to EC1103 will be addressed p| | opening statements.

T| |ople's motion to exclude out-of-court statements made by the defendant will also be addressed p| |o opening statements.

A| |ey Adair informs the Court of potential witnesses.

| |am Attorney Adair makes a motion for dismissal due to lack of speedy trial. The Court **DENIES** th| |tion as there were time waivers previously made on the case.

*ALLEGED*

A| |ey Adair makes a Trombetta motion, indicating that the crime scene was not secured appropriately a| |at blood evidence ~~may~~ have been washed away. The motion is **DENIED**.

~~ey Adair makes a further Trombetta motion, arguing that the defendant's cell phone is missing. The motion is DENIED.~~

A| |ey Adair renews his motion to suppress evidence found in the ~~████████~~ backpack and vehicle.

| |████████████A – color photo of defendant's car parked in his parking space, ~~████████~~

| |motion to suppress is **DENIED**.

753

**EL CAJON, CALIFORNIA; FRIDAY, 7/22/05; 1:34 P.M.**

- - -

(THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN

COURT OUT OF THE PRESENCE OF THE JURY:)

**THE COURT:**  LET'S GO ON THE RECORD BEFORE WE

BRING IN THE JURY.

I HAVE ANOTHER DOCUMENT THAT MR. BURTON HAD

SENT TO THE COURT.  IT WAS ROUTED THROUGH DEPARTMENT 7,

I BELIEVE, BUT IT APPEARS TO BE ANOTHER PRETRIAL OR

TRIAL MOTION THAT HE HAD WANTED THE COURT TO CONSIDER.

I'LL GIVE THAT TO MR. ADAIR.  IF HE THINKS IT HASN'T

BEEN ADDRESSED AND HE WISHES TO ADDRESS THAT, HE CAN DO

SO AT THE RIGHT TIME.

**MR. ADAIR:**  THANK YOU, YOUR HONOR.

**THE COURT:**  I THINK AT THIS TIME WE'RE READY

TO BRING THE JURY IN.  IS THERE -- I DID WANT TO ASK

BASED ON HOW THINGS ARE MOVING -- SINCE THEY RIGHT NOW

ARE UNDER THE IMPRESSION THAT WE'RE GOING TO SUBMIT THIS

AUGUST 2ND, DO YOU THINK I COULD TELL THEM PROBABLY BY

THE END OF NEXT WEEK IS MORE LIKELY?

**MR. ADAIR:**  WELL, IT MAY DEPEND ON HOW MANY

POLICE OFFICERS YOU LET ME CALL.

**THE COURT:**  NO MATTER HOW MANY, I DON'T THINK

THEY CAN EACH INDIVIDUALLY TAKE TOO LONG.

**MR. ADAIR:**  IT'S --

**THE COURT:**  SO WE'RE PROBABLY ON TRACK TO

SUBMIT AT LEAST BY THE END OF THE WEEK, I WOULD THINK.

**MR. ADAIR:**  POSSIBLY, YOUR HONOR.  POSSIBLY



0364

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN DIEGO**
**EAST COUNTY DIVISION**

DATE: 7-21-05          DEPT: 10          Reporter:    Ja'nal Carter  #12813

PRESENT HON. LAURA W. HALGREN
                JUDGE

CLERK: N. Lyons
                                    REPORTER'S ADDRESS:  P.O. BOX 128
BAILIFF: J. Mitchell                SAN DIEGO, CA  92112-4104

SCD 188643          People of the State of California,
                                        Plaintiff      by      Kristian Trocha

                            vs


                            Burton, Eric          Defendant   by   Charles Adair

At 8:30 am This being the time set for further **TRIAL BY JURY** having been continued from 7-20-05. The people are present by Deputy District Attorney Kristian Trocha. The defendant is personally present, in custody, dressed in civilian clothing, with Private conflict Counsel Charles Adair. The people's investigating officer Rich Gonsalves is also present.

The Court makes the following rulings:

As to the defense' request to introduce the victim's prior history or bad acts for the purpose of impeachment - The Court will allow it if there was a conviction and if it shows domestic violence or dishonesty.

The Court does not find that the victim's failure to respond to the civil restraining order the defendant filed is an adoptive admission.

9:35 am The prospective jurors are now present in the courtroom and **TRIAL RESUMES**. Cross - examination of Salinathan Thomas resumes.

10:30 am The jurors are admonished and excused for the morning recess. Court is in recess.

10:45 am Court is again in session with all counsel as previously noted, the defendant, the investigating officer. The Court provides Attorney Adair with a motion that the defendant had sent to the Court and states that all motions need to be submitted through Attorney Adair.

11:00 am All jurors are now present in the courtroom. Cross-examination of Salinathan Thomas resumes.

?:?? am Reported sidebar held for 2 minutes.

TRIAL MINUTES                                                        1



1241

**EL CAJON, CALIFORNIA; THURSDAY, 10/21/05; 8:46 A.M.**

- - -

THE COURT: GOOD MORNING.

MR. TROCHA:  GOOD MORNING, YOUR HONOR.

MR. ADAIR:  GOOD MORNING.

THE COURT:  PEOPLE VERSES ERIC BURTON,

SCE238643.

COUNSEL, IF YOU'LL STATE YOUR APPEARANCES.

MR. TROCHA:  GOOD MORNING, YOUR HONOR.

KRISTIAN TROCHA FOR THE PEOPLE.

MR. ADAIR:  CHARLES ADAIR APPEARING FOR

MR. BURTON, YOUR HONOR.  HE IS PRESENT.  WE'RE READY TO

PROCEED.

THE COURT:  ALL RIGHT.  THIS IS THE DAY SET

FOR SENTENCING.  I HAVE READ AND CONSIDERED THE

PROBATION REPORT FILED ON SEPTEMBER 16TH.  I ALSO HAVE

READ AND CONSIDERED THE MOTION FOR A NEW TRIAL, WHICH

WAS FAXED TO THE COURT AND RECEIVED YESTERDAY AND THEN

FILED TODAY.

I UNDERSTAND THAT THE DISTRICT ATTORNEY HAS

RECEIVED A COPY AND IS PREPARED TO RESPOND ORALLY, BUT

THERE IS NO REQUEST FOR CONTINUANCE, CORRECT?

MR. TROCHA:  THAT'S CORRECT, YOUR HONOR.





1242



**MR. ADAIR:** FINE. THANK YOU, YOUR HONOR.

YOUR HONOR, THE FIRST ISSUE, I BELIEVE, AS

RAISED IN OUR PAPERS ARE MR. BURTON'S FARETTA MOTION,

HE HAD MAILED IT TO THE COURT AND IT HAD BEEN FILED

APPARENTLY ON OR ABOUT JULY 7TH OF THIS YEAR BEFORE

TRIAL STARTED. ~~AND I BELIEVE, TRIAL STARTED ON JULY 12TH~~

~~CONCERNING THIS CASE.~~ AND IT'S OUR CONTENTION THAT THAT

NEEDED TO BE RULED ON.





1244



AS TO THE NEWLY DISCOVERED EVIDENCE PORTION, I



THE HISTORY IN THIS CASE THAT THE DEFENDANT

BOTH UNDER 1368 MOTIONS AS WELL AS OTHER PRIOR PRETRIAL

ISSUES WITH THIS DEFENDANT, REFUSED TO BE SEEN BY A

PSYCHIATRIST.  HE EVEN REFUSED TO BE SEEN POST-TRIAL

LAST MONTH BY A PSYCHIATRIST IN PREPARING THIS MOTION.



1243



14        THE SITUATION REALLY WOULD GIVE RISE TO A

16    ACQUITTAL,



18        FOR ALL OF THOSE REASONS AND PARTICULARLY THE

19    REASONS THAT IT IS IN THE INTEREST OF JUSTICE, THIS IS

20    THE KIND OF THING THAT COULD AFFECT A JURY, MOST

21    PROBABLY WOULD AFFECT A JURY, WE'RE ASKING FOR A NEW

22    TRIAL.

23        **THE COURT:**  OKAY.  THANK YOU.

24        MR. TROCHA, WOULD YOU CARE TO RESPONSE?

25        **MR. TROCHA:**  YES, YOUR HONOR.

26        FIRST, AS TO THE FARETTA ISSUE, I DON'T RECALL

27    MR. BURTON BEFORE TRIAL --



*Cross - Sentencing is a trial*

1245



THE COURT:  THANK YOU.

MR. TROCHA:  THANK YOU, YOUR HONOR.

THE COURT:  BRIEF REPLY.

MR. TROCHA:  MR. BURTON HAS A DOCUMENT, WHICH -- IT'S A COPY, I GUESS, OF THE DOCUMENT, WHICH HE HAD FILED APPARENTLY BACK IN JULY.  I BELIEVE IT APPEARS TO BE MAILED TO THE COURT AND PART OF MANY ISSUES THAT HE RAISES IN THE DOCUMENT APPEARS TO BE A FARETTA MOTION.









1246

**MR. TROCHA:**   THERE DOES APPEAR TO BE A FILE
STAMP ON THE ENVELOPE.

**THE COURT:**   WHATEVER HAS BEEN FILED WITH THE
COURT WOULD BE IN THE COURT FILE.

**MR. ADAIR:**   COULD I HAVE THIS FILED AS AN
EXHIBIT, YOUR HONOR?

**THE COURT:**   THE PURPOSE OF IT BEING?   IS IT
MR. BURTON'S REPRESENTATION THAT THIS IS THE DOCUMENT HE
FILED WITH THE COURT?

**MR. ADAIR:**   YES, YOUR HONOR.

**THE COURT:**   WELL, WHY DON'T YOU LET ME LOOK AT
IT.   IT MAY BE THAT WE HAVE IT IN THE COURT FILE, IN
WHICH CASE WE DON'T NEED TO DO THAT.

(COUNSEL HANDS DOCUMENT TO THE COURT.)

**THE COURT:**   ALL RIGHT.   THAT DOCUMENT IS IN
THE COURT FILE AND THERE IS AN ENVELOPE PRECEDING THE
DOCUMENT WHERE THE ENVELOPE IS FILE-STAMPED JULY 7TH.
SO WE DON'T NEED TO HAVE ANOTHER COPY.

AND THAT, JUST FOR THE RECORD, IS A DOCUMENT
WHICH IS IN HANDWRITING IN PENCIL STATING AT THE
█████████████████████████████████████████, NOTICE
OF MOTION, AND MOTION TO DISMISS BECAUSE DENIAL OF RIGHT
TO DUE PROCESS, SIXTH, ███████, AND FIFTH AMENDMENT
VIOLATIONS," AND THEN IT GOES ON WHERE ANOTHER THREE OR
FOUR INCHES OF -- RAISING OTHER ISSUES.   AND IN THE
MIDDLE OF THAT ON THE FRONT PAGE THERE IS A REFERENCE TO
THE WORD "FARETTA."   SO I THINK THAT MAKES THE RECORD AS
TO WHAT WAS FILED.



1247

1    **MR. ADAIR:** THANK YOU, YOUR HONOR.

2    **THE COURT:** ALL RIGHT. LET ME DEAL FIRST WITH

3    THE ISSUE OF RELATING TO THE CLAIM OF FARETTA.

4    FIRST OF ALL, I AM NOT SURE THAT THAT WOULD

5    REALLY APPROPRIATELY BE GROUNDS FOR A NEW TRIAL MOTION

6    AS OPPOSED TO AN ISSUE FOR WHICH THERE MAY OR MAY NOT BE

7    AN APPELLATE ISSUE TO RAISE. BUT IN ANY EVENT, EVEN IF

8    IT WERE AN APPROPRIATE GROUND, I WOULD BE DENYING IT FOR

9    THE FOLLOWING REASONS:

10   THE PAPERWORK WAS SENT BY MR. BURTON TO THE

11   COURT ON EITHER JULY 7TH OR JULY 8TH. BOTH DATES APPEAR

12   ON THE ENVELOPE. THE NEXT COURT HEARING THAT WE HAD

13   AFTER THAT DATE WAS THE DAY OF TRIAL, AND IT WAS NOT

14   CALLED TO THE COURT'S ATTENTION THAT THERE WAS ANY

15   PENDING FARETTA ISSUE.



16   ~~SIMPLY A NEW TRIAL MOTION HEARING TO~~

17   ~~COURT. AND ON SEVERAL OCCASIONS THROUGHOUT THE TRIAL,~~

18   ~~WE WENT INTO RECESS TO HEAR MARSDEN MOTIONS. AND IF AT~~

19   ANY TIME HE HAD WANTED THE COURT TO RULE ON THE FARETTA

20   MOTION, HE CERTAINLY WOULD HAVE HAD THAT OPPORTUNITY.

21   I WILL NOTE THAT BACK IN MARCH -- MARCH 23RD

22   OF '05, IF I'M RECALLING CORRECTLY -- OR MARCH 24TH

23   ~~ACTUALLY -- WE HAD EXTENSIVE MARSDEN MOTIONS. ALSO,~~

24   DEFENDANT AT THAT TIME HAD REQUESTED A FARETTA MOTION,

25   ~~BUT THEN TOLD THE COURT HE WANTED TO CONTINUE IT. MARCH~~

26   ~~~~~ AND WE WENT INTO RECESS --

27   ~~~~~

28   ~~MR. BURTON AND STAFF WERE PRESENT. IN ORDER TO OBTAIN~~

1248

~~ISSUES, AND AT THE CONCLUSION, GOING THROUGH THOSE AND~~

RULING THAT COUNSEL WAS ADEQUATELY REPRESENTING

MR. BURTON. ~~HE DID NOT THEN RAISE A FARETTA MOTION, AND~~

~~IT WAS NOT MENTIONED FURTHER AT THAT TIME.~~

THE NEXT PROCEEDINGS WERE WHEN WE HAD THE

COMPETENCY ISSUES RAISED, THE PROCEEDINGS WHICH WERE

SUSPENDED. AND UPON HIS RETURN TO COURT IN JULY, HE DID

NOT TO MY RECOLLECTION EVER AGAIN RAISED A FARETTA

ISSUE.

~~SO BECAUSE HE DID NOT CALL THAT TO MY~~

~~ATTENTION AND BECAUSE I FEEL THAT HE WAS CERTAINLY~~

~~CAPABLE OF DOING SO -- HE KNEW HOW TO DO SO AND HE~~

~~CERTAINLY RAISED MANY, MANY ISSUES DURING THE COURSE OF~~

THE TRIAL -- I DON'T FEEL THAT THAT WAS BROUGHT TO THE

COURT IN SUFFICIENT FASHION FOR THE COURT TO RULE. AND,

THEREFORE, THAT GROUND FOR A MOTION FOR A NEW TRIAL IS

DENIED.

~~WITH REGARD TO THE ISSUE RELATING TO NEWLY~~

~~DISCOVERED EVIDENCE. FIRST OF ALL, THE MAIN REASON THAT~~

~~WOULD BE DENIED IS, IT WAS WITHIN MR. BURTON'S CONTROL TO~~

~~HAVE THAT EVIDENCE FLUSHED OUT FULLY BEFORE THE TRIAL.~~

~~ONE OF THE ISSUES RAISED IN THE MARSDEN MOTION~~

~~BACK IN MARCH HAD TO DO WITH HIS UNHAPPINESS OF~~

~~MR. ADAIR TRYING TO HAVE A PSYCHOLOGICAL EVALUATION~~

~~DONE. AND WE DISCUSSED AT LENGTH MR. BURTON'S REFUSAL~~

~~TO HAVE THAT DONE. AND SO IT IS QUITE CLEAR TO ME THAT~~

~~MR. ADAIR TOOK ALL STEPS POSSIBLE TO TRY AND HAVE THAT~~

~~EVIDENCE AVAILABLE TO HIM~~, BUT MR. BURTON CHOSE NOT



417

**EL CAJON, CALIFORNIA; THURSDAY, 6/21/05; 9:20 A.M.**

- - -

(THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN
COURT OUT OF THE PRESENCE OF THE JURY:)

**THE COURT:** ALL RIGHT.  WE ARE ON THE RECORD
IN PEOPLE VERSUS BURTON.  COUNSEL AND DEFENDANT ARE
PRESENT, AS IS THE INVESTIGATING OFFICER.

FIRST ORDER OF BUSINESS, I RECEIVED TODAY --
~~I'M NOT SURE WHY THE COURT~~ -- A MOTION PREPARED BY
MR. BURTON, AND I'M GOING TO RETURN THAT TO MR. ADAIR.

AS I MENTIONED THE OTHER DAY, MR. BURTON, IF
THERE ARE MOTIONS TO BE PRESENTED, THEY NEED TO COME
THROUGH MR. ADAIR.  SO I'LL GIVE THAT TO HIM.  I DON'T
KNOW IF THE CONTENT WAS ALREADY ADDRESSED WHEN WE RULED
ON ISSUES THE OTHER DAY, BUT ANYTHING THAT NEEDS TO BE
BROUGHT NEEDS TO BE THROUGH HIM.



0147

714 E. W. Benton 74/1283/-5.0.C3
1143 Front St, 1A-07
Boise 122952
San Diego Ca 92112-29?

Legal Nurse

F I L E D
Clerk of the Superior Court
JUL 0 7 2005
By: M. O'BRIEN, Deputy
EAST COUNTY DIVISION

The Clerk Of Superior Court
of San Diego County
East County Division
250 E. Main Street
El Cajon California
92020-39/45

F I L E D
Clerk of the Superior Court
JUL 0 8 2005
By: M. O'BRIEN, Deputy
EAST COUNTY DIVISION

SAN DIEGO CA 921
06 JUL 05 PM 2L





457

1      **THE COURT:**  FIRST OF ALL, I DID RECEIVE

2  ANOTHER DOCUMENT, MR. BURTON, THAT YOU HAD SENT TO THE

3  COURT.  IT JUST MADE ITS WAY UP TO MY DEPARTMENT.  I

4  THINK IT OVERLAPS WITH ISSUES MR. ADAIR RAISED ON THE

5  FIRST DAY OF TRIAL.  AGAIN, I'M HANDING IT TO MR. ADAIR.

6  SO IF THERE ARE ANY ADDITIONAL LEGAL ISSUES THAT HE

7  THINKS ARE APPROPRIATE TO FILE, HE CAN DO SO.

21      **MR. TROCHA:**  THAT'S FINE.





1   ERIC WILTON BURTON #411283 / S.D.C.J       0127

    IN PRO PER / Pro Se

2   1143 FRONT ST. 7A S.D.C.J

3   SAN DIEGO, CA. 92112-2952

4   (619) 615-2700 Info Number,

5

6         Superior Court of the State of California

7              County of San Diego.

             East County Division

8   People Of the State of       Dept.11

9   California,                Case No. SCE238643 01

    PLAINTIFF,            TIME: 0900 MAJ33901

10   V.                   DATE: 7-19-05

11   Eric Wilton Burton,      Notice of Motion and Motion

       Defendant           To Dismiss Because Denial of

12                      Right to Due Process

13   Notice Given           6th, 4th, and 5th amendment

    To Bonnie Dumanis      VIOLATIONS Notice of Motion

14   District Attorney for the County   and motion to Suppress

15   of San Diego and her designated   evidence pursuant to

    Representative         Motion 1538.5 Notice of Motion

16                     Faretta prose ←

17   Please Take Notice that on the above   Fruit of the Poisonous

18   date and time, or as soon thereafter   tree Suppression

    as the matter may be heard in the   based on initial

19   above court the defendant with the   MIRANDA violation

20   assistance of his appointed attorney   prior to 4th amend.

    Charles H. Adair will move the   violation (and or

21   court to dismiss all charges against   4th amendment violation

    him                    Notice of Motion and

22   This Motion is brought on the   motion to Dismiss due

23   grounds that Eric Wilton Burton's   to loss and destruction

24   Constitutional rights were violated:   of evidence

                   Notice of Motion and

25   E.C Police Dept. Denied defendant his   Motion to Dismiss

    right to counsel, coerced statements   under 6th amend.

26   and admissions from defendant in   +14 amendment

    violation of Miranda & anyors, 4th, 5th, 6th,   violators of

27   and 14th due process, used such coerced   ineffective assistance

28   statements against defendant and thus   and Denial of counsel

1    MR. BURTON, IF I GRANT YOUR REQUEST -- AND LET

2    ME SAY PARENTHETICALLY YOU'RE, IN MY VIEW, VERY

3    WELL-SPOKEN.  YOU'VE OBVIOUSLY DONE SOME READING, ~~AND PLEASE~~

4    ~~DON'T TAKE WHAT I'M ABOUT TO SAY AS A CRITICISM OF YOU, BUT~~

5    ~~IT'S OFTEN SAID THAT A LITTLE KNOWLEDGE CAN BE A DANGEROUS~~

6    ~~THING.~~  AND YOU'VE BEEN THROWING AROUND THE MAJORITY OF THE

7    AMENDMENTS IN THE BILL OF RIGHTS AND A FEW OTHERS TO BOOT.

8    ~~AND I'M NOT DAGGING ON THE MERITS OF YOUR ARGUMENTS EXCEPT~~

9    ~~TO SAY THAT SOME OF YOUR ARGUMENTS DO NOT APPEAR LEGALLY TO~~

10   ~~HOLD ANY WATER,~~  BUT I'M NOT GOING TO BELABOR THOSE MATTERS

11   PRESENTLY OTHER THAN TO UNDERSCORE MY BELIEF, STRONGLY-HELD

12   BELIEF THAT ASSUMING THE COURT GRANTS YOU YOUR REQUEST FOR A

13   NEW COUNSEL, ~~THAT YOU WOULD BE WELL ADVISED TO COOPERATE~~

14   ~~WITH THAT ATTORNEY AND ALLOW THAT ATTORNEY TO BE CAPTAIN OF~~

15   ~~YOUR SHIP.  AN ATTORNEY IS NOT TO SIMPLY ACT AT YOUR BECK~~

16   ~~AND CALL OR PROCEED IN A MANNER THAT YOU DESIRE OR THAT YOU~~

17   ~~THINK APPROPRIATE.~~  IT'S THE ATTORNEYS JOB TO REPRESENT YOU

18   AND TO ADVOCATE YOUR POSITION AND PROTECT YOUR RIGHTS AND

19   INTERESTS, ~~BUT IT IS NOT AN ATTORNEY'S JOB TO SIMPLY SAY HOW~~

20   ~~HIGH WHEN, IN A MANNER OF SPEAKING, YOU TELL THE ATTORNEY TO~~

21   ~~JUMP.~~

22   I WANT YOU TO FURTHER UNDERSTAND, MR. BURTON,

23   RETURNING TO YOUR REQUEST FOR NEW COUNSEL, THAT IF THE COURT

24   GRANTS THIS REQUEST, THAT'S GOING TO NECESSITATE A FURTHER

25   CONTINUANCE OF THE TRIAL DATE SO AS TO ALLOW NEW COUNSEL TO

26   GET UP TO SPEED AND PROPERLY REPRESENT YOUR INTEREST.  IT'S

27   GOING TO TAKE THIS CASE PROBABLY INTO THE FOREPART OF NEXT

28   YEAR.

*BEST COPY OF DEFENSE MOTION FOR NEW TRIAL ON 10-21-05*

never ruled on.  Trial started on July 19th.  Under the reasoning in <u>Faretta</u>, supra, inquiry should have

been made Mr. Burton, and he should have been allowed to represent himself.

Because of this error, a new trial should be granted under P.C. 1181(5).

**11**

**THE TRIAL COURT SHOULD GRANT A MOTION FOR A NEW TRIAL
ON THE BASIS OF NEWLY DISCOVERED EVIDENCE**

~~Penal Section 1181 provides in part:~~

~~"Where a verdict has been rendered or a finding made against the defendant, the court may,
upon his application, grant a new trial, in the following cases only:~~

~~"8.  When new evidence is discovered material to the defendant, and which he could not, with
reasonable diligence, have discovered and produced at the trial.  When a motion for a new trial is
made upon the ground of newly discovered evidence, the defendant must produce at the hearing, in
support thereof, the affidavits of the~~ witnesses by whom such evidence is expected to be given, and if
time is required by the defendant to procure such affidavits, the court may postpone the hearing of the
motion for such length of time as, under all circumstances of the case, may seem reasonable."

The prerequisites to the granting of a motion for new trial on the basis of newly discovered

evidence were established by the Supreme Court in <u>People v Williams</u> (1972) 57 Cal 2d 263, 270, 18

Cal Rptr 729, 368 P2d 353:

"To entitle a party to have a new trial on his ground, 'it must appear, —"1. That the evidence, and
not merely its materiality be newly discovered; 2. That the evidence be not cumulative merely; 3.
That it be such as to render a different result probable on retrial of the cause; 4. That the party could
not with reasonable diligence have discovered and produced it at the trial; and 5.  That these facts be
shown by the best evidence of which the case admits."

Evidence is newly discovered if the defendant acts diligently in attempting to present the

evidence, but is prevented from doing so.  Thus, calling a co-defendant who invokes the privilege not

to be called as a witness outside the presence of the jury, is sufficient diligence to make his testimony

newly discovered after his Fifth Amendment privilege is no longer applicable [<u>People v Shoals</u>,

(1992, 6th Dist) 8 Cal App 475, 10 Cal Rptr 2d 296].



1034

```
 1     EL CAJON, CALIFORNIA; WEDNESDAY, 7/27/05; 10:57 A.M.

 2                          - - -

 3              (THE FOLLOWING PROCEEDINGS HAVE BEEN ORDERED

 4              SEALED BY THE COURT:)

 5              THE COURT:  ALL RIGHT.  THE COURTROOM HAS BEEN

 6     CLEARED.

 7              MR. BURTON, WHAT IS THE BASIS FOR THIS MARSDEN

 8     MOTION?

 9              THE DEFENDANT:  INEFFECTIVE ASSISTANCE OF

10     COUNSEL AND DEPRIVATION OF MY RIGHT OF AN EFFECTIVE

11     DEFENSE.

12              THE COURT:  AND WHAT IS THE SPECIFIC GROUND?

13              THE DEFENDANT:  THE SPECIFIC GROUND IS THAT I
```



1035

1  ~~IN DEPTH PERCEPTION.  I HAVE DIMINISHED VISUAL FIE~~

2  HAVE ~~IRRITATED~~ GLAUCOMA.  AND BY NOT PRESENTING A DOCTOR

3  ON MY BEHALF, IT DEVASTATES MY DEFENSE BECAUSE IT DEEMS

4  MY DEFENSE INEFFECTIVE, ~~WHICH ONLY A DOCTOR'S~~

5  ~~TESTIMONY CAN ACTUALLY DEFEND ME PROPERLY~~.

6           AND THAT, I BELIEVE, IS INEFFECTIVE ASSISTANCE

7  OF COUNSEL AND IT DEPRIVATES ~~(SIC)~~ ME IN MY RIGHT UNDER

8  THE SIXTH AMENDMENT OF THE CONSTITUTION OF THE UNITED

9  STATES AS GUARANTEED TO HAVE A RIGHT TO AN EFFECTIVE

10 COUNSEL.  ~~AND I DON'T BELIEVE I HAD AN EFFECTIVE COUN~~

~~SEL.~~

12           THANK YOU.

13           **THE COURT:**  ALL RIGHT.  ~~WELL, THE PRELIMINARY~~

~~14  QUESTION IS WHETHER A DOCTOR'S BEEN RETAINED~~

~~15  AND WHETHER WE'RE GOING TO HAVE A EXPERT WITNESS~~

16           MR. ADAIR, WOULD YOU -- IS THERE ANYTHING YOU

17 WISH TO RESPOND TO WITH REGARD TO THE DECISION ON

18 WHETHER TO PRESENT ANY EXPERTS RELATING TO THE EYE

19 CONDITION?

20           **MR. ADAIR:**  THE -- ORIGINALLY WHEN I GOT THE

21 CASE, I ASKED MR. THOMAS TO SIGN A NUMBER --

~~22           THE DEFENDANT:  I'M COURT NOT THINK CORRECT~~

23           **MR. ADAIR:**  ORIGINALLY WHEN I GOT THE CASE, I

~~24  ASKED MR. BURTON TO SIGN A NUMBER OF MEDICAL RELEASES~~

~~25  ABOUT THAT TIME HE REFUSED TO COOPERAT.  AND IT WAS ONLY~~

26 ABOUT -- AND I'M GUESSING AT THIS -- IT WAS PROBABLY

27 AROUND -- IF I COULD --

28           **THE COURT:**  YOU COULD CHECK WITH YOUR



1036

1    INVESTIGATOR IF YOU NEED TO.

2              **MR. ADAIR:**  HE DID AGREED TO SIGN AT ONE

3    POINT.  I'M JUST TRYING TO FIGURE OUT THE DATE.

4              **THE COURT:**  MR. BURTON, YOU'LL HAVE A CHANCE

5    TO REPLY AFTER MR. ADAIR RESPONDS.

6              **MR. ADAIR:**  ███████████████████████

7    SIGNED A MEDICAL RECORDS RELEASE.

8              COULD I HAVE MY INVESTIGATOR RESPOND?

9    **THE COURT:**  CERTAINLY.

10             SIR, IF YOU'LL JUST STEP FORWARD SO THE

11   REPORTER CAN CLEARLY HEAR YOU, AND DESCRIBE ANY

12   INVOLVEMENT YOU HAD RELATING TO THE EYE ISSUE.

13             **MR. BARRANCA:**  MR. ADAIR ISSUED SUBPOENAS

14   REGARDING HIS EYE DIAGNOSIS AND TREATMENT.  AND THE

15   SUBPOENAS WERE SERVED ON THE VA HOSPITAL; ON A LOCAL

16   PHYSICIAN EYE SURGEON HERE IN EL CAJON FOR DR. FRANKLIN

17   CRYSTAL FOR THE RECORDS TO BE PRODUCED.  ALSO, WE SENT

18   A RELEASE AND SUBPOENA TO THE DEPARTMENT OF SOCIAL

19   SERVICES BECAUSE THE TREATMENT WAS BEING PROVIDED BY THE

20   DEPARTMENT OF SOCIAL SERVICES.  AND, IN ADDITION, WE

21   SUBPOENAED DR. FRANKLIN CRYSTAL PERSONALLY TO APPEAR

22   HERE AS A WITNESS SO THAT HE MAY REVIEW THOSE RECORDS IN

23   THE COURT.

24             **MR. ADAIR:**  AND I SHOULD INDICATE THAT THE

25   RECORDS FROM DR. CRYSTAL CONSISTING OF ABOUT TWO PAGES

26   OF EYE EXAMINATIONS, ONE THAT WAS DONE -- IF I COULD

27   HAVE A MOMENT.

28             **THE COURT:**  SURE.



1037

1    **MR. ADAIR:**  THEY WERE PRODUCED TO MY OFFICE ON

2    ~~APRIL 15TH AND THEY RELEASED IT TO THE PERSON~~ --

3    PRODUCED PURSUANT THE SUBPOENA.  AND THEY CAME IN ABOUT

4    A MONTH AFTER THEY WERE -- THE DATE THEY WERE SUBPOENAED

5    FOR.  BUT THE ONE EXAMPLE WAS ON APPARENTLY 2001 --

7    IF I COULD ASK MR. BARRANCA TO EXPLAIN WHAT

8    THE DIFFICULTIES WERE IN GETTING DR. CRYSTAL TO COME TO

9    COURT.

10   **THE COURT:**  ALL RIGHT.

11   **MR. BARRANCA:**  WHEN I CONTACTED THE DOCTOR'S

12   OFFICE INITIALLY, WE ISSUED A SUBPOENA AND THEY TO MY

13   KNOWLEDGE FAILED TO RESPOND.

14   I THEN CONTACTED THEM A SECOND TIME, ISSUED A

15   NEW SUBPOENA FOR A DIFFERENT COURT DATE.  I SPOKE TO THE

16   DOCTOR'S ASSISTANT; HER NAME IS ROBIN.  I WAS INFORMED

17   THAT THE DOCTOR WOULD NOT BE ABLE TO SPEAK WITH ME

18   REGARDING ANY OF MR. BURTON'S TREATMENTS BECAUSE

19   ~~MR. BURTON WAS UNDER THE CARE AND WHO IS PROVIDED CARE~~

20   ~~THROUGH THE DEPARTMENT OF SOCIAL SERVICES AND I WOULD~~

21   ~~NEED AUTHORIZATION FROM THEM PRIOR TO THEM SPEAKING WITH~~

22   ~~ME OR ANYONE ABOUT MR. BURTON'S CONDITION.~~

23   THAT'S WHEN I WENT AND OBTAINED A SEPARATE

24   RELEASE SPECIFYING THAT DR. CRYSTAL IS ALLOWED TO SPEAK

25   WITH DEFENSE REGARDING MR. BURTON'S CONDITION.  I WENT

26   BACK TO THE DOCTOR'S OFFICE, REISSUED THE SUBPOENA AND

27   THE RELEASE AND THE PERSONAL SUBPOENA FOR THE DOCTOR TO

28   APPEAR.  ~~AND I WAS TOLD BY THE ASSISTANT THAT HE WOULD~~



*failed to subpoena Dr as witness*

1038

12    EXPERT WITNESS.

13         THE COURT:  ALL RIGHT.

17         MR. BARRANCA:  ~~AFTER LEARNING THAT DR. CRYSTAL~~

18    ~~WAS ADAMANT ABOUT NOT APPEARING~~, I HAD KNOWLEDGE OF A

19    PRIOR CASE I WORKED ON WHERE WE DID HAVE AN EYE DOCTOR

20    TESTIFY.  HE WAS VERY EFFECTIVE ON THE STAND.  I

21    CONTACTED HIS OFFICE AND WAS SPEAKING WITH HIM AS OF

22    MONDAY AND TUESDAY OF THIS WEEK.  LAST EVENING I SPOKE

23    WITH HIM.  HE WAS WILLING TO APPEAR AS AN EXPERT WITNESS

24    IN ORDER TO GET THE RECORDS INTO THE -- GET THE MEDICAL

25    RECORDS INTO THE COURT RECORD.



103

1039

1    ~~TESTIFYING~~  SO HE RELUCTANTLY PULLED OUT AT THE LAST

2    MINUTE LAST NIGHT AND SAID HE COULDN'T DO IT.

3            HE HAD INFORMED ME THAT HE CONTACTED SEVERAL

4    OF HIS COLLEAGUES INQUIRING WITH THEM AS TO WHETHER THEY

5    WOULD BE WILLING TO TESTIFY AND NOBODY WAS -- ~~██~~

6    ~~WEREN'T CHAMPING AT THE BIT, AS YOU CAN SAY, TO COME IN~~

7    ~~████~~

8    ~~MR. ADAIR:  AND THERE WAS ONE ADDITIONAL~~

9    ~~DOCTOR THAT WAS CONTACTED~~

10           MR. BARRANCA:  I WENT THROUGH -- THERE'S A

11   FORENSIC EXPERT ASSOCIATION.  I CONTACTED A DR. ~~████~~

12   UP IN CARLSBAD.  HE'S AN EXPERT ON SEVERAL ISSUES

13   INVOLVING EYE COMPLICATIONS ABOUT EYE PROCEDURES.  I

14   SPOKE WITH HIM YESTERDAY AND OFFERED HIM -- OR DISCUSSED

15   WITH HIM HIS FEES AND WHAT HE WOULD NEED IN ORDER TO

16   APPEAR.  AND HIS FEES EXCEEDED WHAT THE COUNTY WOULD

17   PROVIDE BY LEAPS AND BOUNDS.  AND BASICALLY HE PRESENTED

18   HIMSELF OUTSIDE OF OUR REACH.

19           MR. ADAIR:  HE REQUIRED A $5,000 CONSULTATION

20   FEE -- A RETAINER BEFORE HE WOULD EVEN TAKE THE CASE.

21           MR. BARRANCA:  HE ALSO REQUESTED $800 AN HOUR

22   TO TESTIFY.

23           MR. ADAIR:  AND THE COUNTY, I BELIEVE, PAYS

24   $350 FOR HALF A DAY AND $750 OR SOMETHING FOR A WHOLE

25   DAY.

26           ALSO, I SHOULD INDICATE THAT I DON'T THINK THE

27   ~~████~~ ADMINISTRATION EVER RESPONDED TO ANY OF THE

28   SUBPOENAS.  ~~AND I DID RECEIVE SOMETHING FROM THE~~



1040

1  ~~DEPARTMENT OF SOCIAL SERVICES YESTERDAY, A LETTER~~

2  ~~INDICATING THAT THEY HAD REFERRED -- THAT THEY DID~~

3  ~~NOTHING, THAT THEY RECOMMENDED THAT WE GO BACK TO~~

4  ~~MR. BARRANCA, HEALTH AND HUMAN SERVICES.~~

5          **MR. ADAIR:**  -- ANOTHER AGENCY.

6          **THE COURT:**  OKAY.  SO AT THAT POINT THEN YOU

7  DECIDED THAT --

8          **MR. ADAIR:**  WELL, ~~WITH THE MOTHER COMING IN~~.

9  ~~AND WE FIGURED THAT IF WE COULDN'T GET AN EXPERT~~, WE'D

10  HAVE TO DO IT THROUGH LAY TESTIMONY.

11          **THE COURT:**  ALL RIGHT.  THANK YOU.

12          MR. BURTON, ANY REPLY TO THAT?

13          **THE DEFENDANT:**  YES.  ~~DEFENDANT STIPULATES~~

14  ~~~~

15  ~~~~

16  ~~~~

17  ~~~~

18  ~~~~

19  ~~~~

20  ~~SAN DIEGO COURT CLERK'S OFFICE.~~

21  ~~~~

22  ~~WHICH 10 DAYS SHOULD~~

23  ~~WHICH IS TIMELY ENOUGH.~~  THIS GENTLEMAN HAS HAD THIS CASE

24  FOR OVER SIX MONTHS AND THIS DELAY IS UNREASONABLE AND

25  IT DENIES ME OF MY DUE PROCESS RIGHTS.

26          THERE ARE FIVE OTHER DOCTORS THAT I HAD

27  ALREADY SIGNED RELEASES TO.  HE'S REFERRING TO DOCTORS

28  AND OTHER PEOPLE THAT AREN'T MY DOCTORS, THAT AREN'T



1    FAMILIAR WITH MY CONDITION.

2            I HAD MADE NUMEROUS COMPLAINTS THAT COUNSEL

3    WAS NOT ACCEPTING MY PHONE CALLS, WAS NOT COMMUNICATING

4    WITH ME. ~~HAD BEEN~~

5    ~~[redacted]~~

6    ~~[redacted]~~

8    IN MY DEFENSE. ~~[redacted]~~

13            THE COURT:  ALL RIGHT.  WELL, ~~[redacted]~~

14    ~~[redacted]~~

15            THE DEFENDANT:  WELL --

16            THE COURT:  -- NO.  IT'S MY TURN.

17            THE DEFENDANT:  OKAY.

18            THE COURT:  -- ~~[redacted]~~

19    ~~[redacted]~~ IT SOUNDS TO ME THAT HE HAS MADE

20    REASONABLE PROFESSIONAL EFFORTS TO OBTAIN RECORDS.

21    THERE HAVE BEEN DIFFICULTIES.  THERE ARE DIFFICULTIES

22    THAT CAN OCCUR IN MANY SITUATIONS PARTICULARLY WITH

23    GOVERNMENT -- FEDERAL GOVERNMENTAL AGENCIES INCLUDING

24    ~~THE VA WHO THROUGH MY OWN EXPERIENCE I KNOW CAN BE~~

25    ~~A QUITE DIFFICULT TO OBTAIN RECORDS FROM.~~

26    ~~SO IT SOUNDS LIKE COUNSEL EXPLORED VARIOUS~~

27    AVENUES.  HIS PROFESSIONAL DISCRETION CONCLUDED THAT THE

28    EVIDENCE COULD BE SUFFICIENTLY PRESENTED THROUGH THE

*[handwritten annotations:]* Denied Due Process

(106)

Perjury — court said defendants Mother would only be allowed to testify on Mental State specific alledged victim his best of knowledge

1    DEFENDANT'S MOTHER.

2           IT HAS BEEN NOW PRESENTED TO THE JURY THAT

3    THERE ARE EYE PROBLEMS AND SHE HAS EXPLAINED HER

4    OBSERVATIONS.  SO I DON'T SEE THAT -- I FEEL THAT YOU

5    HAVE BEEN PROPERLY REPRESENTED AND DO NOT FIND A BASIS

6    TO RELIEVE COUNSEL.  SO THE MOTION IS DENIED, BUT YOU

7    HAVE MADE A RECORD AS TO YOUR CONCERN.

8           ~~AT THIS POINT I BELIEVE THAT YOU WANTED TO BE~~

9    ~~EXCUSED FOR THE INSTRUCTIONAL REVIEWS.  SO WE WILL~~

10   ~~EXCUSE YOU.  WE WILL ONLY DISCUSS INSTRUCTIONS DURING~~

11   ~~OUR PROCEEDINGS AND THEN WE WILL RESUME WITH EVERYTHING~~

12   ~~ELSE AFTER LUNCH.~~

13           AND YOU CAN LET MR. TROCHA KNOW THAT HE CAN

14   COME BACK.

15           THE TRANSCRIPT ON THE MARSDEN SHOULD BE

16   SEALED.

17           **THE DEFENDANT:**  THANK YOU.

18           **THE COURT:**  YOU'RE WELCOME, MR. BURTON.

19           (CONCLUSION OF SEALED PROCEEDINGS.  UNSEALED

20           PROCEEDINGS CONTINUE ON PAGE 1043; ~~AND THEY~~

21           ~~OMITTED.)~~

22

23

24

25

26

27

28

107

~~Motion Continued~~ Argument Continued. 5:30 01:39 AM

U.S. Cal 1975 Sixth amendment does not provide merely that defense shall be made for accused but grants to accused personally the right to make a defense; right to self representation to make one's own defense personally is necessarily implied by structure of the amendment U.S.C.A, const. amend. 6, 28

U.S.C.A. § 1654 Fed Rules Crim. Proc. rule 44, 18 USCA

Faretta v California. 95, S. Ct. 2525, 422 U.S. 906, 45

L. Ed. 2d 562

U.S. Cal 1975 Language and spirit of 6th amend. Contemplate that counsel like other defense tools guaranteed by it, shall be an aid to willing defendant and not an organ of state interposed between on unwilling defendant and his right to defend himself personally. U. S.C.A. Const. amend 6, 28 U.S.Ca. § 1654, Fed Rule Crim. Proc. rule 44, 18 U.S.CA.

C.a. (cal) 2001 Under California law, elements of cause of action for negligent misrepresentation include (1) misrepresentation of past or existing material fact (2) without reasonable ground for believing it to be true, and (3) with intent of inducing anothers reliance on that misrepresentation (4) ignorance of the truth and justifiable reliance on that misrepresentation by party to whom it was directed, and (5) resulting damage.

Glenn K. Jackson Inc. v. Roe, 273. F. 3d 1192

108

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN DIEGO**
**EAST COUNTY DIVISION**

0361

DATE: 7-20-05          DEPT: 10          Reporter:    Ja'nal Carter #12813

PRESENT HON. LAURA W. HALGREN
                JUDGE

CLERK: N. Lyons

BAILIFF: J. Mitchell

REPORTER'S ADDRESS: P.O. BOX 128
SAN DIEGO, CA 92112-4104

---

SCE238643          People of the State of California,
                                          Plaintiff     by     Kristian Trocha

                          vs

                          Burton, Eric          Defendant     by     Charles Adair

At 9:00 am This being the time set for further **TRIAL BY JURY** having been continued from 7-19-05. The People are present by Deputy District Attorney Kristian Trocha. The defendant is personally present, in custody, dressed in civilian clothing, with Private conflict Counsel Charles Adair.

9:02 am All prospective jurors are present in the courtroom and voir dire resumes.

9:10 am Prospective juror #5207036 requests to speak to the court in private (reported 2 minutes).

9:12 am Voir dire resumes.

9:46 am Reported sidebar held for 2 minutes.

9:48 am Voir dire resumes.

9:53 am Reported sidebar held for 5 minutes.

9:58 am Voir dire resumes.

10:30 am TWELVE JURORS ARE SWORN TO TRY THE CAUSE.

10:31 am The jurors are admonished and excused for the morning recess. Out of the presence of the jurors, Court and counsel discuss the selection process for the alternate jurors.

10:35 am Court is in recess.

**TRIAL MINUTES**                                                                 1



313

1          **THE COURT:** ALL RIGHT. GREAT.

2          IN THE MEANTIME, WE'LL ADDRESS OTHER ISSUES.

3          THE NEXT POINT IS, YOU RAISED THE FACT THAT

4     MR. BURTON HAD FILED SOME DOCUMENTS WITH THE COURT; THEY

5     WERE WITH MY AUTHORIZATION, RETURNED BECAUSE HE IS

6     REPRESENTED BY COUNSEL.

7          AND SO, MR. BURTON, YOU NEED TO UNDERSTAND

8     THAT THE WAY MOTIONS ARE BROUGHT TO THE COURT IS IF YOUR

9     ATTORNEY FEELS THERE IS A LEGAL BASIS FOR BRINGING A

10    MOTION, HE WILL PRESENT THAT. WE DON'T OPERATE WITH

11    ESSENTIALLY DOUBLE TEAMING. WE DON'T HAVE BOTH THE

12    DEFENDANT AND THE ATTORNEY SEPARATELY BRINGING MOTIONS,

13    BUT INSTEAD THROUGH YOUR COUNSEL MOTIONS ARE BROUGHT.

14         SO THE MOTIONS THAT MR. ADAIR, THROUGH HIS

15    LEGAL EXPERIENCE AND TRAINING, HE DEEMS APPROPRIATE TO

16    RAISE, I WILL CONSIDER. BUT I WILL NOT CONSIDER

17    SEPARATE MOTIONS FILED BY YOU. JUST SO YOU UNDERSTAND

18    OUR PROCEDURE.

19         WITH REGARD TO THE ARRAIGNMENT, I BELIEVE THE

20    SECOND AMENDED INFORMATION, WHICH WAS FILED ON JUNE 16TH

21    AT THE LAST HEARING, MR. ADAIR WAS PRESENT AT BOTH, AND

22    HAD NOTICE OF THAT, BUT MR. BURTON WAS NOT. SO I

23    BELIEVE HE NEEDS TO BE ARRAIGNED ON THE SECOND AMENDED

24    INFORMATION. SO WHY DON'T WE PROCEED WITH THAT AT THIS

25    TIME.

26         **MR. ADAIR:** DOES THE COURT HAVE A COPY OF

27    THAT?

28         **THE COURT:** I DO. I HAVE MULTIPLE COPIES.

1    THE COURT GRANT HIS REQUEST AND APPOINT A NEW COUNSEL.

2             THE COURT:  THIS IS A CATEGORY 5 CASE THROUGH

3    THE PRIVATE CONFLICTS COUNSEL; IS THAT CORRECT?

4             MR. PLUMMER:  THAT'S CORRECT.

5             THE COURT:  AND YOU'RE ON THE P.C.C. LIST FOR

6    OBVIOUSLY CATEGORY 5.  WHAT OTHER CATEGORIES?

7             MR. PLUMMER:  I ACCEPT CASES IN CATEGORY 3, 4, 5

8    AND 6.

9             THE COURT:  ALL RIGHT.  SO YOU'RE ALSO ON THE

10   APPROVED LIST FOR CATEGORY 6, WHICH IS TO SAY, CAPITAL

11   CASES; CORRECT?

12            MR. PLUMMER:  YES.  I CURRENTLY HAVE A CAPITAL

13   CASE.

14            THE COURT:  MR. BURTON, IS THERE ANYTHING

15   FURTHER YOU WISH TO SAY?

16            THE DEFENDANT:  YES, SIR, YOUR HONOR, ▓▓▓▓▓

17   ▓▓▓▓▓▓▓▓▓, THAT THERE ALSO WAS INFRINGEMENT UPON MY 14TH

18   AMENDMENT RIGHTS TO DUE PROCESS.  AND ALSO MY DAUGHTER WHO

19   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

21   ORDERS, AND SHE DID NOT RECEIVE EQUAL PROTECTION UNDER THE

22   LAW.  AND I FEEL I DIDN'T EITHER BECAUSE WHEN IT CAME UP

23   CONCERNING THE RESTRAINING ORDER -- ONCE RESTRAINING

24   ORDERS -- FROM THE INFORMATION I GATHERED, WHETHER THEY HAVE

25   BEEN SERVED OR NOT, THEY'RE SUPPOSED TO BE MAINTAINED BY LAW

26   ENFORCEMENT OFFICERS.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



815

```
 1          EL CAJON, CALIFORNIA; MONDAY, 7/25/05; 9:18 A.M.

 2                              - - -

 3               (THE FOLLOWING PROCEEDINGS HAVE BEEN ORDERED

 4          SEALED BY THE COURT:)

 5          THE COURT:  MR. BURTON, WHAT IS -- FIRST OF

 6     ALL, I WOULD LIKE YOU TO TELL ME WHAT CONCERNS YOU HAVE

 7     ABOUT YOUR ATTORNEY. ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~.

 8          THE DEFENDANT:  MAY I URGE THE COURT TO HAVE

 9     MY ATTORNEY SWORN?

10          THE COURT:  WHY?

11          THE DEFENDANT:  BECAUSE HE NEEDS TO TESTIFY.

12          THE COURT:  YOU NEED TO TELL --

13     ~~~~~~~~~THE DEFENDANT:  I HAVE SOME QUESTIONS.~~~~

14     ~~~~~~~~~THE COURT:  THAT'S NOT THE WAY IT WORKS.~~~

15     ~~~~~~MR. BURTON:~~~~~~

16          THE DEFENDANT:  THE JUDGE MAY WANT TO ASK

17     HIM --

18          THE COURT:  I'LL DECIDE IF I NEED TO DO THAT.

19     ~~~YOU TELL ME THE REASONS WHY AT THIS POINT IN THE MIDDLE~~

20     ~~OF A JURY TRIAL WITH THE JURY WAITING OUTSIDE YOU WANT~~

21     ~~TO RAISE A MARSDEN MOTION.~~  WHAT ARE THE REASONS?

22          THE DEFENDANT:  FOR ONE THING, YOUR HONOR, I

23     HAVE JUDICIAL PREJUDICE.  I HAVE JUDICIAL CONFLICT OF

24     INTEREST AS YOUR HONOR WAS THE ONE WHO WAS MY BEST

25     WITNESS IN THIS MATTER.  AND I FEEL I'VE BEEN DENIED OF

26     MY RIGHT TO A FAIR AND IMPARTIAL TRIAL BECAUSE YOU WERE

27     THE ONE WHO SIGNED OFF ON THE TRO,
       ~~THE ONE WHO SIGNED OFF ON THE TRO, AND YOU ARE THE ONE~~

28     WHO MADE ME AWARE THAT THOMAS HAD STRUCK ANGELA SANDERS
```



816

```
 1    IN THE HEAD WITH THE GLASS.  AND YOU ARE THE ONE THAT

 2    KNOWS THAT ANGELA SANDERS PERJURED ▓▓▓ HERSELF,

 3    BECAUSE IN YOUR COURT AT THE EX PARTE HEARING WHERE YOU

 4    RESIDED AT.  I HAD MY PAPERWORK FILLED OUT AS A

 5    PETITIONER, BUT YOU HAD MADE US SWITCH SEATS.  YOU SAID

 6    THAT THE ACTION BEGAN IN THE FAMILY COURT; INITIATED

 7    THROUGH CHILD SUPPORT DIVISION BY MS. SANDERS, AND YOU

 8    MADE ME THE RESPONDENT.  AND, THEREFORE, YOU HAD

 9    KNOWLEDGE OF EVERYTHING.  MY FEARS OF THOMAS WAS

10    PRESENT.  IF I CAN REFER YOU TO YOUR OWN TRANSCRIPT,

11    YOU'LL SEE THAT HE WAS STALKING ME THEN.

12              THE COURT:  AGAIN, LET ME STOP YOU RIGHT

13    THERE.  SO IN WHAT WAY IS THAT A REASON FOR DISCHARGING

14    MR. ADAIR?

15              THE DEFENDANT:  I WANT A MOTION FOR A

16    MISTRIAL.  I HAVE A CONFLICT OF INTEREST WITH COUNSEL

17    BECAUSE I MADE HIM AWARE OF THIS.  AND I WANTED, ▓▓▓

18    ▓▓▓, TO HAVE HIM SWORN.  HE'S AWARE OF THIS CONFLICT.

19              THE COURT:  OKAY.  ARE THERE ANY OTHER

20    GROUNDS?

21              THE DEFENDANT:  YES.

22              THE COURT:  WHAT OTHER GROUNDS?

23              THE DEFENDANT:  WHEN I MADE MY MOTION TO GO

24    PRO PER, I FELT YOU WERE PREJUDICE IN DENYING THAT AND

25    ALL MY OTHER MOTIONS BECAUSE, ▓▓▓▓▓▓, THAT DENIED

26    ME -- IT DEPRIVED ME OF MY 14TH AMENDMENT RIGHT FOR DUE

27    PROCESS.  AND I'D LIKE A DISMISSAL BASED ON A VIOLATION

28    OF MY 6TH AMENDMENT RIGHT AND MY 14TH AMENDMENT RIGHT,
```


113

1    BECAUSE YOU DENIED ME MY RIGHT TO GO PRO PER AND YOU

2    KNEW THAT I WAS COMPETENT, ▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

4         **THE COURT:**  AND WHAT IS THE -- HOW DOES THAT

5    RELATE TO YOUR --

6         **THE DEFENDANT:**  COUNSEL WAS AWARE OF THIS AND

7    HE DID NOT INFORM THE COURT.  THIS IS NEGLIGENCE IN MY

8    PROSECUTION ▬▬▬.  HE DID NOT INFORM THE COURT OF THIS

9    MATTER.  AND THAT IS THE INEFFECTIVE ASSISTANCE OF

10   COUNSEL IN VIOLATION OF MY 6TH AND 14TH AMENDMENT RIGHTS

11   TO DUE PROCESS.  I'D LIKE A DISMISSAL ON THAT.

12        COUNSEL IS AWARE THAT PROSECUTION HAS NOT

13   PROVIDED ME WITH ALL DISCOVERY AS MR. PLUMMER HAD

14   MOTIONED MS. MARIA HANNAH WITH MOTIONS ON ▬BRADY

15   ▬▬▬▬▬▬▬▬▬▬▬, FOR ALL DISCOVERY.

16   PROSECUTION DID NOT RESPOND ▬▬▬▬▬▬▬▬▬

17   THEREFORE, DENIED ME MY DUE PROCESS, BECAUSE I HAD THE

18   RIGHT TO BE ABLE TO KNOW THE EVIDENCE AGAINST ME.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

20   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, I WOULD

21   OBJECT TO ANYTHING PROSECUTION WOULD SAY AS FAR AS THEIR

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬,

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬.

25        **THE COURT:**  OKAY.  LET ME STOP YOU THERE.

26        SO DISCOVERY ISSUE IS ANOTHER REASON?

27        **THE DEFENDANT:**  DISCOVERY ISSUES AND --

28        **THE COURT:**  ARE THERE ANY OTHER GROUNDS IN


(114)

818

1    WHICH --

2              THE DEFENDANT: ~~~~~~~~~~~~~~~~~~~~~~~~~~~

3    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

4    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

5    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

6    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

7    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

8    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

9    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

10   ~~~~~~~~~~~~~~~~~~~~~~   AND THE POLICE ALSO DENIED ME MY

11   DUE PROCESS AS FAR AS EQUAL PROTECTION UNDER THE LAW.

12              THE COURT:   OKAY.  LET ME STOP YOU RIGHT

13   THERE.  I UNDERSTAND THAT MOTION.

14              ARE THERE ANY GROUNDS ON WHAT YOUR SEEKING TO

15   CHALLENGE MR. ADAIR?

16              THE DEFENDANT:   CONFLICT OF INTEREST BECAUSE

17   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

18   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

20   YOU WERE THE PRESIDING JUDGE AT THE TIME.  THOMAS SHOWED

21   UP AND HE WAS SERVED BY YOUR BAILIFF IN YOUR COURTROOM

22   AT THE EX PARTE HEARING.

23              I'VE BEEN FALSELY ARRESTED, PROLONGED

24   DETAINMENT, AND FALSE IMPRISONED.  MY WHOLE DUE PROCESS,

25   MY CIVIL RIGHTS HAVE BEEN VIOLATED.  COUNSEL HAS FAILED

26   TO NOTIFY THE COURTS.  I HAVE CALLED THE CALIFORNIA

27   STATE BAR AND HAVE REPORTED MR. ADAIR TO THE STATE BAR.

28   AND I HAVE A CARD WITH THE NUMBER ON IT THAT I RECEIVED



821

1    COMPLAINTS.

2              SO, NUMBER ONE, ALMOST OF ALL THESE ISSUES

3    EXCEPT POSSIBLY THE CONFLICT OF INTEREST RELATING TO THE

4    RESTRAINING ORDER -- WHICH I'LL HAVE MR. ADAIR ADDRESS

5    IN A MOMENT -- ~~THERE ARE UNTIMELY.  IT ALSO WOULD~~

6    ~~RESULT IN AN UNDUE DELAY OF THIS TRIAL TO DISRUPT THE~~

7    ~~TRIAL BY PLACING NEW COUNSEL IN THE MIDDLE OF IT.~~

8    ~~THAT'S REALLY A NEED TO CONSIDER IN EVALUATING YOUR MOTION.~~

9    ~~THE DISCOVERY ISSUES, YOU RAISED, ARE SOMETHING~~

10   ~~THAT WOULD HAVE BEEN KNOWN PRIOR TO THIS, AND YOU COULD~~

11   ~~HAVE RAISED A MARSDEN ISSUE.  THAT'S ONE THING.~~

12   ~~PERHAPS YOUR -- IF IT WERE A PROPERLY FILED MOTION TO BRING,~~

13   ~~WHICH I HAVE DOUBTS ABOUT, BECAUSE WE'RE NOT DEALING WITH~~

14   ~~THE EXPERIENCE ISSUES OR ACTUAL MOTIONS IN THIS CASE.~~

15   ~~~~

16   ~~THE ISSUE WOULD, YOUR ATTORNEY IN GOOD FAITH, I~~

17   ~~BELIEVE, RAISED A CONFLICT OF A DOUBT ABOUT YOUR MENTAL~~

18   ~~CAPACITY TO STAND TRIAL AND TO SECURE FOLLOWING THE~~

19   ~~LAW WITH WHATEVER HE DISCUSSED.  IT'S QUESTIONS THAT~~

20   ~~AN EVALUATION SHOULD TAKE PLACE -- IT DID NOT SHOW~~

21   ~~YOU'RE COMPETENT AND YOU'RE ABLE TO PROCEED.~~

22             ~~I FEEL I HAVE RULED APPROPRIATELY ON ANY PRIOR~~

23   ~~MOTIONS THAT YOU RAISED.  THERE INITIALLY HAD BEEN AN~~

24   INDICATION THAT YOU WOULD WANT TO FILE PRO PER, BUT THEN

25   ~~YOU ASKED TO RAISE A MARSDEN MOTION FIRST.  I HEARD THAT~~

26   ~~MOTION -- I RULED ON IT~~

27   PRO PER MOTION.  YOU HAVE HAD OTHER HEARINGS IN FRONT OF

28   JUDGE EXARHOS, AND I DON'T KNOW WHAT HE HAS DONE OR

(116)

822

1     RULED ON. ~~[redacted]~~

~~[redacted]~~

3        I THINK THAT YOU INDICATED YOU MIGHT BRING

4    ANOTHER PRO PER MOTION ON THE DAY THAT WE DECIDED TO

5    REFER YOU OUT FOR 1368 PROCEEDINGS. ~~[redacted]~~

~~6 [redacted]~~

~~7 [redacted]~~

~~8 [redacted]~~

9    ~~[redacted]~~ IT WAS THE COURT'S RULING ON HOW

10    TO PROCEED.

~~11 [redacted]~~

~~12 DISAGREEMENT OVER STRATEGY OR WHICH WITNESSES TO CALL IS~~

~~13 NOT A BASIS TO RELIEVE COUNSEL.~~

~~14 THE ISSUE REGARDING THE PROSECUTION LETTERS~~

~~15 ABOUT DREGNA~~ ~~[redacted]~~

~~16 [redacted] BY LAST WEEK AND DREGNA IS NOT A~~

~~17 REASON TO RELIEVE COUNSEL.~~

18       THE CHARGES -- ~~[redacted]~~: THERE WAS A

19    SECOND AMENDED COMPLAINT, AND IT WAS RAISED AND NOTICE

20    GIVEN TO YOUR ATTORNEY PRIOR TO TRIAL. AGAIN, I DON'T

21    SEE ANY BASIS IN THAT ISSUE TO RELIEVE HIM.

22       THE FRUIT-OF-THE-POISONOUS-TREE ARGUMENT --

~~23 AGAIN, THAT IS A PRETRIAL ISSUE, THUS COULD HAVE NOT~~

~~24 NOT OR RELIEVE COUNSEL.~~

25       SO THE ONLY ISSUE I BELIEVE THAT I MAY NEED

26    SOME INPUT ON TO PERHAPS BETTER UNDERSTAND THE CONCERN

27    IS AN ISSUE RAISED THAT SOMEHOW THIS COURT IS A WITNESS

28    OR HAS KNOWLEDGE ABOUT THE TRO PROCEEDINGS. ~~[redacted]~~



823

3             MR. ADAIR, DO YOU HAVE ANY ADDITIONAL

4    INFORMATION OR BACKGROUND ON THAT ISSUE?

5             **MR. ADAIR:**  I BELIEVE YOU DID SIGN SOME OTHER

6    DOCUMENTS IN THE CASE.

7             **THE COURT:** ▓▓▓▓▓▓▓▓▓▓ THE TRO BETWEEN

8    MR. BURTON AND MR. THOMAS, ▓▓▓▓

9             **MR. ADAIR:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

10   ▓▓▓▓▓▓▓▓▓▓▓.  IT LOOKS LIKE YOU SIGNED THE NOTICE

     ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

12            **THE COURT:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

13   OSC HEARING?

14            **MR. ADAIR:**  THAT'S CORRECT.

15            **THE COURT:**  OKAY.  ALL RIGHT. ▓▓▓▓▓▓▓

16   SEE ANY REASON WHY ANY INVOLVEMENT I HAD IN A FAMILY LAW

     ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

     ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

     ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20   DUE TO THIS COURT'S INVOLVEMENT IN THAT CASE.

21            **MR. ADAIR:**  THE OTHER THING ABOUT IT IS THAT

22   IT APPEARS THAT ANYTHING THAT YOU -- IF YOU WERE TO HAVE

23   BEEN A WITNESS, IT'S RELEVANT ISSUES IN THIS MATTER THAT

24   THE DOCUMENTS THEMSELVES COULD BE USED RATHER THAN

25   YOURSELF. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

26   CONFLICT. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

     ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

28            **THE COURT:**  ALL RIGHT.



824

1          **MR. ADAIR:**  MR. BURTON WOULD LIKE TO ADDRESS

2     THE COURT AGAIN.

3          **THE COURT:**  ALL RIGHT.  MR. BURTON, YOU MAY

4     ADDRESS ME IN PARTICULAR WITH REGARD TO THE ISSUE THAT

5     MR. ADAIR JUST ADDRESSED ON THE RESTRAINING ORDER OR THE

6     CUSTODY MATTER.

7     ~~[illegible redacted]~~

8     ~~[illegible redacted]~~

9     ~~[illegible redacted]~~

10         **THE COURT:**  ALL RIGHT.  GO AHEAD.

11         **THE DEFENDANT:**  YES, MA'AM.

12    ~~[illegible redacted]~~

13    ~~[illegible redacted]~~

14    ~~[illegible redacted]~~

15    ~~[illegible redacted]~~

16    ~~[illegible redacted]~~

17    ~~[illegible redacted]~~

18    YOU MAY REFER YOU TO THE COURT CLERK'S RECORDS.

19    ~~[illegible redacted]~~

20    ~~[illegible redacted]~~

21    ~~[illegible redacted]~~

22    ~~[illegible redacted]~~

23    ~~[illegible redacted]~~

24    ~~[illegible redacted]~~

25    ~~[illegible redacted]~~

26    ~~[illegible redacted]~~

27    ~~[illegible redacted]~~

28    ~~[illegible redacted]~~

(119)

825

2        **THE COURT:** ALL RIGHT.  WELL, I THINK THAT

3 ~~MR. ADAIR'S RESPONSE AND EXPLANATION ON THE CUSTODY CASE~~

4 ~~IS ADEQUATE.~~  THERE'S NO BASIS TO RELIEVE HIM BASED ON

5 HIS STRATEGIC DECISION NOT TO CHALLENGE THIS COURT.  IT

6 WOULD HAVE HAD TO BE A CHALLENGE FOR CAUSE BECAUSE

7 THERE'S ALREADY BEEN A PEREMPTORY EXERCISED AGAINST

8 JUDGE HANOIAN.  AND HIS STRATEGIC DECISION NOT TO DO

9

10

11

12

13

14

15        I FIND THAT MR. ADAIR HAS PROPERLY REPRESENTED

16 DEFENDANT AND WILL CONTINUE TO DO SO.  THE MOTION IS

17 DENIED.

18        THE RECORDING OF THIS PROCEEDING INCLUDING THE

19 TRANSCRIPT WILL BE SEALED ABSENT FURTHER COURT ORDER.

20        WE NEED TO PROCEED NOW WITH OUR JURY TRIAL.

21 BRING THE PROSECUTION IN AND THE COURTROOM WILL BE OPEN.

22

23

24

25

26

27

28


120