MR. E. W. BURTON # F02720   IN PRO PER
P.O. BOX 5246   CSATF/SP-C1-132 L
CORCORAN, CA. 93212

# TABLE OF CONTENTS

| | |
|---|---|
| | 1 |
| EXHIBIT "E." | 2 |
| | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |
| | 16 |
| | 17 |
| | 18 |
| | 19 |
| | 20 |
| | 21 |
| | 22 |
| | 23 |
| | 24 |
| | 25 |
| | 26 |
| | 27 |
| | 28 |
| | 29 |
| | 30 |
| | 31 |

*Denial of Marsden, incomplete*

23

1       JANUARY 28TH, 2005, 9:00 A.M., EL CAJON, CA., DEPT. 12

2

3               THE BAILIFF:  YOUR HONOR, 105, BURTON.

4               MR. ADAIR:  YOUR HONOR, COULD WE DO A SIDE BAR

5       ON THIS?

6               THE COURT:  NO.

7               WE'RE ON THE RECORD IN THE CASE OF THE PEOPLE

8       VERSUS ERIC BURTON, SCE 238643.

9               COUNSEL, YOUR APPEARANCES, PLEASE.

10              MS. HANNAH:  GOOD MORNING.  MARIA HANNAH ON

11      BEHALF OF THE PEOPLE.

12              MR. ADAIR:  GOOD MORNING, YOUR HONOR.  CHARLES

13      ADAIR ON BEHALF OF ERIC BURTON.  HE'S PRESENT.

14              THE COURT:  ALL RIGHT.  THIS IS THE DATE, TIME

15      AND PLACE SET FOR HEARING OF THE DEFENDANT'S MOTION TO

16      DISMISS THE AMENDED INFORMATION FOR ASSERTED INSUFFICIENCY

17      OF THE EVIDENCE PURSUANT TO PENAL CODE SECTION 995, AND,

18      ADDITIONALLY AND SEPARATELY, HEARING ON THE DEFENSE MOTION

19      TO SUPPRESS EVIDENCE PURSUANT TO PENAL CODE SECTION 1538.5.

20              I'M MINDFUL OF THE PROCEDURAL HISTORY OF THIS

21      CASE.  I'VE DONE A FULL REVIEW OF THE COURT FILE.  I'VE READ

22      AND CONSIDERED THE PRELIMINARY HEARING TRANSCRIPT IN THIS

23      CASE AS CONDUCTED BACK ON APRIL 28TH OF 2004.  I'VE READ THE

24      VARIOUS BRIEFS FILED IN SUPPORT OF THE PRESENT MOTIONS AND

25      IN OPPOSITION THERETO.

26      ~~THE COURT:  IN TERMS OF THE MOST RECENT FILING~~

27      ~~RECEIVED OR AT LEAST FILE-STAMPED THIS MORNING IS A~~

28      ~~DEFENSE MOTION TO CONTINUE PURSUANT TO PENAL CODE SEC~~

①

1   ~~10:50 FOR REASONS THAT ARE GENERALLY SPELLED OUT IN THAT~~

2   ~~BRIEF WRITTEN MOTION. I KNOW THAT MR. ADAIR CONTACTED COURT~~

3   ~~STAFF ON WEDNESDAY TWO DAYS AGO ADVISED THAT HE DID DESIRE~~

4   ~~A CONTINUANCE AT LEAST OF THE PRESENT HEARING.~~

5   PARENTHETICALLY, I ASSUME ALSO OF THE TRIAL INASMUCH AS THE

6   TRIAL IS NOW SET FOR THIS COMING MONDAY, JANUARY 31ST.

7   ~~MR. ADAIR ADVISED COURT STAFF THAT IT WAS HIS~~

8   ~~UNDERSTANDING THAT THE CONTINUANCE MOTION WOULD BE OPPOSED~~

9   ~~BY THE PEOPLE THROUGH THE ASSIGNED PROSECUTOR MISS HANNAH~~

10  ~~AND ACCORDINGLY I JUST DIRECTED COURT STAFF TO INFORM MR.~~

11  ~~ADAIR THAT THE VARIOUS ASPECTS OF THIS CASE INCLUDING THE~~

12  ~~MOTION FOR CONTINUANCE, WOULD BE ADDRESSED THIS MORNING SO~~

13  ~~HERE WE ARE.~~

14  ~~SO WITH THAT PREFACE, MR. ADAIR, IF YOU WISH TO~~

15  ~~BE HEARD IN SUPPORT OF YOUR MOTION TO CONTINUE THIS MOTION~~

16  ~~HEARING AS WELL AS THE TRIAL, PLEASE PROCEED.~~

17          MR. ADAIR:  ACTUALLY, YOUR HONOR, WHILE YOU'RE

18  TALKING, IT SEEMS LIKE I WAS THINKING THAT THE 995 COULD

19  PROBABLY BE DECIDED BY YOUR HONOR TODAY BASED ON THE

20  PRELIMINARY HEARING TRANSCRIPT AND I DON'T THINK ANY

21  ADDITIONAL EVIDENCE THAT WE COULD PRESENT CONCERNING THOSE

22  ISSUES.  WE CAN'T DO IT BECAUSE THE DECISION OF THE JUDGE AT

23  THE TIME OF THE PRELIMINARY HEARING IS BASED SOLELY ON THE

24  EVIDENCE PRESENTED AT THE TIME OF THE PRELIMINARY HEARING.

25  I'M ELABORATING A LOT AS I UNDERSTAND THE LAW, AS I KNOW YOU

26  KNOW IT MUCH MUCH BETTER THAN I DO, BUT FOR BENEFIT OF MY

27  CLIENT.

28          THE COURT:  YOU'RE RIGHT.  THE 995 MOTION TO

1    DISMISS HAS TO BE BASED UPON THE FOUR CORNERS, SO TO SPEAK,

2    OF THE PRELIMINARY EXAMINATION TRANSCRIPT.  AND SO I REVIEW

3    THAT TRANSCRIPT WITH A VIEW TOWARDS WHETHER THE EVIDENCE

4    RECEIVED AT THE PRELIMINARY EXAMINATION PROVIDES, FOR

5    PURPOSES OF THAT HEARING, SUFFICIENT EVIDENCE FOR MR. BURTON

6    TO BE HELD TO ANSWER AT TRIAL ON THE CHARGES WHICH HAVE NOW

7    BEEN FILED AGAINST HIM AND WHICH ARE PENDING IN THE AMENDED

8    INFORMATION.  SO YOU'RE QUITE CORRECT, AND I'M PREPARED TO

9    HEAR AND RULE UPON THAT MOTION TODAY.

10           SO PUTTING THAT ASIDE FOR THE MOMENT, PROCEED,

11   PLEASE, AS TO ANY FURTHER JUSTIFICATION RELATIVE TO

12   CONTINUANCE OF THE 1538.5 MOTION TO SUPPRESS HEARING AND/OR

13   THE TRIAL.

14           MR. ADAIR:  COULD I HAVE JUST A MOMENT, YOUR

15   HONOR?

16           THE COURT:  SURE.

17           MR. ADAIR:  MY CLIENT INFORMS ME HE WANTS AN IN

18   CAMERA HEARING.

19           THE COURT:  WELL, WHAT HE WANTS AND WHAT HE'S

20   GOING TO GET ARE TWO DIFFERENT THINGS.  THERE'S NO REASON TO

21   GO IN CAMERA.  WE'RE GOING TO PROCEED ON THE RECORD.

22           MR. ADAIR:  MY CLIENT ALSO INFORMED ME HE WOULD

23   LIKE A MARSDEN.

24           THE COURT:  NO.  WE'RE NOT GOING TO TAKE UP A

25   MARSDEN MOTION BECAUSE, AGAIN, I'M VERY FAMILIAR WITH THE

26   HISTORY OF THIS CASE AND, FRANKLY, ~~THE GAMESMANSHIP THAT MR.~~

27   ~~BURTON HAS ENGAGED IN HERETOFORE~~.  YOU'RE NOW THE THIRD

28   ATTORNEY OF RECORD.  AT ANOTHER TIME HE HAS SOUGHT MARSDENS





1    AGAINST PREVIOUS COUNSEL, AND I GUESS HE'S OF THE MIND THAT

2    HE DRIVES THIS CASE.  WELL, ~~HE REFUSED TO DISCUSS MATTER OF~~

3    ~~THE SUPPRESSION~~.  AND I KNOW OF NO REASON THAT WOULD JUSTIFY A

4    MARSDEN HEARING PRESENTLY CONCERNING YOUR REPRESENTATION OF

5    HIM.

6              MR. ADAIR:  CAN I HAVE JUST A MOMENT, YOUR

7    HONOR?

8              (PAUSE)

9              MR. ADAIR:  MR. BURTON IS INDICATING TO ME THAT

10   THERE ARE SOME ADDITIONAL ITEMS OF EVIDENCE THAT HE'S

11   DISCOVERED THAT SHOULD BE THE SUBJECT OF THE 1538.5

12   SUPPRESSION MOTION THAT WERE NOT LISTED IN THE LIST OF ITEMS

13   TO BE SUPPRESSED.

14             THE COURT:  SOUNDS TO ME LIKE YOUR PRESENT

15   MOTION AND THE LIKE MOTION THAT WAS FILED BY THE PRIOR

16   ATTORNEY, MR. PLUMBER, ~~IS SUFFICIENTLY~~ COMPREHENSIVE SO AS

17   ~~TO ENCOMPASS AND ADDRESS ALL ITEMS OF EVIDENCE THAT WERE~~

18   ~~SEIZED IN CONJUNCTION WITH THIS PRESENT CASE~~.

19             MR. ADAIR:  HE HAS A LIST OF APPROXIMATELY 41

20   ITEMS WHICH WERE PART OF THE EVIDENCE LIST BY THE POLICE

21   DEPARTMENT THAT HE WISHES SUPPRESSED.

22             THE COURT:  WE'LL MAKE A COPY OF THAT LIST,

23   TREAT IT AS AN ATTACHMENT TO THE PENDING MOTION, AND DEEM

24   THAT EVIDENCE TO FALL WITHIN THE CONFINES OF THE PRESENT

25   MOTION.

26             DO YOU HAVE ANY QUARREL WITH THAT, MISS HANNAH?

27             MS. HANNAH:  NO, YOUR HONOR.

28             THE COURT:  ALL RIGHT.  MAKE THESE COPIES,






*Suppression of Evidence*

1  PLEASE, OF THAT TWO-PAGE DOCUMENT.

2        MR. ADAIR:  THERE ARE TWO OTHER ITEMS THAT I

3  DON'T BELIEVE ARE ON THE LIST.  ONE IS A CAMERA THAT THE

4  ALLEGED VICTIM IN THIS CASE HAD AND APPARENTLY WAS USING TO

5  ~~[redacted]~~

6  ~~[redacted]~~

7        THE COURT:  SO HOW IS THAT PROPERLY SUBJECT TO A

8  SUPPRESS MOTION?

9        MR. ADAIR:  COULD I HAVE A MOMENT, YOUR HONOR?

10       MR. BURTON IS ASKING FOR SOME TIME SO HE CAN

11  FIND THE PAPER CONCERNING THE CAMERA.  THE OTHER ISSUE MAY

12  BE --

13       THE COURT:  HE DOESN'T HAVE ANY STANDING UNLESS

14  IT IS AMONG THE ITEMS SEIZED FROM HIS VEHICLE OR HIS

15  RESIDENCE.

16       MR. ADAIR:  THE OTHER ITEM IS THE AUTOMOBILE.

17       THE COURT:  ALL RIGHT.  FOR THE RECORD, THE TWO

18  PAGES THAT I DIRECTED THE CLERK TO COPY, THOSE ARE BEING

19  RETURNED TO MR. BURTON AT THIS TIME.  COPIES THEREOF HAVE

20  BEEN MADE FOR THE COURT, ALSO FOR MR. ADAIR AND MISS HANNAH,

21  AND THESE TWO PAGES WILL BE TREATED AS AN ATTACHMENT TO THE

22  MOTION, RECENTLY FILED 1538.5 MOTION DEEMED A SUPPLEMENTAL

23  MOTION FILE STAMPED JANUARY 14TH OF THIS YEAR AS FILED BY

24  MR. ADAIR.

25       MR. ADAIR, GO AHEAD.

26       MR. ADAIR:  CONCERNING THE CAMERA, I BELIEVE IT

27  IS, ~~THAT MR. BURTON FEELS IS SUBJECT TO SUPPRESSION MOTION~~

28  BECAUSE IT'S PHYSICAL EVIDENCE WHICH IS EXCULPATORY OR MAY



1    BE EXCULPATORY.  HE FEELS IT IS EXCULPATORY.

2              THE COURT:  WELL, THAT'S PROOF AGAIN THAT A

3    LITTLE KNOWLEDGE IS A DANGEROUS THING.  THAT CAMERA IS NOT

4    SUBJECT TO ANY SUPPRESSION MOTION.

5              MR. ADAIR:  COULD I HAVE ONE MOMENT, YOUR

6    HONOR?

7              (PAUSE)

8              MR. ADAIR:  YOUR HONOR, MR. BURTON APOLOGIZES. I

9    THINK HE UNDERSTANDS WHAT THE ISSUES ARE TODAY.  AT THIS

10   TIME HE'S APOLOGIZING TO THE COURT THAT HE'S TAKEN UP YOUR

11   TIME ON AN ISSUE THAT IS REALLY MORE OF A TRIAL ISSUE OR

12   DISCOVERY ISSUE.

13             BY THE WAY, COULD I ADDRESS DISCOVERY BRIEFLY?

14             THE COURT:  NO.  WHEN I SAY "NO," ~~THAT'S WHAT I~~

15   ~~TRY TO CONVEY.~~

16             ~~WHAT I'M TO WORD RIGHT NOW IS WHETHER THERE IS~~

17   ~~ANY JUSTIFICATION FOR A CONTINUANCE OF THE MOTION TO~~

18   ~~SUPPRESS EVIDENCE. OKAY? IF I DENY THAT MOTION TO CONTINUE,~~

19   ~~THAT IS TO SAY, THEN WE'RE GOING TO GO AHEAD WITH THE~~

20   ~~HEARING ON THE 1538.5 MOTION. FOLLOWING UPON THE RULING ON~~

21   ~~THAT MOTION TO SUPPRESS, IF THERE ARE FURTHER MOTIONS BY WAY~~

22   OF A REQUEST FOR A CONTINUANCE OF THE TRIAL DATE AND/OR A

23   MOTION OR DISCUSSION AS TO THE SUBJECT MATTER OF THE

24   DISCOVERY, ~~WE'LL ADDRESS THOSE AT THE CONCLUSION OF THOSE~~

25   EVENTS.

26             MR. ADAIR:  I WOULD BRIEFLY, YOUR HONOR, LIKE TO

27   BE HEARD CONCERNING, YOU KNOW, THE HISTORY OF THE CASE.  THE

28   FACT THAT I WAS APPOINTED IN NOVEMBER, I HAVE BEEN MEETING

```
1   WITH MR. BURTON AND WORKING WITH HIM.  I THINK IT'S OBVIOUS

2   TO THE COURT AT THIS TIME THAT MR. BURTON IS VERY CONCERNED

3   ABOUT THE OUTCOME OF THIS CASE AND IS --

4               THE COURT:  I APPRECIATE THAT AND THAT'S

5   CERTAINLY APPROPRIATE.

6               MR. ADAIR:  AND HE REALIZES THAT HE'S FACING A

7   POSSIBLE LIFE TOP SENTENCE WHERE HE VERY WELL COULD DIE IN

8   PRISON SHOULD HE GET THE -- BE CONVICTED OF THESE CHARGES,

9   AND, THEREFORE, BE SENTENCED ON THE CHARGES.  HE AND I HAVE

10  BEEN TRYING TO WORK TOGETHER CLOSELY.  I HAVE BEEN TRYING TO

11  INCORPORATE INTO THE MOTIONS AND INTO MY ARGUMENTS HIS

12  CONCERNS ABOUT THE EVIDENCE AND THE PROCEDURES THAT ARE

13  INVOLVED IN THIS CASE AND THE SEIZING OF EVIDENCE.

14              AFTER HE READ THE MOTION TO SUPPRESS THAT I

15  FILED, MR. BURTON FELT THAT THE STATEMENT OF FACTS WAS

16  INADEQUATE AND DID NOT FULLY AND ACCURATELY REFLECT THE

18  IS ASKED ME TO CHANGE THOSE AND REFLECT MORE ACCURATELY.  SO

19  THAT'S ONE OF THE REASONS FOR THE CONTINUANCE OR THE REQUEST

20  FOR A CONTINUANCE.

21              THE COURT:  WELL, PARENTHETICALLY, IN THE

22  COURT'S VIEW, THAT'S NOT A COMPELLING REASON TO GRANT A

23  CONTINUANCE OF THE SUPPRESSION HEARING.  THAT IS TO SAY, I

24  DON'T TAKE THE STATEMENT OF FACTS FROM ANY BRIEF AS GOSPEL,

25  SO TO SPEAK.  THE COURT'S DETERMINATION OF A SUPPRESSION

26  MOTION IS GOING TO BE THE RESULT OF THE APPLICATION OF LEGAL

27  PRINCIPLES TO THE EVIDENCE WHICH IS ACTUALLY BEFORE THE

28  COURT RELATED TO THIS CASE.  AND BY THAT I MEAN THE EVIDENCE
```



~~THAT WAS RECEIVED AT THE PRELIMINARY EXAMINATION OF WHICH~~

~~HEARING, AS I NOTED I HAVE A TRANSCRIPT AND HAVE THOROUGHLY~~

~~REVIEWED THAT TRANSCRIPT. AND THEN ADDITIONALLY THE~~

4    COURT'S RULING ON THE SUPPRESSION MOTION WILL BE BASED UPON

5    ANY ADDITIONAL EVIDENCE THAT MAY BE PRESENTED BY THE PARTIES

6    IN CONJUNCTION WITH THAT SUPPRESSION MOTION.    THAT IS TO

7    SAY, THERE ARE THREE POLICE OFFICERS IN THE COURTROOM

8    APPEARING, FROM MY PERSPECTIVE, TO BE MEMBERS OF THE EL

9    CAJON POLICE DEPARTMENT.  MY INFERENCE IS THAT THEY'RE NOT

10   MERELY SPECTATORS, BUT HERE PURSUANT TO SUBPOENA AND

11   DIRECTION OF THE PROSECUTOR.   SO SHE'LL PRESENT PRESUMABLY

12   THE TESTIMONY OF ONE OR MORE OF THEM IN OPPOSITION TO THE

13   MOTION TO SUPPRESS, AND, SIMILARLY, OF COURSE, AS YOU KNOW,

14   ON BEHALF OF MR. BURTON, HE WILL HAVE THE OPPORTUNITY TO

15   PRESENT EVIDENCE IN THE COURSE OF THIS HEARING IN

16   FURTHERANCE OF THE MOTION TO SUPPRESS.   AND ONCE ALL OF THAT

17   IS COMPLETE THE COURT WILL THEN MAKE ITS RULING AS A MATTER

18   OF LAW CONSISTENT WITH THE EVIDENCE AND AFTER CONSIDERING

19   THE ARGUMENTS OF COUNSEL.

20          MR. ADAIR:  YOUR HONOR, AS FAR AS THE HISTORY OF

21   THE CASE, THE LAST TIME WE WERE IN COURT, JANUARY THE 6TH, I

22   HAD REQUESTED OF JUDGE EXARHOS ADDITIONAL TIME TO PREPARE

23   FOR MOTIONS, ~~████████████████~~, AND I FELT THAT WE DIDN'T

24   HAVE IT AT THAT POINT.   ~~████████████████████~~

25   ~~████████████████████~~, BUT MR. BURTON OBJECTED TO

26   ANY FURTHER DELAY IN THIS CASE.  ~~████████████~~



1  ~~MR. BURTON CHANGED HIS MIND. DATES? HE'D BE CHANGED~~

2  ~~STATEMENT~~

3          THE COURT:  THAT'S NEITHER HERE NOR THERE AT

4  THIS MOMENT.  WE'LL TALK ABOUT A MOTION TO CONTINUE THE

5  TRIAL DATE IF AND WHEN WE GET THERE TODAY, BUT I DON'T SEE

6  ANY REASON.  NOTHING HAS BEEN PRESENTED TO ME THAT CONVINCES

7  ME OR EVEN COMES CLOSE TO CONVINCING ME THAT THIS CASE

8  SHOULDN'T PROCEED THIS MORNING WITH THE HEARING ON THE

9  WELL-BRIEFED MOTION TO SUPPRESS EVIDENCE.

10          MR. ADAIR:  ALL RIGHT.  I THINK THE LAST ITEM,

11  YOUR HONOR, IS THERE ARE CERTAIN ITEMS OF EVIDENCE THAT I

12  WOULD LIKE TO LOOK AT PRIOR TO THE HEARING.  ~~ ~~

13  ~~ARRANGEMENTS WITH THE PROSECUTION TO VIEW EVIDENCE AND TO~~

14  VIEW --

15          THE COURT:  YOU'RE GOING TO HAVE TO BE A LITTLE

16  MORE SPECIFIC THAN THAT.

17          MR. ADAIR:  THERE ARE PHOTOGRAPHS THAT WERE

18  TAKEN OF THE CAR, THE AUTOMOBILE.  I DON'T KNOW -- I DON'T

19  HAVE A LIST OF PHOTOGRAPHS.  I DON'T KNOW ANYONE HAS EVER

20  PREPARED, OR AT LEAST IT WAS NEVER GIVEN TO ME, SO I CAN'T

21  SAY WHAT PHOTOGRAPHS EXIST AND DON'T EXIST.  BUT I BELIEVE

22  THAT THEY'RE IN THE REPORTS.  IT DOES INDICATE THAT THERE

23  ARE PHOTOGRAPHS OF MR. BURTON'S CAR, AND PART OF OUR MOTION

24  COVERS THE SEARCH OF THE CAR.  OF COURSE, IF -- I'M NOT SURE

25  WHAT THE PROSECUTION'S POSITION IS AS FAR AS THE

26  JUSTIFICATION FOR THE SEARCH OF MR. BURTON'S APARTMENT AND

27  THE CAR, WHETHER THAT'S GOING TO BE RELEVANT.

28          THE COURT:  JUSTIFICATION ASSERTED BY THE PEOPLE

32

1    IS SET OUT IN THEIR OPPOSITION AS HERETOFORE FILED THAT YOUR

2    CLIENT ALLEGEDLY, UNDERLINE ALLEGEDLY, BECAUSE IT'S NOT YET

3    BEEN ADDRESSED BY WAY OF EVIDENCE, ~~████████████████████~~

     *ALLEGED*

4    THE RESIDENCE, ~~████████████████████████████~~

5    SEARCH OF HIS APARTMENT.

     ~~████████████████████████████████████████████~~

7              THE COURT:  THAT'S THE ONLY BASIS UPON WHICH THE

8    PEOPLE ARE ASSERTING, AS I UNDERSTAND IT AT LEAST, AS TO THE

9    RESIDENCE, ~~█████████~~.

10   ~~████████ MR. GADAIR: I WOULD ACKNOWLEDGE THE COURT. WHERE~~

11   ~~YOU'RE GOING WITH THAT IN THAT IF THE ISSUE IS CONSENT BY~~

12   ~~PURPOSE. I DON'T HAVE PICTURES OF THE CAR OR THE~~

13   ~~APARTMENT, SO I CAN'T DISPUTE~~

14             THE COURT:  ALL RIGHT.  ~~SO THE MOTION TO~~

15   ~~CONTINUE THIS HEARING ON THE MOTION TO SUPPRESS EVIDENCE IS~~

16   ~~DENIED.  AND WE'RE NOW GOING TO TURN TO AN ACTUAL HEARING OF~~

17   ~~THAT MOTION~~

18             AND, AGAIN, CONSISTENT WITH THE LOCAL RULES OF

19   COURT, THE TRANSCRIPT OF THE PRELIMINARY EXAMINATION IS

20   RECEIVED AS PART OF THE EVIDENCE FOR PURPOSES OF THIS

21   PRESENT MOTION HEARING.  THE SEARCHES AND SEIZURES IN

22   QUESTION THAT GIVE RISE TO THIS SUPPRESSION MOTION WERE DONE

23   WITHOUT A WARRANT, AND, ACCORDINGLY, THAT MEANS THE PEOPLE

24   HAVE THE LABORING OAR TO SEEK TO LEGALLY JUSTIFY THE

25   SEARCHES AND SEIZURES WHICH ARE BEING ATTACKED BY AND

26   THROUGH THIS MOTION.  AND SO, MISS HANNAH, YOU CAN GET IN

27   YOUR ROWBOAT AND START PULLING ON THE OARS.

28             MS. HANNAH:  THANK YOU, YOUR HONOR.  THE PEOPLE



1  WENT DOWN BETWEEN YOUR CLIENT AND THE OFFICERS?

2            MR. ADAIR:  YES, YOUR HONOR.  ~~I WOULD NOT BE IN~~

3  ~~THE POSITION TO THINK, BUT YOU HEARD THAT INTERSECTION TO~~

4  ~~--~~

5            THE COURT:  ALL RIGHT.  WELL, THE POINT I WAS

6  TRYING TO ESTABLISH IS THAT THE OFFER OF PROOF IS THAT THE

7  APARTMENT MANAGER WAS PRESENT IN OR ABOUT THE AREA AND

8  PURPORTEDLY, THEREFORE, IN A POSITION TO HEAR OR NOT HEAR

9  WHATEVER DID OR DID NOT TRANSPIRE?

10            MR. ADAIR:  YES, YOUR HONOR.

11            THE COURT:  MISS HANNAH, DO YOU HAVE ANY MR. MC

12  KELVEY UNDER SUBPOENA FOR MONDAY'S TRIAL DATE?

13            MS. HANNAH:  YES, YOUR HONOR.

14            THE COURT:  I'M PREPARED TO TRAIL THIS HEARING

15  OVER UNTIL MONDAY MORNING IN ORDER TO ALLOW YOU THE

16  OPPORTUNITY TO HAVE EITHER OR BOTH OF THOSE INDIVIDUALS

17  PRESENT, MR. ADAIR.

18            MR. ADAIR:  THANK YOU, YOUR HONOR.

19            DO YOU WISH TO RULE ON THE 995 NOW?

20            THE COURT:  I DO.  AND MISS HANNAH, SINCE YOU'VE

21  GOT MR. MC KELVEY UNDER SUBPOENA, I WOULD ASK, AS AN OFFICER

22  OF THE COURT, THAT YOU WORK WITH MR. ADAIR IN ORDER TO

23  HOPEFULLY DIRECT HIS PRESENCE MONDAY MORNING FOR PURPOSES OF

24  THIS HEARING.

25            MR. ADAIR:  YOUR HONOR, MAYBE I MISSPOKE.  WHAT

26  I SAID WAS CONFUSING.  I HAD HIM UNDER SUBPOENA.  THE

27  PROSECUTION DID NOT.

28            THE COURT:  I UNDERSTOOD MISS HANNAH TO SAY SHE



1     DID HAVE HIM UNDER SUBPOENA.

2         MS. HANNAH:  NOT FOR THE MOTION, YOUR HONOR.

3         THE COURT:  NO, I UNDERSTAND.

4         MS. HANNAH:  FOR TRIAL.

5         THE COURT:  I MEANT FOR TRIAL ON MONDAY.

6         THE COURT:  ON MONDAY.

7         MR. ADAIR:  I'M SORRY.

8         THE COURT:  YOU RELEASED HIM TODAY, BUT SHE'S

9 GOT HIM UNDER THUMB, SO TO SPEAK, FOR TRIAL ON MONDAY.

10 THAT'S WHY I'M ENLISTING HER ASSISTANCE TOGETHER WITH YOUR

11 RENEWED EFFORTS TO HAVE HIM HERE MONDAY MORNING.  OKAY?

12         MR. ADAIR:  YES, SIR.

13         THE COURT:  ALL RIGHT.  AND AS TO THE APARTMENT

14 MANAGER, YOU'VE GOT BETWEEN NOW AND THEN TO ACCOMPLISH THAT

15 SUBJECT TO YOUR DISCRETION.  SO THAT, FOR THE MOMENT, WILL

16 CONCLUDE THE HEARING ON THE MOTION TO SUPPRESS, WHICH

17 HEARING WILL THEN RESUME ON MONDAY, JANUARY 31ST AT 8:30 IN

18 THE MORNING IN THIS DEPARTMENT.

19         AS TO THE 995 MOTION, THEN, AS PREVIOUSLY

20 STATED, THE COURT'S REVIEWED ALL OF THE MOVING PAPERS, THE

21 PEOPLE'S OPPOSITION, AND I'VE THOROUGHLY REVIEWED THE

22 PRELIMINARY EXAMINATION TRANSCRIPT.

23         SO MR. ADAIR, YOU WISH TO BE HEARD AS TO THAT

24 MOTION?

25         MR. ADAIR:  BRIEFLY, YOUR HONOR.

26         I PUT THE LAW IN THE MOVING PAPERS.  I DON'T

27 THINK IT'S NECESSARY TO RECITE THE LAW AGAIN.  I'M SURE YOUR

28 HONOR IS EXTREMELY AWARE OF WHAT THE LAW IS CONCERNING A 995



1            MR. ADAIR:  THE COURT'S VIEW.

2            THE COURT:  WELL, THAT'S --

3            MR. ADAIR:  COULD I HAVE A MOMENT WITH MR.

4 BURTON?

5            THE COURT:  THAT'S DIFFICULT TO SAY BECAUSE I

6 DON'T KNOW THE PARAMETERS NECESSARILY OF THE APARTMENT

7 MANAGER'S TESTIMONY, BUT WHAT I'M HEARING IN ANY EVENT, IS

8 THAT SAID INDIVIDUAL HAS NOT BEEN SERVED?

9            MR. ADAIR:  THAT'S CORRECT, YOUR HONOR.

10            THE COURT:  YOU WANT A MOMENT, GO AHEAD.

11            MR. ADAIR:  THANK YOU, YOUR HONOR.

12            THE COURT:  MISS HANNAH.

13            MS. HANNAH:  THAT'S MR. MC KELVEY.  HE WAS TOLD

14 TO BE HERE AT 8:30.

15            THE COURT:  GREAT.  MR. MC KELVEY HAS JUST

16 WALKED INTO THE COURTROOM.

17            MR. ADAIR.

18            MR. ADAIR:  THAT'S CORRECT, YOUR HONOR.  THAT IS

19 HIM.

20            THE COURT:  ALL RIGHT.  THEN PUTTING THE MANAGER

21 ASIDE FOR THE MOMENT, DO YOU WISH TO CALL MR. MC KELVEY?

22            MR. ADAIR:  COULD I HAVE A MOMENT WITH MY

23 CLIENT, YOUR HONOR?

24            THE COURT:  SURE.

25            MR. ADAIR.

26            MR. ADAIR:  YES, YOUR HONOR.  THANK YOU.

27            BEFORE WE GO ANY FURTHER, YOUR HONOR, MR. BURTON

28 WOULD LIKE YOU TO READ HIM THE COURT RULES CONCERNING HIS

13

1   RIGHTS TO A CONTINUANCE, HIS RIGHT TO AN IN CAMERA HEARING

2   AND HIS RIGHT TO APPEAL.

3        THE COURT:  WELL, I'M NOT GOING TO DO ANY OF

4   THAT AT THE MOMENT.  PLUS IT'S NOT MY FUNCTION TO RECITE LAW

5   AND PROCEDURE FOR THE BENEFIT OF MR. BURTON.  WE'RE IN THE

6   MIDST OF THIS HEARING AND WE'RE EITHER GOING TO CONCLUDE

7   THIS HEARING OR ELSE WE'RE GOING TO FURTHER THE HEARING, SO

8   TO SPEAK, BY ELICITING ADDITIONAL TESTIMONY.

9        MR. ADAIR:  THANK YOU, YOUR HONOR.  COULD I TALK

10  TO MR. MC KELVEY VERY, VERY BRIEFLY, YOUR HONOR?

11       THE COURT:  ALL RIGHT.  COUNSEL, I THINK WHAT

12  WE'RE GOING TO DO IS THIS:  MINDFUL THAT IT'S 8:40 IN THE

13  MORNING OWING TO CERTAIN CIRCUMSTANCES THAT HAVE ARISEN OVER

14  THE WEEKEND, I'M GOING TO BE DOING THE CALL OF THE CALENDARS

15  IN DEPARTMENT 11 AT 9:00, AND SO WHAT I EXPECT TO DO IS

16  TRAIL MR. BURTON'S CASE FOR FURTHER HEARING OF THE MOTION TO

17  SUPPRESS, ALSO MINDFUL THAT IT IS ON THE TRIAL CALENDAR.

18  WE'LL TRAIL IT HERE FOR THAT PURPOSE AS WELL AND MINDFUL OF

19  WHAT I INDICATED ON FRIDAY BY WAY OF A CONTINUANCE OF THE

20  TRIAL PRESUPPOSING MR. BURTON IS PREPARED TO WAIVE HIS

21  SPEEDY TRIAL RIGHTS.

22       SO WHY DON'T YOU BOTH CONSIDER YOURSELVES FREE

23  UNTIL 9:15 AT THE EARLIEST, AND AS SOON AS I CAN CONCLUDE MY

24  BUSINESS NEXT DOOR I'LL BE BACK FOR THIS CASE.

25       MISS HANNAH.

26   MS. HANNAH:  YOUR HONOR, I JUST ALSO WANTED TO REMIND

27  THE COURT I HAVE ANOTHER MATTER THAT'S --

28       THE COURT:  I'M AWARE OF THAT.

14

1          MS. HANNAH:  AND I HAD AN EX-PARTE MATTER AT

2    9:30 WITH MISS COYNE ON THE CUMMINGS MATTER.

3          THE COURT:  EX-PARTE WITH WHOM?

4          MS. HANNAH:  WELL, ACTUALLY, IT'S NOT --

5    ACTUALLY, MS. COYNE IS GOING TO BE HERE, SO IT'S NOT

6    EX-PARTE.  I WAS ORIGINALLY SCHEDULED TO BE WITH JUDGE

7    EXARHOS.

8          THE COURT:  JUDGE EXARHOS WILL BE HERE FOR THE

9    9:30 CALENDAR.

10         MS. HANNAH:  GREAT.  THANK YOU.

11         THE COURT:  ALL RIGHT.  SO ANYWAY, WE'LL WORK

12   AROUND OUR RESPECTIVE SCHEDULES AND WE'LL BE BACK IN.

13   MR. BURTON'S CASE AT THE EARLIEST AT 9:15.

14         MR. ADAIR:  THANK YOU, YOUR HONOR.

15         THE COURT:  THANK YOU.

16         (RECESS TAKEN.)

17         THE COURT:  ALL RIGHT.  WE'RE ONCE AGAIN ON THE

18   RECORD IN MR. BURTON'S CASE WITH COUNSEL OF RECORD AGAIN

19   PRESENT.

20         STATUS UPDATE, PLEASE.

21         MR. ADAIR:  YOU KNOW, YOUR HONOR, I THINK THE

22   BOTTOM LINE IS THE DEFENSE SHOULD REQUEST A CONTINUANCE, AND

23   I AM REQUESTING A CONTINUANCE OF THIS.  IN TALKING TO

24   MR. BURTON --

25         THE COURT:  WHEN YOU SAY "OF THIS," YOU MEAN THE

26   SUPPRESSION MOTION --

27         MR. ADAIR:  THAT'S CORRECT.

28         THE COURT:  -- IN PARTICULAR?

(15)



1  BENEFIT, MR. ADAIR, AND FRANKLY, A LOT OF THE QUESTIONS ARE

2  IRRELEVANT.

3            DO YOU HAVE ANYTHING FURTHER?

4            MR. ADAIR:  IF I COULD HAVE A MOMENT, YOUR

5  HONOR.

6            YOUR HONOR, MY CLIENT WOULD LIKE YOU TO KNOW

7  ~~THAT HE IS DISABLED AND HE HAS A CERTAIN IMPEDIMENT AS FAR~~

8  ~~————————————————————————.~~

9            THE COURT:  WHAT'S THAT SUPPOSED TO MEAN?

10           MR. ADAIR:  I DON'T KNOW, YOUR HONOR.

11           THE COURT:  NOR DO I.  SO WE'RE GOING TO KEEP ON

12  GOING.

13           MR. ADAIR:  HE WOULD LIKE YOUR HONOR TO KNOW

14  ~~————————————.~~

15           THE COURT:  WELL, I UNDERSTAND THAT HE MAY HAVE

16  A VISION PROBLEM, BUT THAT'S NEITHER HERE NOR THERE FOR

17  PURPOSES OF THIS PRESENT HEARING.

18           DO YOU HAVE ANYTHING FURTHER BY WAY OF QUESTIONS

19  TO THE WITNESS?

20           MR. ADAIR:  NO, YOUR HONOR.

21           THE COURT:  MISS HANNAH, CROSS-EXAMINATION.

22

23                    CROSS-EXAMINATION

24  BY MS. HANNAH:

25  ~~————————————————————————————~~

26  ~~————————————————————————————~~



1    MOMENT?

2              (PAUSE)

3              MR. ADAIR:  YOUR HONOR, COULD WE SUPPLEMENT THE

4    LIST OF ITEMS THAT WE'RE REQUESTING BE SUPPRESSED WITH AN

5    ADDITIONAL LIST?  COULD THIS BE MARKED AS AN EXHIBIT?

6              THE COURT:  WELL, LET'S MAKE COPIES OF IT FOR

7    YOU AND MISS HANNAH, AND THEN I'LL REVIEW IT AND WE'LL GO

8    FROM THERE.

9              MR. ADAIR:  I DID SHOW IT TO THE PROSECUTOR,

10   YOUR HONOR.

11             THE COURT:  I WANTED HER TO HAVE A COPY OF IT.

12             IS THIS SOMETHING YOUR CLIENT GENERATED?

13             MR. ADAIR:  ⬛⬛⬛⬛⬛⬛.  THIS IS ACTUALLY

⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

15             THE COURT:  OH, ALL RIGHT.  THEN LET ME SEE IT.

16             ALL RIGHT.  ⬛⬛⬛⬛⬛⬛⬛⬛⬛

17   ENTITLED "EVIDENCE LIST" AND ITEMIZING CERTAIN ITEMS

⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

19   ⬛⬛⬛⬛⬛.  AND THIS DOCUMENT WILL SIMPLY BE TREATED AS

20   AN ATTACHMENT TO MR. ADAIR'S MOTION TO SUPPRESS EVIDENCE AS

21   PREVIOUSLY FILED.

22             ALL RIGHT.  MR. ADAIR, THAT CONCLUDES THE

23   PRESENTATION OF EVIDENCE ON BEHALF OF MR. BURTON FOR

24   PURPOSES OF THE PRESENT MOTION; CORRECT?

25             MR. ADAIR:  THAT'S CORRECT, YOUR HONOR.

26             THE COURT:  MISS HANNAH, DO YOU HAVE ANY FURTHER

27   EVIDENCE TO PRESENT ON BEHALF OF THE PEOPLE?

28             MS. HANNAH:  NO, YOUR HONOR.



0032

1  Gilbert E. Newton          31801
   133 West Lexington

F I L E D
Clerk of the Superior Court

2  El Cajon CA 92020
   619 444 1121

NOV 1 0 2004

3

By: A. NARDUCCI, Deputy

   Attorney for Eric Burton
4

5

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN DIEGO

10

11  THE PEOPLE OF THE STATE          No. SCE 238643
    OF CALIFORNIA,
12                                   DECLARATION OF COUNSEL
                                     RE. CONFLICT OF INTEREST.
13                Plaintiff,

                                     Hrg.  11-16-04
14  v.                                      8:30 a.m.
                                            Dept. 12
15  ERIC BURTON,

16                Defendant.

17      Gilbert E. Newton declares:  On November 9, 2004, I was

18  appointed to defend Eric Burton in the above case.  I informed

19  the Court that I would check a possible conflict of interest

20  involving witness Derrell McKelvey, and report to the Court.

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████

23      The preliminary examination for Eric Burton was held April

24  28, 2004. During the hearing I was called in to counsel defense

25  witness Derrell McKelvey about his right against self-incrim-

26  ination. ████████████████████████████████████████████████████

27  ████████████████████████████████████████ ALLEGEDLY ██████████
                                                  X

28  ████████████████████████████████████████████████████████████

0033

1  formed by DDA Mike Przytulski that a witness had said that

2  ~~██████████████████████████████████████████████~~

3  ~~██████████████████~~              After discussing the case with

4  Mr. McKelvey I told him that he could possibly be prosecuted

5  ~~██████████████████████████████████████████████~~

6  advised him not to testify.

7       I did not remember advising the witness in this case until

8  after Attorney Plummer reminded me November 9 in Dept. 12.  I

9  did not remember the details until returning to my office to

10 check my records.

11      In view of these facts I believe that I have a conflict of

12 interest which would bar me from defending Eric Burton.  Mr.

13 Burton stated that he wants a Marsden motion re. my appointment.

14 Therefore I request the Court to appoint other counsel for the

15 defendant.

16  I declare under penalty of perjury that the foregoing is true

17 and correct. El Cajon, California.  November 10, 2004

18

19

20                          Gilbert E. Newton

21                          Attorney for Eric Burton

22

23

24

25

26

27

28                              20

573

1    THAT'S JUST HER HEARING WHAT MAY BE GOING ON IN THE

2    BACKGROUND.

3            MR. ADAIR:  I AGREE, YOUR HONOR.

4            THE COURT:  ALL RIGHT.  SO UNDERSTANDING THAT

5    SHE'S NOT GOING TO GIVE A BLOW-BY-BLOW DESCRIPTION OF

6    WHAT WAS TOLD TO HER.

7            MR. TROCHA:  AND I WASN'T TRYING TO DO

8    ANYTHING LIKE THAT.  AND I'LL EXPLAIN TO HER THAT SHE

9    WON'T BE TALKING ABOUT THAT.

10            THE COURT:  ALL RIGHT.  THEN ANYTHING ELSE

11   THAT WE NEED TO ADDRESS BEFORE YOU TAKE YOUR BREAK?

12            MR. TROCHA:  I DON'T THINK SO.

13            THE COURT:  IF YOU CAN MAKE SURE MR. THOMAS

14   KNOWS SINCE HE ISN'T GOING TO BE ABLE TO SIT IN ON THE

15   PROCEEDINGS, HE SHOULDN'T BE HERE.  AND THAT WILL AVOID

16   HIM RUNNING INTO MRS. CLARK WHEN AND IF SHE HAPPENS TO

17   SHOW UP.

18            MR. TROCHA:  OKAY.

19            THE COURT:  ALL RIGHT.  THANK YOU.

20            (RECESS FROM 2:27 P.M. TO 2:53 P.M.)

21            (AT 2:53 P.M. THE JURY ENTERED THE COURTROOM

22            AND THE FOLLOWING PROCEEDINGS WERE HAD:)

23            THE COURT:  ALL RIGHT.  MEMBERS OF THE JURY

24   HAVE RETURNED.  COUNSEL AND THE DEFENDANT ARE PRESENT.

25            YOU MAY CALL YOUR NEXT WITNESS.

26            MR. TROCHA:  PEOPLE WOULD LIKE TO CALL KENDALL

27   HILDENBRAND.

28            (THE NEXT WITNESS ENTERS THE COURTROOM.)



1  ~~DONALD MCKELVEY.~~

2           MR. PRZYTULSKI:  YOUR HONOR, COULD WE

3  BRIEFLY HAVE AN OFFER PROOF?  HE'S ENTITLED TO PUT

4  ON AN AFFIRMATIVE DEFENSE, I JUST WANT TO MAKE SURE

5  IT'S BEING OFFERED FOR THAT.

6           MR. PLUMMER:  MR. MCKELVEY IS TESTIFYING

8  TESTIFYING TO THE EVENT THAT OCCURRED ON MARCH 19,

9  AND TOO, I BELIEVE, THAT HIS TESTIMONY WILL RELATE

10 TO MR. THOMAS'S OR MR. BURTON'S STATE OF MIND.

11          MR. PRZYTULSKI:  JUDGE, I DON'T WANT TO DO

12 ANYTHING BEFORE HE COMES IN.  I DON'T WANT TO DO OR

13 SAY ANYTHING THAT HE CAN HEAR THAT WOULD PREVENT

14 HIM FROM TESTIFYING, BUT BASED ON WHAT I'VE HEARD

17 THINKS APPROPRIATE, BUT I DON'T WANT TO BRING THAT

18 TO THE WITNESS' ATTENTION, BECAUSE I DON'T WANT TO

19 BE ACCUSED OF INTIMIDATING HIM.

20          THE COURT:  COUNSEL, I'M GOING TO HAVE TO

21 HAVE HIM COUNSELED.

22          MR. PLUMMER:  THAT'S OBVIOUSLY THE COURT'S

23 DECISION, WHATEVER THE COURT WISHES.

24          THE COURT:  IF YOU ARE GOING TO ASK HIM

25 ~~ABOUT THE EVENT WHERE HE IS CARRYING THE FIRST~~

26 ~~THAT TO SUBSEQUENTLY IN THE THING, HE~~ HE IS GOING

27 TO HAVE TO BE ADVISED OF HIS 5TH AMENDMENT RIGHTS,

28 AND I NEED TO HAVE HIM COUNSELED.  SO LET'S FIND

11:48:47

11:48:57

11:49:13

11:49:25

11:49:42

11:49:50



13:49:48

2          MR. NEWTON:  OKAY.  THANK YOU, YOUR HONOR.

3          THE COURT:  ALL RIGHT.  BEFORE WE GO ANY

4     FURTHER, IT APPEARS, MR. MCKELVEY, THAT YOU JUST

5     HAD A DISCUSSION WITH MR. NEWTON, WHO THE COURT HAS     13:50:12

6     APPOINTED TO REPRESENT YOU AND ADVISE YOU BEFORE

7     YOU GIVE TESTIMONY IN THIS MATTER; ISN'T THAT

8     CORRECT, THAT YOU'VE HAD THAT DISCUSSION?

9          THE WITNESS: ████████

10         THE COURT:  AND HE WAS DISCUSSING WITH YOU     13:50:23

11    YOUR RIGHT UNDER THE FIFTH AMENDMENT OF THE UNITED

12    STATES CONSTITUTION NOT TO TESTIFY IF THAT IS YOUR

13    CHOICE; IS THAT TRUE?

14         THE WITNESS: ████████.

15         THE COURT:  AND AFTER YOUR DISCUSSION WITH     13:50:33

16    MR. NEWTON, YOU HAVE DECIDED THAT YOU ARE GOING TO

17    ANSWER QUESTIONS WITH REGARD TO THE INCIDENT ON THE

18    19TH OF MARCH.

19         THE WITNESS: ████████

20         THE COURT:  OKAY.     13:50:46

21         CONTINUE COUNSEL.  THANK YOU.

22         MR. NEWTON, IF YOU WANT TO HAVE A SEAT

23    ████████████████████████████████████████

24    ████████████████████████████

25         MR. NEWTON:  OKAY.  THANK YOU.     13:50:56

26    ████████████████

27    ████████████████████████████████

28    ████████████████████



0375

**SCE238643  Burton, Eric**                                        **7-25-05**

10:47 am Court is in recess.

11:07 am Court is again in session with all counsel as previously noted, the defendant and all jurors present. Examination of Derrell McKelvey resumes.

11:10 am Derrell McKelvey is excused.  The jurors are admonished and excused for the day and ordered to return on <u>July 27, 2005 at 9:00 am in department 10.</u>

Out of the presence of the jurors, the Court states that there is no basis for a PC1368, which was raised by Attorney Adair earlier today.

Attorney Adair indicates that a potential witness, Melanie Clark, is living with her mother and that the investigator has spoken to the family and the family indicated that they do not want to appear.  The Court indicates that there is an active witness warrant that was issued, and if Attorney Adair feels it is necessary, he may wish to get law enforcement involved.

Attorney Adair indicates what testimony he intends to elicit from the defendant's mother if the court allows her to testify. The Court will **<u>RESERVE</u>** on this issue.

Attorney Adair requests to introduce police reports relating to the victim for the purpose of summarizing the observation of the police officers for the purpose of impeaching the witness.  The Court rules that if an officer is present and may testify as to the officer's observation but **DENIES** the use of the police report. Attorney Adair requests that the reports be viewed as business records.  The Court will **<u>RESERVE</u>** on this issue.

11:40 am Court is in recess.

1:32 pm Court is again in session with all counsel as previously noted and the defendant is present. Court and counsel discuss the admissibility of the domestic violence reports made against Mr. Thomas.

The court makes the following rulings on the pending motions/issues:

The Court does not view the police reports as being business records – motion is **<u>DENIED</u>**.

The Court **<u>RESERVES</u>** on the issue that the defense may use the domestic violence reports made by Ms. Givens. The Court may allow the officer to testify as to what Ms. Givens reported.

The Court will allow limited testimony by defendant's mother as to the defendant's state of mind causing the defendant to file the restraining order against Mr. Thomas.

2:12 pm Court and counsel discuss jury instructions. The Court will **<u>RESERVE</u>** on the self-defense instructions.

TRIAL MINUTES



2



0379

**SCE238643  Burton, Eric**                                    7-27-05

The Court reviews the proposed instructions offered by the defense. An instruction # 1 is withdrawn; #2, 3, 4 and 7 are refused; 5a and 5b are modified as to Mr. Thomas; #6 is modified based on Humphrey.

11:55 am The people indicate that they object to the possibility that the defense may have testimony relating to a backpack found in the defendant's car as it was never identified as being the defendants. The Court **RESERVES** on this issue.  The defense also requests that the Court take judicial notice of the restraining order the defendant filed against the victim.  The Court will **RESERVE.**

12:00 pm Court is in recess.

1:30 pm Court is again in session with all counsel as previously noted and the defendant is present.  Defense counsel requests that he be permitted to examine the backpack found in the defendant's car ~~and the gun as being involved in the death of Mr. Thomas.~~  The Court **GRANTS** that request.

1:35 pm Court is in recess.

1:43 pm Court is again in session with all counsel as previously noted, the defendant and all jurors are present.  The defense calls **MELANIE CLARK**, who is sworn and examined.

2:05 pm Unreported sidebar held for 1 minute.

2:06 pm Examination of Melanie Clark resumes.

2:13 pm Reported sidebar held for 3 minutes.

2:16 pm Examination of Melanie Clark resumes.

2:30 pm Melanie Clark is excused.  The Court states for the record that the warrant previously issued is now recalled and Ms. Clark is released from custody.

The Court takes judicial notice of case GIE021072 Burton vs. Thomas.

The following People's exhibits that were previously received are now identified:

~~71 - Photo of cordless telephone and button number of apt A~~
**72** - Photo of exterior of Mr. Burton's Hyundai parked at 425 E. Main
**73** - Photo of Mr. Burton's Hyundai: detail of address

2:32 pm The defense rests.  The jurors are admonished and excused. Out of the presence of the jurors, the defense presents some additional documents (application for restraining order Ms. Sanders obtained against Mr. Thomas) that they would like to introduce into evidence.  The Court rules that these documents may be marked as an exhibit, but is not admissible and will not be received.

**TRIAL MINUTES**                                                                    3

 

1052

1      ~~THE COURT: MR. TROCHA, ANY THOUGHTS?~~

2      ~~MR. TROCHA: THERE'S NO EVIDENCE THE DEFENDANT~~

3      ~~KNOWS OF ANYTHING IN MR. THOMAS' PAST, AND ANYTHING ELSE~~

4      ~~WOULD BE SPECULATION.~~

5              (THE CLERK HANDS A NOTE TO THE COURT.)

6              **THE COURT:** APPARENTLY MS. CLARK WILL BE HERE

7      THIS AFTERNOON IN HANDCUFFS OR OTHERWISE. LET'S SEE.

8      ~~THE COURT...~~

9      ~~WE DID HAVE TESTIMONY...~~

10     ~~...~~

11     ~~...~~

12     ~~...~~

13     ~~...~~

14     ~~...~~

15     ~~...~~

16     ~~...~~

17     ~~...~~

18             **MR. TROCHA:** THE PROBLEM IS I DON'T THINK IT

19     ~~IS RELEVANT TO ITS REASONABLE BELIEF. THERE IS NO~~

20     ~~EVIDENCE OF WHAT THE DEFENDANT BELIEVED FROM THOSE~~

21     ~~CONFRONTATIONS. THEY ARE EVIDENCE OF PRIOR~~

22     ~~CONFRONTATIONS BETWEEN THE TWO, BUT THEY DIDN'T RESULT~~

23     IN VIOLENCE. THIS IS PRACTICALLY BEGGING THE JURY TO

24     THEN TAKE THAT INTO ACCOUNT TO THE DEFENSE THAT REALLY

25     ~~DOESN'T EXIST.~~

26             **MR. ADAIR:** WELL, THE --

27             **MR. TROCHA:** WE'RE ASKING THE JURY THEN TO GET

28     ~~INTO THE DEFENDANT'S MIND WITHOUT HAVING ACTUALLY ANY~~

*(Coercive Interrogation torture     5TH 14 8TH     any action that Shocks the Conscious     26)*

630

1    BE BACK ON THE REGULAR SCHEDULE.  SO BE READY TO GO AT

2    9:00.  WE'LL GO UNTIL NOON.  WE'LL RESUME AGAIN AT 1:30

3    AND GO UNTIL 4:30.  DON'T FORM ANY OPINIONS.  I DIDN'T

4    SEE ANY REPORTERS TODAY, SO I DON'T THINK THERE WILL BE

5    ANY ARTICLES.  BUT IF THERE IS ANYTHING, DON'T READ IT.

6              HAVE A GOOD EVENING.

7              (AT 3:57 P.M. THE JURY WAS EXCUSED AND THE

8              FOLLOWING PROCEEDINGS WERE HAD:)

9         **THE COURT:**  ALL RIGHT.  THE MEMBERS OF THE

10   JURY HAVE LEFT THE ROOM.

11        **MR. ADAIR:**  COULD I CHECK OUTSIDE, YOUR HONOR?

12        **THE COURT:**  YES.  WHY DON'T YOU SEE IF

13   MS. CLARK MIGHT BE OUT THERE.

14             ALL RIGHT.  WELL, MS. CLARK ISN'T HERE.

15   CERTAINLY IF SHE MAKES HERSELF AVAILABLE BEFORE SHE'S

16   PICKED UP ON THE WARRANT, THEN WE WILL TALK WITH HER.

17   OTHERWISE THE WARRANT REMAINS OUTSTANDING.

18             AND I'M ASSUMING, MR. TROCHA, YOU'RE --

19        **MR. TROCHA:**  I'M REALLY TAKING NO POSITION IN

20   THIS, YOUR HONOR.

21        **THE COURT:**  WELL, THE LAW ENFORCEMENT HAS IT,

22   AND I'M ASSUMING EVERYTHING IS BEING DONE TO LOCATE HER.

23        **MR. ADAIR:**  AND I EVEN ASKED MR. THOMAS

24   YESTERDAY, AND HE SAYS HE KNOWS MS. CLARK'S MOTHER.  AND

25   APPARENTLY THEY HAVE THAT INFORMATION AS WELL.

26        **THE COURT:**  WELL, AT LEAST THERE'S BEEN SOME

27   CONTACT WITH HER.

28        **MR. ADAIR:**  NO WONDER WE HAVEN'T SEEN HER.




812

1    ANYTHING UPON ANYONE.

2              THE COURT:  YEAH.  SO THAT'S FINE.  WE MIGHT

3    JUST HAVE JA'NAL MOVE A LITTLE AND THEN WE CAN PUT THE

4    SCREEN KIND OF IN HER LOCATION. ~~~~~~~~~~~~~~~~~~~~~~~~~

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

6              MR. TROCHA:  BECAUSE I WAS THINKING MAYBE THE

7    ALTERNATES COULD SIT OVER HERE (INDICATING) FOR THAT

8    AND --

9              THE COURT:  NO.  I THINK IT CAN BE RIGHT IN

10   FRONT OF ME AND THAT WILL BE FINE.

11             MR. TROCHA:  ALL RIGHT.

12             THE COURT:  AND I CAN EVEN GET OFF THE BENCH

13   AND STAND OVER THERE AND WATCH TOO.

14             MR. ADAIR:  I HAVE BEEN IN TRIALS WHERE THE

15   JUDGE WILL GET OFF THE BENCH AND GO TO GET A BETTER

16   VIEW.

17             THE COURT:  ALL RIGHT.  SO THAT WILL BE FINE.

18             ANYTHING ELSE BEFORE WE RECESS?

19             MR. TROCHA:  NO.

20             THE COURT:  HAVE A VERY GOOD WEEKEND.

21             MR. ADAIR:  YOU ALSO, YOUR HONOR.  THANK YOU.

22             THE COURT:  THANK YOU.

23             (AT 3:40 P.M. AN ADJOURNMENT WAS TAKEN UNTIL

24             9:00 A.M. ON MONDAY, JULY 25, 2005.)

25                     - - -

26

27

28

