P.O. BOX 5246-CSATF/SP-C1-132L
CORCORAN, CA. 93212

EXHIBIT F

1  POTENTIAL WITNESSES.
2       **THE COURT:** AND THE MAIN PURPOSE IS TO RECITE
3  AS MANY NAMES AS YOU MIGHT CALL IS JUST TO FIND OUT IF
4  ANY JURORS MIGHT KNOW THESE PEOPLE.
5       **MR. ADAIR:** THERE IS ONE FURTHER WITNESS THAT
6  MAY BE KNOWN BY POTENTIAL WITNESSES, AND THAT'S A
7  DR. CRYSTAL. AND IF I COULD FIND THAT REPORT FOR THE
8  SPELLING. HE'S, I BELIEVE, AN OPTHAMOLOGIST OR AN
9  OPTICIAN HERE IN EL CAJON. FRANKLIN A. CRYSTAL,
10 C-R-Y-S-T-A-L. AND HE APPEARS TO BE AN OPTHAMOLOGIST.
11      **THE COURT:** ALL RIGHT. THEN WE WILL BE IN
12 RECESS WHILE WE GET MR. BURTON DRESSED OUT.
13      DO YOU KNOW HOW LONG IT'S ANTICIPATED TO TAKE
14 YOUR INVESTIGATOR TO GET WHAT WE NEED?
15      **MR. ADAIR:** I WOULD THINK HE WOULD BE BACK
16 HERE BY 11:00. HE WAS GOING TO GO SOMEPLACE CLOSE BY.
17 HE THOUGHT 30 MINUTES, BUT I -- IN AN ABUNDANCE OF
18 CAUTION, I THINK IT'S GOING TO BE 11:00.
19      **THE COURT:** WELL, AS SOON AS WE KNOW THAT WE
20 HAVE THAT ACCOMPLISHED, WE'LL CALL FOR THE PANEL TO COME
21 UP.
22      **MR. ADAIR:** THERE ARE ADDITIONAL MOTIONS I'D
23 LIKE TO MAKE ON BEHALF OF MR. BURTON.
24      **THE COURT:** WELL, WHY DON'T WE GO AHEAD AND DO
25 ~~THAT NOW WHILE WE ARE WAITING FOR YOUR INVESTIGATOR.~~
26      **MR. ADAIR:** AS FAR AS THE REQUEST FOR
27 DISMISSAL BASED UPON A LACK OF SPEEDY TRIAL, YOUR HONOR.
28 MR. BURTON -- APPARENTLY HIS TRIAL WAS DELAYED LAST



1  FALL. I THINK THIS WAS BEFORE I WAS INVOLVED IN IT. IT
2  WAS DUE TO AN -- APPARENTLY A PROSECUTION WITNESS. ONE
3  OF THE OFFICERS WHO WAS APPARENTLY OUT OF THE COUNTRY,
4  AND THE TRIAL WAS DELAYED DUE TO THE UNAVAILABILITY OF
5  THAT PARTICULAR OFFICER.
6         **THE COURT:** MR. TROCHA, DO YOU HAVE ANY INPUT
7  ON THAT ISSUE?
8         **MR. TROCHA:** LET ME CHECK, YOUR HONOR. THERE
9  HAVE BEEN SEVERAL CONTINUANCES.
10        IS THIS THE ONE ON OCTOBER 25TH?
11       **MR. ADAIR:** I ~~BELIEVE THAT'S CORRECT~~. IT'S
12  OUR POSITION THAT THE POLICE FORCE IN EL CAJON WAS
13  NEGLIGENT IN LETTING HIM GO ON HIS VACATION OR LEAVE,
14  WHICH RESULTED IN THE DELAY OF THE TRIAL AGAINST
15  MR. BURTON, WHICH RESULTED IN A LACK OF SPEEDY TRIAL FOR
16  MR. BURTON UNDER THE CALIFORNIA AND U.S. CONSTITUTIONS.
17       **MR. TROCHA:** AS TO THAT POINT, YOUR HONOR,
18  REGARDLESS OF WHETHER OR NOT THE COURT FOUND GOOD CAUSE
19  ~~WHETHER THE DEFENDANT WAIVED TIME~~, I NOTE THAT THE TRIAL
20  ~~WAS CONTINUED WITH A TIME WAIVER ON DECEMBER~~
21  JANUARY 31ST OF THIS YEAR, MARCH 14TH OF THIS YEAR, AND
22  MARCH 16TH OF THIS YEAR. ~~SO THAT WOULD RENDER THE~~
23  ~~DEFENDANT'S OBJECTION MOOT.~~
24       **THE COURT:** WELL, ~~I AGREE. I THINK THE~~
25  ~~WAIVER HAS OVERCAME THAT ISSUE.~~ AND WHATEVER POINTS
26  WERE MADE TO JUDGE EXARHOS AT THE TIME ON OCTOBER 13TH,
27  '04, WHEN HE VACATED THE OCTOBER 25TH TRIAL DATE, ~~THOSE~~
28  WERE MADE FOR THE RECORD AND HE RULED BASED ON THE

1

| | |
|---|---|
| 1 | NOVEMBER 5TH, 2004, 1:30 P.M., EL CAJON, CA., DEPT. 12 |
| 2 | |
| 3 | THE COURT: LADIES AND GENTLEMEN, GOOD |
| 4 | AFTERNOON. WE'RE ON THE RECORD IN THE CASE OF THE PEOPLE |
| 5 | VERSUS ERIC BURTON, SCE 238643. |
| 6 | COUNSEL, YOUR APPEARANCES, PLEASE. |
| 7 | MR. JARAMILLO: GOOD AFTERNOON, YOUR HONOR. |
| 8 | JORGE JARAMILLO FOR THE PEOPLE. |
| 9 | MR. PLUMMER: LEE PLUMMER ON BEHALF OF ERIC |
| 10 | BURTON, WHO IS PRESENT, BEFORE THE COURT, IN CUSTODY. |
| 11 | THE COURT: ALL RIGHT. THIS MATTER WAS TRAILED |
| 12 | FROM THE MORNING CALENDAR, HAD BEEN SET FOR HEARING OF THE |
| 13 | DEFENDANT'S MOTION TO SUPPRESS PURSUANT TO PENAL CODE |
| 14 | SECTION 1538.5, AND I UNDERSTAND THAT THE PEOPLE HAVE A |
| 15 | MOTION TO CONTINUE THAT HEARING. |
| 16 | MR. JARAMILLO: THAT'S CORRECT, YOUR HONOR. THE |
| 17 | PEOPLE WOULD REQUEST TO CONTINUE THE 1538. WE HAVE AN |
| 18 | OFFICER WHO IS OUT OF THE COUNTRY AT THIS TIME. |
| 19 | THE COURT: AND WHAT FRIDAY BETWEEN NOW AND THE |
| 20 | DECEMBER 6TH TRIAL DATE DO YOU PROPOSE? |
| 21 | MR. JARAMILLO: ANY FRIDAY THAT WORKS WITH THE |
| 22 | DEFENSE COUNSEL'S CALENDAR. |
| 23 | MR. PLUMMER: YOUR HONOR, MY CLIENT IS |
| 24 | REQUESTING THE APPOINTMENT OF NEW COUNSEL. HE'S REQUESTING |
| 25 | A MARSDEN HEARING. |
| 26 | THE COURT: WELL, WE'LL GET TO THAT AS THE NEXT |
| 27 | ORDER OF BUSINESS, BUT STAYING WITH THE FIRST ORDER OF |
| 28 | BUSINESS, PRESUPPOSING THAT YOU CONTINUED ON THE CASE, MR. |

1  PLUMMER, WHAT'S YOUR AVAILABILITY ON FRIDAY MORNING BETWEEN
2  NOW AND DECEMBER 6TH?
3            MR. PLUMMER:  I COULD BE AVAILABLE FOR NOVEMBER
4  19TH, YOUR HONOR.
5            THE COURT:  MR. JARAMILLO, WILL THAT WORK?
6            MR. JARAMILLO:  YES, YOUR HONOR.
7            THE COURT:  ALL RIGHT.  THEN IRRESPECTIVE OF THE
8  ISSUE OF WHO IS GOING TO REPRESENT MR. BURTON PRESENTLY, THE
9  MOTION TO SUPPRESS WILL BE RESET FOR HEARING ON FRIDAY,
10  NOVEMBER 19TH AT 9:30 IN THE MORNING IN DEPARTMENT 11 OF
11  THIS COURT.
12            MR. PLUMMER:  I DO HAVE A WITNESS IN THE
13  COURTROOM, YOUR HONOR.  I ASK HE BE ORDERED BACK AT THAT
14  TIME.
15            THE COURT:  ALL RIGHT.  THE GENTLEMAN'S NAME FOR
16  THE RECORD, PLEASE.
17            THE WITNESS:  JERRELL MC KELVEY.
18            THE COURT:  SPELL THE FIRST AND LAST NAMES.
19            THE DEFENDANT:  FIRST NAME IS J-E-R-R-E-L-L,
20  LAST NAME MC KELVEY, M-C-K-E-L-V-E-Y.
21            THE COURT:  THANK YOU, SIR.  ALL RIGHT.  YOU ARE
22  ORDERED TO RETURN ON FRIDAY, TWO WEEKS FROM NOW AT 9:30 IN
23  THE MORNING TO DEPARTMENT 11 NEXTDOOR UNLESS ADVISED BY MR.
24  BURTON'S ATTORNEY OTHERWISE.  OKAY?
25            THE WITNESS:  YES.
26            THE COURT:  THANK YOU VERY MUCH.
27            ALL RIGHT.  TURNING TO THE OTHER APPARENT MATTER
28  THAT IS TO BE ADDRESSED THIS AFTERNOON, MR. BURTON, IS IT,

0028

BONNIE M. DUMANIS
District Attorney
JORGE JARAMILLO
Deputy District Attorney, SBN 208122
250 E. Main
El Cajon, CA 92020
(619) 441-4482

Attorneys for Plaintiff

F I L E D
Clerk of the Superior Court
OCT 1 9 2004
By: M. Rapolla, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| THE PEOPLE OF THE STATE OF CALIFORNIA, | NO. CE 238643 |
|---|---|
| Plaintiff, | MOTION TO CONTINUE PURSUANT TO PENAL CODE SECTION 1050 |
| v. | Date: ~~October 22, 2004~~ 11-5-04 |
| ERIC BURTON | Time: 9:30 a.m. |
| Defendants. | Dept: 11 |

Comes now the plaintiff, the People of the State of California, by and through their attorneys, BONNIE M. DUMANIS, District Attorney, and JORGE JARAMILLO, Deputy District Attorney, and respectfully submits the following MOTION TO CONTINUE.

**ARGUMENT**

The People respectfully request that the court make a finding of good cause to continue the proceedings, based on the unavailability of a necessary witness. Applicable California statutes permit continuance of preliminary hearing or trial at the request of either the defense or the prosecution upon a showing of good cause. (Pen. Code, §§ 859b, 861, 1050(e).) "What constitutes good cause for the delay of a criminal trial is a matter that lies **within the discretion of the trial court**." (*People v. Johnson* (1980) 26 Cal.3d 557, 570 [emphasis added].)

A necessary witness for the people will be unavailable on the date of the motion hearing. Further, the present motion scheduled has a strong possibility of being decided by the court without requiring live testimony. Should the court decide the motion requires live testimony,

2/5

0029

1  the people will request a continuance after the date of November 7, 2004. Officer Holmes of
2  the El Cajon Police Department is out of the country until after November 7, 2004.

### DECLARATION

I, JORGE JARAMILLO, declare as follows:

1. I am the prosecutor assigned to the above entitled case;

2. Officer Holmes of the El Cajon Police Department will be out of the country on a pre arranged trip at the time of the motion to suppress hearing;

3. Officer Holmes is a necessary witness for the People;

Thus, based on the reasons stated above and in the furtherance of justice, we ask the court to continue the case until a date convenient to all parties.

I declare on information and belief that the above information is true and correct.

Dated: October 19, 2004

Respectfully submitted,

BONNIE M. DUMANIS
District Attorney

By:

*[signature]*

JORGE JARAMILLO
Deputy District Attorney

Attorney for the People

[handwritten annotation at top, partially illegible: "...gun to circle advantage over..."]

1  WOULD APPLY BECAUSE IT'S A DEFENSE TO ASSAULT, BUT THE
2  FLANNEL THEORY WOULD NOT?
3        MR. TROCHA: CORRECT, YOUR HONOR.
4        AND I ADDED IN THE LIOS. I DON'T KNOW IF THEY
5  NEED TO BE GIVEN SUA SPONTE, BUT MY FEELINGS -- IT
6  APPEARS TO BE THAT THE USE -- WANT YOU TO GIVE
7  MISDEMEANOR SIMPLE ASSAULT SUA SPONTE. I JUST DIDN'T
8  WANT TO GET CAUGHT IN THE MIDDLE.
9        THE COURT: WELL, I THINK ANY LIOS HAVE TO BE
10 GIVEN UNLESS IT CAN'T POSSIBLY BE FOUND TO BE A LESSER
11 [struck through]
12 [struck through]
13 [struck through]
14 [struck through]
15 [struck through]
16 [struck through]
17 [struck through]
18        MR. TROCHA: THIS IS ONE -- IT'S NOT IN THE
19 CALJICS -- THAT I HAD TO CRAFT FROM THE STATUTE -- ALSO
20 USING THE 12022 DEFINITIONS AS A TEMPLATE. I ADDED IN
21 THE SIXTH PARAGRAPH DOWN -- RIGHT ABOVE THE NUMBER 1,
22 [struck through]
23 MOTION. AND INDIFFERENT FROM THE OTHER ALLEGATIONS, I
24 NUMBERED THE ELEMENTS JUST TO MAKE IT EASIER TO READ.
25        THE COURT: ALL RIGHT.

[remaining lines struck through]



810

1          **MR. TROCHA:** CORRECT.

2          **THE COURT:** AND THAT'S, AGAIN, SLIGHTLY
3  DIFFERENT FROM --

4          **MR. TROCHA:** SLIGHTLY DIFFERENT FROM GBI, AND
5  THEY'D HAVE TO USE A GUN.

6          **THE COURT:** OKAY. THAT'S THE ONLY DIFFERENCE
7  REALLY?

8          **MR. TROCHA:** CORRECT.

9          **THE COURT:** ALL RIGHT. I THINK WE'VE GOT
10 1719, 1720. ISN'T THERE IS A LITTLE OVERLAP WITH THE
11 GBI INSTRUCTION AND THE ONE THAT YOU CRAFTED? ARE WE
12 REALLY NEEDING TO GIVE BOTH?

13         **MR. TROCHA:** THE ONLY REASON I THINK WE HAVE
14 TO GIVE BOTH IS THE ONE THAT I CRAFTED APPLIES ONLY TO
15 COUNT 3, WHERE THIS APPLIES TO COUNTS 1, 2, AND 3 --
16 EXCUSE ME -- 1 AND 2.

17         **THE COURT:** AND 3.

18         **MR. TROCHA:** AND 3.

19         **THE COURT:** ALL RIGHT.

20         **MR. TROCHA:** I THINK IT WOULD BE A SENTENCING
21 ISSUE. IF THEY FOUND HIM GUILTY ON BOTH ALLEGATIONS, HE
22 WOULD ONLY HAVE TO BE SENTENCED ON THE .55.

23         **THE COURT:** RIGHT. OKAY. AND THEN WE GET TO
24 THE 17 SERIES.

25         ANYTHING ELSE THAT ANYBODY WANTS TO RAISE
26 ABOUT INSTRUCTIONS TODAY? THIS WAS HELPFUL BECAUSE IT
27 WILL GIVE ME SOMETHING TO THINK ABOUT OVER THE WEEKEND.
28 AND I CAN JUST SUGGEST THAT -- I'LL TELL YOU I LEARNED A

1  LOT IN MY JURY EXPERIENCE, BUT ONE OF THE THINGS WAS
2  SPECIAL ALLEGATIONS AND MULTIPLE ALLEGATIONS. VERY,
3  VERY CONFUSING ESPECIALLY WHEN THEY'RE SIMILAR; GOT
4  MULTIPLE FIREARM ALLEGATIONS, MULTIPLE GBI WITH JUST
5  VERY SMALL DIFFERENCES. SO, YOU KNOW, THINK ABOUT THAT
6  IN PLANNING YOUR ARGUMENT BECAUSE THE JURY -- I WOULD
7  RATHER HAVE IT EXPLAINED TO THEM UP FRONT RATHER THAN
8  GET 10 QUESTIONS LATER. AND THIS IS A CASE THAT'S
9  PRETTY CONFUSING, I THINK. NOT ON THIS BASE ACCEPTANCE,
10 BUT ALL THE LITTLE DETAILS ON ALL OF THE ALLEGATIONS.
11         **MR. TROCHA:** AND KIND OF ALONG WITH THAT, YOUR
12 HONOR, I'VE NEVER DONE A TRIAL IN A COURTROOM QUITE SET
13 UP LIKE THIS. I WAS INITIALLY PLANNING ON DOING A
14 POWERPOINT TO HELP WITH THAT, BUT --
15         **THE COURT:** YOU CAN DO THAT.
16         **MR. TROCHA:** WHERE WOULD I PUT A SCREEN THAT
17 WOULD BE BEST? I DON'T WANT TO BLOCK YOUR HONOR BECAUSE
18 OBVIOUSLY THE CONTENT MIGHT BE A PROBLEM.
19         **THE COURT:** NO. THAT'S OKAY. I THINK WHEN WE
20 DID THIS LAST, WE HAD THE SCREEN IN FRONT OF ME AND IT
21 WAS SET UP THERE. IF YOU JUST PRINT OUT FOR ME AHEAD OF
22 TIME THE SHEET -- WHICH I REALLY PREFER TO HAVE THE
23 DEFENSE COUNSEL TO HAVE AS WELL SO THAT ANY OBJECTIONS
24 CAN BE ADDRESSED AHEAD OF TIME.
25         **MR. TROCHA:** DEFINITELY.
26         **THE COURT:** THEN I COULD BE LOOKING AT HARD
27 COPY PRINTOUT WHILE YOU'RE DOING IT.
28         **MR. TROCHA:** OKAY. I DIDN'T WANT TO SPRING

1       MR. ADAIR: IF I COULD HAVE ONE.
2       THE COURT: SO LET ME GIVE ONE TO YOU.
3       AND I BELIEVE, MR. TROCHA, SPECIFICALLY THE
4  AMENDMENT INCLUDED A NEW ALLEGATION, SPECIAL ALLEGATION?
5       MR. TROCHA: CORRECT. COUNT 4, JUST THE
6  12022.5(A) ALLEGATION.
7       THE COURT: THAT WAS THE ONLY ADDITIONAL?
8       MR. TROCHA: YES.
9       THE COURT: RELATING TO THE PERSONAL USE OF A ALLEGED
10  FIREARM.
11      MR. ADAIR: WELL, ~~————~~
12  THE SECOND AMENDED INFORMATION, YOUR HONOR.
13  MR. BURTON'S TRUE NAME DOES APPEAR THEREON. HE'S BEEN
14  PREVIOUSLY ADVISED OF HIS CONSTITUTIONAL RIGHTS. HE
15  WOULD ENTER PLEAS OF NOT GUILTY AND DENY THE
16  ALLEGATIONS.
17      THE COURT: ALL RIGHT. THAT PLEA WILL BE
18  ENTERED.
19      NEXT ON MY LIST OF ISSUES TO ADDRESS WOULD BE
20  THE PEOPLE HAVE TWO MOTIONS THAT THEY FILED. I'M GOING
21  TO NOT HEAR ARGUMENT ON THEM AT THIS TIME, BUT
22  SPECIFICALLY THERE'S A MOTION TO EXCLUDE EVIDENCE OF THE
23  VICTIM'S CHARACTER PURSUANT TO EVIDENCE CODE 1103.
24      AND I HAVE YOUR BRIEF. IN CHAMBERS WE
25  DISCUSSED IT BRIEFLY AND I INDICATED MY UNDERSTANDING
26  THAT THERE MAY BE TWO POTENTIAL WAYS IN WHICH SUCH
27  EVIDENCE WOULD COME IN; ONE WOULD BE WHAT MR. BURTON MAY
28  HAVE KNOWN ABOUT THE VICTIM, AND SECONDLY WOULD BE JUST

1253

1    YOU ARE NOT ELIGIBLE FOR A GRANT OF PROBATION
2    PURSUANT TO PENAL CODE SECTIONS 1203(E)(2), 1203(E)(3),
3    BECAUSE YOU HAVE NOT OVERCOME THE PRESUMPTION OF
4    INELIGIBILITY, AND 12022.53(G), BECAUSE YOU ARE
5    STATUTORILY INELIGIBLE.  ACCORDINGLY, THE COURT DENIES
6    PROBATION.
7         PRISON SENTENCE WILL BE AS FOLLOWS:
8         AS TO COUNT 1 FOR VIOLATION OF PENAL CODE
9    664/187(A)/189, ALLEGED ATTEMPTED, WILLFUL, AND ALLEGED PREMEDITATED
10   MURDER, YOU ARE SENTENCED TO STATE PRISON FOR THE TERM
11   OF LIFE WITH PAROLE.
12        ON THE PENAL CODE 12022.53(D), ENHANCEMENT,
13   PERSONAL ALLEGED DISCHARGE OF A FIREARM CAUSING GREAT BODILY
14   INJURY WHILE COMMITTING ALLEGED ATTEMPTING MURDER, A CONSECUTIVE
15   TERM OF 25 YEARS TO LIFE IS IMPOSED; FOR A TOTAL TERM OF
16   LIFE PLUS 25 YEARS TO LIFE.
17        THE ENHANCEMENTS FOR PENAL CODE 12022.7(A),
18   GREAT BODILY INJURY, AND 12022.5(A), ALLEGED PERSONAL USE OF A
19   FIREARM, WILL NOT BE IMPOSED IN LIGHT OF THE
20   12022.53(D), ENHANCEMENT.
21        AS TO COUNT 2, FOR VIOLATION OF PENAL CODE
22   SECTION 12034(C), ALLEGED DISCHARGE OF FIREARM FROM A MOTOR
23   VEHICLE, THE MID-TERM OF FIVE YEARS IS ORDERED.
24        ON THE PENAL CODE 12022.5(A), ENHANCEMENT, THE
25   MIDTERM OF FOUR YEARS IS ORDERED.
26        ON THE PENAL CODE 12022.7(A), ENHANCEMENT, THE
27   MIDTERM OF THREE YEARS IS ORDERED; ALL CONSECUTIVE FOR A
28   TOTAL TERM OF 12 YEARS.



E.C.P.D. 0144
Subjected defendant to malicious prosecution, in violation of defendants request for counsel ~~and defendants right to remain silent as stated~~ from defendants initial arrival at the E.C. Police station as stated and testified by Officer Holmes of the E.C.P.D. at the 1538.5 suppression hearing with Judge Prachel pending. ~~which was testified questioned by attorney Officer Gonzales from~~ E.C.P.D, ~~after~~ the arrest of defendant based on information illegally obtained ~~████~~ in violation of the defendants 5th amendment right ~~to counsel by defendant. he showing of purposeful delay~~. Police department was negligent and caused delay in defendants right to a speedy trial caused delay ~~████~~ due to the arresting officer Holmes being out of the country as he was needed to testify at 1538.5 hearing as motion was filed by defendants attorney Plummer ~~████~~. This was total negligence and delay on the part of the E.C.P.D, and prosecution denied defendants 14th amendment rights to due process (~~speedy trial~~). The defendant has been prejudiced by this negligence, under California law, evidence of deprivation of due process sufficient to warrant dismissal does not require a showing of purposeful delay by the prosecution. Prejudicial delay caused by negligence of law enforcement agencies or by the prosecution is sufficient to deny a defendant the right to due process. (Scherling v. Superior Court (1978) 22 C3d 493, 509, 149 CR 597; Penney v. Superior Court (1972) 28 CA3d 941, 953, 105 CR 162.)
Even if the delay is merely the result of administrative misfeasance or simple negligence on the part of the state or its officers, it is clear that there must nonetheless be a dismissal (Playbut v Superior Court (1971) 22 CA3d 169, 99 CR 340; Penney v. Superior Court (1972) 28 CA3d 941, 105 CR 162; Sykes v Superior Court (1973) 9 C3d 83, 106 CR 786; Jones v Superior Court supra; Barker v Wingo, supra.) The delay was both prejudicial and intentional. See U.S. v Crouch (5th Cir 1995) 84 F 2d 1497, 1509)

use that Barker v Wingo

(12)

ERIC WILTON BURTON #41128315OCJ.
1143 Front St. (619)615-2700
PO BOX 122952
SAN DIEGO, CALIFORNIA 92112-2952
IN PROPER / PRO SE

0143

Superior Court Of The State of California
County Of San Diego
East County Division

Dept. 11
Case No. SCE238643 01
MAJ33901
DATE: 7-19-05
TIME: 0900

People of The State of California,
Plaintiff
vs.
Eric Wilton Burton
Defendant.

Notice of Motion and Motion To Dismiss Because of Denial of Right to Due Process Memorandum and Points Of authority

To The above Entitled Court, and to the District Attorney Bonnie Dumanis and her representative for The County of San Diego State of California Please Take notice that on 7-19-05 in Dept. 11 at 0900 or as soon thereafter as the matter may be heard, the defendant Eric Wilton Burton will move that the Court dismiss the accusatory pleading filed herein on the grounds that the prosecution of the defendant has been unreasonably delayed violating the defendants right to due process guaranteed by the 5th and 14th amendments to the U.S. constitution and article I section 15 of the California Constitution. The delay was approx 60 days. It has now been more than 16 months from the date the crime alledgedly occured (9 MARCH 04. This motion will be based on the attached memorandum of points and authorities, the attached declaration, all papers filed and records in this action, evidence taken at the hearing on this motion, and argument at that hearing.

(13)