ERIC WALTON BURTON #F02720 IN PRO PER
P.O. BOX 5246-CSATF/SP-C7-132L
CORCORAN, CA. 93212

**FILED** FEB 1 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**FILED** FEB -6 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

'08 CV 0325 LAB POR
1:08 CV 00190 OWW WMW HC

IN RE: ERIC W. BURTON #F02720
ON PETITION FOR FEDERAL HABEAS CORPUS,

    Plaintiff,

-vs-

DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS
AND REHABILITATION,

    Defendant.

CASE NO: S152584

MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 USC§ 2254 BASED ON MEMORANDUM AND POINTS OF AUTHORITY

TO: THE HONORABLE COURT IN THE ABOVE CAUSE OF ACTION:

NOW COMES, ERIC WALTON BURTON #F02720 defendant in the above cause of action who moves this court for an Ex Parte Order for Appointment of Counsel to represent defendant's interest in the above bona fide legal action and for which defendant has no other means to gain meaningful access to the courts due to incarcerated status of indigent defendant herein.

This motion is based on this Ex Parte Motion, on the attached declaration, on the memorandum of points and authorities herein on the papers and records filed in this matter and on such other evidence presented to the court in support of this motion.

DATED: JAN-30-08

RESPECTFULLY SUBMITTED:

Eric W. Burton #F02720
ERIC W. BURTON

DECLARATION

1. That I am the defendant in the within bona fide legal cause of action, am a poor indigent incarcerated prisoner, and have at risk threatened personal and/or property rights as a result of the within cause of action;

2. That declarant is a layperson, untrained in law, and as a result of poor, indigent, and incarcerated status is barred from access to the courts to protect personal and/or property rights as guaranteed by due process and equal protection clauses of both the state and federal constitutions;

3. That declarant is forced to represent self in defense of the within suit, is without funds to employ counsel, and has no legal training, experience, access to legal materials and/or access to the courts necessary to adequately and reasonably protect declarant's present and future personal and/or property rights;

4. That declarant is being harrassed by plaintiff herein in as much as declarant is indigent and incarcerated, unable to retain an attorney, and that without adequate representation and meaningful access to the courts declarant is likely to suffer adverse judgement and therefrom a significant issue of liability would arise impacting declarant's personal and/or property rights both present and in the future;

5. That declarant has been incarcerated since _19 MARCH_ , _19 2004_ and will remain incarcerated through _Ever Ever_ approximately _INDETERMINATE_ , 19____;

6. That as a right guaranteed by the due process and equal protection clauses of the state and federal constitutions declarant has a right to the appointment of legal counsel in the

-2-

within cause of action based upon, (a) declarant is confronted with a bona fide legal action threatening personal and/or property interest, (b) declarant is indigent and in prison, (c) declarant plans to defend from the action herein, and (d) adverse judgement would affect declarant's present and/or future property rights;

7. That declarant is entitled to the appointment of counsel and declarant does declare that such appointed counsel should be awarded legal fees in accordance with standards within the community for similar cases;

8. That attorney fees should be ordered by this court to be paid pursuant to, but not limited to, (a) Business and Profession Code, Section 6210, (b) Government Code, Section 27706, and/or (c) legal duty and obligation of law enforcement/correctional agency to provide for the constitutionally mandated needs of wards remanded to custody;

9. That without relief requested herein that declarant will continue to suffer deprivations of constitutional and/or other legal rights as stated above.

VERIFICATION

I have read the above statements and do declare upon penalty of perjury that these statements are true and correct as based upon information and belief. Executed this 30 day of OCTOBER, 2007 at PO Box 5246 C1-132L CSATF/SP Corcoran, CA 93212 California pursuant to Code of Civil Procedure, Sections 446 and 2015.5.

Eric W. Burton #E02720
ERIC W. BURTON
DECLARANT

-3-

# MEMORANDUM AND POINTS OF AUTHORITIES

## I

INDIGENT PRISONER WHO FACES BONA FIDE LEGAL ACTION THREATENING INTEREST IS ENTITLED TO ACCESS TO COURTS AS GUARANTEED BY DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE CONSTITUTIONS OF CALIFORNIA AND THE UNITED STATES. Yarbrough v. Superior Court, (1985) 39 C.3d 197; Payne v. Superior Court, (1976) 17 C.3d 908.

It is uncontrovertible that defendant herein is inprisoned, is indigent without funds to employ counsel, and faces a bona fide legal action threatening personal and/or property interes by virtue of having to defend from this suit. Further, defendant is acting Pro Per in own defense without adequate training or experience, is without adequate access to legal materials, and is without meaningful and/or viable access to the courts. Woods v. Superior Court, (1974) 36 C.3d 811, Yarbrough v. Superior Court, (supra) 39 C.3d 197.

## II

INDIGENT PRISONER WHO IS UNTRAINED AND/OR INEXPERIENCED IN CIVIL LAW SHOULD BE APPOINTED COUNSEL. Payne v. Superior Court, (supra) 17 C.3d 908.

In light of this bona fide legal action threatening defen ant's personal and/or property rights, the court must appoint legal counsel in the instant case. Yarbrough v Superior Court, (supra) 39 C.3d 197, 204.

Before denial of defendant's motion this court must at minimum hold a hearing and/or make factual determination using guidelines set down by the California Supreme Court in Payne. Payne v. Superior Court, (supra) 17 C.3d 908, 924; Yarbrough v. Superior Court, (supra) 39 C.3d 197, 203-204, 207.

/////

-4-

| | |
|---|---|
| 1 | |
| 2 | THE DECISIONS OF THE SUPREME COURT AND COURT OF APPEAL ARE BINDING AND MUST BE ACCEPTED BY THE TRIAL COURTS. <u>Woods v. Superior Court</u>, (supra) 36 CA 3d 811, 814; <u>Auto Equity Sales, Inc. v. Superior Court</u>, ( ) 57 C.2d 450, 455. |
| 5 | The rule of stare decisis is a rule of jurisdiction. <u>Auto Equity Sales, Inc. v. Superior Court</u>, (supra), citing <u>Abeller v. Distict Court of Appeal</u>, ( ) 17 C.2d 280, 288. |
| 8 | IV |
| 9 | <u>ATTORNEYS FEES SHOULD BE ORDERED PAID BY THIS COURT.</u> 6th, 13th, and 14th Amendments to the United States Constitution. |
| 11 | It stands to reason that if defendant is entitled to cou appointed counsel, that such counsel is entitled to adequate and reasonable compensation equal to that afforded others in the community for similar services. 13th and 14th Amendments to United States constitution; <u>Yarbrough v. Superior Court</u>, (supra) 39 C.3d 197, desent at 207 and continuing be Chief Justice Bird. |
| 17 | This court should order funds be provided from appropria sources including, but not limited to, provisions pursuant to Business and Professions Code, Section 6210; Government Code, Section 27706; from the law enforcement/correctional agency of custod which is legal mandated to provided for constitutionally required needs of defendant just as food, clothing, shelter, medical and other needs must be provided for. Defendant's legal needs are sir ply an extension of other constitutionally protected rights which serves both the needs of the individual and society at large. In deed, for the state to allow personal and/or property rights to b violated, which in this case could have far reaching impact on defendant's future earning and family ties, would transgress the |

constitution. Under circumstances as presented herein surely the state should afford defendant the protection afforded in criminal proceedings leading to incarceration or the in prison repair of an ingrown hangnail, contact visitation, mail censorship, or religious practice.

V

LEGAL PAPERS SUBMITTED BY INDIGENT PRO PER PRISONER UNTRAINED IN LAW MUST BE HELD TO LESS STRIGENT STANDARDS THEN THOSE DRAFTED BY MEMBERS OF THE BAR AND MUST BE VIEWED IN LIGHT MOST FAVORABLE TO PRO PER. Haines v. Kerner, (1972) 404 U.S. 519; 92 s. Ct. 594.

## CONCLUSION

Defendant to this suit is an indigent prisoner who is untrained in law and being denied meaningful access to the courts. Defendant has a constitutional right to meaningful access to the courts and to appointment of legal counsel to protect personal and/or property rights which are threatened by this bona fide legal action. Defendant further enjoys the right to have legal counsel compensated by whatever means ordered by this court.

## PRAYER

WHEREFORE, Good Cause having been shown, this court should grant the motion as follows:

1. declare defendant's rights as to issues raised herein

2. order appointment of counsel to defend defendant in the above cause of action;

3. order the payment of counsel appointed herein a sum customary for such a case within the community to be paid from a source determined by the court;

4. in the alternative, hold hearing(s) and/or otherwise

-6-

make findings of fact as to issues pretaining to appointment and compensation of counsel to defend defendant in this suit;

5. order that all records pretaining to this motion be sealed subject to inspection only upon order of this court after a showing of good cause;

6. order such other and further relief as is just, proper and equitable.

DATED: 10-30-2007

RESPECTFULLY SUBMITTE:

*Eric W. Burton* #F02720
ERIC W. BURTON
DEFENDANT
IN PRO PER