UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>                    Petitioner,<br><br>  v.<br><br>DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>                    Respondent. | Civil No.   08-0325 LAB (POR)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

### REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner has no funds on account at the California correctional institution in which he is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

### FAILURE TO USE PROPER FORM

A Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California.  *See* Rule 2(c), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be submitted

///

upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

## FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES

The Petition must be dismissed because Petitioner has not clearly alleged exhaustion of state judicial remedies as to all of his claims. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Petitioner fails to clearly allege that he raised each of his claims in the California Supreme Court. Although Petitioner alleges he was denied habeas relief in the California Supreme Court, it is impossible to discern from his voluminous and unorganized petition, whether the claims he raises here were raised before the state supreme court.[1] If Petitioner has raised his claims in the California Supreme Court he must so specify, as to each claim. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th

---

[1] The Court notes that previous petitions for habeas corpus filed in this Court by Petitioner were dismissed pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971). See Burton v. Clark, 06cv2336 LAB (NLS) (Order filed Oct. 10, 2006) (doc. no. 3); Burton v. Hernandez, 06cv1384 L (JMA) (Order filed May 15, 2007) (doc. no. 5).

Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.

/ / /

§ 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

For the foregoing reasons, the application to proceed in forma pauperis is **GRANTED** and the Petition is **DISMISSED** without prejudice for failure to use the proper form and failure to allege exhaustion of state court remedies. In order to have this case reopened, Petition must, **no later than June 16, 2008**, file a First Amended Petition, on the proper form, in which he includes a succinct and clear explanation of his claims and alleges exhaustion of state judicial remedies as to each claim he has raised before the California Supreme Court. *For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank First Amended Petition form.*

**IT IS SO ORDERED.**

DATED: April 17, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge