MR. ERIC W. BURTON # F02720
P.O. BOX 5246-CSATF/SP-W-111L
CORCORAN, CA. 93212
IN PRO PER.

FILED
MAY 2 - 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

CDC # F02720
In Pro Per

UNITED STATES DISTRICT COURT
SOUTHERN CALIFORNIA DISTRICT

~~CALIFORNIA SUPERIOR COURT~~ EWB

IN AND FOR THE COUNTY OF S.D. CA.

ERIC WILTON BURTON # F02720        DATE: 4-27-08
                                   CASE No. 08-0325 LAB (POR)
Petitioner/~~Plaintiff~~

vs.                                EX-PARTE MOTION FOR APPOINTMENT
                                   OF COUNSEL, AND/OR OTHER ALTERNA-
                                   TIVE RELIEF, DECLARATION, MEMOR-
DIRECTOR C.D.C.R.                  ANDUM OF POINTS AND AUTHORITIES
~~Defendant~~/Respondent.          IN SUPPORT THEREOF. PURSUANT TO
                                   DILLON V. U.S. (9TH CIR. 1962) 307 F.2d
                                   445

TO: THE PRESIDING JUDGE OF THE ABOVE ENTITLED COURT:

COMES NOW: ERIC W. BURTON, Defendant in the above
              (Your Name)
styled cause of action, acting in propria persona herein for the
limited purposes stated below, and respectfully moves this Honor-
able Court for an order appointing counsel to represent him in any
and all further proceedings against him that may affect his
present or future economic interests, or in the alternative, order
his personal appearance at all such future hearings, including law
and motion, pretrial or grant him a continuance to prepare and
trial, or grant him a continuance to prepare or otherwise seek
such counsel, or abate or otherwise defer trial of the action
against him until he should possibly secure counsel or be
released from custody.

1

MR. E.W. BURTON #F02720
P.O. BOX 5246 - CSATF/SP-C1-119L
CORCORAN, CA, 93212
IN PROPER

|     |                                                                                     |
| --- | ----------------------------------------------------------------------------------- |
| 1   | MEMORANDUM OF POINTS AND AUTHORITIES                                                |
| 2   | Defendant submits the following points and authorities in                           |
| 3   | support of his motion:                                                              |
| 4   | ARGUMENT                                                                            |

COMPLEX CASE SEE ALLCON V(U,S) OR CIR 1962) 307 F.2d 445

AN INDIGENT PRISONER WHO IS A DEFENDANT
IN A CIVIL ACTION IS ENTITLED TO ACCESS TO
THE COURTS TO BE HEARD IN HIS DEFENSE THERETO.

In 1976, our Supreme Court decided that as a matter of both due process and equal protection under both the Federal and California Constitutions, an indigent prisoner who is a defendant in "a bona fide legal action threatening his interests" he is entitled to access to the courts to be heard in his defense. *PAYNE v. SUPERIOR COURT*, (1976) 17 Cal.3d 908, 919, 927; 132 Cal. Rptr. 405; 553 P.2d 565. This principle was reaffirmed nine years later by the same court. *YARBROUGH v. SUPERIOR COURT*, (1985) 39 Cal.3d, 197, 200; 216 Cal.Rptr. 425; 702 P.2d 583. Just exactly how this access is to be achieved to to be determined after a hearing and by the exercise of discretion by the trial court. (Ibid.)

One possible solution - to accord defendant the right to a personal appearance was discounted in *PAYNE* as not feasible so long as prisoners are denied the access to free legal services and unable to prepare a propria persona defense. *YARBROUGH, supra* at page 203.

> Another alternative is to require trial courts to defer trial actions against prisoners until their release. When this course of action is not prohibited by law (see, e.g., Code Civil Procedures, § 1054) and postponement will not substantially prejudice the rights of plaintiffs, trial courts may exercise their discretion in this manner.

*PAYNE v. SUPERIOR COURT, supra,* 17 Cal.3d 908 at page 203. The

MR. E.W. BURTON #K-62730
P.O. BOX 5246 - CSATF/SAC 1-119L
CORCORAN, CA. 93212
    IN PROPER

1  court must consider whether access could be provided by abating

2  the matter until defendant is released from custody and therefore

3  better able to make his own arrangements. YARBROUGH, supra, at

4  page 206. As to the question of continuance:

5   It must be remembered that, however soon liability and
    damages are litigated, plaintiff's hope of recovery from an
6   incarcerated indigent defendant cannot possibly take wing
    until release from prison. (Ibid.)

7

8   Of all the possible solutions suggested, the Supreme

9  Court "recognized that, in some instances, the only solution -

10 the only way to secure access - was the appointment of counsel."

11 Id. at 203.

12  In an appropriate case, and as a last alternative, appoint-
    ment of counsel may be the only way to provide an incar-
13  cerated, indigent civil defendant with access to the courts
    for the protection of threatened personal and property
14  rights.

15 YARBROUGH, supra, at pp. 200-201. A determination that counsel

16 would not be helpful on a question of liability does not, however,

17 foreclose a need for counsel on an issue of the amount of possible

18 damages. Id. at page 206. In PAYNE, supra, the Court held "that

19 denial of appointed counsel to an indigent prisoner, when no

20 other relief will preserve his right of access to the courts, is

21 constitutionally impermissible."±

22

## CONCLUSION

23

24 Based on the foregoing, this Court should hold an evidentiary

25 hearing at which it should make findings of fact and conclusions

26 of the law which it should exercise its informed discretion

27 and grant defendant such relief as protects his right of access

28 to this Court to defend herein.

3

MR. E. W. BURTON #F02720
P.O. Box 5246 - CSATF/SP C1-119L
COA CORAN, CA. 93212
IN PRO PER

1  This motion is hereby made by these pleadings on the grounds
2  that, as a matter of state and federal due process and equal
3  protection, defendant is entitled to access to a civil court to be
4  heard in his defense to the claim alleged against him in this
5  action.
6    This motion and the attached declaration and memorandum of
7  points and authorities filed herewith, on all the papers and
8  records on file in this action, and on such further evidence as
9  may hereafter be admitted in any evidentiary hearing held
10 pursuant to this motion.

11 DATED: 4-27-08                        Respectfully submitted,

                                        *Eric W. Burton #F02720*
12                Your name typed here - ERIC W. BURTON
13                                      Defendant, In propria persona
                                        For Limited Purposes

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4