ERIC W. BURTON #F02720
NAME F02720
PRISON NUMBER

CSATF/SP-C1-119L
CURRENT ADDRESS OR PLACE OF CONFINEMENT

CORCORAN, CA. 93217
CITY, STATE, ZIP CODE
IN PRO PER

FILED

2008 JUN 20  AM 8:37

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _RM_____DEPUTY

NUNC PRO TUNC
JUN 18 2008

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

IN re
ERIC W. BURTON
ON FEDERAL HABEAS
CORPUS

ERIC WILTON BURTON ,
(FULL NAME OF PETITIONER)
**PETITIONER**

v.

DIRECTOR OF THE C.D.C.R.
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

_____

The Attorney General of the State of
California, Additional Respondent.

Civil No  08CV0325 LAB (POR)
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PURSUANT TO FOMAN V. DAVIS
371 U.S. 178, 182 (1962); 15(A) 19(A)
FED. R.C.V.P.

## FIRST AMENDED
### PETITION FOR WRIT OF HABEAS CORPUS

SCHUP V. DELO (1995) 513 US 298
NEWLY    28 U.S.C.S 2244(b)
DISCOVERED
EVIDENCE
UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

BASED ON THE ATTACHED
MEMORANDUM AND POINTS
OF AUTHORITIES
REQUEST FOR AN EVIDENTIARY
HEARING, NOTICE AND MOTION
FOR APPOINTMENT OF COUNSEL

1. Name and location of the court that entered the judgment of conviction under attack: _____
   EL CAJON SUPERIOR COURT

2. Date of judgment of conviction: 7-29-05

3. Trial court case number of the judgment of conviction being challenged: SCE238643

4. Length of sentence: LIFE + 25 YEARS TO LIFE

CIV 68 (Rev. Jan. 2006)

5.  Sentence start date and projected release date: _____

_____

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): _____

_____

_____

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty        ☒
    (b)  Guilty            ☐
    (c)  Nolo contendere   ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury        ☑
    (b)  Judge only  ☐

9.  Did you testify at the trial? DENIED RIGHT TO TESTIFY, WITHOUT PRIOR NOTICE
    ☐ Yes  ☒ No  INVESTIGATING OFFICER WAS NEGLIGENTLY UNAVAILABLE
    SEE RT. 978, LINES 2-15, 17-24    **DIRECT APPEAL**

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result: DENIED PETITION FOR REHEARING FILED 7-11-07
    (b)  Date of result (if known): 7-18-07
    (c)  Case number and citation (if known): S152584 - BURTON(ERIC.) on H.C.
    (d)  Names of Judges participating in case (if known) COURT ADMINISTRATOR AND
    CLERK OF THE SUPREME COURT FREDERICK K. OHLRICH
    (e)  Grounds raised on direct appeal: DENIAL OF RIGHT TO SELF REPRESENTATION
    FARETTA ARSE BATSON ERROR "ABSCENCE OF COUNSEL" IAC REFUSING TO
    GIVE JURY INSTRUCTION ON SELF DEFENSE, ADMITTING CERTAIN EVIDENCE (352)
    SEE FARETTA V. CALIFORNIA (1975) 422 U.S. 806, (FARETTA

12. If you sought further direct review of the decision on appeal by the **California Supreme
    Court** (e.g., a Petition for Review), please answer the following:
    (a)  Result: AFFIRMED
    (b)  Date of result (if known): 4-25-07
    (c)  Case number and citation (if known): D047617/D049846 (H.C.) PROPER -
    PETITIONER COLLATERAL ATTACK
    (d)  Grounds raised: _____

_____

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

  (a) Result: _____

  (b) Date of result (if known): _____

  (c) Case number and citation (if known): _____

  _____

  (d) Grounds raised: _____

  _____

  _____

  _____

  _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
  ☒ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

  (a) **California Superior Court** Case Number (if known): E.C. SUPERIOR (TRIAL COURT)

  (b) Nature of proceeding: STATE H.C. PRO PER

  (c) Grounds raised: PROSECUTORIAL PERJURY / IAC

  _____

  _____

  _____

  (d) Did you receive an evidentiary hearing on your petition, application or motion?
  ☐ Yes  ☒ No

  (e) Result: DENIED

  (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
  ☒ Yes  ☐ No

CIV 68 (Rev. Jan. 2006)

cv

17. If your answer to #16 was "Yes," give the following information: *(4TH DISTRICT DIV I*

   (a) **California Court of Appeal** Case Number (if known): *DO49846 PRO PER*

   (b) Nature of proceeding: *STATE COLLATERAL H.C. WITH DIRECT APPEAL*

   (c) Names of Judges participating in case (if known) *STEPHEN M. KELLY CLERK JUDGES, McDONALD, J, HALLER ACTING P.J. IRION, J. CONCURRING*

   (d) Grounds raised: *I.A.C. ABSENCE OF TRIAL COUNSEL SLEEPING AT 1538.5. ABSENT AT TRIAL SEATED WITH JURY SEE JAVOR V. U.S.   HOLLOWAY V. ARK*

   (e) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes ☒ No

   (f) Result: *DENIED*

   (g) Date of result (if known): *4-25-07*

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
   ☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

   (a) **California Supreme Court** Case Number (if known): *S152584*

   (b) Nature of proceeding: *FEDERALIZED H.C. PETITION FOR REVIEW TO EXHAUST STATE COURT REMEDIES ON IT'S FACE*

   (c) Grounds raised: *BATSON ERROR, FARETTA, FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION CLAUSES VIOLATION PROSECUTION SUPPRESSION OF EVIDENCE LOSS AND DESTRUCTION AND MANY MORE NOT ABLE TO RECALL AT THIS PRESENT TIME legal work lost by STAFF*

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes ☒ No

   (e) Result: *REVIEW DENIED 6-11-07 FILED TIMELY ON 5-11-07*

   (f) Date of result (if known): *6-11-07, Petition FOR REVIEW DENIED 7-18-07*

20. If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>**California Supreme Court**</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☐ Yes ☒ No   (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
        (i) What was the prior case number? _____
        (ii) Was the prior action (CHECK ONE):
             ☐ Denied on the merits?
             ☒ Dismissed for procedural reasons?
        (iii) Date of decision: _ON oR AboUt 8/o C.P (LAB) S.O.DIST CA._
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☒ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

<u>**CAUTION:**</u>
- <u>**Exhaustion of State Court Remedies:**</u> In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- <u>**Single Petition:**</u> If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- <u>**Factual Specificity:**</u> You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

CIV 68 (Rev. Jan. 2006)

cv

## GROUNDS FOR RELIEF

22. **State** *concisely* **every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States.** Summarize *briefly* **the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

*SEE R.T. 0011-0023, R.T. 0023-0029, R.T. 0032 LINES 1-20,23-26 R.T. 0033, LINES 1,4,-22 R.T. 0061-0069, R.T. 0073.*

*LINES 1-11*

(a) **GROUND ONE:** *DENIAL OF 6TH+14TH FEDERALLY GUARANTEED RIGHT TO (SEE R.T. 797) SELF REPRESENTATION. FAILURE TO RULE ON FUNDAMENTALLY SEPARATELY RECOGNIZED TIMELY INVOKED 6TH AMEND MOTION. SEE R.T. 0364 (7:19-65 10:37 am)*

*SEE R.T. 0142, R.T. 21 LINES 1-25, R.T. 417, 457.* **Supporting FACTS:** *ON 16 MARCH 05, TIMELY DEFENDANT INVOKED HIS 6TH AMEND U.S. Const. RIGHT TO SELF REPRESENTATION AND ALSO REQUESTED A MARSDEN TO RELIEVE COUNSEL KNOWINGLY AND INTELLIGENTLY. PETITIONER PROFFERED TWO FUNDAMENTALLY (SEE ALSO R.T. 0121)*

*(SEE R.T. 0123) SEPARATE MOTIONS THAT COURT RECOGNIZED. SEE R.T. 167, LINES 26-28, R.T. MINUTES (3-16-05) 0348, 0349, 0350, 0351, R.T. 168, LINES 1-14, R.T. 182, LINES 7-9, R.T. 183, LINES 19-21, 24-28, R.T. 184, LINES 1-4, 8, R.T. 185, LINES 8, 9, 15, 16, 18-23, R.T. 186, LINES 3-6, 12, 14, 16, 18, 19, 23-28, R.T. 187, LINES 1-21, R.T. 188, LINES 9-15, 17, 19, 22-28, R.T. 189, LINES 1-6, 10, 11, 13-16, 18, 19, 22-28, R.T. 190, LINES 2, 4-6, 10, 11, 13, R.T. 191, LINES 1, 2, 3, 21-25, 27, R.T. 196, LINES 4-8, 17-20, 22, 23, 25, 28 R.T. 198, LINES 2, 3, 5, 11, 13, 15, 16, 17, 21, 23-24, 28, R.T. 199 LINES 4, 5, 11, 12, 13, 24-28, R.T. 200, LINES 1-7, 11, 12, 13, 17, 19-21, 25-28, R.T. 204, LINES 1-8, 10, 12, 17-20, 22, 24, 25, 27, 28, R.T. 210, LINES 1-19, 22-26 R.T. 211, LINES 1-5, 18, R.T. 205, LINES 1-28, R.T. 211, LINES 23-28, R.T. 212, LINES 8, 15, 17-21, 23-28, R.T. 213, LINES 1-10, 13, 16-23, 25-28, R.T. 214, LINES 1-6, 9, 10, 22-26, R.T. 215 LINES 2-6, 8, 9, 12-16, 19-28 R.T. 216, LINES 1, 2, 14-19, 20, 21, R.T. 217, LINES 4-28, R.T. 218 LINES 1-3, R.T. 313, LINES 1-8*

Did you raise **GROUND ONE** in the **California Supreme Court**?

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): *H.C. PETITION FEDERALIZED*

(2) Case number or citation: *S152584 — ON PETITION FOR REVIEW*

(3) Result (attach a copy of the court's opinion or order if available): *DENIED REVIEW*

CIV 68 (Rev. Jan. 2006)

cv

**(b)** GROUND TWO: FAILURE TO RULE ON PETITIONERS TIMELY FILED MOTION 2 WEEKS PRIOR TO TRIAL ON 07-07-08, AND 27 MAY 05, SEE FARETTA V. CALIFORNIA 422 U.S. AT P.836 [95 S.CT. AT. P 2541] (975)

**Supporting FACTS:** ON OR ABOUT 07 JULY 05, PETITIONER (SEE R.T. 1245, LINES 18-24) PURSUANT TO 28 USC § 1746, FILED A TIMELY FARETTA PRO SE, MOTION, MOTION FOR DISMISSAL OF DUE PROCESS VIOLATIONS, COURT REFUSED TO EXERCISE DISCRETION AND RULE, IN ADDITION PRIOR TO TRIAL ON 01 JUNE 05 PETITIONER FILED WITH THE COURT PURSUANT TO 28 U.S.C. § 1746 A TIMELY FARETTA PRO SE MOTION/995, JUDGE ECHARDS FAILED TO RULE AFTER ACKNOWLEDGMENT OF HANDWRITTEN MOTION. PROSECUTOR TRUCHA WAS PRESENT. JUDGE FAILED TO EXERCISE HIS DISCRETION. BEFORE DEFENDANTS COMPETENCE WAS REINSTATED, SEE, R.T. 313, LINES 1-28, R.T. 251, LINES 1-19, 25-28, R.T. 252, LINES 5-15, 17-19, 26-28, R.T. 253, LINES 1-4, 6, 7, 19-21, 23-26, R.T. 235, LINES 1-28, 254, LINES 15, 16, 17, 18, 20, 21, 22, 23, 24, R.T. 256, LINES 1-7, 11-16, 22 -24, R.T. 257, LINES 1, 2, 3, 8-11, 20-27, R.T. 258 LINES 7-12, 27, 28, R.T. 1068 R.T. 259, LINES 1-7, 21, 22, 27, 28, R.T. 260, LINES 1-7, 13, 16, 18, 19, 20 21-25, 28, R.T. 264, LINES 1, 7, 8, 9, 15, 16, 17, 20-28, R.T. 266, LINES 2-8, 21, 22, 25-28, R.T. 267, LINES 1-28, R.T. 268 LINES 2, 4, 6-12, 14, 15, 24-28, R.T. 269, LINES 1-16, 28, R.T. 270, LINES 1-4, 15-19, R.T. 797, LINES 1-11, R.T. 815, 816, 817, 818, LINES 1-17, 20-28 R.T. 819, LINES 1, 5-20, 22-28. R.T. 820 LINES 1-4, 7-15, 17-24, R.T. 822 LINES 18-22, 26-28. R.T. 823, LINES 3-6, 8-10, 13, 20-26, 28. R.T. 824 LINES 1-6, 8-14, 18-21, 23, 27. R.T. 1035 LINES 1-21, 23 R.T. 978, LINES 2-15, 19-24, R.T. 1110, LINES 3-9, 11, 13-17, 19-28, R.T. 1111, R.T. 1106

Did you raise GROUND TWO in the California Supreme Court?

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): H.C. TO EXHAUST FED.

(2) Case number or citation: S152584

(3) Result (attach a copy of the court's opinion or order if available): REVIEW DENIED.

SEE CRAWFORD V. WASHINGTON (2004) 541 US 36, 124 S.CT. 1354

(c) **GROUND THREE:** FAILURE OF PROSECUTION TO DISCLOSE MATERIAL EXCULPATORY EVIDENCE (SUPPRESSION) IN VIOLATION OF FEDERALLY GUARANTEED FOURTEETH U.S. CONST. AMEND. DUE PROCESS & EQUAL PROTECTION CLAUSES.

Supporting FACTS: ON 06 JULY 04, DEFENSE COUNSEL SENT AN INFORMAL LETTER OF DISCOVERY TO D.A. HANNA, ACCORDING TO BOTH COUNSEL PLUMMER AND ADAIR. MS. HANNA NEVER RESPONDED, SEE R.T. 329, PROSECUTIONS (MR. TROCHA) REBBUTAL ON RECORD, R.T. 329 LINES 1-10, 12-23, 25-26, SEE R.T. 326, LINES 8-24, R.T. 328, LINES 1-19, 27, 28. SEE R.T. 172, LINE 28, 173, LINES 1-9, 11, 12 (3-16-05) TIMELY AFTER PROSECUTION FAILED TO RESPOND SEE DEFENDANTS PRETRIAL MOTION TO COMPEL DISCOVERY AND TRIAL JUDGE THAT WAS PREJUDICIAL EYEWITNESS, ON GENUINE COURT BUSINESS RECORDS, AND HER BALIFF THAT SERVER THOMAS RESTRAINING ORDER IN HER PRESENCE BOTH WERE WITNESSES TO DEFENDANTS FEAR. JANE DOE BALIFF NEWLY DISCOVERED BY PETITIONER ON GENUINE U.S. MARSHALL PROOF OF SERVICE RECORD DATED 3-4-04. ADDRESS OF PLACED OF SERVICE IS THE COURTHOUSE 250 E. MAIN ST. E.C.CA. 92020 BY S. JONES #1031, PHONE NO. 619441-3411. SEE POST TRIAL DENIAL FOR DISCOVERY IN EXIBIT A. DENIED 7-18-07 BY JUDGE SUPERVISOR EVHAROS, NEWLY DISCOVERED BY ERIC W. BURTON #F02720 ON 6-10-08. 28. U.S.C. 2244(b) SEE R.T. 188 LINE 19, 22-24, 27, 28, R.T. 189, LINES 1-6, 13-16, 18, 19, 22-28, R.T. 190, LINES 4-6, 10, R.T. 191, LINES 21-25, R.T. 198, LINES 10-13, 15, R.T. 199 LINES 4, 5, 8, 9, 11, 12, 13, 24-28, R.T. 200, LINES 11-13, 17, 19-21, 25-28.

Did you raise GROUND THREE in the California Supreme Court?

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): HABEAS PETITION WITHDRAWN/DENIED MOTION FOR NEW TRIAL BASED ON SAME GROUND ON OR ABOUT 7-1-07

(2) Case number or citation: S152584

(3) Result (attach a copy of the court's opinion or order if available): REVIEW DENIED

(d) **GROUND FOUR:** BATSON ERROR, DENIAL OF 14TH U.S. FED. GUARANTEED RIGHT TO A JURY OF HIS PEERS, WITHOUT RACE NEUTRAL JUSTIFICATIONS SEE JOHNSON V. CA. ___ US. ___ 2005, CUNNINGHAM V. CA. 75 U.S.L.W. 4078 (US 2007)

**Supporting FACTS:** DEFENSE COUNSEL MADE A THRESHOLD WHEELER BATSON MOTION AFTER PROSECUTIONS RACIALLY MOTIVATED PEREMPTORY CHALLENGE OF THE SOLE AFRICAN AMERICAN JUROR AFTER REPEATED UNWARRANTED REFERENCES TO HER RESPONSES ONLY USING HER RELIGIOUS BELIEFS, AND STATING, SHE WOULD NOT MAKE A GOOD JUROR IN GENERAL, PETITIONER IS AFRICAN AMERICAN, HIS FEDERALLY GUARANTEED RIGHT TO A FUNDAMENTALLY FAIR AND IMPARTIAL TRIAL OF A JURY OF HIS PEERS WAS VIOLATED ALONG WITH HIS FOURTHTEENTH U.S. CONST. AMENDMENT DUE PROCESS AND EQUAL PROTECTION RIGHTS, IN LIGHT OF CUNNINGHAM V. CALIFORNIA, 75 U.S.L.W. 4078, US (2007); MILLER-EL COCKRELL 537 U.S. 322, 71 US.L.W. 4095 (2003); SLACK V. MC DANIAL 529 U.S. 473 (2000), 28 USC 822 35(C); BATSON V. KENTUCKY 476 U.S. 79 (1986); APPRENDI V. NEW JERSEY 530 U.S. 466 (2000); RING V. ARIZONA 536 US 584 70 U.S.L.W. 4666 (2007) SEE VOIR DIRE PROCEEDINGS R.T. 150 -157 SEE SENTENCING 21 Oct. 05, R.T. 0388, DEFENSE COUNSEL'S OBJECTION TO THE CONSTITUTIONALITY OF THE SENTENCING. RT.1250 LINES 25-28, RT. 1252, LINES 16-28.

**Did you raise GROUND FOUR in the California Supreme Court?**

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): FED EXHAUST H.C.

(2) Case number or citation: S152584

(3) Result (attach a copy of the court's opinion or order if available): ON OR ABOUT 6-11-07 REHEARING DENIED 7-18-07.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☑ No

24. If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____

(d) Nature of proceeding: _____

_____

(e) Name(s) of judges (if known): _____

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☑ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing: ~~BY TROPER V. SYLVIA KORN ON DIRECT REVIEW~~ 2nd
IRA LEE PLUMMER

(b) At arraignment and plea: IRA LEE PLUMMER

(c) At trial: CHARLES ADAIR

(d) At sentencing: CHARLES ADAIR

(e) On appeal: SYLVIA KORN

(f) In any post-conviction proceeding: CA SUPREME COURT JAN 4 2007, S153203, REMITTUR

(g) On appeal from any adverse ruling in a post-conviction proceeding: NO

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

☑ Yes ☐ No *UNCHARGED WITHOUT NOTICE Eculaulative OFFENSE OF A UNDISCLOSED [Convicted Felon] Possibly A KIAH MINCEY = NOT ON WITNESS 'LIST*

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

☐ Yes ☐ No *2FF 4 LIFE CONSECTIVELY?*

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   _____

   (b) Give date and length of the future sentence: _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes ☐ No


28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☑ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

CIV 68 (Rev. Jan. 2006)

cv

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: 6-15-08

PURSUANT TO 28 USC. § 1746

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding. PRAYS FOR AN EVIDENTIARY HEARING SO HE CAN PRESENT EVIDENCE, PRAYS FOR THE APPOINTMENT OF COUNSEL IN THIS COMPLEX CASE. PETITIONER IS INDIGENT UNTRAINED IN LAW, LEGALLY BLIND, ADA ACT.

_____
SIGNATURE OF ATTORNEY (IF ANY)

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on

6-15-08                    Eric W. Button #F02720
_____          _____
(DATE)                     SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)

-12-

cv

BURTON, ERIC W. #F02720
P.O. BOX 5246-C SATF/SP. C1-119L
CORCORAN, CA. 93212
IN PRO PER.

IN re ERIC BURTON ON FED. H.C. V. DIRECTOR OF THE C.D.C.R. RESP.

TABLE OF CONTENTS; CERT. OF SERVICE

AMENDED FED. H.C. PETITION/ MOTION FOR Counsel

EXHIBIT A. CONTAINING PRETRIAL BEST (ERROR EWB)
COPY OF DEFENSE MOTION FOR DISCOVERY ERROR EWB
NEVER RULED ON, BUT SERVED ON DA HANNA (BRADY V. MARYLAND) ERROR EWB.
AND ORDER DENYING PETITIONER'S POST
TRIAL MOTION FOR DISCOVERY ON 7-18-07,
BY JUDGE SUPERVISOR HONEY HAROS.

SEPERATED; MEMORANDUM OF POINTS AND AUTHORITIES PAGES 1-41

IN SUPPORT      JURISDICTIONAL STATEMENT
OF AMENDED     TABLE OF AUTHORITIES IN
PETITION       SUPPORT OF AMENDED PETITION
                BASED ON NEWLY DISCOVERED
                EVIDENCE PURSUANT TO 28 U.S.C. 2244(b)
                U.S. V. AGURS (1976) 427 U.S. 97, 96.Sct 2392
                STATEMENT OF CASE
                STATEMENT OF FACTS/ARGUMENT-
                VERIFICATION.
                QUESTIONS PRESENTED 6-
                REASONS FOR GRANTING PETITION
                STATEMENT OF FACTS PAGES 1-6

                APPROX. (68) DOCUMENTS TOTAL

ERIC W. BURTON # F02720
P.O. BOX 5246 - C SATF/SP-C1-119C
CORCORAN, CA. 93212
IN PRO PER.

STATEMENT OF FACTS

ERIC W. BURTON # F02720 PURSUANT TO RULES 28 USC. 2244(b)
15(A) AND 19(A) FED. R. CIV. P. REQUESTS
LEAVE TO AMEND PETITION (FED. H.C)
    1. THE PETITIONER HAS NEWLY DISCOVERED ON 6-10-08
FROM COURT FILES, THAT THE WITNESS
THAT PROSECUTION FAILED TO DISCLOSE, AND HID,
IS NOW IN FACT S. JONES # 1031 (COURT DEPUTY) WITNL
EYE WITNESS TO THE STALKING OF DEFENDANT
IN THE COURT HOUSE VICINITY 18. USC. 401(1)
AND WITNESS TO PETITIONER'S MENTAL STATE
OF FEAR ON OR NEAR THE DAY IN QUESTION
19 MARCH 04, THEREBY SIGNING A DECLARATED
PROOF OF SERVICE ON 3-4-04, SERVICE TO
ALLEGED VICTIM AND CONVICTED STALKER ALLEGED
VICTIM SALINATHAN THOMAS. WITNESSES
TESTIMONY WAS OF A CONCEIVABLE BENIFIT.
THE SUPPRESSION OF THIS FAVORABLE
DEFENSE WITNESS BY THE PROSECUTION
DEPRIVING DEFENDANT HIS FEDERALLY GUAR-
ANTEED 14TH AMENDMENT DUE PROCESS AND
EQUAL PROTECTION CLAUSES.
    THIS PETITION IS AMENDED TO REFLECT
THE IDENTITY OF THE [BALIFF] AND
THE ACTIONS OF THIS PERSON NEWLY
DISCOVERED TO BE S. JONES # 1031.
ARGUMENT → THIS COURT SHOULD GRANT LEAVE
FREELY TO AMEND THIS PETITION, (FED. H.C.)
FOMAN V. DAVIS, 371 U.S. 178, 182. (1962)

①

MR E.W. BURTON #F02720

CORCORAN, CA. 93212.

IN PRO PER

STATEMENT OF FACTS —

1. LINE OF AUTHORITY SEE TERRY V. OHIO, 392 U.S. AT 21, 88 S. CT AT 1879, SEE ALSO
2. KATZ V. U.S. 389 U.S. 347 88 S. CT. 507, 19 L.Ed2d 576 (1967), 103 S. CT. 1339
3. TRIAL JUDGE WITH JUDICIAL CONFLICT, REPRESENTING
4. THE PEOPLE FOR WELFARE RECIPIENT ANGELA SANDERS CASE # DF051759
5. "SAL/NATHAN THOMAS, ALLEGED VICTIM (SEE MICRO FILM CC #2661-272 REEL)
6. HAD THREATEN HIM, BY STATING "I'M GOING TO KILL YOU
7. IN THE PRESENCE OF DREONA BURTON ON 13 FEB.04.
8. THE APPELLANT ERIC W. BURTON #F02720 REQUESTED
9. U.S. MARSHALLS TO GIVE SERVICE TO MS. SANDERS AND MR.
10. THOMAS, SUMMON'S AND NOTICE TO APPEAR IN COURT.
11. UPON SERVING MS. SANDER'S, AT HER ADDRESS AT 1711E. LEXINGTON
12. TO GET EMERGENCY CUSTODY OF DREONA BURTON
13. THE BALIFF S. JONES # 1031 I.D. NEWLY DISCOVERED 6-10-08
14. COURT IN THE PRESENCE AND ON RECORD BEFORE THE TRIAL
15. JUDGE HON. HALGREN ON 23 FEB.04, MR THOMAS TESTIFIED AT
16. TRIAL THAT HE WAS IN THE BACK ROOM WHEN U.S. MARSHALL'S
17. SERVED MS. SANDERS, NOTICE TO APPEAR. THE APPELLANT
18. WAS CONVERTED BY JUDGE HALGREN ON 23 FEB.04, FROM
19. PETITIONER TO DEFENDANT, AND CASE WAS COMBINED WITH
20. SETTLED CHILD SUPPORT CASE DISSOLVED ON OR ABOUT 20 OCT.04 IN SAN
21. DIEGO SUPERIOR COURT. AS PETITIONER IS DISABLED ON SSA/SSI SINCE MARCH
22. 2002, DIAGNOSED LEGALLY BLIND IN BOTH EYES DUE TO OPTIC NERVE DAMAGE
23. CAUSED BY GLAUCOMA, PEOPLE WERE A CONFLICTING PARTY #1
24. STALKING THE APPELLANT ON FEB 23, 2004, APPELLANT ALERTED
25. COURT AND HER BALIFF THE HON JUDGE HALGREN ISSUED
26. ANOTHER TRO, AGAINST MR. THOMAS AND SIGNED OFF ON
27. THE PREVIOUSLY ISSUED TRO, AND GAVE MS. SANDERS
28. VERBATIM ORDERS THAT MR. THOMAS WAS NOT TO CONTACT DREONA
29. BURTON, AN ORDER, HER ADMITTINGLY VIOLATED ON 19 MARCH 04.
30. SEE R.T. 977, LINES 15-28 (JUDGE HALGREN) R.T. 978, LINES 2-8
31. R.T. 978 LINES 9-15, 17-24 (OMIT ALL OTHERS. SEE R.T. 215-825, R.T. 872, 877
(2)

*(handwritten header)* MR ERIC W BURTON #FO 2220
P.O. BOX 5246-C-SA1F/5P-C1-119C
COR @ ORAN, CA. 93212 IN PROPER

1  SEE RT.39, LINES 1,4-6,9-14,19-28. RT. 40, LINES 1-19, 12-25, 27, 28. RT. 41, LINES 1-28 RT.42, LINES 1-3
   SEE RT. 0124, RT, 0125, RT. 0127 RT 0132, 0137, 0138, 0139, 0140, 0143, 0144/0145,
   SEE RT 0073, RT 165 LINES 13-22, RT 93, LINES 6-10,12,15-18, 23-28 RT 94, LINES 1-9

2  SEE RT.33, (OFFICERNEL...) RT.35, LINES 1-4,6,7,10-16,18,19,21-25,27,28. RT36 LINES 1-28 9-14/15
   Cont. 14th U.S. Const.Amendt.
   16,17, RT.37 LINES 5-8,10,11,13,15-24, RT.38, LINES 8-18, 24-28

3  Statement of facts; Reporters transcript p.100
   REDIRECT EXAMINATION BY Mr. Adair

4  Q.Mr Helsel, when the police arrived, did they have their
   guns out? SEE RT.T39, LINES 14-24, 27, SEE RT.417, LINES 1-17(6-21-05)

5  A.(Mr. Helsel)-Yes. SEE RT. 33, LINES 3,4,6,7,14-17,23-28.
   Q.(Mr. Adair)-And they had their guns out until Mr. Burton was

6  handcuffed? SEE RT.42, LINES 7-20, 22-28, RT. 43, LINES 1-26 RT.45 LINES 1-18, 1726
   28 RT.46 LINES 1-79,21-27 A.(MR. Helsel)-Yes. SEE RT 51, LINES 6-11,13,15-17,26,27,28. RT 52 LINE 1

7  The Court:This all happened pretty quickly once the police
   arrived on the scene? SEE RT.53 LINES 1-14,16-21,24,27,28. RT 333, LINES 1,2,14,15

8  A.(Mr. Helsel)-Pretty quick. SEE RT.166, LINES 8-19 RT.165 LINES 13-22.
   Q.(The Court)-They took him down at gunpoint,they proned him

9  out on the ground? SEE RT 713, LINES 13-19. RT.
   A.(Mr. Helsel) Yes, but he wasn't fighting or anything.

10 The Court-Understood. RT.5, LINES 1-23,26. RT.6, LINES 2-20,
   Q. (The Court)How long would you estimate he was on the

11 ground before they escorted him to one of the patrol cars?
   A.(Mr. Helsel) I dont know. 15, 20 seconds,30 seconds.

12 Reporters transcript page#103- SEE R.T. 7, LINES 3-7, 9, 17-21, RT.8 LINE 1
   The court(The Honorable Judge Preckle)-All right. My tentative is a

13 as follows; To deny the motion to suppress relative to
   anything found in or removed from the vehicle ...

14 and the tenative is based upon the automobile
15 exception to the fourth amendment.My tentative is further to
   grant the motion to suppress evidence from apartment#5,

16 concluding that the people,after a full consideration and
   review of the evidence presented,have not met their burden

17 of demonstrating to the court's satisfaction that the entry,
   search and seizure of items within the apartment was done

18 pursuant to a consent rendered by MR. Burton.

19 Reporter's transcript page#105-
   The Court(The HONORABLE JUDGE PRECKLE)

20 I'm not satisfied there was a consent,whether free or
   voluntary or otherwise. That's my point.

21 Reporter's transcript page# 106-

22 The Court-Period
   Ms. Hanna (prosecutor)-Your Honor, Agent Kirk's

23 testimony-testified that--
   The Court-I'm mindful of agent Kirk's testimony

24 Ms. HANNA: and the circumstance and even the surrounding
   circumstances with the people's witnesses and the

25 defendant's witnesses.
   THE COURT:i've looked at all of it.I'm not

26 persuaded.
   The Court-The motion to suppress is granted in

27 part for the reasons outlined by the court.The motion to
   suppress items from the vehicle is denied, not based upon

28 a purported theory of consent,but rather based upon the
   automobile exceptionto the 4th Amendment.

3

STATEMENT OF FACTS, CASE IN SUPPORT OF GROUNDS ... SEARCH AND SEIZURE OF PERSON, HOME, VEHICLE PARKED ON THE ... CURTILAGE OF HOME WITHOUT ANY UNREASONABLE EXPECTATION OF CURTILAGE WITHIN VICINITY OF HOME, WITH GUARANTEED PROTECTIONS OF THE 1ST, 4TH, AND 14TH U.S. CONST. PRIVACY WITHIN THE FEDERALLY GUARANTEED PROTECTIONS OF THE 4TH + 14TH AMENDMENT AND AMENDMENT DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE U.S. CONST. 1ST. AMENDMENT FREEDOM OF SPEECH AND EXPRESSION CLAUSES OF THE U.S. CONST. 1ST. AMENDMENT

CONTENTION

1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2. ▓▓▓▓▓▓▓ THE DEFENDANT'S RESIDENCE AND CAR ▓▓▓ WITHOUT A WARRANT ▓▓▓ IN VIOLATION AND ▓▓▓ THE DEFENDANT'S RIGHTS AND THIS ▓▓▓ EVIDENCE OBTAINED SHOULD BE ▓▓▓

ARGUMENT

In the absence of an emergency or consent to search, a search without a warrant can be conducted only if it is incident to a lawful arrest and is restricted to the person of the arrestee or the area within the arrestee's immediate control. The search cannot exceed the area "beyond the petitioner's person and the area from within which he might have obtained either a weapon or something that could have been used as evidence against him." (Chimel v. California, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969)

STATEMENT OF FACTS,

Mr. Burton was not in his apartment, or in his car, at the time of his arrest, therefore the searches were not justified, as no warrant was obtained.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓ The ▓▓▓▓ ation should be ▓▓▓ able as not support ▓▓▓ ▓▓▓▓▓▓ result of the apartment ▓▓▓ car search should be suppressed as no warrant was obtained. The charge should be ▓▓▓

THE UNLAWFUL WARRANTLESS SEARCH AND SEIZURE WITH UNREASONABLENESS OF PETITIONERS VEHICLE PARKED ON THE CURTILAGE OF HIS HOME AND SEARCH THEREOF WAS UNCONSTITUT- ONAL AND VIOLATED HIS FIFTH, AND 14TH U.S. CONST. AMENDMENT DUE PROCESS AND EQUAL PROTECTION ▓▓▓▓▓▓▓▓▓▓▓ CLAUSES AS PETITIONER WAS IN CUSTODY DURING THE SEARCH AND INTERROGATION OF HIS VEHICLE IN ITS REASONABLE EXPECTATION OF PRIVACY ON THE CURTILAGE OF HIS HOME SEE EXHIBIT "E" PAGE 11, RT EXCERPT 0125 LINES 11-21 SEE EXHIBIT "E" PAGE 12, RT EXCERPT 0073 LINES 1-28, SEE ALSO EXHIBIT "E" PAGE 1, RT EXCERPT 0132 LINES 1-28,

4

ERIC LON BURTON #F02720
P.O. Box 5246-CSATF/SP-C1-119L
CORCORAN CA. 93212
IN PRO PER.

1. ~~the products of a compulsion whether otherwise.~~ (Chirs, supra, 11 Cal 3d 1949, 958)

2. ~~the assertion of the privilege, the defendant is entitled to be free of police initiated attempts to~~

3. ~~interrogate him.~~ (Burton, supra, at 384) Mr. Burton invoked his right to remain silent...

4. ~~...~~ ARGUMENT—

5. PETITIONER HAD A REASONABLE EXPECTATION OF PRIVACY UNDER

6. HIS FEDERALLY GUARANTEED RIGHT UNDER THE DUE PROCESS AND

7. EQUAL PROTECTION CLAUSES OF THE U.S. 14TH CONST AMENDMENT.

8. ALL EVIDENCE OBTAINED ████████████████████████

9. MUST BE SUPPRESSED AS TAINTED EVIDENCE; FRUIT OF THE POISONOUS TREE

10. AS A DIRECT VIOLATION OF POLICE UNLAWFUL INTRUSION OF PETITIONER'S HOME
AND SEARCH, AND SEIZURE OF HIS PERSON AND VEHICLE PARKED ON CURTILAGE

11. "The essence of a provision forbidding the acquisition of evidence in a certain way is that not

12. merely evidence so acquired shall not be used before the Court, but that it shall not be used at

13. all." (Silverthorne Lumber Co. V. United States (1920) 251 U.S. 385) Not only is it well established

14. that evidence which is illegally obtained cannot be used (Angelo v. U.S. (1925) 269 U.S. 20), but

15. Mapp v. Ohio (1961) 367 U.S. 643 and Wong-Sun v. United States (1963) 371 U.S. 471 instruct us

16. that the "fruits" resulting from evidence seized or leads resulting from the evidence must also be

17. excluded. SEE - US V. CISNERS 448 Fed 298

18. When it appears that the evidence has been unlawfully acquired, the heavy burden of

19. establishing the admissibility of the evidence on the theory that it would have been acquired by the

20. police independent of the unlawful acquisition rests on the prosecution )People v. Superior Court of

21. Alameda County (1978) 80 Cal 3d 665; KATZ V. U.S. 389 U.S. 347, 360, 88 SCT 507 (1967)

22. ~~CONCLUSION~~

23. LAW REV 1951 - RIGHT TO RESIST ILLEGAL ARREST 39 C.L.R. 96111

24. ~~...respectfully request the court suppress the gun, bullet, and other evidence seized~~

25. ~~from his home as well as the notes, reports and the audio and video tape of his statement at the police~~

26. ~~station.~~

27. CLEARLY THE STATE HAD NOT MET THEIR BURDEN AS RULED BY

28. THE HON. JUDGE PRECKEL AT THE 1538.5 HEARING.

5

STATEMENT of FACT

Furthermore, a salient fact not addressed by the Court of Appeal is that none of the self-defense instructions focused on the prior threats and their effect on the reasonableness of appellant's belief in the need to defend himself. As the court in *People v. Pena*, *supra*, 151 Cal.App.3d 462 suggests, absent a clear instruction to consider appellant's knowledge of the victim's prior threats to him and to others about him, we cannot be certain that the jurors did not construe the self-defense instructions given as "narrowing the scope of facts and circumstances which they were entitled to consider to only those perceived by any other 'reasonable man.' . . ." (*Id.* at p. 476.) ONEAL V, McANINCH 513 U.S. 432.

Another flaw with the Court of Appeal's analysis is it ignores the fact that the issue of prior threats was raised by appellant and was not a minor subissue in his defense. Rather, it was a major part of his defense. (See *People v. Pena*, *supra*, 151 Cal.App.3d at p. 476.) The absence of appellant's proffered instruction lightened the prosecution's burden, a burden memorialized in CALJIC No. 5.15, which informed the jury that the burden is on the prosecution ~~to prove the homicide was lawful.~~ EVIDENCE

The Court of Appeal's analysis is also flawed because it does not address the fact the evidence against appellant was not open-and-shut. This was a close case. The jury deliberated over two days and acquitted appellant of child abuse/endangerment (Pen. Code, § 273a, subd. (a)) in count 4. (2 CT 288, 381-382.)

6

MR ERIC W. BURTON #F82720
P.O. BOX 5246 - CSATF/SP-C1-119L
CORCORAN CA. 93212
IN PRO PER.

### QUESTIONS PRESENTED

1. DID STATE COURT HAVE JURISDICTION TO
   TRY PETITIONER DUE TO JUDICIAL AND PROSECUTORIAL
   CONFLICTS OF INTEREST IN LIGHT OF THE
   NEW EVIDENCE UNDER 28 U.S.C. 2244(b)

2. WAS PETITIONER DENIED HIS FEDERALLY GUARANTEED
   FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL
   PROTECTION CLAUSES.

3. DID PETITIONER RECEIVE CRUEL AND UNUSUAL
   PUNISHMENT OF LIFE IN PRISON PLUS 25 YEARS
   TO LIFE CONSECUTIVELY IN LIGHT OF
   CUNNINGHAM V. CALIFORNIA, 75 U.S.L.W. 4078
   (U.S. 2007.)

4. WAS THE DENIAL OF PETITIONER'S PROPERLY FILED FARETTA
   PROSE, PRETRIAL MOTION, AND TRIAL MOTION ON 19 JULY 05, PREJUDICIAL
   PRIOR TO THE JURY BEING SWORN, AND WAS
   THE FAILURE TO RULE, ERRONEOUS DENIAL AN
   ABUSE OF DISCRETION CONTRARY TO U.S. SUPREME COURT

5. IN LIGHT OF THE NEW EVIDENCE WAS
   PETITIONER DENIED HIS FEDERALLY
   GUARANTEED RIGHT TO MAKE A DEFENSE,
   AND RIGHT TO SELF REPRESENTATION VIOLATED.

6. WAS PETITIONER'S TRIAL A FUNDAMENTALLY
   FAIR TRIAL AS GUARANTEED BY THE
   U.S. CONSTITUTION IN LIGHT OF THE
   NEW EVIDENCE?

MR. E. W. BURTON #F62720
P.O. BOX 5246 - C5ATF/SAC/-1192
CORCORAN, CA. 93212
IN PRO PER

## REASONS FOR GRANTING THE PETITION

SEE SCHLUP V. DELO (1995) 513 U.S. 298, 115 S.CT. 851 — THERE IS NEWLY DISCOVERED EVIDENCE 28 U.S.C. § 2244 (b)

1. PETITIONER IS UNCONSTITUTIONALLY INCARCERATED.

2. PETITIONER RAISED ON AT LEAST 4 GROUNDS AND CONTENTIONS PER OF REVERSAL IN HIS ALLEGED EXHAUSTED PETITION WITH CERTAINTY, GROUNDS AND CONTENTIONS AS ALLEGED IN FEDERAL H.C. PETITION FOR RELIEF ARE MERITORIOUS SEE CONLEY V. GIBSON, 355 US 41, 45-46 (1957).

3. TRIAL COURT WAS INCORRECT IN IT'S FACTUAL FINDINGS.

4. ON DIRECT APPEAL, THE APPEALS COURT WAS INCORRECT IN IT'S FACTUAL FINDING CONTRARY TO U.S. SUPREME COURT. THE CALIF. SUPREME COURT WAS INCORRECT IN IT'S DENIAL OF REVIEW. CONTRARY TO U.S. SUPREME COURT _____ (9TH CIR 2001) 253 F.3d

5. REASONABLE JURISTS WOULD FIND IT DEBATABLE WHETHER THE TRIAL COURT WAS CORRECT IN IT'S PROCEDURAL RULING, AND REASONABLE JURISTS WOULD FIND IT DEBATABLE WHETHER THE PETITION STATES A VALID CLAIM OF DENIAL OF A CONSTITUTIONAL RIGHT SEE CRUZ V. BETO, 405 U.S. 319, 322 (1972).

6. AEDPA APPLIES TO THE PROCEDURE IN THE CASE BUT NOT THE MERITS OF THE CASE, SEE MORRIS V. WOODFORD (9TH CIR 2000) 273 F.3d 826; SLACK V. MCDANIEL (2000) 529 U.S. 473 [120 S.CT. 1595, 146 L.ED. 2d 542].

7. THERE IS NO OTHER PLAIN, SPEEDY OR ADEQUATE LEGAL REMEDY

8. PETITIONER WAS DENIED HIS FEDERALLY GUARANTEED RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE U.S. CONSTITUTION.

9. "MAIL BOX RULE" (2000) 531 U.S. 4 [121 S.CT. 361; MILES V. PRUNTY (9TH CIR (1999) 187 F.3d 1104; SEE ARTUZ V. BENNETT (2000) 531 U.S. 4 [121 S.CT. 361; MILES V. PRUNTY (9TH CIR (1999) 187 F.3d 1104; HUIZAR V. CAREY (9TH CIR 2001) 273 F.3d 1220

9. PETITIONER USED THE CORRECT FEDERAL H.C. FORM, TIMELY FILED IN THE EASTERN CALIFORNIA DISTRICT OF THE U.S. DISTRICT COURT, THE CORRECT JURISDICTION WHERE PETITIONER IS INCARCERATED PETITION AND IT'S ATTACHED ADDITIONAL GROUNDS AND CONTENTIONS, R.T. EXHIBITS STATEMENT OF FACTS, AND ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES, WITH CLEAR SIMPLE CONCISE DIRECTIONS OF EXACTLY WHERE PETITIONER WANTED THE U.S. DISTRICT COURT TO GO, WAS NEATLY ORGANIZED AND HANDED OVER TO PRISON AUTHORITIES FOR FIRST CLASS LEGAL MAIL PROCESSING ON OR ABOUT 02-02-08, AND FILED PROPERLY WITHOUT ANY DISCREPANCIES NOTED BY THE COURT CLERK FILED ON 02-06-08, IN THE EASTERN CALIFORNIA DISTRICT AND TRANSFERRED TO THE SOUTHERN CALIFORNIA DISTRICT RECEIVE AND FILED BY THE CLERK OF COURT ON OR ABOUT 2-19-08, ALONG WITH, A MOTION FOR THE APPOINTMENT OF COUNSEL, AND MOTION TO PROCEED IN FORMA PAUPERIS, THAT WAS GRANTED.

MEMORANDUM AND POINTS OF AUTHORITIES

1. ARGUMENT- FAILURE TO CONSIDER THE CLAIMS WILL RESULT IN A FUNDAMENTAL MISCARRIAGE

2. OF JUSTICE. SEE COLEMAN V. THOMPSON, 501 U.S. 722,750, 111 S.CT. 2546,115 L.ed.2d 640 (1991)

3. MAIL BOX RULE, 28 U.S.C. §1746, SEE HUIZAR V. CAREY (9TH CIR. 2001) 273 F.3d

4. 1220. "EVEN IF THE DOCUMENT WAS NEVER DELIVERED TO OR FILED BY THE

5. COURT". REGARDLESS OF WHETHER THE COURT EVENTUALLY FOUND THE

6. CLAIMS WERE PROCEDURALLY BARRED. ARTUZ V. BENNETT (2000) 531 U.S.4

7. [121 S.CT. 361], SEE ALSO SMITH V. DUNCAN (9TH CIR. 2001) 274 F.3d 1245.

8. PREJUDICIAL ERROR. FOR THE COURT TO FAIL TO INFORM THE PETITIONER

9. ABOUT HIS OBTIONS, OR ADVISE HIM ABOUT THE TECHNICAL REQUIREMENTS

10. OF DISMISSING A PETITION AND RENEWING STAY MOTIONS. SEE FORD V. HUBBARD,

11. (9TH CIR. 2003) 330 F.3d 1086.; SMITH V. RATELLE (9TH CIR. 2003) 323 F.3d 813

12. CONLEY V. GIBSON, 355 U.S. 41, 45-46 (1957), THE U.S. SUPREME COURT SAID THAT IN CONSIDERING

13. A MOTION TO DISMISS, A PRO SE COMPLAINT SHOULD BE HELD TO LESS STRICT

14. STANDARDS THAN A MOTION DRAFTED BY A LAWYER; IN CRUZ V. BETO, 405

15. U.S. 319, 322 (1972), THE U.S. SUPREME COURT STATED THAT A COMPLANT

16. "SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UNLESS IT

17. APPEARS BEYOND DOUBT THAT THE PLANTIFF (PETITIONER) CAN PROVE NO

18. SET OF FACTS IN SUPPORT OF HIS CLAIM WHICH WOULD ENTITLE HIM TO

19. RELIEF,"

20. IN THE NINTH CIRCUIT, PRISONERS ALSO HAVE A RIGHT TO AMEND THE COMPLAINT

21. EVEN IF IT IS NOT THE FIRST TIME, TO OVERCOME ANY PROBLEMS WITH IT,

22. UNLESS IT IS ABSOLUTELY CLEAR THAT THE PROBLEMS CAN'T BE FIXED

23. POTTER V. MC CALL, 433 F.2d 1087 (9TH CIR. 1970).

24. SEE MILLER-EL V. COCKRELL (U.S. 2003) 537 U.S. 322, 123 S.CT. 1029, CERT, ORARI

25. WAS GRANTED THE SUPREME COURT JUSTICE KENNEDY HELD THAT REASONABLE

26. JURISTS COULD HAVE DEBATED WHETHER PROSECUTION USE OF PEREMPTORY

27. STRIKES AGAINST AFRICAN-AMERICAN PROPECTIVE JURORS WAS RESULT OF

28. PURPOSEFUL DISCRIMINATION, AND THUS PETITIONER WAS ENTITLED TO COA REVERSED AND REMANDED.

MR. E. W. BURTON #F02720
P.O. BOX 3466  SATF/SP-C1-119L
COR CORAN, CA. 93212
IN PROPER

1.  T   HOFF  SEATP                            

2.  CODE CIV. PROC. § 2031.020 AS ADDED IN 2004 PROVIDES

3.  THAT A DEFENDANT MAY MAKE A DEMAND FOR INSPECTION

4.  WITHOUT LEAVE OF COURT AT ANY TIME THAT IS 10 DAYS AFTER

5.  THE SERVICE ON, OR IN UNLAWFUL DETAINER ACTIONS

6.  WITHIN FIVE DAYS AFTER SERVICE OF THE SUMMONS

7.  ON OR APPEARANCE BY THE PARTY TO WHOM THE DEMAND

8.  IS DIRECTED, WHICH EVER OCCURS FIRST.

9.  CODE CIV. PROC § 2032.250 AS ADDED IN 2004 PROVIDES

10. THAT A DEFENDANT WHO HAS DEMANDED A PHYSICAL

11. EXAMINATION OF A PLAINTIFF MAY MOVE FOR AN ORDER

12. COMPELLING COMPLIANCE IF THE DEFENDANT DEEMS THAT

13. ANY MODIFICATION OR REFUSAL OF THE DEMAND IS

14. UNWARRANTED IN A                              

15. THE EXISTENCE OF A DOCUMENT CONTAINING PRIVILEGED

16. INFORMATION IS NOT PRIVILEGED. BEST PRODUCTS INC.

17. V. SUPERIOR COURT, 119 CAL. RPTR. 3d 154 (2d DIST 2004)

18. CODE CIV. PROC § 2031.010 AS ADDED IN 2004 PROVIDES

19. THAT ANY PARTY MAY OBTAIN DISCOVERY BY INSPECTING

20. DOCUMENTS, TANGIBLE THINGS, AND LAND OR OTHER PROPERTY

21. THAT ARE IN THE POSSESSION, CUSTODY, OR CONTROL OF ANY

22. OTHER PARTY TO THE ACTION.

23. THE RULES OF DISCOVERY ARE APPLIED LIBERALLY IN

24. FAVOR OF DISCLOSURE, AND CONTRARY TO POPULAR

25. BELIEF, FISHING EXPEDITIONS ARE PERMISSIBLE IN SOME

26. CASES. WEST'S ANN. CAL. CCP § 2017, WEST'S ANN, CAL. C.C.P.

27. § 2017, GARMENDI V. GOLDEN EAGLE INS. Co, 10 CAL. RPTR. 3d 724

28. (CAL. APP. 1ST. DIST. 2004) SEE ALSO C.C.P. § 2017.010

In Light of
Cunningham
v. California
Balso error?

MR. E.W. BURTON #F02720
Case 3:08-cv-22-LAB-CAB Document 19L Filed 06/20/2008 Page 24 of 67
0149-
CORCORAN, CA. 93212
IN PRO PER

1  USLW, (9-11-07) ISSN 0148-8139, 1140 (VOL. 76, NO. 9) SUMMARY

2  AND ANALYSIS

3  DUE PROCESS REQUIRES THE BOARD OF IMMIGRATION APPEALS TO GIVE

4  AN ASYLUM SEEKER AN OPPORTUNITY TO RESPOND BEFORE IT

5  ENTERS A FINAL ORDER ON THE BASIS OF ADMINISTRATIVELY

6  NOTICED FACTS, THE U.S. COURT OF APPEALS FOR THE SECOND

7  CIRCUIT HELD AUG 17 (BURGER V. GONZALES, 2d CIR, NO. 03-16395

8  AG, 8/17/07). ACCORDING TO THE COURT, AN ASYLUM APPLICANT

9  MUST BE GIVEN NOTICE OF AND AN EFFECTIVE CHANCE TO RESPOND

10  TO POTENTIALLY DISPOSITE, ADMINISTRATIVELY NOTICED FACTS.

11  THE GOVERNMENT RESPONDED, HOWEVER, THAT THE PETITIONER'S MOTION

12  TO REOPEN GAVE HER A FULL AND FAIR OPPORTUNITY TO PRESENT

13  HER CLAIM AND THUS CURED ANY LACK OF ADVANCE NOTICE.

14  THE FIFTH, SEVENTH, AND DISTRICT OF COLUMBIA CIRCUITS HAVE

15  RULED THAT A MOTION TO REOPEN SUFFICES TO SATISFY

16  DUE PROCESS IN THIS CONTEXT. THE NINTH AND TENTH

17  CIRCUITS, HOWEVER HAVE HELD THAT DUE PROCESS REQUIRES

18  THAT THE BIA PROVIDE APPLICANTS WITH NOTICE AND

19  AN OPPORTUNITY TO BE HEARD BEFORE THE BIA DETERMINES

20  ON THE BASIS OF ADMINISTRATIVELY NOTICED FACTS THAT A

21  PETITIONER LACKS A WELL-FOUNDED FEAR OF PERSECUTION. THE

22  COURT HERE SIDED WITH THE NINTH AND TENTH CIRCUITS. IT SAID THAT

23  "THE REOPENING PROCEDURES HAS SERIOUS LIMITATIONS

24  AS A GUARANTY OF DUE PROCESS." THE BIA'S DECISION TO GRANT

25  A MOTION TO REOPEN IS PURELY DISCRECTIONARY, IT SAID

26  "MOREOVER, BECAUSE THE FILING OF A MOTION TO REOPEN DOES NOT

27  AUTOMATICALLY STAY THE EXECUTION OF AN ORDER OF REMOVAL... THE

28  APPLICANTS DUE PROCESS RIGHTS DEPEND ENTIRELY ON THE BIA'S GOOD FAITH."

B

THUS IT CANNOT BE SAID THAT THE PETITIONER'S MOTION TO REOPEN PROTECTED HER RIGHT TO BE HEARD AT A MEANINGFUL MANNER, THE COURT SAID. EVEN THOUGH THE DISMANTLING OF THE MILOSEVIC REGIME MAY HAVE BEEN A COMMONLY KNOWN CURRENT EVENT, "THE BIA ERRED BY FAILING TO GIVE [THE PETITIONER] ADVANCE NOTICE OF IT'S INTENTION TO CONSIDER THIS EXTRA-RECORD FACT, "THE COURT SAID. "MOREOVER, THE BIA ERRED IN DEPRIVING [THE PETITIONER] OF THE OPPORTUNITY TO REBUT THIS FACT'S SIGNIFICANCE BEFORE ISSUING IT'S DECISION," IT SAID. JUDGES GUIDO CALABRESI AND SONIA SOTOMAYOR JOINED THE OPINION.

RT0144
RT0145

#

MR. E. W. BURTON # F02720
P.O. BOX 5246 - CSATF/SP-CI-119L
CORCORAN, CA. 93212
IN PRO PER

1

2  WHEN A DEFENDANT PLEADS NOT GUILTY, THE COURT LACKS
3  JURISDICTION TO CONVICT HIM OR HER OF AN OFFENSE
4  THAT IS NEITHER CHARGED NOR NECESSARILY INCLUDED
5  IN THE ALLEGED CRIME. PEOPLE V. PARKS, 12 CAL. RPTR.
6  3d 635 (CAL. APP. 2d DIST. 2004), AS MODIFIED (APR. 28, 2004)
7  AND REVIEW FILED (APR. 29, 2004). A CRIMINAL DEFENDANT
8  IS ENTITLED TO NOTICE OF THE CHARGES AGAINST
9  HIM. PEOPLE V. PERCELLE, 126 CAL. APP. 4TH 164, 23 CAL. RPTR.
10  3d 731 (6TH DIST. 2005).
11  PRIOR OPPORTUNITY FOR CROSS - EXAMINATION IS REQUIRED
12  FOR ADMISSION OF (ALLEGED) OUT-OF-COURT TESTIMONIAL
13  EVIDENCE. CRAWFORD V. WASHINGTON (2004) 541 U.S. 36, 124 S.CT.
14  1354, 1365, 158 L. Ed. 2d 177, 184, 3 CAL. EVIDENCE (4TH)
15  PRESENTATION AT TRIAL, SUPP. § 21, HELD THAT WITH FEW
16  POSSIBLE AND NARROW EXCEPTIONS, THE CONFRONTATION
17  CLAUSE OF THE SIXTH AMENDMENT ALLOWS ADMISSION
18  OF AN OUT-OF-COURT TESTIMONIAL STATEMENT ONLY IF
19  THE WITNESS IS UNAVAILABLE AND THERE WAS PRIOR
20  OPPORTUNITY FOR CROSS - EXAMINATION; REJECTING
21  THE COURT'S EARLIER ANALYSIS IN OHIO V. ROBERTS (1980)
22  448 U.S. 56, 100 S. CT. 2531, 65 L. Ed 597 TEXT P. 769.
23  DISCOVERY RULES ARE APPLIED LIBERALLY IN FAVOR
24  OF DISCOVERY, AND CONTRARY TO POPULAR BELIEF, FISHING
25  EXPEDITIONS ARE PERMISSIBLE IN SOME CASES. CRUZ
26  V. SUPERIOR COURT, 17 CAL. RPTR. 3d 368 (CAL. APP. 4TH DIST. 2004)
27  SEE CODE CIV. PROC. § 2024.060.
28  TRUMPED UP CHARGES - STEVEN G. MASON, 6 FLA. DEFENDER 34 (WINTER 1994)

5

MR. E. W. BURTON # F02780
P.O. BOX 5276 C-SATF/SCP/19L
COR CORAN, CA 93212
IN PRO PER

1  IN APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000), OR RING V. ARIZONA

2  536 U.S. 584, 70 U.S. L.W. 4666 (2000) SUGGEST SENTENCER IN SUCH SYSTEM MUST FIND

3  ANY AGGRAVATING FACTOR TRUE BEYOND REASONABLE DOUBT. (BY EACH JUROR)

4  ADMIN. LAW JUDGES WRITTEN DECISION DENYING MINOR'S BENIFIT FOR CHILDHOOD ASTHMA

5  UNDER SUPPLEMENTAL SECURITY INSURANCE (SSI)

6  PROGRAM FAILED TO IDENTIFY WHAT EVIDENCE OR

7  INFERENCE JUSTIFIED DETERMINATION THAT MINOR'S

8  ASTHMA WAS NOT SEVERE ENOUGH TO MEET, MEDICAL

9  LISTING FOR CHILDHOOD ASTHMA, AND THUS, REMAND

10  WAS REQUIRED FOR EXPLANATION OF FINDINGS.

11  BROWN ex rel. McCURDY V. APFEL, C.A. 4 (N.C.) 2001; 11

12  FED. APPX. 58, 2001 WL 305834, UNREPORTED.

13  SOCIAL SECURITY AND PUBLIC WELFARE ☞ 149.

14  REASONABLE DOUBT FOR A RATIONAL TRIER OF FACT.

15  SEE JACKSON V. VIRGINIA (1979) 443 U.S. 307, 318-19 [90 S.CT. 2781;

16  61 L. Ed. 2d 560].

17  THE FIFTH AMENDMENT GUARANTEES A CRIMINAL

18  DEFENDANT THE RIGHT TO STAND TRIAL ONLY ON

19  CHARGES MADE BY A GRAND JURY IN IT'S INDICTMENT.

20  U.S. CA. CONST. AMEND. 5. U.S. V. ADAMSON, 291 F.3d 606

21  (9TH CIR. 2002)

22  THE BURDEN OF PROOF IS ON THE STATE TO SHOW THAT

23  AN ERROR DID NOT SUBSTANTIALLY INFLUENCE THE

24  JURY'S DECISION AND DOUBT SHOULD BE RESOLVED

25  IN FAVOR OF THE PETITIONER. SEE O'NEAL V. McANINCH

26  (1995) 513 U.S. 432 [115 S.CT. 992; 130 L.Ed.2d 947,

27  STATES VIOLATION OF DUE PROCESS IN FAILING TO FOLLOW

28  IT'S OWN EVIDENTIARY RULES. ESTELLE V. McGUIRE (1991) 502 U.S. 62;

29  HICKS V. OKLAHOMA (1980) 447 U.S. 343, 100 S.CT. 2227

6

1. ARGUMENT
2. DISCOVERY IN CALIFORNA IS NOW GOVERNED BY CONSTITUTIONAL
3. AND STATUTORY ENACTMENT. ARTICLE I, SECTION 30 SUBDIVISION(C)
4. OF THE CALIFORNIA CONSTITUTION PROVIDES IN PART, AS PRESCRIBED
5. BY THE LEGISLATURE,
6. PROPOSITION 115 ALSO ADDED A CHAPTER TO THE PENAL CODE
7. SETTING FORTH BOTH SUBSTANTIVE AND PROCEDURAL RULES
8. FOR DISCOVERY. ONE OF THE STATED PURPOSES OF THIS
9. CHAPTER IS, "OR AS MANDATED BY THE CONSTITUTION OF THE
10. UNITED STATES".
11. PENAL CODE SECTION 1054.1 SPECIFICALLY DEFINES THE
12. MATTERS THE DISTRICT ATTORNEY MUST DISCLOSE TO THE
13. DEFENDANT. THE PROSECUTOR'S OBLIGATION EXTENDS TO
14. MATERIAL KNOWN TO BE IN THE POSSESSION OF THE INVESTIGATING
15. AGENCY. (SEE In re LITTLEFIELD (1993) 5 CAL.4TH 122, 135-IN
16. POSSESSION INCLUDES MATERIAL REASONABLY ACCESSIBLE)
17. SEE U.S. V. AGURS (1976) 427 U.S. 97, 49 L.Ed.2d, 96 S.Ct. 2392. IN U.S.
18. V. AGURS THE SUPREME COURT STATED THAT FIFTH AND FOURTEENTH
19. AMENDMENT DUE PROCESS REQUIRE THAT THE SCOPE OF THE DUTY TO
20. DISCLOSE BE EXPANDED. UNDER AGURS THE PROSECUTOR HAS A
21. DUTY TO DISCLOSE ANY EVIDENCE WHICH IS OBVIOUSLY EXCULPATORY
22. IN NATURE. UNLIKE THE DUTY UNDER BRADY WHICH REQUIRES THAT ON
23. REQUEST EVIDENCE MUST BE DISCLOSED IF IT MIGHT AFFECT THE
24. OUTCOME OF THE TRIAL, UNDER AGURS THE DUTY TO DISCLOSE
25. UNREQUESTED MATERIAL ARISES IF THE EVIDENCE WOULD
26. CREATE A REASONABLE DOUBT OF GUILT. Id AT P. 112, IN GILES V. MARYLAND
27. 386 U.S. 66, 17 L.Ed.2d 737, 87 S.Ct. 793, CONFORMED TO 245 Md 342, 227
28. A2d 745, IN GILES, JUSTICE FORTAS STATED THE TEST FOR DISCLOSURE

1  SHOULD SIMPLY BE THE MATERIALITY OF THE INFORMATION
2  SOUGHT IN THE CASE AND ITS POSSIBLE USEFULNESS IN THE
3  PREPARATION OF THE DEFENSE, REGARDLESS OF ITS ULTIMATE
4  ADMISSIBILITY AT TRIAL, THE RELEVANT INQUIRY IS AN ESSENTIALLY
5  FACTUAL ONE TO DETERMINE WHETHER IN THE CIRCUMSTANCES
6  OF A PARTICULAR CASE THE INFORMATION SOUGHT, WHATEVER
7  IT'S CHARACTER, MAY BE MATERIAL AND HELPFUL TO THE PREPARATION
8  OF A DEFENSE, SEE BRADY V. MARYLAND (1963) 373 U.S. 82, 10 L.Ed.2d
9  215, 83 S.Ct. 1194. IN BRADY V. MARYLAND, THE U.S. SUPREME COURT
10 EMPHASIZED THAT THE DUE PROCESS CLAUSE OF THE CONSTITUTION
11 COMPELS DISCLOSURE OF INFORMATION IN THE POSSESSION OF THE
12 PROSECUTION IN SOME CIRCUMSTANCES, THE COURT STATED THAT
13 THE SUPPRESSION BY THE PROSECUTION OF EVIDENCE FAVORABLE
14 TO AN ACCUSED VIOLATES DUE PROCESS WHERE THE DEFENSE
15 REQUESTS THE INFORMATION AND WHERE THE EVIDENCE IS
16 MATERIAL EITHER TO GUILT OR TO PUNISHMENT, IRRESPECTIVE
17 OF THE GOOD OR BAD FAITH OF THE PROSECUTION", (6/25/07),
18 U.S.L.W. (VOL. 76, NO.9) 3085, 07-6 GIOVANELLI V. U.S - OBSTRUCTION OF
19 JUSTICE- ENDEAVORING THEORY (2d. CIR, 464 F 3d 346): OMNIBUS
20 CLAUSE OF FEDERAL OBSTRUCTION-OF-JUSTICE STATUTE, 18.USC.
21 §1503, WHICH COVERS ONE WHO, INTER ALIA, "CORRUPTLY...ENDEAVORS
22 TO INFLUENCE, OBSTRUCT, OR IMPEDE, THE DUE ADMINISTRATION
23 OF JUSTICE," APPLIES TO ACTIONS OF ORGANIZED CRIME
24 FIGURE IN OBTAINING DETAILED AND SENSITIVE INFORMATION
25 FROM GRAND JURY PROCEEDINGS THAT HE THEN PASSED
26 ALONG TO TARGETS OF INVESTIGATION, ALL OF WHICH HAD,
27 ACCORDING TO PROSECUTION'S CHARGE, "THE NATURAL AND PROBABLE
28 EFFECT OF INTERFERING WITH THE DUE ADMINISTRATION OF JUSTICE."

# ARGUMENT

ACCORDINGLY, THE APPROPRIATE TEST FOR PREDJUDICE FINDS IT ROOTS IN THE TEST FOR MATERIALITY OF EXCULPATORY INFORMATION NOT DISCLOSED TO THE DEFENSE BY THE PROSECUTION, U.S. V. AGURS, 427 U.S. AT 104, 112-113, 96 S.CT AT 2397, 2401-2402, AND IN THE TEST FOR MATERIALITY OF TESTIMONY MADE UNAVAILABLE TO THE DEFENSE BY GOVERNMENT DEPORTATION OF A WITNESS, U.S. V. VALENZUELA-BERNAL, SUPRA, 458 U.S. AT 872-874, 102 S.CT., AT 3449-3450.

SEE - ILLINOIS V. FISHER (2-23-04) CITE AS 124 S.CT. 1200 (2004) THE APPELLATE COURT REVERSED THE CONVICTION, HOLDING THAT THE DUE PROCESS CLAUSE REQUIRED DISMISSAL OF THE CHARGE RELYING ON THE ILLINOIS SUPREME COURT'S DECISION IN ILLINOIS V. NEWBERRY 166 ILL.2d, 310, 209 ILL. DEC. 748, 652 N.E.2d 288 (1995) THE APPELLATE COURT REASONED: WHERE EVIDENCE IS REQUESTED BY THE DEFENSE IN A DISCOVERY MOTION, THE STATE IS ON NOTICE THAT THE EVIDENCE MUST BE PRESERVED, AND THE DEFENSE IS NOT REQUIRED TO MAKE AN INDEPENDENT SHOWING THAT THE EVIDENCE HAS EXCULPATORY VALUE IN ORDER TO ESTABLISH A DUE PROCESS VIOLATION. IF THE STATE PROCEEDS TO DESTROY THE EVIDENCE APPROPRIATE SANCTIONS MAY BE IMPOSED EVEN IF THE DESTRUCTION IS INADVERTENT. NO SHOWING OF BAD FAITH IS NECESSARY[lll] AAA TO PET. FOR CERT. 12 (QUOTING NEWBERRY SUPRA, AT 317, 209 ILL. DEC. AT 752, 652 N.E.2d, AT 292) (CITATION OMITTED.

MR. E.W. BURTON # F02720
P.O. BOX 5248 C STATE PRISON
COR CORAN, CA. 93212
IN PRO PER.

# ARGUMENT

IN U.S. V. AGURS (1976) 427 U.S. 97 49 L. ED. 2d 342, 96 S.CT. 2392, THE SUPREME COURT STATED THAT THE SCOPE OF THE DUTY TO DISCLOSE ANY EVIDENCE WHICH IS OBVIOUSLY EXCULPATORY IN NATURE UNLIKE THE DUTY UNDER <u>BRADY</u> WHICH REQUIRES THAT ON REQUEST EVIDENCE MUST BE DISCLOSED IF IT MIGHT AFFECT THE OUTCOME OF THE TRIAL, UNDER <u>AGURS</u> THE DUTY TO DISCLOSE UNREQUESTED MATERIAL ARISES IF THE EVIDENCE WOULD CREATE A REASONABLE DOUBT OF GUILT (alleged) Id. AT A112. GILES V. MARYLAND, 386 U.S. 66, 17 L.ED. 2d 737, 87 S.CT. 793 CONFORMED TO 245 Md 342, 227 A 2d 745. IN GILES JUSTICE FORTAS STATED THE TEST FOR DISCLOSURE SHOULD SIMPLY BE THE MATERIALITY OF THE INFORMATION SOUGHT IN THE CASE AND IT'S POSSIBLE USEFULNESS IN THE PREPARATION OF THE DEFENSE, REGARDLESS OF IT'S ULTIMATE ADMISSIBILITY AT TRIAL, THE RELEVANT INQUIRY IS AN ESSENTIALLY FACTUAL ONE TO DETERMINE WHETHER IN THE CIRCUMSTANCES OF A PARTICULAR CASE THE INFORMATION SOUGHT, WHATEVER IT'S CHARACTER MAY BE MATERIAL AND HELPFUL TO THE PREPARATION OF A DEFENSE. IN —

BRADY V. MARYLAND, THE SUPREME COURT EMPHASIZED THAT THE DUE PROCESS CLAUSE OF THE CONSTITUTION COMPELS DISCLOSURE OF INFORMATION IN THE POSSESSION OF THE PROSECUTION IN SOME CIRCUMSTANCES. THE COURT STATED THAT SUPPRESSION BY THE PROSECUTION OF EVIDENCE FAVORABLE TO AN ACCUSED VIOLATES DUE PROCESS WHERE

MR. ERIC WILTON BURTON # F02720
P.O. BOX 5246 CS APP 137-1-119L
CORCORAN, CA. 93212   INPROPER

1. THE DEFENSE REQUEST THE INFORMATION AND WHERE
2. THE EVIDENCE IS EXPECTED TO PLAY A ROLE IN THE DEFENSE.
3. IN UNITED STATES V. AGURS (1976) 427 U.S. 97, THE SUPREME
4. COURT STATED THAT FIFTH AND FOURTEENTH AMENDMENT
5. DUE PROCESS REQUIRE THAT THE SCOPE OF THE DUTY
6. TO DISCLOSE BE EXPANDED.
7. SEE KILBOURN V. STATE, 9 CONN. 560, 563, 1833 WL 68
8. (1833) "NO PERSON OUT TO BE, OR CAN BE SUBJECTED
9. TO A CUMULATE PENALTY WITHOUT BEING CHARGED
10. WITH A CUMULATIVE PENALTY WITHOUT BEING
11. CHARGED WITH A CUMULATIVE OFFENCE". HINES V. STATE,
12. 26 GA. 614, 616, 1859 WL 2341 (1859) REVERSING
13. ENHANCED SENTENCE IMPOSED BY TRIAL JUDGE AND
14. EXPLAINING [THE QUESTION, WHETHER THE OFFENCE
15. WAS A SECOND ONE, OR NOT, WAS A QUESTION FOR
16. THE JURY... THE ALLEGATION [OF A PRIOR OFFENCE] IS
17. CERTAINLY ONE OF THE FIRST IMPORTANCE TO THE
18. ACCUSED, FOR IF IT IS TRUE, HE BECOMES SUBJECT
19. TO A GREATLY INCREASED PUNISHMENT"], AS
20. QUOTED IN APRENDI V. NEW JERSEY, 530 U.S. 466 (2000)
21. SEE WIGGINS V. SMITH (2003) 539 U.S. 510, 123 S.CT.
22. 2527, 2536, 156 L.Ed. 2d 471, 486 [FAILURE BY DEFENSE
23. COUNSEL TO INVESTIGATE AND DISCOVER AND PRESENT
24. ADMISSIBLE EVIDENCE IN MITIGATION OF PENALTY WAS
25. PREDJUDICIAL]. IN UNITED STATES V. CRONIC (1984) 466 U.S. 648, 104
26. S.CT. 2039, 80 L.Ed. 2d 657, DEFENDANT'S POSITION WAS NOT THAT
27. COUNSEL FAILED TO OPPOSE THE PROSECUTION THROUGHOUT THE
28. SENTENCING PROCEEDING BUT THAT COUNSEL FAILED TO DO SO AT SPECIFIC
29. POINTS (122 S.CT. 1851, 152 L.Ed. 2d 928.

11

MR. E. W. BURTON #F03720
P.O. BOX 5248-CSATF/SP-CTI-117L
CORCORAN, CA. 93212
IN PROPER

ARGUMENT.

AS QUOTED IN ILLINOIS V, FISHER (2-23-04) CITE AS 124 S.CT. 1200 (2004)
THE APPELLATE COURT OBSERVED THAT NEWBERRY
DISTINQUISHED OUR DECISION IN YOUNGBLOOD ON THE
GROUND THAT THE POLICE IN YOUNGBLOOD DID NOT DESTROY
EVIDENCE SUBSEQUENT TO A DISCOVERY MOTION BY THE
DEFENDANT. APP. TO PET. FOR CERT 13.
    CONSEQUENTLY, THE COURT CONCLUDED THAT RESPONDENT
"WAS DENIED DUE PROCESS WHEN HE WAS TRIED
SUBSEQUENT TO THE DESTRUCTION OF THE ALLEGED
COCAINE". APP. TO PET. FOR CERT 16. THE ILLINOIS SUPREME
COURT DENIED LEAVE TO APPEAL.
THE FOURTH PRONG OF THE SPEEDY TRIAL BALANCING TEST WAS
MODIFIED BY DOGGETT V. UNITED STATES, WHICH RECOGNIZED
THE POSSIBILITY THAT SOME DELAYS MAY BE FOUND TO BE
PRESUMPTIVELY PREDJUDICIAL TO A DEFENDANT. THE COURT
REASONED THAT EXCESSIVE DELAY CAN COMPROMISE THE
RELIABILITY OF A TRIAL IN UNIDENTIFIABLE AND NOT EASILY
SUBSTANTIATED WAYS, IN CASES OF EXTREME DELAY, THE
BURDEN NOW RESTS WITH THE STATE TO PROVE THE DELAY
HAS NOT CAUSED ANY PREDJUDICE TO THE DEFENDANT,
SEE DOGGETT V. UNITED STATES (1992) 505 U.S. 647, 657 [112 S.CT,
2686; 120 L.ed. 2d 520]. GENERALLY, THE LONGER THE DELAY
AND THE MORE ACTUAL PREDJUDICE A DEFENDANT CAN SHOW,
THE BETTER THE CHANCES OF SUCCESS. AS FOR THE REASON FOR
THE DELAY, ANY DELIBERATE DELAY ON THE PART OF THE STATE
(BARKER V. WINGO (1972) 407 U.S. 514, 531 [192 S.CT. 2182, 33 L.Ed. 2d 101]
OR ANY DELAY DUE TO THE STATE'S NEGLIGENCE (CHAUNCEY V. SECOND
JUDICIAL DISTRICT COURT (9TH CIR. 1973) 474 F.2d 1238, WILL BE WEIGHED AGAINST
THE STATE.                                    12

MR. E.W. BURTON #F02720
P.O. BOX 5246
CORCORAN, CA, 93212
IN PRO PER

Case 3:08-cv-00325-LAB-POR    Document 21    Filed 06/20/2008    Page 34 of 67
CSATF/SP. C1-119L

1   SEE U.S. V. AGURS (1976) 427 U.S. 97, 96 S.CT. 2392, IN U.S.V. AGURS THE SUPREME COURT

2   STATED THAT FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS REQUIRE THAT THE

3   SCOPE OF THE DUTY TO DISCLOSE BE EXPANDED, UNDER AGURS THE

4   PROSECUTOR HAS A DUTY TO DISCLOSE ANY EVIDENCE WHICH IS OBVIOUSLY EXCUL-

5   PATORY IN NATURE. SEE U.S. V. VALENZUELA-BERNAL, 458 U.S. 858,

6   102 S.CT. 3440 (U.S. CAL. 1982), DEFENDANT WAS CONVICTED IN THE

7   UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF

8   CALIFORNIA OF TRANSPORTING AN ILLEGAL ALIEN AND HE

9   APPEALED, THE COURT OF APPEALS FOR THE NINTH CIRCUIT,

10  647 F.2d 72, REVERSED THE COURT OF APPEALS REVERSED THE

11  CONVICTION, THE COURT RELIED UPON THE RULE, FIRST STATED IN

12  UNITED STATES V. MENDEZ-RODRIGUEZ, 450 F.2d 1 (CA9 1971), THAT

13  THE GOVERNMENT VIOLATES THE FIFTH AND SIXTH AMENDMENTS

14  WHEN IT DEPORTS ALIEN WITNESSES BEFORE DEFENSE COUNSEL

15  HAS AN OPPORTUNITY TO INTERVIEW THEM, 647 F.2d 72, 73-75 (1981).

16  ALTHOUGH IT STATED THAT A CONSTITUTIONAL VIOLATION OCCURS

17  ONLY WHEN "THE ALIENS TESTIMONY COULD CONCEIVABLY

18  BENEFIT THE DEFENDANT." "THE DEPORTED ALIENS WERE EYEWITNESSES

19  TO, AND ACTIVE PARTICIPANTS IN, THE CRIME CHARGED, THUS

20  ESTABLISHING A STRONG POSSIBILITY THAT THEY COULD HAVE

21  PROVIDED MATERIAL AND RELEVANT INFORMATION CONCERNING

22  THE EVENTS CONSTITUTING THE CRIME" Id., AT 75. ACCORDINGLY,

23  THE COURT OF APPEALS HELD THAT RESPONDENT'S MOTION TO

24  DISMISS THE INDICTMENT SHOULD HAVE BEEN GRANTED BY THE

25  DISTRICT COURT, RESPONDENT MOVED IN THE DISTRICT COURT TO

26  DISMISS THE INDICTMENT, CLAIMING THAT THE GOVERNMENT'S

27  DEPORTATION OF THE TWO PASSENGERS OTHER THAN ROMERO-MORALES

28  VIOLATED HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS OF LAW AND

1   HIS SIXTH AMENDMENT RIGHT TO COMPULSORY PROCESS FOR
2   OBTAINING FAVORABLE WITNESSES. HE CLAIMED THAT THE
3   DEPORTATION HAD DEPRIVED HIM OF THE OPPORTUNITY TO INTERVIEW
4   THE TWO REMAINING PASSENGERS TO DETERMINE   WHETHER
5   THEY COULD AID IN HIS DEFENSE. ALTHOUGH HE HAD BEEN IN THEIR
6   PRESENCE THROUGHOUT THE ALLEGEDLY CRIMINAL ACTIVITY,
7   RESPONDENT MADE NO ATTEMPT TO EXPLAIN HOW THE DEPORTED
8   PASSENGERS COULD ASSIST HIM IN PROVING THAT HE DID NOT
9   KNOW THAT ROMERO-MORALES WAS AN ILLEGAL ALIEN WHO
10  HAD LAST ENTERED THE UNITED STATES WITHIN THE
11  PRECEDING THREE YEARS.
12  "[T]HE PROSECUTION MAY NOT DENY ACCESS TO A WITNESS BY
13  HIDING [458 U.S. 866] HIM OUT. SEE FREEMAN V. STATE OF GEORGIA,
14  599 F.2d 65 (5TH CIR. 1979) (POLICE DETECTIVE CONCEALED
15  LOCATION OF '3446 WITNESS)." III VIEWING THE GOVERNMENT'S
16  CONDUCT IN THIS LIGHT, WE TURN TO THE EVALUATION OF THE
17  COURT OF APPEALS' "CONCEIVABLE BENEFIT TEST, THERE SEEMS
18  TO US TO BE LITTLE DOUBT THAT THIS TEST IS A VIRTUAL
19  "PER SE" RULE WHICH REQUIRES LITTLE IF ANY SHOWING ON
20  THE PART OF THE ACCUSED DEFENDANT THAT THE TESTIMONY
21  OF THE ABSENT WITNESS WOULD HAVE BEEN FAVORABLE
22  OR MATERIAL, '"IF EVERYTHING THAT MIGHT INFLUENCE A
23  JURY MUST BE DISCLOSED, THE ONLY WAY A PROSECUTOR COULD
24  DISCHARGE HIS CONSTITUTIONAL DUTY WOULD BE TO ALLOW
25  COMPLETE DISCOVERY OF HIS FILES AS A MATTER OF ROUTINE
26  PRACTICE" UNITED STATES V. AGURS, 427 U.S. 97, 109, 96 S.CT. 2392,
27  2409 49 L.ED. 2d 342 (1976).
28

2    14

MR E. W. BURTON #F02720
P.O. BOX 5246-C1-119L
CORCORAN, CA, 93212
IN PRO PER

1  ONE OF THE FOUR FACTORS IDENTIFIED BY THE COURT, AND A

2  FACTOR MORE FULLY DISCUSSED IN U.S. V. MAC DONALD, 435 U.S. 850,

3  858-859, 98 S. Ct. 1547, 1551-52, 56 L.Ed. 2d 18 (1978), WAS

4  WHETHER THERE HAD BEEN ANY "PREDJUDICE TO THE DEFENDANT

5  FROM THE DELAY." Id, AT 858, 98 S. Ct, at 1551, ALTHOUGH THE

6  COURT RECOGNIZED THAT PREJUDICE MAY TAKE THE FORM

7  OF " 'OPPRESSIVE PRETRIAL INCARCERATION'" OR " 'ANXIETY AND

8  CONCERN OF THE ACCUSED,'" THE "'MOST SERIOUS'" CONSIDERA-

9  TION, ANALOGOUS TO CONSIDERATIONS IN THIS CASE, WAS

10  IMPAIRMENT OF THE ABILITY TO MOUNT A DEFENSE, SEE

11  IBID. ( QUOTING BARKO V. WINGO, SUPRA, AT 532, 92 S. Ct. AT

12  2193), THUS, OTHER INTEREST PROTECTED BY THE SIXTH

13  AMENDMENT LOOK TO THE DEGREE OF PREJUDICE INCURRED

14  BY A DEFENDANT '3448 AS A RESULT OF GOVERNMENTAL

15  ACTION OR INACTION,

16  THE INFORMER WAS THE ONLY WITNESS IN A POSITION TO

17  AMPLIFY OR CONTRADICT THE TESTIMONY OF GOVERNMENT

18  WITNESSES, MOREOVER, A GOVERNMENT WITNESS TESTIFIED

19  THAT [THE INFORMER] DENIED KNOWING PETITIONER OR EVER

20  HAVING SEEN HIM BEFORE. WE CONCLUDE THAT, UNDER

21  THESE CIRCUMSTANCES, THE TRIAL COURT COMMITTED

22  PREJUDICIAL ERROR IN PERMITTING THE GOVERNMENT TO

23  WITHHOLD THE IDENTITY OF ITS UNDERCOVER EMPLOYEE

24  IN THE FACE OF REPEATED [458 U.S. 871] DEMANDS BY THE

25  ACCUSED FOR HIS DISCLOSURE." 353 U.S., AT 64-65, 77 S. Ct,

26  AT 630.

27  "THE RIGHT TO OFFER THE TESTIMONY OF WITNESSES, AND TO

28  COMPEL THEIR ATTENDANCE, IF NECESSARY, IS IN PLAIN TERMS

15

MR. E.W. BURTON #T08728
P.O. BOX 5246-CSATF/SA-CI-119L
CORCORAN, CA. 93212
  IN PRO PER

1  THE RIGHT TO PRESENT A DEFENSE, THE RIGHT TO PRESENT THE
2  DEFENDANT'S VERSION OF THE FACTS AS WELL AS THE
3  PROSECUTION'S TO THE JURY SO IT MAY DECIDE WHERE THE TRUTH
4  LIES." WASHINGTON V. TEXAS, 388 U.S. 14, 19, 87 S.CT. 1920, 1923, 18 L.
5  Ed. 2d 1019 (1967). IN SHORT, THE RIGHT TO COMPULSORY PROCESS
6  IS ESSENTIAL TO A FAIR TRIAL.; SINCE THE GOVERNMENT WHICH
7  PROSECUTES AN ACCUSED ALSO HAS THE DUTY TO SEE THAT
8  JUSTICE IS DONE, IT IS UNCONSCIONABLE TO ALLOW IT TO
9  UNDERTAKE PROSECUTION AND THEN INVOKE IT'S GOVERNMENTAL
10 PRIVILEGES TO DEPRIVE THE ACCUSED OF ANYTHING WHICH
11 MIGHT BE MATERIAL TO HIS DEFENSE ...,'" Id., At 671, 77 S.
12 Ct., AT 1014-15, QUOTING U.S. V. REYNOLDS, 345 U.S. 1, 12, 73 S.Ct. 528,
13 534, 97 L.Ed. 727 (1953), WE ALSO QUOTED (JUSTICE BRENNAN, WITH WHOM
14 JUSTICE MARSHALL JOINS, DISSENTING.) WITH APPROVAL FROM THE
15 OPINION OF THE COURT OF APPEALS FOR THE SECOND CIRCUIT IN U.S.
16 V. ANDOLSCHEK, 142 F.2d 503 (1944) IN WHICH JUDGE LEARNED HAND
17 SAID:" WHILE WE MUST ACCEPT IT AS LAWFUL FOR A DEPARTMENT
18 OF THE GOVERNMENT TO SUPPRESS DOCUMENTS, EVEN WHEN
19 THEY WILL HELP DETERMINE CONTROVERSIES BETWEEN THIRD
20 PERSONS, WE CANNOT AGREE THAT THIS SHOULD INCLUDE
21 THEIR SUPPRESSION IN A CRIMINAL PROSECUTION, FOUNDED
22 UPON THOSE VERY DEALINGS TO WHICH THE DOCUMENTS RELATE,
23 AND WHOSE CRIMINALITY THEY WILL, OR MAY TEND TO EXCULPATE.
24 SO FAR AS THEY DIRECTLY TOUCH THE CRIMINAL DEALINGS,
25 THE PROSECUTION NECESSARILY ENDS ANY CONFIDENTIAL
26 CHARACTER THE DOCUMENTS [458 U.S. 882] MAY POSSESS;
27 IT MUST BE CONDUCTED IN THE OPEN, AND WILL LAY BARE
28 THEIR SUBJECT MATTER. THE GOVERNMENT MUST CHOOSE;

16

MR. E. W. BARTON #F02720
P.O. BOX 5246—CSATF/SA-CI—119L
CORCORAN, CA. 93212
IN PROPER

1. EITHER IT MUST LEAVE THE TRANSACTIONS IN THE OBSCURITY
2. FROM WHICH A TRIAL WILL DRAW THEM, OR IT MUST EXPOSE
3. THEM FULLY." Id., at 506 (FN1). ROVIARO V. U.S., 353 U.S. 53, 77 S.Ct.,
4. 623, 1 L.Ed.2d 639 (1957), DENIED THE GOVERNMENT'S CLAIMED PRIVILEGE
5. TO WITHHOLD THE IDENTITY OF IT'S INFORMER, "JOHN DOE," FROM THE
6. PETITIONER. RATHER, THE COURT IN ROVIARO REQUIRED DISCLOSURE
7. SIMPLY BECAUSE JOHN DOE'S TESTIMONY "MIGHT HAVE BEEN
8. HELPFUL TO THE DEFENSE" 353 U.S., AT 63-64, 77 S.Ct., AT 629
9. (EMPHASIS ADDED). "DOE HAD HELPED TO SET UP THE CRIMINAL
10. OCCURRENCE AND HAD PLAYED A PROMINENT PART IN IT. HIS
11. TESTIMONY MIGHT HAVE DISCLOSED AN ENTRAPMENT. HE
12. MIGHT HAVE THROWN DOUBT UPON PETITIONER'S IDENTITY
13. OR THE IDENTITY OF THE PACKAGE [OF HEROIN]. THE
14. DESIRABILITY OF CALLING JOHN DOE AS A WITNESS, OR
15. AT LEAST INTERVIEWING HIM IN PREPARATION FOR TRIAL,
16. WAS A MATTER FOR THE ACCUSED RATHER THAN THE
17. GOVERNMENT TO DECIDE." Id., at 64, 77 S.Ct., AT 629,
18. (EMPHASIS ADDED). LIKE DOE IN ROVIARO, THE ILLEGAL
19. ALIENS DEPORTED BY THE GOVERNMENT IN THE PRESENT
20. CASE "PLAYED A PROMINENT PART" IN RESPONDENT'S
21. ALLEGED OFFENSE -- IF, INDEED, THEY DID NOT HELP TO
22. SET IT UP WITHOUT THE KNOWLEDGE OF RESPONDENT.
23. AND THEY, LIKE DOE, MIGHT HAVE TESTIFIED TO RESPONDENT'S
24. "POSSIBLE LACK OF KNOWLEDGE" RESPECTING ESSENTIAL
25. ELEMENTS OF THE CRIME CHARGED AGAINST HIM (FN4)
26. UNDER ROVIARO, RESPONDENT, NOT THE [458 U.S. 885] GOVERNMENT
27. WAS ENTITLED TO DECIDE WHETHER OR NOT THE ILLEGAL ALIEN
28. EYEWITNESSES IN THIS CASE COULD GIVE TESTIMONY MATERIAL AND RELEVANT

P.O. BOX 5246-CSATF/SP-C1-119L
COR CORAN, CA. 93212
IN PRO PER.

1  TO THE DEFENSE, AS DESCRIBED BY THE COURT OF APPEALS
2  (9TH CIR), THE "CONCEIVABLE BENEFIT TEST" IMPOSE[S] NO
3  REQUIREMENT OF GOVERNMENT MISCONDUCT OR NEGLIGENCE
4  BEFORE DISMISSAL OF AN INDICTMENT IS WARRANTED, NOR IS
5  A DEFENDANT REQUIRED TO SHOW SPECIFIC PREDJUDICE
6  CAUSED BY THE UNAVAILABILITY OF THE ALIEN EYE WITNESSES'
7  OTHER COURTS OF APPEALS HAVE RECOGNIZED THE NINTH
8  CIRCUIT RULE AS REQUIRING NO SHOWING OF PREJUDICE,
9  U.S. V. CALZADA, 579 F.2d, AT 1362, AND AS PERMITTING
10  DISMISSAL OF THE INDICTMENT EVEN WHEN THE "RECORD
11  IS COMPLETELY DEVOID OF ANYTHING WHICH WOULD
12  SUGGEST THAT THE TESTIMONY OF ANY ONE, OR MORE
13  OF THE DEPORTED PERSONS WOULD HAVE BEEN HELPFUL
14  TO THE DEFENDANTS". U.S. V. AVILA-DOMINGUEZ SUPRA, 610
15  F.2d, AT 1269-1270 (QUOTING U.S. V. MENDEZ-RODRIGUEZ, 450
16  F.2d 1, 6 (CA9 1971) KILKENNY, J DISSENTING)).
17  SEE U.S. V. BURR, 25 F. CAS. 187 (NO. 14,694) (C.C.D.VA, 1807)
18  IN BURR, CHIEF JUSTICE MARSHALL FOUND IT UNREASONABLE TO
19  REQUIRE AARON BURR TO EXPLAIN THE RELEVANCY OF GENERAL
20  WILKINSON'S LETTER TO PRESIDENT JEFFERSON, UPON WHICH
21  THE PRESIDENT'S ALLEGATIONS OF TREASON WERE BASED PRE-
22  CISELY BECAUSE BURR HAD NEVER READ THE LETTER AND WAS
23  UNAWARE OF ITS CONTENTS. SEE ILLINOIS V. FISHER, 540 US,
24  544, 124 S. CT. 1202 (U.S. 2004) WE HAVE HELD THAT WHEN THE STATE
25  SUPPRESSES OR FAILS TO DISCLOSE MATERIAL EXCULPATORY EVIDENCE,
26  THE GOOD OR BAD FAITH OF THE PROSECUTION IS IRRELEVANT;
27  A DUE PROCESS VIOLATION OCCURS WHENEVER SUCH EVIDENCE IS
28  WITHHELD. SEE BRADY V. MARYLAND, 373 US, 83, 83 S. CT. 1194, 10 L. Ed 2d

P.O. BOX 5246 - CSATF/SP-C1-119L
CORCORAN, CA. 93212
IN PRO PER$

1  215 (1963), U.S. V. AGURS, 427 U.S. 97, 96 S.CT. 2392, 49 L.ed.2d

2  342 (1976).

3  SEE U.S. V. VALENZUELA-BERNAL, 458 U.S. 858, 102 S.CT. 3440, (U.S.

4  CAL 1982) (FN1) RESPONDENT WAS FOUND GUILTY *3443 AFTER A

5  BENCH TRIAL, BUT HIS CONVICTION WAS OVER TURNED BY THE UNITED STATES

6  COURT OF APPEALS FOR THE NINTH CIRCUIT, THAT COURT HELD THAT

7  THE ACTION OF THE GOVERNMENT IN DEPORTING TWO ALIENS OTHER

8  THAN ROMERO-MORALES VIOLATED RESPONDENT'S RIGHT UNDER THE

9  SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION TO COMPULSORY

10  PROCESS, AND HIS RIGHT UNDER THE FIFTH AMENDMENT TO DUE PROCESS

11  OF LAW. THE COURT OF APPEALS REVERSED THE CONVICTION, THE

12  COURT RELIED UPON THE RULE, FIRST STATED IN UNITED STATES V.

13  MENDEZ-RODRIGUEZ, 450 F.2d 1 (CA9 1971), THAT THE GOVERNMENT

14  VIOLATES THE FIFTH AND SIXTH AMENDMENTS WHEN IT DEPORTS

15  ALIEN WITNESSES BEFORE DEFENSE COUNSEL HAS AN OPPORTUNITY

16  TO INTERVIEW THEM, 647 F.2d 72, 73-75 (1981). ALTHOUGH IT STATED

17  THAT A CONSTITUTIONAL VIOLATION OCCURS ONLY WHEN "THE ALIENS

18  TESTIMONY COULD CONCEIVABLY BENIFIT THE DEFENDANT," id, AT 74,

19  THE COURT'S APPLICATION OF THE "CONCEIVABLE BENEFIT" TEST

20  DEMONSTRATED THAT THE TEST WILL BE SATISFIED WHENEVER

21  THE DEPORTED ALIENS WERE EYEWITNESSES TO THE CRIME. (FN4)

22  RESPONDENT'S [458 U.S. 863] FAILURE TO EXPLAIN WHAT BENIFICIAL

23  EVIDENCE WOULD HAVE BEEN PROVIDED BY THE TWO PASSENGERS WAS

24  THUS INAPPOSITE, FOR "THE DEPORTED ALIENS WERE EYEWITNESSES TO,

25  AND ACTIVE PARTICIPANTS IN, THE CRIME CHARGED, THUS ESTABLISHING A

26  STRONG POSSIBILITY THAT THEY COULD HAVE PROVIDED MATERIAL AND RELEVANT

27  INFORMATION CONCERNING THE EVENTS CONSTITUTING THE CRIME." Id, AT 75,

28  ACCORDINGLY, THE COURT OF APPEALS HELD THAT RESPONDENTS MOTION TO DISMISS

1  THE INDICTMENT SHOULD HAVE BEEN GRANTED BY THE DISTRICT

2  COURT.

3  IN UNITED STATES V. MARION, 404 U.S. 307, 9 2 S. CT. 455, 30 L.ed. 2d 468

4  (1971), FOR EXAMPLE, THE COURT HELD THAT PRE-INDICTMENT

5  DELAY CLAIMS WERE GOVERNED BY THE DUE PROCESS CLAUSE

6  OF THE FIFTH AMENDMENT, NOT BY THE SPEEDY-TRIAL GUARANTEE

7  OF THE SIXTH AMENDMENT.

8  BUT WHEN THE EXECUTIVE BRANCH CHOOSES TO PROSECUTE A

9  VIOLATION OF FEDERAL LAW, IT INCURS A CONSTITUTIONAL RESANSIBILITY

10  MANIFESTLY SUPERIOR TO IT'S OTHER DUTIES; NAMELY, THE RESANSIBILITY

11  [458 U.S. 88] TO ENSURE THAT THE ACCUSED RECEIVES THE DUE

12  PROCESS OF LAW. THE GOVERNMENT SIMPLY CANNOT BE HEARD TO

13  ARGUE THAT THE CRIMINAL DEFENDANT'S RIGHTS MAY BE INFRINGED

14  BECAUSE OF THE EXECUTIVE BRANCH'S "OTHER RESPONSIBILITIES."

15  GIVEN THE VAST AND MANIFOLD CHARACTER OF THOSE RESANSIBILITIES,

16  TO ACCEPT SUCH AN ARGUMENT WOULD BE TO ACCEDE TO THE

17  RAPID EVISCERATION OF THE CONSTITUTIONAL RIGHTS OF THE

18  ACCUSED., THE COURT RECOGNIZES RESPONDENT'S CONSTITUTIONAL

19  RIGHT, UNDER THE COMPULSORY PROCESS CLAUSE OF THE SIXTH

20  AMENDMENT, TO THE PRODUCTION OF ALL WITNESSES WHOSE TESTIMONY

21  WOULD BE RELEVANT AND MATERIAL TO HIS DEFENSE. ANTE, AT 3446-

22  3448. [458 U.S. 880]

**ARGUMENT**

THE PRESUMATION THAT THE STATE COURT DETERMINATIONS
OF FACT ARE CORRECT MAY BE RUBUTTED
WITH ARGUMENTS THAT THE STATE COURT DID NOT
PROPERLY DETERMINE THE FACTS BECAUSE
THE PETITIONER WAS PREVENTED FROM PRESENTING
EVIDENCE OR HAD INSUFFICIENT OPPORTUNITY TO
BE HEARD ON THE MERITS OF THE FACTUAL
DISPUTE, SEE JONES V. WOOD (9TH CIR. 1997) 114 F.3d
1002; AND THE FACTS UNDERLYING THE CLAIM
WOULD BE SUFFICIENT TO ESTABLISH BY CLEAR
AND CONVINCING EVIDENCE THAT BUT FOR
CONSTITUTIONAL ERROR NO REASONABLE FACTFINDER
WOULD HAVE FOUND THE PETITIONER GUILTY. SEE
28 U.S.C. § 2254(e)(2); WILLIAMS V. TAYLOR (2000) — US.
— [120 S. CT 1479; 146 L. Ed 435].

IN ADEQUATE DEFERENCE TO A STATE COURT FINDING
SEE SUMNER V. MATA (1983) 464 U.S. 957 [104 S.CT. 386.

IN LIGHT OF CUNNINGHAM V. CALIFORNIA, 75 U.S.L.W.
4078 (U.S. 2007)

THEREFORE, FAA NOTICE THAT SUBJECTED GUIDE PILOTS
TO SUCH REGULATIONS WITHOUT NOTICE AND OPPORTUNITY
FOR COMMENT WAS INVALID UNDER ADMINISTRATIVE
PROCEDURE ACT (APA). ALASKA PROFESSIONAL HUNTER'S
ASS'N, INC. V. F.A.A, C.A.D.C. 1999. 177 F.3d 1030, 336
U.S. APP D.C. 197

ACCUSATIONAL DELAY-TO GAIN UNFAIR TACTICAL ADVANTAGE
OVER DEFENDANT·SEE· SPEEDY TRIAL VIOLATION BARKER V. WINGO 407 U.S. 514 (1972)

P.O. BOX 5246 - CSATF/SP-C1-119L
CORCORAN, CA. 93212
    IN PRO PER.

1   ARGUMENT: INEFFECTIVE ASSISTANCE OF APPEALS COUNSEL ON DIRECT REVIEW

2   TO BRING FORTH, THE 14TH U.S. CONST. AMEND. SEARCH AND SEIZURE CLAIMS AND U.S.,

3   INSUFFICIENCY OF EVIDENCE, SEE, KIMMELMAN V. MORRISON (1986) 477 U.S. 365 [106 S.CT. 2574]

4   SEE U.S. V CHADWICK, 433 U.S., AT 15, 97 S.C.t., AT 2485 (SEARCH OF

5   FOOTLOCKER "CONDUCTED MORE THAN AN HOUR AFTER FEDERAL AGENTS

6   HAD GAINED EXCLUSIVE CONTROL OF THE FOOTLOCKER AND LONG

7   AFTER RESPONDENTS WERE SECURELY IN CUSTODY" NOT INCIDENT TO

8   ARREST); COOLIDGE V. NEW HAMPSHIRE, 403 U.S., AT 456-457, AND N.11,

9   91 S.CT., AT 2032-33, AND N.11 (SEARCH OF CAR IN DRIVEWAY NOT INCIDENT

10  TO ARREST IN HOUSE)." ONCE AN ACCUSED IS UNDER ARREST AND IN CUSTODY

11  THEN A SEACH MADE AT ANOTHER PLACE, WITHOUT A WARRANT, IS SIMPLY

12  NOT INCIDENT TO THE ARREST." CHAMBERS V. MARONEY, 399 U.S. 42, 47, 90

13  S.CT. 1975, 1979, 26 L.Ed.2d 419 (1970), QUOTING PRESTON V. U.S., 376 U.S.,

14  AT 367, 84 S.CT., AT 883.; AS WE NOTED IN GO-BART IMPORTING CO. V.

15  U.S., 282 U.S. 344, 357 51 S.Ct. 153, 158, 75 L.Ed. 374 (1931). "THERE IS

16  NO FORMULA FOR THE DETERMINATION OF REASONABLENESS, EACH

17  CASE IS TO BE DECIDED ON ITS OWN FACTS AND CIRCUMSTANCES,";

18  N.Y. V. BELTON, 453 U.S. 454, 101 S.Ct. 2860 (U.S.N.Y. 1981) (FNS) IT SEEMS

19  TO HAVE BEEN THE THEORY OF THE COURT OF APPEALS THAT THE SEARCH

20  AND SEIZURE IN THE PRESENT CASE COULD NOT HAVE BEEN INCIDENT

21  TO THE RESPONDENT'S ARREST, BECAUSE TROOPER NICOT, BY THE VERY ACT

22  OF SEARCHING THE RESPONDENT'S JACKET AND SEIZING THE CONTENTS

23  OF IT'S POCKET, HAD GAINED "EXCLUSIVE CONTROL" OF THEM, SO N.Y.

24  2d 447, 451, 429 N.Y.S. 2d 574, 576, 407 N.E. 2d 420, 422, IN THE TRIAL

25  COURT HE MOVED THAT THE COCAINE THE TROOPER HAD SEIZED FROM THE

26  JACKET POCKET BE SUPPRESSED. THE COURT DENIED THE MOTION. BELTON THEN

27  PLEADED GUILTY TO A LESSOR INCLUDED OFFENSE, BUT PRESERVED HIS CLAIM

28  THAT THE COCAINE HAD BEEN SEIZED IN VIOLATION OF THE FOURTH AND FOURTEENTH

1  AMENDMENTS. SEE LEFKOWITZ V. NEWSOME, 420 U.S. 283, 95 S.CT. 886,
2  43 L.Ed. 2d 196, THE NEW YORK COURT OF APPEALS REVERSED, HOLDING THAT
3  "[A] WARRANTLESS SEARCH OF THE ZIPPERED POCKETS OF AN UNACCESS-
4  ABLE JACKET MAY NOT BE UPHELD AS A SEARCH INCIDENT TO A LAWFUL
5  ARREST WHERE THERE IS NO LONGER ANY DANGER THAT THE ARREST-
6  EE OR A CONFEDERATE MIGHT GAIN ACCESS TO THE ARTICLE." 50 N.Y. 2
7  d 447, 449, 429 N.Y.S. 2d 574, 575, 407 NE. 2d 420, 421. WE GRANTED
8  CERTIORARI TO CONSIDER THE CONSTITUTIONALLY PERMISSIBLE SCOPE
9  OF A SEARCH IN CIRCUMSTANCES SUCH AS THESE. 449 U.S. 1109,
10  101 S.CT. 917, 66 L.Ed. 2d 838. THE COURT'S OPINION IN CHIMEL
11  EMPHASIZED THE PRINCIPLE THAT, AS THE COURT HAD SAID IN TERRY V.
12  OHIO, 392 U.S. 1, 19, 88 S.CT. 1868, 1878, 20 L.Ed. 2d 889, "THE SCOPE
13  OF [A] SEARCH MUST BE 'STRICTLY TIED TO AND JUSTIFIED BY 'THE
14  CIRCUMSTANCES WHICH RENDERED ITS INITIATION PERMISSIBLE."
15  QUOTED IN CHIMEL V. CALIFORNIA, SUPRA, AT 762, 89 S.CT. AT 2039.
16  THE NEW YORK COURT OF APPEALS RELIED UPON U.S. V. CHADWICK, 433 U.S. 1,
17  97 S.CT 2476, 53 L.Ed. 2d 538 AND ARKANSAS *2865 V. SANDERS, 442 U.S.
18  753, 99 S.CT. 2586, 61 L.Ed. 2d 235. SEE U.S. V. ROBINSON, 414 U.S.
19  218, 94 S.CT. 467, 38 L.Ed. 2d 427 (1973), THE STATE HAS NOT ARGUED
20  THAT RESPONDENT'S SUITCASE WAS SEARCHED INCIDENT TO HIS
21  ARREST, AND IT APPEARS THAT THE BAG WAS NOT WITHIN HIS
22  'IMMEDIATE CONTROL' AT THE TIME OF THE SEARCH." 442 U.S., AT
23  764, N. 11, 99 S.CT., AT 2593, N.11.( THE SUITCASE IN QUESTION WAS
24  IN THE TRUNK OF THE TAXICAB. SEE N.4, SUPRA.) SEE ALSO MAPP
25  V. OHIO, 367 U.S. 643, 81 S.CT. 1684, 6 L.Ed. 2d 1081 (1961); U.S. V. EDWARDS,
26  415 U.S. 800, 810, 94 S.CT. 1234, 1240, 39 L.Ed. 2d 771 (1974) STEWART, J. DISSENTING)
27  (FN2) WHEN THE ARREST HAS BEEN [453 U.S. 466] CONSUMMATED AND THE
28  ARRESTEE SAFELY TAKEN INTO CUSTODY, THE JUSTIFICATIONS

MR. E. W. BURTON #F02720
P.O. BOX 5246 - CSATF/SP C1-119L
COR CORAN, CA, 93212
IN PRO PER

UNDERLYING CHIMEL'S LIMITED EXCEPTION TO THE WARRANT
REQUIREMENT CEASE TO APPLY: AT THAT POINT THERE IS NO
POSSIBILITY THAT THE ARRESTEE COULD REACH WEAPONS
OR CONTRABAND. SEE CHIMEL V. CALIFORNIA, SUPRA, AT 764, 89 S.
CT., AT 2040; PREDICATED ON THE FOURTH AMENDMENTS ESSENTIAL
PURPOSE OF "SHIELDING] THE CITIZEN FROM UN WARRANTED
INTRUSIONS INTO HIS PRIVACY," JONES V. UNITED STATES, SUPRA,
AT 498, 78 S. CT., AT 1256; VALE V. LOUISIANA, 399 U.S., AT 35,
90 S. CT., AT 1972 (AREA OF IMMEDIATE CONTROL DOES NOT
EXTEND TO INSIDE OF HOUSE WHEN SUSPECT IS ARRESTED
ON FRONT STEP); DYKE V. TAYLOR IMPLEMENT MFG. CO., 391
U.S., AT 220, 88 S. CT., AT 1474 SEARCH OF CAR AFTER
OCCUPANT PLACED IN CUSTODY AND TAKEN TO
COURTHOUSE NOT VALID AS INCIDENT TO ARREST).
IN ROBBINS V. CALIFORNIA, 453 U.S. 420, 101 S. CT. 2841, 69 L. ed. 2d
744, IT WAS HELD THAT A WRAPPED CONTAINER IN THE TRUNK
OF A CAR COULD NOT BE SEARCHED WITHOUT A WARRANT
EVEN THOUGH THE TRUNK IT SELF COULD BE SEARCHED WITHOUT
A WARRANT BECAUSE THERE WAS PROBABLE CAUSE TO
SEARCH THE CONTAINER AS WELL. THIS WAS BECAUSE OF
THE SEPARATE INTEREST IN PRIVACY WITH RESPECT TO THE
CONTAINER; FRUIT OF THE POISONOUS TREE! "THE ESSENCE
OF A PROVISION FORBIDDING THE ACQUISITION OF EVIDENCE
IN A CERTAIN WAY IS THAT NOT MERELY EVIDENCE SO ACQUIRED
SHALL NOT BE USED BEFORE THE COURT, BUT IT SHALL NOT
BE USED AT ALL". (SILVERTHONE LUMBER CO. V. U.S. (1920)
251 U.S. 385) NOT ONLY IS IT WELL ESTABLISHED THAT
EVIDENCE WHICH IS ILLEGALLY OBTAINED CANNOT BE USED

24

P.O. BOX 5246 - C SATF/SP-CT-119L
CORCORAN, CA. 93212
IN PROPER

1  (ANGELO V. U.S. (1925) 269 U.S. 20), BUT MAPP V. OHIO (1961)
2  367 U.S. 643 AND WONG-SUN V. UNITED STATES (1963) 371 US
3  471 INSTRUCT US THAT THE "FRUITS" RESULTING FROM
4  EVIDENCE SEIZED OR LEADS RESULTING FROM THE EVIDENCE
5  MUST ALSO BE EXCLUDED.
6  CA CAL 1997 PROXIMITY BETWEEN HOME AND AREA
7  PURPORTEDLY WITHIN CURTILAGE PROTECTED BY
8  FOURTH AMENDMENT IS NOT DETERMATIVE, AS THERE IS
9  NO FIXED DISTANCE AT WHICH CURTILAGE BEGINS
10  OR ENDS, U.S.C.A. AMEND 4. U.S. V. SOLIZ 129 F.3d 499.
11  CA CAL 1997 FOURTH AMENDMENT PROTECTS CURTILAGE
12  OF HOME AND EXTENT CURTILAGE IS DETERMIND BY
13  WHETHER INDIVIDUAL MAY REASONABLY EXPECT THAT
14  AREA IN QUESTION SHOULD BE TREATED AS HOME
15  ITSELF. U.S.C.A. CONST. AMEND 4. U.S. V. SOLIZ 129 F.3d 499.
16  POLICE OFFICER IS PERMITTED TO ARREST WITHOUT WARRANT
17  IF MISDEAMEANOR OR FELONY IS COMMITTED IN OFFICER'S
18  PRESENCE, HIGBEE V. CITY OF SAN DIEGO, CA. 911 F.2d 377
19  US CAL 1963 - EVIDENCE SEIZED DURING UNLAWFUL SEARCH CANNOT
20  CONSTITUTE PROOF AGAINST VICTIM OF SEARCH, AND EXCLUSIONARY
21  PROHIBITION EXTENDS TO INDIRECT AS WELL AS TO DIRECT
22  PRODUCTS OF SUCH INVASIONS, WONG SUN V. U.S. 83 S.CT. 407.
23  US CAL 1963 - VERBAL EVIDENCE WHICH DERIVES IMMEDIATELY
24  FROM UNLAWFUL ENTRY AND UNAUTHORIZED ARREST IS NO
25  LESS THE "FRUIT OF OFFICIAL ILLEGALITY THAN MORE COMMON
26  TANGIBLE FRUITS OF UNWARRANTED INTRUSION AND 4TH AMEND
27  MAY PROTECT AGAINST OVER HEARING OF VERBAL STATEMENT AS WELL
28  AS AGAINST MORE TRADITIONAL SEIZURE OF PAPERS AND EFFECTS

1 FED. RULES. CRIM. PROC. RULES 3,4,18 U.S.CA; US CONST AMEND
2 4, WONG SUN 83 S.CT. 407,
3 INFORMATION TOO VAGUE AND FROM UNTESTED SOURCE TO PERMIT
4 JUDICIAL OFFICER TO ACCEPT IT AS PROBABLE CAUSE, FOR
5 ARREST WARRANT IS INSUFFICIENT INFORMATION UPON
6 WHICH TO BASE ARREST WITHOUT WARRANT FED. RULES, CRIM,
7 PROC. RULES 3,4,18 USCA,; U.S.C.A. CONST. AMEND 4. WONG SUN
8 V. U.S. 83 S.CT. 407, (CA 9 CAL 2000) GOVERNMENT FAILED TO
9 SHOW THAT CONNECTION BETWEEN UNLAWFUL TRAFFIC STOP
10 AND SEARCH OF CAR WAS SUFFICIENTLY ATTENUATED TO
11 DISSIPATE THE TAINT CAUSED BY THE ILLEGALITY, AND
12 THUS COCAINE SEIZED IN SEARCH SHOULD HAVE BEEN
13 SUPPRESSED AS "FRUIT OF THE POISONOUS TREE". U.S. 4
14 AMEND T. U.S. V. FOPPE 993 F.2d 1444,
15 (CA CAL 2000) THERE IS NO GOOD-FAITH EXCEPTION TO
16 THE EXCLUSIONARY RULE FOR POLICE WHO DO NOT
17 ACT IN ACCORDANCE WITH GOVERNING LAW, U.S.C.A
18 CONST. AMEND T. 4, U.S. V. TWILLEY 232 F.3d 1092,
19 SEE KATZ V.U.S. 347, 88 S.CT.507,19 L.Ed.2d 576(1967), THE CRITICAL
20 FACT IN THIS CASE IS THAT "[O]NE WHO OCCUPIES IT[A TELEPHONE
21 BOOTH] SHUTS THE DOOR BEHIND HIM, AND PAYS THE TOLL
22 THAT PERMITS HIM TO PLACE A CALL, IS SURELY ENTITLED TO
23 ASSUME" THAT HIS CONVERSATION IS NOT BEING INTERCEPTED.
24 THE POINT IS NOT THAT THE BOOTH IS "ACCESSIBLE TO THE
25 PUBLIC" AT OTHER TIMES BUT THAT IT IS A TEMPORARY
26 PRIVATE PLACE WHOSE MOMENTARY OCCUPANT'S
27 EXPECTATIONS OF FREEDOM FROM INTRUSION ARE
28 RECOGNIZED AS REASONABLE.

26

1  ARREST 63.5 (9)

2  INVESTIGATIVE DETENTION MUST BE TEMPORARY AND LAST NO LONGER THAN IS

3  NECESSARY TO EFFECTUATE PURPOSE OF STOP, AND SIMILARLY, INVESTIGATIVE

4  METHODS EMPLOYED SHOULD BE THE LEAST INTRUSIVE MEANS REASONABLY

5  AVAILABLE TO VERIFY OR DISPEL OFFICER'S SUSPICION IN SHORT PERIOD OF

6  TIME. U.S.C.A. CONST. AMEND 4.

7  U.S. CAL 1975. BECAUSE OF IMPORTANCE OF GOVERNMENTAL INTEREST IN

8  COMBATING ILLEGAL ENTRY OF ALIENS AT THE BORDER THE MINIMUL

9  INTRUSION OF A BRIEF STOP, AND THE ABSENCE OF PRACTICAL ALTERNATIVE

10  FOR POLICING THE BORDER, WHEN AN OFFICER'S OBSERVATIONS LEAD

11  HIM REASONABLY TO SUSPECT THAT A PARTICULAR VEHICLE MAY

12  CONTAIN ALIENS WHO ARE ILLEGALLY IN THE UNITED STATES, HE MAY

13  STOP THE CAR BRIEFLY AND INVESTIGATE THE CIRCUMSTANCES THAT

14  PROVOKE SUSPICION BUT THE STOP AND INQUIRY MUST BE REASONABLY

15  RELATED IN SCOPE TO THE JUSTIFICATION FOR THEIR INITIATION AND

16  THE OFFICER MAY QUESTION THE DRIVER AND PASSENGERS ABOUT THEIR

17  CITIZENSHIP AND IMMIGRATION STATUS, AND HE MAY ASK THEM TO EXPLAIN

18  SUSPICIOUS CIRCUMSTANCES, BUT ANY FURTHER DETENTION OR SEARCH

19  MUST BE BASED ON CONSENT OR PROBABLE CAUSE, IMMIGRATION AND

20  NATIONALITY ACT § 274 (A)(2), 8 U.S.C.A. § 1324 (a)(2) U.S.C.A. CONST. AMEND 4. U.S.C.A. 4

21  U.S. V. BRIGNONI PONCE 95 S.CT. 2574, 422 U.S. 873, 45 L.Ed. 2d 607.

22  U.S. CAL 1963. INFORMATION TOO VAGUE AND FROM TO UNTESTED A SOURCE TO PERMIT

23  JUDICIAL OFFICER TO ACCEPT IT AS PROBABLE CAUSE FOR ARREST WARRANT

24  IS INSUFFICIENT INFORMATION UPON WHICH TO BASE ARREST WITHOUT WARRANT.

25  FED. RULES. CRIM. PROC. RULES 3, 4, 18 U.S.C.A., U.S.C.A CONST. AMEND 4. WONG SUN V. U.S,

26  CA. 9 CAL 2000. GOVERNMENT FAILED TO SHOW THAT CONNECTION BETWEEN UNLAWFUL TRAFFIC

27  STOP AND SEARCH OF CAR WAS SUFFICIENTLY ATTENUATED TO DISSIPATE THE TAINT CAUSED

28  BY THE ILLEGALITY, AND THUS COCAINE SEIZED IN SEARCH SHOULD HAVE BEEN SUPPRESSED

AS "FRUIT OF THE POISONOUS TREE", WHERE AFTER STOPPING CAR OFFICER NOTICED

DEFENDANT LYING IN BACK SEAT WITHOUT SEAT BELT, OFFICER CONTINUED TO QUESTION

OCCUPANTS OF CAR EVEN AFTER BEING INFORMED THAT SINGLE LICENSE

1 ARGUMENT

2 COMPLAINT STATED A CLAIM AGAINST SHERIFF'S OFFICERS FOR VIOLATION

3 OF PLAINTIFFS FOURTH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL

4 SEIZURE OF HER PERSON, WHERE PLAINTIFF ALLEDGED THAT OFFICER

5 REFUSED TO IDENTIFY HIMSELF, WOULD NOT INFORM PLAINTIFF OF THE REASON

6 SHE WAS BEING ARRESTED, AND DID NOT ALLOW PLAINTIFF TO EXPLAIN

7 HER SIDE OF THE STORY PRIOR TO ARRESTING HER FOR MISDEMEANOR BATTERY

8 THUS RAISING AN INFERENCE THAT THE OFFICER'S ARRESTED PLAINTIFF

9 BASED ON COMPLAINTS OF THE UNEXAMINED CHARGE. U.S. CONST. AMEND. 4

10 ARPIN V. SANTA CLARA VALLEY TRANPS. AGENCY, 261 F.3d 912 (9TH CIR. 2001)

11 FOURTH AMENDMENT PROTECTIONS APPLY WHEN "OFFICIAL AUTHORITY" IS

12 EXCERCISED "SUCH THAT A REASONABLE PERSON WOULD HAVE BELIEVED

13 HE WAS NOT FREE TO LEAVE." ANTE, AT 1326, QUOTING 446 U.S. AT 554, 100

14 S. CT. AT 1877, I DO NOT QUARREL WITH THE PLURALITY'S CONCLUSION

15 THAT AT SOME POINT IN THIS ENCOUNTER, THAT THRESHOLD WAS

16 PASSED. I ALSO AGREE THAT THE INFORMATION AVAILABLE PRIOR TO THE OPENING OF AGEE'S SUITCASE, DID NOT CONSTITUTE

17 PROBABLE CAUSE TO ARREST, THUS IF PROBABLE CAUSE WAS REQUIRED,

18 THE SEIZURE WAS ILLEGAL AND THE RESULTING CONSENT TO SEARCH

19 WAS INVALID. DUNAWAY V. NEW YORK 442 U.S. 200, 216-219, 99 S. Ct 2248,

20 2258-2260, 60 L. Ed. 2d 824 (1979), BROWN V. ILLINOIS, 422 U.S. 590,

21 601-604, 95 S. Ct. 2254, 2260-2262, 45 L. Ed. 2d 416 (1975)

22 ARREST 63.5 (9)

23 IN THE NAME OF INVESTIGATING PERSON WHO IS NO MORE THAN

24 SUSPECTED OF CRIMINAL ACTIVITY, POLICE MAY NOT CARRY OUT FULL

25 SEARCH OF PERSON OR OF HIS AUTOMOBILE OR OTHER EFFECTS, NOR

26 MAY POLICE SEEK TO VERIFY THEIR SUSPICIONS BY MEANS THAT APPROACH

27 THE CONDITIONS OF ARREST. U.S.C.A. CONST. AMEND. 4, REASONABLE SUSPICION OF CRIME

28 IS INSUFFICIENT TO JUSTIFY CUSTODIAL INTERROGATION, EVEN IF INTERROGATION

29 IS INVESTIGATIVE. U.S.C.A. CONST. AMEND. 4.

MR. ERIC WILTON BURTON # F02770
P.O. BOX 5246-C SATF/SP-C1-119L
CORCORAN, CA. 93212
IN PRO PER.

ARGUMENT-
THE FIFTH AMENDMENT REQUIREMENTS OF ESTELLE IN
WHICH THE SUPREME COURT HELD THAT A DEFENDANT HAS A
FIFTH AMENDMENT RIGHT TO BE INFORMED THAT HE NEED
NOT CONSENT TO A COURT-ORDERED PSYCHIATRIC
EXAMINATION IN WHICH THE RESULTS COULD BE USED
AGAINST HIM AT TRIAL U.S.C.A. CONST. AMENDS. 5, 6,
MURTISHAW V. WOODFORD, 255 F 3d 926 (9TH CIR. 2001),
THE U.S. CONSTITUTION GUARANTEES A CRIMINAL DEFENDANT THE RIGHT
TO COUNSEL AT ALL CRITICAL STAGES OF HIS CASE, GIDEON
V. WAINWRIGHT (1963) 372 U.S. 335, 344-345, 83 S. CT. 792, 9 L. Ed 2d
799.

THE U.S. SUPREME COURT HAS
REVERSED SEVERAL CASES IN WHICH A WRIT HAD ISSUED
ON GROUNDS OF INADEQUATE DIFFERENCE TO A STATE COURT
FINDING OF FACT, SEE RUSHEN V. SPAIN (1983) 464 U.S. 114 [104 S. CT. 453; 78
L. Ed. 2d 267] MAGGIO V. FULFORD (1983) 462 U.S. 111 [103 S. CT. 2261; 76
L. Ed. 2d 794] SEE ALSO MARSHALL V. LONBERGER (1983) 459 U.S. 422 [103 S.
CT. 843; 74 L. Ed. 2d 646] SEE DISSENT OF JUSTICE STEVENS, SUMMER V.
MATA (1982) 455 U.S. 591, 601 [102 S. CT. 1303; 71 L. Ed. 2d 480] SEE
LAVE V. NELSON (N.D. CAL. 1968) 279 F. SUPP. 265

MR. E. W BURTON # F02720
FOX # 8-117 4-CITY 3-C
COR CORAN, CA. 93312 IN PROPER

ARGUMENT - IN SUPPORT OF CONTENTION OF ABSENCE OF COUNSEL
SEE U.S. V. CRONIC (1984) 466 U.S. 648, 104 S.CT. 2039, 80 L.Ed.2d 657,
JAVOR V. UNITED STATES CITE AS 724 F.2d 831 (1984): WHEN A
DEFENDANT'S ATTORNEY IS ASLEEP DURING A SUBSTANTIAL PORTION
OF HIS TRIAL, THE DEFENDANT HAS NOT RECEIVED THE LEGAL ASSISTANCE
NECESSARY TO DEFEND HIS INTERESTS AT TRIAL, IN JAVORS CASE,
HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF
COUNSEL WAS VIOLATED IN THAT HE HAD "NO" ASSISTANCE
DURING A SUBSTANTIAL PORTION OF HIS TRIAL, AS THE COURT
REALIZED IN COOPER V. FITZ HARRIS, 586 F.2d AT 1332 (QUOTING HOLLOWAY
V. ARKANSAS, 435 U.S. AT 490, 491, 98 S.CT. AT 1181, 1182) PREDJUDICE IS INHERENT
IN THIS CASE BECAUSE UNCONSCIOUS OR SLEEPING COUNSEL IS
EQUIVALENT TO NO COUNSEL AT ALL, THE MERE PHYSICAL
PRESENCE OF AN ATTORNEY DOES NOT FULFILL THE SIXTH AMENDMENT
ENTITLEMENT TO THE ASSISTANCE OF COUNSEL, HOLLOWAY V. ARKANSAS,
435 U.S. AT 489, 98 S.CT. AT 1181, PARTICULARLY WHEN THE CLIENT
CANNOT CONSULT WITH HIS OR HER ATTORNEY OR RECEIVE
INFORMED GUIDANCE FROM HIM OR HER DURING THE COURSE OF
THE TRIAL, GEDERS V. UNITED STATES, 425 U.S. 80, 88-89, 96 S.CT.
1330, 1335-1336, 47 L.Ed.2d 592 (1976) SEE ALSO PEOPLE V.
ZAMMORA, 66 CAL. APP. 2d 166, 234-37 152 P.2d 180, 211-15 (1944)
(COUNSEL AND DEFENDANTS SEATED SEPARATELY, MAKING
CONSULTATION IMPOSSIBLE); STATE V. KELLER, 57 N.D. 645, 223
N.W. 698, 64 A.L.R. 434 (1929) (COUNSEL INTOXICATED TO SUCH AN
EXTENT THAT HE DID NOT KNOW WHAT WAS TRANSPIRING AT ALL
TIMES IN THE COURTROOM), THE PREDJUDICE INHERENT IN JAVOR'S
COUNSEL'S ACTION IS WELL ILLUSTRATED BY CONSIDERING
THE ONGOING CONSULTATION ORDINARILY REQUIRED IN THE
COURSE OF A CRIMINAL TRIAL.

1 GENERALLY AN ATTORNEY AND CLIENT NEED TO CONFER ABOUT

2 THE TESTIMONY OR EVIDENCE ADDUCED AT TRIAL, AND TOGETHER

3 EVALUATE IT'S IMPACT. GEDERS V. UNITED STATES, 425, U.S. AT 88,

4 96 S.CT. AT. 335; PEOPLE V. ZAMMORA, 66 CAL. APP. 2d AT 234,

5 152 P.2d AT 214-15. MOREOVER A TRIAL ATTORNEY MUST BE

6 PRESENT AND ATTENTIVE IN ORDER TO ADEQUATELY TEST THE

7 CREDIBILITY OF WITNESSES ON CROSS-EXAMINATION A MATTER

8 OF CONSTITUTIONAL IMPORTANCE. U.S. CONST. AMEND VI CONFRO-

9 NTATION CLAUSE), SEE CHAMBERS V. MISSISSIPPI, 410 U.S. 284, 294-

10 95, 93 S.CT. 1038-1045-46, 35 L.Ed. 2d 297 (1973); UNITED STATES V.

11 TUCKER, 716 F 2d 576, 585-86 (9TH CIR, 1983); PEOPLE V. MANSON, 61

12 CAL. APP. 3d 102, 197-201, 132 CAL. RPTR. 265, 323-27 (1976)

13 CERT. DENIED 430 U.S. 986, 97 S.CT. 1686, 52 L.Ed. 2d 382 (1977);

14 WHITE V. STATE, 414 N.E. 2d 973, 975-76 (IND. APP. 1981).

15 TODAY WE CONCLUDE THAT WHEN AN ATTORNEY FOR A CRIMINAL

16 DEFENDANT SLEEPS THROUGH A SUBSTANTIAL PORTION OF THE

17 TRIAL, SUCH CONDUCT IS INHERENTLY PREDJUDICIAL AND THUS

18 NO SEPARATE SHOWING OF PREDJUDICE IS NECESSARY,

19 SEE HOLLOWAY V. ARKANSAS, 435 U.S. 475-489-91, 98 S.CT. 1173,

20 1181-82, 55 L.Ed. 2d 426 (1978); CF RINKER V. COUNTY OF NAPA, 724 F. 2d

21 1352 AT 1354 (9TH CIR. 1983) PER CURIAM) JAVORS SIXTH AMENDMENT

22 RIGHT TO COUNSEL WAS VIOLATED NOT BECAUSE OF SPECIFIC

23 LEGAL ERRORS OR OMISSIONS INDICATING INCOMPETENCE,

24 BUT BECAUSE HE HAD "NO" LEGAL ASSISTANCE DURING A

25 SUBSTANTIAL PORTION OF HIS TRIAL, THE MAGISTRATES FINDING

26 OF NO ACTUAL PREDJUDICE IS NOT CONTROLLING BECAUSE

27 REGARDLESS OF COUNSEL'S PARTICIPATION WHEN PRESENT, WHEN

28 A DEFENDANT IS TRIED IN THE PARTIAL ABSENCE OF COUNSEL, HE

29 IS PREDJUDICED AS A MATTER OF LAW Id. CRIMINAL LAW 6411

30 MERE PHYSICAL PRESENCE OF AN ATTORNEY DOES NOT FULFILL THE SIXTH

31. AMENDMENT ENTITLEMENT TO ASSISTANCE OF COUNSEL. U.S.CA. CONST. AMEND 6.

1  ARGUMENT

2  SEE CRIMINAL LAW 641.13(2), 1166.11- CONDUCT OF DEFENDANT'S ATTORNEY

3  WHO SLEPT THROUGH SUBSTANTIAL PORTION OF TRIAL WAS INHERENTLY

4  PREDJUDICIAL AND THUS NO SEPARATE SHOWING OF PREDJUDICE WAS

5  NECESSARY FOR REVERSAL OF DEFENDANTS CONVICTION; DEFENDANTS

6  SIXTH AMENDMENT RIGHT TO COUNSEL WAS VIOLATED NOT BECAUSE OF

7  SPECIFIC LEGAL ERRORS OR OMISSIONS INDICATING INCOMPETENCE,

8  BUT RATHER, BECAUSE HE HAD NO LEGAL ASSISTANCE DURING A SUBSTANTIAL

9  PORTION OF HIS TRIAL, U.S. CA. CONST. AMEND 6.

10  EDDIE G. JAVOR, PETITIONER-CITE AS 724 F.2d 831 (1984) PETITIONER

11  APPEALED FROM JUDGEMENT OF THE UNITED STATES DISTRICT COURT

12  FOR THE CENTRAL DISTRICT OF CALIFORNIA, LAWRENCE T. LYDICK, J. DENYING

13  HIS PETITION FOR WRIT OF HABEAS CORPUS. THE COURT OF APPEALS,

14  FERGUSON, CIRCUIT JUDGE HELD THAT CONDUCT OF DEFENSE COUNSEL

15  WHO SLEPT THROUGH SUBSTANTIAL PORTION OF THE TRIAL WAS

16  INHERENTLY PREDJUDICE AND THUS NO SEPARATE SHOWING OF PREDJUDICE

17  WAS NECESSARY. (REVERSED)

18  (QUOTING HOLLOWAY V. ARKANSAS, 435 U.S. AT 490, 491, 98 S. CT. AT 1181, 1182)

19  AN INQUIRY INTO THE QUESTION OF PREDJUDICE WOULD REQUIRE

20  "UNGUIDED SPECULATION" AND WOULD NOT BE SUSCEPTIBLE TO INTELLIGENT,

21  EVEN HANDED APPLICATION" BECAUSE AN ATTORNEY'S AB SENCE PREDJUDICES

22  A DEFENDANT MORE BY WHAT WAS NOT DONE, THAN BY WHAT WAS DONE.

23  SEE CRIMINAL LAW 641.13(1). RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

24  IS RECOGNIZED, NOT FOR IT'S OWN SAKE BUT BECAUSE OF THE

25  EFFECT IT HAS ON THE ABILITY OF THE ACCUSED TO RECEIVE A

26  FAIR TRIAL U.S.C.A. CONST. AMEND. 6.; IN JAVOR V. U.S. CITE AS 724 F.2d 831 (1984)

27  JAVOR HAD ALREADY SERVED HIS SENTENCE, HOWEVER HIS PETITION WAS NOT MOOT

28  AS THE COLLATERAL CONSEQUENCES OF HIS CONVICTION FOR SALE AND POSSESSION

29  OF HEROIN PERSISTED, PENNSYLVANIA V. MIMMS, 434 U.S. 106, 108. 3, 98 S. Ct. 330, 332 N.3,

30  54 L.Ed.2d 331 (1977)                              32

MR. E.W. BURTON #F02720
P.O. BOX 5246 -C3A TF/SP-C/-1192
CORCORAN, CA. 93212 INPROPER

1   ARGUMENT
2   HOLME V. SOUTH CAROLINA (2006) 126 S.CT. 1727, 547 U.S.,
3   319, 164 L.Ed. 2d, 503, 74 USLW 4221 HOLDING; THE
4   UNITED STATES SUPREME COURT JUSTICE ALITO,
5   HELD THAT EXCLUSION OF DEFENSE EVIDENCE
6   THIRD PARTY GUILT DENIED (e.g. TESTIMONY BY
7   MR. HELSEL AT 1538.5 HEARING THAT ALLEGED CO-DEFENDANT
8   WAS IN DEFENDANTS APARTMENT AND NOT PETITIONER AT
9   TIME OF ARRIVAL OF POLICE WITH DOOR CLOSED, INFORMATION
10  WITHHELD FROM THE JURY) DEFENDANT OF A FAIR TRIAL,
11  ABROGATING STATE V. GAY, 343 S.C. 543, 541 S.E. 2d 541
12  VACATED AND REMANDED
13   WHILE (ALLEGED) PRIOR OFFENSE EVIDENCE MAY IN
14  A PROPER CASE BE ADMISSIBLE FOR IMPEACHMENT
15  EVEN IF FOR NO OTHER PURPOSE, THERE WAS NO
16  JUSTIFICATION FOR ADMITTING (HEARSAY) EVIDENCE
17  FOR IMPEACHMENT PURPOSES AND CONSEQUENTLY NO
18  BASIS FOR DISTRICT COURT'S SUGGESTION THAT
19  JURORS COULD CONSIDER THE (ALLEGED) PRIOR
20  CONVICTIONS IMPEACHMENT EVIDENCE WHERE
21  DEFENDANT DID NOT TESTIFY AT TRIAL - FED, RULES
22  EVID RULE 609, 28 USCA. CRIMINAL LAW K 309.1
23  AFTER AN INDICTMENT HAS BEEN RETURNED AND
24  CRIMINAL PROCEEDINGS ARE UNDER WAY, THE INDICTMENT'S
25  CHARGES MAY NOT BE BROADENED BY AMENDMENT,
26  EITHER LITERAL OR CONSTRUCTIVE, EXCEPT BY THE
27  GRAND JURY ITSELF U.S.V. ADAMSON, 291 F.3d 606 (9TH CIR. 2002)
28

RULING PURSUANT TO RULE 50(C)

(1) OF F.R.C.P. ON PARTY'S MOTION FOR NEW TRIAL.

139 ALR 340 RIGHT OF TRIAL COURT TO GRANT NEW TRIAL AS AFFECTED BY APPELLATE PROCEEDINGS.

53 ALR, FED 558
INDEPENDENT ACTIONS TO OBTAIN RELIEF FROM JUDGEMENT ORDER OR PROCEEDING UNDER RULE 60(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE,

4 WEST FEDERAL FORMS § 4845, MOTION FOR PARTIAL NEW TRIAL,

FEDERAL PROCEDURAL FORMS § 1:1631, AFFIDAVIT-SUPPORTING MOTION FOR RELIEF FROM JUDGEMENT-NEWLY DISCOVERED EVIDENCE [FED. R. CIV. PROC. 60(B)(2)]

FEDERAL PROCEDURAL FORMS § 1:1676, PROCEDURAL GUIDE - MOTION FOR NEW TRIAL

FEDERAL PROCEDURAL FORMS § 1:1681, PROCEDURAL GUIDE ALTERNATIVES TO NEW TRIAL

4 WEST'S FEDERAL FORMS § 4841 - MOTION FOR NEW TRIAL WITH STATEMENT OF GROUNDS.

A.M. JUR, 2d FEDERAL COURTS § 206, HOW TO APPEAL TO DISTRICT COURT

TRANSCRIPTS OF EVIDENTIARY HEARINGS IN LOWER COURTS ARE AVAILABLE TO INDIGENT PETITIONERS FREE OF CHARGE, SEE GARDNER V. CALIFORNIA (1969) 393 U.S. 367 [89 S. CT. 580; 21 L. Ed. 2d 601].

F.O.I A,

34

11-9-04.

MR. ERIC HILTON BURTON #F02720
P.O. BOX 5246 - C SATF / SP-C1-119L
CORCORAN, CA. 93212
IN PRO PER.

Case 3:08-cv-00525-LKB-POR    Document 21    Filed 06/20/2008    Page 56 of 67

ARGUMENT

IN FARETTA V. CALIFORNIA, SUPRA, 422 U.S. AT P. 836 [95 S.CT.
AT P. 2541, 9 L.Ed. 2d 799], THE UNITED STATES SUPREME
COURT HELD THAT A DEFENDANT IN A STATE CRIMINAL
TRIAL HAS A FEDERAL CONSTITUTIONAL RIGHT UNDER THE
SIXTH AND FOURTEENTH AMENDMENTS TO REPRESENT HIMSELF
WITHOUT COUNSEL IF HE VOLUNTARILY AND INTELLIGENTLY
CHOOSES TO DO SO. THAT RIGHT IS AMONG THOSE "BASIC
TO OUR ADVERSARY SYSTEM OF CRIMINAL JUSTICE," AS
MUCH A PART OF DUE PROCESS OF LAW AS THE
ACCUSED'S RIGHT TO NOTICE OF THE CHARGES, THE
RIGHT TO CALL WITNESSES AND TO CONFRONT
WITNESSES AGAINST HIM. (Id. AT P. 818.)
EVEN THOUGH THE DEFENDANT'S CHOICE MAY WORK TO
HIS DETRIMENT, IT IS A CHOICE WHICH MUST BE HONORED
OUT OF "THAT RESPECT FOR THE INDIVIDUAL WHICH IS THE
LIFEBLOOD OF THE LAW.'" (Id. AT P. 834, QUOTING ILLINOIS V.
ALLEN (1970) 397 U.S. 337, 350-351 [90 S.CT. 1057, 1064, 25
L.Ed. 2d 353] (BRENNAN, J., CONC.).) SEE PEOPLE V. JOSEAH (CAL.
1983), 196 CAL. RPTR. 339, 34 CAL. 3d 936, 'COULD AN ERRONEOUS
DENIAL OF DEFENDANT'S SELF REPRESENTATION RIGHT EVER BE
DEEMED A HARMLESS ERROR? THE MAJORITY CONCLUDES NOT,
HOLDING THAT AN IMPROPER DENIAL OF A FARETTA RIGHT
IS REVERSIBLE PER SE. I ACKNOWLEDGE THAT SEVERAL
STATE AND FEDERAL CASES (CITED BY THE MAJORITY) SO HOLD.
NEVERTHELESS, I OBSERVE THAT THE UNITED STATES SUPREME
COURT HAS NOT YET EXPRESSLY DECIDED THE POINT (SEE
FARETTA, SUPRA, 422 U.S. AT P. 852, 95 S.CT. AT P. 2549 [DIS. OPN. OF BLACKMUN, J.

2d 378, 484-485, (1981); Minnick v. Mississippi, 498 U.S. 146, 111 S. Ct. 486, 112 L. Ed.2d
(1990)).

## VI

### ONCE A DEFENDANT'S RIGHT TO COUNSEL HAS ATTACHED, STATEMENTS MADE BY THE DEFENDANT ARE NOT ADMISSIBLE IF DELIBERATELY ELICITED BY AUTHORITIES IN THE ABSENCE OF COUNSEL, UNLESS THERE IS A WAIVER OF COUNSEL

The Sixth Amendment right to counsel is offense specific and prohibits police interrogation regarding the specific offense to which the right to counsel has attached. (McNeil v. Wisconsin, 501 U.S. 171, 175, 111 S. Ct. 2204, 115 L. Ed. 2d 158 (1991))

Once a defendant's right to counsel has attached, any subsequent police interrogation in the absence of counsel is inadmissible unless the defendant has initiated the communication. Additionally, the defendant need not be in custody at the time the statement is "deliberately elicited" in order for the Sixth Amendment protection to make the statement inadmissible. (Michigan v. Jackson, 475 U.S. 625, 636, 106 S. Ct. 1404, 89 L. Ed. 2d 631 (1986); Patterson v. Illinois, 487 U.S. 285, 108 S. Ct. 2389, 101 L. Ed. 2d 261 (1988))

## VII

### THE BURDEN IS ON THE PROSECUTION TO ESTABLISH THAT A DEFENDANT'S WAIVER OF HIS MIRANDA RIGHTS WAS MADE VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY

Even if the requisite warnings are given, any statement obtained is inadmissible unless the prosecution meets a "heavy burden : . .to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination." (Miranda v. Arizona, supra)

A defendant may waive his or her Miranda rights, provided the waiver is made voluntarily, knowingly, and intelligently, (Miranda v. Arizona, supra)

The determination of whether a waiver is "voluntary" is a separate determination from the question whether a waiver is "knowing" and "intelligent." The court must decide (1) whether the defendant made a free and deliberate choice to waive his rights and was not compelled to do so through police intimidation; and (2) whether the defendant waived his rights with full awareness both

36

POINTS AND AUTHORITIES AND FACTS IN SUPPORT OF PETITION FOR NEW TRIAL PURSUANT TO U.S.A. 6th & 5th U.S. CONST. AMEND. AND 28 U.S.C. § 2254(e)(2) ~ARGUMENTS

~~reasonable person... be deprived." (People v. Arnold, 66 Cal.2d 438, 448, 58 Cal. Rptr.~~

~~115, 426 P.2d 515 (1967) (grounded on the emphasis added) When a person's freedom~~

3. ~~of action is curtailed to a degree associated with formal arrest)~~ "[T]he initial determination of custody depends on the

4. objective circumstances of the interrogation, not on the subjective views harbored by either the

5. interrogating officers or the person being questioned." (Stansbury v. California, 511 U.S. 318, 114 S.

6. Ct. 1526, 128 L. Ed. 2d 293 (1994)) The test is "how a reasonable man in the suspect's position

7. would have understood his situation." (Berkemer v. McCarty, 468 U.S. 420, 442, 104 S. Ct. 3138, 8

8. L. Ed. 2d 317 (1984)) *DEFENDANT CLEARLY INVOKED HIS 6TH & 5TH US. CONST. AMEND RIGHT

9. UPON ARRIVAL TO THE E.C POLICE STATION ESCORTED BY OFFICER HOLMES 3-19-04

   AT APPROX 16:45 IN CUSTODY HANDCUFFED AND NOT FREE TO LEAVE*

IV

### AN INTERROGATION WITHIN THE MEANING OF MIRANDA IS ANY ACTION ON THE PART OF AUTHORITIES REASONABLY LIKELY TO ELICIT AN INCRIMINATING RESPONSE

12. In Rhode Island v. Innis, 446 U.S. 291, 301, 100 S. Ct. 1682, 64 L. Ed. 2d 297, 301 (1980), the

13. United States Supreme Court defined "interrogation" within the meaning of Miranda as follows:

> "[I]nterrogation" under Miranda refers not only to express questioning, but also to
> any words or actions on the part of the police (other than those normally attendant
> to arrest and custody) that the police should know are reasonably likely to elicit an
> incriminating response from the suspect.

17. Whether a particular form of questioning amounts to an interrogation depends on the total

18. situation, including the length, place and time of questioning, nature of the questions, conduct of the

19. police, and any other relevant circumstances. (People v. Terry, 2 Cal. 3d 362, 383, 85 Cal. Rptr. 409,

20. 466 P.2d 961 (1970))

   SEE EXHIBIT E, PAGE 80, A.T. EXCERPT 713 - OFFICER HOLMES TESTIMONY, ENTIRE 5 TH U.S

21. H-19, SEE ALSO PAGE 82, AT EXCERPT 716, LINES H-16, THEN LINES 23, 24, 25, CONST. AMEND INVOKED

V

### AN ACCUSED WHO HAS INVOKED HIS RIGHT TO COUNSEL, MAY NOT BE SUBJECTED TO FURTHER INTERROGATION UNLESS THE ACCUSED INITIATES FURTHER COMMUNICATION

25. The United States Supreme Court has made it clear that an accused person who invokes his Fifth

26. Amendment right to have counsel present during a custodial interrogation may not be subjected to

27. further interrogation by authorities without the presence of counsel, unless the accused initiates

28. further communication with the police (Edwards v. Arizona, 451 U.S. 477, 101 S. Ct. 1880, 68 L. Ed

   2d 378, 484-485 (1981)

37

1  ARGUMENT

2  THE U.S. COURT OF APPEALS FOR THE SIXTH CIRCUIT BROKE RANKS WITH

3  SIX OTHER CIRCUITS AND HELD AUG. 9, 2007 THAT A DEFENDANT'S

4  (ALLEGED) PRIOR CONVICTION FOR POSSESSION OF A SAWED-OFF SHOTGUN

5  CANNOT SERVE AS A PREDICATE "VIOLENT FELONY" FOR PURPOSES OF A

6  SENTENCING ENHANCEMENT PROVIDED BY THE FEDERAL ARMED CAREER

7  CRIMINAL ACT (UNITED STATES V. AMOS, 6TH CIR., NO. 06-5032, 8/9/07). THE

8  COURT REASONED THAT MERELY POSSESSING SUCH A WEAPON DOES

9  NOT INVARIABLY POSE "A SERIOUS POTENTIAL RISK OF PHYSICAL INJURY

10  TO ANOTHER." IN AN OPINION BY JUDGE BOYCE F. MARTIN JR., THE SIXTH

11  CIRCUIT SAID IT WAS NOT CONVINCED THAT MERE POSSESSION OF A SAWED-

12  OFF SHOTGUN COULD EVER POSE A SERIOUS POTENTIAL RISK OF HARM

13  TO OTHERS. "AS WITH ANY GUN, SHOOTING A SAWED-OFF SHOTGUN CAN

14  OBVIOUSLY CREATE A SERIOUS RISK OF PHYSICAL HARM TO ANOTHER,

15  BUT THE SAME CAN HARDLY BE SAID FOR THEIR MERE POSSESSION," THE

16  COURT SAID. THE COURT RECOGNIZED THAT "[A]LL OF OUR NATION'S GUN

17  CONTROL LAWS ARE SERIOUS AND ARE INTENDED TO PROMOTE THE SAFETY

18  OF OUR CITIZENRY," BUT IT SAID, "THE IMPORTANT GOALS BEHIND STATUTES

19  DIRECTED AT GUN POSSESSION DO NOT AUTOMATICALLY CONVERT VIOLATIONS

20  OF THEIR REQUIREMENTS INTO 'CRIMES OF VIOLENCE,'"

21  CIRCUIT SPLIT. ALONG THE WAY, THE COURT REJECTED THE WEIGHT OF

22  AUTHORITY FROM OTHER CIRCUITS. THE FIRST, FOURTH, FIFTH, SEVENTH, EIGHTH, AND

23  NINTH CIRCUITS HAVE HELD EITHER THAT MERE POSSESSION OF A SAWED-OFF

24  SHOTGUN IS A "CRIME OF VIOLENCE" UNDER THE U.S. SENTENCING GUIDELINES

25  OR THAT IT IS A "VIOLENT FELONY" UNDER THE ACCA.

26  THE SIXTH CIRCUIT FOUND THOSE RULINGS INCONSISTENT WITH DECISIONS

27  FROM THE SAME COURTS HOLDING THAT A VIOLATION OF THE FEDERAL FELON-IN-

28  POSSESSION STATUTE IS NOT A CRIME OF VIOLENCE. FOR EXAMPLE, IN U.S. V. DOE, 960 F.

1 | 2d. 221 (1st. Cir. 1992) THE FIRST CIRCUIT NOTED THAT IT IS HARD "TO IMAGINE

2 | SUCH A RISK OF PHYSICAL HARM OFTEN ACCOMPANYING THE CONDUCT THAT

3 | NORMALLY CONSTITUTES FIREARM POSSESSION, FOR SIMPLE POSSESSION ...

4 | TAKES PLACE IN VARIETY OF WAYS.... MANY, PERHAPS MOST, OF WHICH DO NOT

5 | INVOLVE LIKELY ACCOMPANYING VIOLENCE."

6 | NO AFFIRMATIVE, ACTIVE CONDUCT. THE SIXTH CIRCUIT POINTED OUT THAT

7 | IT EMPLOYED SIMILAR REASONING IN UNITED STATES V. FLORES, 477 F.3d

8 | 431 (6TH. CIR. 2007), WHERE IT HELD THAT MERELY CARRYING A

9 | CONCEALED WEAPON IS NOT A VIOLENT FELONY. THE FLORES COURT

10 | RECOGNIZED THAT THE CRIMES EXPLICITLY LISTED IN SECTION 924(e),

11 | INCLUDING BURGLARY, ARSON, EXTORTION, AND USE OF EXPLOSIVES, "INVOLVE[]

12 | AFFIRMATIVE AND ACTIVE CONDUCT THAT IS NOT INHERENT IN THE CRIME OF

13 | CARRYING A CONCEALED WEAPON." MERELY POSSESSING A SAWED-OFF

14 | SHOTGUN SIMILARLY DOES NOT INVOLVE AFFIRMATIVE AND ACTIVE CONDUCT,

15 | THE COURT SAID. IT ADDED THAT CARRYING A CONCEALED WEAPON SURELY

16 | HOLDS A GREATER POTENTIAL FOR DANGER THAN MERELY POSSESSING A

17 | SAWED-OFF SHOTGUN. THE COURT ALSO WAS NOT CONVINCED "THAT

18 | THE POTENTIAL FOR FUTURE DANGEROUSNESS OR LACK OF A LEGITIMATE

19 | USE FOR SAWED-OFF SHOTGUNS THAT OTHER CIRCUITS HAVE POINTED TO

20 | RENDERS THEIR POSSESSION A VIOLENT FELONY."

21 | JUDGE ALICE M. BATCHELDER, CONCURRING, ADDED THAT THE COURT'S

22 | HOLDING WAS REINFORCED BY THE U.S. SUPREME COURT'S HOLDING

23 | IN LEOCAL V. ASHCROFT, 543 U.S. 1, 73 U.S.L.W. 4001 (2004), THAT

24 | 18 U.S.C. §16's DEFINITION OF "CRIME OF VIOLENCE" - WHICH DIFFERS

25 | FROM SECTION 924(e)'s DEFINITION OF "VIOLENT FELONY" CANNOT ENCOMPASS

26 | MERELY NEGLIGENT CONDUCT SUCH AS DRUNKEN DRIVING.

27 |

28 |

29 |

MR ERIC WILTON BURTON #F02720
P.O. BOX 5246 CSATF/SAC/ I-119L
CORCORAN, CA. 93212
IN PROPER

1  ARGUMENT

2  CRIMINAL LAW 05-294 NORTH CAROLINA V. SPEIGHT

3  (N.C., 359 N.C. 602, 614 S.E. 2d 262);

4  THIS COURT'S HOLDING IN STATE V. ALLEN, 77 CRIM. L. REP.

5  446 (N.C. JULY 1, 2005) THAT ERRORS OF TYPE CONDEMNED

6  IN BLAKELY V. WASHINGTON, 542 U.S. 296, 72 U.S.L.W. 4546

7  (2004) ARISING UNDER NORTH CAROLINA'S STRUCTURED

8  SENTENCING ACT, ARE STRUCTURAL AND THEREFORE,

9  REVERSIBLE PER SE, APPLIES TO ALL CASES IN

10 WHICH DEFENDANT IS CONSTITUTIONALLY ENTITLED

11 TO JURY TRIAL AND SENTENCE WAS INCREASED

12 BEYOND PRESUMPTIVE RANGE ON BASIS OF

13 AGGRAVATING FACTORS THAT WERE NOT SUBMITTED

14 TO JURY; CODE CIV. PROC. §2033.280 AS ADDED IN 2004

15 PROVIDES IN PART THAT THE PARTY REQUESTING

16 ADMISSIONS MAY MOVE FOR AN ORDER THAT

17 THE GENUINENESS OF ANY DOCUMENT AND

18 THE TRUTH OF ANY MATTERS SPECIFIED

19 IN THE REQUESTS BE DEEMED ADMITTED

20 AS WELL.; 28 U.S.C. § 2254 (e)(e)- U.S. V. VAL-

21 ENZUELA-BERNAL, 458 U.S. 858, 102 S. CT.

22 3440, 73 L. Ed. 2d 1193 (1982) SEE WIGGINS V.

23 SMITH (2003) 539 U.S. 510, 123 S. CT. 2527,

24 2536, 156 L. Ed. 471, 486 [FAILURE BY

25 DEFENSE COUNSEL TO INVESTIGATE AND

26 DISCOVER AND PRESENT EVIDENCE IN MITIGATION OF PENALTY-PRE-
   JUDICIAL

27 SEE CHAMBERS V. MISSISSIPI 410 U.S. 284, 294-95, 93 S. CT. 1038,

28 1045-46, 35 L. Ed 297 (1973)

P.O. BOX 5246 - CSATF/SP-CI-119L
COR CORAN, CA. 93212
IN PROPER -

1

2

3  IN LIGHT OF U.S. V. BOOKER 543 U.S. 220, 125 S.CT. 738, 160 L.

4  Ed. 2d 621 (2005) - FEDERAL SENTENCING GUIDELINES ARE

5  SUBJECT TO JURY TRIAL REQUIREMENTS OF THE SIXTH

6  AMENDMENT AND JUSTICE BREWER HELD FURTHER THAT

7  6TH AMENDMENT REQUIREMENTS THAT JURY FIND CERTAIN

8  SENTENCING FACTS WAS INCOMPATABLE WITH FEDERAL

9  SENTENCING ACT. THUS REQUIRING OF ACTS PROVISIONS

10  MAKING GUIDELINES MANDATORY AND SETTING FORTH

11  STANDARD OF REVIEW

12  THE UNITED STATES SUPREME COURT HAS EMHASIZED THAT

13  EVEN AFTER AEDPA, FEDERAL COURTS HAVE AN INDEPENDENT

14  RESPONSIBILITY TO INTERPRET FEDERAL LAW - WILLIAMS V. TAYLOR

15  (2000) 529 U.S. 362 [120 S.CT. 1495; 146 L.Ed. 2d 389]. COA STANDARDS:

16  SEE MILLER-EL V. COCKRELL, 537 U.S. 322, 123 S.CT. 1029 (U.S. 2003);

17  SLACK V. MCDANIEL, 529 U.S. 473 (2000); 28 U.S.C. §2235 (c)

18  EXCEPTIONS TO EXHAUSTION REQUIREMENT: THERE ARE NO INTERVENING

19  U.S. SUPREME COURT DECISIONS ON POINT OR OTHER INDICATIONS

20  THAT THE STATE COURT WILL CHANGE IT'S OPINION, SEE SWEET

21  V. CUPP (9TH CIR. 1981) 640 F. 2d 233, 236, SEE ALSO GARDNER V. PITCHESS,

22  (9TH CIR. 1984) 731 F. 3d 637.

23  A HABEAS PETITIONER SHOULD RECEIVE AN EVIDENTIARY HEARING IF HE

24  MAKES "A GOOD FAITH ALLEGATION THAT WOULD, IF TRUE, ENTITLE HIM TO

25  EQUITABLE TOLLING - SEE LAWS V. LAMARQUE, 351 F. 3d 919 (9TH CIR. 2003);

26  SEE ROY V. LAMPERT, 465 F. 3d 964 (9TH CIR 2006) - PETITIONER'S WERE ENTITLED

27  TO EVIDENTIARY HEARING TO RESOLVE THE CONFLICTS.

28  REQUEST JURY TRIAL  18 U.S.C. §3691.

**CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED**

U.S. FEDERALLY GUARANTEED FOURTEENTH AMENDMENT
DUE PROCESS AND EQUAL PROTECTION CLAUSES,
28 U.S.C. § 2254; 28 U.S.C. § 2244(b) NEW EVIDENCE
28 U.S.C. § 2253 (c)
18 U.S.C. § 4016) "IN THE VICINITY OF THE COURT.
RULES 15(a) AND 19(a) FED. R. CIV. P.; FOMAN V. DAVIS 371 U.S. 178, 182 (1962)

## JURISDICTIONAL STATEMENT THE DISTRICT COURT So. CA,

AND   THE NINTH CIRCUIT COURT OF APPEALS OF THE U.S.
HAS THE BROAD AND VAST POWERS TO REVERSE
THE INCORRECT PROCEDURAL RULING OF THE U.S.
DISTRICT COURT FOR THE SOUTHERN CALIFORNIA DISTRICT,
AND HAS THE POWER AND JURISDICTION TO REMAND
THE CASE FOR FURTHER PROCEEDINGS, INCLUDING,
AN EVIDENTIARY HEARING, AND RECOMMENDATION OF
AN ISSUE OF A PEREMPTORY WRIT OF FEDERAL HABEAS
CORPUS RELIEF FROM AN UNCONSTITUTIONAL CONVICTION
AND SENTENCING. THE NINTH CIRCUIT COURT OF APPEALS
HAS THE BROAD POWERS TO DO WHATEVER IT WILLS OF
ITSELF IN THE FAIR ADMINISTRATION OF JUSTICE.
—U.S. SUPREME COURT HAS JURISDICTION TO REVIEW
DECISION SEE. E.G. LONG, SUPRA AT 1038, N.Y., 103 S. CT. 3469
("WE MAY REVIEW A STATE CASE DECIDED ON A FEDERAL
GROUND EVEN IF IT IS CLEAR THAT THERE WAS AN
AVAILABLE STATE GROUND FOR DECISION ON WHICH
THE STATE COURT COULD PROPERLY HAVE RELIED"(CITING
BEECHER V. ALABAMA, 389 U.S. 35, 37. N.3, 88 S. CT. 189, 19 L.Ed. 2d
(1967) (PER CURIAM))).

# EXHIBIT COVER PAGE

A

**EXHIBIT**

Description of this Exhibit: *POST TRIAL ORDER DENYING DISCOVERY EXHIBIT "A"*

Number of pages to this Exhibit: _____1_____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☒ United States District Court  *SOUTHERN DISTRICT OF CALIFORNIA*
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ FAMILY COURT, 1555 6TH AVE, SAN DIEGO, CA 92101-3294
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
☒ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92083-6634

**FOR COURT USE ONLY**

**F I L E D**
Clerk of the Superior Court

**JUL 1 8 2007**

By: M. AGUILAR, Deputy

**PLAINTIFF(S)/PETITIONER(S)**

THE PEOPLE OF THE STATE OF CALIFORNIA

**DEFENDANT(S)/RESPONDENT(S)**

ERIC WILTON BURTON

JUDGE: H. J. EXARHOS

DEPT: 11

### CLERK'S CERTIFICATE OF SERVICE BY MAIL
### (CCP 1013a(4))

CASE NUMBER
SCE238643

I, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING MOTION FOR DISCOVERY PURSUANT TO PENAL CODE 1054.9

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at: ☐ San Diego ☐ Vista ☒ El Cajon ☐ Chula Vista ☐ Ramona, California.

NAME & ADDRESS

ERIC W. BURTON, F-02720
CORCORAN STATE PRISON SP-C1-132L
P.O. BOX 5246
CORCORAN, CA 93212-5246

NAME & ADDRESS

SAN DIEGO DISTRICT ATTORNEY
250 E. MAIN ST
EL CAJON, CA 92020
VIA: INTER-OFFICER MAIL

**CLERK OF THE SUPERIOR COURT**

Date: __July 18, 2007__          by _____, Deputy
M. Aguilar

SDSC CIV-286(Rev. 12-02)          **CLERK'S CERTIFICATE OF SERVICE BY MAIL**

MR. ERIC W. BURTON #F02720
P.O. BOX 5246 - CSATF/SP CI-119L
CORCORAN CA. 93212
IN PRO PER

# EXHIBIT

_A_

MR. E. W. BURTON #F02730
P.O. BOX 5246 C SATF/SP-C1-119L
CORCORAN, CA. 93212
IN PROPER

Case 4:08-cv-00325-LAB-POR    Document 21    Filed 06/20/2008    Page 67 of 67

Page 4

## CERTIFICATE OF SERVICE

28 U.S.C. § 1746

Case Name: ERIC WILTON BURTON v. DIRECTOR OF THE C.D.C.R.

Case No.: 08-325 LAB (POR)

**IMPORTANT:** You must send a copy of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a master copy, and fill in the title of the document you are filing. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

(ATTACHED) I certify that a copy of the 1ST AMENDED PETITION C MEMORANDUM OF POINTS AND AUTHORITIES (SEPARATE) (Name of document you are filing (i.e., opening brief, motion, etc.) EXHIBITS A + MOTION (BRADY V MARYLAND PRETRIAL DISCOVERY MOTION) POST TRIAL DENIAL

and any attachments was served, either in person or by mail, on the persons listed below.

REQUEST COURT TO GIVE NOTICE TO THE RESPONDENT AND ATTORNEY GENERAL AND ALL OTHER PARTIES INVOLVED IN THE INSTANT ACTION.

_____
**Signature**
Notary NOT required

| Name | Address | Date Served |
|------|---------|-------------|
| U.S. DISTRICT CA CA SOUTHERN DISTRICT | 880 FRONT STREET S.D. CA 92101 | 6-15-08 |