UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>      Petitioner,<br><br>  v.<br><br>DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>      Respondent. | Civil No. 08cv0325-LAB (POR)<br><br>**ORDER GRANTING RESPONDENT'S APPLICATION FOR ENLARGEMENT OF TIME** |

  On June 18, 2008, Petitioner, a state prisoner proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On July 3, 2008, the Court ordered that Respondent shall file a motion to dismiss on or before August 8, 2008 or an Opposition on or before August 22, 2008. On August 4, the Court granted Respondent's application for a 30-day enlargement of time.

  On September 3, 2008, Respondent filed a request for a 14-day enlargement of time to respond to the petition, and attaches the supporting declaration of Deputy Attorney General Kelley Johnson. In the request, Respondent's counsel represents she has not been able to work on the case, due to a heavy workload not related to this case and that she has not yet received all the necessary files for this case.

  While the Court can appreciate the fact that the Attorney General's office has a significant case load, the Court cannot find good cause for extending the time to file an answer premised on the fact that Respondent's counsel is working on every other pending case but this one.

Although the Court is extremely hesitant to grant Respondent's request for an enlargement of time, in the interests of resolving the issues raised in the Petition, the Court nevertheless finds good cause to grant Respondent's request. Accordingly, **IT IS HEREBY ORDERED**:

1. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **September 22, 2008**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is not required for the motion to dismiss.

2. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **October 23, 2008**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

3. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

4. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, as well as points and authorities in support of such answer, no later than **October 6, 2008**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

5. Petitioner may file a traverse to matters raised in the answer no later than **November 7, 2008**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and ©) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

6. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

7. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

8. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and disregarded by the Court.

9. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

DATED: September 8, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable Larry Alan Burns
        All parties