BURTON E.W. #F02720
P.O. BOX 5242 (CSP/SHU)
CORCORAN, CA. 93212
IN PRO PER

**NUNC PRO TUNC**
**SEP 10, 2008**

**FILED**
2008 SEP 12 AM 11: 27
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___PM___ DEPUTY

IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
OFFICE OF THE COURT CLERK

IN RE, ERIC W. BURTON #F02720,
ON FED.H.C., PETITIONER,
V. DIRECTOR OF THE C.D.C.R.,
RESPONDENT

CASE NO: 08-CV-0325 LAB (POR)
DATE: 9-4-08
TIME: 0900
NOTICE OF CLARIFICATION, AND NOTICE AND MOTION FOR LEAVE TO AMEND PETITIONERS "FIRST TIMELY FILED RULE 60(B) MOTION TO ABATE THE DISMISSAL CONTRA OF HIS FIRST TIMELY AND PROPERLY FILED FED.H.C. PETITION, FILED ON OR NEAR 2-08-08 IN THE U.S. DISTRICT COURT, EASTERN CA. DISTRICT, THE CORRECT JURISDICTION OF WHERE PETITIONER IS INCARCERATED, AND TRANSFERRED ON OR NEAR 2-19-08, TO THE U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CA. "PROPERLY FILED" PURSUANT TO ARTUZ V. BENNETT, 529 U.S. 1065 (2000); GONZALEZ V. CROSBY (U.S. 2005) 545 US 524; CIVIL RULE 15(a) "LEAVE SHALL BE FREELY GIVEN WHEN JUSTICE SO REQUIRES". REQUEST COURT GIVEN NOTICE TO ALL PARTIES. BASED ON MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT THEREOF.

BURTON, E.W. #F02720
CSATF/SP-CI-119L
P.O. BOX 5246
CORCORAN, CA. 93212
IN PRO PER

1. NOTICE IS HEREBY GIVEN TO THE U.S. DISTRICT COURT, SOUTHERN CA. DISTRICT,
2. RESPONDENT, AND ALL PARTIES INVOLVED IN THE INSTANT MATTER.
3. <u>STATEMENT OF FACTS</u>
4. ON OR NEAR 8-25-08, PETITIONER, E.W. BURTON #F02720, A PRO SE,
5. UNCONSTITUTIONALLY INCARCERATED, INDIGENT STATE PRISONER, UNTRAINED
6. IN LAW OR IT'S PRACTICES, FILED A MOTION FOR LEAVE TO AMEND OR
7. WITHDRAW WITHOUT PREJUDICE, HIS TIMELY FILED "FIRST RULE 60(B)"
8. MOTION FILED, AND TIMELY SERVED ON THE U.S. DISTRICT COURT, SOUTHERN
9. CA. DISTRICT ON OR NEAR 5-29-08, BY THE PETITIONER VIA THE NINTH
10. CIRCUIT CLERK, TO ABATE THE DISMISSAL CONTRA, OF PETITIONER'S
11. TIMELY, AND PROPERLY FILED "FIRST FED. H.C." PETITION, AS THE DISTRICT
12. COURT DISMISSED THE "APPLICATION" AS PROCEDURALLY BARRED, OF
13. WHICH REASONABLE JURISTS WOULD FIND IT DEBATABLE WHETHER
14. THE U.S. DISTRICT COURT WAS CORRECT IN IT'S PROCEDURAL RULING.
15. IN LIGHT OF THE PETITION BEING "PROPERLY FILED" PURSUANT TO ARTUZ
16. V. BENNETT 529 U.S. 1065 (531 U.S. 4)(2000), THAT AN APPLICATION FOR
17. STATE POST CONVICTION RELIEF CAN BE "PROPERLY FILED" EVEN IF THE
18. STATE COURTS DISMISS IT AS PROCEDURALLY BARRED. ON OR NEAR 8-25-
19. 08, PETITIONER FILED A NOTICE AND MOTION FOR LEAVE TO AMEND OR
20. WITHDRAW W/O PREJUDICE HIS "FIRST UNRULED" RULE 60(B) MOTION.
21. PETITIONER DOES "NOT" WISH TO WITHDRAW THE MOTION AS
22. "CLARIFICATION" - BUT RESPECTFULLY REQUEST LEAVE TO
23. AMEND THE MOTION PURSUANT TO CIVIL RULE 15(a). THIS MOTION IS
24. TIMELY, AND THE DISTRICT COURT HAS THE BROAD POWERS TO ALLOW
25. THE PETITIONER TO CURE THE DEFICIENCY, AS PROCEDURALLY
26. A RULE 60(B) MOTION TOLLS AEDPA, STATUTES OF LIMITATIONS TIMES
27. 1 YEAR, AS PETITIONER RECENTLY BECAME AWARE THAT THE FILING
28. OF A PETITION FOR HABEAS CORPUS IN FEDERAL COURT DOES NOT

BURTON, E.W. #F02720
P.O. BOX 5246-CSATF/SP-C1-119L
COR CORAN, CA, 93212
       IN PROPER

1. TOLL THE STATUTE OF LIMITATIONS FOR FEDERAL HABEAS RELIEF,
2. 28 U.S.C.A. § 2244(d), AND THE COURT HAD PREVIOUSLY DENIED
3. PETITIONERS MOTION FOR A STAY AND ABEYANCE, PRIOR TO HIS
4. TIMELY AND PROPERLY FILED "FIRST AMENDED" PETITION, ALTHOUGH
5. THE CASE HAS BEEN REOPENED, PETITIONER WHO MAY OR MAY
6. NOT BE GRANTED RELIEF, WOULD STILL LIKE TO EXERCISE HIS
7. APPELLATE RIGHTS FOR THE CONTRARY DISMISSAL AND FAILURE OF
8. THE DISTRICT COURT TO REACH THE MERITS OF HIS "FIRST
9. PROPERLY, AND TIMELY FILED FED. H.C. PETITION FILED VIA PRISON LEGAL
10. MAIL ON OR NEAR 2-03-08 IN THE U.S. DISTRICT COURT, EASTERN DISTRICT
11. OF CA, THE CORRECT JURISDICTION WHERE PETITIONER IS INCARCERATED
12. AS REASONABLE JURISTS WOULD FIND IT DEBATABLE WHETHER THE
13. FILING OF THE FIRST FED. H.C. PETITION IN THE DISTRICT WHERE
14. PETITIONER IS INCARCERATED WAS CORRECT UNDER 28 U.S.C 2254
15. PROCEDURAL RULES, AND WHETHER THE U.S. DISTRICT COURT FOR THE
16. SOUTHERN CA. DISTRICT WAS CORRECT IN THEIR PROCEDURAL RULING,
17. AND FAILURE TO REACHED THE MERITS OF PETITIONER'S "FIRST PROPERLY
18. AND TIMELY FILED FEDERAL HABEAS CORPUS PETITION FILED IN THE U.S.
19. DISTRICT COURT FOR THE SOUTHERN CA. DISTRICT ON OR NEAR 2-19-08,
20. VIA TRANSFER FOR THE U.S. DISTRICT, EASTERN CA. DISTRICT.
21. PURSUANT TO GONZALEZ V. CROSBY (US. 2005) 545 U.S. 524, 125 S.Ct. 2641,
22. WHICH HELD: A MOTION FOR RELIEF FROM JUDGMENT, CHALLENGING
23. ONLY DISTRICT COURT'S PRIOR RULING THAT HABEAS PETITION WAS
24. TIME-BARRED, WAS NOT THE EQUIVALENT OF A "SECOND OR SUCCESSIVE
25. PETITION", AND REQUIRED FOR PETITIONER TO PREVAIL IN MOTION TO VACATE.
26. AS A TEXTUAL MATTER, THE PROVISION OF THE ANTITERRORISM AND
27. EFFECTIVE DEATH PENALTY ACT (AEDPA) GOVERNING SECOND OR SUCCESSIVE
28. HABEAS PETITIONS APPLIES ONLY WHERE THE COURT ACTS PURSUANT

3

BURTON, E.W. #F02720
P.O. BOX 5246-CSATF/SP-C1-119L
COR CORAN, CA. 93212
IN PRO PER

1. TO A PRISONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS,
2. 28 U.S.C.A § 2244(b)
3. ~~AR~~ ARGUMENT
4. SEE GONZALEZ V. CROSBY, 545 U.S. 524, 125 S.Ct. 2641 (U.S. 2005) WE
5. HOLD THAT A RULE 60(b)(6) MOTION IN A § 2254 CASE IS NOT TO BE
6. TREATED AS A SUCCESSIVE HABEAS PETITION, IF IT DOES NOT
7. ASSERT, OR REASSERT, CLAIMS OF ERROR IN THE MOVANTS STATE
8. CONVICTION. A MOTION THAT LIKE PETITIONER'S, CHALLENGES
9. ONLY THE DISTRICT COURT'S FAILURE TO REACH THE MERITS
10. DOES NOT WARRANT SUCH TREATMENT, AND CAN THEREFORE
11. BE RULED UPON BY THE DISTRICT COURT WITHOUT PRECERTIFICATION
12. BY THE COURT OF APPEALS PURSUANT TO § 2244(b)(3).
13. WHEREFORE PETITIONER RESPECTFULLY MOVES THIS COURT TO STAY HIS
14. "FIRST" RULE 60(B) MOTION FILED AND SERVED ON OR NEAR 5-29-08, WITH
15. LEAVE TO AMEND, AND THE "CLARIFICATION" NOT TO WITHDRAW THE
16. MOTION, IN THE FAIR ADMINISTRATION OF JUSTICE, TO CORRECT THE
17. ERRORS IN THE MOTION AS SO REFLECTED BY THE LIGHT OF THIS
18. PRESENT MOTION, PURSUANT TO CIVIL RULE 15(a), AND GONZALES V. CROSBY,
19. 545 U.S. 524.

4

BURTON E. W. # F02720
P.O. BOX 5246-CSATF/SP-C1-119L
CORCORAN, CA. 93212
IN PRO PER

## MEMORANDUM AND POINTS OF AUTHORITIES

1.
2. GONZALEZ V. CROSBY, 545 U.S. 524, 125 S.Ct. 2641 (U.S. 2005)
3. WE HOLD THAT A RULE 60(b)(6) MOTION IN A § 2254 CASE IS
4. NOT TO BE TREATED AS A SUCCESSIVE HABEAS PETITION
5. IF IT DOES NOT ASSERT, OR REASSERT, CLAIMS OF ERROR
6. IN THE MOVANTS STATE CONVICTION. A MOTION THAT LIKE
7. PETITIONER'S, CHALLENGES ONLY THE DISTRICT COURT'S
8. FAILURE TO REACH THE MERITS DOES NOT WARRANT
9. SUCH TREATMENT, AND CAN THERE FORE BE RULED UPON
10. BY THE DISTRICT COURT WITHOUT PRECERTIFICATION
11. BY THE COURT OF APPEALS PURSUANT TO § 2244(b)(3).
12. SEE RHINES V. WEBER, ANTE 544 U.S. AT 278, 125 S.Ct. 1528, 1531, 161 L.Ed.
13. 2d. 440 (2005, A PETITIONER'S REASONABLE CONFUSION ABOUT
14. WHETHER A STATE FILING WOULD BE TIMELY WILL ORDINARILY
15. CONSTITUTE "GOOD CAUSE FOR HIS FAILURE [125 S.Ct. 1814] TO EXHAUST,
16. HIS UNEXHAUSTED CLAIMS ARE POTENTIALLY MERITORIOUS,
17. AND THERE IS NO INDICATION THAT THE PETITIONER ENGAGED
18. IN INTENTIONALLY [544 U.S. 417] DILATORY TACTICS," THEN THE
19. DISTRICT COURT "LIKELY" SHOULD STAY, RATHER THAN DISMISS,
20. THE MIXED PETITION".

BURTON, E.W. F02720
P.O. BOX 5246-C9A#15D-C1-119L
CORCORAN, CA

1. JONES V. BOCK, 549 U.S. 199, 127 S.Ct. 910 (U.S. 2007)(QUOTING; BUT
2. A COURT PRESENTED WITH A MIXED HABEAS PETITION
3. TYPICALLY "ALLOW[S] THE PETITIONER TO DELETE THE
4. UNEXHAUSTED CLAIMS AND TO PROCEED WITH THE
5. EXHAUSTED CLAIMS," RHINES V. WEBER, 544 U.S. 269, 278,
6. 125 S.Ct. 1528, 161 L.Ed. 2d 440.
7. FEDERAL RULE OF CIVIL PROCEDURE 8(a) REQUIRES SIMPLY
8. A "SHORT AND PLAIN STATEMENT OF THE CLAIM" IN A COMPLAINT,
9. AND PLRA CLAIMS ARE TYPICALLY BROUGHT UNDER 42 U.S.C.
10. §1983, WHICH DOES NOT REQUIRE EXHAUSTION AT ALL.
11. THE FACT THAT THE PLRA DEALT EXTENSIVELY WITH
12. EXHAUSTION, BUT IS SILENT ON THE ISSUE WHETHER
13. EXHAUSTION MUST BE PLEADED OR IS AN AFFIRMATIVE
14. DEFENSE, IS STRONG EVIDENCE THAT THE USUAL
15. PRACTICE SHOULD BE FOLLOWED, AND THE PRACTICE
16. UNDER THE FEDERAL RULES IS TO REGARD EXHAUSTION
17. AS AN AFFIRMATIVE DEFENSE, INCLUDING IN THE
18. SIMILAR STATUTORY SCHEME GOVERNING HABEAS
19. CORPUS, DAY V. MCDONOUGH, 547 U.S. 198, 126 S.Ct. 1675,
20. 164 L.Ed. 2d 376.
21.
22. OTHER CIRCUITS REJECT TOTAL EXHAUSTION ALTOGETHER,
23. INSTEAD DISMISSING ONLY UNEXHAUSTED CLAIMS
     AND CONSIDERING THE REST ON THE MERITS. SEE, E.G.
24. ORTIZ V. MCBRIDE, 380 F.3d 649, 663 (C.A.2 2004),
25. ONLY INDIVIDUAL CLAIMS, AND NOT THE APPLICATION CONTAINING
26. THOSE CLAIMS, CAN BE PROCEDURALLY DEFAULTED UNDER STATE LAW
27. PURSUANT TO OUR HOLDINGS IN COLEMAN V. THOMPSON, 501 U.S. 722, 111 S.Ct.
28. 2546, 115 L.Ed. 2d 640 (1991), AND WAINWRIGHT V. SYKES, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed. 594 (1977).

GIDEON V. WAINWRIGHT SUPRA (1963)

1.
2. 07-159 NEWPORT NEWS, VA. V. SCIOLINO
3. EMPLOYEES-DISCHARGE-STIGMATIZING INFORMATION IN PERSONNEL FILE-NAME-
4. CLEARING HEARING.
5.    RULING BELOW (4TH CIR, F.3d 642, 75 U.S.L.W. 1557, 25 I.E.R. CAS. 1402):
6. IN FORMER CITY EMPLOYEE'S 42 U.S.C. §1983 ACTION ALLEGING THAT
7. WHEN DISCHARGING HIM, CITY PLACED IN HIS PERSONNEL FILE FALSE
8. INFORMATION DAMAGING TO HIS GOOD NAME WITHOUT GRANTING
9. HIM NAME-CLEARING HEARING, DISTRICT COURT ABUSED IT'S
10. DISCRETION WHEN, AFTER DISMISSING COMPLAINT BECAUSE
11. FORMER EMPLOYEE FAILED TO ALLEGE FACTS ASSERTING
12. LIKELIHOOD THAT PROSPECTIVE EMPLOYERS OR MEMBERS OF
13. PUBLIC WOULD SEE FILE'S DAMAGING INFORMATION, IT DENIED
14. FORMER CITY EMPLOYEE'S MOTION TO AMEND HIS COMPLAINT
15.   IN ORDER TO MEET THAT STANDARD.
16. QUESTION PRESENTED: WHEN GOVERNMENT EMPLOYER TAKES NO STEPS TO
17. PUBLICIZE REASONS FOR EMPLOYEE'S TERMINATION, BUT PLACES ALLEGEDLY
18. FALSE STIGMATIZING REASONS FOR TERMINATION IN EMPLOYEE'S PERSONNEL
19. FILE, DOES DUE PROCESS CLAUSE REQUIRE EMPLOYER TO PROVIDE
20. TERMINATED EMPLOYEE WITH NAME-CLEARING HEARING? PET. FOR CERT.
21. FILED 8/8/07.
22. SEE ALSO HUDSON V. HARDY, 412 F.2d 1091, 1095 (D.C. CIR. 1968) - JUDGE HAS POWER
23. UNDER RULE 56(f) TO "MAKE SUCH OTHER ORDER AS MAY BE JUST". IT COULD
24. ALSO INCLUDE AN ORDER THAT PRISON OFFICIALS BRING THE PETITIONER TO
25. COURT TO LET HIM TESTIFY ON HIS OWN BEHALF. SEE CRUZ V. BETO, 405
26. U.S. 319, 322 (1972) - A COMPLAINT "SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A
27. CLAIM UNLESS IT APPEARS BEYOND DOUBT THAT THE PLAINTIFF CAN PROVE NO SET OF
28. FACTS IN SUPPORT OF HIS CLAIM WHICH WOULD ENTITLE HIM TO RELIEF."

BURTON, E.W. #F03720
P.O. BOX 5246-C5A/115P-01-119L
CORCORAN, CA. 93212
IN PRO PER

2. SEE BROWN V. MOORE, 532 U.S. 968, 121 S.Ct. 1598, 149 L.Ed.2d 464 (2001) -
3. GRANTING A PRO SE PETITION FOR CERTIORARI, VACATING THE ELEVENTH
4. CIRCUIT'S JUDGMENT DENYING A COA AND REMANDING FOR RECONSIDERATION
5. IN LIGHT OF ARTUZ V. BENNETT, 529 U.S. 1065, 120 S.Ct. 1669, 146 L.Ed.2d 479.
6. (2000); SEE COA STANDARDS SET FORTH IN MILLER-EL V. COCKRELL, 537 U.S. 322,
7. 71 U.S.L.W. 4095 (2003).

4

ARGUMENT—

1. A COURT MAY ALSO ADDRESS A PROCEDURALLY DEFAULTED
2. CLAIM IF FAILURE TO DO SO WOULD RESULT IN THE
3. CONVICTION OF ONE WHO IS ACTUALLY INNOCENT- LA GRAND V.
4. STEWARD (9TH CIR. 1998) 133 F.3d 1253; SCHLUP V. DELO (1995) 513
5. U.S. 298, 115 S.Ct. 851, 130 L.Ed. 2d 808.

6. THERE ARE NO INTERVENING U.S. SUPREME COURT DECISIONS
7. ON POINT OR OTHER INDICATIONS THAT THE STATE COURT
8. WILL CHANGE ITS OPINION. — SWEET V. CUPP (9TH CIR. 1981)
9. 640 F.2d 233, 236; SEE ALSO GARDNER V. PITCHESS (9TH CIR. 1984)
10. 731 F.2d 637, 640.

11. STATE REMEDIES EXHAUSTED, NO NEED TO REFILE IN STATE COURT
12. AFTER REVIEW DENIED, BROWN V. ALLEN (1953) 344 U.S. 443, 73 S.Ct.
13. 397, 97 L.Ed 469.

14. APPOINTMENT OF COUNSEL IN COMPLEX CASE- SEE 18 U.S.C. § 3008A(e);
    DILLON V. U.S. (9TH CIR. 1962) 307 F.2d 445, F.R.H.C. RULE 8(c), 28 USC §§ 1915(d) 2254(H);
    BASHOR V. RISLEY (9TH CIR. 1984) 730 F.2d 1228, F.R.H.C. 6(A); ESKRIDGE V. RHAY (9TH CIR. 1965) 345 F.2d 778.
15. EVIDENTIARY HEARING TO SETTLE FACTUAL DISPUTES, TAYLOR
16. V. CARDWELL (9TH CIR. 1978) 579 F.2d 1380

17. PRAYER:
18. WHEREFORE PETITIONER PRAYS FOR THIS HONORABLE U.S. DISTRICT COURT
19. TO GRANT THIS MOTION, FOR A STAY IN HIS FIRST RULE 60(B) MOTION
20. TIMELY FILED ON OR NEAR 5-29-08. AS AEDPA CREATES CONFUSION
21. AND COMPLICATIONS FOR THE UNTRAINED, LAYMAN, PRO SE STATE PRISONER,
22. WITH IT'S LIMITATIONS. PETITIONER HAS RECENTLY BECAME AWARE
23. THAT A PROPERLY FILED RULE 60(B) MOTION SUCH AS HIS, TOLLS
24. AEDPA IN IT'S OWN STATUTES OF 1 YEAR, AND THEREBY ALLOWING
25. AN OTHERWISE DISADVANTAGED PRO SE LITIGAN AN OPPORTUNITY
26. TO PURSUE HIS LEGAL REMEDIES FROM AN INCORRECT RULING
27. OF THE DISTRICT COURT, AND APPEAL IT'S DECISION. THIS MOTION
28. SHOULD BE GRANTED, AND COUNSEL APPOINTED IN THE INTEREST OF JUSTICE.
29. I DECLARE THE AFOREMENTIONED IS TRUE AND CORRECT UNDER THE PENALTIES
    OF PERJURY, UNDER U.S. LAW.        SIGNED: Eric W. Burton #F02720
                                        ERIC W. BURTON

DATED: 9-4-08

5

BURTON, E. W. # F02720
P.O. BOX 5242
CORCORAN, CA. 93212
IN PRO PER.

Page 6 of 6

# CERTIFICATE OF SERVICE

Case Name: IN RE E.W. BURTON ON FEAH.C. PETITIONER v. DIRECTOR OF THE C.D.C.R RESPONDENT

Case No.: 08-CV-0325 LAB (POR)

IMPORTANT: You must send a copy of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a master copy, fill in the title of the document you are filing and attach it at the back of each filing with the court. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

I certify that a copy of the NOTICE OF CLARIFICATION AND LEAVE TO FREELY AMEND 1ST TIMELY FILED RULE 60(b) MOTION TO ABATE DISMISSAL CONTRA... (4 PAGES) (Name of document you are filing, FILED ON OR NEAR 05-29-08. i.e., opening brief, motion, etc.) PURSUANT TO ARTU V. BENNETT 52 U.S. 105, 29 USC 1746 — BASED ON MEMORANDUM OF POINTS AND AUTHORITIES (SEPARATE DOCUMENT) IN SUPPORT THEREOF (5 PAGES), and any attachments was served, either in person or by mail, on the persons listed below. REQUEST COURT GIVE NOTICE TO ALL PARTIES OF INSTANT ACTION

Eric W. Burton # F02720
**Signature**
Notary NOT required

| Name | Address | Date Served |
|---|---|---|
| KELLEY A. JOHNSON — ATTORNEY GENERAL DIRECTOR, C.D.C.R — | KELLEY A.JOHNSON @ DOJ.CA.GOV. | 9-04-08 |