UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>                       Petitioner,<br><br>    v.<br><br>DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>                       Respondent. | Civil No.   08cv0325-LAB (POR)<br><br>**ORDER GRANTING PETITIONER'S REQUEST FOR EXTENSION OF PAGE LIMIT FOR TRAVERSE AND DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Document No. 36]** |

      On September 5, 2008, Petitioner, a state prisoner proceeding pro se, filed a motion requesting an extension of the 10 page limit for his traverse and appointment of counsel to continue pursuing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

      According to Local Rule 7.1(h), "[n]o reply memorandum shall exceed ten (10) pages without leave of the judge."

      The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

1   In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

"The procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); Bashor, 730 F.2d at 1234.

Petitioner states an extension of the page limit for his traverse from 10 pages to 30 pages is necessary to properly present his legal arguments. Petitioner also contends his case is "complex" and requests appointment of counsel. Petitioner, however, has sufficiently represented himself to date. From the face of the First Amended Petition, filed pro se, it appears Petitioner has a good grasp of this case and the legal issues involved. The First Amended Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an answer or other responsive pleading to the First Amended Petition. Accordingly, because further briefing is not required of Petitioner, his claim that he is at a disadvantage in responding and thus needs counsel is without merit. At this stage of the proceedings, the Court finds the interests of justice do not require the appointment of counsel. Based thereon, IT IS HEREBY ORDERED:

1.   Good cause appearing, Petitioner's request for extension of the page limit of his traverse is GRANTED. Petitioner's traverse shall not exceed 30 pages. **Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered.**


2. Petitioner's request for appointment of counsel is DENIED without prejudice.

**IT IS SO ORDERED.**

DATED: September 23, 2008

LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Larry Alan Burns
all parties