UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ERIC WILTON BURTON, | Civil No. 08cv0325-LAB (POR) |
|---|---|
| Petitioner, | **PROPOSED FINDINGS OF FACT AND RECOMMENDATION THAT MOTION FOR STAY AND ABEYANCE BE GRANTED** |
| v. | |
| MATTHEW CATE, Secretary of California Department of Corrections and Rehabilitation, | **[Document No. 41]** <br> **[Document No. 47]** <br> **[Document No. 57]** <br> **[Document No. 63]** |
| Respondent. | |

On October 3, 2008, Petitioner, a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed a Motion for a Stay and Abeyance of his First Amended Petition. (Doc. 47). On November 5, 2008, Petitioner filed a Notice of Argument and Motion of Argument in support of his Motion for a Stay and Abeyance. (Doc. 59). Petitioner contends a stay and abeyance is appropriate in light of his diligent attempt to comply with exhaustion requirements. (Doc. 47).

On September 22, 2008, Respondent filed a Motion to Dismiss the First Amended Petition for Writ of Habeas Corpus. (Doc. 41). Respondent's sole contention is Ground 3 of the Petition is unexhausted, in which Petitioner alleges a "failure of prosecution to disclose material exculpatory evidence (suppression) in violation of" his rights to due process and equal protection. (Doc. 21 at 8). Based on Petitioner's alleged failure to present Ground 3 to the state courts, Respondent contends the First Amended Petition should be dismissed. (Doc. 41).

On October 17, 2008, Petitioner filed a Motion of Opposition to Respondent's Motion to Dismiss. (Doc. 57). On November 18, 2008, Petitioner filed a Motion to Correctly State his Opposition to Respondent's Motion to Dismiss. (Doc. 63).

In <u>Rhines v. Weber</u> the Supreme Court held District Courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. <u>Rhines</u>, 544 U.S. 269, 277-78 (2005). The <u>Rhines</u> Court held, "a stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005) (quoting <u>Rhines</u>, 544 U.S. at 277). Further, the <u>Rhines</u> Court noted: "Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] twin purposes" of reducing delay and interrupting the finality of state convictions, by frustrating "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." <u>Rhines</u>, 544 U.S. at 277. Nonetheless, the <u>Rhines</u> Court stated "it would likely be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Id</u>. at 278.

In Ground 3, Petitioner contends the prosecution failed to disclose material exculpatory evidence in violation of his Fourteenth Amendment right to due process. (Doc. 21 at 8). Particularly, Ground 3 relates to the prosecution allegedly failing to disclose evidence about a witness Petitioner eventually discovered was a bailiff from the court. <u>Id</u>. Upon review of the state court records, however, it appears Petitioner failed to claim prosecutor's failure to disclose evidence pertaining to the bailiff to the state courts on direct appeal. (Lodgment No. 15).

Nonetheless, the Court recommends application of the stay and abeyance procedure is appropriate here and will not frustrate AEDPA's twin purposes for a number of reasons. First, Petitioner alleges facts which, if proven true, have the potential to establish good cause for his failure to timely exhaust. Petitioner contends he only discovered the identity of the new witness on

1  June 6, 2008 upon review of the trial court clerk files. (Doc. 47 at 2). Respondent has not
2  challenged Petitioner's allegation that evidence related to the bailiff was "newly discovered," and
3  the Court has not developed the record in this regard. Moreover, the unexhausted claim Petitioner
4  seeks to add to the Petition is currently pending before the state supreme court in a habeas petition
5  filed on September 4, 2008. (Doc. 47 at 17). Thus, the exhaustion requirement will in all likelihood
6  be satisfied before the Court could conduct the necessary inquiry into whether Petitioner's
7  allegations are sufficient to support good cause under Rhines, and it would appear that a longer
8  delay would be caused by developing the record in this regard than awaiting the actual exhaustion of
9  state court remedies.

10  Second, Petitioner has alleged facts which, if proven true, establish his unexhausted claim is
11 potentially meritorious. Despite numerous requests and motions for discovery upon the prosecution
12 related to this witness during trial, Petitioner alleges the prosecution never disclosed the identity of
13 the bailiff. (Doc. 47 at 2). Based thereon, Petitioner claims the prosecution violated his 14th
14 amendment right to due process. Id. Respondent has yet to file an Answer addressing the merits of
15 any of the claims presented in the Petition. Thus, Respondent has yet to take any position on the
16 second prong of the Rhines analysis, whether the new claim is meritorious. Again, the exhaustion
17 requirement will in all likelihood be satisfied before the Court could conduct the necessary inquiry
18 into whether Petitioner's allegations are meritorious under Rhines, and it would appear that a longer
19 delay would be caused by developing the record in this regard than awaiting the actual exhaustion of
20 state court remedies.

21  Third, this action has been pending less than one year, and it appears Petitioner began
22 immediately exhausting his state remedies upon discovery of evidence related to the bailiff.
23 Petitioner alleges he discovered the identity of the new witness on June 6, 2008. (Doc. 47 at 2). On
24 June 12, 2008, Petitioner states he wrote the California Supreme Court because he was confused
25 about the exhaustion requirement with regard to the newly discovered witness. (Doc. 47 at 3).
26 Petitioner alleges the clerk of court informed him he could file a habeas corpus petition. Id. Thus,
27 on September 4, 2008, Petitioner filed a habeas corpus petition in the California Supreme Court
28 raising his claim the prosecution failed to disclose material exculpatory evidence. (Doc. 47 at 17).

In order to expedite the state court process, Petitioner filed a Request for an Expedited Ruling on September 16, 2008. Id. Therefore, there is no indication Petitioner engaged in intentionally dilatory litigation tactics. It does not appear AEDPA's twin purposes of avoiding delay and protecting the finality of state court convictions is implicated here. Accordingly, the Court hereby recommends the Court GRANT Petitioner's motion for stay and abeyance, and recommends the Court STAY this action pending resolution by the state supreme court of Petitioner's pending habeas petition. Additionally, the Court recommends Petitioner shall provide a status update of his petition in the state supreme court within 30 days of this order.

In light of the Court's recommendation to grant Petitioner's motion for stay and abeyance, the Court further recommends the Court DENY without prejudice Respondent's Motion to Dismiss (Doc. 41) as well as Petitioner's opposition to Respondent's motion to dismiss, which was filed as a Motion to Correctly State Petitioner's Opposition to Motion to Dismiss. (Doc. 63). The Court recommends the Attorney General re-file its Motion to Dismiss and Petitioner respond once all issues are fully before the Court.

This Proposed Findings of Fact and Recommendation for Disposition of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, the Honorable Larry A. Burns, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than *January 9, 2009***, any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

//
//
//
//
//
//
//

1  IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no
2  later than ten days after being served with the objections.  The parties are advised that failure to file
3  objections within the specified time may waive the right to raise those objections on appeal of the
4  Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

5  **IT IS SO ORDERED.**

6  DATED:  December 10, 2008

7
8  _____
   LOUISA S PORTER
   United States Magistrate Judge
9

10  cc:         The Honorable Larry A. Burns
               all parties