UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ERIC WILTON BURTON,

Petitioner,

vs.

DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

Respondent.

CASE NO. 08CV0325-LAB (POR)

**ORDER GRANTING STAY AND ABEYANCE**

**[Dkt Nos. 41, 47, 61, 63, 78]**

## I. Introduction

Petitioner Eric Burton ("Burton") is a man of many pleadings. Now pending before the Court is his Motion for Stay and Abeyance, as well as Respondent's Motion to Dismiss Burton's First Amended Petition for Writ of Habeas Corpus. (Dkt. Nos. 47, 41.) Related to these is Burton's Motion for Ruling on Stay and Abeyance, Motion to Correctly State Petitioner's Opposition to Motion to Dismiss, and Motion to Take Judicial Notice. (Dkt. Nos. 61, 63, 78.)

Burton filed his amended habeas petition in this Court on June 20, 2008. (Dkt. No. 21.) Respondent moved to dismiss Burton's amended habeas petition, for failure to exhaust state court remedies, on September 22, 2008. (Dkt. No. 41.) Pursuant to 28 U.S.C. § 636 Magistrate Judge Porter issued a Report and Recommendation ("R&R") addressing both

motions on December 10, 2008. (Dkt. No. 65.) By the Court's count, Burton filed five separate objections to the R&R, which is surprising given that the R&R favors granting his Motion for Stay and Abeyance. (Dkt. Nos. 66, 70, 72, 74, 76.) Respondent did not oppose Burton's Motion for Stay and Abeyance, nor did Respondent object to the R&R.

**II. Discussion**

The basis of Respondent's motion to dismiss is ground three of Burton's habeas petition, which accuses his trial prosecutors of failing to disclose material exculpatory evidence – and which Respondent claims is unexhausted. That evidence, allegedly, relates to a witness that Burton discovered was a bailiff from the state court. Respondent is right to assert that a federal court "may not grant federal corpus habeas relief unless the petitioner has exhausted his state court remedies with respect to all claims contained in the petition." (Mot. to Dismiss 3.) Respondent admits, however, that in limited circumstances, and where there is good cause for the failure to exhaust, "a district court may stay a mixed petition [containing exhausted and unexhausted claims] and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims." (Mot. to Dismiss 6.) The R&R suggests that there is good cause for Burton's failure to exhaust ground three in state court. This Court agrees.

The Court is guided here by *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court held that

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 278. The R&R considered each of these three factors to the Court's satisfaction. Burton maintains that he learned of the exculpatory evidence only recently, right before he filed his federal habeas petition, and he has filed another state habeas petition to pursue the issue. The Court finds sensible the R&R's conclusion that the

> the exhaustion requirement will in all likelihood be satisfied before the Court could conduct the necessary inquiry into whether [Burton's] allegations are sufficient to support good cause under *Rhines*, and it would appear that a longer delay

> would be caused by developing the record in this regard than awaiting the actual exhaustion of state court remedies.

(R&R 3.)

**III. Conclusion**

The Court adopts the R&R. Burton's Motion for Stay and Abeyance is **GRANTED**, and this action is stayed pending resolution of Burton's pending state habeas petition. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus is **DENIED** without prejudice. Burton is to provide a status update of his habeas petition in the California Supreme Court within 30 days of the date this Order is entered. He is encouraged not to file multiple and unnecessary pleadings in the interim or thereafter, as he has in the past. That only makes it harder for the Court to give his case the focused attention it is due. Finally, the Court recommends that the Attorney General re-file its Motion to Dismiss once all of the issues are fully before the Court.

**IT IS SO ORDERED**.

DATED: April 7, 2009

Larry A. Burns

**HONORABLE LARRY ALAN BURNS**
United States District Judge