1
2
3
4
5
6
7
8                                    UNITED STATES DISTRICT COURT

9                                   SOUTHERN DISTRICT OF CALIFORNIA

10   ERIC WILTON BURTON,                          Civil No.    08cv0325-LAB (POR)

11                            Petitioner,         **ORDER DENYING MOTION TO**
                                                  **DISMISS WITHOUT PREJUDICE AND**
12          v.                                    **ORDER FOR PETITIONER TO FILE**
                                                  **LODGMENT 17**
13   MATTHEW CATE, Secretary of California
     Department of Corrections and Rehabilitation,
14                                                **[Document No. 101]**
                             Respondent.          **[Document No. 126]**
15

16          On June 20, 2008, Eric W. Burton, a state prisoner proceeding *pro se*, filed a First Amended

17   Petition for Writ of Habeas Corpus ("FAP") pursuant to 28 U.S.C. § 2254.  (Doc. 21.)  On October

18   30, 2008, Petitioner filed a Motion for Stay and Abeyance.  (Doc. 47.)  On December 10, 2008, the

19   Court issued a Report and Recommendation that the Motion for Stay and Abeyance be granted (Doc.

20   65), which the Honorable Larry A. Burns adopted on April 7, 2009.  (Doc. 89.)

21          On July 7, 2009, Respondent filed a Motion to Dismiss the FAP, asserting it is a mixed

22   petition, subject to dismissal, because Petitioner failed to exhaust his available state court remedies

23   with respect to Ground 3 of the FAP.  (Doc. 101).  On July 27, 2009, Petitioner filed an opposition

24   to the motion, contending he fairly presented and therefore exhausted Ground 3 in the California

25   Supreme Court.  (Doc. 102.)  Petitioner claims he clearly laid out the facts in his state habeas

26   petition, evidenced by references to the reporter's transcript in the statement of facts.  (Doc. 102 at

27   4.)

28   //

On October 23, 2009, Petitioner filed a Motion of Argument in re to Respondent's Lodgment 17, his Petition for Writ of Habeas Corpus filed with the California Supreme Court. (Doc. 126.) Petitioner contends Respondent filed an illegible copy of his Petition for Writ of Habeas Corpus to the California Supreme Court, and thereby requests the Court "not to rely" on Lodgment 17 in adjudicating Respondent's Motion to Dismiss. (Id. at 2.) Petitioner further asserts he is in possession of a "clearly readable copy" of his California Supreme Court Petition. (Id.)

Upon the Court's review of Lodgment 17, it is evident pages 8-10, 16-18, and 21 are not legible. (Lodgment 17.) Based thereon, IT IS HEREBY ORDERED:

1. In light of Petitioner's assertion he is in possession of a legible copy of his state habeas petition, Petitioner shall file a legible copy of his Petition for Writ of Habeas Corpus, filed with the California Supreme Court on September 4, 2008, case no. S166540, on or before **January 11, 2010**.

2. Due to the illegible pages in Lodgment 17, it is unclear which facts Petitioner laid out with regard to Ground 3 in his state habeas petition. Accordingly, the Court cannot determine whether Petitioner has exhausted his state court remedies with respect to Ground 3. Thus, Respondent's Motion to Dismiss is hereby DENIED without prejudice. (Doc. 101.)

3. If Respondent still contends Petitioner has failed to exhaust his state remedies with regard to Ground 3 after Petitioner files a legible copy of Lodgment 17, Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **February 11, 2010**. A hearing date is not required for the motion to dismiss.

4. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **March 11, 2010**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

//
//
//
//

1    5.    Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's

2    opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent

3    adequate time to respond to Petitioner's claims on the merits.

4        **IT IS SO ORDERED.**

5    DATED:  December 11, 2009

6

7    LOUISA S PORTER
     United States Magistrate Judge

8

9    cc:        The Honorable Larry A. Burns
                all parties

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28