UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>　　　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>MATTHEW CATE, Secretary of California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　　　　　Respondent. | Civil No.   08cv0325-LAB (POR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY**<br><br>**[Document No. 140]** |

　　　On January 15, 2010, Petitioner filed a Motion for Discovery. (Doc. 140.) Petitioner seeks a "suppressed transcript" that allegedly identifies the trial judge "as a favorable suppressed defense witness at RT 825," and requests disclosure "of the documents [of] newly discovered eyewitness S. Jones # 1031." (Doc. 140 at 2, 7.) On February 26, 2010, Respondent filed an Opposition to Petitioner's Motion. (Doc. 146.) On March 3, 2010, Petitioner filed a Reply. (Doc. 154.)

　　　"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 903-05 (1997); see Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (habeas petitioner does not enjoy presumptive right to discovery that a traditional civil litigant does). "Rather, discovery is available only in the discretion of the court and for good cause shown." Rich, 187 F.3d at 1068. Discovery is appropriate where specific allegations before the court show reason to believe the petitioner, may, if the facts are fully developed, be able to demonstrate he is entitled to relief. Bracy, 520 U.S. at 908-09.

1  //

2        With regard to Petitioner's first discovery request, a review of RT 825 reveals there is no
3  "suppressed transcript." (Lodgment 2, Volume 7A, 825.) Rather, the trial judge's reference on page
4  825 to a "transcript" is to the transcript of Petitioner's *Marsden* motion hearing. After denying
5  Petitioner's *Marsden* motion, the trial judge stated, "The recording of this proceeding including the
6  transcript will be sealed absent further court order." According to Rule 8.328(1) of the California
7  Rules of Court, "the reporter's transcript of any hearing held under...*Marsden*...must be kept
8  confidential." Rule 8.328(4), (5) and (6) provide that the parties may obtain a copy of the
9  confidential transcript if the defendant raises a *Marsden* issue on appeal. In light of Petitioner
10 raising an issue related to *Marsden* on appeal, Lodgment 2, Volume 7A is a part of the appellate
11 record. Further, Petitioner fails to make specific allegations which show the Court Petitioner, may,
12 if the facts are fully developed, be able to demonstrate he is entitled to relief. Bracy, 520 U.S. at
13 908-09.

14       Petitioner's second discovery request concerning "documents [of] newly discovered
15 eyewitness S. Jones # 1031" relate to Ground 3 of his Petition, in which he alleges the prosecution
16 failed to disclose material exculpatory evidence." (Pet. at 8.) However, Petitioner fails to allege
17 how these documents would demonstrate he is entitled to relief. Bracy, 520 U.S. at 908-09.

18       Based thereon, IT IS HEREBY ORDERED:

19       1.    With regard to Petitioner's first request, because Petitioner's *Marsden* motion hearing
20 transcript is a part of the record and in light of Petitioner's failure to present specific allegations
21 showing he may, if the facts are fully developed, be able to demonstrate he is entitled to relief, the
22 Court DENIES Petitioner's request without prejudice. Bracy, 520 U.S. at 908-09.

23 //
24 //
25 //
26 //
27 //
28 //

1 //

2       2. With regard to his second request, in light of Petitioner's failure to present specific allegations showing he may, if the facts are fully developed, be able to demonstrate he is entitled to relief, the Court DENIES Petitioner's request without prejudice. <u>Bracy</u>, 520 U.S. at 908-09.

**IT IS SO ORDERED.**

DATED: July 12, 2010

_____
LOUISA S PORTER
United States Magistrate Judge

cc:      The Honorable Larry A. Burns
          all parties