1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>                              Petitioner,<br>        vs.<br><br>MATTHEW CATE, Secretary of<br>California Department of Corrections and<br>Rehabilitation,<br><br>                              Respondent. | CASE NO. 08cv0325-LAB (POR)<br><br>**ORDER ADOPTING REPORTS<br>AND RECOMMENDATIONS**<br><br>**[Doc Nos. 168 & 173]** |

Petitioner Eric Wilton Burton, a state prisoner proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on June 20, 2008. (Doc. No. 21.)

On February 9, 2010, Respondent Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, moved to dismiss the Petition on the ground that Burton failed to exhaust his available state court remedies with respect to Ground 3; Ground 3 alleges a "failure of prosecution to disclose material exculpatory evidence (suppression)" in violation of Burton's rights to due process and equal protection. Burton opposed the motion to dismiss, contending he fairly presented and therefore exhausted Ground 3 in the California Supreme Court. (Doc. No. 153.)

//

1    On April 1, 2010, Burton filed what the Court construes as a motion to amend his

2  Petition. (Doc. No. 156.) Cate then filed an opposition, which was followed by Burton's reply.

3  (Doc. Nos. 166, 170.)

4    Pursuant to 28 U.S.C. § 636 and in accordance with Local Rule 72.1(d), both motions

5  were referred to Magistrate Judge Louisa S. Porter for a Report and Recommendation

6  (R&R). In the R&Rs, filed June 30, 2010 and July 14, 2010, respectively, Judge Porter

7  recommended that Cate's motion to dismiss and Burton's motion to amend be denied. (Doc.

8  Nos. 168, 173.) The Court agrees with Judge Porter and **ADOPTS** both R&Rs.

9    **I. Legal Standard**

10    Because Burton is proceeding *pro se*, the Court construes his pleadings liberally

11  and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d

12  621, 623 (9th Cir. 1988). Of course, "[p]ro se litigants must follow the same rules of

13  procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

14    When reviewing an R&R, "[t]he district judge must determine de novo any part of

15  the magistrate judge's disposition that has been properly objected to. The district judge

16  may accept, reject, or modify the recommended disposition; receive further evidence; or

17  return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). In

18  other words, "the district judge must review the magistrate judge's findings and

19  recommendations de novo *if objection is made,* but not otherwise." *United States v.*

20  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

21    **II. Respondent's Motion to Dismiss FAP**

22    On July 29, 2005, a jury convicted Burton of willful and premeditated attempted

23  murder, discharging a firearm from a motor vehicle, and assault with a semi-automatic

24  firearm. In Ground 3 of his Petition, Burton contends that a "failure of prosecution to

25  disclose material exculpatory evidence" – specifically, the failure to disclose evidence

26  about a witness whom Burton discovered was a bailiff from the court – resulted in a

27  violation of his right to due process and equal protection. (Doc. No. 21 at 8.) Cate argues

28  that Burton's Petition should be dismissed because when he presented Ground 3 to the

1    California Supreme Court, he failed to exhaust the claim by not fully describing the

2    operative facts surrounding it.

3         Cate has filed no objection to the R&R, which is a strong sign that it is sound. The

4    Court finds that the R&R thoroughly and correctly considered this issue, and agrees that

5    Ground 3 is technically exhausted. When a habeas petitioner has defaulted his federal

6    claims in state court, as Burton has, "he meets the technical requirements for exhaustion;

7    there are no state remedies any longer 'available' to him." *Cassett v.Stewart*, 406 F.3d

8    614, 621 n.5 (9th Cir. 2005) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).

9    Because Ground 3 is now time-barred in state court, Burton has satisfied the technical

10   requirement for exhaustion with respect to it. Cate's motion to dismiss is therefore

11   **DENIED**.

12        **III. Petitioner's Motion To Amend First Amended Petition**

13        In his motion to amend, Burton contends that in light of the Supreme Court's 2009

14   decision in *Arizona v. Gant*, __U.S. __, 129 S. Ct. 1710, the search of his vehicle while

15   he was handcuffed in a patrol car was unreasonable and violated his Fourth Amendment

16   rights. (Doc. 156 at 2-3.) In *Gant*, the Supreme Court held that police may search a

17   vehicle incident to arrest without a warrant only if the arrestee is "within reaching

18   distance" of the searched part of his vehicle at the time of the arrest or if "it is reasonable

19   to believe the vehicle contains evidence of the offense of arrest." *Id*. at 1723-24.

20   Presumably, Burton wants the opportunity to prove that neither circumstance existed

21   during his arrest.

22        However, it is well settled that when a state provides a full and fair opportunity to

23   litigate a Fourth Amendment claim, "the Constitution does not require that a state

24   prisoner be granted federal habeas corpus relief on the ground that evidence obtained in

25   an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428

26   U.S. 465, 481-82 (1976). Since the record shows that Burton received a full and fair

27   hearing on his Fourth Amendment claim, it is not cognizable under federal habeas

28   review. (Lodgment 1 at 61-64, 84-90; Lodgment 2 at 33-41, 93-106.)

1       Even if Burton's Fourth Amendment claim were cognizable under federal habeas

2   review, *Gant* does not apply here. For a new rule to be made retroactive to cases on

3   collateral review, the Supreme Court must hold it to be retroactive. *Tyler v. Cain*, 533 U.S.

4   656, 663 (2001). Since in *Gant* the Supreme Court did not hold that any newly declared

5   constitutional law regarding reasonable searches was to be applied retroactively, it

6   cannot be so applied here.

7       Further, as outlined in the R&R, the factors which guide a court in deciding

8   whether to grant leave to amend weigh against Burton. (Doc. No 173 at 2-3.) Accordingly,

9   Burton's motion to amend his first amended petition is **DENIED**.

10       **IV. Conclusion**

11       The Court **ADOPTS** both R&Rs. Respondent's motion to dismiss Burton's FAP is

12   **DENIED**, and the Petitioner's motion to amend his Petition is **DENIED.**

13

14       **IT IS SO ORDERED**.

15   DATED:  August 22, 2010

16

17       **HONORABLE LARRY ALAN BURNS**
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28