UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MATTHEW CATE, Secretary of California Department of Corrections and Rehabilitation,<br><br>　　　　　　　Respondent. | Civil No.　08cv0325-LAB (POR)<br><br>**ORDER DENYING PETITIONER'S MOTION TO AUTHENTICATE DOCUMENTS FILED AS EXHIBIT A TO TRAVERSE, MOTION FOR EVIDENTIARY HEARING, AND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 211]** |

　　　On March 2, 2011, Petitioner filed a Motion to Authenticate Documents filed as Exhibit A to Traverse, Motion for Evidentiary Hearing, and Motion for Appointment of Counsel. (ECF No. 211.) Petitioner requests the Court authenticate the following: (1) October 15, 2003 Paternity Hearing Order; (2) February 23, 2004 Order on Application for Waiver of Court Fees and Costs from El Cajon Superior Court; (3) March 4, 2004 Minutes of the Family Court, indicating Mr. Thomas should not have contact with child; (4) March 4, 2004 Restraining Order on S. Thomas; (5) August 25, 1997 Judgment establishing parental relationship and child support; (6) Declaration of Counsel regarding a Conflict of Interest; (7) the cover page of the April 28, 2004 Preliminary Hearing transcript in People v. Burton, Case No. SCE238643; and (8) the government's response to Defendant's discovery request at the time of trial. (ECF No. 202-2.)

　　　Rule 901(a) of the Federal Rules of Evidence provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to

support a finding that the matter in question is what its proponent claims." The following is an example of authentication or identification conforming with the requirements of this rule: "Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, or statement, or data compilation, in any form, is from the public office where items of this nature are kept." Fed. R. Evid. 901(b)(7).

A state habeas petitioner is entitled to an evidentiary hearing on a claim (1) if he did not receive a full and fair evidentiary hearing in state court, (2) if he did not fail to develop facts in state court, and (3) if he alleges facts that, if proven, would entitle him to relief. Baja v. Ducharme, 187 F.3d 1075, 1078-79 (9th Cir. 1999).

With regard to appointment of counsel, the Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

"The procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); Bashor, 730 F.2d at 1234.

Accordingly, IT IS HEREBY ORDERED:

1. In light of the fact Petitioner's First Amended Petition is pending before the Court, there is currently no evidence which needs to be admitted. Based thereon, Petitioner's request for authentication is DENIED without prejudice as premature.

2. In light of Petitioner's failure to present a factual basis that an evidentiary hearing is either necessary or required, Petitioner's request for an evidentiary hearing is DENIED without prejudice.

3. Based on Petitioner's failure to state the reason for his request for counsel, Petitioner's motion for appointment of counsel is DENIED without prejudice.

**IT IS SO ORDERED.**

DATED: March 8, 2011

_____
LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Larry A. Burns
all parties