# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>　　　　　　　　Petitioner,<br>　vs.<br><br>DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　　　　　Respondent. | CASE NO. 08CV0325-LAB (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Eric Burton, a prisoner in state custody, filed a petition for writ of habeas corpus in this Court challenging a July 2005 conviction for willful and premeditated attempted murder, discharging a firearm from a motor vehicle, and assault with a semi-automatic firearm. Pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) and (d), the petition was referred to Magistrate Judge Louisa Porter for a report and recommendation. Judge Porter issued her R&R on June 2, 2011, and for the reasons given below, the Court **ADOPTS** it in its entirety.

## I.　Legal Standard

In reviewing an R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return

the matter to the magistrate judge with instructions." In other words, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Burton is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Discussion

When the Court granted a stay and abeyance of Burton's petition over two years ago, pending resolution of his state habeas petition, it referred to him as "a man of many pleadings." (Dkt. No. 89.) It also encouraged him "not to file multiple and unnecessary pleadings in the interim or thereafter." (*Id.*) That encouragement was fruitless. Since Judge Porter issued her R&R, Burton has filed three separate objections to it (Dkt. Nos. 229, 231, 235), one motion for an expedited ruling on his petition, an evidentiary hearing, and appointment of counsel (Dkt. No. 220), a motion for exhibits (Dkt. No. 224), two requests for judicial notice (Dkt. Nos. 226, 227), and another motion for an evidentiary hearing and appointment of counsel (Dkt. No. 235). Judge Porter has repeatedly denied Burton's request for counsel, and the Court affirms those denials. (*See* Dkt. Nos. 44, 115, 162, 215, 221.) The same goes for his requests for an evidentiary hearing. (*See* Dkt. Nos. 184, 215, 221.)

The Court cites Burton's prolific filings in this case to underscore the difficulty it faces in considering his objections to Judge Porter's R&R. While there may be pointed and coherent objections to the R&R *somewhere* in his recent filings, the Court simply cannot find them. Instead, it finds a collage of general points of constitutional law that simply do not inform the Court's present analysis, either because they are too general to be useful or because they do not even relate to the actual claims in Burton's petition. In one of Burton's objections to the R&R, for example, he discusses the Fifth Amendment right against self-incrimination, the right to counsel during police questioning, and the public's right of access to court proceedings. (*See* Dkt. No. 231.) None of those touch in any way on Burton's actual

habeas claims.

### A. Self-Representation

Burton's first and second claims relate to the trial court's denial of his motion to represent himself at trial. Burton certainly had that right in the abstract. *Faretta v. California*, 422 U.S. 806 (1975). But the record shows that at the time Burton made his *Faretta* motion, his competency to stand trial was in doubt, which called into question whether his waiver of his right to counsel was knowing, voluntary, and intelligent. *See Iowa v. Tovar*, 541 U.S. 77, 88–89 (2004). The record further shows that Burton did not subsequently reassert his *Faretta* right unequivocally. The Court of Appeal's denial of Burton's *Faretta* claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law. It was also not based upon an unreasonable application of the facts in his case. Burton is not entitled to habeas relief on this claim.

### B. *Brady* Claim

The Court is in complete agreement with the R&R as to the merits of Burton's *Brady* claim. He fails to establish that the identity of a bailiff who could have been his witness at trial: (1) was either willfully or inadvertently suppressed by the prosecution; (2) was exculpatory; and (3) was material to his defense. *See Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Burton is not entitled to relief on this claim.

### C. *Batson* Error

The Court is also in complete agreement with the R&R's treatment of Burton's *Batson* claim. The California Court of Appeal gave substantial consideration to Burton's *Batson* claim and held that he failed to make a prima facie showing that the juror at issue was excused on account of her race. For the reasons offered by Judge Porter, this holding was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. Nothing the Court can find in Burton's filed objections rebuts this conclusion.

//

//

**III.   Conclusion**

The Court adopts Judge Porter's R&R in its entirety.  Burton's petition for a writ of habeas corpus is **DENIED**.  The Clerk may close this case.

**IT IS SO ORDERED**.

DATED: September 30, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge